IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

       Plaintiff,

v.                                                Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

       Defendants.

_____/

## PLAINTIFF CSX TRANSPORTATION, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO COMMENCE DISCOVERY

### INTRODUCTION

Plaintiff CSX Transportation, Inc. ("CSXT") requests this Court enter an Order directing that the parties may commence discovery. The time periods set forth in Local Civil Rule 16(B) after which a scheduling order shall be entered have elapsed. Although the motions to dismiss of Defendants Norfolk Southern Railway Company ("NS"), Norfolk & Portsmouth Belt Line Railroad Company ("NPBL"), and Individual Defendants Jerry Hall, Thomas Hurlbut, Philip Merilli, and Cannon Moss remain pending, this case will proceed to discovery regardless of the outcomes of the pending motions because NS did not move to dismiss the entire complaint, and CSXT will seek discovery of the Individual Defendants and NPBL regardless of their party status. Thus, commencing discovery now will further the efficient resolution of this suit.

### PROCEDURAL BACKGROUND

CSXT commenced this action by filing a Complaint on October 4, 2018. ECF No. 1. NS and NPBL were served on October 15, 2018. ECF Nos. 5, 6. Counsel for Individual Defendants

1

Hall, Hurlbut, Merrilli, and Moss accepted service on November 1, 2018, and counsel for all defendants entered appearances by November 5, 2018.  ECF Nos. 11-12, 14-18, 21-24.

On November 27, 2018, all defendants filed motions to dismiss.  ECF Nos. 27, 29, 31, 34.  Briefing was complete on those motions on January 7, 2019.  ECF Nos. 44-47.  NS's motion only sought dismissal of some of the claims against it.  ECF No. 34.  Specifically, NS moved to dismiss only the state law claims (Counts 5 and 7-9), but did not move to dismiss the federal antitrust claims (Counts 1-4), conceding that such claims "cannot be reached" by its motion to dismiss.  ECF No. 35 at 3.  NS is the sole defendant as to Counts 3 and 4.

## ARGUMENT

Under Local Civil Rule 16(B), "as promptly as possible after a complaint . . . has been filed, the Court shall schedule an initial pretrial conference to be conducted in accordance with Fed. R. Civ. P. 16(b)."  "In addition thereto, or in lieu thereof, not later than sixty (60) days from first appearance or ninety (90) days after service of the complaint, the court shall enter an order" setting the dates for the conclusion of discovery and the final pretrial conference.  Local R. 16(B).  In this case, all defendants had entered appearances on November 5, 2018; sixty days from that date was January 4, 2019.  All defendants were served by November 1, 2018; ninety days from that date was January 30, 2019.

Although the sixty and ninety day windows set forth in Local Rule 16(B) have passed, a scheduling order has not been entered and an initial pretrial conference has not been set.  Counsel for the parties have also not yet engaged in the Rule 26(f) conference.  Therefore, the parties may not yet commence discovery.  Federal Rule of Civil Procedure 26(d) provides that parties may not seek discovery before conferring pursuant to Rule 26(f), except "when authorized by these rules, by stipulation, or by court order."  The Individual Defendants and NPBL have rejected CSXT's requests to conduct a Rule 26(f) conference, until an order is issued from this Court.  Therefore,

CSXT requests this Court enter an order allowing discovery to commence between all parties. CSXT also believes it would be productive for the parties to engage in a Rule 26(f) conference now, and discuss a discovery plan for this case, including the production and handling of electronically stored information ("ESI") and confidential information.

Commencing discovery would further the efficient resolution of this matter. Although the motions to dismiss as to some counts of the Complaint remain pending, because NS did not move to dismiss the federal antitrust counts, this case will proceed, regardless of the outcome of the motions to dismiss. Moreover, because some common factual allegations underlie the federal and state claims, the scope of discovery will likely remain unchanged, even if the Court dismissed certain state law claims. And, assuming arguendo, certain of the Individual Defendants and/or NPBL are dismissed, CSXT would still seek both written discovery (subpoenae *duces tecum*), and depositions from them.

## CONCLUSION

For the reasons stated above, CSXT respectfully requests that this Court enter an order allowing discovery to commence pursuant to Local Rule 16(B).

## RULE 37(E) CERTIFICATION

Pursuant to Local Rule 37(E), counsel for Plaintiff has consulted with Defendants' counsel, without success, in an effort to resolve this matter amicably without the need to bring it to the attention of this Court.

Dated: March 22, 2019

Respectfully submitted,

**CSX TRANSPORTATION, INC.**
*By Counsel*
*/s/Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
E. Rebecca Gantt (VSB No. 83180)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
       bhatch@mcguirewoods.com
       rgantt@mcguirewoods.com

## **CERTIFICATE OF SERVICE**

I certify that on this 22nd day of March 2019, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

                                                                */s/Robert W. McFarland*
                                                                Robert W. McFarland