IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:18CV530-MSD-LRL |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS HALL, HURLBUT, AND MERILLI'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFF CSX TRANSPORTATION, INC.'S
<u>MOTION TO COMMENCE DISCOVERY</u>**

Defendants Jerry Hall, Thomas Hurlbut, and Philip Merilli (the "Individual Defendants"), by counsel, submit the following as their Memorandum in Opposition to Plaintiff CSX Transportation, Inc.'s ("CSXT") Motion to Commence Discovery (the "Motion"):

**INTRODUCTION**

CSXT's Motion asks this Court to alter its own scheduling practices and order the parties to begin discovery on a schedule that suits CSXT. The Individual Defendants have reminded CSXT that the Court has not chosen to schedule a Rule 16 conference. It is therefore not appropriate to commence discovery, particularly as the Court's rulings on the pending Motions to Dismiss may impact the scope of and participants in a Rule 26(f) conference and a discovery plan for this case. The Individual Defendants defer to the Court in determining when to schedule a Rule 16 conference. Respectfully, the Individual Defendants see nothing special about this case requiring the Court to deviate from its normal scheduling practices. Accordingly, the Court should deny the Motion to Commence Discovery and allow this case to

proceed in the normal course, preferably commencing the discovery process after the pending motions to dismiss have been adjudicated.

## ARGUMENT

Under Fed. R. Civ. P. 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … when authorized by these rules, by stipulation, or by court order." Further, Fed. R. Civ. P. 26(f)(1) provides in relevant part that "[e]xcept…when the court orders otherwise, the parties must confer as soon as practicable — and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." The Local Rules of the Eastern District of Virginia recognize that the Rule 26(f) conference is tied sequentially to the Rule 16 conference, which has not been scheduled. *Compare* E.D. Va. Loc. R. 16(B) *with* E.D. Va. Loc. R. 26(A)(1)(a).

It is often the practice of this Court to schedule a Rule 16 conference *after* motions to dismiss have been resolved. This practice is consistent with the gatekeeping function of Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, at 558-59 (2007) ("[W]hen the allegations in a complaint however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court…. [I]t is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence.") (citations and internal quotation marks omitted).

As of now, no Rule 16 conference has been scheduled and the motions to dismiss remain pending. It makes no economic sense and fails to serve the interest of judicial economy to require the Individual Defendants (or anyone for that matter) to commence a discovery process

when several defendants may be dismissed and the scope of this case significantly narrowed once the Court resolves the pending motions to dismiss.

Overlooking the judicial economies gained by the Court's normal practice, CSXT argues that "the scope of discovery will likely remain unchanged" even if the motions to dismiss are granted because "CSXT would still seek both written discovery (subpoenae *duces tecum*), and depositions from" the Individual Defendants.  With respect to the Individual Defendants, however, the scope of discovery would be significantly different if they are dismissed from the case.  They would be required only to sit for depositions and produce documents pursuant to Rule 45 subpoenas as non-parties.  But they would not be required to participate in a Rule 26(f) conference, make Initial Disclosures under Rule 26(a)1) or Expert Disclosures under Rule 26(a)(2), or answer interrogatories and requests for admission under Rules 33 and 36.  Moreover, the Individual Defendants would not seek discovery from other parties if they were dismissed, thus avoiding significant costs and inconvenience on their part and that of other parties in this case.  The Individual Defendants should not be required to participate in a Rule 26(f) conference or have any role in developing a discovery plan unless and until their motions are denied.

The Motion to Commence Discovery and the request for an early Rule 26(f) conference is simply out of order.  The Court will of course manage its docket as it sees fit and enforce local rules within its sound discretion.  *Francisco v. Verizon South, Inc.*, 272 F.R.D. 436, 440 (E.D. Va. 2011) ("As a general rule, enforcement of local rules is within the sound discretion of the Court.") (citations omitted); *Nationwide Mut. Ins. Co. v. Overlook, LLC*, 785 F. supp. 2d 502, 516 (E.D. Va. 2011) (recognizing that "the Court has discretion … under the Court's inherent power to manage its docket.") (citation and internal quotation marks omitted).  In this case, the Individual Defendants respectfully suggest that it is appropriate for the Court to deny the Motion

to Commence Discovery and allow this case to proceed *after* resolving motions to dismiss under Rule 12(b)(6), thereby preserving the parties' resources and serving the interests of judicial economy.

## CONCLUSION

CSXT's Motion to Commence Discovery should be denied. There is nothing special about this case that requires early discovery involving the Individual Defendants, and the Court should proceed to adjudicate this case on its normal schedule.

Respectfully submitted,

JERRY HALL, THOMAS HURLBUT,
and PHILIP MERILLI

By: /s/ M. F. Connell Mullins, Jr.
Hugh M. Fain, III (VSB #26494)
Email: hfain@spottsfain.com
M. F. Connell Mullins, Jr. (VSB # 47213)
Email: cmullins@spottsfain.com
John M. Erbach (VSB #76695)
Email: jerbach@spottsfain.com
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
(804) 697-2000 (Telephone)
(804) 697-2100 (Facsimile)
*Counsel for Defendants Jerry Hall, Thomas Hurlbut, and Philip Merilli*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I will electronically file the foregoing with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

By: _____/s/_____
M. F. Connell Mullins, Jr. (VSB # 47213)
Email: cmullins@spottsfain.com
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
(804) 697-2000 (Telephone)
(804) 697-2100 (Facsimile)
*Counsel for Defendants Jerry Hall, Thomas Hurlbut, and Philip Merilli*