IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of
NORFOLK AND PORTSMOUTH BELT LINE
RAILROAD COMPANY,

    Plaintiff,

              Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY COMPANY *et al.*,

    Defendants.

### NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S OPPOSITION TO MOTION TO COMMENCE DISCOVERY

  The procedure in the Norfolk Division of this Court, discerned through long experience, is for the Court to authorize the onset of discovery in a Rule 26(f) Pretrial Order. That Order issues only after the Court rules on all pre-answer motions under Rule 12.[1] Pursuant to the Rule 26(f) Pretrial Order, no party is "required to respond to a deposition notice or other form of discovery sooner than" a date certain, set by the Court to occur after the Rule 16(b) scheduling conference.

  The wisdom of this practice is apparent: how can the parties to an action begin discovery into matters "relevant to any party's claim or defense" before the Court resolves which parties, claims, and defenses will remain in the case? *See* Fed. R. Civ. P. 23(b)(1). Nothing about this case warrants different treatment.

  The defendants have all filed motions to dismiss. The Belt Line has moved to stay the entire case until the Surface Transportation Board rules on an issue intimately connected to the

---

[1] For an example of the Court's standard Rule 26(f) Pretrial Order, see Order, D.E. 20, *Nachman v. Seaford Transfer, Inc.*, No. 4:18-cv-62-MSD-LRL (E.D. Va. Jan. 15, 2019).

substance of the case in this Court. What is "relevant" to the claims and defenses in this case could change entirely depending on the Court's rulings on the pending motions.

CSXT's impatience with the Court's deliberative pace does not justify the burden to the Court and parties that will result if discovery begins now, particularly if disputes about the scope of discovery require Court intervention. CSXT waited a decade to file suit after the first injury it claims. It should continue to wait for the Court to resolve the boundaries of this action.

## STANDARD OF REVIEW

Decisions regarding the management of discovery processes are committed to the Court's discretion. *See M & M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1992). The Court may exercise that discretion to determine whether good cause exists to modify established discovery procedures. *See* Fed. R. Civ. P. 16(b), 26(c-f).

## DISCUSSION

Contrary to CSXT's argument, the Federal Rules of Civil Procedure and Local Civil Rules do not prescribe when discovery must begin. *See* Fed. R. Civ. P. 16(b), 26(c-f); E.D. Va. Civ R. 16(b). They dictate when a case should be scheduled on the Court's docket, which in turn drives the date on which all discovery must end. *See* E.D. Va. Civ R. 16(b). The date on which discovery begins is set forth in the Rule 26(f) Pretrial Order that comes only after the Court rules on pre-answer motions. *See, e.g.*, Order, *Nachman v. Seaford Transfer, Inc.*, No. 4:18-cv-62-MSD-LRL (E.D. Va. Jan. 15, 2019) (D.E. 20) ("no party will be required to respond to a deposition notice or other form of discovery sooner than March 5, 2019, unless specifically ordered by the court").

With the litigation in its present posture, the burden on the Court and the Belt Line of commencing discovery immediately would be significant, and there is the likelihood that it will be unnecessary.

CSXT justifies its request to start discovery early by pointing out that two of the nine claims and one of the six defendants will remain regardless of the Court's ruling on the motions to dismiss. *See* CSXT's Br. at 2-3 (D.E. 49). Yet CSXT overlooks two essential points.

First, a pending motion to dismiss that can remove parties from a case is itself good cause to justify staying discovery. *See Remy v. Lubbock Nat'l Bank*, No. 5:17-CV-460, 2019 U.S. Dist. LEXIS 45469, at *6-7 (E.D.N.C. Mar. 20, 2019). The motion to dismiss filed by the Belt Line seeks exactly that relief.

Second, the Belt Line has moved to stay this entire action pending the outcome of a proceeding between NS, CSXT, and the Belt Line in the Surface Transportation Board. The reasonableness of the rate the Belt Line charges to move rail cars to NIT is a fundamental issue in the case pending in this Court. That rate is at least partly dependent on the rate NS charges the Belt Line for trackage rights to NIT, which the STB is reviewing. Both actions involve alleged anticompetitive conduct. In fact, the STB just issued a decision permitting CSXT to intervene, provided to this Court at D.E. 51, in which the STB holds, "nothing in this decision . . . shall be construed to prohibit CSXT from arguing or submitting evidence that a particular . . . calculation methodology could have an anticompetitive effect." *Id.* at 7. Entire avenues of discovery in the present case could be closed or opened depending on the outcome of the STB proceeding.

CSXT's fallback argument that the Belt Line will have to engage in discovery regardless of the Court's ruling on the pending motions to dismiss is misplaced. CSXT argues that, "assuming arguendo, certain of the Individual Defendants and/or NPBL are dismissed, CSXT would still seek both written discovery . . . and depositions from them." Mem. at 3 (D.E. 49). CSXT ignores the difference in burden and cost between participating in discovery as a party and as a non-party. The cost of discovery to the Belt Line as a defendant will dwarf the cost of producing documents and

3

making witnesses available as a non-party. As a party, the Belt Line would be represented by counsel at each deposition in the case. It would have to review each document produced in the litigation. It would have to answer Interrogatories and Requests for Admissions and craft and propound the same kinds of requests on other parties. It might have to engage in offensive motions practice to gain access to documents or answers necessary for its defense. As a non-party, it will have to respond only to subpoenas for its own documents and deposition notices for its own employees—a burden still, but much less than that required of a litigant.

Finally, while CSXT seeks a complete start to early discovery, it would be equally inappropriate to direct NS and CSXT to begin discovery on their own and then force the other defendants to catch up. Discovery matters like protective orders and ESI protocol provide prime examples. NS and CSXT are beginning discussions on those points now, but no party expects to finalize anything until all parties know which claims and parties remain in the case. If discovery begins early as to NS and CSXT, the Belt Line will be forced to either (1) wade into possibly significant negotiations over discovery matters that may never affect it, or (2) try to undo or change unwanted parameters later after NS and CSXT have already acted on them because they were ordered to do so. Neither option is fair to the Belt Line, and no circumstances justify the burden.

## **CONCLUSION**

For all these reasons, there is no cause to begin discovery before the Court has established which claims and parties will remain in the case. The Belt Line respectfully asks the Court to deny CSXT's Motion to Commence Discovery (D.E. 48).

Dated:  April 5, 2019	NORFOLK AND PORTSMOUTH
BELT LINE RAILROAD COMPANY


By:   /s/ W. Ryan Snow
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Darius K. Davenport, VSB No. 74064
David C. Hartnett, VSB No. 80452
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
ddavenport@cwm-law.com
dhartnett@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*


**CERTIFICATE OF SERVICE**

I certify that on this 5th day of April 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a "Notice of Electronic Filing" to all counsel of record who have consented to electronic service.


 /s/ W. Ryan Snow
W. Ryan Snow, VSB No. 47423
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
wrsnow@cwm-law.com