IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CSX TRANSPORTATION, INC.,**
individually and on behalf of
**NORFOLK & PORTSMOUTH BELT LINE**
**RAILROAD COMPANY,**

      **Plaintiff,**

**v.**                                                                                       Civil Action No. 2:18-cv-530

**NORFOLK SOUTHERN RAILWAY COMPANY,**
**NORFOLK & PORTSMOUTH BELT LINE**
**RAILROAD COMPANY, JERRY HALL,**
**THOMAS HURLBUT, PHILIP MERILLI,**
and **CANNON MOSS,**

      **Defendants.**

## DEFENDANT CANNON MOSS'S OPPOSITION TO PLAINTIFF'S MOTION TO COMMENCE DISCOVERY

Defendant Cannon Moss ("Moss"), by counsel, states as follows in opposition to the Motion to Commence Discovery (ECF No. 48) filed by Plaintiff CSX Transportation, Inc. ("CSXT"):

### PROCEDURAL HISTORY

CSXT filed its Complaint, commencing this action on October 4, 2018. On November 27, 2018, Moss filed a Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Moss contends that the Court lacks subject matter jurisdiction over the sole count against him in the Complaint or, alternatively, that the Court should decline to exercise jurisdiction under

28 U.S.C. § 1367(c). In addition, Moss moved to dismiss the sole count against him because it fails to state a claim upon which relief can be granted as a matter of law.

Now, CSXT moves to commence discovery, despite the pending motions to dismiss.

## ARGUMENT

**1.      The Court Should Deny the Motion to Commence Discovery.**

Under Rule 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." As set forth in CSXT's motion, the parties have not held a Rule 26(f) conference. This Court's historical practice is to enter a Rule 26(f) Order, directing the parties to engage in a Rule 26(f) conference by a date certain, prior to a Rule 16(b) Scheduling Conference. The Rule 26(f) Order ordinarily issues only after the Court has resolved pending dispositive motions under Rule 12.

This is in accord with Rule 26(f). Under Rule 26(f), the conference is to occur "as soon as practicable -- and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

Here, holding a Rule 26(f) conference is not practicable, in light of the possibility that the claims against Moss and others could come to an end via the pending Rule 12 motion(s). Commencing discovery now would not serve judicial economy and would burden defendants like Moss. Indeed, Moss has moved to dismiss the case against him entirely and contends that the Court lacks subject matter jurisdiction over the sole claim against him. Accordingly, Moss will not be a party to this action, if his motion is granted.

CSXT has argued that regardless of the resolution of the pending motions to dismiss, this action will proceed at least against Norfolk Southern Railway Company (NS") because NS has not

moved to dismiss all of the claims against it. CSXT argues that Moss will therefore be subjected to discovery regardless of the outcome of the pending motions. However, permissible discovery is far different for parties than permissible discovery directed to non-parties. See, e.g., Fed. R. Civ. P. 33, 36 (interrogatories and requests for admissions cannot be served on third parties). Moreover, the interests and duties of a party in ongoing discovery are materially different from a third party who receives a subpoena. If Moss is dismissed from the action, there is no need for him to have counsel review other parties' discovery responses, have counsel appear at depositions, or engage in other tasks. If CSXT is allowed to served wide-ranging discovery based on all the claims it has deficiently pled in the Complaint, then Moss could be subject to burdensome discovery that would otherwise be impermissible if he is a third party to the action. Engaging in discovery now would thus impose undue expense.

Moreover, CSXT has not demonstrated why the Court should alter its practice or the status quo. "Courts have found that immediate discovery 'should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time.'" Hard Drive Prods., Inc. v. Does 1-30, No. 2:11CV345, 2011 WL 2634166, at *1 (E.D. Va. July 1, 2011) (quoting Fimab–Finanziaria Maglificio Biellese Fratelli Fila, S.p.A. v. Helio Import/Export, Inc., 601 F. Supp. 1, 3 (S.D. Fl. 1983)). CSXT has not explained any unusual circumstances that warrant altering the Court's ordinary practice.

In short, CSXT fails to show why discovery should commence. The Court should deny CSXT's Motion to Commence Discovery.

## CONCLUSION

Based on the foregoing, the Court should deny CSXT's Motion to Commence Discovery.

Respectfully submitted,

**CANNON MOSS**

By    /s/ *W. Edgar Spivey*
           Counsel

W. Edgar Spivey (VSB No. 29125)
Clark J. Belote (VSB No. 87310)
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
(757) 624-3000
(888) 360-9092 Facsimile
Email: wespivey@kaufcan.com
Email: cjbelote@kaufcan.com
*Counsel for Cannon Moss*

## CERTIFICATE OF SERVICE

I certify that on this 5th day of April, 2019, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF System.

       /s/ *W. Edgar Spivey*

17350908v1