UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., )<br>individually and on behalf of NORFOLK & )<br>PORTSMOUTH BELT LINE RAILROAD )<br>COMPANY, )<br>            )<br>     Plaintiff,   )<br>            )<br>v.          )<br>            )<br>NORFOLK SOUTHERN RAILWAY )<br>COMPANY, et al., )<br>            )<br>     Defendants.  )<br>            ) | Civil Action No. 2:18-cv-530 |

**DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY'S
OPPOSITION TO CSX TRANSPORTATION, INC.'S MOTION TO COMMENCE
DISCOVERY**

Defendant, Norfolk Southern Railway Company ("NSR"), by counsel, submits this memorandum in opposition to the motion of CSX Transportation, Inc. ("CSXT") to commence discovery in this civil action (Dkt. No. 49). For the reasons stated below, NSR suggests that pre-discovery discussions that already have started between NSR and CSXT should continue, and that the Court open formal discovery, if it does not stay the case, only after it rules on motions that will set the boundaries of the claims and defenses.

The Federal Rules of Civil Procedure have the overriding purpose of securing the "just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. There is no doubt that the potential burden and expense of litigation on the scale presented here will require attention to the effective management of discovery. Indeed, as currently framed by CSXT's Complaint, the lawsuit calls into question a broad set of facts over a long period of time. Pending motions to dismiss by all defendants, however, raise serious questions about the scope

1

of this litigation and hence the proper scope of discovery. Rule 26(b)(1), which governs the scope of discovery, requires meaningful attention to these principles:

> . . . Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense* and proportional to the *needs of the case*, considering the importance of the *issues at stake in the action*, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. (emphasis added)

These considerations inform the communications between the parties' counsel as they frame a discovery plan addressing the matters listed in Rule 26(f)(3), including timing, form, issue limitations, electronically-stored information (ESI) protocols and work-product and privilege protection.

NSR and CSXT, through their respective counsel, already have begun the process of preparing for the conduct of discovery between themselves, something that always may be accomplished without leave of Court. NSR's position in these discussions is informed by the federal rules noted above. The key point of difference between the two parties is that CSXT wants to proceed headlong into full-scale discovery, while NSR wants to work cooperatively on initial discovery protocols, then hold a Rule 26(f) conference and commence discovery only after the Court rules on pending motions and the proper scope of this case is defined and known. In addition to the fundamental question of the actual scope of this large matter, NSR points out other factors that show the opening of general discovery is premature.

First, discovery must respect the positions of all parties. Regardless of CSXT's preferences, there is a second corporate defendant, NPBL, and there are individually named defendants who will be affected by discovery. NPBL has moved to stay the action. All of NSR's co-defendants have presented motions to dismiss that, if granted, are entirely case-dispositive as to them. Making discovery demands on those defendants prior to the Court's

2

determination of their status as parties or non-parties is unnecessary. All have indicated their objections to proceeding with discovery, and NSR agrees that it makes no sense to begin formal discovery while these motions are pending.

Second, although NSR cannot enter into a case-wide agreement or order without the consent of the other defendants, until that can be accomplished there is productive work to be done short of initiating formal discovery. For example, NSR and CSXT are direct competitors. Both are likely to be requested to produce highly confidential commercial information in discovery, and careful attention must be paid to the drafting of a protective order whose terms will ensure that access to such information is limited and controlled.

Third, discussions between counsel for CSXT and NSR already have begun. Prior to CSXT's filing of its motion, NSR had proposed to CSXT that their respective counsel, and the two parties' discovery vendors or consultants, commence discussions regarding the terms of a protective order, protocols for the exchange of electronically-stored information, and any other matters that will clear the decks for an efficient Rule 26(f) conference to be held after the Court rules on the pending motions. CSXT agreed to this approach prior to, and contacted NSR shortly after, filing its motion. Initial discovery discussions between CSXT and NSR began on Monday, March 25, 2019, and will continue.

Thus, counsel for NSR and CSXT are working amicably to discuss and establish protocols that will facilitate the thoughtful framing of discovery after the Court defines the matters at issue. The parties' only difference is CSXT's desire to push ahead with discovery demands that may need to be reframed, at considerable expense to all, after the Court rules on the pending motions. CSXT's motion is not aimed at the speedy and inexpensive resolution of

the case, and is unjust to the interests of all defendants. Consequently, because it believes that haste will make waste, NSR objects to commencing full discovery immediately.

Because no discovery has been served, no protective order is being sought. However, NSR notes the broad discretion the Court may exercise under Rule 26(c) to shape the scope and timing of the proceedings in this regard. For the reasons stated, NSR respectfully asks that CSXT's motion be denied.

Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

By Counsel

April 5, 2019

/s/ Belinda D. Jones
Craig T. Merritt (VSB No. 20281)
R. Braxton Hill, IV (VSB No. 41539)
Belinda D. Jones (VSB No. 72169)
S. Perry Coburn (VSB No. 78372)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Tel. (804) 697-4100
Fax (804) 697-4112
cmerritt@cblaw.com
bhill@cblaw.com
bjones@cblaw.com
pcoburn@cblaw.com

Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
Tel. (804) 697-1200
Fax (804) 698-6061
alan.wingfield@troutmansanders.com
michael.lacy@troutmansanders.com

4

    Elizabeth S. Flowers (VSB No. 78487)
    TROUTMAN SANDERS, LLP
    222 Central Park Avenue, Suite 2000
    Virginia Beach, Virginia 23462
    Tel. (757) 687-7537
    Fax (757) 687-1646
    liz.flowers@troutmansanders.com

    *Counsel for Norfolk Southern Railway Company*

## CERTIFICATE OF SERVICE

I certify that on April 5, 2019, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

    Robert Western McFarland, Esq.
    Benjamin L. Hatch, Esq.
    E. Rebecca Gantt, Esq.
    McGuireWoods LLP
    101 W. Main St., Ste 9000
    Norfolk, Va. 23510
    757-640-3716
    757-640-3930 Fax
    rmcfarland@mcguirewoods.com
    bhatch@mcguirewoods.com
    rgantt@mcguirewoods.com

*Counsel for CSX Transportation, Inc.*

    James L. Chapman IV, Esq.
    W. Ryan Snow, Esq.
    Darius K. Davenport, Esq.
    Crenshaw, Ware & Martin, P.L.C.
    150 W. Main St., Ste 1500
    Norfolk, Va. 23510
    757-623-3000
    757-623-5735 Fax
    jchapman@cwm-law.com
    wrsnow@cwm-law.com
    ddavenport@cwm-law.com

*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

Hugh M. Fain III, Esq.
M. F. Connell Mullins Jr., Esq.
John M. Erbach, Esq.
Spotts Fain PC
411 E. Franklin St., Ste 600
Richmond, Va. 23219
804-697-2000
804-697-2100 Fax
hfain@spottsfain.com
cmullins@spottsfain.com
jerbach@spottsfain.com

*Counsel for Jerry Hall, Thomas Hurlbut, and Philip Merilli*

W. Edgar Spivey, Esq.
Clark J. Belote, Esq.
Kaufman & Canoles, P.C.
150 W. Main St., Ste 2100
Norfolk, VA 23510
757-624-3000
888-360-9092 Fax
wespivey@kaufcan.com
cjbelote@kaufcan.com

*Counsel for Cannon Moss*

 /s/ Belinda D. Jones
Belinda D. Jones (VSB No. 72169)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219
Tel. (804) 697-4128
Fax (804) 697-6128
bjones@cblaw.com

*Counsel for Norfolk Southern Railway Company*