IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

v.                                               Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.

/

**PLAINTIFF CSX TRANSPORTATION, INC.'S CONSOLIDATED REPLY
IN SUPPORT OF MOTION TO COMMENCE DISCOVERY**

Plaintiff CSX Transportation, Inc. ("CSXT") submits this consolidated reply to the Defendants' oppositions to CSXT's Motion to Commence Discovery. ECF Nos. 48 (Motion), 49 (Memorandum); *see* ECF Nos. 52 (Hall, Hurlbut, Merilli Opposition), 54 (Norfolk & Portsmouth Belt Line Railroad Company ("NPBL") Opposition), 55 (Moss Opposition), 56 (Norfolk Southern Railway Company ("NS") Opposition).

**ARGUMENT**

The Defendants contend that they are not obligated to conduct discovery, including the initial Rule 26(f) conference, until the Court enters its order scheduling a Rule 16(b) conference. CSXT agrees: that is precisely why it has filed its motion requesting that this Court enter an Order directing that the parties may commence discovery. *See* Fed. R. Civ. P. 26(f)(1); Local Rule 26(A) (linking the obligation to conduct the Rule 26(f) conference to the Rule 16(b) conference). However, CSXT does not agree that the "normal practice" in this District requires counsel to wait for entry of such an order until rulings on all dispositive motions. In fact, this District's Local

1

Rules have no provision for that practice. Instead, under Local Civil Rule 16(B), the court "*shall* schedule an initial pretrial conference" "as promptly as possible" after the filing of a complaint, and the court "*shall* enter an order" setting the dates for discovery and final pretrial conference not later than sixty (60) days from first appearance or ninety (90) days after service of the complaint. Local R. 16(B) (emphases added).

These dates passed months ago, thus indicating that the commencement of discovery now is reasonable and appropriate. Defendants have cited no basis in the Rules for their contention that discovery should await a ruling on dispositive motions—because there is none. The Rules' mandate that initial discovery matters should commence not long after a complaint is filed makes good sense, and is fully in keeping with this District's practice of resolving cases expeditiously. Here, for instance, if the parties have already conducted their initial Rule 26(f) conference and developed a discovery plan by when the Court enters its rulings on Defendants' pending motions to dismiss, discovery may commence immediately, on an agreed schedule, and under sanctioned protocols, leading to a more efficient and expeditious resolution of this matter.

Defendants do not dispute that some discovery will be inevitable given the scope of the pending dispositive motions and the issues in this case, but they note that certain of the Defendants may be limited to non-party discovery, depending on the Court's rulings on their motions to dismiss. That concern can be obviated by providing in the 16(b) Order that the response deadlines for discovery requests will not commence until the Court issues its rulings on the dispositive motions. Thus, even if a defendant is dismissed from the suit, that defendant would only be minimally burdened by having to engage in an initial discovery conference. Indeed, many of the matters that can be resolved in a conference, such as electronically stored information ("ESI") protocols, will require joint discussion, even if certain of the individual defendants are subject to

only nonparty discovery.  And the benefits to the parties and the Court in working together now to formulate a discovery plan for this case and being able to present it to the Court far outweigh the cost of the limited time Defendants' counsel will spend in conference.

For the reasons stated above, and in its initial motion and supporting memorandum, CSXT respectfully requests that this Court enter an order allowing discovery to commence.

Dated:  April 11, 2019                            Respectfully submitted,

**CSX TRANSPORTATION, INC.**

*By Counsel*

*/s/Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
E. Rebecca Gantt (VSB No. 83180)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
           bhatch@mcguirewoods.com
           rgantt@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that on this 11th day of April 2019, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

Dated:  April 11, 2019

Respectfully submitted,

**CSX TRANSPORTATION, INC.**

*By Counsel*

*/s/Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
E. Rebecca Gantt (VSB No. 83180)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
bhatch@mcguirewoods.com
rgantt@mcguirewoods.com