# EXHIBIT 2

# FLETCHER & SIPPEL LLC
ATTORNEYS AT LAW

29 North Wacker Drive
Suite 800
Chicago, Illinois 60606-3208

THOMAS J. LITWILER
(312) 252-1508
tlitwiler@fletcher-sippel.com

ENTERED
Office of Proceedings
May 9, 2019
Part of
Public Record

Phone: (312) 252-1500
Fax: (312) 252-2400
www.fletcher-sippel.com

May 9, 2019

**VIA ELECTRONIC FILING**

Ms. Cynthia T. Brown
Chief, Section of Administration
Office of Proceedings
Surface Transportation Board
395 E Street, S.W., Room 1034
Washington, DC 20423-0001

      Re: **Docket No. FD 36223**
            **Norfolk Southern Railway Company -- Petition to**
            **Set Trackage Rights Compensation -- Norfolk and**
            **Portsmouth Belt Line Railroad Company**

Dear Ms. Brown:

      Attached for filing in the above-captioned proceeding is the **Reply of Norfolk and Portsmouth Belt Line Railroad Company to CSXT's Petition for Clarification or, if Necessary, Reconsideration, and Request to Hold Proceeding in Abeyance**, dated May 9, 2019.

      If you have any questions regarding this filing, please feel free to contact me. Thank you for your assistance on this matter. Kind regards,

Respectfully submitted,

Thomas J. Litwiler
Attorney for Norfolk and Portsmouth
Belt Line Railroad Company

TJL:tl

Attachment

cc: Parties on Certificate of Service

BEFORE THE
SURFACE TRANSPORTATION BOARD

DOCKET NO. FD 36223

NORFOLK SOUTHERN RAILWAY COMPANY
-- PETITION TO SET TRACKAGE RIGHTS COMPENSATION --
NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

**REPLY OF NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY
TO CSXT'S PETITION FOR CLARIFICATION OR, IF NECESSARY,
RECONSIDERATION, AND REQUEST TO HOLD PROCEEDING IN ABEYANCE**

Thomas J. Litwiler
Robert A. Wimbish
Bradon J. Smith
  Fletcher & Sippel LLC
  29 North Wacker Drive, Suite 800
  Chicago, Illinois 60606-3208
  (312) 252-1500

James L. Chapman, IV
  Crenshaw, Ware & Martin, PLC
  150 West Main Street, Suite 1500
  Norfolk, Virginia 23510
  (757) 623-3000

**ATTORNEYS FOR
NORFOLK AND PORTSMOUTH BELT
LINE RAILROAD COMPANY**

Dated: May 9, 2019

BEFORE THE
SURFACE TRANSPORTATION BOARD

DOCKET NO. FD 36223

NORFOLK SOUTHERN RAILWAY COMPANY
-- PETITION TO SET TRACKAGE RIGHTS COMPENSATION --
NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

**REPLY OF NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY TO CSXT'S PETITION FOR CLARIFICATION OR, IF NECESSARY, RECONSIDERATION, AND REQUEST TO HOLD PROCEEDING IN ABEYANCE**

Respondent Norfolk and Portsmouth Belt Line Railroad Company ("NPBL") hereby replies to the "Petition for Clarification or, if Necessary, Reconsideration, and Request to Hold Proceeding in Abeyance" submitted by intervenor CSX Transportation, Inc. ("CSXT") with respect to the Board's March 29, 2019 decision (the "March 29th Decision") in this trackage rights compensation proceeding initiated by petitioner Norfolk Southern Railway Company ("NS").

As NPBL has previously indicated, and the March 29th Decision correctly found, the Board has jurisdiction to determine prospective compensation terms for the long-standing trackage rights held by NPBL over NS rail lines in Chesapeake and Norfolk, Virginia (the "NPBL Trackage Rights"), with such determination governed by the framework and standards of *St. Louis Southwestern Ry. Co. -- Trackage Rights Compensation*, 1 I.C.C.2d 776 (1984) and 4 I.C.C.2d 668 (1987) ("*SSW Compensation*"). The Board explicitly found that, "[c]ontrary to CSXT's suggestion, it is not necessary for the Board to approve or exempt a new trackage rights agreement to establish its jurisdiction to set trackage rights compensation." March 29th Decision at 5 (citing *Thompson v. Texas Mexican Ry. Co.*, 328 U.S. 134, 147-150 (1946) ("*Tex-Mex*") and

*Toledo, Peoria & Western Railway Company -- Trackage Rights Exemption -- Peoria & Pekin Union Railway Company*, Docket No. FD 26476 (Sub-No. 1) (ICC served Sep. 20, 1994) at 1-2). CSXT's current arguments would seem to ignore this clear finding, which CSXT has not shown (or even directly argued) was material error. CSXT Petition at 9-11.[1]

Beyond that, in granting CSXT's request for intervention (which NPBL supported), the Board was clear that "evidence relating solely to the issues in the pending federal court case [*i.e.*, CSXT's complaint against NS and NPBL in federal district court in Virginia alleging federal and state antitrust and other claims, *see* CSXT October 5, 2018 letter filing] will not be permitted." March 29th Decision at 7. CSXT itself expressly admits that "CSXT's federal antitrust and state law claims in federal court in the Eastern District of Virginia are not before the Board." CSXT Petition at 3. Yet CSXT then goes on to incorporate nearly verbatim large swaths of the allegations and arguments from that same federal court proceeding. CSXT Petition at 4-6 & nn. 1-2, 4-8.[2] As the Board has already recognized, CSXT should not be allowed to re-litigate here matters in the purview, if at all, of a federal district court.

