# EXHIBIT 1

47079   SERVICE DATE – JULY 25, 2019
EB

SURFACE TRANSPORTATION BOARD

DECISION

Docket No. FD 36223

NORFOLK SOUTHERN RAILWAY COMPANY—PETITION TO SET TRACKAGE RIGHTS COMPENSATION—NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY

Digest:[1]  This decision orders the proceeding to be held in abeyance until the federal district court proceeding involving the parties is resolved.

Decided:  July 24, 2019

On September 13, 2018, Norfolk Southern Railway Company (NSR) filed a petition requesting that the Board institute a proceeding to set compensation for the trackage rights of Norfolk & Portsmouth Belt Line Railroad Company (NPBL)[2] over approximately 11 miles of NSR's rail lines (the Lines) located in Norfolk, Va., and Chesapeake, Va.  NPBL possesses trackage rights over the Lines pursuant to a series of agreements dating back to 1917.  (NSR Pet. 1.)  On July 31, 2016, NSR terminated the agreements, consistent with their terms, but the parties have agreed to operate under the terms of the terminated agreements on a month-to-month basis.  (Id. at 1, 3.)

On October 3, 2018, CSX Transportation, Inc. (CSXT) filed a petition for leave to intervene in the proceeding.  On October 5, 2018, CSXT submitted a copy of a complaint it filed in the U.S. District Court for the Eastern District of Virginia alleging that NSR and NPBL have taken actions to effectively prevent CSXT from using NPBL's switching services to access customers at the Norfolk International Terminals and that these actions constitute a violation of federal antitrust laws, a breach of contract, and a violation of state law in several respects, including a violation of NPBL's fiduciary duty to CSXT as a shareholder of NPBL.[3]

On March 29, 2019, the Board served a decision instituting a proceeding, ordering the parties to submit proposed procedural schedules, granting CSXT's petition to intervene, and

---

[1]  The digest constitutes no part of the decision of the Board but has been prepared for the convenience of the reader.  It may not be cited to or relied upon as precedent.  See Policy Statement on Plain Language Digests in Decisions, EP 696 (STB served Sept. 2, 2010).

[2]  NPBL is owned approximately 57% by NSR and 43% by CSXT.  (NSR Pet. 3.)

[3]  The federal court proceeding is CSX Transportation, Inc. v. Norfolk Southern Railway, No. 2:18-cv-00530 (E.D. Va. filed Oct. 4, 2018).

denying as moot NPBL's motion to strike an exhibit in NSR's petition. In that decision, the Board stated that it would "establish compensation under the framework set forth in SSW Compensation,"[4] that parties should limit discovery to and present evidence on issues related to the calculation methods recognized under that framework, and that evidence relating solely to the issues in the pending federal court case would not be permitted.

On April 18, 2019, NSR, NPBL, and CSXT filed proposed procedural schedules. On the same day, CSXT filed a petition for clarification or reconsideration and request to hold the proceeding in abeyance. In that petition, CSXT argues, among other things, that the scope of the proceeding should be broadened to allow parties to raise any matter potentially relevant to the competitive effects of a prescribed trackage rights fee, and any alternatives to the SSW Compensation methodologies that may be necessary to address the unique competition factors in this case. (CSXT Pet. for Clarification 3-4, 12-16.) In addition, CSXT requests that the Board consider holding the proceeding in abeyance while the parties litigate the federal district court case, because doing so could assist the Board in resolving the trackage rights compensation dispute. (Id. at 17-18.)

On May 8 and 9, 2019, NSR and NPBL, respectively, filed replies to CSXT's petition.[5] NSR requests that the Board maintain its previous order limiting the scope of discovery and evidence, (NSR Reply 5, May 8, 2019), and NPBL argues that CSXT should not be permitted to raise matters here that are within the purview of the federal district court, (NPBL Reply 2, May 9, 2019). NSR and NPBL both oppose the request to hold the proceeding in abeyance, arguing that the federal district court allegations are not relevant to the Board's proceeding. (NSR Reply 18, May 8, 2019; NPBL Reply 2-3, May 9, 2019.)

In deciding whether to hold a docket in abeyance, the Board considers whether abeyance would promote efficiency and whether it would be fundamentally unfair to any party. E.g., Ballard Terminal R.R.—Pet. for Declaratory Order, FD 36261, slip op. at 4 (STB served June 27, 2019). In the current proceeding, resolution of the federal district court proceeding may reduce the number of disputed issues between the parties in this proceeding, thereby promoting efficiency. In addition, NSR and NPBL have been operating under the current compensation scheme for over 100 years, and at the time NSR filed the petition, it had been more than three years since NSR gave notice of termination of the agreements and more than two years since the termination became effective. (NSR Pet. at 4; NPBL Reply 5, Oct. 3, 2019.) Given this history, an abeyance would not be fundamentally unfair to NSR or NPBL. CSXT favors holding the proceeding in abeyance and thus will not be prejudiced. Accordingly, the Board will order this

---

[4] The framework for calculating trackage rights compensation known as "SSW Compensation" was first established in St. Louis Southwestern Railway—Trackage Rights Over Missouri Pacific Railroad—Kansas City to St. Louis, 1 I.C.C.2d 776 (1984), and was modified by the subsequent decision, St. Louis Southwestern Railway—Trackage Rights Over Missouri Pacific Railroad—Kansas City to St. Louis, 4 I.C.C.2d 668 (1987).

[5] NPBL also seeks leave to late file its reply, stating that it inadvertently filed its reply one day late and that CSXT and NSR do not object to the request. In the interest of compiling a complete record and because no party objects, the Board will grant the request.

Docket No. FD 36223

proceeding to be held in abeyance until the federal district court proceeding referred to above, including any subsequent appeals, is resolved.

<u>It is ordered</u>:

 1.  NBPL's motion for leave to late file is granted.

 2.  This proceeding is held in abeyance until the federal court proceeding referred to above, including any subsequent appeals, is resolved.

 3.  The parties are directed to submit to the Board any merits decision by the court within 15 days of its issuance.

 4.  This decision is effective on its service date.

 By the Board, Board Members Begeman, Fuchs, and Oberman.