# EXHIBIT 1

248318

# BAKER & MILLER PLLC

ATTORNEYS and COUNSELLORS
2401 PENNSYLVANIA AVENUE, NW
SUITE 300
WASHINGTON, DC  20037
TELEPHONE:  (202) 663-7820
FACSIMILE:   (202) 663-7849

ENTERED
Office of Proceedings
August 14, 2019
Part of
Public Record

William A. Mullins

Direct Dial:  (202) 663-7823
E-Mail: wmullins@bakerandmiller.com

August 14, 2019

**VIA E-FILING**
Cynthia T. Brown, Chief
Section of Administration, Office of Proceedings
Surface Transportation Board
395 E Street, SW
Washington DC  20423-0001

    Re:     FD 36223
                 Norfolk Southern Railway Company – Petition To Set Trackage Rights Compensation – Norfolk & Portsmouth Belt Line Railroad Company

Dear Ms. Brown:

    Enclosed is Norfolk Southern Railway Company's Petition for Reconsideration of the Surface Transportation Board's July 25, 2019 decision.  If there are any questions about this matter, please contact me directly, either by telephone:  (202) 663-7823 or by e-mail: wmullins@bakerandmiller.com.

                                                   Sincerely,

                                                   *William A. Mullins* //s//

                                                   William A. Mullins

cc:      Parties of Record

**BEFORE THE**
**SURFACE TRANSPORTATION BOARD**

**DOCKET NO. FD 36223**

**NORFOLK SOUTHERN RAILWAY COMPANY
– PETITION TO SET TRACKAGE RIGHTS COMPENSATION –
NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY**

**PETITION FOR RECONSIDERATION**

| | |
|---|---|
| **Garrett D. Urban**<br>NORFOLK SOUTHERN CORPORATION<br>Three Commercial Place<br>Norfolk, VA 23510<br>Tel:   (757) 533-4939<br>Fax:   (757) 533-4872 | **William A. Mullins**<br>Crystal M. Zorbaugh<br>BAKER & MILLER PLLC<br>2401 Pennsylvania Ave., NW<br>Suite 300<br>Washington, DC   20037<br>Tel:   (202) 663-7820<br>Fax:  (202) 663-7849 |
| | Attorneys for Norfolk Southern Railway Company |

**Dated:  August 14, 2019**

BEFORE THE
SURFACE TRANSPORTATION BOARD

DOCKET NO. FD 36223

NORFOLK SOUTHERN RAILWAY COMPANY
– PETITION TO SET TRACKAGE RIGHTS COMPENSATION –
NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY

PETITION FOR RECONSIDERATION

SUMMARY OF ARGUMENT

On July 24, 2019, the Surface Transportation Board ("STB" or "Board"), on request of CSXT Transportation, Inc. ("CSXT"), an intervenor, issued a decision ("Decision") holding this proceeding in abeyance pending resolution of a federal court case brought by CSXT against Norfolk Southern Railway Company ("NSR"), Norfolk & Portsmouth Belt Line Railroad Company ("NPBL"), and certain named individual directors and an officer of NPBL. CSXT's federal court case was filed in the Eastern District of Virginia and involves certain corporate shareholder rights, breach of contract, and breach of fiduciary duty claims, as well as allegations of certain antitrust violations. According to the Decision, abeyance pending resolution of the federal court case "may reduce the number of disputed issues between the parties in this proceeding, thereby promoting efficiency." Decision, slip op. at 2. That conclusion is incorrect, and it was material error for the Board to issue its Decision. Accordingly, NSR seeks reconsideration of the Decision.

