# EXHIBIT 1

248422

ENTERED
Office of Proceedings
September 3, 2019
Part of
Public Record

Before the
SURFACE TRANSPORTATION BOARD

_____

Finance Docket No. 36223

NORFOLK SOUTHERN RAILWAY COMPANY
—PETITION TO SET TRACKAGE RIGHTS COMPENSATION—
NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY

_____

CSXT's Reply to NSR's Petition for Reconsideration
_____

CSX Transportation, Inc. ("CSXT"), hereby replies in opposition to the Petition for Reconsideration filed by Norfolk Southern Railway Company ("NSR") on August 14, 2019, in which NSR claims that the Surface Transportation Board ("Board" or "STB") committed "material error" in its Decision served July 25, 2019 ("July 25 Decision") holding this proceeding in abeyance until a pending federal court case involving CSXT, NSR and Norfolk & Portsmouth Belt Line Railroad Company ("NPBL") is resolved. For the reasons explained below, NSR's Petition for Reconsideration should be denied.

1. The premise of NSR's Petition for Reconsideration is that it was "material error" for the Board to hold this proceeding in abeyance. But the Board does not commit "material error" when it makes decisions that are within the Board's discretion. *See Norfolk S. Ry.—Petition for Exemption—In Balt. City & Balt. Cnty., Md.*, AB 290 (Sub.-No. 311X), slip op. at 10 (STB served Jan. 27, 2012) ("the exercise of this discretion [to determine how much weight to accord to parties' evidence] does not constitute material error"). The possibility of "material error" exists when there is a legal or factual standard for evaluating a decision. But discretionary decisions are, by definition, left to the Board's judgment. Accordingly, the "material error" standard simply does not apply here.

The Board's July 25 Decision was well within an area committed to the Board's discretion. It is well established that the Board "has broad discretion to determine whether to take [] procedural actions" in the management of its docket. *N. Am. Freight Car Ass'n v. Union Pac. R.R.,* NOR 42144 *et al.*, slip op. at 3 (STB served Mar. 31, 2017). As the Board has explained, "this agency has the discretion to manage its docket, as long as, in so doing, we do not unreasonably burden or prejudice any party." *Denver Terminal R.R. Co.—Adverse Discontinuance—in Denver, CO*, AB 446 (Sub-No. 2), slip op. at 4 (STB served Jan. 9, 1997). The Board frequently exercises that discretion to hold proceedings in abeyance while the parties pursue related litigation in state or federal courts. *See, e.g.*, *Ballard Terminal R.R.—Pet. For Declaratory Order*, FD 36261, slip op. at 4-5 (STB served June 27, 2019) ("*Ballard*"); *Pet. of the Nat'l R.R. Passenger Corp. for Relief Pursuant to 49 U.S.C. 24905*, FD 36048 (STB served Oct. 3, 2016). NSR's claim that the Board only exercises this discretionary authority when pending court litigation could moot the Board proceeding is belied by NSR's quote from the *Ballard* decision, which notes that the result of the pending litigation might "help inform the [Board's] analysis." Petition for Reconsideration at 5 (quoting *Ballard*, slip op. at 5). The Board's decision here to hold this proceeding in abeyance was a valid exercise of its discretion to manage its docket, fully consistent with prior cases.

2. In addition to the inapplicability of the material error standard to a discretionary procedural decision, NSR's assertion of material error is substantively without merit. NSR claims that it was material error for the Board to hold this proceeding in abeyance pending resolution of the pending federal court case[1] because the competition-related issues being litigated in the federal court case "are not relevant to setting compensation under the long-

---

[1] *CSX Transportation, Inc. v. Norfolk Southern Railway*, No. 2:18-cv-00530 (E.D. Va. Filed Oct. 4, 2018).

2

accepted *SSW* methodology." Petition for Reconsideration at 3. According to NSR, there is only one issue in this proceeding – "the prospective level of the trackage rights compensation under SSW" – and competitive issues relating to the use of those trackage rights are irrelevant to the proper level of trackage rights compensation. Petition for Reconsideration at 6. NSR is clearly wrong.

From the beginning of this case, NSR has sought to obscure the obvious competition issues present here and to have the Board address NSR's request for an increase in trackage rights compensation as a mere mathematical exercise devoid of any context or consideration of the public interest. But the Supreme Court made it clear that the Board's authority in this area involves "phases of the public interest." *Thompson v. Texas Mexican Ry.*, 328 U.S. 134, 143 (1946) ("*TexMex*"). The statute governing the Board's trackage rights approval authority expressly focuses on competitive effects. 49 U.S.C. §11324(d). The competitive issues being litigated in the pending federal court case are clearly relevant to the public interest issues raised here. It would not be in the public interest for the Board to allow its authority over trackage rights fees to be used by NSR to perpetuate the exclusion of CSXT from competition at one of the largest intermodal port facilities on the East Coast. In any event, the Board's Decision in this proceeding, served March 29, 2019, already acknowledged CSXT's concerns over the competitive impact of NSR's request for an increase in trackage rights compensation and specifically recognized that competitive issues involving NPBL's use of NSR's trackage rights on CSXT's behalf may be relevant, at a minimum, to the choice among various fee-setting methodologies. March 29, 2019 Decision, slip op. at 3, 5, 7.

