# EXHIBIT 2

248423

# FLETCHER & SIPPEL LLC
ATTORNEYS AT LAW

29 North Wacker Drive
Suite 800
Chicago, Illinois 60606-3208

THOMAS J. LITWILER
(312) 252-1508
tlitwiler@fletcher-sippel.com

ENTERED
Office of Proceedings
September 3, 2019
Part of
Public Record

Phone: (312) 252-1500
Fax: (312) 252-2400
www.fletcher-sippel.com

September 3, 2019

**VIA ELECTRONIC FILING**

Ms. Cynthia T. Brown
Chief, Section of Administration
Office of Proceedings
Surface Transportation Board
395 E Street, S.W., Room 1034
Washington, DC 20423-0001

    Re:    **Docket No. FD 36223**
            **Norfolk Southern Railway Company -- Petition to**
            **Set Trackage Rights Compensation -- Norfolk and**
            **Portsmouth Belt Line Railroad Company**

Dear Ms. Brown:

        Attached for filing in the above-captioned proceeding is the **Reply of Norfolk and Portsmouth Belt Line Railroad Company to Norfolk Southern Railway Company's Petition for Reconsideration**, dated September 3, 2019.

        If you have any questions regarding this filing, please feel free to contact me. Thank you for your assistance on this matter. Kind regards,

Respectfully submitted,

Thomas J. Litwiler
Attorney for Norfolk and Portsmouth
Belt Line Railroad Company

TJL:tl

Attachment

cc:  Parties on Certificate of Service

BEFORE THE
SURFACE TRANSPORTATION BOARD

---

DOCKET NO. FD 36223

NORFOLK SOUTHERN RAILWAY COMPANY
-- PETITION TO SET TRACKAGE RIGHTS COMPENSATION --
NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

---

**REPLY OF NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY
TO NORFOLK SOUTHERN RAILWAY COMPANY'S
<u>PETITION FOR RECONSIDERATION</u>**


Thomas J. Litwiler
Robert A. Wimbish
Bradon J. Smith
   Fletcher & Sippel LLC
   29 North Wacker Drive, Suite 800
   Chicago, Illinois  60606-3208
   (312) 252-1500

James L. Chapman, IV
   Crenshaw, Ware & Martin, PLC
   150 West Main Street, Suite 1500
   Norfolk, Virginia  23510
   (757) 623-3000

**ATTORNEYS FOR
NORFOLK AND PORTSMOUTH BELT
LINE RAILROAD COMPANY**

Dated: September 3, 2019

BEFORE THE
SURFACE TRANSPORTATION BOARD

DOCKET NO. FD 36223

NORFOLK SOUTHERN RAILWAY COMPANY
-- PETITION TO SET TRACKAGE RIGHTS COMPENSATION --
NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

**REPLY OF NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY TO NORFOLK SOUTHERN RAILWAY COMPANY'S PETITION FOR RECONSIDERATION**

Respondent Norfolk and Portsmouth Belt Line Railroad Company ("NPBL") hereby replies to the Petition filed by Norfolk Southern Railway Company ("NS") seeking reconsideration of the Board's July 25, 2019 decision (the "July 25th Decision") holding this proceeding in abeyance at the request of intervenor CSX Transportation, Inc. ("CSXT").

Neither NS, the petitioner in this trackage rights compensation proceeding, nor NPBL, the respondent, sought or supported abeyance. Only CSXT made such a request, and it did so only *after* it had been permitted to intervene. March 29, 2019 Decision at 7; CSXT April 18, 2019 Petition for Clarification or, if Necessary, Reconsideration and Request to Hold Proceeding in Abeyance, at 17-18. NS legitimately questions how wholesale abeyance of this matter at an intervenor's behest could ever be considered compatible with the Board's explicit finding that the intervenor's participation "will not unduly disrupt the schedule." March 29, 2019 Decision at 7. CSXT's participation here has done far more than "disrupt" the schedule – it has suspended it, apparently indefinitely.[1]

---

[1] Under the Board's order, this matter is held in abeyance until resolution of the federal court proceeding in CSX Transportation, Inc. v. Norfolk Southern Railway Company, No. 2:18-cv-00530 (E.D. Va. filed Oct. 4, 2018), "including any subsequent appeals." July 25th Decision at 3. That period is likely to be measured in years, rather than months.

NPBL occupies a unique and awkward position, since NPBL supported CSXT's intervention. NPBL October 23, 2018 letter filing, at 1. NPBL continues to believe that CSXT's participation is appropriate and warranted on what the Board has already found is the "narrow" issue before it in this proceeding: "the compensation for trackage rights held by NPBL for use of NSR's Lines." March 29, 2019 Decision at 7. But NPBL would not have supported CSXT's petition to intervene if NPBL had known intervention would result in an indefinite abeyance of this case or the introduction of a "number of [unspecified] disputed issues . . . in this proceeding" that are supposedly amenable to resolution by the district court – both outcomes that contravene the Board's own regulations. July 25th Decision at 2, and see 49 C.F.R. § 1112.4(a).

