**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| CSX TRANSPORTATION, INC., et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 2:18CV530-MSD-LRL |
| | ) |
| NORFOLK SOUTHERN RAILWAY | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS
JERRY HALL, THOMAS HURLBUT, AND PHILIP MERILLI**

Defendants Jerry Hall, Thomas Hurlbut, and Philip Merilli (the "Individual Defendants"), by counsel, submit this Answer and Affirmative Defenses to the Complaint of CSX Transportation, Inc. ("CSXT"). The Individual Defendants deny all allegations in the Complaint not specifically admitted below, including any footnotes contained in the Complaint. All affirmative allegations are made on information and belief. In responding to the Complaint, the Individual Defendants use the headings and defined terms employed by CSXT strictly as a convenience to the Court and do not admit any allegation made or inference suggested by such headings. The Individual Defendants answer the numbered paragraphs of the Complaint as follows:

**NATURE OF THE ACTION**

1.     With respect to Paragraph 1 of the Complaint, the Individual Defendants admit that NPBL is a terminal switching railroad operating in the cities of Norfolk, Portsmouth, and Chesapeake, Virginia; that it was formed in 1896 by a collection of railroads pursuant to a written agreement; and, that NPBL's rail service to the Norfolk International Terminals ("NIT") was opened in 1917. The remaining allegations in Paragraph 1 reference, cite, and incorporate certain

documents which speak for themselves and require no further response.  To the extent that Paragraph 1 contains any allegations inconsistent with the contents of the referenced documents, the Individual Defendants deny those allegations.

2.       With respect to Paragraph 2 of the Complaint, the Individual Defendants admit that NPBL was subject to multiple mergers before any of them were involved in the events alleged in the Complaint; that the number of shareholders changed as a result of certain mergers over that time; that Norfolk Southern Railway Company ("NS") currently owns 57% of the shares of NPBL; that CSXT currently owns 43% of the shares of NPBL; that former NS employees have been employed with NPBL; and, that both NS and CSXT have, at times, appointed individuals employed by them to serve as their respective appointed members of the NPBL Board of Directors. The Individual Defendants lack information sufficient to admit or deny the specifics of any such allegations beyond those admissions made herein and, therefore, deny any such allegations.  The remaining allegations in Paragraph 2 contain argument and legal conclusions to which no response is required, or reference, cite and incorporate certain agreements or documents that speak for themselves.  To the extent any response is required, or any allegation is inconsistent with the contents of certain documents, the Individual Defendants deny those allegations.

3.       To the extent that the allegations contained in Paragraph 3 constitute argument and/or legal conclusions, no response is required; to the extent a response is required, the Individual Defendants deny those allegations. The Individual Defendants lack information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3 and, therefore, deny such allegations.

4.       To the extent that the allegations contained in Paragraph 4 constitute argument and/or legal conclusions, no response is required; to the extent a response is required, the

Individual Defendants deny those allegations. The Individual Defendants lack information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4 and, therefore, deny such allegations.

5.      To the extent that the allegations contained in Paragraph 5 constitute argument and/or legal conclusions, no response is required; to the extent a response is required, the Individual Defendants deny those allegations. The Individual Defendants lack information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5 and, therefore, deny such allegations.

6.      The Individual Defendants deny the allegations in Paragraph 6 of the Complaint.

## PARTIES

7.      The Individual Defendants lack information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and, therefore, deny those allegations.

8.      The Individual Defendants admit the allegations in Paragraph 8 of the Complaint.

9.      The Individual Defendants admit the allegations in Paragraph 9 of the Complaint.

10.     With respect to the allegations in Paragraph 10 of the Complaint, the Individual Defendants admit that each of them previously served on the NPBL Board; that Defendant Cannon Moss is currently a voting member of the NPBL Board of Directors; that Defendant Thomas Hurlbut is a NS employee; and, that Defendant Cannon Moss is a former employee of NS who has been employed as President and General Manager of NPBL since 2011. The Individual Defendants deny the remaining allegations in Paragraph 10.

