IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CSX TRANSPORTATION, INC.,**
individually and on behalf of
**NORFOLK & PORTSMOUTH BELT LINE**
**RAILROAD COMPANY,**

    **Plaintiff,**

v.                                      Civil Action No. 2:18-cv-530

**NORFOLK SOUTHERN RAILWAY COMPANY,**
**NORFOLK & PORTSMOUTH BELT LINE**
**RAILROAD COMPANY, JERRY HALL,**
**THOMAS HURLBUT, PHILIP MERILLI,**
and **CANNON MOSS,**

    **Defendants.**

## ANSWER

Defendant Cannon Moss ("Moss"), by counsel, states as follows for his Answer to the Complaint:

### NATURE OF THE ACTION

1.    Moss admits that the NPBL is a terminal switching railroad operating in the cities of Norfolk, Portsmouth, and Chesapeake, Virginia, formed in 1896, and that rail service to NIT opened in 1917. Moss denies the remainder of the allegations in paragraph 1 of the Complaint as stated and demands strict proof thereof.

2.    Moss admits that the NPBL's shareholders decreased to three, and then eventually to two, NS and CSXT. Moss denies the remainder of the allegations in paragraph 2 of the Complaint as stated and demands strict proof thereof.

3.    Moss denies the allegations in paragraph 3 of the Complaint.

1

4. Moss denies the allegations in paragraph 4 of the Complaint.

5. Moss denies the allegations in paragraph 5 of the Complaint.

6. Moss denies the allegations in paragraph 6 of the Complaint.

## PARTIES

7. Moss admits the allegations in paragraph 7 of the Complaint, but denies that CSXT has proper standing to bring this action in a derivative capacity as a shareholder of NPBL.

8. Moss admits the allegations in paragraph 8 of the Complaint.

9. Moss admits the allegations in paragraph 9 of the Complaint.

10. Moss admits the allegations in paragraph 10 of the Complaint, but denies that he "participated in the rejection of CSXT's most recent service proposal."

## JURISDICTION AND VENUE

11. Moss admits the allegations in paragraph 11 of the Complaint.

12. Moss denies the allegations in paragraph 12 of the Complaint.

13. Moss admits the allegations in paragraph 13 of the Complaint.

14. Moss admits the allegations in paragraph 14 of the Complaint.

## FACTUAL ALLEGATIONS

*The Purpose and Structure of the NPBL*

15. Moss admits that Exhibit A to the Complaint is a true and correct copy of the NPBL's 1897 shareholder agreement (the "1897 Agreement"), which document speaks for itself. Moss denies any allegations inconsistent with the terms of the 1897 Agreement. Moss denies the remainder of the allegations in paragraph 15 of the Complaint as stated and demands strict proof thereof.

16. Paragraph 16 states only legal conclusions, to which no response is required.

17. Moss admits that Exhibit A to the Complaint is a true and correct copy of the 1897 Agreement, which document speaks for itself. Moss denies any allegations inconsistent with the terms of the 1897 Agreement. Moss denies the remainder of the allegations in paragraph 17 of the Complaint as stated and demands strict proof thereof.

18. Moss admits that Exhibit A to the Complaint is a true and correct copy of the 1897 Agreement, which document speaks for itself. Moss denies any allegations inconsistent with the terms of the 1897 Agreement. Moss denies the remainder of the allegations in paragraph 18 of the Complaint as stated and demands strict proof thereof.

19. Moss admits that Exhibit A to the Complaint is a true and correct copy of the NPBL's 1897 shareholder agreement, which document speaks for itself. Moss denies any allegations inconsistent with the terms of the 1897 shareholder agreement.

20. Moss denies the allegations in paragraph 20 of the Complaint as stated and demands strict proof thereof.

*The Supplemental Agreement*

21. Moss admits the allegations in paragraph 21 of the Complaint.

22. Moss admits that Exhibit C to the Complaint is a true and correct copy of the NPBL's 1989 supplemental shareholder agreement (the "1989 Agreement"), which document speaks for itself. Moss denies any allegations inconsistent with the terms of the 1989 Agreement.

23. Moss admits that on July 23, 1980, Norfolk Southern Corporation was incorporated under the laws of the Commonwealth of Virginia, and that on June 1, 1982, Norfolk Southern Corporation acquired control of Norfolk and Western Railway Company and Southern Railway Company, and that, effective December 31, 1990, Norfolk Southern Corporation transferred all the common stock of Norfolk and Western Railway Company to

Southern Railway Company, and Southern Railway Company's name was changed to Norfolk Southern Railway Company. Moss further admits that NS owns 57% of NPBL, and CSXT owns 43%. Moss admits that Exhibit D to the Complaint is true and correct copy of the current NPBL By-Laws, which have been effect in their current form since 1996. Moss denies the remainder of the allegations in paragraph 23 of the Complaint as stated and demands strict proof thereof.

