**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**CSX TRANSPORTATION, INC.,**
**individually and on behalf of**
**NORFOLK AND PORTSMOUTH BELT LINE**
**RAILROAD COMPANY,**

        **Plaintiff,**

**v.**                                      **Civil Action No. 2:18-cv-530-MSD-LRL**

**NORFOLK SOUTHERN RAILWAY COMPANY** *et al.*,

        **Defendants.**

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD**
**COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES**

    Defendant Norfolk and Portsmouth Belt Line Railroad Company (the "Belt Line"), by

counsel, states as follows for its Answer and Affirmative Defenses to the Complaint. To the

extent any allegation in the Complaint is not expressly admitted herein, it is denied. The Belt

Line denies that it is indebted to the Plaintiff in any sum whatsoever.

**NATURE OF THE ACTION**

    1.    In response to Paragraph 1 of the Complaint, the Belt Line admits it is a railroad

operating in the cities of Norfolk, Portsmouth, and Chesapeake, Virginia. The Belt Line also

admits it was formed in 1896 by a collection of railroads. The Operating Agreement referenced

in Paragraph 1 speaks for itself. To the extent the allegations in Paragraph 1 are inconsistent with

the Operating Agreement, they are denied. The Belt Line lacks sufficient knowledge to admit or

deny the remaining allegations in Paragraph 1 and therefore denies them.

    2.    In response to Paragraph 2 of the Complaint, the Belt Line admits that, at times

in the 1980s, its owners were CSXT, Norfolk and Western Railway Company, and Southern

Railway Company.  It also admits that Norfolk and Western Railway Company and Southern Railway Company merged, which resulted in Norfolk Southern Railway Company ("NS") owning 57% of the shares of the Belt Line and CSXT owning 43%.  The Belt Line denies the remaining allegations in Paragraph 2.

3.      The Belt Line denies the allegations in Paragraph 3 of the Complaint.

4.      In response to Paragraph 4 of the Complaint, the Belt Line lacks information or context sufficient to form a belief regarding indications from the Virginia Port Authority ("VPA") and therefore denies the allegation.  The Belt Line admits CSXT used the Belt Line's services to connect to Norfolk International Terminals ("NIT") in 2015.  The Belt Line denies the remaining allegations in Paragraph 4, including the allegation that CSXT is "practically precluded" from using the NPBL to connect to NIT

5.      The Belt Line denies the allegations in Paragraph 5 of the Complaint.

6.      The Belt Line denies the allegations in Paragraph 6 of the Complaint.

**PARTIES**

7.      The Belt Line admits the allegations in Paragraph 7 of the Complaint, but denies that CSXT has standing to sue on behalf of the Belt Line in a derivative capacity.

8.      The Belt Line admits the allegations in Paragraph 8 of the Complaint.

9.      In response to Paragraph 9 of the Complaint, the Belt Line admits it is a Class III railroad headquartered in Chesapeake, Virginia, and incorporated under Virginia law.

10.      In response to Paragraph 10 of the Complaint, the Belt Line admits that Cannon Moss is a voting member of the Belt Line's Board of Directors as President of the Belt Line since 2011 and that Thomas Hurlbut is an employee of NS.  The Belt Line denies the remaining allegations in Paragraph 10.

2

## JURISDICTION AND VENUE

11.     Paragraph 11 of the Complaint states conclusions of law to which no answer is required.

12.     Paragraph 12 of the Complaint states conclusions of law to which no answer is required.

13.     Paragraph 13 of the Complaint states conclusions of law to which no answer is required.  To the extent a response is required, the Belt Line admits that it regularly conducts business in Virginia but denies all remaining allegations contained in Paragraph 13.

14.     Paragraph 14 of the Complaint states conclusions of law to which no answer is required.

## FACTUAL ALLEGATIONS

*The Purpose and Structure of the NPBL*

15.     In response to Paragraph 15 of the Complaint, the Belt Line admits eight railroads, including CSXT and NS's predecessors in interest, joined together to form the Belt Line in 1896.  The Belt Line also admits those eight companies signed the Operating Agreement attached to the Complaint as Exhibit A.  The Operating Agreement speaks for itself.  Except as so admitted, the Belt Line denies the allegations in Paragraph 15.

16.     In response to Paragraph 16 of the Complaint, the Operating Agreement speaks for itself.  To the extent the allegations in Paragraph 16 are inconsistent with the Operating Agreement, they are denied.  The Belt Line denies the remaining allegations in Paragraph 16.

17.     In response to Paragraph 17 of the Complaint, the Operating Agreement speaks for itself.  To the extent the allegations in Paragraph 17 are inconsistent with the Operating Agreement, they are denied.  The Belt Line denies the remaining allegations in Paragraph 17.

