UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., individually and on behalf of NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> NORFOLK SOUTHERN RAILWAY COMPANY, NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY, JERRY HALL, THOMAS HURLBUT, PHILIP MERILLI, and CANNON MOSS, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 2:18-cv-00530-MSD

STIPULATED PROTECTIVE ORDER GOVERNING
THE HANDLING OF CONFIDENTIAL INFORMATION AND
THE NON-WAIVER OF INFORMATION SUBJECT TO ATTORNEY-CLIENT
PRIVILEGE AND/OR WORK PRODUCT PROTECTION
PURSUANT TO FED. R. EVID. 502(d)

THIS MATTER came before the Court on the Joint Motion for Entry of Stipulated

Protective Order Governing the Handling of Confidential Information and the Non-Waiver of

Information Subject to Attorney-Client Privilege and/or Work Product Protection Pursuant to Fed.

R. Evid. 502(d) ("Joint Motion") filed by plaintiff CSX Transportation, Inc. ("CSXT"), and

defendants Norfolk Southern Railway Company ("NS"), Norfolk & Portsmouth Belt Line Railroad

Company ("NPBL"), Jerry Hall, Thomas Hurlbut, Philip Merilli, and Cannon Moss (each a

"Party," and collectively, the "Parties").  Pursuant to Federal Rule of Civil Procedure 26(c) and

Federal Rule of Evidence 502(e), the Parties, through their respective attorneys, hereby jointly

request that the following Order be entered in the above-captioned case (the "Action") to govern:

1

(i) the exchange of discovery material by the Parties and/or by third parties, (ii) the use or exhibition of documents and things during discovery, (iii) testimony containing trade secrets or confidential or proprietary research, development, technical, financial, strategic, competitive, customer, or commercial information, as well as other kinds of commercially sensitive information within the meaning of Fed. R. Civ. P. 26(c)(1)(G), and (iv) the non-waiver of information subject to attorney-client privilege and/or work product protection.

The Parties and this Court agree that the disclosure of such commercially sensitive information poses a substantial risk of harm to the legitimate proprietary interests of the Parties and third parties. Therefore, good cause exists for entry of this Order to preserve the confidentiality of certain documents and information, to outline procedures for and reasonable restrictions on the disclosure of sensitive materials, and to permit discovery to proceed without delay. The Parties and this Court further agree that good cause exists for entry of this Order to protect the Parties to the Action, to the fullest extent permissible by law, against any waiver of any attorney-client privilege and/or work product protection in this or any other federal or state proceeding that might otherwise arise from the disclosure, production, or exchange of information in this Action, and to outline procedures for handling the clawback of such protected information.

Accordingly, the Court hereby enters the following Order, which shall control (i) the disclosure, dissemination, and use of confidential and/or proprietary information in this Action, and (ii) the clawback of information subject to attorney-client privilege or work product protection following the disclosure of the same, which shall be deemed a non-waiver:

## PROTECTION OF CONFIDENTIAL INFORMATION

1.     This Order shall govern confidential and/or proprietary information disclosed during discovery in this Action, including, but not limited to, documents, things, requests, and

2

responses to requests for production of documents and things, interrogatory answers, deposition testimony, answers to requests for admissions, expert reports, requests and responses to discovery demands, as well as any copies, notes, abstracts, or summaries of such information. The provisions of this Order shall not affect, and this Order does not limit, the use or admissibility of such protected information or material or references to such information or material as evidence at trial, or during a hearing or similar proceeding in this Action or as part of the record on appeal, provided that any Party may seek an appropriate Court Order to protect such material.

