**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**CSX TRANSPORTATION, INC.,**
**individually and on behalf of**
**NORFOLK AND PORTSMOUTH BELT LINE**
**RAILROAD COMPANY,**

        **Plaintiff,**

**v.**                           **Civil Action No. 2:18-cv-530-MSD-LRL**

**NORFOLK SOUTHERN RAILWAY COMPANY, *et al.*,**

        **Defendants.**

**MEMORANDUM IN SUPPORT OF DEFENDANT NORFOLK AND**
**PORTSMOUTH BELT LINE RAILROAD COMPANY'S MOTION**
**FOR PARTIAL SUMMARY JUDGMENT ON DAMAGES**

Defendant Norfolk and Portsmouth Belt Line Railroad Company (the "Belt Line"), by

counsel, submits this memorandum in support of its motion for partial summary judgment as to all

monetary damages asserted by plaintiff CSX Transportation Inc. ("CSXT").

## INTRODUCTION

CSXT seeks damages it allegedly suffered based on the rate the Belt Line charges to carry

intermodal freight cars to Norfolk International Terminals.  CSXT has never provided any

information regarding the monetary damages it supposedly sustained.  It was required to provide

that information in its Rule 26(a)(1) initial disclosures on November 8, 2019, but failed to do so.

At this point, more than a year into the case, the Defendants still have no information at all as to

the monetary damages CSXT seeks.

The consequence of CSXT's failure is controlled by Rule 37:  CSXT cannot rely on

evidence that it failed to provide in its initial disclosures.  In fact, this Court has granted partial

summary judgment in exactly such circumstances—not at the end of a case, but on a motion filed

after the initial disclosure deadline and just one day after the Court ruled on a motion to dismiss. *See American Type Culture Collection v. Armanino, LLP*, 2018 U.S. Dist. LEXIS 135945, at *11 (E.D. Va. May 15, 2018) (citing *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595-96 (4th Cir. 2003). [1]  Because CSXT has failed to provide a computation of its damages as required by rule, and because the information necessary to perform that computation is entirely within CSXT's control, and because CSXT's failure is not substantially justified or harmless, CSXT can present no evidence to support its claims for monetary damages.  The Belt Line is therefore entitled to summary judgment as to all such claims.

## **BACKGROUND**

CSXT asserts five counts against the Belt Line:  two federal antitrust claims (Counts I and II), and Virginia law claims for tortious interference with a business expectancy (Count VII), statutory business conspiracy (Count XIII), and common-law civil conspiracy (Count IX).  Compl. (D.E. 1).  This Court previously dismissed Count VII.  *See* Op. and Order (D.E. 66).

All claims are asserted jointly and severally against the Belt Line and its majority stockholder, Norfolk Southern Railway Company.   CSXT demands unspecified monetary damages.  The injuries it asserts are based exclusively on allegations that, for approximately the last 10 years, CSXT has had to pay excessive prices for carriage of intermodal containers to NIT. *See, e.g.*, Compl. ¶¶ 84, 89, 90, 120, 124 (D.E. 1).  CSXT alleges it proposed alternative rates twice, first in 2010 and again in 2018.

On September 9, 2019, this Court issued an Opinion and Order on the Defendants' various motions to dismiss.  In discussing the statute of limitations, the Court outlined the damages that

---

[1]      The *American Type* opinion at 2018 U.S. Dist. LEXIS 135945 is attached as **Appendix 1**.

CSXT must show to support its claims, first based on its 2018 proposal and second based on the

Belt Line's uniform rate itself:

> In particular, it is alleged that in 2018, CSX presented a proposal to Defendants at the Belt Line Board and Stockholders meeting, and the Defendants declined to evaluate or vote upon such proposal. The Complaint alleges that this constituted a new wrongful act, and the statute of limitations began accruing upon the wrongful act. New damages flow from this wrongful act — the Plaintiff's expectation damages, *which is what Plaintiff's profits would have been if Defendants had accepted the proposal minus what Plaintiff's profits actually were*. These damages are distinct from the Defendants' alleged 2008 wrongful act. The damages for the 2008 wrongful act of setting the Uniform Rate would be *the difference in CSX's profit if the parties had set the Uniform Rate at a fair market rate in 2008 minus CSX's actual profit.*

Op. and Order, p. 38 (D.E. 66) (emphasis added).

The information necessary to perform the computations described in the Court's Opinion

and Order – that is, the difference in profit for CSXT – is entirely in CSXT's possession, and it

has been for the last 10 years.  CSXT is uniquely positioned to know its own intermodal container

traffic volume at NIT, its actual profits, and its potential profits based on its proposals.

