EDWARD J. POWERS, ESQ.
EPowers@VanBlackLaw.com
Licensed in New York, North Carolina and Virginia

# VANDEVENTER BLACK LLP

101 W. Main Street • 500 World Trade Center • Norfolk, VA 23510 • O: 757.446.8600 • F: 757.446.8670

December 23, 2019

**VIA EMAIL AND HAND-DELIVERY**
McGuireWoods
World Trade Center
101 W. Main Street, Suite 9000
Norfolk, VA 23510
ATTN: Rob McFarland, Esq.

Re:   Subpoena *Duces Tecum* to VIT in *CSX Transportation, Inc. v. Norfolk Southern Railway Co., et al.* matter
Our File No.:   000004-0000002

Rob:

As you know, my firm represents Virginia International Terminals, LLC ("VIT") regarding the Subpoena *Duces Tecum* served by CSX Transportation, Inc. upon VIT on December 9, 2019 (the "Subpoena"). VIT continues to be willing to work with you to locate and produce a narrowed set of documents relevant to the underlying action. VIT appreciates the efforts of your staff to narrow the requests to date and believes this production can continue to proceed in a cooperative fashion. As a means of preservation and pursuant to Federal Rule of Civil Procedure 45, VIT asserts the following objections to the Subpoena:

## OBJECTIONS TO SUBPOENA

1.   Documents sufficient to show intermodal port and rail infrastructure in and around Hampton Roads, Virginia.

**OBJECTIONS:**

**VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the over twelve-year time period specified in the request as well as the vague and overbroad nature of the request when it seeks documents "sufficient to show" the general subject matter listed. Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period and ambiguous scope of the request, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.**

Rob McFarland, Esq.
Page 2 of 16

        To the extent this request calls for documents protected by the attorney-client
and/or work product privileges, VIT also objects.

        2.      Data file(s) showing, for the time period from January 1, 2007 to the present, the

following:

                a.      The capacity and freight volumes for both rail and trucks by carrier, port of origin,

                        destination, and rates for freight shipped through NIT, VIG, and PMT;

**OBJECTIONS:**

        VIT objects to this request as it is overly broad, unduly burdensome, not allowing a
reasonable time to comply, and imposing an undue expense on VIT. VIT raises this
objection based on the over twelve-year time period specified in the request as well as the
vague and overbroad nature of the request when it seeks documents "showing" the general
subject matter listed. Such a request is not narrowly tailored to seek information and
documents relevant to the underlying suit. Given the extensive time period and ambiguous
scope of the request, the request would impose an undue burden and expense on VIT to
comply and compliance within the provided period is not sufficient without further
narrowing of the request.

        VIT further objects to this request as calling for information and documents
that are confidential and proprietary—this includes VIT's confidential and
proprietary information as well as the confidential and proprietary information it is
in possession of that belongs to its customers. This information includes primarily,
but is not limited to, the rates and terms and conditions of agreements between VIT
and its customers. In many instances, VIT is contractually bound to keep rates,
terms, contracts, and other information with its customers confidential.

        Even if Court ordered to provide the confidential and proprietary
information sought, VIT objects to the current protective order as insufficient to
protect its confidential and proprietary information. The protective order in place
does not sufficiently protect VIT's confidential and proprietary information as
expert witnesses are still permitted access to any disclosed documents. With a case
of this nature, VIT has every reason to believe that the industry experts retained in
this matter either work for now or will work for competitors in the future. Because
of this expert loophole in the protective order, VIT does not believe that its
confidential and proprietary information will be safe from competitors. Even if
documents are destroyed at the end of the case, the experts will still have the
knowledge of VIT's proprietary information such as rates and volumes by carrier
and (i) will be able to use that knowledge to their advantage when in other
circumstances such as advising competing entities when they negotiate contracts
with VIT's customers and competitors in the future, and (ii) release the information
into the marketplace, intentionally or otherwise. Such disclosure therefore would
put VIT (and its customers) at a competitive disadvantage in the marketplace. A

Rob McFarland, Esq.
Page 3 of 16

non-party should not be put through the risk of such potential harm simply because it is served with a subpoena.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

> b. Drayage of intermodal containers to or from NIT, VIG, and PMT to any intermodal facility where the containers were loaded on or off trains;

**OBJECTIONS:**

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the over twelve-year time period specified in the request as well as the vague and overbroad nature of the request when it seeks documents "showing" the general subject matter listed. Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period and ambiguous scope of the request, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

VIT further objects to this request as calling for information and documents that are confidential and proprietary—this includes VIT's confidential and proprietary information as well as the confidential and proprietary information it is in possession of that belongs to its customers. This information includes primarily, but is not limited to, the rates and terms and conditions of agreements between VIT and its customers. In many instances, VIT is contractually bound to keep rates, terms, contracts, and other information with its customers confidential.

