# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

                Plaintiff,

v.                                          Civil Action No. 2:18cv530

NORFOLK SOUTHERN RAILWAY
COMPANY, NORFOLK & PORTSMOUTH
BELT LINE RAILROAD COMPANY,
JERRY HALL, THOMAS HURLBUT,
PHILIP MERILLI, and CANNON MOSS,

                Defendants.

**PLAINTIFF CSX TRANSPORTATION, INC.'S
RULE 26(a)(1) INITIAL DISCLOSURES**

Plaintiff CSX Transportation, Inc. ("CSXT"), by and through undersigned counsel, hereby provides the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). CSXT will supplement and/or amend these initial disclosures as necessary during the course of discovery in accordance with Federal Rule of Civil Procedure 26.

**SCOPE OF DISCLOSURES**

CSXT's disclosures contain only the information and descriptions of documents and witnesses reasonably known or ascertainable as of the date of these disclosures. CSXT reserves the right to supplement or correct these initial disclosures based on information learned through the course of discovery in this matter or otherwise.

1

These initial disclosures are made without waiver of, or prejudice to, any objections CSXT may have. CSXT reserves all objections, including, but not limited to, objections on the grounds of: (a) relevance; (b) attorney-client privilege; (c) the attorney work-product doctrine; (d) preparation in anticipation of litigation; (e) any other applicable privilege or protection under federal or applicable state law; (f) undue burden; (g) immateriality; (h) overbreadth; and/or (i) calling for information or imposing any obligations beyond those set forth in Federal Rule of Civil Procedure 26(a).

## RULE 26(a)(1) INITIAL DISCLOSURES

**(i)     The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Response: Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), CSXT discloses the following individuals as persons who may have discoverable information that CSXT may use to support any claims or defenses it may have in this proceeding (excluding CSXT's in-house or outside counsel, legal or litigation support staff, and experts).

This matter is at an early stage and investigation continues, consequently, CSXT is not yet be able to identify every subject of discoverable information or every individual who is likely to have discoverable information. Subject to the foregoing, CSXT identifies the following individuals who are likely to have discoverable information that CSXT may use to support its claims and defenses. CSXT has compiled the following list in good faith, based upon information currently known to it, but this list is not final and CSXT reserves the right to modify it during the course of discovery, as litigation develops and its investigation continues.

## A. CSXT

CSXT discloses the following individuals who may have discoverable information relating to any claims and defenses that it may have in this matter (excluding CSXT's in-house or outside counsel, legal or litigation support staff, and experts):

### a. Employees

1. Rob Girardot
   Director Strategy & Analytics, Intermodal
   CSX Transportation
   500 Water Street
   Jacksonville, FL 32202

Mr. Girardot may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: shortline railroads, access to ports and terminals, and service proposals made to NPBL.

Mr. Girardot may only be contacted through undersigned counsel.

2. Maryclare Kenney
   Vice President, Intermodal & Automotive
   CSX Transportation
   500 Water Street
   Jacksonville, FL 32202

Ms. Kenney may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, and sales and negotiations with shipping lines.

Ms. Kenney may only be contacted through undersigned counsel.

3. Carl Warren
   Director, Port Business Development
   CSX Transportation
   500 Water Street
   Jacksonville, FL 32202

Mr. Warren may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT's operations and relationships at East Coast Ports, CSXT's international sales and marketing, industrial development for intermodal operations, CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, and NPBL.

Mr. Warren may only be contacted through undersigned counsel.

4. Steven Armbrust
   Assistant General Counsel
   CSX Transportation
   500 Water Street
   Jacksonville, FL 32202

Mr. Armbrust may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, the operations of NPBL, service proposals made by CSXT to NPBL, and the pre-suit demand made to NSR. Mr. Armbrust served on the NPBL Board from April 2010 until June 2015.

Mr. Armbrust has served as legal counsel to CSXT throughout the relevant time period. By identifying Mr. Armbrust in these initial disclosures, CSXT does not waive, and expressly preserves, all applicable protections and privileges, including, but not limited to, the attorney-client privilege and the attorney work-product doctrine.

Mr. Armbrust may only be contacted through undersigned counsel.

5. John "Jay" Strongosky
   Director, Sales & Marketing, Intermodal
   CSX Transportation
   500 Water Street
   Jacksonville, FL 32202

Mr. Strongosky may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, and sales and negotiations with shipping lines.

