IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

v.                                    Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.

**CSX TRANSPORTATION, INC.'S RESPONSE IN OPPOSITION
TO MOTION FOR PARTIAL SUMMARY JUDGMENT ON DAMAGES BY
NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY**

On January 2, 2020, the Norfolk & Portsmouth Belt Line Railroad Company ("NPBL") filed a Motion for Partial Summary Judgment on Damages (ECF No. 87). Between January 6 and 7, 2020, NPBL withdrew that motion (ECF No. 96) and filed a revised Motion for Partial Summary Judgment on Damages (ECF No. 94) (hereinafter the "Motion"). CSX Transportation, Inc. ("CSXT") hereby responds in opposition to the Motion. For the following reasons, the Motion should be denied.

**INTRODUCTION**

In this case, CSXT seeks to recover for violations of federal antitrust and state law committed by the Defendants, including movant Norfolk Portsmouth Beltline ("NPBL"). After this Court ruled on the Defendants' motions to dismiss, the parties timely issued their initial disclosures, as required by Rule 26(a). NPBL *never objected* to CSXT's initial disclosures,

1

whether by way of phone call or letter to counsel, or by filed objection in court. Indeed, NPBL never even raised, orally or in writing, any issues with CSXT's disclosures regarding damages computation. The parties served initial discovery requests in October, including requests designed to assess damages. The earliest the parties could be required to respond to discovery was November 19, 2019, and discovery is not set to conclude until April 7, 2020. *See* ECF Nos. 72, 78. Norfolk Southern Railway ("NS") and NPBL are nowhere near completing their discovery responses, including as to CSXT's damages discovery. Indeed, at the time of filing of NPBL's Motion, NS and NPBL had each made only one production of documents in response to CSXT's discovery requests. The time set for disclosure of expert reports is not until February 10, 2020.

Despite these facts, NPBL – alone among the defendants – now brings a motion for partial summary judgment on damages. NPBL's sole argument is that CSXT failed to provide an adequate computation of its damages in its Rule 26(a) initial disclosures. NPBL's principal authority for its argument is from a decision in the Alexandria Division, in a *contract* case in which *the plaintiff had conceded* it could not recover the damages at issue.

NPBL's motion should be denied as it is both procedurally defective and substantively baseless. With regard to procedural defects, NPBL (1) never consulted with, let alone challenged CSXT's initial disclosures with CSXT or the Court, (2) never sought a sanction under Rule 37based on the alleged inadequacy of CSXT's initial disclosure regarding computation of damages, and yet (3) now brings a motion for summary judgment under Rule 56that contends that CSXT's unchallenged initial disclosure as to damages is so inadequate that CSXT should not be allowed to present evidence of damages at trial. NPBL's motion is essentially an untimely objection to the sufficiency of CSXT's initial disclosures masquerading as a motion for early

2

summary judgment. The Motion is inconsistent with the Federal Rules of Civil Procedure, this Court's local rules, and this Court's Scheduling Order. It should be denied on procedural grounds.

NPBL fares no better on the merits of the Motion, and denial remains the appropriate result. The measure of damages relevant to CSXT's claims requires information in the possession of the Defendants. To take just one example, CSXT needs information from NS regarding the volume of business it conducted from Norfolk International Terminals ("NIT") to assess the amount of business CSXT lost due to the conduct described in the Complaint. The Defendants have not yet provided that information and thus the law does not require CSXT *in its initial disclosures* to render a computation of damages based on information *it does not yet possess*. Furthermore, as the Court previously noted, "this is not a case where a singular wrongful act results in continuing damages," and it also pointed out that "shareholder derivative claims and antitrust claims are each complex." Op. and Order, ECF No. 66, at 39, 59.

CSXT has been unable to identify any case that would support NPBL's motion. As the Supreme Court has recognized, "[i]n antitrust cases, where 'the proof is largely in the hands of the alleged conspirators,' . . . dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly." *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 746 (1976) (citation omitted). Notably, none of the cases cited in NPBL's brief is an antitrust case. Certainly the principal case on which NPBL relies – Judge Ellis' decision in *American Type Culture Collection v. Armanino LLP*, No. 1:17-CV-1235, 2018 WL 3633939 (E.D. Va. May 15, 2018) – provides no support to the Motion, as there the plaintiff conceded that it could not recover the damages at issue and the amount of its contract damages was within plaintiff's knowledge. Here, information CSXT needs to calculate its damages has been requested from NPBL and NS, but not yet provided.

