UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX Transportation, Inc.<br><br>*Plaintiff*<br><br>v.<br><br><br>Norfolk Southern Railway Company, *et al.*<br><br>*Defendants* | C.A. No. 2:18-cv-00530-MSD-LDL |

_____

**VIRGINIA INTERNATIONAL TERMINALS, LLC'S
<u>REPLY IN SUPPORT OF ITS MOTION TO QUASH</u>**

  CSX uses its Response to VIT's Motion to Quash as an opportunity to highlight the cooperation of the parties to work towards a resolution, but does not use it as an opportunity to show its entitlement to the documents and materials sought in the Subpoena.

**ARGUMENT**

**I.**  **Denial of VIT's Motion to Quash based on ongoing cooperation is inappropriate.**

  CSX asks that the Court dismiss VIT's Motion to Quash because doing so would "allow the parties to reach an agreement regarding the scope of documents and data to be produced in response to the Subpoena." Dkt. No. 100 at 3. It would be premature and inappropriate to dismiss VIT's Motion to Quash on the sole basis that the parties are working to come to a mutual resolution of CSX's request. Although CSX and VIT continue to work cooperatively, CSX has not committed to any final narrowing of its requests. Dismissal of the Motion to Quash without resolution of the legitimate issues raised in VIT's motion would be inappropriate. VIT has every

1

intention of continuing discussions with CSX to avoid the need for further court intervention, but VIT should not be foreclosed from court intervention because it is seeking a cooperative resolution. Denial of VIT's Motion to Quash on this basis would discourage parties from attempting to work together to resolve such disputes.

The prejudice to VIT of a premature denial of its Motion is especially clear with respect to the outstanding request for VIT to produce electronically stored documents such as emails. To date, VIT has identified roughly 350 GB of emails from custodians that *may* contain information responsive to the Subpoena. This library of materials consists of all emails for the past five years of identified custodians. In order to determine whether and to what extent there are responsive materials in those emails, VIT will have to download all those emails to a third-party vendor site such that they can be searched, flagged, and produced subject to any outstanding objections and privilege issues. Taking such action for such a large volume of documents presents a huge potential burden and expense on VIT. Given VIT's transparency regarding its substantial burden, VIT is hopeful that CSX will substantially narrow its requests and cover the costs associated with the third-party vendor, but no agreement has been reached to date. Denial of VIT's Motion to Quash without resolution of this issue as well as the other legitimate issues raised in the Motion would be inappropriate and highly prejudicial to VIT.

## II.  CSX has failed to articulate sufficient need to justify the production of confidential and commercially sensitive information of a third party.

CSX does not challenge the legal authority in VIT's motion establishing that the scope of subpoenas to non-parties must be limited more than requests to parties because they are strangers to the litigation. Instead, CSX cites to *Williams v. Big Picture Loans, LLC*, Civil Action No. 3:17cv461, 2019 U.S. Dist. LEXIS 40931, at *3 (E.D. Va. Mar. 12, 2019) for the proposition that

2

just because "some information requested by the Subpoena may be commercially sensitive, however, is not a valid basis to refuse compliance." Dkt. No 100 at 5. The *Williams* case is inapposite for two key reasons. First, in *Williams*, the third-party did not object to the production of the subpoenaed material, the defendants did. *Id.* And, second, the defendants objected because it was their commercially sensitive material. *Id. Williams* therefore dealt with the production of commercially sensitive information of a party, not a stranger to the litigation. *Williams* is not instructive in this case regarding the production of the confidential and commercially sensitive information of a non-party, VIT, or the confidential and commercially sensitive information of VIT's customers.

At best, CSX attempts to address the more demanding variant of the proportionality analysis applicable to production of a non-party by claiming that the documents sought in its subpoena are "highly relevant" to the litigation, but CSX does not articulate *how* each of the categories of the documents sought are relevant to the present litigation. *See* Dkt. No. 100 at 2. Specifically, CSX fails to articulate *how* VIT's confidential and proprietary information including, *inter alia*, customer contracts and rates with customers, including those who are not parties to the litigation, are relevant to the litigation. CSX has not met its burden of articulating its need for the information or showing that its need surpasses the prejudice to VIT. Without further information, the Court is left with the substantial prejudice and harm to VIT by disclosure of its commercially sensitive information and should weigh that substantial prejudice and harm in favor of not requiring disclosure of the materials.

In addition to the lack of justification for such confidential and commercially sensitive information, the Protective Order in this matter is insufficient to protect VIT's confidential and proprietary information given the current posture of the case. Because the deadlines for expert

3

disclosures have not passed, the expert witnesses in this matter have not been identified. VIT cannot be assured and is not assured that industry insiders will not have access to its sensitive information. The fact that CSX does not intend on relying on industry experts does not foreclose the possibility that the other parties in the matter will retain industry experts and that such experts would have access to VIT's confidential and proprietary information. VIT has appropriately and proactively flagged this issue for the Court in its Motion to Quash as such information is fundamental to its competitive advantage in the marketplace. The Protective Order in this matter does not sufficiently protect VIT's confidential and proprietary information from industry experts in this case who would be in a position of negotiating commercial contracts with VIT or its customers in the future.

Because of the lack of justification for VIT's and its customers' confidential and commercially sensitive information and the lack of protection provided in the Protective Order, the Motion to Quash should be granted as to Request Nos. 2, 5, 6, 7, 8, 9, and 16, to the extent they solicit VIT's confidential and proprietary information or the confidential and proprietary information of VIT's customers.

## CONCLUSION

For the reasons stated herein and in VIT's Motion to Quash and Memorandum in Support, VIT's Motion to Quash should be granted.

Dated: January 22, 2020

VIRGINIA INTERNATIONAL TERMINALS, LLC

By: /s/ Edward J. Powers
Of Counsel

Edward J. Powers (VSB No. 32146)
Jennifer L. Eaton (VSB No. 87491)
500 World Trade Center
Norfolk, VA 23510
757.446.8600-telephone
757.446.8670-fascimile
EPowers@vanblacklaw.com
JEaton@vanblacklaw.com
*Counsel for Virginia International Terminals, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on Wednesday, January 22, 2020, a true and accurate copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                                          /s/ Edward J. Powers