**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**CSX TRANSPORTATION, INC.,
individually and on behalf of
NORFOLK AND PORTSMOUTH BELT LINE
RAILROAD COMPANY,**

**Plaintiff,**

**v.**                                                 **Civil Action No. 2:18-cv-530-MSD-LRL**

**NORFOLK SOUTHERN RAILWAY COMPANY,** *et al.***,**

**Defendants.**

## REPLY TO PLAINTIFF'S OPPOSITION TO MOTION
## FOR PARTIAL SUMMARY JUDGMENT ON DAMAGES

Defendant Norfolk and Portsmouth Belt Line Railroad Company (the "Belt Line"), by counsel, replies as follows to plaintiff CSX Transportation Inc.'s ("CSXT") response in opposition to the motion for partial summary judgment on damages (D.E. 101).

## INTRODUCTION

Despite Rule 26(a)(1)'s admonishment that "[a] party is not excused from making its disclosures because it has not fully investigated the case," CSXT claims it complied with Rule 26(a)(1)(A)(iii) by stating only that "CSXT's investigation is continuing, and therefore CSXT reserves the right to supplement its Disclosures as discovery proceeds."  CSXT offers no substantial justification for its nondisclosure.  Instead, it accuses the Belt Line of bad faith, going so far as to say that the motion—which concerns CSXT's failure to provide *any* information about the damages it claims—is somehow an attempt by the Belt Line to avoid its own discovery obligations.  CSXT has it backwards.  Rule 37(c)(1)'s automatic exclusion sanction exists not to allow a defendant to escape its obligations, but to prevent a plaintiff from impermissibly avoiding

its own disclosure obligations.  Just as in the *American Type* case, this Court should enforce Rule 26(a)(1) and grant partial summary judgment against CSXT on its damage claim.

## REPLY TO CSXT'S RESPONSE TO THE BELT LINE'S <u>STATEMENT OF UNDISPUTED FACTS</u>

CSXT does not dispute the material facts asserted by the Belt Line.  There is no question that Rule 26(a)(1)(A)(iii) requires a computation of damages.  There is no question that CSXT has had 10 years since it was first allegedly injured by the Belt Line's rate, 9 years since CSXT's first rate proposal in 2010, and 18 months since CSXT's second rate proposal in 2018 to compute its damages.  And there is no question that CSXT did not provide a computation of damages for any of the claims it asserts, nor has it done so to this day.

CSXT's sole basis for disputing any of the Belt Line's factual assertions is that CSXT believes it should be permitted to avoid the requirements of Rule 26(a)(1)(A)(iii).  Specifically, CSXT argues that it "needs documents and data in the possession of Defendants, and requested by CSXT in discovery, to compute its damages."  Response in Opp., p. 6.  For the reasons explained below, this excuse goes nowhere.  CSXT already has all the information necessary to compute its damages – it knows its own intermodal container traffic volume at NIT, it knows its actual profits based on that traffic, and it can calculate its potential profits based on its proposals.  The difference is its damage claim.  *See* Op. and Order, p. 38 (D.E. 66).  No information in the possession of the Defendants can improve those numbers.  CSXT simply has not disclosed the calculation, and Rule 37(c)(1) provides an "automatic" sanction as the remedy for the Defendants.

## <u>ARGUMENT</u>

### 1.    The Belt Line's motion for partial summary judgment is procedurally proper.

CSXT first seeks to avoid the consequences of its undeniable failure to comply with Rule 26(a)(1)(A)(iii) through procedural arguments.  CSXT asserts that the Belt Line was required to

object to the disclosures and file a motion to compel after a meet and confer before it sought partial summary judgment. CSXT relies on Local Civil Rules 26 and 37 and Fed. R. Civ. P. 37(a). The Court should reject these arguments because the Belt Line was under no such obligations.

The Belt Line was not required to object to CSXT's disclosures, nor has it waived any objection. Local Civil Rule 26(C) addresses objections "to any interrogatory, request, or application under Fed. R. Civ. P. 26 through 37…." Rule 26(a)(1) is not a discovery request; its disclosure requirements are mandatory and must be made "without awaiting a discovery request." To accept CSXT's argument would shift the burden to the defendant and relieve a plaintiff from computing its damages until a defendant objects.

