# EXHIBIT 2

| | |
|---|---|
| **From:** | Monica McCarroll <MMcCarroll@redgravellp.com> |
| **Sent:** | Tuesday, October 8, 2019 11:42 AM |
| **To:** | Noonan, Jeanne E. |
| **Subject:** | RE: CSXT v. NS - ESI [IWOV-Active.FID39729] |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hi Jeanne,

It was a pleasure meeting you as well. As discussed, we have some questions for your client to better inform the draft ESI Protocol. I have tried to make them as straight-forward as I can, but if you/they require any clarification, please let me know. I know the parties are anxious to finalize the ESI Protocol, so please don't hesitate to give me a call if you have any questions. (Mobile number is best.)

(1) Based on our meeting yesterday, we understand that CSXT does not maintain multiple copies of a single email, so is unable to produce the Custodian and Duplicate Custodian metadata fields. In order for NS to better understand what custodial information CSXT can provide, it would be helpful to learn more about how CSXT stores email. For example, if the company relies on an email archive or similar repository that is separate from their active email server, please provide the name and version of the tool or software they are currently using, when it was implemented, and a description of the rules that govern which instance of an email is stored, both for internal communications as well as those involving individuals outside the company.

Stated differently, while it is common practice in discovery to produce only a single instance of an email to minimize volume and expense, it also is common practice to produce metadata that identifies all of the custodian(s) of that email. To the extent CSXT is not able to produce the specific fields we requested, we would like to better understand what custodial metadata it is able to produce.

(2) We understand that CSXT also is not able to produce the File Path metadata field due to how it stores its email. As with the custodial metadata discussed above, it is common practice to produce this metadata that identifies the folder or sub-folder information relating to a particular item. We would like a better understanding of how emails are stored per our questions above, and also would like to know if there is any alternative information that can be produced in lieu of the File Path field.

(3) For purposes of our discussion about the discovery date range extending back to January 1, 2007, we would like a general understanding of whether CSXT has potentially relevant data, especially email and other user data, that extends back that far. If so, is the volume of potentially relevant data generally consistent year over year or, as Craig described, is there a large drop-off in volume when you go back beyond a certain time period? This question may be connected to the questions above to the extent the archive or similar repository was put in place post-2007. In my experience, when companies stand up an archive or similar repository, the IT team often recommends that the archive apply on an 'going forward' basis, meaning they do not sweep in everything that exists, but retain only newly created data. It would be helpful to know if this was the case at CSXT for purposes of determining a mutually-agreeable discovery date range.

Regards,

**MONICA McCARROLL**

OF COUNSEL| **REDGRAVE LLP** | (O) 703.592.1155 | (M) 571.377.9960

mmccarroll@redgravellp.com

CONFIDENTIALITY STATEMENT: This email message and any attachments are confidential and may be subject to the attorney-client or other applicable privileges. If you are not the intended recipient, please immediately reply to the sender and delete the message and any attachments. Thank you.

**From:** Noonan, Jeanne E. [mailto:jnoonan@mcguirewoods.com]
**Sent:** Monday, October 07, 2019 3:57 PM
**To:** Monica McCarroll
**Subject:** Re: CSXT v. NS - ESI

Monica,

It was a pleasure meeting you today. All of my contact information is below.
Please send me your list of questions, and I'll confer with the CSXT team.

Best,
Jeanne

**Jeanne E. Noonan**
Associate
McGuireWoods LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
T: +1 757 640 3719
M: +1 757 289 6526
F: +1 757 640 3949
jnoonan@mcguirewoods.com
Bio | VCard | www.mcguirewoods.com



