# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

Plaintiff,

v.                                                          Civil Action No. 2:18cv530

NORFOLK SOUTHERN RAILWAY
COMPANY, NORFOLK & PORTSMOUTH
BELT LINE RAILROAD COMPANY,
JERRY HALL, THOMAS HURLBUT,
PHILIP MERILLI, and CANNON MOSS,

Defendants.

_____

**PLAINTIFF CSX TRANSPORTATION, INC.'S OBJECTIONS AND RESPONSES
TO DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY'S
<u>FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Local Rule 26, and

the ESI Order and Stipulated Protective Order entered in the above-captioned action, Plaintiff CSX

Transportation, Inc. ("CSXT" or "Plaintiff"), by counsel, hereby provides its objections and

responses to Defendant Norfolk Southern Railway Company's ("NSR") First Set of Document

Requests (the "Requests").

## <u>RESERVATION OF RIGHTS</u>

Plaintiff's objections are based on the facts presently known to Plaintiff based on a good

faith investigation to respond to NSR's Requests.   As discovery progresses, Plaintiff may

supplement or change its objections to NSR's Requests with any non-privileged information as

appropriate under the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

Plaintiff reserves the right to supplement or change their objections to NSR's Requests as additional or different facts, documents, or witnesses are discovered.

Plaintiff's objections to NSR's Requests do not constitute an admission by Plaintiff that any of the Requests or the responses thereto, or any documents produced in connection therewith, are relevant or admissible as evidence in any trial or other proceeding.  Plaintiff reserves the right to object on any grounds, at any time, to the admission of any Requests or the responses thereto, or any documents produced in connection therewith, in any such trial or other proceeding.

The responses contained herein are based only upon the information and documentation presently available and known to CSXT.  It is possible that further investigation, discovery, analysis, legal research, and/or preparation may result in the ascertainment of additional information or documentation, or provide additional meaning to known factual conclusions and legal contentions, all of which may result in the modification of these responses.  Accordingly, CSXT reserves the right to modify its responses herein based upon subsequently ascertained or developed information, documentation, facts, and contentions.  Subject to the objections asserted herein, CSXT's responses are made in a good faith effort to reasonably respond to NSR's Requests based upon presently available information and documentation.  These responses should not be construed to prejudice CSXT's right to conduct further investigation, discovery, legal research and/or preparation, or to limit CSXT's right to utilize any additional evidence that may be developed.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      CSXT objects to Definition/Instruction Numbers 2–4 ("documents" and "communications") as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of this case in that this definition requires CSXT to produce "text

messages, iMessages, messages through social media, messages through apps, and emails (including personal email accounts), regardless of whether CSXT or its representatives characterize those mediums as personal (*i.e.*, non-business)," and therefore seeks documents that may have no material bearing on this case. CSXT further objects to the extent that NSR attempts to require CSXT to produce documents beyond those agreed to in the ESI Order.

2.      CSXT objects to Definition/Instruction Number 7 ("you," "your," and "CSXT") as vague and ambiguous as well as overbroad and unduly burdensome in that this definition of "CSXT" includes numerous legally distinct persons not parties to this litigation, and also purports to require CSXT to obtain information, documents, and other tangible things from all "affiliated business entities, directors, officers, employees, agents, representatives, and predecessor(s) in interest." To the extent this definition purports to include CSXT's "affiliated business entities," the conduct of all such entities is not at issue in this case, and therefore is irrelevant. Moreover, to answer NSR's 105 Requests on behalf of not only CSXT, but all other entities meeting NSR's overbroad definition would impose a burden on CSXT that would far outweigh the needs of this case, and would not be reasonable or proportional to this case as the Rules require. CSXT further objects to the definition of "you" or "your" as overbroad, unduly burdensome, irrelevant, unreasonably burdensome, and not proportional to the needs of the case to the extent that it purports to include "all directors, officers, employees, agents, representatives, and predecessor(s) in interest." This definition would require CSXT to answer NSR's 105 Requests on behalf of a wide range of other individuals and entities with no authority to bind CSXT. Not only are the actions of such individuals and entities not relevant to this litigation, but the burden imposed by such an exercise would far outweigh any marginal benefit, and would be not be reasonable or proportional as required by the Rules.

3.      CSXT objects to Definition/Instruction No. 21, which defines "Commonwealth of Virginia" as the "Commonwealth of Virginia, and all persons and entities acting on its behalf, including but not limited the VPA" as overbroad, unduly burdensome, expensive and not proportional to the needs of the case to the extent it requires documents be produced related to a wide range of individuals and entities that are not relevant to this litigation. The burden imposed by such an exercise would far outweigh any marginal benefit, and would be not be reasonable or proportional as required by the Rules.

4.      CSXT objects to Definition/Instruction No. 22, which defines "Shipper" as "any person, including but not limited to ocean shippers, contracting or seeking to contract with a rail carrier for the provision of intermodal rail transportation" as vague, ambiguous, overbroad, and unduly burdensome as this term encompasses a wide range of individuals and entities that are not relevant to this litigation, and is not limited in any way. The burden imposed by such an exercise would far outweigh any marginal benefit, and would be not be reasonable or proportional as required by the Rules.

