IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of
NORFOLK AND PORTSMOUTH BELT LINE
RAILROAD COMPANY,

        Plaintiff,

v.                                           Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY COMPANY, *et al.*,

        Defendants.

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S
OPPOSITION TO CSXT'S EMERGENCY MOTION TO AMEND SCHEDULING
ORDER AND EXTEND ITS EXPERT WITNESS AND DISCOVERY DEADLINES**

Defendant Norfolk and Portsmouth Belt Line Railroad Company (the "Belt Line"), by

counsel, opposes the emergency motion filed by plaintiff CSX Transportation Inc. ("CSXT") to

extend its expert witness and discovery deadlines (D.E. 106) as follows:

**Argument**

CSXT filed this case on October 4, 2018, some 15 months ago.  It presumably has known

since then, if not earlier, the kinds of experts it will need and the information those experts require.

Why CSXT now believes it needs a 30-day extension of its expert witness and discovery deadlines

(notably, without any corresponding discovery cutoff extension for any other party) is difficult to

understand.

Much of the discovery background for CSXT's motion is addressed in the Opposition Brief

filed by Norfolk Southern (D.E. 111).  The Belt Line will not repeat that background here, except

to echo the point that the defendants have not created delays.  The purpose of this Opposition is to

highlight three additional factors that weigh against CSXT's request:  (1) the extensions will

inevitably disrupt the current case schedule to the prejudice of the defendants; (2) CSXT already agreed that 15-day extensions will suffice; and (3) CSXT does not explain why it needs financial information from the Belt Line or Norfolk Southern to prove its own losses.

1.

The first problem is most obvious.  Trial is scheduled to begin June 9, 2020; summary judgment motions are due by April 16, 2020; defendants' discovery cutoff is March 31, 2020; and CSXT's is March 3, 2020.  *See* Scheduling Order (D.E. 78).  Importantly, both discovery cutoffs are *before* the summary judgment deadline.  Extending defendants' cutoff by the same 30 days that CSXT seeks for itself, which would be only fair, would continue discovery through April 30, 2020, *after* the summary judgment deadline.  CSXT undoubtedly recognizes the problem with this, which is why it proposes to extend only its own discovery cutoff, not any other party's.

CSXT's 30-day proposal would also disrupt the summary judgment schedule based on new expert deadlines.  CSXT proposes to move its expert rebuttal deadline to April 23, 2020, but that date is a full week *after* the deadline for defendants to file summary judgment motions.  The result would give CSXT a double advantage:  on the one hand, the defendants would have to seek summary judgment without knowing the full scope of CSXT's expert opinions, and on the other, CSXT would be able to cure points raised in those motions in its expert rebuttal report.  Nothing in CSXT's motion justifies that kind of advantage to CSXT or prejudice to the defendants.

2.

The need for CSXT's proposed 30-day extensions is even less apparent considering CSXT already conceded that 15-day extensions will suffice.  In reaction to the flaws in CSXT's 30-day approach, defendant Norfolk Southern suggested an alternative series of 15-day extensions,

2

outlined in its Opposition Brief at p. 11 (D.E. 111).[1]  CSXT agreed to the deadlines, provided that

the Belt Line and Norfolk Southern could produce certain financial data by January 24 (revenue

data, customer contracts) and January 31 (market studies, pricing strategies).  *See* CSXT's

Memorandum, pp. 6-7 (D.E. 107).  As CSXT indicates, "Counsel for NPBL quickly agreed that it

would be able to provide the documents requested by January 24, 2020." *Id*. (citing email from R.

Snow to R. McFarland, Jan. 16, 2020).

The Belt Line produced the information by January 24 as requested.  Norfolk Southern, in

its Opposition Brief, also states that it "provided the documents requested by January 24, and it

expects to provide the other requested documents on or before January 31."  Norfolk Southern's

Opposition Brief, p. 8 (D.E. 111).  CSXT therefore has or will have all the information it claims it

needs.  Apparently, the only reason CSXT filed its emergency motion is that it does not want to

produce the same data on the same schedule to Norfolk Southern and the other defendants.

3.

Finally, in addition to the factors above, CSXT's motion is missing a key element of good

cause.  *See* FED.R.CIV.P. 16(b)(4).  Specifically, CSXT never explains why its expert needs any

information from any other parties to calculate CSXT's own losses; CSXT merely identifies

information that it wants and then asks for an extra 30 days on its upcoming deadlines.

The discussion of this in CSXT's memorandum is conspicuously sparse.  After identifying

the information that the Belt Line and Norfolk Southern produced on January 24 (and that Norfolk

---

[1]      Specifically, the proposed extensions were:

- Extend Plaintiff's Export Report Deadline to February 25, 2020;
- Extend Expert Witness Response Deadline to March 25, 2020;
- Extend Expert Witness Rebuttal Deadline to April 9, 2020;
- Extend Defendants' Discovery Cutoff to April 15, 2020; and
- Extend Expert and De Bene Esse Deposition Deadline to April 15, 2020.

Southern expects to produce by January 31), CSXT states: "These key documents at issue are relevant to CSXT's federal antitrust and state law claims, and they are needed immediately by CSXT in this litigation. CSXT's expert needs to review and analyze these documents as part of his expert report." CSXT's Memorandum, p. 2 (D.E. 107). CSXT never explains, however, why its expert needs any information from any other party to calculate CSXT's losses. It just moves on. Nowhere else in CSXT's memorandum does it expound on any reason, either.

This void in CSXT's motion is no small matter. It underscores the lack of justification for the extensions that CSXT seeks or the lopsided prejudice to the defendants. The whole thrust of CSXT's Complaint is that CSXT has been harmed because the Belt Line's tariff rate to NIT is allegedly too high. CSXT has twice proposed lower rates for itself. The data necessary to calculate CSXT's alleged harm – that is, the difference between CSXT's profit based on the tariff rate and CSXT's profit based on its proposed rates – is entirely in CSXT's possession.[2] CSXT knows its own intermodal traffic volume at NIT; it knows its actual profits based on the tariff rate; and it can calculate its potential profits based on its proposed rates. No information from the defendants can improve those numbers, particularly beyond the information already produced.

## Conclusion

WHEREFORE, because CSXT fails to show good cause for the extensions it seeks, the Belt Line respectfully asks this Court to deny CSXT's emergency motion.

---

[2]     This point is explained in detail in the Belt Line's Reply Brief in Support of its Partial Motion for Summary Judgment. *See* Reply Brief, pp. 5-7 (D.E. 105).

Dated:  January 29, 2020

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY**

By:       */s/ W. Ryan Snow*
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Darius K. Davenport, VSB No. 74064
David C. Hartnett, VSB No. 80452
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
ddavenport@cwm-law.com
dhartnett@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

**CERTIFICATE OF SERVICE**

I certify that on this 29th day of January 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a "Notice of Electronic Filing" to all counsel of record who have consented to electronic service.

By:       */s/ W. Ryan Snow*
W. Ryan Snow, VSB No. 47423
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
wrsnow@cwm-law.com
*Attorney for Norfolk and Portsmouth Belt Line Railroad Company*