**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:18CV530-MSD-LRL |
| | ) | |
| NORFOLK SOUTHERN RAILWAY COMPANY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANTS**
**JERRY HALL, THOMAS HURLBUT AND PHILLIP MERILLI**
**UNDER FED. R. CIV. P. 12(b)(1) BASED ON MOOTNESS**

Defendants Jerry Hall, Thomas Hurlbut, and Philip Merilli ("Individual Defendants"), by counsel, under Fed. R. Civ. P. 12(b)(1), submit the following as their Memorandum in Support of Motion to Dismiss Defendants Jerry Hall, Thomas Hurlbut and Phillip Merilli Under Fed. R. Civ. P. 12(b)(1) Based on Mootness (the "Jurisdictional Motion"):

**Introduction**

On January 21, 2020, during a telephonic hearing with Magistrate Judge Leonard, Plaintiff CSX Transportation, Inc. ("CSXT") confirmed, for the first time, that it does not seek money damages against the Individual Defendants. Rather, CSXT seeks only injunctive relief compelling the Individual Defendants to take certain actions in their capacities as members of the board of directors of the Norfolk & Portsmouth Belt Line Railroad ("NPBL"). But any claim for injunctive relief against the Individual Defendants is moot, as the Individual Defendants are no longer members of the NPBL board, each having resigned at different times since CSXT filed

this lawsuit. Based on these undisputed facts, the Court must dismiss these Individual Defendants from this case for lack of subject matter jurisdiction.[1]

## Statement of Facts

On October 4, 2018, CSXT filed its Complaint asserting, *inter alia*, a derivative claim at Count VI for breach of fiduciary duty against the Individual Defendants and Defendant Cannon Moss arising from their service as members of the NPBL board. (Compl. ¶¶ 109-113.) Relevant here, the Complaint alleges that "[t]he Individual Defendants have breached their fiduciary duties to NPBL" as members of the NPBL board. (Compl. ¶ 112.) With respect to the relief sought, the Complaint alleges that "[t]hese breaches have damaged NPBL" and that "CSXT, on behalf of NPBL, specifically seeks injunctive relief as specified in the prayer for relief as to the Individual Defendants." (Compl. ¶ 113.) CSXT's prayer for relief further requests "[t]hat this Court award CSXT, individually and on behalf of NPBL, actual, consequential, and compensatory damages, and treble damages" against all "Defendants." (Compl. at pp. 40.)

Count VI of the Complaint—the sole claim against the Individual Defendants—thus appears to seek both money damages and injunctive relief requiring the Individual Defendants to take action as members of the board of NPBL. (Compl. ¶¶ 109-113.) CSXT's Rule 26(a)(1) Initial Disclosures, attached hereto as **Exhibit A**, did not explain CSXT's damages theory against the Individual Defendants but instead stated with respect to damages that "CSXT has not

---

[1] On January 31, 2020, Defendant Norfolk Southern Railroad Company ("NSR") filed its Motion to Dismiss, for Judgment on the Pleadings, and for Referral of Issues to the U.S. Surface Transportation Board ("NSR's Motion to Dismiss"). (ECF No. 115.) The pending resolution of NSR's Motion to Dismiss is no reason to delay the ruling on the Individual Defendants' Jurisdictional Motion, which is based on mootness flowing from the limited relief CSXT seeks against the Individual Defendants. Regardless of further proceedings between CSXT, NSR and NPBL, the Court has lost jurisdiction over the claim against these Individual Defendants and should dismiss them without delay.

performed a final computation of damages. CSXT's investigation is continuing, and therefore CSXT reserves the right to supplement its Disclosures as discovery proceeds." (Ex. A at 9.)

Since this lawsuit ensued, the Individual Defendants have each resigned their positions on the NPBL Board and been replaced by new board members. Defendant Jerry Hall resigned in December 2018. (Decl. of Jerry Hall at ¶ 3, attached as **Exhibit B**.) Defendant Thomas Hurlbut resigned in August 2019. (Decl. of Thomas Hurlbut at ¶ 3, attached as **Exhibit C**.) Defendant Phillip Merilli resigned in May 2019. (Decl. of Phillip Merilli at ¶ 3, attached as **Exhibit D**.) It is therefore undisputed that the Individual Defendants are not members of the NPBL board and, accordingly, they have no ability to take any action on behalf of NPBL. Accordingly, any claim for injunctive relief against them is moot.

On January 13, 2020, the Individual Defendants filed a Consent Motion to Excuse Defendants Hall, Hurlbut and Merilli's In-Person Attendance at Settlement Conference and Memorandum In Support (the "Consent Motion") (ECF No. 98.), in which they disclosed their respective resignation dates as members of the NPBL board. On January 21, 2020, United States Magistrate Judge Lawrence R. Leonard held a conference call with the parties to address the Consent Motion. During the conference call, Judge Leonard asked CSXT's counsel whether CSXT was seeking money damages against the Individual Defendants. CSXT's counsel explained in response that CSXT was not seeking money damages against the Individual Defendants, only injunctive relief. (*See* Civil Minutes of Jan. 21, 2020 conference call, ECF No. 102, attached as **Exhibit E** ("Mr. Hatch notes that the Prayer [for relief] seeks only injunctive relief from Defendants").) Thus, there is no live claim for money damages against the Individual Defendants.

