IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **CSX TRANSPORTATION, INC.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 2:18cv530** |
| ) | |
| **NORFOLK SOUTHERN RAILWAY** ) | |
| **COMPANY,** *et al.,* ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on non-party Virginia International Terminals, LLC's ("VIT") Motion to Quash a subpoena *duces tecum* issued to it by Plaintiff CSX Transportation, Inc. ("CSX"). ECF No. 91. A hearing was held on the motion on February 10, 2020 at which Mr. Edward Powers appeared on behalf of VIT and Mr. Robert McFarland appeared on behalf of CSX. For the following reasons and for those stated at the hearing, VIT's Motion is **GRANTED in part and DEFERRED in part.**

The subpoena *duces tecum* was issued by CSX on December 9, 2019. After a course of good-faith negotiations to refine the scope of the subpoena, most of the areas of disagreement were resolved. However, two issues remain in dispute. First, VIT objected to the scope of requested document production, contending that the expansive nature of CSX's request for electronically stored information ("ESI") was overly burdensome and expensive. Through negotiation, the parties have worked towards a resolution to identify limited, specific search terms for an identified list of custodians of ESI which should reasonably limit the time and expense of responding to the

subpoena. Both parties were optimistic they could work out any remaining disagreements, and requested that the Court defer ruling on this part of the Motion while they concluded their negotiations. For these reasons, VIT's Motion to Quash the production of ESI is **DEFERRED**.

More problematic is CSX's demand for propriety information from VIT regarding its contracts with shippers through the Port.[1] VIT describes this information—the rates and terms and conditions of its customer contracts—as extremely sensitive and proprietary, disclosure of which would seriously undermine its competitive business position with respect to other East Coast ports. CSX argued that this information could be protected because of the presence of a rigorous Protective Order currently in place, and that the information was relevant to proving its antitrust claim against the Defendants and would be relied on by its expert. However, at the hearing CSX could not specifically articulate how its expert was going to use this information, nor whether a work-around could be utilized that might permit disclosure of certain anonymized and/or generalized information that would allow the expert provide the same analysis.

Rule 45(d)(3)(B)(i) of the Federal Rules of Civil Procedure authorizes a court to quash a subpoena that "requires disclosing a trade secret or other confidential, research, development, or commercial information." Here, CSX does not dispute that the information sought is "confidential commercial information" and has not established with sufficient particularity why such information is relevant to its expert's analysis. VIT is not a party to this litigation, and its interests in protecting such sensitive information should not be lightly disregarded when the demanding party cannot clearly demonstrate why its need for this information outweighs those interests. The presence of a Protective Order does not tip the scale in favor of disclosure, since CSX has not sufficiently demonstrated its need for this information in the first instance. Consequently, for the

---

[1] This information is sought through Requests Nos. 2, 5, 6, 7, 8, 9, and 16. ECF No. 92, attach. 1 at 9-11.

2

aforementioned reasons and those stated at the hearing, VIT's Motion to Quash the subpoena duces tecum is **GRANTED** with respect to its demand for customer contract information sought in Request Nos. 2, 5, 6, 7, 8, 9, and 16.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED.**

Lawrence R. Leonard<br>
United States Magistrate Judge

Norfolk, Virginia
February 10, 2020