## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

v.                                                               Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.

_____/

### CSXT'S MEMORANDUM IN SUPPORT OF ITS
### MOTION TO COMPEL RESPONSIVE DOCUMENTS

Plaintiff CSX Transportation, Inc. ("CSXT"), by counsel and pursuant to Rules 26, 34, and 37 of the Federal Rules of Civil Procedure and Local Rule 37 of the Eastern District of Virginia, submits this Memorandum in support of its Motion to Compel Defendant Norfolk Southern Railway Company ("NS") to fully respond to discovery.

### I.    STATEMENT OF FACTS

NS has failed to produce to CSXT relevant waybill information requested in discovery, despite its agreement to do so. CSXT's best efforts to resolve this dispute without Court action have proven unsuccessful.

On October 23, 2019, CXST served NS with its First Requests for Production of Documents. *See* Plaintiff's First Requests for Production of Documents, attached hereto as **Exhibit A**. In Request for Production No. 26 ("RFP 26"), CSXT sought the following:

Documents sufficient to show, for the time period since January 1, 2007,

1

    a. Each customer for which NS moved freight through (inbound or outbound) any East Coast Port;

    b. The specific port through which the freight was transported;

    c. The specific type of freight transportation services provided to each customer;

    d. The volume of freight moved for each customer;

    e. The origin of the freight transported for each customer;

    f. The destination of the freight transported for each customer;

    g. NS's total capacity for transporting freight through each port;

    h. The price at which freight transportation services were sold to each customer; and

    The net profit margin, in percentage, earned from the provision of freight transportation services to each customer

On November 7, 2019, NS served its objections on CSXT. *See* NS's Discovery Objections, attached hereto as **Exhibit B**. NS objected to RFP 26 on the grounds that the request (1) "is overly broad and unduly burdensome" and (2) "seeks confidential, proprietary business information and trade secrets that pertain to the methods by which Norfolk Southern conducts its business." *Id*. at 18-19.

The parties held a meet-and-confer telephone conference on January 3, 2020, to discuss several issues including NS's objection to RFP 26. During this call, NS indicated that "rather than providing custodial ESI data in response to this RFP, it would be agreeable to providing a data file or reports from non-custodial data sources, to the extent they exist." *See* Letter from B. Hatch to counsel, Jan. 6, 2020, at 2, attached hereto as **Exhibit C**. CSXT agreed to this proposal. *Id*. As evidenced by the parties' agreement, the scope of the meet-and-confer discussions was limited to the format of the data and NS did not raise an objection to the date range requested within RFP 26.

NS sent a follow up letter on January 10, 2020, noting that "the parties are in agreement on the protocol for responding to" RFP 26.  *See* Letter from M. Lacy to counsel, Jan. 10, 2020, at 2, attached hereto as **Exhibit D**.  Further, NS requested that "CSXT follow the same protocol in response to NS's document request No. 1 in its second set of document requests, which is substantially similar to CSXT's request RFP 26."  *Id*.  Once again, the focus of the discussion was on the format of the NS's response to RFP – not the date range.  On January 15, 2020, CSXT promptly agreed to NS's reciprocal request.  *See* Letter from B. Hatch to counsel, Jan. 15, 2020, at 3, attached hereto as **Exhibit E**.  CSXT has produced this data to NS.  *See* Letter from R. McFarland to counsel, Feb. 13, 2020, attached hereto as **Exhibit F**.

On January 24, 2020, NS produced documents to CSXT in response to its First Set of Requests for Production, including some documents responsive to RFP 26.  However, NS did not produce any responsive documents for the years 2007 to 2015.  In light of this deficiency, on February 13, 2020, CSXT sent a letter to NS stating, "NSR has produced some waybill information to CSXT in response to CSXT's [RFP 26] and in accordance with the parties' agreements.  NSR's productions to date do not appear to include any waybill information for years prior to 2015, however. . . . Accordingly, CSXT asks that NSR immediately produce waybill data dating from *at least* 2009."  *See* **Exhibit F**.  To date, NS has not cured this deficiency in its document production.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure "contemplate the broadest discovery possible in the search of the truth."  *Doe v. Old Dominion Univ.*, 289 F. Supp. 3d 744, 749 (E.D. Va. 2018).  Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to a parties' claim or defense" and "[r]elevant information need not be admissible at trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See* FED. R. CIV. P. 26(b)(1).

