# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| CSX TRANSPORTATION, INC., individually and on behalf of NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY,<br><br>                 Plaintiff,<br><br>v.<br><br>NORFOLK SOUTHERN RAILWAY COMPANY, NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY, JERRY HALL, THOMAS HURLBUT, PHILIP MERILLI, and CANNON MOSS,<br><br>                 Defendants. | Civil Action No. 2:18cv530 |

**DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY**
**OBJECTIONS TO PLAINTIFF CSX TRANSPORTATION, INC.'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Norfolk Southern Railway Company ("Norfolk Southern") hereby objects to Plaintiff CSX Transportation, Inc.'s ("CSXT") First Set of Requests for Production of Documents (the "RFPs") pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure as follows:

**RESERVATION OF RIGHTS**

Norfolk Southern's Objections are made following a good faith and reasonable inquiry. Norfolk Southern reserves the right to supplement these Objections as this case progresses and additional information becomes known, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. Norfolk Southern's Objections should not be construed as an admission

1

that the information sought by the underlying Request is relevant or admissible as evidence in the trial of this matter or in any other proceeding.  Norfolk Southern reserves the right to object on any grounds, at any time, to the admission as evidence of any Request, Objection or Response thereto, as well as to the admission as evidence of any documents produced in connection with said Request, Objection or Response thereto, in the trial of this matter or in any other proceeding.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Norfolk Southern objects to Plaintiff's Definition 1 regarding the term "Communication" on the grounds that it exceeds the parameters of the Federal Rules of Civil Procedure with respect to "face-to-face," "telephone," and "oral" exchanges.  Fed. R. Civ. P. 34 does not require Norfolk Southern to produce "communications" that do not already exist on a medium from which information can be obtained.  Norfolk Southern also objects to the term "data" in Plaintiff's Definition 1 on the grounds that it is vague and ambiguous with respect to the specific information it seeks.  Norfolk Southern objects to the extent this definition seeks electronically stored information (ESI) that is ephemeral in nature, such as temporary computer files, log/history files, or file fragments, as the preservation and production of such things is not proportional to the needs of the case.  Norfolk Southern objects to Plaintiff's definition as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent Plaintiff purports to include system information not created by human operators, such as caches, cookies, or logs, or otherwise seeks to require Norfolk Southern to record and/or produce records and information that are not ordinarily captured and/or are overwritten in the ordinary course of operating Norfolk Southern's computing systems. Fed. R. Civ. P. 26(b)(1).  Norfolk Southern further objects to the extent that this definition purports to require the production of information beyond that which is agreed to in the ESI Order[1].

---

[1] The Parties have been negotiating in good faith the terms of an ESI Order and Norfolk Southern anticipates they will

2.     Norfolk Southern objects to Plaintiff's Definition 3 regarding the term "Describe" on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored to elicit discovery relevant to the claims and defenses in this case.  Norfolk Southern further objects on the grounds that it would be unduly burdensome to provide such detailed information for all discoverable information in this case.  Finally, Norfolk Southern objects to this definition to the extent it purports to call for information more properly requested via separate Interrogatory.

3.     Norfolk Southern restates and incorporates its objection to Plaintiff's Definition 1 regarding the term "Communication" and applies the same to Plaintiff's Definition 4 regarding the term "Document."  In addition, Norfolk Southern objects to the inclusion of "copies" and "drafts" in Plaintiff's Definition of "Document" on the grounds that copies and drafts are not universally relevant to the claims and defenses of a case and are likely to be cumulative or duplicative.  To the extent that a copy or draft is not a business record stored in a central repository in Norfolk Southern's ordinary course of business, the collection and production of "copies" and/or "drafts" would not be proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(2).   Norfolk Southern objects to the inclusion of "data stored on a computer or electronic device" in Plaintiff's definition of "Document" to the extent it purports to seek direct access to Norfolk Southern's electronic storage media. There is no "routine right of direct access to a party's electronic information system[s]" and there has been no showing in this case sufficient to overcome this presumption. Fed. R. Civ. P. 34 (Advisory Committee Notes). Norfolk Southern objects to Plaintiff's Definition 4 insofar as the inclusion of "email messages" and "text messages" seek information that bears no relevance to the claims and defenses in this case, or which are not reasonably accessible to Norfolk Southern in its ordinary course of business.  Norfolk Southern further objects to the extent that this definition purports to require

jointly submit the proposed ESI Order to the Court shortly.

discovery regarding information that the Parties have specifically agreed to exclude in the ESI Order.[2]

4.     Norfolk Southern restates and incorporates its objection to Plaintiff's Definition 4 regarding the term "Document" and applies the same to Plaintiff's Definitions 6 and 7 regarding the term "Identify" when used in reference to a "Document" or "Communication." Norfolk Southern further objects to these definitions on the grounds that it would be unduly burdensome to provide such detailed information for all discoverable "documents" and "communications" in this case.  Further, Norfolk Southern objects that Plaintiff's Definition is vague and ambiguous, particularly with respect to ESI.  For example, the "type" of a Microsoft Word file may fairly be described as a "word-processing file" or a "letter." Norfolk Southern also objects to Plaintiff's Definitions 6 and 7 insofar as it seeks the "location" of discoverable "documents" and "communications."  There are multiple ways that ESI may be held, stored, or used together by one or multiple custodians, such as on a personal or shared hard drive, in a container file, or in a database, and Norfolk Southern cannot reasonably catalogue and describe the information regarding any myriad of ways ESI may be held, stored, or used together by one or multiple custodians without undue burden.  Fed. R. Civ. P. 26(b)(2). Finally, Norfolk Southern objects to these definitions to the extent they purport to call for information more properly requested via separate Interrogatory.