In turn, there is no reason to hold this proceeding in abeyance on the basis that "the federal antitrust case will permit a full examination of NSR's anticompetitive conduct and intent through discovery and the submission of fact and expert evidence in that case" and thus would purportedly "assist the Board in assessing the competitive issues relating to the NSR's

---

[1] Thus, CSXT's recitation of what "the Board's rules regarding applications for Board authority under section 11323 require," CSXT Petition at 10, presumes a need for new Board authority that does not exist.

[2] This is plainly the inappropriate forum in which to engage CSXT's allegations. NPBL is compelled to note, however, that one of the supposedly illegal anticompetitive actions undertaken against CSXT was an NPBL rail service discontinuance that was *authorized* by the Board. CSXT Petition at 5, n.4 (citing *Norfolk & Portsmouth Belt Line Railroad Company -- Discontinuance of Trackage Rights Exemption -- In Chesapeake, VA*, Docket No. AB-1024X (STB served May 15, 2008)).

request in this proceeding for a prescribed trackage rights fee." CSXT Petition at 17. Where the Board, CSXT, NPBL and presumably NS all agree that "CSXT's federal antitrust and state law claims in federal court . . . are not before the Board," CSXT Petition at 3, CSXT's request for abeyance is simply a backdoor way to introduce arguments that are neither relevant nor appropriate in this proceeding.

Indeed, CSXT's notion that the Board should wait and defer to a federal court proceeding has the process exactly backwards:

> Section 5(2)(a) [now 49 U.S.C. § 11323(a)(6)] vests in the Commission, not the courts, the power to determine the terms and conditions under which trackage rights may be acquired. The jurisdiction of the Commission is exclusive. . . . [I]n a long line of cases beginning with [*Texas & Pac. Ry. Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426 (1907)], it has been held that where the reasonableness or legality of the practices of the parties was subject to the administrative authority of the Interstate Commerce Commission, the court should stay its hand until the Commission had passed on the matter. That course is singularly appropriate here. It is the function of the Commission to determine the terms and conditions under which trackage rights are acquired. If the parties were allowed to by-pass the Commission and litigate the question in the courts, the power to fix the rental under trackage agreements would be shifted from the Commission to the courts and juries.

*Tex-Mex*, 328 U.S. at 147 (citations omitted). NPBL believes that CSXT has, in fact, sought relief in the federal district court that would impermissibly tread on the STB's exclusive jurisdiction over trackage rights compensation, and has so argued to that court. The court is considering NPBL's position, and among other things will shortly decide whether a stay of its own proceedings is appropriate to allow the Board to complete its work. In that context, the Board should be wary of accepting CSXT's invitation to indicate a preference for federal court action as a predicate for its own. That does not mean, of course, that the Board is itself converted into a body that can or should consider federal antitrust questions – all parties represent that they are in agreement on that. It does mean that the agency should proceed with

this trackage rights compensation proceeding in accordance with its exclusive jurisdiction and its own governing standards.

Finally, NPBL notes that while access to the Norfolk International Terminals ("NIT") is a critical component of the NPBL Trackage Rights, that is not their only function. Those rights also provide NPBL with access to other industries on NPBL's isolated line between West Junction and NIT, the ability to provide certain local service along the trackage rights route, and the right to interchange traffic with the Buckingham Branch Railroad at Coleman Place, an intermediate point on the trackage rights route. NPBL Reply to Petition to Set Trackage Rights Compensation, October 3, 2019, at 2, 7. NPBL has independent interests in the NPBL Trackage Rights for those purposes, and the compensation methodologies and determinations in this proceeding need to reflect and accommodate all such functions rather than solely CSXT's interest in access to NIT.

Respectfully submitted,

By: _____
Thomas J. Litwiler
Robert A. Wimbish
Bradon J. Smith
   Fletcher & Sippel LLC
   29 North Wacker Drive, Suite 800
   Chicago, Illinois 60606-3208
   (312) 252-1500

James L. Chapman, IV
   Crenshaw, Ware & Martin, PLC
   150 West Main Street, Suite 1500
   Norfolk, Virginia 23510
   (757) 623-3000

**ATTORNEYS FOR
NORFOLK AND PORTSMOUTH BELT
LINE RAILROAD COMPANY**

Dated: May 9, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of May, 2019, a copy of the foregoing **Reply of Norfolk and Portsmouth Belt Line Railroad Company to CSXT's Petition for Clarification or, if Necessary, Reconsideration, and Request to Hold Proceeding in Abeyance** was served by electronic or first-class mail, postage prepaid, upon:

Samuel M. Sipe, Jr., Esq.
Anthony J. LaRocca, Esq.
Linda S. Stein, Esq.
Peter W. Denton, Esq.
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
alarocca@steptoe.com

Louis E. Gitomer, Esq.
Melanie B. Yasbin, Esq.
Law Offices of Louis E. Gitomer, LLC
600 Baltimore Avenue, Suite 3011
Towson, MD 21204

William A. Mullins, Esq.
Crystal M. Zorbaugh, Esq.
Baker & Miller PLLC
2401 Pennsylvania Avenue, N.W.
Suite 300
Washington, DC 20037
wmullins@bakerandmiller.com

Garrett D. Urban, Esq.
General Attorney
Norfolk Southern Corporation
Three Commercial Place
Norfolk, VA 23510

_____
Thomas J. Litwiler