NSR requests the Board to proceed with a schedule for setting trackage rights compensation. This is the sole issue that NPBL and NSR have requested the Board to resolve,

and only the STB has jurisdiction to set the trackage rights compensation.[1] NPBL is operating without a contract, and the Board itself has already concluded in its March 29 Decision that the compensation issue under SSW is the sole issue ripe for review. March 29 Decision, slip op. at 7 ("The issue before the Board in this proceeding, while complicated, is narrow: the compensation for trackage rights held by NPBL for use of NSR's Lines.") Resolution of the court proceeding cannot, and will not, resolve the compensation issue here. As such, the Board erred in determining that the court case may "reduce" the issue in dispute in this proceeding. The Board should also clarify that the ultimate resolution of this proceeding, namely new trackage rights compensation, will be applied retroactively to the date of NSR's initial Petition to Set Trackage Rights Compensation.

## ARGUMENT

Reconsideration is warranted if a party (1) presents new evidence or substantially changed circumstances that would materially affect the case, or (2) demonstrates material error in the prior decision. 49 U.S.C. § 1322(c); 49 C.F.R. § 1115.3. In a petition alleging material error, the error must be one that "would mandate a different result." See Montezuma Grain Co. v. STB, 339 F.3d 535, 541-42 (7th Cir. 2003); Or. Int'l Port of Coos Bay—Feeder Line Application—Coos Bay Line of Cent. Or. & Pac. R.R., FD 35160, slip op. at 2 (STB served Mar. 12, 2009). Here, it was material error for the Board to hold this proceeding in abeyance pending resolution of external issues that are not relevant to setting compensation under the long-accepted SSW methodology and no other issues are appropriate for consideration by the Board.

---

[1] See Arkansas & Missouri R. Co. v. Missouri Pacific R. Co., 6 I.C.C. 2d 619, 1990 ICC Lexis 110 (1990) ("A&M"); see also North Carolina Railroad Company--Petition to Set Trackage Compensation and Other Terms and Conditions – Norfolk Southern Railway Company, Norfolk & Western Railway Company, and Atlantic and East Carolina Railway Company, FD 33134 (STB served May 29, 1997).

The Board also committed material erred in relying upon Ballard Terminal R.R.—Pet. for Declaratory Order, FD 36261, slip op. at 4 (STB served June 27, 2019) ("Ballard").

First, it was material error for the Board to rely upon issues outside the scope of the Board's March 29 decision as the basis for holding the proceeding in abeyance. As the record stands, the only decision issued by the Board requires the Board to resolve a very narrow issue: SSW compensation. There is nothing discussed within the Board's March 29 decision that requires holding this case in abeyance pending resolution of the court proceeding. Indeed, the Board itself specifically noted that it "need not and [would] not address—CSXT's allegations in federal court" and "evidence relating solely to the issues in the pending federal court case will not be permitted." March 29 Decision slip op. at 7. By holding this proceeding in abeyance, the Board is effectively contradicting its prior findings and is allowing the external issues in federal court to be part of this proceeding. This is material error. If the Board had properly relied upon its prior findings in its March 29 decision, which it should have done, the Board would have reached a different result.[2]

To the extent that there may be additional issues now involved in this proceeding that could benefit from court action, they arise only through CSXT's attempts to circumvent the limitations placed on its intervention by the STB itself. The Board granted CSXT the right to intervene on the basis that doing so would not expand the scope of the proceeding, namely the

---

[2] Realizing that the Board's March 29, 2019 establishing a proceeding limited the scope of that proceeding to simply establishing the SSW compensation, on April 18, 2019, CSXT filed its own petition for reconsideration. In that petition for reconsideration, CSXT argued, among other things, that the scope of the proceeding should be broadened to allow parties to raise any matter potentially relevant to the competitive effects of a prescribed trackage rights fee, and any alternatives to the SSW compensation methodologies that may be necessary to address the issues in this case. Decision, slip op. at 2. The Board has not agreed with CSXT's arguments or adopted them as legitimate issues for consideration.

level of compensation set under SSW. For the STB to now claim that it should wait for the court to act before it proceeds, due to the impact on external issues raised by CSXT, contradicts the basis for granting CSXT's intervention.[3] The Board's logic is both circular and improper. The Board should not hold the compensation issue in abeyance pending resolution of these issues that are unrelated to setting the SSW rate.