3. NSR's further argument that only the Board has jurisdiction over the setting of trackage rights compensation is completely beside the point. Petition for Reconsideration at 6-7.

CSXT has not asked the federal court to set trackage rights compensation on NSR's lines. And the Board did not hold this proceeding in abeyance to allow the federal court to set a trackage rights fee either on a stand-alone basis or as part of a larger set of antitrust remedies. The Board held this proceeding in abeyance for the simple reason that resolution of CSXT's corporate governance and antitrust claims in the pending federal court case may reduce the issues in dispute among the parties *here* regarding NPBL's use of NSR's lines on behalf of CSXT – issues that, at a minimum, provide critical context for NSR's request to increase trackage rights compensation – and thereby facilitate and simplify *the Board's* resolution of NSR's request for an increase in trackage rights compensation.

      4.  NSR's claim that holding this proceeding in abeyance is "fundamentally unfair to NSR and NPBL" is also groundless. Petition for Reconsideration at 7. According to NSR, it is unfair to require NSR and NPBL to "operat[e] without benefit of an agreement." *Id*. at 8. But NSR's premise – that it will be required to provide trackage rights without an underlying agreement – is mistaken. The prior agreement remains in effect. The law is clear that the "[t]erms of a trackage rights agreement remain in effect until the Board either authorizes discontinuance of those trackage rights or approves a new trackage rights agreement." *See BNSF Ry. Co.—Discontinuance of Trackage Rights Exemption—in Peoria and Tazewell Counties, Ill.*, AB 6 (Sub-No. 470), slip op. at 11 (STB served April 26, 2011); *TexMex*, 328 U.S. at 146-48.

      In any event, NSR sought to terminate the trackage rights agreement but then waited more than three years to request STB intervention, acting only after it received a pre-suit demand letter from CSXT in the pending federal court case. *See* CSXT's Petition for Clarification or, if Necessary, Reconsideration, and Request to Hold in Abeyance, at 6 (filed April 18, 2019). NSR's supposed urgency in establishing a new agreement is belied by its own conduct.

Moreover, the pre-existing agreement was used with rate adjustments and escalation for over 100 years before NSR sought to terminate it.  NSR cannot point to any harm or prejudice from continuing to operate under that long-standing agreement while the federal court case is litigated.

     5.  Finally, NSR tacked onto its Petition for Reconsideration a request that the Board rule that any change that is ultimately made to trackage rights compensation be retroactive to the date of NSR's Petition to Set Trackage Rights Compensation.  Petition for Reconsideration at 8.  This request for a merits ruling on retroactivity is clearly inappropriate at this juncture.  By holding the proceeding in abeyance, the Board intended to defer consideration of the merits of NSR's request for new compensation terms, including any claim for retroactivity, until the pending federal court litigation is resolved.  It would be inconsistent with the Board's decision to hold the proceeding in abeyance for the Board to issue a merits ruling on the issue of retroactivity.  Moreover, NSR's own Petition for Reconsideration recognizes that retroactivity is not automatic in trackage rights compensation cases, but rather must be addressed based on facts and arguments developed in the proceeding.  Petition for Reconsideration at 8, note 5.  No record has been developed that would allow the Board to make any decision on the retroactivity issue.  The circumstances under which Board decisions are given retroactive effect have never been addressed by the Board or the parties in this proceeding, and the facts relevant to the retroactivity issue have not been identified.  It would be premature for the Board to say anything about retroactivity before a record is even created in this proceeding.

     For the reasons set out above, the Board should deny NSR's Petition for Reconsideration.

                                                Respectfully submitted,

                                                _/s/ Anthony J. LaRocca_

| | |
|---|---|
| Steven C. Armbrust | Louis E. Gitomer |
| CSXT Transportation, Inc. | Melanie B. Yasbin |
| 500 Water Street J-150 | Law Offices of Louis E. Gitomer, LLC |
| Jacksonville, FL 32202 | 600 Baltimore Avenue, Suite 301 |
| (904) 359-1229 | Towson, MD 21204 |
| | (410) 296-2250 |
| | |
| | Samuel M. Sipe, Jr. |
| | Anthony J. LaRocca |
| | Linda S. Stein |
| | Peter W. Denton |
| | Steptoe & Johnson LLP |
| | 1330 Connecticut Avenue, NW |
| | Washington, DC 20036 |
| | (202) 429-3000 |

                              Attorneys for CSXT Transportation, Inc.

Dated: September 3, 2019

## CERTIFICATE OF SERVICE

I certify that on September 3, 2019, I have served copies of CSXT's Reply to NSR's Petition for Reconsideration upon all parties of record in this proceeding, by email.

_____
Peter W. Denton