As NS points out, it is far more likely that Board action would aid in resolving the district court proceeding than the other way around. NS Petition at 7 (noting that the Board has exclusive authority over many of the remedies implicated by CSXT's federal case, that the federal court cannot rule on those issues, and that "the STB's prompt resolution of trackage rights compensation would actually promote efficiency for the federal court case. Knowing what the appropriate trackage rights fee will be going forward would assist the federal court in evaluating potential claims and remedies."). NPBL has previously argued the same thing, both to this agency and to the federal district court. NPBL May 9, 2019 Reply, at 3 ("NPBL believes that CSXT has, in fact, sought relief in the federal district court that would impermissibly tread on the STB's exclusive jurisdiction over trackage rights compensation, and has so argued to the court. The court is considering NPBL's position, and among other things will shortly decide whether a stay of its own proceedings is appropriate to allow the Board to conclude its work.").

This conflicting overlap is perhaps most obvious in CSXT's efforts to have the federal district court impose a reduced per-car switching rate for CSXT traffic handled by NPBL

to the Norfolk International Terminals ("NIT") via NPBL's trackage rights over NS – even though CSXT has expressly admitted that such switching rates are fundamentally shaped by the trackage rights compensation that NPBL pays to NS and that will be determined in this proceeding. Compare CSXT Federal Complaint,[2] at 12, ¶¶ 34-35 ("Defendants have caused the NPBL to establish and maintain unreasonably high rates for its switch services for intermodal freight. . . . The rates charged by the NPBL . . . have effectively foreclosed CSXT from moving containers to or from NIT on the NPBL.") with CSXT October 3, 2018 Petition for Leave to Intervene, at 6 ("CSXT plans to serve customers at or near NIT by handing traffic off to NPBL and receiving traffic from NPBL for movements over the trackage rights. When trackage rights fees are too high, it becomes economically infeasible for CSXT to serve customers at or near NIT via NPBL.").

NPBL is concerned that the July 25th Decision could be construed as a Board determination that the federal district court should decide matters that impinge on the proper trackage rights compensation to be paid by NPBL. But it is "the function of the [Board] to determine the terms and conditions under which trackage rights are acquired. If the parties were allowed to by-pass the [Board] and litigate the question in the courts, the power to fix the rental under trackage agreements would be shifted from the [Board] to the courts and juries." Thompson v. Texas Mexican Ry. Co., 328 U.S. 134, 147 (1946). As such, the Board's putative deferral to a federal court in these circumstances is material error.

Finally, NS asks again that a trackage rights compensation determination in this proceeding be applied retroactively. NS Petition at 8 & n.5; see NS September 13, 2018 Petition to Set Trackage Rights Compensation, at 2, 6; NS October 23, 2018 Reply, at 5, n.5. The

---

[2] Attached to CSXT's October 5, 2018 letter filing.

- 3 -

Board's July 25th Decision did not address this subject, so it is unclear what NS seeks to have the Board reconsider on the issue of retroactivity. In any event, NPBL has not consented to retroactivity, and has explained why NS's demand for retroactive application is unjustified. NPBL October 3, 2018 Reply at 6-7. Instead, as NS has expressly acknowledged, the parties agreed that trackage rights operations would continue on a month-to-month basis under the terms of the prior agreements, "as if the Agreement[s] remained in effect." NS September 13, 2018 Petition to Set Trackage Rights Compensation, at 1, n.1 and 3.

Respectfully submitted,

By:_____
Thomas J. Litwiler
Robert A. Wimbish
Bradon J. Smith
   Fletcher & Sippel LLC
   29 North Wacker Drive, Suite 800
   Chicago, Illinois 60606-3208
   (312) 252-1500

James L. Chapman, IV
   Crenshaw, Ware & Martin, PLC
   150 West Main Street, Suite 1500
   Norfolk, Virginia 23510
   (757) 623-3000

**ATTORNEYS FOR
NORFOLK AND PORTSMOUTH BELT
LINE RAILROAD COMPANY**

Dated: September 3, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2019, a copy of the foregoing **Reply of Norfolk and Portsmouth Belt Line Railroad Company to Norfolk Southern Railway Company's Petition for Reconsideration** was served by electronic or first-class mail, postage prepaid, upon:

>Samuel M. Sipe, Jr., Esq.
>Anthony J. LaRocca, Esq.
>Linda S. Stein, Esq.
>Peter W. Denton, Esq.
>Steptoe & Johnson LLP
>1330 Connecticut Avenue, N.W.
>Washington, DC  20036
>alarocca@steptoe.com
>
>Louis E. Gitomer, Esq.
>Melanie B. Yasbin, Esq.
>Law Offices of Louis E. Gitomer, LLC
>600 Baltimore Avenue, Suite 3011
>Towson, MD  21204
>
>William A. Mullins, Esq.
>Crystal M. Zorbaugh, Esq.
>Baker & Miller PLLC
>2401 Pennsylvania Avenue, N.W.
>Suite 300
>Washington, DC  20037
>wmullins@bakerandmiller.com
>
>Garrett D. Urban, Esq.
>General Attorney
>Norfolk Southern Corporation
>Three Commercial Place
>Norfolk, VA  23510

_____
Thomas J. Litwiler