## JURISDICTION AND VENUE

11.     Paragraph 11 contains legal conclusions which require no response. To the extent that a response is required, the Individual Defendants deny the allegations in Paragraph 11.

12.     Paragraph 12 contains legal conclusions which require no response.  To the extent that a response is required, the Individual Defendants deny the allegations in Paragraph 12.

13.     Paragraph 13 contains legal conclusions which require no response.  To the extent that a response is required, the Individual Defendants deny the allegations in Paragraph 13.

14.     Paragraph 14 contains legal conclusions which require no response.  To the extent that a response is required, the Individual Defendants deny the allegations in Paragraph 14.

## FACTUAL ALLEGATIONS

15.     Paragraph 15 references, cites, and incorporates the NPBL Operating Agreement, which speaks for itself and requires no further response.  To the extent that Paragraph 15 contains allegations inconsistent with the contents of the NPBL Operating Agreement, the Individual Defendants deny those allegations.  The Individual Defendants lack information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15 of the Complaint and, therefore, deny those allegations.

16.     Paragraph 16 references, cites, and incorporates the NPBL Operating Agreement, which speaks for itself and requires no further response.  To the extent that Paragraph 16 contains allegations inconsistent with the contents of the NPBL Operating Agreement, the Individual Defendants deny those allegations.

17.     Paragraph 17 references, cites, and incorporates the NPBL Operating Agreement, which speaks for itself and requires no further response.  To the extent that Paragraph 17 contains allegations inconsistent with the contents of the NPBL Operating Agreement, the Individual Defendants deny those allegations.

18.     Paragraph 18 references, cites, and incorporates the NPBL Operating Agreement, which speaks for itself and requires no further response.  To the extent that Paragraph 18 contains

4

allegations inconsistent with the contents of the NPBL Operating Agreement, the Individual Defendants deny those allegations. The Individual Defendants lack information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 of the Complaint and, therefore, deny those allegations.

19.     Paragraph 19 references, cites, and incorporates the NPBL Operating Agreement, which speaks for itself and requires no further response. To the extent that Paragraph 19 contains allegations inconsistent with the contents of the NPBL Operating Agreement, the Individual Defendants deny those allegations.

20.     Paragraph 20 references, cites, and incorporates a map, which speaks for itself and requires no further response. To the extent that Paragraph 20 contains allegations inconsistent with the contents of the referenced map, the Individual Defendants deny those allegations. The Individual Defendants admit that NPBL currently operates over 26 miles of track in and around the Hampton Roads area of Virginia, but lack information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20 of the Complaint and, therefore, deny those allegations.

21.     Upon information and belief, the Individual Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22.     Paragraph 22 references, cites, and incorporates a Supplemental Agreement dated March 1, 1989, which speaks for itself and requires no further response. To the extent that Paragraph 22 contains allegations inconsistent with the contents of the Supplemental Agreement dated March 1, 1989, the Individual Defendants deny those allegations.

23.     Paragraph 23 references, cites, and incorporates the NPBL By-Laws, which speaks for itself and requires no further response. To the extent that Paragraph 23 contains allegations

inconsistent with the contents of the NPBL By-Laws, the Individual Defendants deny those allegations.  Upon information and belief, the Individual Defendants admit that NS owns 57% of the shares in NPBL and that CSXT owns 43% of the shares in NPBL.  To the extent that any further response is required to the allegations set forth in Paragraph 23, the Individual Defendants deny those allegations.

24.     Paragraph 24 contains legal conclusions and argument to which no response is required.  Further, Paragraph 24 references, cites and incorporates the NPBL By-Laws, which speaks for itself and requires no further response.  To the extent that Paragraph 24 contains allegations inconsistent with the contents of the NPBL By-Laws, the Individual Defendants deny those allegations.  To the extent that any further response is required to the allegations set forth in Paragraph 24, the Individual Defendants deny those allegations.

25.     Paragraph 25 references, cites, and incorporates the NPBL Operating Agreement, which speaks for itself and requires no further response.  To the extent that Paragraph 25 contains allegations inconsistent with the contents of the NPBL Operating Agreement, the Individual Defendants deny those allegations.  The Individual Defendants deny the remaining allegations in Paragraph 25.