24. Moss admits that the NPBL is a distinct corporation under Virginia law. Moss denies the remainder of the allegations in paragraph 24 of the Complaint as stated and demands strict proof thereof.

*NPBL's Deteriorating Financial Condition*

25. Moss denies the allegations in paragraph 25 of the Complaint.

26. Moss admits that the NPBL Board of Directors currently consists of six voting members and one non-voting member, but denies the remainder of the allegations in paragraph 26 of the Complaint as stated and demands strict proof thereof.

27. Moss admits the allegations in paragraph 27 of the Complaint, except Moss states that Bill O'Brien is currently the Vice President of Operations of the NPBL.

28. Moss admits the allegations in paragraph 28 of the Complaint, and states that NPBL pays NS for such email use under various service agreements, including service agreements for providing communications services to the NPBL.

29. Moss admits the allegations in paragraph 29 of the Complaint.

30. Moss denies the allegations in paragraph 30 of the Complaint.

31. No response is required to paragraph 31 of the Complaint.

32. Moss denies the allegations in paragraph 32 of the Complaint.

33. Moss admits the allegations in paragraph 33 of the Complaint, except that switching services are provided to the customers of CSXT and NS, for the benefit of CSXT and NS, not directly to CSXT or NS.

34. Moss denies the allegations in paragraph 34 of the Complaint as stated and demands strict proof thereof.

35. Moss denies the allegations in paragraph 35 of the Complaint as stated and demands strict proof thereof.

36. Moss denies the allegations in paragraph 36 of the Complaint as stated and demands strict proof thereof.

37. Moss denies the allegations in paragraph 37 of the Complaint as stated and demands strict proof thereof.

*The Individual Defendants' Repeated Failures to Act in the Best Interest of the NPBL and to Abide by the NPBL Operating Agreement*

38. Moss denies the allegations in paragraph 38 of the Complaint as stated and demands strict proof thereof.

39. Moss denies the allegations in paragraph 39 of the Complaint as stated and demands strict proof thereof.

40. Moss denies the allegations in paragraph 40 of the Complaint as stated and demands strict proof thereof.

41. Moss denies the allegations in paragraph 41 of the Complaint as stated and demands strict proof thereof.

42. Moss denies the allegations in paragraph 42 of the Complaint as stated and demands strict proof thereof.

43. Moss denies the allegations in paragraph 43 of the Complaint as stated and demands strict proof thereof.

44. Moss denies the allegations in paragraph 44 of the Complaint as stated and demands strict proof thereof.

45. Moss denies the allegations in paragraph 45 of the Complaint.

46. Moss denies the allegations in paragraph 46 of the Complaint as stated and demands strict proof thereof.

47. Moss denies the allegations in paragraph 47 of the Complaint as stated and demands strict proof thereof.

48. Moss denies the allegations in paragraph 48 of the Complaint.

*Relevant Markets*

49. Moss is without sufficient information to admit or deny the allegations in paragraph 49 of the Complaint, and therefore, denies the same.

50. Moss is without sufficient information to admit or deny the allegations in paragraph 50 of the Complaint, and therefore, denies the same.

*Defendants' Anti-Competitive Actions to Achieve Dominance of Freight Transportation by Rail In and Out of the Hampton Roads' Ports*

51. Moss denies the allegations in paragraph 51 of the Complaint as stated and demands strict proof thereof.

52. Moss denies the allegations in paragraph 52 of the Complaint as stated and demands strict proof thereof.

53. Moss denies the allegations in paragraph 53 of the Complaint as stated and demands strict proof thereof.

54. Moss denies the allegations in paragraph 54 of the Complaint as stated and demands strict proof thereof.

55. Moss denies the allegations in paragraph 55 of the Complaint as stated and demands strict proof thereof.

56. Moss denies the allegations in paragraph 56 of the Complaint.

57. Moss denies the allegations in paragraph 57 of the Complaint.

58. Moss denies the allegations in paragraph 58 of the Complaint as stated and demands strict proof thereof.

59. Moss denies the allegations in paragraph 59 of the Complaint.

60. Moss denies the allegations in paragraph 60 of the Complaint.

61. Moss denies the allegations in paragraph 61 of the Complaint as stated and demands strict proof thereof.

62. Moss denies the allegations in paragraph 62 of the Complaint.

63. Moss denies the allegations in paragraph 63 of the Complaint as stated and demands strict proof thereof.

*Harm to CSXT and Competition*

64. Moss denies the allegations in paragraph 64 of the Complaint as stated and demands strict proof thereof.

65. Moss denies the allegations in paragraph 65 of the Complaint as stated and demands strict proof thereof.

66. Moss denies the allegations in paragraph 66 of the Complaint as stated and demands strict proof thereof.

*The Individual Defendants' Refusal to Remedy Defects in the NPBL's Current Corporate Governance Structure*

67. Moss denies the allegations in paragraph 67 of the Complaint as stated and demands strict proof thereof.

68. Moss denies the allegations in paragraph 68 of the Complaint as stated and demands strict proof thereof.

69. Moss states that the document attached to the Complaint as Exhibit E speaks for itself and denies any allegations inconsistent with the express terms of Exhibit E.