18.     In response to Paragraph 18 of the Complaint, the Operating Agreement speaks for itself.  To the extent the allegations in Paragraph 18 are inconsistent with the Operating Agreement, they are denied.  The Belt Line denies the remaining allegations in Paragraph 18.

19.     In response to Paragraph 19 of the Complaint, the Operating Agreement speaks for itself.  To the extent the allegations in Paragraph 19 are inconsistent with the Operating Agreement, they are denied.  The Belt Line denies the remaining allegations in Paragraph 19.

20.     In response to Paragraph 20 of the Complaint, the Belt Line admits it currently operates over approximately 26 miles of track in and around the Hampton Roads area of Virginia and that it provides a means of access to NIT via trackage rights.  The Belt Line denies that the map attached to the Complaint as Exhibit B is accurate, as it was published in 1961.  The Belt Line denies the remaining allegations in Paragraph 20.

*The Supplemental Agreement*

21.     In response to Paragraph 21 of the Complaint, the Belt Line admits that, by 1989, the shareholder railroads owning the Belt Line were CSXT, Norfolk and Western Railway Company, and Southern Railway Company.  The Belt Line denies the remaining allegations in this Paragraph 21.

22.     In response to Paragraph 22 of the Complaint, the Supplemental Agreement speaks for itself.  To the extent the allegations in Paragraph 22 are inconsistent with the Operating Agreement, they are denied.

23.     In response to Paragraph 23 of the Complaint, the Belt Line admits that, as a result of a merger, its owners became NS and CSXT, with NS owning 57% of the Belt Line and CSXT owning 43%.  The Belt Line Bylaws referenced in Paragraph 23 speak for themselves.  To the extent the allegations in Paragraph 23 are inconsistent with the Bylaws, they are denied.

24.     In response to Paragraph 24 of the Complaint, the Belt Line admits it is a corporation under Virginia law and operates according to its own Bylaws and with its own management and Board of Directors.  The Bylaws speak for themselves.  To the extent the allegations in Paragraph 24 are inconsistent with the Bylaws, they are denied.  The Belt Line denies the remaining allegations in Paragraph 24.

*NPBL's Deteriorating Financial Condition*

25.     The Belt Line denies the allegations in Paragraph 25.

26.     The Belt Line admits the allegation in Paragraph 26 of the Complaint that its Board of Directors consists of six voting members and one non-voting member.  The Belt Line denies the remaining allegations in Paragraph 26.

27.     The Belt Line admits the allegations in Paragraph 27 of the Complaint, except that the Belt Line denies the allegation that CSXT objected to Moss' nomination.

28.     The Belt Line admits its management personnel have NS email addresses under a service agreement.  The remaining allegations in Paragraph 28 contain generalities so broad that the Belt Line lacks sufficient information to admit or deny them and therefore denies them.

29.     The Belt Line admits the allegations in Paragraph 29 of the Complaint.

30.     The Belt Line denies the allegations in Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint contains no allegation of fact and therefore no response is required.

32.     The Belt Line denies the allegations in Paragraph 32 of the Complaint.

33.     The Belt Line admits the allegations in Paragraph 33 of the Complaint.

34.     The Belt Line denies the allegations in Paragraph 34 of the Complaint.

35.     In response to Paragraph 35 of the Complaint, the Belt Line admits NS can

access NIT via its own rail connections.  The Belt Line denies the remaining allegations in Paragraph 35.

36.     The allegation in Paragraph 36 regarding the VPA appears to quote a written document, which speaks for itself.  The Belt Line denies the remaining allegations in Paragraph 36.

37.     The Belt Line denies the allegations in Paragraph 37 of the Complaint.

*The Individual Defendants' Repeated Failures to Act in the Best Interest of the NPBL and to Abide by the NPBL Operating Agreement*

38.     In response to Paragraph 38 of the Complaint, the Belt Line admits CSXT presented the Service Proposal attached to the Complaint as Exhibit E in advance of the April 18, 2018 meeting.  The Service Proposal speaks for itself.  The Belt Line denies the remaining allegations in Paragraph 38.

39.     The Belt Line denies the allegations in Paragraph 39 of the Complaint.

40.     The Belt Line denies the allegations in Paragraph 40 of the Complaint.

41.     The Belt Line denies the allegations in Paragraph 41 of the Complaint.

42.     The Belt Line denies the allegations in Paragraph 42 of the Complaint.

43.     The Belt Line denies the allegations in Paragraph 43 of the Complaint.

44.     The Belt Line denies the allegations in Paragraph 44 of the Complaint.

45.     The Belt Line denies the allegations in Paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint alleges discrete acts from 2010.  Any claims arising from those acts are time barred and therefore not actionable.  *See* Op. and Order at 35-40 (D.E. 66).  To the extent a response is required, the Belt Line admits CSXT presented a service proposal in 2010 but denies the remaining allegations of Paragraph 46.