2. Except with the prior written consent of the producing Party ("Producing Party"), any Material that the Producing Party designates as CONFIDENTIAL or CONFIDENTIAL— ATTORNEYS EYES ONLY shall be considered "Protected Material" and shall not be disclosed to any person or used for any purpose except as expressly permitted in this Protective Order. The Producing Party may designate as "CONFIDENTIAL" any Material that it produces in this Action which contains confidential, non-public financial, sales, marketing, customer or cost/pricing information, and confidential and proprietary internal business, strategic planning, or tactical information, as well as any other information or record that the Producing Party believes in good faith must or may be protected from disclosure in accordance with the Federal Rules of Civil Procedure or other applicable law (collectively "Confidential Material"). Any Party to this Litigation, or any third party who elects to be covered by this Protective Order, may designate Material as "CONFIDENTIAL—ATTORNEYS EYES ONLY" to the extent it qualifies for designation as CONFIDENTIAL and, in addition, if the designating Party believes in good faith that disclosure to the Parties would create a substantial risk of serious injury to the designating Party ("Confidential—Attorneys Eyes Only Material"). Confidential Material and Confidential – Attorneys Eyes Only Material are collectively "Protected Material" under this order.

3. The Parties submit that the following categories of information that may be discovered under this Protective Order may qualify as trade secrets or some other properly demarcated category of legitimately confidential information and accordingly may be Confidential Material or Confidential—Attorneys Eyes Only Material, regardless of the form such information may take, including, but not limited to, documents, things, requests and responses to requests for production of documents and things, interrogatory answers, deposition testimony, answers to requests for admissions, expert reports, and other requests and responses to discovery demands, as well as any copies, notes, abstracts, or summaries of such information, whether produced informally or in response to requests for production of documents or things, interrogatories, requests for admissions, or other formal methods of discovery:

- Research and development data;

- Pricing information, including sales and profits;

- Financial data, including sales, marketing, and costs data;

- Confidential business information; and/or

- Identities and lists of customers and vendors.

4. If discovery is sought from a non-party to this Action, the words "Party" and "Parties" herein shall be read to include that non-party once that non-party informs the Parties to this Action in writing or by e-mail that it is invoking the terms of this Protective Order. Any such non-party shall have all the rights and all the responsibilities set forth under this Protective Order, including the responsibilities with respect to any material designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY that it receives. Additionally, any such non-party shall have standing to appear in this Action to file motions and oppose motions, as necessary, to protect such non-party's rights in its Confidential Material.

5.      Each Party and all other persons bound by the terms of this Protective Order shall use material designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY by any Party other than itself solely for the purpose of this Action, and not for any other purpose whatsoever. The receiving Party ("Receiving Party") shall not make any copies, duplicates, extracts, summaries, or descriptions of Confidential Material except as may be reasonably necessary in the litigation of this Action. This Order shall be fully applicable to all such copies, duplicates, extracts, summaries, or descriptions of Confidential Material.

6.      Confidential Material that is produced by a Party shall be clearly marked or stamped with the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS EYES ONLY." Such legend shall be placed on every page of a multi-page document. Such legend need not be placed on the original document of the Producing Party but instead may be placed upon copies produced or exchanged. Subject to the exceptions set forth below in this Protective Order, as to each document or portion so marked, the Receiving Party shall not disclose such document or portion or the contents thereof to others unless by specific order of this Court or by written consent of the Producing Party. All Confidential Material not reduced to documentary or tangible form or which cannot be conveniently designated in the manner set forth above, such as models or electronic files, shall be designated by the Producing Party by informing the Receiving Party in writing and/or by so labeling the media on which electronic files are produced.

7.      Interrogatories or the answers thereto, requests for admissions or the responses thereto, motions, briefs, memoranda, correspondence, and other documents prepared, produced, served, and/or filed in connection with this Action, or portions of the foregoing, containing Confidential Material or quoting or referring to the substance of any Confidential Material may be similarly designated or treated as CONFIDENTIAL in accordance with the provisions and

procedures of this Protective Order.