On November 8, 2019, the parties served their initial disclosures as required by Federal

Rule of Civil Procedure 26 and the Rule 26(f) Pretrial Order (D.E. 72).  A copy of CSXT's initial

disclosures is attached hereto as **Exhibit A**. [2]  The parties also commenced discovery as directed

by the Court (D.E 72, 78).  CSXT failed to provide any computation of damages whatsoever – a

qualitative void that is no different for the Defendants than disclosing no damages at all.  Based

on those disclosures, the Belt Line brings the instant Motion for Partial Summary Judgment.

---

[2]    CSXT designated its Rule 26(a)(1) initial disclosures.  In accordance with the Stipulated Protective Order, the Belt Line is moving to have the disclosures filed under seal.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      In its Complaint, CSXT demands, "That this Court award CSXT . . . actual, consequential, and compensatory damages, and treble damages."  D.E. 1 at p. 40.

2.      The Belt Line's Board of Directors set the current rate of $210 per loaded freight car for line haul switching in 2009.  *See* D.E. 1 at p. 11.

3.      In its Rule 26(f) Pretrial Order, this Court ordered that, "The parties shall complete the initial disclosures set forth in Rule 26(a)(1) on or before November 8, 2019."  D.E. 72 at p. 2.

4.      CSXT, in its initial disclosures, states, "███████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ███████████"  CSXT Initial Disclosures, p. 9 (**Exhibit A**).

5.      Rule 26(a)(1)(A)(iii), as cited by CSXT, requires that a party "must, without awaiting a discovery request, provide to the other parties:  . . .

> (iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; . . ."

6.      CSXT had 10 years since it allegedly was first injured by the Belt Line's rate, 9 years since CSXT's first rate proposal in 2010, and another 18 months since its second rate proposal in 2018 to compute its damages for this case. [3]

7.      CSXT had 13 months since it filed this lawsuit on October 4, 2018 to compute its damages for this case.

---

[3]      The durations are calculated through November 8, 2019, the date CSXT's Rule 26(a)(1) disclosures were due.  D.E. 72 at p. 2.

8. CSXT had 2 months since the Court ruled on the Motions to Dismiss on September 9, 2019 (D.E. 66) to compute its damages for this case.

9. CSXT had 6 weeks since the Court entered its Rule 26(f) Pretrial Order on September 27, 2019 (D.E. 72) to compute its damages for this case.

10. All of the information necessary to compute CSXT's damages is in CSXT's possession.

11. As of the date of this Motion, CSXT has never disclosed any amount or computation of its claimed monetary damages.

## **LEGAL STANDARD**

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Rule 26(a)(1)(A)(iii) provides, in pertinent part, as follows:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: … a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered….

Fed. R. Civ. P. 26(a)(1)(A)(iii).

Rule 37(c)(1) provides, in pertinent part, as follows: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The nondisclosing party has the burden of establishing that its failure to disclose was substantially justified or harmless. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003))

## ARGUMENT

CSXT failed to disclose any computation for the damages it alleges it suffered from any of the acts or omissions in the Complaint. Because it failed to make that disclosure, it is barred by "automatic sanction" from using any evidence to support its claim for damages at trial. *See* Fed R. Civ. P. 37(c).

CSXT's undisputed failure to provide its computation of damages is proper grounds for summary judgment on the issue of damages. *See American Type Culture Collection v. Armanino, LLP*, 2018 U.S. Dist. LEXIS 135945, at *11 (E.D. Va. May 15, 2018) (citing *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595-96 (4th Cir. 2003)). Rule 37(c)(1) forbids the use of any information required to be disclosed under Rule 26(a) that is not properly disclosed, unless such failure was substantially justified or harmless. *S. States*, 318 F.3d at 595-96. Importantly here, the exclusion of evidence under Rule 37(c)(1) is "automatic," as the Rule 37(c) advisory committee notes explain, and it "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." Fed. R. Civ. P. 37(c) advisory committee note (1993). Courts in other contexts have held that exclusion is an appropriate sanction for failure to make a required disclosure under Rule 26(a) even when a litigant's entire claim or defense would be precluded. *See, e.g., Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d

1101, 1106 (9th Cir. 2001) (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de P.R.*, 248 F.3d 29, 35 (1st Cir. 2001)).

Consistent with Rules 26(a) and 37(c), this Court has excluded damages and granted partial summary judgment in circumstances almost identical to this case—after the deadline for initial disclosures and just after the Court granted in part an denied in part a motion to dismiss.  *See American Type*, 2018 U.S. Dist. LEXIS 135945, at *11.  In *American Type*, the plaintiff's Complaint alleged, among other things, that plaintiff was owed "at least another $20 Million in long term damages to ATCC's customer and distributor relationships, and loss of prospective economic advantage in the future."  *Id*. at *5.  The Court ruled on the motion to dismiss shortly after the parties exchanged initial disclosures under Rule 26(a)(1).  *See* 1:17-cv-1235, D.E. 66. [4] The very next day, the defendant filed a motion for partial summary judgment, citing the plaintiff's failure to provide a computation under Rule 26(a)(1) as fatal to its $20 million damage claim.  *See* 1:17-cv-1235, D.E. 67.