Even if Court ordered to provide the confidential and proprietary information sought, VIT objects to the current protective order as insufficient to protect its confidential and proprietary information. The protective order in place does not sufficiently protect VIT's confidential and proprietary information as expert witnesses are still permitted access to any disclosed documents. With a case of this nature, VIT has every reason to believe that the industry experts retained in this matter either work for now or will work for competitors in the future. Because of this expert loophole in the protective order, VIT does not believe that its confidential and proprietary information will be safe from competitors. Even if documents are destroyed at the end of the case, the experts will still have the knowledge of VIT's proprietary information such as rates and volumes by carrier and (i) will be able to use that knowledge to their advantage when in other circumstances such as advising competing entities when they negotiate contracts with VIT's customers and competitors in the future, and (ii) release the information into the marketplace, intentionally or otherwise. Such disclosure therefore would put VIT (and its customers) at a competitive disadvantage in the marketplace. A

Rob McFarland, Esq.
Page 4 of 16

non-party should not be put through the risk of such potential harm simply because it is served with a subpoena.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

c.  The costs of drayage per container at NIT, VIG, and PMT;

**OBJECTIONS:**

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the over twelve-year time period specified in the request as well as the vague and overbroad nature of the request when it seeks documents "showing" the general subject matter listed. Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period and ambiguous scope of the request, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

VIT further objects to this request as calling for information and documents that are confidential and proprietary—this includes VIT's confidential and proprietary information as well as the confidential and proprietary information it is in possession of that belongs to its customers. This information includes primarily, but is not limited to, the rates and terms and conditions of agreements between VIT and its customers. In many instances, VIT is contractually bound to keep rates, terms, contracts, and other information with its customers confidential.

Even if Court ordered to provide the confidential and proprietary information sought, VIT objects to the current protective order as insufficient to protect its confidential and proprietary information. The protective order in place does not sufficiently protect VIT's confidential and proprietary information as expert witnesses are still permitted access to any disclosed documents. With a case of this nature, VIT has every reason to believe that the industry experts retained in this matter either work for now or will work for competitors in the future. Because of this expert loophole in the protective order, VIT does not believe that its confidential and proprietary information will be safe from competitors. Even if documents are destroyed at the end of the case, the experts will still have the knowledge of VIT's proprietary information such as rates and volumes by carrier and (i) will be able to use that knowledge to their advantage when in other circumstances such as advising competing entities when they negotiate contracts with VIT's customers and competitors in the future, and (ii) release the information into the marketplace, intentionally or otherwise. Such disclosure therefore would put VIT (and its customers) at a competitive disadvantage in the marketplace. A non-party should not be put through the risk of such potential harm simply because it is served with a subpoena.

Rob McFarland, Esq.
Page 5 of 16

       **To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.**

      d.  Container volumes loaded and unloaded from vessels at NIT, VIG, and PMT, by steamship line, alliance, or both;

**OBJECTIONS:**

      VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the over twelve-year time period specified in the request. Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

      **To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.**

      e.  Vessel calls at NIT, VIG, and PMT;

**OBJECTIONS:**

      VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the over twelve-year time period specified in the request. Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

      **To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.**

      f.  All rail traffic, including double-stack rail traffic out of NIT, VIG, and PMT; and

**OBJECTIONS:**

      VIT objects to this request as it is vague, overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the over twelve-year time period specified in the request and the use of the terms "[a]ll rail traffic," which is not defined and does not reasonably apprise VIT of the documents requested. Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period, the request

Rob McFarland, Esq.
Page 6 of 16

would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

g.   Wait times or other measures of congestion at NIT, VIG, and PMT.

**OBJECTIONS:**

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the over twelve-year time period specified in the request. Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

3.   Documents sufficient to show the drayage capacity of NIT, VIG, and PMT, from

January 1, 2007 to the present.

**OBJECTIONS:**

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the over twelve-year time period specified in the request as well as the vague and overbroad nature of the request when it seeks documents "sufficient to show" the general subject matter listed. Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period and ambiguous scope of the request, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

4.   Documents sufficient to show the intermodal container capacity at NIT, VIG, and

PMT, from January 1, 2007 to the present.

**OBJECTIONS:**

Rob McFarland, Esq.
Page 7 of 16

VIT objects to this request as it is vague, overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the over twelve-year time period specified in the request as well as the vague and overbroad nature of the request when it seeks documents "sufficient to show" the general subject matter listed. Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period and ambiguous scope of the request, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

5.    Documents reflecting your policies or practices with respect to making payments and/or providing subsidies towards drayage costs for intermodal freight out of NIT.