Mr. Strongosky may only be contacted through undersigned counsel.

6. Randolph Marcus
   Director, State Relations
   CSX Transportation
   4900 Old Osborne Turnpike
   Richmond, VA 23231

Mr. Marcus may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, state relations and interactions with VPA, and NPBL operations.

Mr. Marcus may only be contacted through undersigned counsel.

4

7. Jason Young
   Senior Manager Intercarrier Agreements/Services
   CSX Transportation
   500 Water Street
   Jacksonville, FL 32202

Mr. Young may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: written agreements between CSXT and other railroads, Commonwealth Railway, and NPBL.

Mr. Young may only be contacted through undersigned counsel.

8. Tony DiDeo
   Director, Intercarrier Management
   CSX Transportation
   500 Water Street
   Jacksonville, FL 32202

Mr. DiDeo may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: shortline and switch rates, service proposals made to NPBL, and billing related to NPBL.

Mr. DiDeo may only be contacted through undersigned counsel.

   b. **Former Employees**

1. Fredrik Eliasson
   Former Chief Sales and Marketing Officer
   16146 Belford Drive
   Milton, GA 30004

Mr. Eliasson may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: sales and marketing strategy, access to ports and terminals, and service proposals made to NPBL. Mr. Eliasson served on the NPBL Board from April 2010 until the fall of 2011.

2. Tony MacDonald
   Former Terminal Manager, CSX Intermodal Terminals, Inc.
   106 Brook Lane
   Yorktown, VA 23692

Mr. MacDonald may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSX Intermodal Terminals, Inc. and related CSXT operations in and around Hampton Roads, Virginia, including access to ports and terminals.

    3. James Allan
       Former Director of Network Planning, Joint Facilities
       769 Peppervine Avenue
       Jacksonville, FL 32259

Mr. Allan may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT operations in and around Hampton Roads, Virginia, including access to ports and terminals, agreements between railroads including the Commonwealth Railway, service proposals to NPBL, and operations and rates of NPBL.

    4. Quintin Kendall
       Former Vice President, State Government and Community Affairs
       3256 Riverside Avenue
       Jacksonville, FL 32210

Mr. Kendall may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: access to ports and terminals, and service proposals made to NPBL. Mr. Kendall served on the NPBL Board from April 2012 until January 2018.

    5. John Tuttle
       Former Director of Intermodal Marketing
       1763 River Plantation Drive North
       Jacksonville, FL 32223

Mr. Tuttle may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, and the 2018 NPBL service proposal.

    6. John Booth
       Former Director of Joint Facilities, Service Design, and Network Planning
       1508 Hackberry Ct.
       Jacksonville, FL 32259

Mr. Booth may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: the 2010 service proposal made to NPBL, CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, shortline railroad operations.

    7. Ryan Houfek
       Former Assistant Vice President Sales, Assistant Vice President Marketing
       c/o Direct Chassislink, Inc.
       3525 Whitehall Park Dr., Ste. 400
       Charlotte, NC 28273

Mr. Houfek may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT's operations in and around the Hampton Roads,

Virginia area, access to ports and terminals, drayage, and sales and negotiations with shipping lines.

### B. Defendants

Defendants and their current and former agents, representatives, and employees may have discoverable information relating to CSXT's claims and defenses in this matter. CSXT believes that counsel for Defendants has contact information for Defendants, Defendants' current and former representatives, employees, and agents. CSXT also believes that Defendants know what discoverable information each identified individual possesses.

### C. Non-Parties

The following non-parties and their current and former agents, representatives, and employees may have discoverable information relating to CSXT's claims and defenses in this matter:

1. Virginia Port Authority
   600 World Trade Center
   Norfolk, VA 23510

2. Virginia International Terminals, LLC
   600 World Trade Center
   Norfolk, VA 23510

CSXT hereby incorporates by reference any individual identified by Defendants. In addition, CSXT will supplement this disclosure as necessary, in accordance with Federal Rule of Procedure 26, as it identifies additional individuals with discoverable information related to CSXT's claims and defenses.

**(ii)   A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Response: Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), CSXT may rely on the following categories or types of documents and electronically stored information in its possession, custody, or control:

1. Documents related to NPBL governance, management, and operations;
2. Documents related to CSXT's service proposals to NPBL;
3. Documents and communications among NSR, CSXT, and NPBL;
4. Documents and communications between CSXT and its customers;
5. Documents and communications between CSXT and the VPA/VIT;
6. Documents and communications between CSXT and Commonwealth Railway;
7. Documents related to marketing and sales for intermodal freight transportation through the Port of Virginia and marine terminals in the Hampton Roads, Virginia area;
8. Route maps; and
9. Documents related to CSXT's damages.