3

NPBL's motion bespeaks its desperation to avoid the consequences of its own anticompetitive, tortious and conspiratorial conduct. It sought to avoid discovery via a motion to dismiss, but this Court denied that motion. It now seeks to avoid discovery by virtue of an early motion for summary judgment. The motion should be denied and NPBL must be held to face the case on a full record of facts, *including information in its possession that it has so far failed to produce*.

## PROCEDURAL BACKGROUND

CSXT filed its Complaint on October 4, 2018 against Defendants Jerry Hall, Thomas Hurlbut, Phillip Merrilli, Cannon Moss, Norfolk & Portsmouth Belt Line Railway Company, and Norfolk Southern Railway Company. *See* ECF No. 1. On November 27, 2018, all of the Defendants filed their respective Motions to Dismiss, and the Court ruled on the Motions to Dismiss on September 9, 2019. *See* ECF Nos. 27, 29, 31, 34, and 66.

The Rule 26(f) Pretrial Conference was held on October 7, 2019. The Rule 26(f) Pretrial Order stated, "the parties may initiate any form of discovery at any time subsequent to the date of this order, provided that no party will be required to respond to a deposition notice or other form of discovery sooner than November 19, 2019." ECF No. 72. CSXT propounded discovery to both NS and NPBL on October 23, 2019, ensuring the deadline for responses were due within days of the November 19, 2019 commencement date. Further, during this time, the parties negotiated both a Protective Order and an ESI Order.

Pursuant to the Rule 26(f) Pretrial Order, the Rule 26(a)(1) initial disclosures were due on November 8, 2019, and CSXT timely filed its initial disclosures. *See* ECF No. 72. NPBL did not raise any challenge to the sufficiency of CSXT's initial disclosures. Since the initiation of discovery, the parties are proceeding with document production on a rolling basis.

Indeed, discovery regarding both liability and damages is proceeding. Neither NPBL nor NS have indicated that they have completed their discovery responses, nor have they produced the information CSXT needs to compute its damages. Moreover, the deadline for Plaintiff's disclosure of its expert reports is several weeks away.

## STATEMENT OF DISPUTED AND UNDISPUTED FACTS

NPBL's representation of the facts is lacking. CSXT states the following in response to NPBL's Statement of Undisputed Facts, set forth in its Memorandum in Support of Motion for Partial Summary Judgment ("Mem."):

1. CSXT does not dispute the statements made in the Complaint, but NPBL's quotation is not complete. CSXT's Prayer for Relief, to which NPBL has cited, states, "That this Court award CSXT, individually and on behalf of NPBL, actual, consequential, and compensatory damages, and treble damages".

2. CSXT does not dispute the statements made in the Complaint, but NPBL's statement is not accurate. There is no mention of the line haul switch rate on page 11 of the Complaint, and on page 12, the Complaint alleges "Defendants have caused the NPBL to establish and maintain unreasonably high rates for its switch services for intermodal freight. The current line haul switch rate is dramatically higher than rates for comparable services charged by other short line railroads. This rate was adopted by the Individual Defendants and/or their predecessors in 2009, over the objection of the other NPBL board members."

3. CSXT does not dispute the quotation from the Court's Rule 26(f) Pretrial Order, ECF No. 72. CSXT disputes any contention or inference that it did not comply with this Order, as CSXT served its Rule 26(a)(1) Disclosures on November 8, 2019. *See* CSXT's Initial Disclosures, Mem., Exhibit A, ECF No. 95-1.

  4.  CSXT does not dispute the quotation from its Initial Disclosures regarding the damages computation: "Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), CSXT has not performed a final computation of damages. CSXT's investigation is continuing, and therefore CSXT reserves the right to supplement its Disclosures as discovery proceeds." *See id.*

  5.  CSXT does not dispute the contents of Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

  6–9.  Disputed. CSXT's damages are not based solely or exclusively on the NPBL's current line haul switch rate, and NPBL's statements in its Fact Nos. 6–10 are incorrect. As this Court stated in its Opinion and Order, "this is not a case where a singular wrongful act results in continuing damages." Op. and Order, ECF No. 66, at 39. CSXT has lost business due to Defendants' anticompetitive and other conduct. CSXT needs documents and data in the possession of Defendants, and requested by CSXT in discovery, to compute its damages.