The Belt Line also did not need to meet and confer with CSXT prior to filing its motion. As an initial matter, CSXT specifically states in its disclosures that it "has not performed a final computation of damages," leaving nothing for the parties to confer about. CSXT argues that it "was never presented with the opportunity to consider NPBL's concerns regarding the sufficiency of its initial disclosures and, if it agreed with NPBL, to supplement its response." Response in Opp., p. 10. Yet between the date of the Belt Line's motion and this reply brief, CSXT still has not supplemented its disclosures in any way.

CSXT ignores that the Belt Line's motion is based on the automatic exclusion sanction in Fed. R. Civ. 37(c)(1). CSXT relies on Fed. R. Civ. P. 37(a) and Local Civil Rule 37(E), which pertain to seeking orders on motions to compel or for protective orders. *See* Response in Opp., pp. 8-10. Unlike those rules, Fed. R. Civ. P. 37(c)(1) does not impose a meet and confer requirement.[1]

---

[1]     The omission of a meet and confer requirement under Fed. R. Civ. P. 37(c)(1) is illustrated by the inclusion of such a requirement in order to seek sanctions under Fed. R. Civ. P. 37(d), pertaining to the failure to appear for deposition or to respond to discovery. *See* Fed. R. Civ. P. 37(d)(1)(B) ("A motion for sanctions for failing to answer or respond must include a certification

In fact, contrary to CSXT's argument, courts have granted motions to bar evidence of damages as an automatic sanction for violating Rule 26(a)(1)(A)(iii) without requiring a prior motion to compel as a predicate. *See Am. Type Culture Collection v. Armanino, LLP*, 2018 U.S. Dist. LEXIS 135945, at *11 (E.D. Va. May 15, 2018); *see also Silver State Broad., LLC v. Bergner*, 705 Fed. App'x 640, 641 (9th Cir. Dec. 7, 2017) (affirming an order granting a motion in limine to exclude evidence of damages as an automatic sanction for violating Rule 26(a)(1). In *Bergner*, the appeals court explained that, "[the defendant] did not waive his objection to the [plaintiffs'] damages evidence by failing to move to compel that evidence during discovery." *Id.* "Because Rule 26(a)(1)(A)(iii) required the [plaintiffs] to disclose their damages computation 'without awaiting a discovery request,' and because Rule 37(c)(1) establishes an automatic exclusion sanction for violations of that rule, [the defendant] did not need to move to compel disclosure before seeking sanctions." *Id.*; *see also* Wright & Moore, 8B Fed. Prac. & Proc. Civ. § 2289.1 (3d ed.) ("The sanction is automatic in the sense that there is no need for the opposing party to make a motion to compel disclosure … as a predicate for imposition of the sanction of exclusion.").

CSXT's fallback argument that Rule Fed. R. Civ. P. 37(c)(1) allows for alternative sanctions to exclusion is also misplaced. *See* Response in Opp., p. 11. The Fourth Circuit aptly rejected that argument for situations like this in *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003):

> The Rule 37(c) advisory committee notes emphasize that the "automatic sanction" of exclusion "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." Fed. R. Civ. P. 37(c) advisory committee note (1993). *The alternative sanctions referenced in the rule are primarily intended to apply when a party fails to disclose evidence helpful to an opposing party. See* 7 James Wm. Moore et al., Moore's Federal Practice §§ 37.60[2][b], 37.61 (3d ed. 2002). *This is because "preclusion of evidence is not an*

---

that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.").

> *effective incentive to compel disclosure of information that, being supportive of the position of the opposing party, might advantageously be concealed by the disclosing party."* Fed. R. Civ. P. 37(c) advisory committee note (1993).

*Id.* at 595 n.2 (emphasis added).

For all these reasons, the Court should reject CSXT's misplaced procedural arguments.