*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

2

| | |
|---|---|
| **From:** | Monica McCarroll <MMcCarroll@redgravellp.com> |
| **Sent:** | Monday, October 21, 2019 6:25 PM |
| **To:** | Noonan, Jeanne E.; McFarland, Robert W.; Hatch, Benjamin L.; Peterson, Ashley P.; Kynes, Cameron G.; Justus, J. Brent |
| **Cc:** | alan.wingfield_troutmansanders.com; michael.lacy_troutmansanders.com; liz.flowers@troutmansanders.com; jchapman@cwm-law.com; wrsnow@cwm-law.com; ddavenport@cwm-law.com; dhartnett@cwm-law.com; hfain@spottsfain.com; cmullins@spottsfain.com; jerbach_spottsfain.com; wespivey@kaufcan.com; cjbelote@kaufcan.com |
| **Subject:** | RE: CSXT v. NSR et al. - ESI Matters and Protective Order [IWOV-Active.FID39729] |
| **Attachments:** | RE: CSXT v. NS - ESI [IWOV-Active.FID39729] |

Jeanne,

Thank you for your response and the latest turn of the draft orders. NSR would like to discuss some of your edits to the ESI Order in more detail, and also would like to confirm CSXT's responses to the questions raised during and after the Rule 26(f) conference (I have attached my 10/8/19 email for ease of review). NSR requires more information about your client's "central location" for preserving email before agreeing to the proposed edits to the ESI Order. NSR also would like a better understanding of how CSXT proposes to run search terms; specifically, whether it is planning to search its "central location" as suggested in your response below. If that is the case, NSR would like a better understanding of the functionality of the search tool CSXT plans to use, as some in-house tools have known deficiencies that can be accounted for if addressed up front.

We also have not received your proposal as to how to treat Belt Line board members in terms of counting against the list of custodians set forth in the draft ESI Order, or how you propose to treat former employees for purposes of determining whether the parties should ask the Court to increase the number of non-party, non-expert depositions beyond the 5 allowed under the Pretrial Order.

We suggest the parties schedule a brief meet and confer by telephone to determine whether we can resolve these outstanding issues before Friday's conference. Counsel for NSR can be available **Wednesday between 12pm and 4pm**. Hopefully, that window is large enough that we can find a time that works for everyone. Please advise if there is a window that works on your end and we will circulate a dial-in.

Regards,
Monica

**MONICA McCARROLL**

OF COUNSEL| **REDGRAVE LLP** | (O) 703.592.1155 | (M) 571.377.9960

mmccarroll@redgravellp.com

CONFIDENTIALITY STATEMENT: This email message and any attachments are confidential and may be subject to the attorney-client or other applicable privileges. If you are not the intended recipient, please immediately reply to the sender and delete the message and any attachments. Thank you.

**From:** Noonan, Jeanne E. [mailto:jnoonan@mcguirewoods.com]
**Sent:** Friday, October 18, 2019 4:42 PM
**To:** cmerritt@cblaw.com; bhill_cblaw.com; Belinda Jones; pcoburn@cblaw.com; alan.wingfield_troutmansanders.com;

1

michael.lacy_troutmansanders.com; liz.flowers@troutmansanders.com; jchapman@cwm-law.com; wrsnow@cwm-law.com; ddavenport@cwm-law.com; dhartnett@cwm-law.com; hfain@spottsfain.com; hfain@spottsfain.com; cmullins@spottsfain.com; jerbach_spottsfain.com; wespivey@kaufcan.com; cjbelote@kaufcan.com; Monica McCarroll
**Cc:** McFarland, Robert W.; Hatch, Benjamin L.; Peterson, Ashley P.; Kynes, Cameron G.; Justus, J. Brent
**Subject:** Re: CSXT v. NSR et al. - ESI Matters and Protective Order

Counsel,

Attached please find our comments and edits in redline to the draft ESI and Protective Orders circulated on October 9, 2019.  In full disclosure, we are still waiting for some feedback from our client team, but we wanted to get these to you before the weekend, so that we may have some time before the Rule 16(b) conference to further discuss.