5.      CSXT objects to the production of any discovery materials prior to the entry of a protective order in this action and an agreed upon ESI protocol.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All documents, regardless of the date of creation or receipt, that you received from NPBL relating to matters of governance and finance, including but not limited to minutes, notices, financial statements, and correspondence regarding dividends.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against

disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents, regardless of the date of creation or receipt" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period.  CSXT further objects to this Request to the extent the requested documents are already in the possession, custody, or control of NSR.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

2.       All documents, regardless of the date of creation or receipt, relating to communications at any time between or among any or all of you, NPBL and NSR concerning the designation by NSR or CSXT of representatives to serve on the NPBL board of directors.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents, regardless of the date of creation or receipt" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period.  CSXT further objects to

this Request as vague and ambiguous, as it seeks communications "between or among any or all of you, NPBL and NSR."  CSXT further objects to this Request to the extent the requested documents are already in the possession, custody, or control of NSR.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

3.      All documents, regardless of the date of creation or receipt, relating to communications at any time between or among any or all of you, NPBL and NSR concerning the ownership or shareholder structure of NPBL.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents, regardless of the date of creation or receipt" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period.  CSXT further objects to this Request as vague and ambiguous, as it seeks communications "between or among any or all of you, NPBL and NSR."  CSXT further objects to this Request to the extent the requested

documents are already in the possession, custody, or control of NSR.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

4.      All documents, regardless of the date of creation or receipt, relating to communications at any time between or among any or all of you, NPBL and NSR concerning the corporate governance of NPBL.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents, regardless of the date of creation or receipt" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period.  CSXT further objects to this Request as vague and ambiguous, as it seeks communications "between or among any or all of you, NPBL and NSR."  CSXT further objects to this Request to the extent the requested documents are already in the possession, custody, or control of NSR.  CSXT further objects to this

Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

5.      All documents, regardless of the date of creation or receipt, relating to any contract or agreement effective at any time between you and NPBL, including all documents that constitute, memorialize, evidence, describe, or are part of or incorporated into such contract or agreement.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents, regardless of the date of creation or receipt" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period.  CSXT further objects to this Request to the extent the requested documents are already in the possession, custody, or control of NSR.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-

custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

6.      All documents, regardless of the date of creation or receipt, relating to any contract or agreement concerning NPBL effective at any time between you and any other railroad, including without limitation NSR, including all documents that constitute, memorialize, evidence, describe, or are part of or incorporated into such contract or agreement.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents, regardless of the date of creation or receipt" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period.  CSXT further objects to this Request to the extent the requested documents are already in the possession, custody, or control of NSR.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

7.     All documents, regardless of the date of creation or receipt, relating to communications at any time between or among any or all of you, NPBL and NSR concerning NPBL's proposed charges, fees, or rates for any service, including but not limited to switch rates, being evaluated or considered by NPBL.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents, regardless of the date of creation or receipt" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period.  CSXT further objects to this Request as vague and ambiguous, as it seeks communications "between or among any or all of you, NPBL and NSR."  CSXT further objects to this Request to the extent the requested documents are already in the possession, custody, or control of NSR.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

8.     All documents, regardless of the date of creation or receipt, relating to communications at any time between or among any or all of you, NPBL and NSR concerning any charge, fee, or rate, including but not limited to switch rates, being charged by NPBL to any user of NPBL's services.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents, regardless of the date of creation or receipt" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period.  CSXT further objects to this Request as vague and ambiguous, as it seeks communications "between or among any or all of you, NPBL and NSR."  CSXT further objects to this Request to the extent the requested documents are already in the possession, custody, or control of NSR.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

9. All documents, regardless of the date of creation or receipt, relating to communications at any time between or among any or all of you, NPBL and NSR concerning rail access to NIT.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents, regardless of the date of creation or receipt" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period. CSXT further objects to this Request as vague and ambiguous, as it seeks communications "between or among any or all of you, NPBL and NSR." CSXT further objects to this Request to the extent the requested documents are already in the possession, custody, or control of NSR. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

10.     All documents, regardless of the date of creation or receipt, relating to communications at any time between you and any person other than NSR or NPBL concerning the ownership or shareholder structure of NPBL.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents, regardless of the date of creation or receipt" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

11.     All documents, regardless of the date of creation or receipt, relating to communications at any time between you and any person other than NSR or NPBL concerning the corporate governance of NPBL.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against

disclosure of such information. CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents, regardless of the date of creation or receipt" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

12.     All documents relating to communications between you and any person other than NSR or NPBL concerning any charge, fee, or rate, including but not limited to switch rates, being considered by NPBL.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT also objects to this Request as overbroad and unduly burdensome, and vague and ambiguous as it seeks documents concerning "any charge, fee, or rate . . . being considered by NPBL." CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

13.     All documents relating to communications between you and any person other than NSR or NPBL concerning any charge, fee, or rate, including but not limited to switch rates, being charged by NPBL to any user of NPBL's services.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request as it is overbroad and unduly burdensome as it seeks "all documents relating to communications" with anyone other than NSR or NPBL regarding any charge, fee, or rate being charged by NPBL.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

14.    All documents relating to communications between you and any person other than NSR or NPBL concerning CSXT obtaining access to NIT.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as it is overbroad and unduly burdensome as it seeks "all documents relating to communications" with anyone other than NSR or NPBL.  CSXT further objects to this Request as vague and ambiguous in its use of the phrase "concerning CSXT obtaining access to NIT."  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.


15.    All documents relating to your internal communications concerning the ownership or shareholder structure of NPBL.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "all documents relating to your internal communications" and therefore seeks documents that may

have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

16.     All documents relating to your internal communications concerning the corporate governance of NPBL.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "all documents relating to your internal communications" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and

produce any responsive, non-privileged documents.