**Standard of Review**

A motion made pursuant to Fed. R. Civ. P. 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. If the defendant argues that the facts alleged in a complaint do not support subject matter jurisdiction, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995) (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Consideration of evidence outside of the pleadings does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted). In either case, the plaintiff bears the burden of proof to preserve jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Article III of the Constitution limits federal courts' jurisdiction to "cases" and "controversies." U.S. Const., Art. III, § 2; *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669, 193 L. Ed. 2d 571, 579 (2016). This Constitutional limitation demands that "'an actual controversy . . . be extant *at all stages of review*, not merely at the time the complaint is filed.'" *Gomez*, 136 S. Ct. at 669, 193 L. Ed. 2d at 579 (emphasis added) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). Therefore, "[i]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990)); *see also Powell v. McCormack*, 395 U.S. 486, 496 (1969) (holding case moot when issues are no longer "live" and parties lack a legally cognizable interest in outcome). For example, "[a] declaratory judgment and [ ] injunction against [a] nonexistent

[organization] and against [its former director], who no longer holds [a] non-existent position [as the organization's] executive director, would afford the [plaintiff] no meaningful relief." *Miccosukee Tribe of Indians v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1081 (11th Cir. 2002).

## Argument

CSXT revealed to Judge Leonard on January 21, 2020, that the sole remedy it seeks against the Individual Defendants is injunctive relief related to their service as members of the NPBL board. Because they have each resigned, the Court cannot fashion any such relief, and CSXT has lost any stake in its claim against the Individual Defendants. This case is therefore moot as to the Individual Defendants and must be dismissed for lack of subject matter jurisdiction because there is no live case or controversy between them and CSXT.

CSXT appears to have conceded that the case against these Individual Defendants is moot. Even if CSXT did not so agree, it would bear the burden of disproving the undeniable facts that now demonstrate mootness. *See Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768 (holding that plaintiff bears burden of proving continued jurisdiction). No such evidence exists, so the case should be immediately dismissed. This is precisely the sort of "intervening circumstance" that "deprives [CSXT] of a personal stake in the outcome" of its claim against the Individual Defendants. *Genesis HealthCare*, 569 U.S. at 72 (citation omitted). Because the Individual Defendants no longer hold board positions, the Court cannot afford CSXT any "meaningful relief" with respect to them. *See Miccosukee Tribe*, 304 F.3d at 1081, *supra*.

CSXT has been unwilling to file a Stipulation of Dismissal as requested by the undersigned counsel without the substitution of the new board members of NPBL as individual

5

defendant parties in place of the Individual Defendants.  The Individual Defendants have no ability to cause new board members to be added as new parties to this case.  Moreover, there is no justification to place any conditions on the dismissal of the Individual Defendants when there is plainly no subject matter jurisdiction over them.  HHMRather, subject matter jurisdiction is "inflexible and without exception."  *Trump*, 930 F.3d at 215.  Thus, the only remedy here is to dismiss the Individual Defendants from this case without delay.  Any other procedural issues between CSXT, NPBL, NSR or any other party or non-party to this case have no bearing on the pending Motion to Dismiss Individual Defendants Hall, Hurlbut and Merilli.[2]

## Conclusion

For the foregoing reasons, the Court should promptly dismiss each of the Individual Defendants for lack of subject matter jurisdiction.

Dated: February 6, 2020    Respectfully submitted,

JERRY HALL, THOMAS HURLBUT,
and PHILIP MERILLI

By:  /s/  *John M. Erbach*  
Hugh M. Fain, III (VSB #26494)
hfain@spottsfain.com
M. F. Connell Mullins, Jr. (VSB # 47213)
cmullins@spottsfain.com
John M. Erbach (VSB #76695)
jerbach@spottsfain.com
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219

---

[2] The undersigned counsel has confirmed with CSXT that counsel has no authority to agree to join nonparties to this lawsuit who counsel does not represent.  To the extent that CSXT wishes to file a motion to substitute or add parties to this case, assuming there is any procedural vehicle to do so under the Federal Rules of Civil Procedure, only the parties who remain before the Court (NSR, NPBL, and Cannon Moss), or perhaps those who CSXT wishes to bring before the Court, have any standing to address CSXT's position.

(804) 697-2000 (Telephone)
(804) 697-2100 (Facsimile)
*Counsel for Defendants Jerry Hall, Thomas Hurlbut, and Philip Merilli*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of February, 2020, I will electronically file the foregoing with the Clerk of Court using CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

By: _____/s/_____
John M. Erbach (VSB No. 76695)
jerbach@spottsfain.com
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
(804) 697-2000 (Telephone)
(804) 697-2100 (Facsimile)
*Counsel for Defendants Jerry Hall, Thomas Hurlbut, and Philip Merilli*