Moreover, Rule 37 states that, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1); *see also* Local Civil Rule 37. "[T]he burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012).

### III.   ARGUMENT

NS has failed to provide relevant and responsive documents regarding RFP 26. The waybill information prior to 2015 is needed to demonstrate NS's volume of business in the Hampton Roads area during the relevant time period in this case and, accordingly, the scope of CSXT's damages.

The waybill information is highly relevant to CSXT's federal antitrust and state law claims; therefore, it is discoverable under Rule 26(b)(1). This complex case is about Defendants engaging in a conspiracy and undertaking anticompetitive conduct to exclude CSXT from fairly competing within the Hampton Roads market. CSXT properly requested documents related to its allegations, and NS has summarily refused to provide them. NS objected to RFP 26 on grounds that the request was "overly broad and unduly burdensome" without any explanation as to <u>why</u> this request is over board and unduly burdensome. Without any such explanation, the objection must be overruled. *See Spendlove v. RapidCourt, LLC*, 2019 WL 7143664, at * 4 (E.D.Va. Dec. 23, 2019) ("a party objecting to a discovery request as overly burdensome must submit affidavits or other evidence demonstrating the nature and extent of the asserted burden"). Accordingly, there is no justification for NS to withhold this relevant data.

Moreover, NS's refusal to produce these relevant documents is contrary to the parties' agreement and this Court's prior orders. On November 19, 2019, the Court entered a Stipulated Order Regarding Discovery of Electronically Store Information ("ESI Order") in this case. *See* ECF 83. With respect to the data range, the parties <u>mutually</u> agreed that January 1, 2007 was an appropriate benchmark for relevant ESI. *Id* at 3. The ESI Order specifically states, "The parties agree to apply a date range of January 1, 2007 to present to ESI that is subject to discovery in this matter[.]" *Id* at 3.

Importantly, in the meet-and-confer telephone conference held on January 3, 2020, CSXT agreed to NS's request that RFP 26 be limited to data only. *See* Exhibit C. This agreement allowed NS to submit a data file or similar reports compiling the requested information, rather than providing custodial ESI data. This significantly narrowed the scope of discovery and eased the burden of document production on NS.

NS's refusal to fully respond to RFP 26 prejudices CSXT's ability to produce an expert report reflecting all of the critical information from the entire relevant time period. In light of the Court's revised expert report deadline on February 25, 2020 – just over one week from now– it is essential that NS immediately produce the waybill information so that CSXT's expert can review and analyze this data and factor it into his computations, including through supplementation of his report if necessary. *See* Op. and Order, ECF 118. In addition, CSXT needs this information in order to prepare for trial, which is now less than four months away.

CSXT's demand that NS produce waybill information from at least 2009 forward is appropriate because the data is relevant to CSXT's claims, it is limited in scope, and the time frame falls squarely within the agreed upon data range in this case.

IV. **CERTIFICATION**

Pursuant to Local Rule 37(E), undersigned counsel certifies that he conferred with NS's counsel and that they were unable to reach a resolution prior to CSXT's filing of this Motion.

V. **CONCLUSION**

WHEREFORE, CSXT respectfully requests the Court: (1) order Defendants to produce all documents in their possession, custody, and control responsive to CSXT's Document Request No. 26 and (2) award CSXT its costs and attorneys' fees incurred in the filing and prosecution of this matter.

Dated:  February 17, 2020

Respectfully submitted,

**CSX TRANSPORTATION, INC.**
*By Counsel*

　　　*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 775-1061
E-mail: apeterson@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I certify that on this 17th day of February, 2020, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

        */s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
E-mail: apeterson@mcguirewoods.com

*Counsel for CSX Transportation, Inc.*