5.     Norfolk Southern objects to Plaintiff's Definition 9 regarding the term "identify" when used in reference to a "natural person" insofar as it seeks "residential" addresses.  Such information is personally-identifiable information sought in violation of those individuals' constitutional right to privacy.  To the extent required to address the claims and defenses at issue in this case, the business addresses of natural persons will be sufficient to identify and contact potential witnesses.

---

[2] *See* n.1.

6.      Norfolk Southern objects to Plaintiff's Definition 15 regarding the terms "You" and "Your" to the extent it purports to encompass legally distinct entities that are not parties to this litigation on the grounds that such entities bear no relevance to the claims and defenses in this litigation.  Norfolk Southern further objects to Plaintiff's Definition 15 to the extent it purports to impose an obligation on Norfolk Southern to provide discovery from "former officers, management, directors, employees, agents, attorneys, and representatives" that are not reasonably accessible.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern also objects to the inclusion of its "attorneys" in this definition to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege, work product doctrine, or other privileges recognized by law.

7.      Norfolk Southern objects to Plaintiff's Instruction 2 on the grounds that it exceeds the parameters of the Federal Rules of Civil Procedure.  Norfolk Southern is only obligated to produce information in its possession, custody, or control.  Norfolk Southern also objects to the inclusion of its "attorneys" in this definition to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege, work product doctrine, or other privileges recognized by law.

8.      Norfolk Southern objects to Plaintiff's Instruction 3 insofar as it purports to impose obligations that exceed those set forth in Fed. R. Civ. P. 26(b)(5).  Norfolk Southern will withhold privileged and/or protected material and describe the same in accordance with the Federal Rules of Civil Procedure and substantive law, and the protocol the Parties specifically agreed to in the ESI Order.[3]

9.      Norfolk Southern objects to the production of any discoverable material in this case prior to the entry of an agreed-upon ESI Order.

---

[3] *See* n.1.

## OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All Documents concerning the subject matter of this Lawsuit including, but not limited to, Documents concerning or referencing the allegations in the Complaint.

**OBJECTION:**   Norfolk Southern objects to Plaintiff's Request for Production 1 on the grounds that it is overly broad and unduly burdensome and not proportionate to the needs of the case. Fed. R. Civ. P. 26(b)(2).  Norfolk Southern further objects that Fed. R. Civ. P. 34(a) permits Plaintiff to request the production of "designated" documents.  Further, the requesting party "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1). Plaintiff's attempt to circumvent these requirements through a catch-all request for "all documents concerning" the subject matter of this lawsuit exceeds the scope of the Federal Rules of Civil Procedure.

2.      All Documents from 2007 to the present evidencing, related to, or concerning communications between you and CSXT, their agents, attorneys, employees, former employees, or representatives, concerning the subject matter of the Lawsuit; including, but not limited to, the allegations in the Complaint and including any Documents attached to such communications.

**OBJECTION:**  Norfolk Southern restates and incorporates its objection to Plaintiff's Request for Production 1 and applies the same to Plaintiff's Request for Production 2.

In addition, Norfolk Southern objects to Plaintiff's Request for Production 2 to the extent it seeks documents that are already in Plaintiff's possession, custody, control, or are publicly available, and for which discovery may be had from sources that are more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2).  Norfolk Southern further objects to this request to the extent it seeks documents that are beyond Norfolk Southern's possession, custody, or control on the grounds that such a request exceeds the parameters of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 34(a). Norfolk Southern also objects to the extent Plaintiff's Request for Production 2 seeks discovery of

information that is not reasonably accessible to Norfolk Southern in the ordinary course of its business on the grounds that such discovery would require extraordinary efforts that are not proportional to the scope of this matter.  Fed. R. Civ. P. 26(b)(1).

3.      All Documents from 2007 to the present evidencing, related to, or concerning communications between you and the other Defendants, their agents, attorneys, employees, former employees, or representatives, concerning the subject matter of the Lawsuit; including, but not limited to, the allegations in the Complaint and including any Documents attached to such communications.

**OBJECTION:**   Norfolk Southern restates and incorporates its objections to Plaintiff's Requests for Production 1 and 2 and applies each to Plaintiff's Request for Production 3.

In addition, Norfolk Southern objects to Plaintiff's Request for Production 3 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

4.      All Documents from 2007 to the present evidencing, related to, or concerning communications between you and any person or entity that is not a party to the Lawsuit concerning the subject matter of this Lawsuit; including, but not limited to, the allegations in the Complaint or other Documents filed or served in this Lawsuit and including any Documents attached to such communications.

**OBJECTION:**   Norfolk Southern restates and incorporates its objections to Plaintiff's Requests for Production 1, 2, and 3, and applies each to Plaintiff's Request for Production 4.