Second, the Board's reliance upon Ballard Terminal R.R.—Pet. for Declaratory Order, FD 36261, slip op. at 4 (STB served June 27, 2019) ("Ballard") was also in error. Under that recently issued precedent, the Board considers whether abeyance would (1) promote efficiency; and (2) be fundamentally unfair to any party. In Ballard, the STB concluded that holding the Petition for Declaratory Order in abeyance was appropriate because the essence of the state court litigation was a contract dispute, and that resolution of the contract dispute could moot the declaration of preemption that the petitioner was seeking. See Ballard, slip op at 5 ("[R]esolution of the parties' contract dispute by the state court would possibly moot or, at the very least, help to inform the preemption analysis."). The same is true for other similar cases which the STB has held in abeyance. Arizona Electric Power Cooperative, Inc. v. BNSF Railway Company And Union Pacific Railroad Company; Arizona Electric Power Cooperative, Inc. v. Union Pacific Railroad Company, STB Docket No. 42113, STB Docket No. 42113 (Sub-No. 1) (STB served Apr. 23, 2009) (holding case in abeyance because a court ruling on whether or not a contract existed between the parties could moot the STB proceeding); Soo Line Railroad Company – Petition For Declaratory Order, FD 36107 (STB served Aug. 10, 2017) (holding

---

[3] Indeed, the Board permitted CSX's intervention on the conclusion "that CSXT's participation as a party in this case will not unduly disrupt the schedule." Norfolk S. Ry. Co – Petition to Set Trackage Rights Compensation – Norfolk & Portsmouth Belt Line R.R. Co., slip op. at 7 (STB served March 29, 2019); cf. 49 C.F.R. § 1112.4(a). The Board's Decision cannot be reconciled with this earlier finding.

proceeding in abeyance pending court resolution of contract issues because a ruling that the contract could not be terminated would moot the STB proceeding).

None of the above cases apply here. In this proceeding, NSR is asking the Board to fulfill its duty[4] to set trackage rights compensation when the parties have been unable to agree on terms. This is a narrow, single issue governed by well-established precedent, and trackage rights compensation needs to be established irrespective of whether the court case involving NSR and NPBL (and others) is pending or resolved. A court ruling in the Eastern District of Virginia would not moot the STB proceeding or even inform it. The only issue NSR and NPBL have requested the Board to resolve, and the only issue legally in front of the STB, and the only issue already designated as relevant, involves the prospective level of the trackage right compensation under SSW.

CSXT has attempted to expand the scope of this proceeding to include certain concepts raised in the federal court case regarding the level of competition, access to shippers, past abandonments, and its ability to be an effective competitor. These issues do not concern the level of prospective trackage rights compensation under SSW. Even if the court was to find merit in any (or all) of CSXT's claims, the STB will still be required to set the appropriate trackage rights compensation and is the only government entity authorized to do so. As such, holding this proceeding in abeyance pending a court decision will not resolve the issue within the exclusive jurisdiction of the STB or promote the efficiency of this proceeding. Quite the opposite: it delays the issue that can only be resolved by the STB. "Justice delayed is justice denied." RESPECTFULLY QUOTED: A DICTIONARY OF QUOTATIONS REQUESTED FROM THE

---

[4] See Thompson v. Texas Mexican R. Co., 328 U.S. 134, 147 (1946) ("The jurisdiction of the Commission is exclusive."); 49 U.S.C. § 11343(a)(6).

CONGRESSIONAL RESEARCH SERVICE. Library of Congress (Suzy Platt ed. 1989) (Entry 954. William Ewart Gladstone (1809–98) (Attributed to William E. Gladstone. — Laurence J. Peter, *Peter's Quotations*, p. 276 (1977).