26.     With respect to the allegations contained in Paragraph 26, the Individual Defendants deny that any of them currently serve as NPBL Directors and deny that Defendants Jerry Hall or Philip Merilli are currently employed by NS.  The Individual Defendants admit that Defendant Thomas Hurlbut is employed by NS.  The Individual Defendants lack information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 26 and, therefore, deny those allegations.

27.     With respect to the allegations contained in Paragraph 27 of the Complaint, the Individual Defendants admit that Defendant Cannon Moss is a former NS employee who votes on the NPBL Board in his role as NPBL President; that Mr. Moss's predecessor, David Stinson, was a former NS employee who returned to work at NS after his tenure as NPBL President; that Donna Coleman is the current non-voting member of the Board of Directors and Vice President of NPBL and is a former NS employee.  Upon information and belief, the Individual Defendants admit that Mr. Moss was elected in or about 2011.  The Individual Defendants lack information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 of the Complaint and, therefore, deny those allegations.

28.     The Individual Defendants admit that, during their service as members of the NPBL Board, each had a NS email address used for conducting NPBL business.  The Individual Defendants lack information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28 of the Complaint and, therefore, deny those allegations.

29.     The Individual Defendants lack information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint and, therefore, deny those allegations.

30.     The Individual Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint defines the term "Individual Defendants."  It is not an allegation of fact and, therefore, requires no response.  To the extent a response is required, the Individual Defendants admit that they have been sued in this case, together with Defendant Moss, but deny any further allegations contained in Paragraph 31.

32.     The Individual Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     With respect to Paragraph 33 of the Complaint, upon information and belief, the Individual Defendants admit that NPBL's operating revenue derives principally from fees

generated from switch operations.  The Individual Defendants lack information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33 of the Complaint and, therefore, deny those allegations.

34.    With respect to the allegations contained in Paragraph 34, the Individual Defendants lack information sufficient to form a belief about the truth of allegations asserted against previous members of the NPBL Board and, therefore, deny those allegations.   The Individual Defendants deny the remaining allegations contained in Paragraph 34.

35.    With respect to the allegations contained in Paragraph 35 of the Complaint, the Individual Defendants admit that NS can access NIT via its own rail connections.  Further with respect to the allegations contained in Paragraph 35 of the Complaint, the Individual Defendants deny that they have engaged in any anticompetitive activity at any time.   The Individual Defendants lack information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 35 and, therefore, deny those allegations and deny the characterization of the allegations in Paragraph 35.

36.    The Individual Defendants lack information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 of the Complaint and, therefore, deny those allegations.

37.    The Individual Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.    Paragraph 38 references, cites, and incorporates a Service Proposal prepared by CSXT, which speaks for itself and requires no further response.  To the extent that Paragraph 38 contains allegations inconsistent with the contents of the Service Proposal, the Individual Defendants deny those allegations.  The Individual Defendants deny any allegations concerning

the truth of the contents of the Service Proposal or its purported effect.  The Individual Defendants deny all further allegations contained in Paragraph 38.

39.      Paragraph 39 references, cites, and incorporates a Service Proposal prepared by CSXT, which speaks for itself and requires no further response.  To the extent that Paragraph 39 contains allegations inconsistent with the contents of the Service Proposal, the Individual Defendants deny those allegations.  The Individual Defendants deny any allegations concerning the truth of the contents of the Service Proposal or its purported effect.  The Individual Defendants deny all further allegations contained in Paragraph 39.

40.      The Individual Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.      With respect to the allegations contained in Paragraph 41 of the Complaint, the Individual Defendants admit that the rates for NPBL's usage rights over NS track are currently the subject of proceedings before the Surface Transportation Board ("STB").  The Individual Defendants deny all further allegations contained in Paragraph 41 of the Complaint, including without limitation any characterization of the proceedings pending before the STB.

42.      The Individual Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.      The Individual Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.      The Individual Defendants lack information sufficient to form a belief about the truth of the allegations contained in Paragraph 44 of the Complaint and, therefore, deny those allegations.