70. Moss denies the allegations in paragraph 68 of the Complaint as stated and demands strict proof thereof.

71. Moss is without sufficient information to admit or deny the allegations in paragraph 71 of the Complaint, and therefore, denies the same.

72. Moss denies the allegations in paragraph 72 of the Complaint as stated and demands strict proof thereof.

73. Moss denies the allegations in paragraph 73 of the Complaint.

74. Moss denies the allegations in paragraph 74 of the Complaint as stated.

75. Moss denies the allegations in paragraph 75 of the Complaint as stated and demands strict proof thereof.

76. Moss denies the allegations in paragraph 76 of the Complaint.

**COUNT I**
**(Violation of Sherman Act § 1, 15 U.S.C. § 1: Conspiracy to Restrain Trade Against Defendants NS and NPBL)**

77. Moss incorporates the above responses as if fully set forth herein.

78. Moss denies the allegations in paragraph 78 of the Complaint.

79. Moss denies the allegations in paragraph 79 of the Complaint.

80. Moss denies the allegations in paragraph 80 of the Complaint.

81. Moss denies the allegations in paragraph 81 of the Complaint.

82. Moss denies the allegations in paragraph 82 of the Complaint.

83. Moss denies the allegations in paragraph 83 of the Complaint.

84. Moss denies the allegations in paragraph 84 of the Complaint.

## COUNT II
### (Violation of Sherman Act § 2, 15 U.S.C. § 2: Conspiracy to Monopolize Against Defendants NS and NPBL)

85. Moss incorporates the above responses as if fully set forth herein.

86. Moss denies the allegations in paragraph 86 of the Complaint.

87. Moss denies the allegations in paragraph 87 of the Complaint and each of its subparts.

88. Moss denies the allegations in paragraph 88 of the Complaint.

89. Moss denies the allegations in paragraph 89 of the Complaint.

90. Moss denies the allegations in paragraph 90 of the Complaint.

## COUNT III
### (Violation of Sherman Act § 2, 15 U.S.C. § 2: Monopolization Against Defendant NS)

91. Moss incorporates the above responses as if fully set forth herein.

92. The subject allegations are directed at defendant(s) other than Moss about which Moss is not required to respond. To the extent a response is required, Moss denies the allegations in paragraph 92 of the Complaint.

93. The subject allegations are directed at defendant(s) other than Moss about which Moss is not required to respond. To the extent a response is required, Moss denies the allegations in paragraph 93 of the Complaint and each of its subparts.

94. The subject allegations are directed at defendant(s) other than Moss about which Moss is not required to respond. To the extent a response is required, Moss denies the allegations in paragraph 94 of the Complaint.

95. The subject allegations are directed at defendant(s) other than Moss about which Moss is not required to respond. To the extent a response is required, Moss denies the allegations in paragraph 95 of the Complaint.

96. The subject allegations are directed at defendant(s) other than Moss about which Moss is not required to respond. To the extent a response is required, Moss denies the allegations in paragraph 96 of the Complaint.

97. The subject allegations are directed at defendant(s) other than Moss about which Moss is not required to respond. To the extent a response is required, Moss denies the allegations in paragraph 97 of the Complaint.

## COUNT IV
### (Violation of Sherman Act § 2, 15 U.S.C. § 2: Attempted Monopolization Against Defendant NS)

98. Moss incorporates the above responses as if fully set forth herein.

99. The subject allegations are directed at defendant(s) other than Moss about which Moss is not required to respond. To the extent a response is required, Moss denies the allegations in paragraph 99 of the Complaint.

100. The subject allegations are directed at defendant(s) other than Moss about which Moss is not required to respond. To the extent a response is required, Moss denies the allegations in paragraph 100 of the Complaint, including each its subparts.

101. The subject allegations are directed at defendant(s) other than Moss about which Moss is not required to respond. To the extent a response is required, Moss denies the allegations in paragraph 101 of the Complaint.

102. The subject allegations are directed at defendant(s) other than Moss about which Moss is not required to respond. To the extent a response is required, Moss denies the allegations in paragraph 102 of the Complaint.