47.     Paragraph 47 of the Complaint alleges discrete acts from 2008.  Any claims

arising from those acts are time barred and therefore not actionable. *See* Op. and Order at 35-40 (D.E. 66). To the extent a response is required, the Belt Line admits it sold property in Norfolk and terminated certain access rights over NS tracks, which was approved by the Surface Transportation Board. *See Norfolk and Portsmouth Belt Line Railroad Co. – Discontinuance of Trackage Rights Exemption – In Chesapeake, VA*, Docket No. AB-1024X (STB May 15, 2008), 73 Fed. Reg. 28188 [2008 WL 2047779] (D.E. 28-5). Such approval also preempts any claims related to those actions. The Belt Line denies the remaining allegations of Paragraph 47.

48.     The Belt Line denies the allegations in Paragraph 48 of the Complaint.

*Relevant Markets*

49.     The allegations in Paragraph 49 of the Complaint contain generalities about port facilities so broad that the Belt Line lacks sufficient information to admit or deny them and therefore denies them. The Belt Line denies the remaining allegations in Paragraph 49.

50.     The allegations in Paragraph 50 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 50 contain generalities about freight transportation so broad that the Belt Line lacks sufficient information to admit or deny them and therefore denies them. The Belt Line denies the remaining allegations in Paragraph 50.

*Defendants' Anti-Competitive Actions to Achieve Dominance of Freight Transportation by Rail In and Out of the Hampton Roads' Ports*

51.     The Belt Line denies the allegations in Paragraph 51 of the Complaint.

52.     In response to Paragraph 52 of the Complaint, the Belt Line lacks sufficient information to admit or deny the allegations in Paragraph 52 and therefore denies them.

53.     In response to Paragraph 53 of the Complaint, the Belt Line lacks sufficient information to admit or deny the allegations in Paragraph 53 and therefore denies them.

54.     The Belt Line denies the allegations in Paragraph 54 of the Complaint.

55.     The Belt Line denies the allegations in Paragraph 55 of the Complaint.

56.     The Belt Line denies the allegations in Paragraph 56 of the Complaint.

57.      The Belt Line denies the allegations in Paragraph 57 of the Complaint.

58.     The Belt Line denies the allegations in Paragraph 58 of the Complaint.

59.     The Belt Line denies the allegations in Paragraph 59 of the Complaint.

60.     The Belt Line denies the allegations in Paragraph 60 of the Complaint.

61.     The Belt Line denies the allegations in Paragraph 61 of the Complaint.

62.     The Belt Line denies the allegations in Paragraph 62 of the Complaint.

63.     The allegations in Paragraph 63 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, the Belt Line denies the allegations in Paragraph 63.

*Harm to CSXT and Competition*

64.     The Belt Line denies the allegations in Paragraph 64 of the Complaint.

65.     The Belt Line denies the allegations in Paragraph 65 of the Complaint.

66.     The Belt Line denies the allegations in Paragraph 66 of the Complaint.

*The Individual Defendants' Refusal to Remedy Defects in the NPBL's Current Corporate Governance Structure*

67.     Paragraph 67 of the Complaint refers to a proposal, which speaks for itself.  To the extent the allegations in Paragraph 67 are inconsistent with the proposal, they are denied. The Belt Line denies the remaining allegations in Paragraph 67.

68.     Paragraph 68 of the Complaint refers to a proposal, which speaks for itself.  To the extent the allegations in Paragraph 68 are inconsistent with the proposal, they are denied. The Belt Line denies the remaining allegations in Paragraph 68, including the purported effect

of the alleged proposal.

69.     Paragraph 69 of the Complaint refers to a proposal, which speaks for itself.  To the extent the allegations in Paragraph 69 are inconsistent with the proposal, they are denied. The Belt Line denies the remaining allegations in Paragraph 69.

70.     The Belt Line denies the allegations in Paragraph 70 of the Complaint.

71.     In response to Paragraph 71 of the Complaint, the Belt Line lacks sufficient information to admit or deny the allegations in Paragraph 71 and therefore denies them.

72.     In response to Paragraph 72 of the Complaint, the Belt Line admits that, at the April 2018 shareholder meeting, CSXT appointed two members of the Belt Line's Board of Directors; NS appointed three members of the Belt Line's Board of Directors; Cannon Moss was retained as a voting member in his role as President of the Belt Line; and Donna Coleman was retained in her non-voting role.  The Belt Line denies the remaining allegations in Paragraph 72.