8.      All or part of any oral or written deposition testimony may be designated CONFIDENTIAL either (a) at the time the testimony is given, or (b) within eight (8) days following receipt of a transcript by written notice to the court reporter, with a copy of the notice to counsel for each Party to the Action of the specific pages and lines of the transcript that contain Confidential Material. Such written notification shall then be attached by the Receiving Party and/or the reporter to the transcript and each copy thereof in its possession, custody, or control. All deposition transcripts shall be treated as CONFIDENTIAL in their entirety until eight (8) business days following receipt of the transcript unless receipt of confidentiality designations is received earlier. Deposition exhibits previously designated CONFIDENTIAL need not be re-designated to retain their status as Confidential Material. If a Party designates an entire deposition as CONFIDENTIAL, that Party shall, within eight (8) days of receiving a copy of the deposition transcript, de-designate any non-confidential portions or confirm in writing that the entire transcript shall remain designated CONFIDENTIAL.

9.      In the event the Producing Party elects to produce Confidential Material for inspection, as opposed to, for example, delivering documents or things, no marking need be made by the Producing Party in advance of the inspection if the Producing Party otherwise informs the Receiving Party of its intention to so designate the produced material, and all information produced for inspection shall be treated as CONFIDENTIAL during the inspection. Thereafter, upon selection by the inspecting Party of specified documents or things for copying, the copies of such documents that contain Confidential Material shall be marked appropriately.

10.     Information that becomes available to a Party via inspection, measuring, analyzing, or testing of any sample or thing marked CONFIDENTIAL or which is prepared or derived by

utilizing such a sample or thing shall also be considered to be CONFIDENTIAL.

      11.    Absent written consent from the Producing Party or unless otherwise directed by the Court, Protected Material may be disclosed only to the following persons:

      a.  Individuals who are Party to this action in their individual capacities;

      b.  With respect to business entities who are Party to this action, no more than two individuals employed by the Receiving Party who are directly and actively involved in assisting with the prosecution or defense of this Litigation, whose identities have been previously disclosed to the Parties, and who must have agreed to be bound by this Protective Order by signing a confidentiality agreement substantially in the form of Attachment A (the "Business Personnel"), except that, upon the Receiving Party's identification of Business Personnel, the Producing Party shall have five (5) days to petition the Court to challenge such designation. Until the Court issues a decision, no Confidential Material shall be disclosed to such Business Personnel without prior written consent of the Producing Party;

      c.  Outside counsel of record for the Parties;

      d.  In-house counsel for the Parties who are actively involved in assisting with the prosecution or defense of this Litigation;

      e.  Outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties by their outside counsel to assist in the preparation of this case;

      f.  Outside photocopying, graphic production services or litigation support services employed by the Parties' counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

g.  The Court, court reporters, videographers, stenographers, and court personnel;

h.  The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation; and

i.  Any person who is an employee of the Producing Party, or a former employee of the Producing Party (if they were employed by the Producing Party when the Confidential Material was created).

12.  Absent prior written consent from the Producing Party or unless otherwise directed by the Court, Confidential-Attorneys Eyes Only Material may be disclosed only to the following persons:

a.  Outside counsel for the Receiving Party, their employees and outside photocopying, graphic production services or litigation support services assisting such counsel, and computer service personnel performing duties in relation to a computerized litigation system;

b.  The Court, court reporters, videographers, stenographers, and court personnel, as are necessarily incident to depositions, hearings or trial;

c.  Outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties by their outside counsel to assist in the preparation of this case; and

d.  Any person who is an employee of the Producing Party, or a former employee of the Producing Party (if they were employed by the Producing Party when the AEO Material was created).