While the plaintiff ultimately conceded it could not claim the $20 million, this Court held explicitly that, concession or not, those damages were not recoverable by application of Rules 26(a) and 37(c).  As the Court explained, "Additionally, plaintiff cannot recover the $20 million in long-term damages because plaintiff did not disclose its computation of damages as required by Rule 26(a)(1)(A)(iii), Fed. R. Civ. P. (requiring "a computation of any category of damages claimed by the disclosing party.")."  *American Type*, 2018 U.S. Dist. LEXIS 135945, at *11.  The Court continued, "Because Rule 37(c)(1), Fed. R. Civ. P., forbids the use of any information that is not properly disclosed, the $20 million in long-term damages is not recoverable."  *Id*. (citing *S.*

---

[4]      The docket report for the American Type case is attached as **Appendix 2**.

*States*, 318 F.3d at 595-96).   The Court concluded, "Accordingly, summary judgment must be granted on plaintiff's non-contract claim for $20 million in long-term damages." *Id.*

In this case, CSXT failed to provide any computation or documentary evidence of its purported monetary damages in its Rule 26(a)(1) disclosures.   Indeed, unlike the plaintiff in *American Type*, CSXT failed even to provide an estimated amount of those damages.  *See* CSXT Initial Disclosures, p. 9 (**Exhibit A**).   What is more, CSXT has had ample opportunity to perform and disclose that computation—10 years since CSXT was allegedly was first injured by the Belt Line's rate, over 14 months since CSXT filed this lawsuit, 16 weeks since the Court ruled on the Motions to Dismiss, and 13 weeks since this Court issued its Rule 26(f) Pretrial Order—but it never has. [5]   Under Rules 26(a) and 37(c), just as this Court ordered in *American Type*, it should enter summary judgment against CSXT on all claims for monetary damages.

As evidenced by *American Type* and confirmed by the Fourth Circuit in *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014), a district court does not have to make explicit findings as to whether a party's failure to disclose was substantially justified or is harmless.   And while the Fourth Circuit, in *Southern States*, articulated five factors that the district court "should" consider in making that determination—"(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence"—the district court is not required to "tick through" each of those factors.  *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) ("[T]he district court was not required to tick through each of the *Southern States* factors.  *Southern*

---

[5]        The parties attended the Rule 16(b) scheduling conference on October 25, 2019, two weeks before the Rule 26(a)(1) disclosure deadline.   CSXT never requested additional time or proffered any reason for being unable to provide the required computation and supporting documentation.

*States* explains that district courts have 'broad discretion' to decide harmlessness and 'should'—not 'shall'—'be guided by' the five factors."). Even examining those factors, though, it is evident that CSXT's failure to disclose any computation or documentary evidence of its purported damages was not substantially justified or harmless.

First, CSXT's failure has deprived the Defendants of a meaningful opportunity to conduct discovery as to CSXT's damages theory; any disclosure at this point would therefore cause unfair surprise. Second, as shown above, CSXT has had ample time to cure this surprise. Third, allowing CSXT to introduce evidence to support its claim for damages without disclosing it under Rule 26(a)(1) greatly prejudices the Defendants, who have no meaningful opportunity to prepare an adequate defense or rebuttal, and therefore would disrupt the scheduled trial. Fourth, knowing how CSXT computes and supports its damages is obviously of great importance to the Defendants. That it may be equally important to CSXT's case does not make the exclusion sanction any less appropriate. *See, e.g., Yeti* and *Ortiz-Lopez*, *supra*. Fifth, CSXT's stated explanation for its failure to disclose is ███████████████████ **Exhibit A**, an explanation that is expressly rejected in Rule 26(a): "A party must make its initial disclosures based on the information then reasonably available to it. *A party is not excused from making its disclosures because it has not fully investigated the case*…." Fed. R. Civ. P. 26(a)(1)(E) (emphasis added). CSXT's explanation is all the more unacceptable considering it has had all the information necessary to compute its damages for well over a year since it filed suit.

Accordingly, because CSXT's failure is neither substantially justified nor harmless, it may not use any evidence to support its claim for damages at trial.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Belt Line respectfully asks this Court to enter partial summary judgment dismissing all of CSXT's claims for monetary damages.

Dated:  January 2, 2020

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY**

By: _____*/s/ James L. Chapman, IV*_____

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Darius K. Davenport, VSB No. 74064
David C. Hartnett, VSB No. 80452
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
ddavenport@cwm-law.com
dhartnett@cwm-law.com
*Attorney for Norfolk and Portsmouth Belt Line Railroad Company*

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of January 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a "Notice of Electronic Filing" to all counsel of record who have consented to electronic service.

By: _____*/s/ James L. Chapman, IV*_____
James L. Chapman, IV, VSB No. 21983
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
*Attorney for Norfolk and Portsmouth Belt Line Railroad Company*