OBJECTIONS:

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the over twelve-year time period specified in the request as well as the vague and overbroad nature of the request when it seeks documents "reflecting" the general subject matter listed. Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period and ambiguous scope of the request, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

VIT further objects to this request as calling for information and documents that are confidential and proprietary—this includes VIT's confidential and proprietary information as well as the confidential and proprietary information it is in possession of that belongs to its customers. This information includes primarily, but is not limited to, the rates and terms and conditions of agreements between VIT and its customers. In many instances, VIT is contractually bound to keep rates, terms, contracts, and other information with its customers confidential.

Even if Court ordered to provide the confidential and proprietary information sought, VIT objects to the current protective order as insufficient to protect its confidential and proprietary information. The protective order in place does not sufficiently protect VIT's confidential and proprietary information as expert witnesses are still permitted access to any disclosed documents. With a case of this nature, VIT has every reason to believe that the industry experts retained in this matter either work for now or will work for competitors in the future. Because of this expert loophole in the protective order, VIT does not believe that its confidential and proprietary information will be safe from competitors. Even if documents are destroyed at the end of the case, the experts will still have the knowledge of VIT's proprietary information such as rates and volumes by carrier

Rob McFarland, Esq.
Page 8 of 16

and (i) will be able to use that knowledge to their advantage when in other circumstances such as advising competing entities when they negotiate contracts with VIT's customers and competitors in the future, and (ii) release the information into the marketplace, intentionally or otherwise. Such disclosure therefore would put VIT (and its customers) at a competitive disadvantage in the marketplace. A non-party should not be put through the risk of such potential harm simply because it is served with a subpoena.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

6.     All Documents and Communications between you and any party, including parties to this lawsuit and/or shipping lines, concerning the assignment of vessels to NIT, VIG, or PMT, including Documents showing how vessels are assigned to each Port of Virginia terminal.

**OBJECTIONS:**

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the over twelve-year time period specified in the request as well as the vague and overbroad nature of the request when it seeks "all Documents and Communications" between VIT and virtually "any party" regarding the general subject matter listed. Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period and ambiguous scope of the request, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

VIT further objects to this request as calling for information and documents that are confidential and proprietary—this includes VIT's confidential and proprietary information as well as the confidential and proprietary information it is in possession of that belongs to its customers. This information includes primarily, but is not limited to, the rates and terms and conditions of agreements between VIT and its customers. In many instances, VIT is contractually bound to keep rates, terms, contracts, and other information with its customers confidential.

Even if Court ordered to provide the confidential and proprietary information sought, VIT objects to the current protective order as insufficient to protect its confidential and proprietary information. The protective order in place does not sufficiently protect VIT's confidential and proprietary information as expert witnesses are still permitted access to any disclosed documents. With a case of this nature, VIT has every reason to believe that the industry experts retained in this matter either work for now or will work for competitors in the future. Because of this expert loophole in the protective order, VIT does not believe that its confidential and proprietary information will be safe from competitors. Even if documents are destroyed at the end of the case, the experts will still have the

Rob McFarland, Esq.
Page 9 of 16

knowledge of VIT's proprietary information such as rates and volumes by carrier and (i) will be able to use that knowledge to their advantage when in other circumstances such as advising competing entities when they negotiate contracts with VIT's customers and competitors in the future, and (ii) release the information into the marketplace, intentionally or otherwise. Such disclosure therefore would put VIT (and its customers) at a competitive disadvantage in the marketplace. A non-party should not be put through the risk of such potential harm simply because it is served with a subpoena.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

7.    All Communications between you and any of the Defendants regarding the issues

in this Action.

**OBJECTIONS:**

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the over twelve-year time period specified in the request as well as the vague and overbroad nature of the request when it seeks "all Communications" between VIT and "any of the Defendants regarding the issues in this Action." VIT is not a party to the suit and is not required to determine what documents support the contentions of the parties. The proper means of such discovery would be against the parties to the action.

Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period and ambiguous scope of the request, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

VIT further objects to this request as calling for information and documents that are confidential and proprietary—this includes VIT's confidential and proprietary information as well as the confidential and proprietary information it is in possession of that belongs to its customers. This information includes primarily, but is not limited to, the rates and terms and conditions of agreements between VIT and its customers. In many instances, VIT is contractually bound to keep rates, terms, contracts, and other information with its customers confidential.