CSXT reserves the right to withhold or redact any documents or portions of documents in these enumerated categories which may be subject to privilege.

In accordance with Rule 26 of the Federal Rules of Civil Procedure, CSXT objects to the disclosure of documents, data compilations, tangible things, and other material generated during the course of this litigation which would constitute attorney work product or privileged attorney-client communications. These documents and materials may include correspondence between CSXT and counsel, correspondence between counsel and experts, and counsel's notes concerning investigations or interviews with potential witnesses.

CSXT also reserves the right to rely upon documents, records, or electronically stored information in the possession, custody, and control of Defendants and/or non-parties.

8

CSXT reserves the right to supplement or amend these disclosures upon the discovery of new information or upon the introduction of new issues in the case. As such, CSXT reserves the right to identify other documents, electronically stored information, and tangible things within its possession, custody, or control that CSXT may use to support its claims or defenses.

**(iii) A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

<u>Response</u>: Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), CSXT has not performed a final computation of damages. CSXT's investigation is continuing, and therefore CSXT reserves the right to supplement its Disclosures as discovery proceeds.

**(iv) For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

<u>Response</u>: CSXT is not aware of any insurance coverage that would satisfy all or part of the damages it has incurred resulting from Defendants' actions.

CSX TRANSPORTATION, INC.

*By Counsel*

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

## CERTIFICATE OF SERVICE

    I hereby certify that on November 8, 2019, a true and correct copy of the foregoing was transmitted by electronic mail to:

    Alan D. Wingfield (VSB No. 27489)
    Michael E. Lacy (VSB No. 48477)
    TROUTMAN SANDERS, LLP
    1001 Haxall Point
    Richmond, Virginia 23219
    Tel: 804-697-1200
    Fax: 804-698-6061
    alan.wingfield@troutman.com
    michael.lacy@troutman.com

    John C. Lynch (VSB No. 39267)
    Elizabeth S. Flowers (VSB No. 78487)
    Kathleen M. Knudsen (VSB No. 90845)
    TROUTMAN SANDERS LLP
    222 Central Park Avenue, Suite 2000
    Virginia Beach, Virginia 23462
    Tel. (757) 687-7537
    Fax (757) 687-1546
    liz.flowers@troutmansanders.com
    john.lynch@troutmansanders.com
    kathleen.knudsen@troutman.com

    Monica McCarroll
    Redgrave LLP
    14555 Avion Parkway, Suite 275
    Chantilly, VA 20151
    mmccarroll@redgravellp.com

*Counsel for Defendant Norfolk Southern Railway Company*

    James L. Chapman, IV (VSB No. 21983)
    W. Ryan Snow (VSB No. 47423)
    Darius K. Davenport (VSB No. 74064)
    David C. Hartnett (VSB No. 80452)
    CRENSHAW, WARE & MARTIN, P.L.C.
    150 W. Main Street, Suite 1500
    Norfolk, Virginia 23510
    Telephone: (757) 623-3000
    Facsimile: (757) 623-5735
    jchapman@cwm-law.com

wrsnow@cwm-law.com
ddavenport@cwm-law.com
dhartnett@cwm-law.com
*Counsel for Defendant Norfolk & Portsmouth Belt Line Railroad Co.*

W. Edgar Spivey (VSB No. 29125)
Clark J. Belote (VSB No. 87310)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Tel. (757) 624-3000
Fax. (757) 360-9092
wespivey@kaufcan.com
cjbelote@kaufcan.com
*Counsel for Defendant Cannon Moss*

Hugh M. Fain, III (VSB No. 26494)
M.F. Connell Mullins Jr. (VSB No. 47213)
John M. Erbach (VSB No. 76695)
SPOTTS FAIN P.C.
411 East Main Street, Suite 600
Richmond, VA 23219
Tel. (804) 697-2000
Fax (804) 697-2100
hfain@spottsfain.com
cmullins@spottsfain.com
jerbach@spottsfain.com
*Counsel for Defendants Jerry Hall, Thomas Hurlbut, and Philip Merilli*

_____
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

122833758_4

12