  10.  Disputed. A significant quantity of the information necessary to compute CSXT's damages is in the possession of Defendants. At this stage of the proceedings, CSXT has yet to possess all of the information necessary to calculate damages.

  11.  Immaterial. As set forth above, any computation would be premature, as information needed to calculate damages is in the possession of others.

## LEGAL STANDARD

  Summary judgment is appropriate only when a court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists "no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Seabulk Offshore, Ltd. v. Am. Home Assurance Co.*, 377 F.3d 408, 418 (4th Cir. 2004). The moving party

has the initial burden to show the absence of an essential element of the nonmoving party's case and to demonstrate that the moving party is entitled to judgment as a matter of law. *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 185 (4th Cir. 2004); *McLean v. Patten Cmtys., Inc.*, 332 F.3d 714, 718 (4th Cir. 2003); *see Celotex Corp.*, 477 U.S. at 322–25

Further, summary judgment is appropriate only "after adequate time for discovery." *Celotex Corp.*, 477 U.S. at 322  As the Supreme Court has explained, "the plaintiff must present affirmative evidence . . . even where the evidence is likely to be within the possession of the defendant, *so long as the plaintiff has had a full opportunity to conduct discovery*." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (emphasis added).  Thus, in *Celotex*, the Supreme Court emphasized that as the parties had conducted discovery, a summary judgment motion was not premature, and concluded, "[a]ny potential problem with such premature motions can be adequately dealt with under Rule 56(f)[1], which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery." *Celotex Corp.*, 477 U.S. at 322; *see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011).  Summary judgment is particularly inappropriate where the party opposing summary judgment is "attempting to obtain necessary discovery of information possessed only by her opponent." *Ingle v. Yelton*, 439 F.3d 191, 196–97 (4th Cir. 2006).

More specifically, in the antitrust context, the non-movant must be permitted to conduct adequate discovery before summary disposition.  "In antitrust cases, where 'the proof is largely in the hands of the alleged conspirators,' . . . dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly." *Hosp. Bldg. Co*, 425 U.S. at 746.  Indeed, in

---

[1] This is now Federal Rule of Civil Procedure 56(d).

*Matushita*, an antitrust case, petitioners moved for summary judgment only "after several years of detailed discovery." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 578 (1986).

## ARGUMENT

**I.     NPBL's Motion for Partial Summary Judgment Is Procedurally Defective.**

NPBL's Motion seeks to short-circuit the discovery process set forth in this Court's Scheduling Order and the mechanisms for resolving discovery disputes outlined in this Court's local rules.  Rather than bothering with those processes, NPBL seeks to go straight to summary judgment.  But in so doing, NPBL skips over the necessary predicate for its Motion – that CSXT has been barred from presenting any evidence on damages.  This Court has never so ruled – indeed, no defendant has asked it to so rule – and therefore the Motion is procedurally unfounded and should be denied on that ground.

**A.     NPBL Did Not Challenge the Sufficiency of CSXT's Initial Disclosures.**

NPBL cannot shoehorn a garden variety discovery dispute about the sufficiency of CSXT's Initial Disclosures into a motion for early summary judgment.  CSXT timely served its initial disclosures on November 8, 2019.  NPBL did not raise any challenge to the sufficiency of *any* of CSXT's initial disclosures, including as relevant here, to CSXT's disclosure regarding its computation of damages.  *See* E.D. Va. Local Civ. R. 26(c) ("Unless otherwise ordered by the Court, an objection to any interrogatory, request, or application under Fed. R. Civ. P. 26 through 37, shall be served within fifteen (15) days after the service of the interrogatories, request, or application; . . . . Any such objection shall be specifically stated.").

If NPBL *had* disputed the adequacy of CSXT's Initial Disclosures, Federal Rule of Civil Procedure 37provides that a party may move for an order compelling such disclosure.  *See* FED. R. CIV. P. 37(a).  However, such a motion may only occur *after* the movant has "in good faith

conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Local Rule 37(A) reinforces this requirement. *See* E.D. Va. Local Civ. R. 37(A) ("After a discovery request is objected to, or not complied with, within time, and if not otherwise resolved, it is the responsibility of the party initiating discovery to place the matter before the Court by a proper motion pursuant to Fed. R. Civ. P. 37, to compel an answer, production, designation, or inspection."); *see also* E.D. Va. Local Civ. R. 26(C) (requiring objections be filed within fifteen (15) days, or are deemed waived).