## 2.     CSXT has no excuse for failing to disclose damages as required under Rule 26(a)(1).

CSXT is also wrong substantively.  CSXT asserts multiple causes of action in this case.  It offers no computation of damages for a single one, even though Rule 26(a)(1)(A)(iii) specifically requires a computation of "each category of damages."  CSXT's only excuse is that it claims it needs information from other parties to assess its harm.  In particular, CSXT argues:

> The measure of damages relevant to CSXT's claims requires information in the possession of the Defendants. To take just one example, CSXT needs information from NS regarding the volume of business it conducted from Norfolk International Terminals ("NIT") to assess the amount of business CSXT lost due to the conduct described in the Complaint.

Response in Opp., p. 3.

CSXT fails to identify any information that the Belt Line possesses relevant to its damages calculation.  It also fails to offer any legitimate explanation for why it needs Norfolk Southern's data to assess its own damages.  The information necessary to calculate CSXT's damages – that is, the difference between CSXT's profit based on the rate in the Belt Line's tariff and the rate in CSXT's proposals – is entirely in CSXT's possession, and it has been for years.  CSXT is uniquely positioned to know its own intermodal container traffic volume at NIT, its actual profits, and its potential profits based on its proposals.

The "volume of business" that Norfolk Southern conducts at NIT cannot change those figures.  Nor can information about "market share."  *See* Response in Opp., p. 13.  Both arguments are red herrings.  In fact, even if Norfolk Southern's market share were relevant, CSXT already

knows it.  *See* Complaint, ¶ 52 ("In the relevant market, NS's market share exceeds 70%.  For the NIT, NS's market share is approximately 90%.").

Importantly, CSXT's position finds no support in either this Court's Opinion and Order from September 9, 2019 (D.E. 66) or case law on antitrust damages.  In this Court's Opinion and Order, the Court outlined the damages that CSXT must show to support its claims, first based on its 2018 proposal and second based on the Belt Line's uniform rate:

> New damages flow from this [alleged 2018] wrongful act — the Plaintiff's expectation damages, *which is what Plaintiff's profits would have been if Defendants had accepted the proposal minus what Plaintiff's profits actually were*. These damages are distinct from the Defendants' alleged 2008 wrongful act. The damages for the 2008 wrongful act of setting the Uniform Rate would be *the difference in CSX's profit if the parties had set the Uniform Rate at a fair market rate in 2008 minus CSX's actual profit*.

Op. and Order, p. 38 (emphasis added).  Neither of these calculations requires anything but CSXT's own financial information about its own profits.

Similarly, case law on antitrust damages confirms that CSXT has all the information it needs to calculate its damages.  To demonstrate antitrust damages in a price-fixing case, "each plaintiff must estimate the overcharge that it paid as a result of the alleged conspiracy:  that is, *the difference between the prices it actually paid . . . and the prices it would have paid in the absence of a price-fixing conspiracy* ('but-for prices')."  *In re Blood Reagents Antitrust Litig*., 283 F.R.D. 222, 241 (E.D. Pa. 2012).  CSXT has this information.  Just as this Court described in its Opinion and Order, the calculation is the difference between "what [CSXT's] profits would have been if Defendants had accepted the proposal minus what [CSXT'] profits actually were."  D.E. 66, p. 38. None of that calculation depends on the "volume of business" that Norfolk Southern conducts at NIT, or any other information in the possession of the Defendants.

If CSXT has its way, the disclosure mandates of Rule 26(a)(1) will be meaningless in this case.  CSXT will be immune from a Rule that applies to every other litigant, able to avoid disclosure requirements that are designed to protect parties from exactly the predicament in which the Defendants now find themselves.  Just as in the *American Type* case, this Court should enforce Rule 26(a)(1) and grant partial summary judgment against CSXT on its damage claim.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Belt Line respectfully asks this Court to enter partial summary judgment dismissing all of CSXT's claims for monetary damages.

Dated:  January 22, 2020

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY**

By: _____*/s/ W. Ryan Snow*_____
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Darius K. Davenport, VSB No. 74064
David C. Hartnett, VSB No. 80452
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
ddavenport@cwm-law.com
dhartnett@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of January 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a "Notice of Electronic Filing" to all counsel of record who have consented to electronic service.

By: _____ */s/ W. Ryan Snow* _____
James L. Chapman, IV, VSB No. 21983
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
*Attorney for Norfolk and Portsmouth Belt*
*Line Railroad Company*