A few points:
- This may go without saying, but in each order, we have gone through and accepted many of Defendants' proposed changes, so those will no longer appear in redline format.
- There are some additions and clean-ups from our end, which we hope will be helpful to both sides and add some clarity to each order.  We are happy to discuss these in more detail if necessary.

I also provide the following information in response to Monica's October 8, 2019 email and the questions raised during the Rule 26(f) conference:

Following a discussion with our client, I have a better understanding of CSXT's maintenance of ESI.  CSXT may possess emails in multiple locations (for example, if an individual were to save a particular email onto his or her hard drive).  However, for purposes of email production, CSXT preserves all of its e-mail data in a central location.  This is an accepted, standard practice, and ensures a comprehensive collection of e-mails.  E-mails collected from this central location will be produced with "To," "From," "CC" and "BCC" metadata, thereby identifying all individuals who had custody of that email.  As the e-mails are stored in a central location, the file path metadata does not contain relevant information, as all e-mails would have basically the same file path; however, subject, date, and time information will be provided in the e-mail metadata.

To clarify, CSXT will agree to provide the custodian, duplicate custodian, and file path of ESI collected from locations other than the central location that contains e-mail data.

With respect to the discovery date range, CSXT is able to identify some documents that date back to January 1, 2007, but cannot yet provide the volume of its data that dates back to 1/1/2007.  It is my understanding that once custodians and search terms are identified, it should be able to do so.  Perhaps the answer here is for each side to identify the custodians, propose search terms, and then further discuss this particular issue?

Thank you all for your patience.

Best,
Jeanne

**Jeanne E. Noonan**
Associate
McGuireWoods LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
T:  +1 757 640 3719
M: +1 757 289 6526
F:  +1 757 640 3949
jnoonan@mcguirewoods.com

2

Bio | VCard | www.mcguirewoods.com



*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

| | |
|---|---|
| **From:** | Monica McCarroll <MMcCarroll@redgravellp.com> |
| **Sent:** | Thursday, October 24, 2019 8:00 AM |
| **To:** | Noonan, Jeanne E.; Peterson, Ashley P. |
| **Subject:** | CSXT v. NSR et al. - Confirmation re: Central Location [IWOV-Active.FID39729] |
| | |
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Flagged |

Jeanne and Ashley,

Thank you for the additional clarification yesterday regarding your client's central location for storing emails. To confirm, CSXT uses a journaling tool or software, wherein a single instance of every email is stored upon sending or receipt. Can you please confirm generally whether the single instance remains even after an employee departs the company, or does it undergo routine disposition as part of off-boarding? The reason I ask is that I understand both companies have had a number of retirements and departures in the last few years, and that can impact whether there is data for those individuals. That impact should be lessened by a central repository, but I wanted to check. Once there is agreement on custodians, my understanding is that CSXT will search its central location for emails to/from/cc/bcc the custodians identified. It is only when you run that search that you will be able to fully advise whether email for all the custodians dates back to 2007 or if perhaps it looks like a later date (2009, 2010) may be a more appropriate start date for the ESI discovery period. You will see I modified the ESI Order to reflect that understanding but please advise if that is incorrect. My further understanding is that once the custodians and date range is set, CSXT will run search terms against the data in its central location to identify the set of data for review. If that is correct, I would appreciate it if you could provide any further details about the search functionality. For example, some tools are not able to search attachments to emails if those attachments are pdfs or scanned paper. As I mentioned on our call, my goal is to try to identify any potential issues before discovery starts so we can work together to address them and avoid any problems later when deadlines are approaching. If this is easier to discuss on a call, please let me know and we can get something scheduled.

Regards,

**MONICA McCARROLL**

OF COUNSEL| **REDGRAVE LLP** | (O) 703.592.1155 | (M) 571.377.9960

mmccarroll@redgravellp.com

CONFIDENTIALITY STATEMENT: This email message and any attachments are confidential and may be subject to the attorney-client or other applicable privileges. If you are not the intended recipient, please immediately reply to the sender and delete the message and any attachments. Thank you.