17.     All documents relating to your internal communications concerning any charge, fee, or rate, including but not limited to switch rates, being considered by NPBL.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "all documents relating to your internal communications" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

18.     All documents relating to your internal communications concerning any charge, fee, or rate, including but not limited to switch rates, being charged by NPBL to any user of NPBL's services.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against

disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "all documents relating to your internal communications" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

19.    All documents relating to your internal communications concerning CSXT obtaining access to NIT.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request as vague and ambiguous in its use of the phrase "concerning CSXT obtaining access to NIT."  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "all documents relating to your internal communications" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

20.    All documents relating to communications between you and the Commonwealth of Virginia relating to intermodal freight operations at a Port of Virginia Terminal.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.   CSXT further objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case to the extent it seeks all documents relating to intermodal freight operations at a Port of Virginia Terminal.  This Request is so broad as to encompass virtually every document or communication related to intermodal freight operations with all state agencies including VPA, without regard to whether those documents are relevant to the issues on which this case centers.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

21.     All documents, regardless of the date of their creation or receipt, relating to the analysis of the economic effects of the merger of Southern Railway Company with Norfolk & Western Railway Company on NPBL or the intermodal freight business.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents, regardless of the date of creation or receipt" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period.  CSXT also objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case as it seeks documents concerning the "economic effects of the merger of Southern Railway Company with Norfolk & Western Railway Company on NPBL or the intermodal freight business," and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

22.     All documents, regardless of the date of their creation or receipt, relating to the effects of the 1897 Operating Agreement on the operations of CSXT.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents, regardless of the date of creation or receipt" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period.  CSXT also objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case as it seeks documents concerning the "effects of the 1897 Operating Agreement on the operations of CSXT" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.


23.     All documents, regardless of the date of their creation or receipt, relating to the negotiation, execution, and evaluation of the March 1, 1989, Supplemental Agreement referenced in Paragraph 22 of the Complaint.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "[a]ll documents, regardless of the date of creation or receipt" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period.  CSXT also objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case as it seeks documents concerning the "the negotiation, execution, and evaluation of the March 1, 1989, Supplemental Agreement" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

24.    All documents, regardless of the date of their creation or receipt, relating to contracts among CSXT, NSR, and NPBL, or between any two of them, concerning any aspect of NPBL's operations.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against

disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, as it seeks "[a]ll documents, regardless of the date of creation or receipt" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.  CSXT further objects to this Request to the extent the requested documents are already in the possession, custody, or control of NSR.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.


25.    All documents, created during or referring to the terms served by defendants Moss, Merilli, Hall, and Hurlbut as members of the NPBL board of directors, relating to communications between CSXT and each person designated by CSXT to sit on NPBL's board of directors, concerning NPBL or NSR.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks

"all documents . . . relating to communications" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT also objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of the case as it seeks documents "concerning NPBL or NSR" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

26.    All documents relating to analyses performed by you concerning the switch rates that are charged, or could be charged, to you by NPBL.

**OBJECTION**: CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and

produce any responsive, non-privileged documents.

27.     All documents relating to the development and analysis of proposals by you, whether or not such proposals were communicated to NPBL, for changing the governance or operations of NPBL, including but not limited to the proposals dated July 19, 2010, and March 23, 2018, set forth as Exhibit E to the Complaint.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

28.     All documents relating to communications by you with any person concerning proposals made or considered by you concerning the governance or operations of NPBL, including but not limited to the proposals dated July 19, 2010, and March 23, 2018, set forth as Exhibit E to the Complaint.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against

disclosure of such information. CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "all documents relating to communications by you with any person" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.


29.    All documents relating to the letter from you to NPBL and NSR dated April 6, 2018, set forth as Exhibit F to the Complaint.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and

produce any responsive, non-privileged documents.

30.     All documents relating to communications by you with any person relating to the letter from you to NPBL and NSR dated April 6, 2018, set forth as Exhibit F to the Complaint.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "all documents relating to communications by you with any person" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

31.     All documents relating to market studies or analyses of competition or potential competition between CSXT and any other provider of transportation services for intermodal shipping business that originates from or is destined to any location outside the continental United States.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks documents concerning the "intermodal shipping business that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE:** Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents limited in geographic scope to any intermodal shipping business to or from any East Coast Port.[1]

32.     All documents relating to the analysis of the capacity of any terminal facility in the continental United States to handle intermodal shipping business that originates from or is destined to any location outside the continental United States.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against

---

[1] East Coast Port(s) shall mean all major ocean ports and marine terminals on the Atlantic and Gulf coasts in the United States located east of the Mississippi River, including terminals located in the Port of New Orleans, Port of New York/New Jersey, Port of Baltimore, Port of Charleston, and Port of Savannah.

disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks documents concerning the "the analysis of the capacity of any terminal facility in the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents limited in geographic scope to any terminal facility in an East Coast Port.

33.     All documents relating to projections of the volume of intermodal shipping traffic that originates from or is destined to any location outside the continental United States.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks documents concerning the "projections of the volume of intermodal shipping traffic that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent

that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents limited in geographic scope to the volume of intermodal shipping traffic through East Coast Ports.


34.     All documents relating to the analysis of CSXT's capacity to meet future demand for rail service to intermodal shippers generating traffic that originates from or is destined to any location outside the continental United States.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks documents concerning "CSXT's capacity to meet future demand for rail service to intermodal shippers generating traffic that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI

Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents limited in geographic scope to traffic through East Coast Ports.

35.     All documents relating to the analysis of competition among various modes of inland transportation, including but not limited to rail, truck, or barge operations, to serve shippers of intermodal freight that originates from or is destined to any location outside the continental United States.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks documents concerning the "analysis of competition among various modes of inland transportation" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents limited in geographic scope to intermodal shipping traffic through East Coast Ports.

36.     All documents relating to communications, evaluations, or analyses of any kind that concern the comparative advantages or disadvantages that CSXT or NSR may possess at any terminal facility handling intermodal freight that originates from or is destined to any location outside the continental United States.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks documents concerning the "comparative advantages or disadvantages that CSXT or NSR may possess at any terminal facility handling intermodal freight that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents limited in geographic scope to terminal facilities located at East Coast Ports.