5.      All Documents from 2007 to the present evidencing, related to, or concerning any notes made, or statements or affidavits prepared or signed by you concerning the subject matter of this Lawsuit; including, but not limited to, the allegations in the Complaint.

**OBJECTION:**   Norfolk Southern restates and incorporates its objections to Plaintiff's

Requests for Production 1, 2, and 3, and applies each to Plaintiff's Request for Production 5.

6.        All Documents used or relied upon by you in preparing your answers to the Interrogatories.

**OBJECTION:**   Norfolk Southern restates and incorporates its objections to Plaintiff's Requests for Production 1, 2, and 3, and applies each to Plaintiff's Request for Production 6.

7.        All Documents supporting the Sixth Defense, Eleventh Defense, Fourteenth Defense, and Fifteenth Defense asserted in your Answer.

**OBJECTION:**   Norfolk Southern restates and incorporates its objections to Plaintiff's Request for Production 1 and applies each to Plaintiff's Request for Production 7.

Norfolk Southern further objects to Plaintiff's Request for Production 7 on the grounds that the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).

For example, support for Norfolk Southern's Sixth Defense can be found in the *Noerr-Pennington* Doctrine established by the United States Supreme Court in *E.R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) and *United Mine Workers v. Pennington*, 381 U.S. 657 (1965). Further, Norfolk Southern's Fourteenth Defense refers to Norfolk Southern's Motion to Dismiss, filed with the Court in this litigation at Docket 34 and 47, as well as the Operating Agreement between the parties, available to the Plaintiff by virtue of its stature as a signatory thereto.

Norfolk Southern further objects to Plaintiff's Request for Production 7 to the extent it would require the production of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

8.        All communications between NS, its employees, officers, agents, and directors, and any officers, directors, or employees of NPBL since January 1, 2007 regarding the "Diamond."

**OBJECTION:**   Norfolk Southern objects to Plaintiff's Request for Production 8 on the

grounds that it is overly broad and unduly burdensome to the extent it seeks "all" communications.

Norfolk Southern further objects to Plaintiff's Request for Production 8 on the grounds that the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available. Fed. R. Civ. P. 26(b)(2). As Plaintiff has the right to appoint two representatives to the NPBL Board of Directors, Plaintiff has rights equal to that of Norfolk Southern to access to the material requested. In addition, at least some of the information requested regarding Norfolk Southern's actions with respect to the line of railroad lying between Milepost NS 1.40 and Milepost NS 2.30 in Chesapeake, Virginia, which Plaintiff refers to as the "Diamond," are publicly available via the Verified Notice of Exemption filed with the United States Surface Transportation Board ("STB") and made effective by the STB in STB Docket No. AB_290_299_X.

Norfolk Southern further objects to Plaintiff's Request for Production 8 to the extent it would require the production of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

9.      All communications between NS, its employees, officers, agents, and directors, and any officers, directors, or employees of NPBL since January 1, 2007 regarding the use of NPBL by any entity other than NS.

**OBJECTION:** Norfolk Southern restates and incorporates its objection to Plaintiff's Request for Production 8 and applies the same to Plaintiff's Request for Production 9.

10.      All Documents pertaining to the setting of rates to be charged by NPBL, including, but not limited to, rates to be charged for switch services, since January 1, 2007.

**OBJECTION:** Norfolk Southern objects to Plaintiff's Request for Production 10 on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all" documents.

Norfolk Southern further objects to Plaintiff's Request for Production 10 on the grounds that

the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern objects to Plaintiff's Request for Production 10 on the grounds that it is overly broad and unduly burdensome to the extent it seeks the production of information that is in the possession, custody, or control of the NPBL.  Fed. R. Civ. P. 34(a).  As Plaintiff has the right to appoint two representatives to the NPBL Board of Directors, Plaintiff has rights equal to that of Norfolk Southern to access to the material requested.  Norfolk Southern further objects to the extent the requested information is not reasonably accessible to Norfolk Southern in its ordinary course of business, on the grounds that production of the same would require extraordinary efforts that are not proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(2).

Norfolk Southern further objects to Plaintiff's Request for Production 10 to the extent it would require the production of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

11.     All minutes, agendas, presentations, or other Documents related to meetings of the NPBL Board of Directors, NPBL Rate Committee, and NPBL Annual Shareholders' meetings between 2007 and present, including drafts.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Request for Production 11 on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all" minutes, agendas, presentations or other Documents.

Norfolk Southern further objects to Plaintiff's Request for Production 11 on the grounds that the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern objects to Plaintiff's Request for Production 11 on the grounds that it is overly broad and unduly burdensome to the extent it seeks the production of information that is in the possession,

custody, or control of the NPBL.  Fed. R. Civ. P. 34(a).  As Plaintiff has the right to appoint two representatives to the NPBL Board of Directors, Plaintiff has rights equal to that of Norfolk Southern to access to the material requested.  Norfolk Southern further objects to the extent the requested information is not reasonably accessible to Norfolk Southern in its ordinary course of business, on the grounds that production of the same would require extraordinary efforts that are not proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(2). Norfolk Southern also objects to Plaintiff's Request for Production 11 on the grounds that the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).  As Plaintiff has the right to appoint two representatives on the NPBL Board of Directors, Plaintiff has rights equal to that of Norfolk Southern to access to the material requested.