Further, most, if not all, of the external issues raised by CSXT are also within the exclusive jurisdiction of the STB. Indeed, the STB has the exclusive authority over many of the remedies that may be raised in CSXT's federal case, i.e., compel trackage rights, compel access to shippers via switching or terminal trackage rights, or require railroads to interchange. Rio Grande Industries, Inc., et al. – Purchase And Related Trackage Rights – Soo Line Railroad Company Line Between Kansas City, MO And Chicago, Il, FD 31505, 1989 ICC LEXIS 351, *19 (ICC Nov. 13, 1989); 49 U.S.C. §11102; 49 U.S.C. §10742. The federal court cannot rule on those issues. See 49 U.S.C. § 10501(b). Accordingly, if anything, such issues are more appropriately the subject of other STB proceedings. See NSR May 8, 2019 Reply at 17-19 (noting CSXT's concerns could be addressed through a competitive access claim under 49 U.S.C. § 11102).

As a result, the STB's prompt resolution of trackage rights compensation would actually promote efficiency for the federal court case. Knowing what the appropriate trackage rights fee will be going forward would assist the federal court in evaluating potential claims and remedies. If the STB chooses not to act on this case, should the federal court conclude that relief for any allegation requires remedial action, it would be forced to speculate about the potential outcome and impact of this proceeding. The Board should not leave such considerations to be prejudged by the district court in the first instance.

Finally, unlike in Ballard, holding this proceeding in abeyance is fundamentally unfair to NSR and NPBL. As an owner of the line over which NPBL is currently operating without a

contractual agreement, NSR is entitled to just and reasonable compensation.  St. Louis Southwestern Ry. Co. Compensation - Trackage Rights, 4 I.C.C. 2d 668, 669 (1987).  Both the owner, NSR, and the tenant, NPBL, agreed in their initial filings in this proceeding that the STB should set compensation here.  Holding this proceeding in abeyance leaves both NPBL and NSR operating without benefit of an agreement.  Such a result would be fundamentally unfair to NSR and NPBL, the actual parties to the case, while rewarding CSXT, an intervenor who has actively and repeatedly sought to delay this proceeding.  This is contrary the Ballard precedent cited by the Board, and the Board should reverse its Decision and proceed with setting trackage rights compensation.

Correspondingly, the Board should make it clear that any trackage rights compensation finding will be made retroactive to the date of NSR's initial September 13, 2018 Petition to Set Trackage Rights Compensation.  The Board's Decision was silent with respect to retroactivity, and in order to be consistent with Ballard and previous precedent[5] on retroactivity, the Board should affirmatively indicate that any future finding on trackage rights compensation will be retroactive to the date of NSR's original Petition to Set Trackage Rights Compensation.

---

[5] In previous cases involving trackage rights compensation, the Board has made its compensation finding retroactive to the date the agreement was terminated.  See A&M, 1990 ICC LEXIS 110, at *23 ; But cf. New England Central Railroad, Inc. – Trackage Rights Order – Pan Am Southern LLC, FD 35842, slip op. at 27 (STB served Oct. 31, 2017) ("NECR/PAS") (refusing to apply retroactivity because doing so rewards the delays caused by the landlord party).  Here, neither NSR nor NPBL are seeking delay. Not applying retroactively would reward CSXT, the party who sought abeyance and delay, contrary to the principle set forth in NECR/PAS.

Respectfully submitted,

*William A. Mullins* //s//

_____

| | |
|---|---|
| Garrett D. Urban | William A. Mullins |
| NORFOLK SOUTHERN CORPORATION | Crystal M. Zorbaugh |
| Three Commercial Place | BAKER & MILLER PLLC |
| Norfolk, VA 23510 | 2401 Pennsylvania Ave., NW |
| Tel:   (757) 533-4939 | Suite 300 |
| Fax:   (757) 533-4872 | Washington, DC   20037 |
| | Tel:   (202) 663-7820 |
| | Fax:  (202) 663-7849 |
| | |
| August 14, 2019 | Attorneys for Norfolk Southern Railway Company |

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of Norfolk Southern Railway Company's Petition for Reconsideration by mailing copies of this petition via prepaid first class mail to all parties of record or by more expeditious means of delivery.

Dated at Washington, D.C. this 14th day of August, 2019.

*William A. Mullins* //s//

_____
William A. Mullins
Attorney for Norfolk Southern Railway Company