45.     Paragraph 45 of the Complaint contains argument and legal conclusions to which no response is required.  To the extent any response is required, the Individual Defendants deny all allegations contained in Paragraph 45.

46.     The Individual Defendants lack information sufficient to form a belief about the truth of the allegations contained in Paragraph 46 of the Complaint and, therefore, deny those allegations.

47.     The Individual Defendants lack information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 of the Complaint and, therefore, deny those allegations.

48.     With respect to the allegations in Paragraph 48 of the Complaint, the Individual Defendants lack information sufficient to form a belief about the truth of the allegations concerning previous members of the NPBL Board and, therefore, deny those allegations.  The Individual Defendants deny all further allegations contained in Paragraph 48 of the Complaint.

49.     The Individual Defendants lack information sufficient to form a belief about the truth of the allegations contained in Paragraph 49 of the Complaint and, therefore, deny those allegations.

50.     To the extent that Paragraph 50 of the Complaint contains legal conclusions no response is required; to the extent a response is required, the Individual Defendants deny such allegations.  The Individual Defendants lack information sufficient to form a belief about the truth of the remaining allegations in Paragraph 50 and, therefore, deny those allegations.

51.     Paragraph 51 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the Individual Defendants deny those allegations.

52. With respect to the allegations in Paragraph 52 of the Complaint, the Individual Defendants admit that NS is one of the nation's largest railroads. To the extent that Paragraph 52 contains legal conclusions, no response is required; to the extent any response is required, the Individual Defendants deny such allegations. The Individual Defendants deny all further allegations contained in Paragraph 52 of the Complaint.

53. To the extent that Paragraph 53 contains legal conclusions, no response is required; to the extent any response is required, the Individual Defendants deny such allegations. The Individual Defendants deny all further allegations contained in Paragraph 53 of the Complaint.

54. To the extent that Paragraph 54 contains legal conclusions, no response is required; to the extent any response is required, the Individual Defendants deny such allegations. The Individual Defendants deny all further allegations contained in Paragraph 54 of the Complaint.

55. The Individual Defendants lack information sufficient to form a belief about the truth of the allegations contained in Paragraph 55 of the Complaint and, therefore, deny those allegations.

56. Paragraph 56 of the Complaint contains legal conclusions to which no response is required; to the extent a response is required, the Individual Defendants deny those allegations.

57. The Individual Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. With respect to the allegations in Paragraph 58 of the Complaint, the Individual Defendants lack information sufficient to form a belief about the truth of the allegations concerning previous members of the NPBL Board and, therefore, deny those allegations. The Individual Defendants deny all further allegations contained in Paragraph 58 of the Complaint.

59.     The Individual Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     The Individual Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     With respect to the allegations contained in Paragraph 61 of the Complaint, the Individual Defendants admit that NS is the majority shareholder of NPBL.  The Individual Defendants deny all further allegations contained in Paragraph 61.

62.     To the extent that Paragraph 62 contains legal conclusions, no response is required; to the extent any response is required, the Individual Defendants deny such allegations.  The Individual Defendants deny all further allegations contained in Paragraph 62 of the Complaint.

63.     To the extent that Paragraph 63 contains legal conclusions, no response is required; to the extent any response is required, the Individual Defendants deny such allegations.  The Individual Defendants deny all further allegations contained in Paragraph 63 of the Complaint.

64.     The Individual Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     To the extent that Paragraph 65 contains legal conclusions, no response is required; to the extent any response is required, the Individual Defendants deny such allegations.  The Individual Defendants deny all further allegations contained in Paragraph 65 of the Complaint.

66.     The Individual Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Paragraph 67 references, cites, and incorporates a letter attached as Exhibit F to the Complaint, which speaks for itself and requires no further response.  To the extent that Paragraph 67 contains allegations inconsistent with the contents of the document set forth at Exhibit F, the

Individual Defendants deny those allegations.  The Individual Defendants deny any allegations concerning the truth of the contents of Exhibit F or its purported effect.  The Individual Defendants deny all further allegations contained in Paragraph 67.