103. The subject allegations are directed at defendant(s) other than Moss about which Moss is not required to respond. To the extent a response is required, Moss denies the allegations in paragraph 103 of the Complaint.

104. The subject allegations are directed at defendant(s) other than Moss about which Moss is not required to respond. To the extent a response is required, Moss denies the allegations in paragraph 104 of the Complaint.

## COUNT V
### (Breach of Contract, against Defendant NS)

105. Moss incorporates the above responses as if fully set forth herein.

106. The subject allegations are directed at defendant(s) other than Moss about which Moss is not required to respond.

107. The subject allegations are directed at defendant(s) other than Moss about which Moss is not required to respond. To the extent a response is required, Moss denies the allegations in paragraph 107 of the Complaint.

108. The subject allegations are directed at defendant(s) other than Moss about which Moss is not required to respond. To the extent a response is required, Moss denies the allegations in paragraph 108 of the Complaint.

## COUNT VI (Derivative Claim)
### (Breach of Fiduciary Duties, against Individual Defendants Hall, Hurlbut, Merilli, and Moss)

109. Moss incorporates the above responses as if fully set forth herein.

110. Moss admits that CSXT is a shareholder of NPBL. Moss denies the remaining allegations in paragraph 110 of the Complaint.

111. Moss denies the allegations in paragraph 111 as stated and demands strict proof thereof.

112. Moss denies the allegations in paragraph 112 as stated and demands strict proof thereof.

113. Moss denies the allegations in paragraph 113 as stated and demands strict proof thereof.

## COUNT VII
### (Tortious Interference with Business Expectancy, Against Defendants NS and NPBL)

114. Moss incorporates the above responses as if fully set forth herein.

115. Moss denies the allegations in paragraph 115 of the Complaint.

116. Moss denies the allegations in paragraph 116 of the Complaint.

117. Moss denies the allegations in paragraph 117 of the Complaint.

## COUNT VIII
### (Statutory Business Conspiracy, Va. Code § 18.2-499, Against Defendants NS and NPBL)

118. Moss incorporates the above responses as if fully set forth herein.

119. Moss denies the allegations in paragraph 119 of the Complaint.

120. Moss denies the allegations in paragraph 120 of the Complaint.

121. Moss denies the allegations in paragraph 121 of the Complaint.

## COUNT IX
### (Civil Conspiracy, Against Defendants NS and NPBL)

122. Moss incorporates the above responses as if fully set forth herein.

123. Moss denies the allegations in paragraph 123 of the Complaint.

124. Moss denies the allegations in paragraph 124 of the Complaint.

125. Moss denies the allegations in paragraph 125 of the Complaint.

Any allegations in the Complaint not expressly admitted above are hereby denied.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE ONE

1. The Complaint fails to state a claim upon which relief can be granted.

### AFFIRMATIVE DEFENSE TWO

2. Moss's actions, omissions, and decisions were at all relevant times undertaken in good faith, in the best interest of the NPBL, and in accordance with Moss's sound business judgment. Moss at all relevant times complied with Virginia Code § 13.1-690 and § 13.1-694.

### AFFIRMATIVE DEFENSE THREE

3. CSXT's claim against Moss is barred by the applicable statute of limitations.

### AFFIRMATIVE DEFENSE FOUR

4. CSXT's claim against Moss is barred by laches.

### AFFIRMATIVE DEFENSE FIVE

5. Moss's conduct was not the proximate cause of CSXT's damages, if any, which CSXT failed to mitigate.

### AFFIRMATIVE DEFENSE SIX

6. CSXT's claim against Moss is barred by the terms of the NPBL's governing corporate documents.

### AFFIRMATIVE DEFENSE SEVEN

7. CSXT's claim against Moss is barred by estoppel and/or waiver.

### AFFIRMATIVE DEFENSE EIGHT

8. CSXT's claim against Moss is barred because no motion to approve the CSXT Service Proposal was made at the April 2018 NPBL Board meeting.

Moss reserves the right to alter, supplement or amend his Answer at any time, and to incorporate additional affirmative defenses as necessitated by the evidence.

**CANNON MOSS**

By    /s/ *Clark J. Belote*
   Counsel

W. Edgar Spivey (VSB No. 29125)
Clark J. Belote (VSB No. 87310)
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
(757) 624-3000
(888) 360-9092 Facsimile
Email: wespivey@kaufcan.com
Email: cjbelote@kaufcan.com
*Counsel for Cannon Moss*

## CERTIFICATE OF SERVICE

    I certify that on this 23rd day of September, 2019, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF System.

                                                 /s/ *Clark J. Belote*