73.     Paragraph 73 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the Belt Line denies the allegations in Paragraph 73.

74.     The Belt Line denies the allegations in Paragraph 74 of the Complaint.

75.     The Belt Line denies the allegations in Paragraph 75 of the Complaint.

76.     The Belt Line denies the allegations in Paragraph 76 of the Complaint.

## <u>COUNT I</u>
**(Violation of Sherman Act § 1, 15 U.S.C. § 1: Conspiracy to Restrain Trade Against Defendants NS and NPBL)**

77.     See responses to Paragraphs 1 through 76.

78.     The Belt Line denies the allegations in Paragraph 78 of the Complaint.

79.     The Belt Line denies the allegations in Paragraph 79 of the Complaint.

80.     The Belt Line denies the allegations in Paragraph 80 of the Complaint.

81.     The Belt Line denies the allegations in Paragraph 81 of the Complaint.

82.     The Belt Line denies the allegations in Paragraph 82 of the Complaint.

83.     The Belt Line denies the allegations in Paragraph 83 of the Complaint.

84.     The Belt Line denies the allegations in Paragraph 84 of the Complaint.

## COUNT II
### (Violation of Sherman Act § 2, 15 U.S.C. § 2: Conspiracy to Monopolize Against Defendants NS and NPBL)

85.     See responses to Paragraphs 1 through 84.

86.     The Belt Line denies the allegations in Paragraph 86 of the Complaint.

87.     The Belt Line denies the allegations in Paragraph 87 of the Complaint and each of its subparts.

88.     The Belt Line denies the allegations in Paragraph 88 of the Complaint.

89.     The Belt Line denies the allegations in Paragraph 89 of the Complaint.

90.     The Belt Line denies the allegations in Paragraph 90 of the Complaint.

## COUNT III
### (Violation of Sherman Act § 2, 15 U.S.C. § 2: Monopolization Against Defendant NS)

91.     See responses to Paragraphs 1 through 90.  Count III is not asserted against the Belt Line and the responses below are provided only to the extent relevant to other counts.

92.     The Belt Line denies the allegations in Paragraph 92 of the Complaint.

93.     The Belt Line denies the allegations in Paragraph 93 of the Complaint and each of its subparts.

94.     The Belt Line denies the allegations in Paragraph 94 of the Complaint.

95.     The Belt Line denies the allegations in Paragraph 95 of the Complaint.

96.     The Belt Line denies the allegations in Paragraph 96 of the Complaint.

97.     The Belt Line denies the allegations in Paragraph 97 of the Complaint.

## COUNT IV
### (Violation of Sherman Act § 2, 15 U.S.C. § 2: Attempted Monopolization Against Defendant NS)

98.     See responses to Paragraphs 1 through 97.  Count IV is not asserted against the Belt Line and the responses below are provided only to the extent relevant to other counts.

99.     The Belt Line denies the allegations in Paragraph 99 of the Complaint.

100.     The Belt Line denies the allegations in Paragraph 100 of the Complaint and all of its subparts.

101.     The Belt Line denies the allegations in Paragraph 101 of the Complaint.

102.     The Belt Line denies the allegations in Paragraph 102 of the Complaint.

103.     The Belt Line denies the allegations in Paragraph 103 of the Complaint.

104.     The Belt Line denies the allegations in Paragraph 104 of the Complaint.

## COUNT V
### (Breach of Contract, against Defendant NS)

105.     See responses to Paragraphs 1 through 104.  Count V is not asserted against the Belt Line and the responses below are provided only to the extent relevant to other counts.

106.     In response to Paragraph 106 of the Complaint, the Belt Line admits CSXT and NS are co-parties to the Belt Line's Operating Agreement.  The Operating Agreement speaks for itself.  To the extent the allegations in Paragraph 106 are inconsistent with the Operating Agreement, they are denied.  The Belt Line denies the remaining allegations in Paragraph 106.

107.     The Belt Line denies the allegations in Paragraph 107 of the Complaint.

108.     The Belt Line denies the allegations in Paragraph 108 of the Complaint.

## COUNT VI (Derivative Claim)
### (Breach of Fiduciary Duties, against Individual Defendants Hall, Hurlbut, Merilli, and Moss)

109.     See responses to Paragraphs 1 through 108.  Count VI is not asserted against the Belt Line and the responses below are provided only to the extent relevant to other counts.

110.     Paragraph 110 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the Belt Line denies the allegations in Paragraph 110, including the allegation that CSXT "fairly and adequately represents the interests of NPBL in enforcing NPBL's rights."