13.  If any Party believes in good faith that its in-house counsel who are actively

involved in assisting with the prosecution or defense of this Litigation, or if an individual, the Party himself, requires access to Confidential-Attorneys Eyes Only Material to effectively assist in this Litigation, the Party may provide written notice to the designating Party, identifying in good faith specific, limited Confidential-Attorneys Eyes Only Material to which it believes such access is required. The designating Party shall consider any such request in good faith and, to the extent feasible and not unduly burdensome, produce a second version of the specified Confidential-Attorneys Eyes Only Material that redacts discrete pieces of information, such as specific figures, statements, or information that the designating Party in good faith believes warrant a designation of CONFIDENTIAL—ATTORNEYS EYES ONLY. The redacted version shall be subject to the same restrictions and protections as Confidential-Attorneys Eyes Only Material, except that it may be disclosed to in-house counsel or individual defendant who is/are actively involved in assisting with the prosecution or defense of this Litigation. To the extent the Parties cannot after good faith efforts reach agreement on any such request, either Party may seek appropriate relief from the Court.

14. Outside experts and consultants shall not be permitted access to material designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY unless and until they agree in writing to be bound by this Protective Order by signing a confidentiality agreement substantially in the form of Attachment A. Disclosing outside counsel shall retain the original of all executed confidentiality agreements.

15. No disclosure of Confidential Material or Confidential-Attorneys Eyes Only Material shall be made by any person authorized to have access thereto to any person who is not authorized for such access under this Protective Order. The Parties shall safeguard all designated material to protect against disclosure to any unauthorized persons or entities.

9

16.    Should any Receiving Party file any Confidential Material or Confidential-Attorneys Eyes Only Material with the Court, that Party must file a separate and specific motion filing that material under seal pursuant to Local Civil Rule 5 of the United States District Court for the Eastern District of Virginia ("Local Civil Rules"). The filing Party must comply with Local Civil Rule 5 and its procedures. Further, with regard to material filed under seal, the Parties shall (a) follow the procedures set forth by this Court and Local Civil Rule 5 and (b) shall file a redacted version where possible of the filed document in compliance with the CM/ECF Procedures of the Court and Local Civil Rule 5.

17.    The Parties shall limit their CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY designations solely to information which they in good faith believe to fall within the scope of this Protective Order. No Receiving Party shall be under any obligation to object to the designation of any document or information at the time such designation is made or at any time thereafter, and no Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

18.    Should any material designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY under this Protective Order be disclosed through Inadvertent/Mistaken Disclosure by the Receiving Party to any person not entitled to receive the material, there shall be no waiver or loss of confidentiality. The inadvertently/mistakenly disclosing Party shall immediately inform counsel for the Producing Party of the Inadvertent/Mistaken Disclosure. The inadvertently/mistakenly disclosing Party shall also exercise all reasonable efforts to retrieve any such Confidential Material or to Confidential-Attorneys Eyes Only Material disclosed to persons not authorized to receive the Confidential Material or to Confidential-Attorneys Eyes Only Material under this Protective Order and to ensure

10

that no further or greater unauthorized or Inadvertent/Mistaken Disclosure and/or use thereof is made.

19.     A Party may object to the designation of particular "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS EYES ONLY" information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection, it shall be the obligation of the Party designating the information as "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEYS EYES ONLY" to file an appropriate motion within ten (10) business days after the notice is received requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as designated by the Producing Party under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation and shall not thereafter be treated in accordance with this Protective Order. In connection with the motion filed under this provision, the Party designating the information as "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEYS EYES ONLY" shall bear the burden of establishing that good cause exists for the disputed information to be so designated and treated under the terms of this Protective Order.

20.     A designation of Confidential Material or Confidential-Attorneys Eyes Only Material may be made at any time as to materials produced during the litigation. The inadvertent, mistaken, or unintentional disclosure ("Inadvertent/Mistaken Disclosure") by the Producing Party of Confidential Material or to Confidential-Attorneys Eyes Only Material without having so designated the material shall not be deemed a waiver in whole or in part of Producing Party's claim of confidentiality if written notice is given to the Receiving Party promptly after the

11

discovery of the Inadvertent/Mistaken Disclosure and/or non-designation. Within five (5) business days of providing such written notice of the Inadvertent/Mistaken Disclosure and/or non-designation, the Producing Party shall re-produce appropriately designated materials, and the material that was inadvertently/mistakenly disclosed and/or non-designated and all copies thereof shall be immediately returned to the Producing Party or destroyed. Upon receipt of written notice of Inadvertent/Mistaken Disclosure and/or non-designation under this paragraph, the Receiving Party shall exercise all reasonable efforts to retrieve and/or limit disclosure of the Confidential Material or to Confidential-Attorneys Eyes Only Material to persons not authorized to receive such materials under this Protective Order.