Even if Court ordered to provide the confidential and proprietary information sought, VIT objects to the current protective order as insufficient to protect its confidential and proprietary information. The protective order in place does not sufficiently protect VIT's confidential and proprietary information as expert witnesses are still permitted access to any disclosed documents. With a case of this nature, VIT has every reason to believe that the industry experts retained in this matter either work for now or will work for competitors in the future. Because of this expert loophole in the protective order, VIT does not believe that its confidential and proprietary information will be safe from competitors. Even if

Rob McFarland, Esq.
Page 10 of 16

documents are destroyed at the end of the case, the experts will still have the knowledge of VIT's proprietary information such as rates and volumes by carrier and (i) will be able to use that knowledge to their advantage when in other circumstances such as advising competing entities when they negotiate contracts with VIT's customers and competitors in the future, and (ii) release the information into the marketplace, intentionally or otherwise. Such disclosure therefore would put VIT (and its customers) at a competitive disadvantage in the marketplace. A non-party should not be put through the risk of such potential harm simply because it is served with a subpoena.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

8.    All Communications between you and any steamship lines regarding rail access at

NIT or the issues in this Action.

**OBJECTIONS:**

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the over twelve-year time period specified in the request as well as the vague and overbroad nature of the request when it seeks "all Communications" between VIT and "any steamship lines" regarding "rail access at NIT or the issues in this Action." VIT is not a party to the suit and is not required to determine what documents support the contentions of the parties. The proper means of such discovery would be against the parties to the action.

Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period and ambiguous scope of the request, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

VIT further objects to this request as calling for information and documents that are confidential and proprietary—this includes VIT's confidential and proprietary information as well as the confidential and proprietary information it is in possession of that belongs to its customers. This information includes primarily, but is not limited to, the rates and terms and conditions of agreements between VIT and its customers. In many instances, VIT is contractually bound to keep rates, terms, contracts, and other information with its customers confidential.

Even if Court ordered to provide the confidential and proprietary information sought, VIT objects to the current protective order as insufficient to protect its confidential and proprietary information. The protective order in place does not sufficiently protect VIT's confidential and proprietary information as expert witnesses are still permitted access to any disclosed documents. With a case of this nature, VIT has every reason to believe that the industry experts retained in this matter either work for now or will work for competitors in the future. Because

Rob McFarland, Esq.
Page 11 of 16

of this expert loophole in the protective order, VIT does not believe that its confidential and proprietary information will be safe from competitors. Even if documents are destroyed at the end of the case, the experts will still have the knowledge of VIT's proprietary information such as rates and volumes by carrier and (i) will be able to use that knowledge to their advantage when in other circumstances such as advising competing entities when they negotiate contracts with VIT's customers and competitors in the future, and (ii) release the information into the marketplace, intentionally or otherwise. Such disclosure therefore would put VIT (and its customers) at a competitive disadvantage in the marketplace. A non-party should not be put through the risk of such potential harm simply because it is served with a subpoena.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

9.      All Documents and Communications showing rates or fees charged by VPA or VIT to rail carriers at NIT, including, but not limited to, intraplant switch rates and container lift charges.

OBJECTIONS:

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the over twelve-year time period specified in the request as well as the vague and overbroad nature of the request when it seeks documents "showing" the general subject matter listed. Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period and ambiguous scope of the request, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

VIT further objects to this request as calling for information and documents that are confidential and proprietary—this includes VIT's confidential and proprietary information as well as the confidential and proprietary information it is in possession of that belongs to its customers. This information includes primarily, but is not limited to, the rates and terms and conditions of agreements between VIT and its customers. In many instances, VIT is contractually bound to keep rates, terms, contracts, and other information with its customers confidential.

Even if Court ordered to provide the confidential and proprietary information sought, VIT objects to the current protective order as insufficient to protect its confidential and proprietary information. The protective order in place does not sufficiently protect VIT's confidential and proprietary information as expert witnesses are still permitted access to any disclosed documents. With a case of this nature, VIT has every reason to believe that the industry experts retained in this matter either work for now or will work for competitors in the future. Because

Rob McFarland, Esq.
Page 12 of 16

of this expert loophole in the protective order, VIT does not believe that its confidential and proprietary information will be safe from competitors. Even if documents are destroyed at the end of the case, the experts will still have the knowledge of VIT's proprietary information such as rates and volumes by carrier and (i) will be able to use that knowledge to their advantage when in other circumstances such as advising competing entities when they negotiate contracts with VIT's customers and competitors in the future, and (ii) release the information into the marketplace, intentionally or otherwise. Such disclosure therefore would put VIT (and its customers) at a competitive disadvantage in the marketplace. A non-party should not be put through the risk of such potential harm simply because it is served with a subpoena.