NPBL made no effort to meet and confer with CSXT regarding CSXT's initial disclosure regarding computation of damages, or any other of CSXT's initial disclosures for that matter. Because NPBL never challenged CSXT's initial disclosures in the manner required by the Federal Rules and this Court's Local Rules – and because NPBL's motion *assumes as a predicate* that CSXT's initial disclosure regarding computation of damages is inadequate – NPBL's motion should be denied because it has not followed the required procedural framework and never established the necessary predicate for its Motion.

This argument is no mere matter of procedural technicalities. The meet-and-confer process required by the rules allows parties the opportunity to voluntarily address another party's objections. Such opportunity avoids discovery gamesmanship, discourages sandbagging, and ultimately provides the objecting party with the opportunity to receive further information if the other side provides more information in response to the objection. *See* FED. R. CIV. P. 37, 1993 Advisory Committee Notes (adding meet and confer requirement "based on successful experience with similar local rules"). It also conserves judicial resources in that it encourages – and, in fact, directs – parties to seek to resolve their disputes cooperatively through that process rather than seeking the Court's resolution. *See* E.D. Va. Local Civ. R. 37(E) ("Counsel shall confer to

decrease, in every way possible the filing of unnecessary discovery motions. No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy. The Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue."). Local Rule 37(E), which requires counsel to meet and confer before bringing any type of discovery motion, applies to NPBL's Motion, which is wholly premised on CSXT's initial disclosures.

Because NPBL never sought to meet and confer with CSXT, CSXT was never presented with the opportunity to consider NPBL's concerns regarding the sufficiency of its initial disclosures and, if it agreed with NPBL, to supplement its response.[2] Indeed, Rule 26 specifically allows for a party to supplement its initial disclosures. *See* FED. R. CIV. P. 26(e). The process set forth by the Federal and Local Rules is orderly and favors fulsome discovery over "gotcha" games. NPBL's Motion should be denied.

    **B.    NPBL Improperly Seeks a Rule 37 Sanction in the Guise of a Rule 56 Motion for Summary Judgement.**

Even NPBL's own discussion demonstrates that *if* CSXT's initial disclosures were insufficient – which they are not – the rule that addresses the appropriate sanction is *Rule 37* not Rule 56. Rule 37(a)(3)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Further, the

---

[2] This point is in no way intended to suggest that CSXT's initial disclosure regarding computation of damages was insufficient in any respect. As demonstrated below, CSXT's disclosure was fully sufficient given the nature of the allegations and the discovery needed in the case. But the Federal and Local Rules nonetheless set forth a process to allow CSXT to consider and respond to any objection to the adequacy of its discovery responses, and NPBL's Motion would deny it that opportunity.

10

disposition of a motion brought pursuant to Rule 37(a)(3)(A) is governed by Rule 37(c)(1), which provides, in relevant part:

> *Failure to Disclose or Supplement.*  If a party fails to provide information . . . as required by rule 26(a). . ., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*.  In addition to *or instead of this sanction*, the court, *on motion and after giving an opportunity to be heard*:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions . . . .

FED. R. CIV. P. 37(c)(1) (emphases added).

The point here is not that this Court should analyze NPBL's Motion under Rule 37, because of course NPBL did not bring a motion pursuant to Rule 37.  The point is that whether a violation of Rule 37 has occurred and what sanction is appropriate are both matters for the Court to consider on a Rule 37 motion, predicated on a record pertinent to the same.  NPBL has neither brought such a motion nor made such a record.  NPBL simply assumes a finding that CSXT violated Rule 37 *and* that the appropriate sanction is barring CSXT's evidence as to damages at trial.

NPBL argues that Rule 37 contains an "automatic sanction" barring CSXT's evidence of damages.  Mem. at 6.  NBPL initially cites Rule 37(c) in support of that proposition, *id.*, but quickly admits that Rule 37(c) in fact does not use the term "automatic sanction" and that this terminology comes instead from the 1993 Advisory Committee Notes to the Rule, *id.*  The text of Rule 37(c) requires no automatic sanction and indeed allows the court wide discretion in formulating an appropriate outcome in the event of a violation.