37.     All documents relating to proposals made by you, formally or informally, to provide transportation services to any shipper engaged in the movement of intermodal freight that originates from or is destined to any location outside the continental United States.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks information related to proposals to "any shipper engaged in the movement of intermodal freight that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request as vague and ambiguous to the extent the term "proposal" is undefined, and this phrase is susceptible to multiple meanings.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE:** Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents limited in geographic scope to intermodal freight shipped through East Coast Ports.

38.     All documents relating to inquiries, formal or informal, received by you from any shipper seeking the services of CSXT as part of the movement of intermodal freight that originates from or is destined to any location outside the continental United States.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks information related to proposals to "any shipper seeking the services of CSXT as part of the movement of intermodal freight that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request as vague and ambiguous to the extent the term "inquiries" is undefined, and this phrase is susceptible to multiple meanings.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents limited in geographic scope to intermodal freight shipped through East Coast Ports.

39.     All documents relating to the negotiation of potential contracts, whether or not a transaction was closed or consummated, between you and any shipper concerning the services of

CSXT as part of the movement of intermodal freight that originates from or is destined to any location outside the continental United States.

**OBJECTION**: CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks information related to the negotiation of potential contracts between CSXT and "any shipper concerning the services of CSXT as part of the movement of intermodal freight that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents limited in geographic scope to intermodal freight shipped through East Coast Ports.

40.    All documents relating to contracts entered into between you and any shipper concerning the services of CSXT as part of the movement of intermodal freight that originates from or is destined to any location outside the continental United States.

**OBJECTION**: CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks information related to contracts between CSXT and "any shipper concerning the services of CSXT as part of the movement of intermodal freight that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents limited in geographic scope to intermodal freight shipped through East Coast Ports. Further, to the extent any such contract or agreement contains a confidentiality provision requiring notice be provided to any party to the contract, after such notice has issued, and in compliance with any contractual requirements, CSXT will produce any responsive, non-privileged documents.

41.     All documents relating to all contracts or prospective contracts between you and Maersk or its affiliated entities concerning the services of CSXT as part of the movement of intermodal freight that originates from or is destined to any location outside the continental United States.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks information related to contracts or prospective contracts "concerning the services of CSXT as part of the movement of intermodal freight that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order. CSXT further objects to this Request to the extent that it is duplicative of Request Nos. 39 and 40.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.  Further, to the extent any such contract or agreement contains a confidentiality provision requiring notice be provided to any party to the contract, after such notice has issued, and in compliance with any contractual requirements, CSXT will produce any responsive, non-privileged documents.

42.    All documents relating to contracts or prospective contracts between you and Mediterranean Shipping Company or its affiliated entities concerning the services of CSXT as part of the movement of intermodal freight that originates from or is destined to any location outside the continental United States.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks information related to contracts or prospective contracts "concerning the services of CSXT as part of the movement of intermodal freight that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order. CSXT further objects to this Request to the extent that it is duplicative of Request Nos. 39 and 40.

**RESPONSE:** Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents. Further, to the extent any such contract or agreement contains a confidentiality provision requiring notice be provided to any party to the contract, after such notice has issued, and in compliance with any contractual requirements, CSXT will produce any responsive, non-privileged documents.

43.     All documents relating to contracts or prospective contracts between you and CMA CGM (America) LLC or its affiliated entities concerning the services of CSXT as part of the movement of intermodal freight that originates from or is destined to any location outside the continental United States.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks information related to contracts or prospective contracts "concerning the services of CSXT as part of the movement of intermodal freight that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order. CSXT further objects to this Request to the extent that it is duplicative of Request Nos. 39 and 40.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.  Further, to the extent any such contract or agreement contains a confidentiality provision requiring notice be provided to any party to the contract, after such notice has issued, and in compliance with any contractual requirements, CSXT will produce any responsive, non-privileged documents.

44.     All documents relating to communications between you and any shipper addressing the quality of CSXT's performance pursuant to any contract whose subject matter is the movement of intermodal freight that originates from or is destined to any location outside the continental United States.

**OBJECTION**: CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad and unduly burdensome as it seeks "all" documents relating to communications "between you and any shipper."  CSXT also objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks information related to "any contract whose subject matter is the movement of intermodal freight that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request as vague and ambiguous in its use of the phrase "addressing the quality of CSXT's performance."  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents limited in geographic scope to intermodal freight shipped through East Coast Ports.

45.     All documents relating to communications between you and any shipper addressing the quality of NSR's performance in the movement of intermodal freight that originates from or is destined to any location outside the continental United States.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad and unduly burdensome as it seeks "all" documents relating to communications "between you and any shipper." CSXT also objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks information related to "the quality of NSR's performance in the movement of intermodal freight that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request as vague and ambiguous in its use of the phrase "addressing the quality of NSR's performance."  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents limited in geographic scope to intermodal freight shipped through East Coast Ports.

46.     All documents relating to communications between you and any shipper addressing the price of NSR's services in the movement of intermodal freight that originates from or is destined to any location outside the continental United States.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT objects to this Request as overbroad and unduly burdensome as it seeks "all" documents relating to communications "between you and any shipper." CSXT also objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks information related to "the price of NSR's performance in the movement of intermodal freight that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE:** Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents limited in geographic scope to intermodal freight shipped through East Coast Ports.