Norfolk Southern further objects to Plaintiff's Request for Production 11 to the extent it would require the production of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

12.      All audits conducted of NPBL since 2007.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Request for Production 12 on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all" audits.  Norfolk Southern further objects on the ground that the "audit" is undefined, vague, and ambiguous.

Norfolk Southern further objects to Plaintiff's Request for Production 12 on the grounds that it is overly broad and unduly burdensome to the extent it seeks the production of information that is in the possession, custody, or control of the NPBL.  Fed. R. Civ. P. 34(a).  Norfolk Southern objects to the extent the requested information is not reasonably accessible to Norfolk Southern in its ordinary course of business, on the grounds that production of the same would require extraordinary efforts that are not proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern also objects to Plaintiff's Request for Production 12 on the grounds that the information requested can be obtained

11

from sources that are more convenient and less burdensome, including documents that are publicly available. Fed. R. Civ. P. 26(b)(2). As Plaintiff has the right to appoint two representatives on the NPBL Board of Directors, Plaintiff has rights equal to that of Norfolk Southern to access to the material requested.

Norfolk Southern also objects to Plaintiff's Request for Production 12 to the extent it would require the production of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

13.     NPBL's annual financial statements since 2007.

**OBJECTION:** Norfolk Southern restates and incorporates its objection to Plaintiff's Request for Production 12 and applies the same to Plaintiff's Request for Production 13.

14.     All Documents that NS has received concerning, reflecting or otherwise relating to communications between NPBL, its employees, agents, officers and directors, and the Virginia Port Authority ("VPA"), Virginia International Terminals, LLC ("VIT"), NIT, PMT, and VIG between 2007 and the present.

**OBJECTION:** Norfolk Southern restates and incorporates its objection to Plaintiff's Request for Production 12 and applies the same to Plaintiff's Request for Production 14.

15.     All communications between NS and the Commonwealth Railway regarding the Commonwealth Railway's switch rate formula between 2007 and the present.

**OBJECTION:** Norfolk Southern objects to Plaintiff's Request for Production 15 to the extent it seeks the production of information that can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available via the STB. Fed. R. Civ. P. 26(b)(2). Norfolk Southern further objects because "formula" is undefined, vague, and ambiguous. In addition, Norfolk Southern objects that the STB maintains exclusive jurisdiction regarding the reasonableness of rail rates pursuant to the Interstate Commerce Commission Termination Act, 49

U.S.C.A. § 11102.  Decisions regarding such rates are publicly available via the STB.

16.     All Documents regarding the use by CSXT of tracks that access NIT, PMT, and VIG.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Request for Production 16 on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all" Documents.

Norfolk Southern objects to Plaintiff's Request for Production 16 on the grounds that it is overly broad and unduly burdensome to the extent it seeks the production of information that is beyond Norfolk Southern's possession, custody, or control.  Fed. R. Civ. P. 26(b)(2); 34(a).  Norfolk Southern further objects to the extent the requested documents are not reasonably accessible to Norfolk Southern in its ordinary course of business, on the grounds that production of the same would require extraordinary efforts that are not proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern also objects on the grounds that Plaintiff's Request for Production 16 is unbounded by time, and therefore is disproportionate to the needs of the case.

Norfolk Southern also objects to Plaintiff's Request for Production 16 to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

17.     All Documents between NS, its employees, agents, officers and directors, and VPA or VIT regarding CSXT's access to NIT, PMT, and VIG.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Request for Production 17 on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all" audits.

Norfolk Southern objects to Plaintiff's Request for Production 17 to the extent that the information requested can be obtained from sources that are more convenient and less burdensome, including via public-records request to the Virginia Port Authority.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern also objects on the grounds that Plaintiff's Request for Production 17 is unbounded by time,

and therefore is disproportionate to the needs of the case.

18.     All Documents between NS, its employees, agents, officers and directors, and VPA, or VIT regarding the switch rates, including NPBL and intraplant switch rates to be charged to NS at NIT, PMT, and VIG.

**OBJECTION:**  Norfolk Southern restates and incorporates its objection to Plaintiff's Request for Production 17 and applies the same to Plaintiff's Request for Production 18.  Norfolk Southern further objects to this Interrogatory on the grounds that the terms "switch rates" and "intraplant switch" rates are vague and ambiguous.  In addition, Norfolk Southern objects that the STB maintains exclusive jurisdiction regarding the reasonableness of rail rates pursuant to the Interstate Commerce Commission Termination Act, 49 U.S.C.A. § 11102. Decisions regarding such rates are publicly available via the STB.

19.     Documents sufficient to show switch rates at all East Coast Ports served by NS.

**OBJECTION:**  Norfolk Southern restates and incorporates its objection to Plaintiff's Request for Production 18 and applies the same to Plaintiff's Request for Production 19.

20.     All Documents regarding removal of track between NS Juncture and Carolina Juncture (also known as the "Diamond" or "Double Diamond"), including any Documents referencing the consequences of this removal of track to CSXT or other rail companies.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Request for Production 20 on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all" Documents.