68.     Paragraph 68 references, cites, and incorporates a letter attached as Exhibit F to the Complaint, which speaks for itself and requires no further response.  To the extent that Paragraph 68 contains allegations inconsistent with the contents of the document set forth at Exhibit F, the Individual Defendants deny those allegations.  The Individual Defendants deny any allegations concerning the truth of the contents of Exhibit F or its purported effect.  The Individual Defendants deny all further allegations contained in Paragraph 68.

69.     Paragraph 69 references, cites, and incorporates a letter attached as Exhibit F to the Complaint, which speaks for itself and requires no further response.  To the extent that Paragraph 69 contains allegations inconsistent with the contents of the document set forth at Exhibit F, the Individual Defendants deny those allegations.  The Individual Defendants deny any allegations concerning the truth of the contents of Exhibit F or its purported effect.  The Individual Defendants deny all further allegations contained in Paragraph 69.

70.     The Individual Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     The Individual Defendants admit that they received correspondence described in Paragraph 71 of the Complaint before the April 2018 meetings.  To the extent that Paragraph 71 contains allegations inconsistent with the contents of the correspondence, the Individual Defendants deny those allegations.  The Individual Defendants deny any allegations concerning the truth of the contents of the correspondence or its purported effect.

72.     With respect to the allegations contained in Paragraph 72 of the Complaint, the Individual Defendants admit on information and belief that, at the April 2018 shareholder meeting, CSXT appointed two members of the NPBL Board; NS appointed three members of the NPBL Board; Defendant Cannon Moss was retained as a voting member in his role as President of NPBL; and, Donna Coleman was retained in her non-voting role.  The Individual Defendants deny all further allegations contained in Paragraph 72 of the Complaint.

73.     To the extent that Paragraph 73 contains legal conclusions, no response is required; to the extent any response is required, the Individual Defendants deny such allegations.  The Individual Defendants deny all further allegations contained in Paragraph 73 of the Complaint.

74.     The Individual Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     The Individual Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     The Individual Defendants deny the allegations contained in Paragraph 76 of the Complaint.

## COUNT I
### (Violation of Sherman Act § 1, 15 U.S.C. § 1: Conspiracy to Restrain Trade Against Defendants NS and NPBL)

77.     The Individual Defendants restate and incorporate by reference their responses to Paragraphs 1 through 76 of the Complaint as if fully set forth herein.

78.     Paragraph 78 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, the Individual Defendants deny all allegations contained in Paragraph 78.

79.     Paragraph 79 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, the Individual Defendants deny all allegations contained in Paragraph 79.

80.     Paragraph 80 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, the Individual Defendants deny all allegations contained in Paragraph 80.

81.     Paragraph 81 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, the Individual Defendants deny all allegations contained in Paragraph 81.

82.     Paragraph 82 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, the Individual Defendants deny all allegations contained in Paragraph 82.

83.     Paragraph 83 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, the Individual Defendants deny all allegations contained in Paragraph 83.

84.     Paragraph 84 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, the Individual Defendants deny all allegations contained in Paragraph 84.

## COUNT II
### (Violation of Sherman Act § 2, 15 U.S.C. § 2: Conspiracy to Monopolize Against Defendants NS and NPBL)

85.     The Individual Defendants restate and incorporate by reference their responses to Paragraphs 1 through 84 of the Complaint as if fully set forth herein.

86.     Paragraph 86 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, the Individual Defendants deny all allegations contained in Paragraph 86.

87.     Paragraph 87 of the Complaint, including subparagraphs (a) through (f) thereto, contains legal conclusions to which no response is required.  To the extent any response is required, the Individual Defendants deny all allegations contained in Paragraph 87, including subparagraphs (a) through (f) thereto.

88.     Paragraph 88 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, the Individual Defendants deny all allegations contained in Paragraph 88.

89.     Paragraph 89 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, the Individual Defendants deny all allegations contained in Paragraph 89.

90.     The Individual Defendants deny the allegations contained in Paragraph 90 of the Complaint.

## <u>COUNT III</u>
**(Violation of Sherman Act § 2, 15 U.S.C. § 2: Monopolization Against Defendant NS)**

91.     The Individual Defendants restate and incorporate by reference their responses to Paragraphs 1 through 90 of the Complaint as if fully set forth herein.