111.     The allegations in Paragraph 111 of the Complaint refer to written documents, which are the best evidence of their content.  To the extent the allegations in Paragraph 111 are inconsistent with the written documents, they are denied.

112.     The Belt Line denies the allegations in Paragraph 112 of the Complaint.

113.     The Belt Line denies the allegations in Paragraph 113 of the Complaint.

## COUNT VII
### (Tortious Interference with Business Expectancy, Against Defendants NS and NPBL)

114.     Count VII of the Complaint was dismissed in the Court's Opinion and Order (Sep. 9, 2019) (D.E. 66).  No response to Paragraph 114 is required.  To the extent a response is required, see responses to Paragraphs 1 through 113.

115.     Count VII of the Complaint was dismissed in the Court's Opinion and Order (Sep. 9, 2019) (D.E. 66).  No response to Paragraph 115 is required.  To the extent a response is required, the Belt Line denies the allegations in Paragraph 115.

116.     Count VII of the Complaint was dismissed in the Court's Opinion and Order (Sep. 9, 2019) (D.E. 66).  No response to Paragraph 116 is required.  To the extent a response is required, the Belt Line denies the allegations in Paragraph 116.

117. Count VII of the Complaint was dismissed in the Court's Opinion and Order (Sep. 9, 2019) (D.E. 66). No response to Paragraph 117 is required. To the extent a response is required, the Belt Line denies the allegations in Paragraph 117.

## COUNT VIII
**(Statutory Business Conspiracy, Va. Code § 18.2-499, Against Defendants NS and NPBL)**

118. See responses to Paragraphs 1 through 117.

119. The Belt Line denies the allegations in Paragraph 119 of the Complaint.

120. The Belt Line denies the allegations in Paragraph 120 of the Complaint.

121. The Belt Line denies the allegations in Paragraph 121 of the Complaint.

## COUNT IX
**(Civil Conspiracy, Against Defendants NS and NPBL)**

122. See responses to Paragraphs 1 through 121.

123. The Belt Line denies the allegations in Paragraph 123 of the Complaint.

124. The Belt Line denies the allegations in Paragraph 124 of the Complaint.

125. The Belt Line denies the allegations in Paragraph 125 of the Complaint.

## CSXT PRAYER FOR RELIEF

126. The Belt Line denies that CSXT is entitled to any of the relief requested in its Complaint.

## AFFIRMATIVE DEFENSES

1. All or part of CSXT's claims against the Belt Line are barred under the applicable statutes of limitations or the doctrine of laches.

2. CSXT has failed to mitigate its damages.

3. Contrary to the allegations in the Complaint, CSXT sought a preferential rate in exchange for certain consideration unique to CSXT, which the Belt Line cannot grant under its

governing documents.

4.      Actions approved or required to be approved by the Surface Transportation Board, including those alleged in the Complaint, cannot be the basis for a cause of action against the Belt Line.

5.      The Belt Line is legally incapable of conspiring with its controlling majority shareholder.

6.      The Belt Line did not exclude CSXT from any market.

7.      The actions of the Belt Line were at all times reasonable under the circumstances.

8.      The Belt Line may also rely on all affirmative defenses asserted by other Defendants and reserves the right to assert any additional affirmative defenses that develop as a result of discovery.

## CONCLUSION

WHEREFORE, Norfolk and Portsmouth Belt Line Railway Company respectfully requests that the Court enter judgment in its favor against CSX Transportation, Inc., award the Belt Line its costs and fees, and grant the Belt Line all other just relief.

Dated:  September 23, 2019           NORFOLK AND PORTSMOUTH
                                     BELT LINE RAILROAD COMPANY


                                     By: _____/s/ W. Ryan Snow_____
                                     James L. Chapman, IV, VSB No. 21983
                                     W. Ryan Snow, VSB No. 47423
                                     Darius K. Davenport, VSB No. 74064
                                     David C. Hartnett, VSB No. 80452
                                     CRENSHAW, WARE & MARTIN, P.L.C.
                                     150 W. Main Street, Suite 1500
                                     Norfolk, Virginia 23510
                                     Telephone: (757) 623-3000
                                     Facsimile: (757) 623-5735
                                     jchapman@cwm-law.com

14

wrsnow@cwm-law.com
ddavenport@cwm-law.com
dhartnett@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt*
*Line Railroad Company*

### CERTIFICATE OF SERVICE

I certify that on this 23rd day of September 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a "Notice of Electronic Filing" to all counsel of record who have consented to electronic service.

           /s/ W. Ryan Snow
W. Ryan Snow, VSB No. 47423
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com