21.     The restrictions set forth in this Order regarding the protection of confidential information shall not apply or shall cease to apply to any material or information that:

      a.  at the time of disclosure hereunder, was already lawfully in the possession of the Receiving Party and was not acquired from any third party under obligation of confidence to the Producing Party;

      b.  after disclosure hereunder, is acquired by the Receiving Party from a third party lawfully possessing the same and having no obligation to the Producing Party hereunder;

      c.  after disclosure hereunder, is developed by the Receiving Party independently of any Confidential Material or to Confidential-Attorneys Eyes Only Material obtained from the Producing Party;

      d.  after disclosure hereunder, is disclosed to a third party by the Producing Party without an obligation of confidentiality;

      e.  prior to the disclosure, was available to the public, or subsequent to the disclosure,

has become available to the public through no fault of the Receiving Party; or

f.  that is used or admitted in open court without objection; the Parties shall be permitted to raise any objections until the Parties' deadline to file with the Court a notice of intent to request redaction of the transcript of the Court proceeding.

22.  Nothing contained in this Order shall be construed to require production of Confidential Material or to Confidential-Attorneys Eyes Only Material deemed to be privileged or otherwise protected from discovery.

23.  Nothing contained in this Protective Order shall be construed to require production of material the disclosure of which would breach an express or implied agreement by the disclosing Party with a third party to maintain such information in confidence, but such withheld materials will be properly identified by disclosing Party on a privilege log.

24.  Nothing contained in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the Party designating the material CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY consents to such disclosure or if the Court orders such disclosure.

25.  At the conclusion of this Action, including any appeals, the originals and all copies of Protected Material, including electronic copies and including those provided to outside experts and other third parties, but excluding those provided to the Court, shall be returned to the Producing Party or destroyed, at the election of the Producing Party, except that neither Party nor the Court shall be obliged to return or destroy any materials or any photocopies thereof that were: (a) admitted into evidence at trial or at any hearing; or (b) incorporated, as an exhibit, appendix, or otherwise, as part of a document filed with or submitted to the Court. To the extent the communication or information in question may exist on any computer or back-up media which

13

cannot be reasonably deleted, it may be retained until such time as the media is subject to routine deletion or destruction, provided that no person attempts to access the contents of the communication or information unless allowed under the terms of this Order. Notwithstanding this provision, counsel shall be entitled, without violating this Protective Order, to retain archival copies of pleadings, affidavits, declarations, motions, briefs, expert reports, correspondence (including email and internal correspondence), any other papers or materials filed with the Court, deposition transcripts, the trial record, and attorney work product (regardless of whether such materials contain or reference information designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY), and any attachments or exhibits to any such categories of documents, so long as the materials are governed by this Protective Order. Written certification of compliance with these post-conclusion requirements shall be provided to the Producing Party not later than sixty (60) days after final termination of this Action. Any Party's failure to provide such post-conclusion certification of compliance may be relied upon by the Producing Party as such certification.

26. The terms of this Order shall survive the final termination of this Action to the extent that any Protected Material is not or does not become publicly available.

27. This Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors and other persons or organizations over which they have control.

28. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to the attorney's party-client with respect to this Action, and in the course thereof, relying upon an examination of material designated CONFIDENTIAL—ATTORNEYS EYES

14

ONLY, provided that, however, in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose any material designated CONFIDENTIAL—ATTORNEYS EYES ONLY or the substance of such material to anyone not authorized by this Protective Order to receive such material.