VIT further objects that some of this information may not be within VIT's custody, possession, or control.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

10.    All Documents and Communications concerning VPA or VIT's acquisition of property from NPBL

**OBJECTIONS:**

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the boundless time period specified in the request and the scope of "All Documents and Communications". Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

VIT further objects that some of this information may not be within VIT's custody, possession, or control.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

11.    All Documents and Communications concerning any acquisition or potential acquisition of any property for rail access at NIT, PMT, or VIG.

**OBJECTIONS:**

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this

Rob McFarland, Esq.
Page 13 of 16

objection based on the boundless time period specified in the request and the scope of "All Documents and Communications". Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

VIT further objects that some of this information may not be within VIT's custody, possession, or control.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

12.    All Documents concerning dual rail access at NIT, including any market studies or analyses regarding any benefit to the Port of Virginia as a result of multiple rail carriers having access to NIT, and all Documents concerning your representations that dual rail access is available at NIT.

OBJECTIONS:

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the boundless time period specified in the request and the scope of "All Documents concerning dual rail access," which is broad and vague. Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

VIT further objects that some of this information may not be within VIT's custody, possession, or control.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

13.    All Documents concerning the "Smart Stack" rail strategy, or any other strategy implemented by you regarding connections between NIT, VIG, and PMT and any railroad or railroad network.

OBJECTIONS:

Rob McFarland, Esq.
Page 14 of 16

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the boundless time period specified in the request and the scope of "All Documents". Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

14.     All Documents and Communications related to the Master Rail Plan for the Port

of Virginia.

**OBJECTIONS:**

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the boundless time period specified in the request and the scope of "All Documents and Communications". Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

VIT further objects that some of this information may not be within VIT's custody, possession, or control.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

15.     All Documents comparing the volumes of intermodal freight by truck and rail in

and out of the Port of Virginia with the volumes of intermodal freight by truck and rail in and

out of other East Coast Ports.

**OBJECTIONS:**

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the boundless time period specified in the request and the scope of "All Documents". Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period, the request would impose

Rob McFarland, Esq.
Page 15 of 16

an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

16.   All Documents concerning switching rates of NPBL, Commonwealth Railway, or any other terminal switching railroads.

**OBJECTIONS:**

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the over twelve-year time period specified in the request as well as the vague and overbroad nature of the request when it seeks documents "concerning switching rates," which is not defined and does not reasonably apprise VIT of the materials sought. Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period and ambiguous scope of the request, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

VIT further objects to this request as calling for information and documents that are confidential and proprietary—this includes VIT's confidential and proprietary information as well as the confidential and proprietary information it is in possession of that belongs to its customers. This information includes primarily, but is not limited to, the rates and terms and conditions of agreements between VIT and its customers. In many instances, VIT is contractually bound to keep rates, terms, contracts, and other information with its customers confidential.

Even if Court ordered to provide the confidential and proprietary information sought, VIT objects to the current protective order as insufficient to protect its confidential and proprietary information. The protective order in place does not sufficiently protect VIT's confidential and proprietary information as expert witnesses are still permitted access to any disclosed documents. With a case of this nature, VIT has every reason to believe that the industry experts retained in this matter either work for now or will work for competitors in the future. Because of this expert loophole in the protective order, VIT does not believe that its confidential and proprietary information will be safe from competitors. Even if documents are destroyed at the end of the case, the experts will still have the knowledge of VIT's proprietary information such as rates and volumes by carrier and (i) will be able to use that knowledge to their advantage when in other circumstances such as advising competing entities when they negotiate contracts with VIT's customers and competitors in the future, and (ii) release the information into the marketplace, intentionally or otherwise. Such disclosure therefore would put VIT (and its customers) at a competitive disadvantage in the marketplace. A

Rob McFarland, Esq.
Page 16 of 16

non-party should not be put through the risk of such potential harm simply because it is served with a subpoena.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

17.    All Documents showing the travel times of containers out of VIG, NIT, or PMT to the Midwest.

**OBJECTIONS:**

VIT objects to this request as it is overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection based on the boundless time period specified in the request. Such a request is not narrowly tailored to seek information and documents relevant to the underlying suit. Given the extensive time period, the request would impose an undue burden and expense on VIT to comply and compliance within the provided period is not sufficient without further narrowing of the request.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

Should you wish to discuss this matter further, please do not hesitate to give me a call.

With kind regards, I remain

Very truly yours,

VANDEVENTER BLACK LLP

Edward J. Powers

EJP/crf

4838-2089-1055, v. 1