Here, there is no motion before the Court seeking a Rule 37 sanction.  Indeed, the period of discovery set by this Court's Scheduling Order is ongoing, and Rule 26 allows CSXT the ability to supplement its initial disclosures.  As described further below, CSXT requires information in

the possession of Defendants to calculate its damages and therefore any challenge to CSXT's initial disclosures in that regard is, at best, premature.[3]

As the record stands, CSXT has an issued and unchallenged initial disclosure regarding damages computation, discovery is ongoing, and the Court has not been presented – and therefore of course has not ruled on – any request to sanction CSXT by barring evidence. There is thus absolutely no basis for NPBL's instant Rule 56 motion. A Rule 56 motion relies on there being no genuine dispute of material fact. Here, as the record stands, CSXT has claimed damages and preserved those claims to date. And, discovery regarding both liability and damages is still underway, consistent with the Court's Scheduling Order.

## II. NPBL's Motion Is Substantively Baseless.

Putting aside for now that NPBL's Motion is not properly before the Court as a procedural matter, it must also be denied on its merits. For the kinds of antitrust and state law claims CSXT has presented, information in the Defendants' possession is relevant and needed to calculate damages. And summary judgment should only be considered "after adequate time for discovery." *Celotex Corp.*, 477 U.S. at 322; *see also Cont'l Airlines, Inc. v. United Air Lines, Inc.,* 120 F. Supp. 2d 556, 569 n.25 (E.D. Va. 2000) ("[A]n analysis of antitrust injury ... [is] more properly conducted after discovery."); *Hosp. Bldg. Co.*, 425 U.S. at 746, *supra*.

Here, CSXT's initial disclosure indicated that further information was needed for computation of its damages. *See* Mem., Ex. A. The Rule 26 initial disclosures were due on November 8, 2019. At this time, discovery had not yet commenced and CSXT had no way to

---

[3] NPBL in passing argues that CSXT's alleged failure to provide an adequate initial disclosure on damages calculations was neither harmless nor substantially justified. To the extent those arguments are properly before the Court, CSXT incorporates as its response its arguments presented in Part II of this response below.

12

compute its damages. Rule 26 requires only that initial disclosures be made based on information reasonably available at the time. *See* FED. R. CIV. P. 26(a)(1)(E) ("A party must make its initial disclosures based on the information *then reasonably available* to it.") (emphasis added). Because discovery had not taken place yet and information needed for CSXT to compute damages is in Defendants' possession, the information needed to compute damages was not reasonably available to CSXT at the time its initial disclosures were due.

Indeed, Defendants possess information on such topics as business volume – relevant to, among other things, calculation of the amounts of business CSXT lost due to the complained of conduct – and market share – also relevant to calculation of business lost. These are merely illustrative examples of the information Defendants possess that is relevant and necessary to compute CSXT's damages.

CSXT has sought that very information through discovery to Defendants, *see, e.g.* CSXT's First Set of Requests for Admission, Interrogatories and Requests for Production to Defendant Norfolk & Portsmouth Belt Line Railroad Company, attached as **Exhibit A**, and CSXT's First Set of Interrogatories and Requests for Production to Defendant Norfolk Southern Railway Company, attached as **Exhibit B**, and less than two months have passed since the period for responding to discovery began. *See* ECF No. 72 at 2. Summary judgment is plainly inappropriate under these circumstances. *See Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995) (quoting *Anderson,* 477 U.S. at 250 n.5) (noting "Rule 56(f)'s requirement that 'summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'").

Moreover, Rule 26 expressly provides that initial disclosures can be supplemented. *See* FED. R. CIV. P. 26(e). Further, other forms of discovery may elicit the needed information. For

13

example, NS has issued an interrogatory to CSXT asking for damages calculations. And, to the extent damages calculations will be the subject of expert testimony, there are provisions in the rules and this Court's Scheduling Order providing for the disclosure of expert opinions and for expert depositions.

The parties are proceeding with discovery, including damages discovery. Under the Court's Scheduling Order, the parties were not required to respond to discovery requests before November 19, 2019. *See* ECF No. 72 at 2. Thus, the parties at this point have had less than two months in which to exchange documents and other information. As of the date of NPBL's Motion, NS and NPBL had produced only 572 documents between them, the parties were (and are) still in the process of conferring over NPBL's and NS's objections to CSXT's requests for the very data needed to compute its damages.

NPBL's arguments focus on the time prior to initial disclosures in which, NPBL claims, CSXT had ample time to calculate it damages. *See* Mem. at 3–4, 8. But the Court did not issue the Rule 26 notice until after it ruled on the motions to dismiss. *See* ECF No. 72. And, as NPBL urged, the Court *denied* CSXT's motion to commence discovery while the motions to dismiss were pending. *See* ECF No. 58. Thus, CSXT was not able to conduct discovery in the periods on which NPBL focuses. NPBL's argument therefore boils down to the claim that CSXT should have been able to calculate its antitrust and other damages based wholly on data in its own possession. As discussed in the preceding section, and as articulated further below, the law clearly allows CSXT to obtain discovery to support its claims and damages in a case of this nature.