47.     All documents relating to communications between you and any shipper addressing the capacity of any terminal located at the Ports of New York/New Jersey, Baltimore, Charleston, Savannah, and Jacksonville.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against

disclosure of such information.   CSXT objects to this Request as overbroad and unduly burdensome as it seeks "all" documents relating to communications "between you and any shipper."  CSXT also objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks documents relating to communications between CSXT and any shipper concerning information related to "the capacity of any terminal located at the Ports of New York/New Jersey, Baltimore, Charleston, Savannah, and Jacksonville" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

48.   All documents relating to communications between you and any shipper addressing the capacity of any Port of Virginia Terminal.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.   CSXT objects to this Request as overbroad and unduly burdensome as it seeks "all" documents relating to communications between CSXT and "any shipper" concerning information related to "the capacity of any Port of Virginia Terminal" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects

to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

49.     All documents relating to communications between you and any shipper addressing the comparative advantages or disadvantages of using any particular Port of Virginia Terminal for the movement through the Port of Hampton Roads of intermodal freight that originates or is destined to any location outside the continental United States.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as vague and ambiguous in its use of the phrase "the comparative advantages or disadvantages of using any particular Port of Virginia Terminal."  CSXT further objects to this Request as overbroad and unduly burdensome as it seeks "all" documents relating to communications between CSXT and "any shipper" concerning information related to "using any particular Port of Virginia Terminal for the movement through the Port of Hampton Roads of intermodal freight" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

50.     All documents relating to communications between you and any shipper addressing the advantages or disadvantages of the Port of Hampton Roads, as compared to other ports in the continental United States, for the movement of intermodal freight that originates from or is destined to any location outside the continental United States.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT also objects to this Request as vague and ambiguous in its use of the phrase "the advantages or disadvantages of the Port of Hampton Roads, as compared to other ports in the continental United States." CSXT further objects to this Request as overbroad and unduly burdensome as it seeks "all" documents relating to communications between CSXT and "any shipper" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and

produce any responsive, non-privileged documents.

51.    All documents relating to communications between you and any shipper addressing the means of moving intermodal containers to or from any Port of Virginia Terminal in connection with the movement of intermodal freight that originates from or is destined to any location outside the continental United States.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as vague and ambiguous in its use of the phrase "the means of moving intermodal containers."  CSXT further objects to this Request as overbroad and unduly burdensome as it seeks "all" documents relating to communications between CSXT and "any shipper" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

52.    All documents relating to business relationships lost by CSXT as a result of actions taken by one or more of the defendants that you allege to be anticompetitive or legally wrongful.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

53.    All documents relating to prospective business opportunities or relationships lost by CSXT as a result of actions taken by one or more of the defendants that you allege to be anticompetitive or legally wrongful.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and

produce any responsive, non-privileged documents.

54.     All documents relating to business relationships concerning intermodal transportation services that were acquired by you after previously being held by NSR, including but not limited to all analyses of the reasons why you were able to acquire the business.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as vague and ambiguous in its use of the phrase "relating to business relationships concerning intermodal transportation services."  CSXT further objects to this Request as overbroad and unduly burdensome as it seeks "all" documents "relating to business relationships concerning intermodal transportation services that were acquired by you after previously being held by NSR" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents limited in geographic scope to business relationships concerning intermodal transportation services through East Coast Ports.

55.     All documents relating to the analysis of the volume and composition of CSXT intermodal traffic moving through each Port of Virginia Terminal.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

56.     All documents relating to studies, projections, or analyses of any kind concerning the future throughput capacity of each Port of Virginia Terminal.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as vague and ambiguous in its use of the phrase "concerning the future throughput capacity."  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI

Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

57.    All documents relating to any proposed or contemplated expansion of terminal capacity, or intermodal freight-handling capacity, at any Port of Virginia Terminal.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all" documents "relating to any proposed or contemplated expansion of terminal capacity, or intermodal freight-handling capacity, at any Port of Virginia Terminal" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

58.    All documents relating to any proposed or contemplated expansion of CSXT rail infrastructure at or within a 100-mile radius of any Port of Virginia Terminal.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all" documents "relating to any proposed or contemplated expansion of CSXT rail infrastructure at or within a 100-mile radius of any Port of Virginia Terminal" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.


59.     All documents relating to the analysis of the volume and composition of intermodal traffic using drayage or other trucking services at each Port of Virginia Terminal by CSXT or by shippers using the services of CSXT.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all" documents "relating to the analysis of the volume and composition of intermodal traffic using drayage or other trucking services at each Port of Virginia Terminal by CSXT or by shippers using the services of CSXT" and therefore seeks documents that may have

no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

60.     All documents relating to the negotiation and formation of contracts between CSXT or any shipper using the services of CSXT, and any person providing drayage or other trucking services at any Port of Virginia Terminal.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all" documents "relating to the negotiation and formation of contracts between CSXT or any shipper using the services of CSXT" and "any person providing drayage or other trucking services" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-

custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.  Further, to the extent any such contract or agreement contains a confidentiality provision requiring notice be provided to any party to the contract, after such notice has issued, and in compliance with any contractual requirements, CSXT will produce any responsive, non-privileged documents.

61.    All documents relating to contracts between CSXT or any shipper using the services of CSXT, and any person providing drayage or other trucking services at any Port of Virginia Terminal.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all" documents "relating to contracts between CSXT or any shipper using the services of CSXT" and "any person providing drayage or other trucking services" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.   CSXT further objects to the extent this Request is duplicative of Request No. 60.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.  Further, to the extent any such contract or

agreement contains a confidentiality provision requiring notice be provided to any party to the contract, after such notice has issued, and in compliance with any contractual requirements, CSXT will produce any responsive, non-privileged documents.