Norfolk Southern further objects to this Interrogatory on the grounds that the terms "NS Juncture" and "Carolina Juncture" are vague and ambiguous.  Norfolk Southern objects to Plaintiff's Request for Production 20 on the grounds that the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).  Information regarding Norfolk Southern's actions with respect to the line of

14

railroad lying between Milepost NS 1.40 and Milepost NS 2.30 in Chesapeake, Virginia, which Plaintiff refers to as the "Diamond," are publicly available via the Verified Notice of Exemption filed with the STB and made effective by the STB in STB Docket No. AB_290_299_X. Furthermore, the STB's authorization of this action (*see Norfolk and Portsmouth Belt Line Railroad Co. – Discontinuance of Trackage Rights Exemption – In Chesapeake, VA*, Docket No. AB-1024X (STB May 15, 2008), 73 Fed. Reg. 28188-02 [2008 WL 2047779] (D.E. 28-5)) preempts any of Plaintiff's claims related thereto, and therefore this request is not relevant to any claims and defenses in this litigation and is beyond the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1).

Norfolk Southern also objects to Plaintiff's Request for Production 20 to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

21. All Documents regarding the use of CSXT locomotives by NPBL or on NPBL track.

**OBJECTION:** Norfolk Southern objects to Plaintiff's Request for Production 21 on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all" Documents.

Norfolk Southern further objects to Plaintiff's Request for Production 21 on the grounds that it is overly broad and unduly burdensome to the extent it seeks the production of information that is in the possession, custody, or control of NPBL. Fed. R. Civ. P. 26(b)(2); 34(a). Norfolk Southern further objects to the extent the requested information is not reasonably accessible to Norfolk Southern in its ordinary course of business, on the grounds that production of the same would require extraordinary efforts that are not proportional to the needs of this case. Fed. R. Civ. P. 26(b)(2). Norfolk Southern also objects to Plaintiff's Request for Production 21 on the grounds that the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available. Fed. R. Civ. P. 26(b)(2). As Plaintiff has the right to

appoint two representatives on the NPBL Board of Directors, Plaintiff has rights equal to that of Norfolk Southern to access to the material requested. Norfolk Southern also objects on the grounds that Plaintiff's Request for Production 21 is unbounded by time, and therefore is disproportionate to the needs of the case.

Norfolk Southern also objects to Plaintiff's Request for Production 21 to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

22.     All Documents regarding the use of NS locomotives by NPBL or on NPBL track.

**OBJECTION:** Norfolk Southern restates and incorporates its objection to Plaintiff's Request for Production 21 and applies the same to Plaintiff's Request for Production 22.

23.     All Documents since 2007 regarding CSXT's proposals for revised rates, including any analysis or assessment performed regarding such proposals including with respect to NPBL and/or NS and/or Port operations.

**OBJECTION:** Norfolk Southern objects to Plaintiff's Request for Production 23 on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all" Documents.

Norfolk Southern further objects to Plaintiff's Request for Production 23 on the grounds that it is overly broad and unduly burdensome to the extent it seeks the production of information that is in the possession, custody, or control of the NPBL. Fed. R. Civ. P. 34(a). As Plaintiff has the right to appoint two representatives to the NPBL Board of Directors, Plaintiff has rights equal to that of Norfolk Southern to access to the material requested. Norfolk Southern further objects to the extent the requested information is not reasonably accessible to Norfolk Southern in its ordinary course of business, on the grounds that production of the same would require extraordinary efforts that are not proportional to the needs of this case. Fed. R. Civ. P. 26(b)(2). Norfolk Southern also objects to

16

Plaintiff's Request for Production 23 on the grounds that the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.   Fed. R. Civ. P. 26(b)(2).   The STB maintains exclusive jurisdiction regarding the reasonableness of rail rates pursuant to the Interstate Commerce Commission Termination Act, 49 U.S.C.A. § 11102.  Decisions regarding such rates are publicly available via the STB.

Norfolk Southern also objects to Plaintiff's Request for Production 23 to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

24.      All Documents since 2007 reflecting or pertaining to any discussions or negotiations between NS and any actual or potential customer for whom NS or CSXT moves freight through any East Coast Port, including, but not limited to, any requests for proposals, responses to requests for proposals, term sheets, draft or final contracts or agreements, and any related communications.

**<u>OBJECTION:</u>**   Norfolk Southern objects to Plaintiff's Request for Production 24 on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all" Documents and Documents that are not relevant to the claims or defenses in this case.

Norfolk Southern further objects to Plaintiff's request for "draft" agreements on the grounds that "drafts" are not universally relevant to the claims and defenses of a case and are likely to be cumulative or duplicative.  Fed. R. Civ. P. 26(b)(2).  To the extent that "drafts" are not business records stored in a central repository in Norfolk Southern's ordinary course of business, the collection and production of "drafts" would not be proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(1).

Norfolk Southern also objects to Plaintiff's Request for Production 24 to the extent it would require the production of information protected from discovery by the attorney-client privilege, work-

product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

25.     All Documents since 2007 in which NS references CSXT's lack of access or means to restrict access to NIT, PMT (including Pinner's Point), or VIG and NPBL, generally.