92.     Paragraph 92 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, the Individual Defendants deny all allegations contained in Paragraph 92.

93.     Paragraph 93 of the Complaint, including subparagraphs (a) through (f) thereto, contains legal conclusions to which no response is required.  To the extent any response is

16

required, the Individual Defendants deny all allegations contained in Paragraph 93, including

subparagraphs (a) through (f) thereto.

94.     Paragraph 94 of the Complaint contains legal conclusions to which no response is

required.  To the extent any response is required, the Individual Defendants deny all allegations

contained in Paragraph 94.

95.     Paragraph 95 of the Complaint contains legal conclusions to which no response is

required.  To the extent any response is required, the Individual Defendants deny all allegations

contained in Paragraph 95.

96.     Paragraph 96 of the Complaint contains legal conclusions to which no response is

required.  To the extent any response is required, the Individual Defendants deny all allegations

contained in Paragraph 96.

97.     The Individual Defendants deny the allegations contained in Paragraph 97 of the

Complaint.

**COUNT IV**
**(Violation of Sherman Act §2, 15 U.S.C. § 2:**
**Attempted Monopolization Against Defendant NS)**

98.     The Individual Defendants restate and incorporate by reference their responses to

Paragraphs 1 through 97 of the Complaint as if fully set forth herein.

99.     Paragraph 99 of the Complaint contains legal conclusions to which no response is

required.  To the extent any response is required, the Individual Defendants deny all allegations

contained in Paragraph 99.

100.     Paragraph 100 of the Complaint, including subparagraphs (a) through (f) thereto,

contains legal conclusions to which no response is required.  To the extent any response is required,

the Individual Defendants deny all allegations contained in Paragraph 100, including subparagraphs (a) through (f) thereto.

101.     Paragraph 101 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, the Individual Defendants deny all allegations contained in Paragraph 101.

102.     Paragraph 102 of the Complaint contains legal conclusions to which no response is required.  To the extent any response is required, the Individual Defendants deny all allegations contained in Paragraph 102.

103.     The Individual Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.     The Individual Defendants deny the allegations contained in Paragraph 104 of the Complaint.

## COUNT V
### (Breach of Contract, against Defendant NS)

105.     The Individual Defendants restate and incorporate by reference their responses to Paragraphs 1 through 104 of the Complaint as if fully set forth herein.

106.     Paragraph 106 references, cites, and incorporates the NPBL Operating Agreement, which speaks for itself and requires no further response.  To the extent that Paragraph 106 contains allegations inconsistent with the contents of the NPBL Operating Agreement, the Individual Defendants deny those allegations.  All remaining allegations in Paragraph 106 contain legal conclusions directed at the conduct of defendants other than the Individual Defendants and, therefore, require no response.  To the extent that a response is required, the Individual Defendants deny the allegations contained in Paragraph 106.

107.    The allegations contained in Paragraph 107 of the Complaint contain legal conclusions directed at the conduct of defendants other than the Individual Defendants and, therefore, no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations contained in Paragraph 107.

108.    The allegations contained in Paragraph 108 of the Complaint contain legal conclusions directed at the conduct of defendants other than the Individual Defendants and, therefore, no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations contained in Paragraph 108.

**COUNT VI (Derivative Claim)**
**(Breach of Fiduciary Duties, against Individual Defendants**
**Hall, Hurlbut, Merilli, and Moss)**

109.    The Individual Defendants restate and incorporate by reference their responses to Paragraphs 1 through 108 of the Complaint as if fully set forth herein.

110.    With respect to the allegations contained in Paragraph 110 of the Complaint, the Individual Defendants admit that CSXT was a shareholder of NPBL during the relevant period. The remaining allegations contained in Paragraph 110 contain legal conclusions to which no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations contained in Paragraph 110.

111.    The allegations in Paragraph 111 reference, cite, and incorporate certain correspondence which speaks for itself and requires no further response.  To the extent that Paragraph 111 contains any allegations inconsistent with the contents of the subject correspondence, the Individual Defendants deny those allegations.  The Individual Defendants deny any allegations concerning the truth of the contents of the subject correspondence or its

purported effect.  The Individual Defendants deny all further allegations contained in Paragraph 111.