29.     This Order is not intended to govern the use of material designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY at the trial of this Action. Procedures governing the use of material designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY at trial will, if necessary, be established by separate order, pursuant to application to the Court by one or more of the Parties, after the Parties have met and conferred in a good faith attempt to reach agreement on the terms of such an order. Nothing in this Protective Order shall preclude any Party from moving the Court to seal the courtroom, trial exhibits, or trial transcript in order to preserve the confidential nature of any material designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY.

30.     This Order may be amended by further order of the Court and is without prejudice to the rights of any Party to move for relief from any of its provisions or to seek or agree to different or additional protection for any particular material or information.

31.     If another court or an administrative agency subpoenas or orders production of material designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY that a Party has obtained under this Protective Order, such Party shall promptly notify the designating Party of the pendency of such subpoena or order.

32.     Each person or entity who receives any material designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under,

compliance with, or violation of this Protective Order. This provision will not waive or be considered relevant to the subject matter and personal jurisdiction defenses raised by any defendant.

## NON-WAIVER OF PRIVILEGE AND OTHER PROTECTIONS

33. Pursuant to Fed. R. Evid. 502(d), the disclosure or production of a communication or information protected by the attorney-client privilege, work product doctrine, and/or any other privilege or immunity that is made in connection with this Action shall not constitute a waiver of any claim of attorney-client privilege, work product protection, and/or other privilege or immunity available with respect to that communication or information in this or any other federal or state proceeding under any circumstances. This Order applies regardless of whether the communication or information disclosed or produced describes or relates to this Action.

34. A Receiving Party is under a good faith obligation to promptly alert a Producing Party if a communication or information is disclosed or produced by the Producing Party that appears to be protected by the attorney-client privilege, work product doctrine, and/or any other privilege or immunity on its face or in light of facts known to the Receiving Party.

35. To effectuate a clawback, upon learning of the production of privileged or otherwise protected communications or information, the Producing Party who made the disclosure shall send written notice of the production to all Receiving Parties. The Producing Party need not provide any explanation or evidence regarding the reasonableness of the efforts taken to prevent production, and the Receiving Parties agree not to challenge the reasonableness of such efforts. The notice shall identify the communication or information that was produced (including the format of the production—e.g., paper, electronically stored information) and the date(s) of production. If the Producing Party claims that only a portion of the communication or information

16

is protected, the Producing Party shall provide a new copy of the communication or information with the allegedly privileged or protected portions redacted.

36.     Within five (5) business days of sending the written notice, the Producing Party also shall provide the Receiving Parties with a privilege log for the communication or information providing the following information: date, author(s), custodian(s), recipient(s), file type, and subject (to the extent the subject does not reveal protected content). In addition, the Producing Party shall also provide for each document on their privilege log an identifier for the privilege being asserted (e.g., "ACP" for attorney-client privilege, "WP" for work product, or other descriptions as necessary based on the specific privilege being claimed), a description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity, the Bates range for the document(s), and a unique document number/identifier that need not be formatted as, or consecutive with, Bates numbers of produced documents (e.g., "Def_Priv_00001").

37.     Upon determination that a communication or information received is privileged or protected in whole or in part, or upon receipt of notice from the Producing Party that a privileged or protected communication or information has been disclosed or produced, a Receiving Party must promptly: (a) return and/or destroy the original and all copies, including any electronic copies, of the protected communication or information; (b) destroy all notes or other work product reflecting or referring to the content of such material; and (c) certify in writing that the Receiving Party has complied with this section. To the extent the communication or information in question may exist on any computer or back-up media which cannot be reasonably deleted, it may be retained until such time as the media is subject to routine deletion or destruction, provided that no

person attempts to access the contents of the communication or information unless allowed under the terms of this Order.  If a Receiving Party used, shared, or disclosed the communication or information prior to notification, it must take reasonable steps to retrieve and prevent further use or distribution of the communication or information.  This duty expires only if this Court rules that the communication or information is not privileged or protected.