NPBL's argument is principally based on Judge Ellis' decision in *American Type Culture Collection v. Armanino, LLP*, No. 1:17-CV-1235, 2018 WL 3633939 (E.D. Va. May 15, 2018). But the key language on which NPBL relies from *American Type Culture Collection* is *dicta*, and

14

the case is clearly distinguishable. Judge Ellis did state that "*[a]dditionally*, plaintiff cannot recover the $20 million in long-term damages because plaintiff did not disclose its computation of damages as required by Rule 26(a)(i)(A)(iii) … Because Rule 37(c)(1), Fed. R. Civ. P., forbids the use of any information that is not properly disclosed, the $20 million in long-term damages is not recoverable." *Am. Type Culture Collection*, 2018 WL 3633939, at *4 (emphasis added). But, as its introductory use of "additionally" suggests, that conclusion was *dicta* because the Court had already ruled that the damages at issue could not be recovered *because the plaintiff had conceded it could not recover them. Id.*

Further, the case is distinguishable because the plaintiff in *American Type Culture Collection* was allowed ample opportunity to conduct discovery before the Court granted summary judgment—indeed, the discovery period closed weeks before the defendant filed its motion for summary judgment in the first place. *See Am. Type Culture Collection*, Case No. 1:17-cv-01235, ECF No. 26 (scheduling order setting close of discovery as March 23, 2018), ECF No. 67 (motion for partial summary judgment filed April 10, 2018). Further, the case was a contract dispute, and not an antitrust and business conspiracy case like this, in which information in Defendants' possession is critical to calculating damages.

The other cases cited by NPBL are equally inapplicable to this case. For one, they all involve Rule 37 motions—not Rule 56 motions for summary judgment. And, more importantly, the factual circumstances at issue in those cases are a far cry from those at issue here. For example, in *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001), not only had the moving party filed a Rule 37 motion rather than one for summary judgment, but it sought exclusion of an expert report under Rule 26(a)(2) when the defendants disclosed the expert report two years after the close of discovery, one year after the plaintiff's expert report was last supplemented, and

twenty-eight days before trial. 259 F.3d at 1105–06. Likewise, in *Wilkins v. Montgomery*, 751 F.3d 214 (4th Cir. 2014), the Fourth Circuit analyzed the exclusion of an expert report in the context of a Rule 37 motion, and concluded that exclusion was appropriate when the report had been disclosed "after the agreed-upon expert disclosure date, after discovery was closed, after Appellee filed a motion for summary judgment, and on the very date set by the court for the filing of motions to exclude experts." 751 F.3d at 223.

In *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003), the Fourth Circuit identified five factors courts should consider when determining whether to issue a Rule 37 sanction for failure to disclose evidence: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." 318 F.3d at 597. Even if NPBL had filed a Rule 37 motion, none of these factors would favor any sanction here. NPBL will suffer no surprise, as discovery is ongoing and CSXT intends to fully disclose its damages' figures and calculations once it has obtained the evidence necessary to calculate them, as explained above. Nor will CSXT's supplemental damages disclosure "disrupt trial," which is still several months away. And any "failure" of CSXT to disclose its damages calculation is readily explained—CSXT is still awaiting the information needed to perform those computations.

NPBL cites no case in which the type of antitrust or state law claims asserted by CSXT were prematurely dismissed prior to the close of discovery, based on an alleged failure of initial disclosures to calculate damages. CSXT has found no such case, and, to the contrary, the weight of authority is that, post-motion to dismiss, an antitrust case should be allowed the opportunity for discovery prior to ruling on summary judgment. *Celotex Corp.*, 477 U.S. at 322.

## CONCLUSION

For the foregoing reasons, NPBL's Motion for Partial Summary Judgment on Damages should be denied.

Dated: January 16, 2020          Respectfully submitted,

**CSX TRANSPORTATION, INC.**

/s/ *Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
E-mail: apeterson@mcguirewoods.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on this 16th day of January 2020, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

By:    */s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1190
Facsimile: (804) 698-2091
E-mail: apeterson@mcguirewoods.com

*Counsel for Plaintiff*

125899787_3