62.     All documents relating to payments made by CSXT or by any shipper using the services of CSXT, for the provision of drayage or other trucking services to and from each Port of Virginia Terminal.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all" documents "relating to payments made by CSXT or any shipper using the services of CSXT, for the provisions of drayage or other trucking services" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

63.     All documents relating to contracts between you and Commonwealth Railway.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.   CSXT also objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "all" documents "relating to contracts between you and Commonwealth Railway" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.  Further, to the extent any such contract or agreement contains a confidentiality provision requiring notice be provided to any party to the contract, after such notice has issued, and in compliance with any contractual requirements, CSXT will produce any responsive, non-privileged documents.


64.     All documents relating to studies or analyses evaluating the prices charged or offered to CSXT, or to shippers using the services of CSXT, for using drayage or trucking services, as opposed to the services of NPBL, at any Port of Virginia Terminal.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against

disclosure of such information.  CSXT also objects to this Request as vague and ambiguous in its description of documents sought, and is unclear.  CSXT objects to this Request as overbroad and unduly burdensome as it seeks "all" documents "relating to studies or analyses evaluating the prices charged or offered to CSXT, or to shippers using the services of CSXT, for using drayage or trucking services, as opposed to the services of NPBL, at any Port of Virginia Terminal" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

65.     All documents relating to any evaluation or analysis by you of the effect that the cost of moving intermodal freight through any Port of Virginia Terminal has on the prices that CSXT is able to offer, or in fact has offered, to shippers for the movement through the Port of Hampton Roads of intermodal freight that originates from or is destined to any location outside the continental United States.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.   CSXT objects to this Request as overbroad and unduly burdensome as it seeks "all" documents "relating to any evaluation or analysis by you of the effect

that the cost of moving intermodal freight through any Port of Virginia Terminal has on the prices that CSXT is able to offer, or in fact has offered, to shippers for the movement through the Port of Hampton Roads of intermodal freight that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.


66.     All documents relating to any differential in pricing that you offer or have considered offering to shippers for the movement of intermodal containers through VIG as opposed to NIT.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as vague and ambiguous in its use of the phrase "differential in pricing that you offer or have considered offering to shippers." CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI

Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

67.    All documents relating to your provision of rail service for the movement of intermodal containers on a non-contract basis, including your published tariffs, and all prices offered by you on a spot market basis.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.   CSXT objects to this Request as overbroad and unduly burdensome as it seeks "all" documents "relating to your provision of rail service for the movement of intermodal containers on a non-contract basis, including your published tariffs, and all prices offered by you on a spot market basis" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

68.     All documents relating to your decision to utilize NPBL for the movement of intermodal containers to and from NIT in 2015, as referenced in paragraph 55 of the Complaint.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.


69.     All documents relating to the allegation in paragraph 55 of the Complaint that NS "prioritized NS's shipping needs over those of CSXT" in 2015.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-

custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

70.     All documents relating to your analysis of opportunities to compete with NSR for the business of ocean shippers seeking rail transportation of intermodal containers, including your assessment of any wins or losses of business for which you competed against NSR.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as vague and ambiguous in its use of the phrase "your assessment of any wins or losses of business for which you competed against NSR."  CSXT further objects to this Request as overbroad and unduly burdensome it seeks "all" documents "relating to your analysis of opportunities to compete with NSR for the business of ocean shippers seeking rail transportation of intermodal containers," and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

71.    All documents relating to your analysis of opportunities to compete with transportation providers other than NSR, including railroad companies, trucking companies, barge companies, and other providers, for the business of ocean shippers seeking rail transportation of intermodal containers, including your assessment of any wins or losses of business for which you competed against such providers.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as vague and ambiguous in its use of the phrase "your assessment of any wins or losses of business for which you competed against such providers."   CSXT further objects to this Request as overbroad and unduly burdensome it seeks "all" documents "relating to your analysis of opportunities to compete with transportation providers other than NSR . . .  for the business of ocean shippers seeking rail transportation of intermodal containers," and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

72.     All documents relating to any evaluation or analysis of the capacity of the railroad infrastructure located within the Cities of Norfolk, Portsmouth, or Chesapeake, regardless of its ownership, to carry current or projected volumes of intermodal freight traffic passing through a Port of Virginia Terminal.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad and unduly burdensome as it seeks "all" documents "relating to any evaluation or analysis of the capacity of the railroad infrastructure located within the Cities of Norfolk, Portsmouth, or Chesapeake, regardless of its ownership, to carry current or projected volumes of intermodal freight traffic passing through a Port of Virginia Terminal" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

73.     All documents relating to the evaluation of the use of CSXT-owned equipment on NSR-owned or NPBL-owned rail infrastructure serving any Port of Virginia Terminal.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all" documents "relating to the evaluation of the use of CSXT-owned equipment on NSR-owned or NPBL-owned rail infrastructure serving any Port of Virginia Terminal," and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE:** Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

74.    All documents relating to the sale or proposed sale of property owned by NPBL, including but not limited to all property referenced in paragraph 47 of the Complaint.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all" documents "relating to the sale or proposed sale of property owned by NPBL" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

75.    All documents relating to the removal of the "diamond" referenced in paragraph 47 of the complaint.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

76.    All documents relating to your contention in Paragraph 34 of the Complaint that NPBL charges an "unreasonably high rates for its switch services for intermodal freight."

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against

disclosure of such information. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

77. All documents relating to your contention in Paragraph 34 of the Complaint that NPBL's current rate for switch services is "dramatically higher than rates for comparable services charged by other short line railroads."