**OBJECTION:**   Norfolk Southern objects to Plaintiff's Request for Production 25 on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all" Documents.

Norfolk Southern objects to Plaintiff's Request for Production 25 to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

26.     Documents sufficient to show, for the time period since January 1, 2007:

  a. Each customer for which NS moved freight through (inbound or outbound) any East Coast Port;

  b. The specific port through which the freight was transported;

  c. The specific type of freight transportation services provided to each customer;

  d. The volume of freight moved for each customer;

  e. The origin of the freight transported for each customer;

  f. The destination of the freight transported for each customer;

  g. NS's total capacity for transporting freight through each port;

  h. The price at which freight transportation services were sold to each customer; and

  i. The net profit margin, in percentage, earned from the provision of freight transportation services to each customer.

**OBJECTION:**   Norfolk Southern objects to Plaintiff's Request for Production 26 on the grounds that it is overly broad and unduly burdensome to the extent it seeks information regarding "each customer' serviced by Norfolk Southern from January 1, 2007 to the present.  The volume and breadth of this information is hugely disproportionate to any benefit that it would provide to the

adjudication of the claims and defenses in this action.  Fed. R. Civ. P. 26(b)(1).  Norfolk Southern further objects to Plaintiff's Request for Production 26 on the grounds and to the extent it seeks confidential, proprietary business information and trade secrets that pertain to the methods by which Norfolk Southern conducts its business.  Plaintiff has not established that such information is necessary for a fair adjudication of the claims and defenses in this case.  To the extent Norfolk Southern produces any documents in response to Request 26, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

27.      All Documents related to NS's pricing strategies for any freight transportation by rail in and out of all East Coast Ports.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Request for Production 27 on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all" Documents.

Norfolk Southern objects to Plaintiff's Request for Production 27 on the grounds that it seeks confidential, proprietary business information and trade secrets that pertain to the methods by which Norfolk Southern conducts its business.  Plaintiff has not established that such information is necessary for a fair adjudication of the claims and defenses in this case. To the extent Norfolk Southern produces any documents in response to Request 27, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Norfolk Southern objects to Plaintiff's Request for Production 27 to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

28.     All Documents related to NS's business performance at NIT, VIG, and PMT, including, but not limited to, Documents reflecting sales growth or declines, increases or decreases in the number of customers serviced by NS, and increases or decreases in NS's market share for freight transportation by rail in and out of NIT, VIG, and PMT.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Request for Production 28 on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all" Documents.

Norfolk Southern objects that Plaintiff's Request for Production 28 is vague and ambiguous with respect to the terminology "business performance."  Norfolk Southern further objects to this request to the extent that it seeks confidential, proprietary business information and trade secrets that pertain to the methods by which Norfolk Southern conducts its business.  Plaintiff has not established that such information is necessary for a fair adjudication of the claims and defenses in this case.  To the extent Norfolk Southern produces any documents in response to Request 28, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Norfolk Southern objects to Plaintiff's Request for Production 28 to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

29.     All market studies, competitive analyses, market share calculations, market intelligence, and revenue/profit forecasts for the Hampton Roads area, or any other East Coast Port as far as these documents also refer to NIT, PMT, or VIG, including, but not limited to, any Documents identifying, comparing, or analyzing the cost of serving NIT, PMT, or VIG by rail versus by truck.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Request for Production 29 on the

grounds that it is overly broad and unduly burdensome to the extent it seeks "all" market studies, etc.

Norfolk Southern objects to Plaintiff's Request for Production 29 insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available. Fed. R. Civ. P. 26(b)(2). To the extent this request seeks internal forecasts, Norfolk Southern objects that such information constitutes confidential, proprietary business information and trade secrets that pertain to the methods by which Norfolk Southern conducts its business. Plaintiff has not established that such information is necessary for a fair adjudication of the claims and defenses in this case. To the extent Norfolk Southern produces any documents in response to Request 29, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Norfolk Southern also objects to Plaintiff's Request for Production 29 to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

30.     All Documents related to any investigations by the U.S. Department of Justice, Federal Trade Commission, or any other administrative agency related to allegations of anticompetitive conduct by NS.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Request for Production 30 on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all" Documents. Norfolk Southern further objects that Plaintiff's Request for Production 30 is unbounded by time, and therefore is disproportionate to the needs of the case. Norfolk Southern also objects on the grounds and to the extent Plaintiff's Request for Production 30 seeks information that is not relevant to the claims or defenses in this matter.

Norfolk Southern objects to Plaintiff's Request for Production 30 to the extent it would require

21

the production or disclosure of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

31.      All Documents related to competitive alternatives for customers shipping cargo through NIT, VIG, and PMT.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Request for Production 31 on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all" Documents.

Norfolk Southern objects to Plaintiff's Request for Production 31 on the grounds that it is overly broad and unduly burdensome to the extent it seeks the production of information that is beyond Norfolk Southern's possession, custody, or control.  Fed. R. Civ. P. 26(b)(2); 34(a).  Norfolk Southern further objects to the extent the requested information is not reasonably accessible to Norfolk Southern in its ordinary course of business, on the grounds that production of the same would require extraordinary efforts that are not proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern also objects to Plaintiff's Request for Production 31 on the grounds that the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2). To the extent this request seeks internal analysis, Norfolk Southern objects that such information constitutes confidential, proprietary business information and trade secrets that pertain to the methods by which Norfolk Southern conducts its business.  Plaintiff has not established that such information is necessary for a fair adjudication of the claims and defenses in this case.  To the extent Norfolk Southern produces any documents in response to Request 31, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].  Norfolk Southern further objects because "competitive alternatives" is undefined, vague, and ambiguous.