112.    Paragraph 112 contains legal conclusions which require no response.  To the extent that a response is required, the Individual Defendants deny the allegations in Paragraph 112.

113.    Paragraph 113 contains legal conclusions and a request for relief which require no response.  To the extent that a response is required, the Individual Defendants deny the allegations in Paragraph 113.

## COUNT VII
### (Tortious Interference with Business Expectancy, Against Defendants NS and NPBL)

114.    The Individual Defendants restate and incorporate by reference their responses to Paragraphs 1 through 113 of the Complaint as if fully set forth herein.

115.    Because the Court has dismissed Count VII of the Complaint, there is no obligation to respond to Paragraph 115.  To the extent that a response is required, the Individual Defendants lack information sufficient to form a belief about the truth of the allegations contained in Paragraph 115 of the Complaint concerning CSXT's expectations and, therefore, deny those allegations.  The Individual Defendants deny all further allegations contained in Paragraph 115.

116.    Because the Court has dismissed Count VII of the Complaint, there is no obligation to respond to Paragraph 116.  To the extent that a response is required, Paragraph 116 contains legal conclusions which require no response.  To the extent that a response is required, the Individual Defendants deny the allegations in Paragraph 116.

117.    Because the Court has dismissed Count VII of the Complaint, there is no obligation to respond to Paragraph 117.  To the extent that a response is required, the Individual Defendants lack information sufficient to form a belief about the truth of the allegations contained in Paragraph

117 of the Complaint concerning CSXT's business opportunities and customers and, therefore, deny those allegations. The Individual Defendants deny all further allegations contained in Paragraph 117.

## COUNT VIII
### (Statutory Business Conspiracy, Va. Code § 18.2-499, Against Defendants NS and NPBL)

118.     The Individual Defendants restate and incorporate by reference their responses to Paragraphs 1 through 117 of the Complaint as if fully set forth herein.

119.     Paragraph 119 contains legal conclusions which require no response. To the extent that a response is required, the Individual Defendants deny the allegations in Paragraph 119.

120.     Paragraph 120 contains legal conclusions which require no response. To the extent that a response is required, the Individual Defendants deny the allegations in Paragraph 120. The Individual Defendants deny any other allegations contained in Paragraph 120.

121.     Paragraph 121 contains legal conclusions and a request for relief which require no response. To the extent that a response is required, the Individual Defendants deny the allegations in Paragraph 121.

## COUNT IX
### (Civil Conspiracy, Against Defendants NS and NPBL)

122.     The Individual Defendants restate and incorporate by reference their responses to Paragraphs 1 through 121 of the Complaint as if fully set forth herein.

123.     Paragraph 123 contains legal conclusions which require no response. To the extent that a response is required, the Individual Defendants deny the allegations in Paragraph 123.

124.     Paragraph 124 contains legal conclusions which require no response. To the extent that a response is required, the Individual Defendants deny the allegations in Paragraph 120. The Individual Defendants deny any other allegations contained in Paragraph 124.

125.     Paragraph 125 contains legal conclusions and a request for relief which require no response.  To the extent that a response is required, the Individual Defendants deny the allegations in Paragraph 125.

## ADDITIONAL RESPONSES

1.     The Individual Defendants deny all allegations in the Complaint that are not expressly admitted herein.

2.     With respect to CSXT's Prayer for Relief, the Individual Defendants deny that CSXT suffered or is entitled to any damages from Individual Defendants and deny any allegations contained in the Prayer for Relief.

3.     The Individual Defendants reserve the right to supplement or amend any response contained herein as additional facts are learned during this case.

## JURY DEMAND

The Individual Defendants request a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Having fully answered the Complaint, the Individual Defendants state the following affirmative defenses to CSXT's claims, without assuming the burden of proof on any such defense that would otherwise rest on CSXT, without limiting the factual basis and support for any such defense, and reserving the right to amend, supplement or add to its responses to CSXT's allegations, as well as its affirmative defenses, as information is gathered through discovery:

### *Individual Defendants' First Affirmative Defense*

CSXT's claim against the Individual Defendants is barred in whole or in part based on the July 7, 1897 Agreement between the shareholders and other documents governing the affairs of NPBL.