38.    If a Receiving Party contests the claim of privilege or other protection in good faith, then within ten (10) business days of receiving the Producing Party's notice, it may move for a ruling that the communication or information is not protected by the attorney-client privilege, work product protection and/or other privilege or immunity.  Pending resolution of said motion, a Receiving Party may retain a single copy of the communication or information subject to the motion in a secure location, but it may not be used, shared or disclosed in any way prior to the Court's resolution of the motion, except among counsel for use as to the motion.  If the Court denies the motion contesting the claim of privilege or other protection, then within ten (10) business days of the Court's Order, the Receiving Party must promptly (a) return and/or destroy the original and all copies, including any electronic copies, of the protected communication or information; (b) destroy all notes or other work product reflecting or referring to the content of such material; and (c) certify in writing that the Receiving Party has complied with this section.

39.    Nothing in this Order shall be construed to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance and responsiveness and/or require the production of any communication or information that a Party contends is covered by the attorney-client privilege and/or the work product protection.

40.    Until such time as this Order has been entered by the Court, the Parties agree that, upon execution by the Parties, it will be treated as though it had been "So Ordered."

18

It is so ORDERED.

Date: _October 29, 2019_

Norfolk, Virginia

/s/

Lawrence R. Leonard

United States Magistrate Judge

United States Judge

**CSX TRANSPORTATION, INC.**

Date:    October 25, 2019

By its attorneys,

/s/
_____
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87963)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Tel. (757) 640-3716
Fax (757) 640-3930
rmcfarland@mcguirewoods.com
bhatch@mcguirewoods.com
jnoonan@mcguirewoods.com

**NORFOLK SOUTHERN RAILWAY COMPANY**

Date:    October 25, 2019

By its attorneys,

/s/
_____
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Tel. (804) 697-1200
Fax (804) 698-6061
alan.wingfield@troutman.com
michael.lacy@troutman.com

John C. Lynch (VSB No. 39267)
Elizabeth S. Flowers (VSB No. 78487)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Tel. (757) 687-7537
Fax (757) 687-1546
liz.flowers@troutman.com

Monica McCarroll (VSB No. 45622)
REDGRAVE LLP
14555 Avion Parkway, Suite 275
Chantilly, Virginia 20151
Tel. (703) 592-1154
Fax (703) 230-9859
MMcCarroll@redgravellp.com

**NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY**

Date:    October 25, 2019

By its attorneys,

/s/ _____
James L. Chapman IV (VSB No. 21983)
W. Ryan Snow (VSB No. 47423)
Darius K. Davenport (VSB No. 74064)
David C. Hartnett (VSB No. 80452)
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, Virginia 23510
Tel. (757) 623-3000
Fax (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
ddavenport@cwm-law.com
dhartnett@cwm-law.com

**JERRY HALL, THOMAS HURLBUT, and PHILIP MERILLI**

Date:    October 25, 2019

By its attorneys,

/s/ _____
Hugh M. Fain III (VSB No. 26494)
M.F. Connell Mullins Jr. (VSB No. 47213)
John M. Erbach (VSB No. 76695)
SPOTTS FAIN P.C.
411 East Main Street, Suite 600
Richmond, Virginia 23219
Tel. (804) 697-2000
Fax (804) 697-2100
hfain@spottsfain.com
cmullins@spottsfain.com
jerbach@spottsfain.com

**CANNON MOSS**

Date:    October 25, 2019

By his attorneys,

/s/ _____
W. Edgar Spivey (VSB No. 29125)
Clark J. Belote (VSB No. 87310)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
Tel. (757) 624-3000
Fax (757) 360-9092
wespivey@kaufcan.com
cjbelote@kaufcan.com