**OBJECTION**: CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

78.     All documents relating to communications between you and NSR concerning the movement of CSXT intermodal traffic in and out of NIT.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to communications," and to the extent the requested documents are already in the possession, custody, or control of NSR.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

79.     All documents relating to communications between you and NPBL concerning the movement of CSXT intermodal traffic in and out of NIT.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to communications."  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

80.     All documents relating to communications between you and any person other than NPBL or NSR concerning the movement of CSXT intermodal traffic in and out of NIT.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to communications." CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

81.     All documents relating to communications between you and NSR concerning the movement of CSXT intermodal traffic in and out of VIG.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to communications . . . concerning the movement of CSXT intermodal traffic in and out of VIG" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to the extent the requested documents are already in the possession, custody, or control of NSR. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE:** Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

82.     All documents relating to communications between you and NPBL concerning the movement of CSXT intermodal traffic in and out of VIG.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to communications . . . concerning the movement of CSXT intermodal traffic in and out of VIG" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports

69

to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

83.     All documents relating to communications between you and any person other than NSR or NPBL concerning the movement of CSXT intermodal traffic in and out of VIG.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to communications . . . concerning the movement of CSXT intermodal traffic in and out of VIG" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**:  CSXT stands on its objections.

84.     All documents relating to route maps for CSXT intermodal container transport, including inland ports operated by CSXT.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to route maps for CSXT intermodal container transport, including inland ports operated by CSXT" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged route maps for CSXT intermodal container transport.

85.    All documents relating to actual or contemplated additions to or reductions from available CSXT intermodal container transportation routes.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to actual or contemplated additions to or reductions from available CSXT intermodal container transportation routes" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the

extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

86.    All documents relating to vertical clearances for the movement of double-stacked intermodal containers on rail cars on those portions of CSXT's network that connect East Coast ports with destinations in the interior of the United States.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to vertical clearances for the movement of double-stacked intermodal containers on rail cars on those portions of CSXT's network that connect East Coast ports with destinations in the interior of the United States" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-

custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

87.     All documents relating to communications between CSXT and the Commonwealth of Virginia concerning planned or potential intermodal freight operations by CSXT through the Port of Hampton Roads.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to communications" and as it seeks "all documents relating to communications between CSXT and the Commonwealth of Virginia concerning planned or potential intermodal freight operations by CSXT through the Port of Hampton Roads" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

88.     All documents relating to communications between CSXT and the Commonwealth of Virginia concerning NSR intermodal freight operations in the Commonwealth of Virginia.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to communications" and as it seeks "all documents relating to communications between CSXT and the Commonwealth of Virginia concerning NSR intermodal freight operations in the Commonwealth of Virginia." and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

89.     All documents relating to communications between CSXT and the Commonwealth of Virginia concerning NPBL.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to communications."  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

90.   All documents relating to communications between CSXT and the Commonwealth of Virginia concerning planned or potential future expansion of rail infrastructure, including but not limited to the projected cost of such expansion, at the Port of Hampton Roads.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to communications" and as it seeks "all documents relating to communications between CSXT and the Commonwealth of Virginia concerning planned or potential future expansion of rail infrastructure, including but not limited to the projected cost of such expansion, at the Port of Hampton Roads" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and

produce any responsive, non-privileged documents.

91.     All documents relating to communications between CSXT and the Commonwealth of Virginia concerning potential litigation by CSXT against any party to this civil action arising out of or concerning intermodal freight operations.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to communications" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: CSXT stands on its objections.

92.     All documents relating to communications between CSXT and the Commonwealth of Virginia concerning public information issued or to be issued by the Commonwealth of Virginia with regard to litigation by CSXT against any party to this civil action arising out of or concerning intermodal freight operations.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to communications" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the

extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: CSXT stands on its objections.

93.     All documents relating to the engagement of any consulting, lobbying, or other advocacy entity to communicate on your behalf with the Commonwealth of Virginia concerning the subject matter of intermodal railroad operations.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to the engagement of any consulting, lobbying, or other advocacy entity to communicate on your behalf with the Commonwealth of Virginia concerning the subject matter of intermodal railroad operations" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: CSXT stands on its objections.

94.     All documents relating to communications between CSXT and any consulting, lobbying, or other advocacy entity acting on behalf of CSXT concerning work performed with the Commonwealth of Virginia on the subject matter of intermodal railroad operations.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against

disclosure of such information. CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all documents relating to communications" and as it seeks "all documents relating to communications between CSXT and any consulting, lobbying, or other advocacy entity acting on behalf of CSXT concerning work performed with the Commonwealth of Virginia on the subject matter of intermodal railroad operations" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: CSXT stands on its objections.


95. All documents relating to compensation paid by you or on your behalf for study conducted by or testimony provided by any expert witness in connection with this civil action.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT further objects to this Request as overbroad and unduly burdensome as it seeks "all documents" and therefore seeks information that may have no material bearing on this lawsuit. CSXT further objects to the extent that this Request purports to require the production of more or different documents than those required by the Federal Rules and any applicable Local Rules, or purports to require the production of documents at a time other than that required by the Federal Rules and any applicable Local Rules.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT agrees to make available such documents as set forth in the Federal Rules of Civil

Procedure, local rules, and/or stipulations or orders that have been or will be entered by the Court in this action, pursuant to the parameters and discovery processes set forth in the Federal Rules of Civil Procedure.

96.     All documents relating to facts or data provided by you, your attorneys, or anyone acting on your behalf or at your Request, providing facts or data considered by any expert in forming opinions to be expressed on this civil action.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks "all documents" relating to facts and data considered by any expert, and therefore seeks information that may have no material bearing on this lawsuit.  CSXT further objects to the extent that this Request purports to require the production of more or different documents than those required by the Federal Rules and any applicable Local Rules, or purports to require the production of documents at a time other than that required by the Federal Rules and any applicable Local Rules.