Norfolk Southern also objects to Plaintiff's Request for Production 31 to the extent it would

require the production or disclosure of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

32.     Documents sufficient to show capacity and freight volumes shipped by NS through NIT, VIG, and PMT since 2007.

**OBJECTION:**   Norfolk Southern objects to Plaintiff's Request for Production 32 on the grounds that it is overly broad and unduly burdensome to the extent it seeks information regarding volumes shipped since 2007.  The breadth of this information is hugely disproportionate to any benefit that it would provide to the adjudication of the claims and defenses in this action.  Fed. R. Civ. P. 26(b)(1).  Norfolk Southern also objects that such information constitutes confidential, proprietary business information and trade secrets that pertain to the methods by which Norfolk Southern conducts its business.  Plaintiff has not established that such information is necessary for a fair adjudication of the claims and defenses in this case. To the extent Norfolk Southern produces any documents in response to Request 32, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

33.     Documents sufficient to show NS's gross margins for their services to and from NIT, VIG, and PMT since 2007.

**OBJECTION:**   Norfolk Southern objects to Plaintiff's Request for Production 33 on the grounds that it is overly broad and unduly burdensome to the extent it seeks information regarding gross margins since 2007.  The breadth of this information is hugely disproportionate to any benefit that it would provide to the adjudication of the claims and defenses in this action.  Fed. R. Civ. P. 26(b)(1).  Norfolk Southern also objects that such information constitutes confidential, proprietary business information and trade secrets that pertain to the methods by which Norfolk Southern conducts its business.  Plaintiff has not established that such information is necessary for a fair

23

adjudication of the claims and defenses in this case. To the extent Norfolk Southern produces any documents in response to Request 33, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

34.　　All Documents prepared or filed as a part of the proceeding pending before the Surface Transportation Board (STB), including, but not limited to, all evaluations of rates paid by NPBL for access to NS track or of NPBL's switch rates, and documents related to the determination to terminate, amend or otherwise modify any of the trackage rights and operating rights agreements between NS and NPBL.

**OBJECTION:** Norfolk Southern objects to Plaintiff's Request for Production 34 to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law. Norfolk Southern also objects to Plaintiff's Request for Production 34 on the grounds that the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available. Fed. R. Civ. P. 26(b)(2).

35.　　All Documents containing any written or recorded statements from individuals identified in response to Interrogatory Number 1 that are related to the subject matter of the Lawsuit.

**OBJECTION:** Norfolk Southern restates and incorporates its objection to Plaintiff's Interrogatory Number 1 and applies the same to Plaintiff's Request for Production 35. Norfolk Southern further objects to the extent that the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available. Fed. R. Civ. P. 26(b)(2).

36.　　All industry reports, trade association publications, or other Documents related to the rail freight industry and intermodal ports since 2007.

**OBJECTION:** Norfolk Southern objects to Plaintiff's Request for Production 36 on the

grounds that it is overly broad and unduly burdensome to the extent it seeks "all" industry reports, etc.

Norfolk Southern also objects to Plaintiff's Request for Production 36 on the grounds that it is overly broad with respect to the request for "documents related to the rail freight industry." Norfolk Southern further objects to Plaintiff's Request for Production 36 on the grounds that the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available. Fed. R. Civ. P. 26(b)(2).

37.       All Documents containing or referencing historical or current data and information related to capacity, freight volumes, ports of origin, destinations, and rates for NS and its competitors at NIT, PMT, VIG, and other East Coast Ports.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Request for Production 37 on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all" Documents.

Norfolk Southern objects to Plaintiff's Request for Production 37 on the grounds that it is overly broad and unduly burdensome insofar as it is unbounded by time, and therefore disproportionate to the needs of this case.  Norfolk Southern further objects to Plaintiff's Request for Production 37 on the grounds that it is overly broad and unduly burdensome to the extent it seeks the production of information that is beyond Norfolk Southern's possession, custody, or control.  Fed. R. Civ. P. 26(b)(2); 34(a).  In addition, Norfolk Southern objects to the extent the requested information is not reasonably accessible to Norfolk Southern in its ordinary course of business, on the grounds that production of the same would require extraordinary efforts that are not proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern also objects to Plaintiff's Request for Production 37 to the extent that the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern also objects that such information constitutes confidential, proprietary business information and trade secrets that pertain to the methods by which Norfolk Southern

conducts its business.  Plaintiff has not established that such information is necessary for a fair adjudication of the claims and defenses in this case.  To the extent Norfolk Southern produces any documents in response to Request 37, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Norfolk Southern also objects to Plaintiff's Request for Production 37 to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

38.     All Documents referencing infrastructure for access via rail or truck at NIT, PMT (including Pinner's Point), and VIG, including Documents related to double-stacking, lease of storage tracks, or other limitations on capacity, efficiency, or type of service.