### *Individual Defendants' Second Affirmative Defense*

To the extent that CSXT's claim against the Individual Defendants has properly placed their fiduciary duties at issue, CSXT's claim against them is barred in whole or in part by Virginia's business judgment rule, because each of the Individual Defendants have always acted in conformity with the standards set forth in Va. Code § 13.1-690 and related doctrines adopted under Virginia law.

### *Individual Defendants' Third Affirmative Defense*

CSXT's claim against the Individual Defendants is barred in whole or in part by the applicable statute of limitation, because and to the extent that the conduct complained of occurred more than two years before CSXT filed this lawsuit.

### *Individual Defendants' Fourth Affirmative Defense*

CSXT's claim against the Individual Defendants is barred in whole or in part by the doctrine of laches because and to the extent that CSXT's delay in asserting its purported rights under the circumstances of this case is unjust with respect to the Individual Defendants.

### *Individual Defendants' Fifth Affirmative Defense*

CSXT's claim against the Individual Defendants is barred in whole or in part by the doctrine of equitable estoppel because, among other reasons, the Individual Defendants have reasonably relied on and conformed their conduct to written agreements to which CSXT is a party and CSXT's own pattern of conduct under those agreements.

### *Individual Defendants' Sixth Affirmative Defense*

CSXT's claim against the Individual Defendants is barred in whole or in part by its failure to mitigate damages it alleges to have suffered as a result of any injury caused by the Individual Defendants' alleged conduct.

### *Individual Defendants' Seventh Affirmative Defense*

CSXT's claim against the Individual Defendants is barred in whole or in part because no motion to approve the CSXT Service Proposal or the CSXT Governance Proposal was ever duly made and seconded at a NPBL Board meeting, despite CSXT having appointed two of the six voting members of the NPBL Board.

### *Individual Defendants' Eighth Affirmative Defense*

CSXT's claim against the Individual Defendants is barred in whole or in part because CSXT's Governance Proposal could only be presented to the shareholders during the annual Shareholders' meeting not by the Board of Directors during the April 18, 2018 board meeting.

### *Individual Defendants' Ninth Affirmative Defense*

CSXT's claim against the Individual Defendants is barred in whole or in part because the conduct allegedly giving rise to a breach of fiduciary duty is prohibited by the plain terms of the NPBL Operating Agreement and By-Laws, as amended.

### *Individual Defendants' Tenth Affirmative Defense*

CSXT's claim against the Individual Defendants is barred because its Complaint fails to state a claim for which relief may be granted.

WHEREFORE, for the foregoing reasons, the Individual Defendants respectfully pray that the claim against them be dismissed with prejudice, that judgment be entered in their favor, that costs of defending this action be awarded to them, and that the Court grant such further relief as it deems just and proper.

Dated: September 23, 2019

Respectfully submitted,

JERRY HALL, THOMAS HURLBUT,
and PHILIP MERILLI

By: _/s/ *John M. Erbach*_____
Hugh M. Fain, III (VSB #26494)
Email: hfain@spottsfain.com
M. F. Connell Mullins, Jr. (VSB # 47213)
Email: cmullins@spottsfain.com
John M. Erbach (VSB #76695)
Email: jerbach@spottsfain.com
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
(804) 697-2000 (Telephone)
(804) 697-2100 (Facsimile)

*Counsel for Defendants Jerry Hall, Thomas Hurlbut, and Philip Merilli*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd day of September, 2019, I will electronically file the

foregoing Answer with the Clerk of Court using CM/ECF system, which will then send a

notification of such filing (NEF) to all counsel of record.

By: _____/s/_____
John M. Erbach (VSB #76695)
Email: jerbach@spottsfain.com
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
(804) 697-2000 (Telephone)
(804) 697-2100 (Facsimile)

*Counsel for Defendants Jerry Hall, Thomas Hurlbut, and Philip Merilli*