**RESPONSE:** Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT agrees to make available such documents as set forth in the Federal Rules of Civil Procedure, local rules, and/or stipulations or orders that have been or will be entered by the Court in this action, pursuant to the parameters and discovery processes set forth in the Federal Rules of Civil Procedure.

97.     All documents relating to assumptions provided by you, your attorneys, or anyone acting on your behalf or at your Request, to an expert testifying on your behalf in this civil action.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT also objects to this Request as overbroad and unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks "all documents" relating to assumptions provided to any expert, and therefore seeks information that may have no material bearing on this lawsuit. CSXT also objects to this Request as vague and ambiguous in its use of the term "assumptions." CSXT further objects to the extent that this Request purports to require the production of more or different documents than those required by the Federal Rules and any applicable Local Rules, or purports to require the production of documents at a time other than that required by the Federal Rules and any applicable Local Rules.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT agrees to make available such documents as required set forth in the Federal Rules of Civil Procedure, local rules, and/or stipulations or orders that have been or will be entered by the Court in this action, pursuant to the parameters and discovery processes set forth in the Federal Rules of Civil Procedure.

98.     All documents relating to previous statements made by you, your agent or employee acting within the scope of that relationship, or any person authorized by you to make a statement, about this civil action or its subject matter.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.   CSXT also objects to this Request as overbroad and unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks "all documents" relating to previous statements "about this civil action or its subject matter," and therefore seeks documents that may have no material bearing on this lawsuit.   CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

99.     All documents relating to any pre-filing investigation of the facts and circumstances relating to this civil action conducted by you or on your behalf.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.   CSXT further objects to this Request to the extent that it purports

81

to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: CSXT stands on its objections.


100.    All documents not otherwise produced in response to these Requests that relate to the proof of a claim or defense asserted by a party to this civil action that you may offer as evidence in connection with any motion or at trial.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.


101.    All documents relating to or referred to in your answers to any interrogatories in this civil action.

**OBJECTION**:  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects Request as overbroad, unduly burdensome,

irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks "all" documents relating to or referred to CSXT's answers to any interrogatories, and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects that no interrogatories have yet been served on CSXT. CSXT also objects that this Request will be unnecessarily burdensome and harassing as any answer to an interrogatory may relate to countless sets and types of documents that NSR has already Requested in its 105 document Requests. Re-identifying all such documents here would be an unnecessarily duplicative, costly, and repetitive endeavor.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds that no responsive documents exist at this time. To the extent any documents are referenced in subsequent Interrogatories, CSXT agrees to produce any such responsive, non-privileged documents, subject to the Protective Order and ESI Order.

102.    All documents produced by you to any other party to this civil action.

**OBJECTION**:  CSXT objects to this Request as identifying documents, produced by CSXT to any other party in this civil action, in response to this Request is an unnecessarily duplicative, costly, and repetitive endeavor.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

103.    All documents produced to you by any other party to this civil action, except for documents produced by NSR.

**OBJECTION:**  CSXT objects to this Request as identifying documents, produced by CSXT to any other party in this civil action, in response to this Request is an unnecessarily duplicative, costly, and repetitive endeavor.  CSXT further objects that this Request is duplicative of Request No. 102.

**RESPONSE**: CSXT stands on its objections.

104.    All documents obtained by you from any third-party during the course of this civil action by way of subpoena.

**OBJECTION:**  None.

**RESPONSE**: CSXT has not yet issued any subpoenas to third parties in this action; however, CSXT agrees to produce any such documents it may obtain.

105.    All documents relating to the management or affairs of NPBL obtained by you from any person not a party to this civil action.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all" documents relating to the management or affairs of NPBL and therefore seeks documents that may have no material bearing on this lawsuit.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI

Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

**CSX TRANSPORTATION, INC.**
*By Counsel*

Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 20, 2018, a true and correct copy of the foregoing was transmitted by electronic mail to:

Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
Tel: 804-697-1200
Fax: 804-698-6061
alan.wingfield@troutman.com
michael.lacy@troutman.com

John C. Lynch (VSB No. 39267)
Elizabeth S. Flowers (VSB No. 78487)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Tel. (757) 687-7537
Fax (757) 687-1546
liz.flowers@troutmansanders.com
john.lynch@troutmansanders.com
kathleen.knudsen@troutman.com

Monica McCarroll
Redgrave LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151
mmccarroll@redgravellp.com

*Counsel for Defendant Norfolk Southern Railway Company*

James L. Chapman, IV (VSB No. 21983)
W. Ryan Snow (VSB No. 47423)
Darius K. Davenport (VSB No. 74064)
David C. Hartnett (VSB No. 80452)
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735

jchapman@cwm-law.com
wrsnow@cwm-law.com
ddavenport@cwm-law.com
dhartnett@cwm-law.com
*Counsel for Defendant Norfolk & Portsmouth Belt Line Railroad Co.*


W. Edgar Spivey (VSB No. 29125)
Clark J. Belote (VSB No. 87310)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Tel. (757) 624-3000
Fax. (757) 360-9092
wespivey@kaufcan.com
cjbelote@kaufcan.com
*Counsel for Defendant Cannon Moss*

Hugh M. Fain, III (VSB No. 26494)
M.F. Connell Mullins Jr. (VSB No. 47213)
John M. Erbach (VSB No. 76695)
SPOTTS FAIN P.C.
411 East Main Street, Suite 600
Richmond, VA 23219
Tel. (804) 697-2000
Fax (804) 697-2100
hfain@spottsfain.com
cmullins@spottsfain.com
jerbach@spottsfain.com
*Counsel for Defendants Jerry Hall, Thomas Hurlbut,*
*and Philip Merilli*

Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

123669778_2