**OBJECTION:**  Norfolk Southern restates and incorporates its objection to Plaintiff's Request for Production 37 and applies the same to Plaintiff's Request for Production 38.

39.     Documents sufficient to show all destinations served by NS from NIT, PMT, and VIG since January 2017.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Request for Production 39 on the grounds that it seeks information that is not relevant to the claims and defenses of any party. Fed. R. Civ. P. 26(b)(1).  Norfolk Southern further objects to Plaintiff's Request for Production 39 on the grounds that it is overly broad and unduly burdensome to the extent it seeks the production of information that is beyond Norfolk Southern's possession, custody, or control.  Fed. R. Civ. P. 26(b)(2); 34(a).  In addition, Norfolk Southern objects to the extent the requested information is not reasonably accessible to Norfolk Southern in its ordinary course of business, on the grounds that production of the same would require extraordinary efforts that are not proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern also objects to Plaintiff's Request for

Production 39 to the extent that the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).

    40.    All Documents produced by you to any other party to this action.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Request for Production 40 to the extent it would require the production or disclosure of information protected from discovery by the common-interest privilege or other privileges or immunities recognized by law.

    41.    All Documents produced to you by any other party to this action.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Request for Production 41 to the extent it would require the production or disclosure of information protected from discovery by the common-interest privilege or other privileges or immunities recognized by law.

    42.    All Documents obtained by you pursuant to a subpoena from any third-party during the course of this action.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Request for Production 42 to the extent it would require the production or disclosure of information protected from discovery by the common-interest privilege or other privileges or immunities recognized by law.

    43.    All Documents not otherwise produced that relate to the proof of a claim or defenses asserted by any party to this action.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Request for Production 43 on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all Documents not otherwise produced." Fed. R. Civ. P. 34(a) permits Plaintiff to request the production of "designated" documents.  Further, the requesting party "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1).  Plaintiff's attempt to circumvent these requirements through a catch-all request for "all documents not otherwise produced" exceeds the

scope of the Federal Rules of Civil Procedure.

Norfolk Southern further objects to Plaintiff's Request for Production 43 to the extent it would require the production or disclosure of information protected from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

Dated: November 7, 2019                    Respectfully submitted,

                                          **NORFOLK SOUTHERN RAILWAY COMPANY**

                                          By: /s/ *Michael E. Lacy*
                                          Alan D. Wingfield (VSB No. 27489)
                                          Michael E. Lacy (VSB No. 48477)
                                          TROUTMAN SANDERS, LLP
                                          1001 Haxall Point
                                          Richmond, Virginia 23219
                                          Telephone: (804)-697-1200
                                          Facsimile: (804)-698-6061
                                          Email: alan.wingfield@troutman.com
                                          Email: Michael.lacy@troutman.com
                                          Email: kathleen.knudsen@troutman.com


                                          John C. Lynch (VSB No. 39267)
                                          Kathleen M. Knudsen (VSB No. 90845)
                                          TROUTMAN SANDERS LLP
                                          222 Central Park Avenue, Suite 2000
                                          Virginia Beach, VA  23462
                                          Telephone: (757) 687-7759
                                          Facsimile: (757) 687-7510
                                          Email: john.lynch@troutman.com
                                          Email: Kathleen.knudsen@troutman.com

                                          Monica McCarroll (VSB No. 45622)
                                          REDGRAVE LLP
                                          14555 Avion Parkway, Suite 275
                                          Chantilly, Virginia 20151
                                          Telephone: (703) 592-1154
                                          Facsimile: (703) 230-9859
                                          Email: MMcCarroll@redgravellp.com

                                          *Counsel for Defendant Norfolk Southern*
                                          *Railway Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7th, 2019, a true and correct copy of the foregoing was transmitted by electronic mail to:

Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
rmcfarlandmcguirewoods.com
bhatch@mcguirewoods.com
jnoonan@mcguirewoods.com
*Counsel for Plaintiff CSX Transportation, Inc.*


James L. Chapman, IV (VSB No. 21983)
W. Ryan Snow (VSB No. 47423)
Darius K. Davenport (VSB No. 74064)
David C. Hartnett (VSB No. 80452)
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
ddavenport@cwm-law.com
dhartnett@cwm-law.com
*Counsel for Defendant Norfolk & Portsmouth Belt Line Railroad Co.*


W. Edgar Spivey (VSB No. 29125)
Clark J. Belote (VSB No. 87310)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Tel. (757) 624-3000
Fax. (757) 360-9092
wespivey@kaufcan.com
cjbelote@kaufcan.com
*Counsel for Defendant Cannon Moss*

Hugh M. Fain, III (VSB No. 26494)
M.F. Connell Mullins Jr. (VSB No. 47213)
John M. Erbach (VSB No. 76695)
SPOTTS FAIN P.C.
411 East Main Street, Suite 600
Richmond, VA 23219
Tel. (804) 697-2000
Fax (804) 697-2100
hfain@spottsfain.com
cmullins@spottsfain.com
jerbach@spottsfain.com
*Counsel for Defendants Jerry Hall, Thomas Hurlbut*
*And Philip Merilli*

/s/ Michael E. Lacy
Michael E. Lacy (VSB No. 48477)