# EXHIBIT D

Troutman Sanders LLP
Troutman Sanders Building, 1001 Haxall Point
Richmond, VA  23219

troutman.com



**Michael E. Lacy**
D 804.697.1326
F 804.698.6061
michael.lacy@troutman.com

January 10, 2020

**VIA EMAIL**

Benjamin L. Hatch, Esq.
McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655

Re:   **CSX Transportation, Inc. v. Norfolk Southern Railway Company, et al.
Civil Action No. 2:18-cv-530**

Dear Ben:

I am responding to your letter to Monica McCarroll and me, dated January 6, 2020.  We appreciate your efforts to summarize the parties' positions on the discovery issues discussed in your letter.  As an initial matter, your letter does not acknowledge each party's explanation during the meet and confer that all of their statements, positions, etc. were subject to client discussion and approval.  We have discussed CSX Transportation, Inc.'s ("CSXT") positions with our client and respond as follows.

**<u>Timing of NSR Productions</u>**

Earlier today, you received a link to Norfolk Southern Railway, Inc.'s ("NSR") second production, comprised of 2,292 documents, including families (12,247 pages in total), bates numbered NSR_00000823 to NSR_00013069.  We understand that CSXT will be making another production shortly as well.  As your letter states, the parties need to reach agreement, if possible, on additional search terms, which we hope will occur in short order.  Further, CSXT served NSR with another set of document requests just yesterday, which we are reviewing.  As a result, we cannot provide an anticipated time frame of substantial completion of our document production at this time.  Once the search term issues are resolved. and we have a better idea of our responses to CSXT's latest document requests, we will provide you with an anticipated production schedule, to include a proposed time frame of substantial completion of our document production.



## Outstanding Issues Relating to NSR's Responses to CSXT's Requests

Your letter addresses CSXT's issues with NSR's responses and objections to the following document requests from CSXT: 24, 26-28, 31, 33-34, and 37. NSR will address each request in turn.

- **RFP 24**: NSR will search for and produce responsive customer contracts and use the previously identified search terms, as well as any additional agreed-upon search terms, to search for responsive documents from the agreed-upon custodians. NSR requests that CSXT do the same with respect to CSXT's response to NSR's document request no. 39. Please confirm whether CSXT will do so.

- **RFP 26**: As set forth in your letter, the parties are in agreement on the protocol for responding to this request. Accordingly, NSR requests that CSXT follow the same protocol in response to NSR's document request no. 1 in its second set of document requests, which is substantially similar to CSXT's request no. 26. Please confirm whether CSXT will do so.

- **RFP 27**: NSR will search for and produce responsive documents from non-custodial sources and use the previously identified search terms, as well as any additional agreed-upon search terms, to search for responsive documents from the agreed-upon custodians. NSR requests that CSXT agree to do the same with respect to CSXT's response to NSR's document request nos. 46 and 64-67. Please confirm whether CSXT will do so.

- **RFP 28**: NSR will search for and produce responsive documents from non-custodial sources and use the previously identified search terms, as well as any additional agreed-upon search terms, to search for responsive documents from the agreed-upon custodians. NSR requests that CSXT agree to do the same with respect to CSXT's response to NSR's document request no. 31. Please confirm whether CSXT will do so.

- **RFP 30**: NSR is standing on its objections.

- **RFP 31**: NSR will search for and produce responsive documents, subject to the clarifications/narrowing set forth in your letter, from non-custodial sources and use the previously identified search terms, as well as any additional agreed-upon search terms, to search for responsive documents from the agreed-upon custodians. NSR requests that CSXT agree to do the same with respect to CSXT's response to NSR's document request no. 2 in its second set of document requests. Please confirm whether CSXT will do so.

**Benjamin L. Hatch, Esq.**
January 10, 2020
Page 3



- **RFP 33**:  NSR is standing on its objections.  As discussed at our meet and confer, we do not believe these documents are relevant.

- **RFP 34**:  As set forth in your letter, the parties are in agreement on the protocol for responding to this request.

- **RFP 37**:  NSR will search for and produce responsive documents from non-custodial sources and use the previously identified search terms, as well as any additional agreed-upon search terms, to search for responsive documents from the agreed-upon custodians.  NSR requests that CSXT agree to do the same with respect to CSXT's response to NSR's document request nos. 32, 47-48, and 55. Please confirm whether CSXT will do so.

**CSXT's Response to NSR's Proposed Search Terms**

- In our December 19, 2019 communication following the December 13, 2019 meet and confer regarding search terms (the "December meet and confer"), NSR suggested CSXT include the terms "Norfolk International Terminal", "Virginia International Gateway," and "Portsmouth Marine Terminal" when searching for the related acronyms "NIT", "VIG" and "PMT".  Relying solely on acronyms without also searching for the proper names associated with those acronyms presents the known risk of false negatives, which means that documents containing the proper names, but not the abbreviations, are erroneously omitted from the review set.  We understand from the January 3, 2020 meet and confer regarding objections (the "January meet and confer"), and your letter, that you will advise on Monday whether and how CSXT will address this oversight.

- In our December 19, 2019 communication following the December meet and confer, NSR suggested CSXT use connectors and expanders when searching for exact phrases that were not proper names (e.g., expanding "trucking services" to (truck* w/2 service*).  Relying solely on an exact phrase like "trucking services" without accounting for alternatives like "truck service", or "trucking service", presents the known risk of false negatives, which means any documents containing the alternatives, but not the exact phrase, are erroneously omitted from the review set.  We understand from the January meet and confer, and your letter, that you will advise on Monday whether and how CSXT will address this oversight.

**Benjamin L. Hatch, Esq.**
January 10, 2020
Page 4



- During the December meet and confer, NSR suggested that CSXT search for likely misspellings of some of the proper names included in its search terms, specifically those related to certain of CSXT's customers.  In our experience, users are more likely to misspell proper names, so searching only on the proper names can result in false negatives.  This means any documents containing a misspelling of those proper names are erroneously omitted from the review set.  You requested that we provide any proposed misspellings for your consideration.  In the spirit of cooperation, our December 19, 2019 communication included proposed misspellings for CSXT to consider adding to its search terms (e.g., we suggested that in addition to searching for Maersk, CSXT search for possible misspellings like Marsk, Mersk, and Mearsk).  We understand from the January meet and confer, and your letter, that CSXT is willing to search for these proposed misspellings *only* "provided that NSR will agree to produce custodial data in response to CSXT's RFPs that seek documents and communications with customers, as discussed in detail above, and will apply the same misspellings in its search terms."  This "quid pro quo" is not a reasonable response to the issue raised that searching on these proper names alone was likely to result in false negatives.  As we discussed at the December meet and confer, null set testing will provide CSXT with the information it needs to determine whether its reliance on any of its search terms, including without limitation the proper names included in our December 19, 2019 communication, results in false negatives.  If that is the case, we would expect CSXT to take the necessary steps to mitigate those false negatives.  Accordingly, NSR rejects your proposed "quid pro quo" regarding these terms.

- NSR also finds it puzzling that CSXT insists on a similar "quid pro quo" before it will agree to make any revisions to its terms "Carolina Juncture" and "NS Juncture".  During the December meet and confer, NSR pointed out that there appears to be some confusion between the parties as to whether these locations are "Junctures" or "Junctions."  We proposed that CSXT use an expander to capture both possibilities, i.e., "Junct*".  This minor change simply mitigates the risk of false negatives.  There is no reason for CSXT to insist that NSR search for these same terms, especially as NSR believes its current search term is properly targeting documents responsive to RFPs 8 and 20.[1]  Nonetheless, in the spirit of cooperation, NSR will add (("NS Junct*") OR ("Carolina Junct*")) to its existing search terms targeted at RFPs 8 and 20 and test the impact of this addition.  We

---

[1] (beltline OR NPBL OR "belt line") AND (diamond OR ((milepost or "mile post") w/10 ("1.40" OR "2.30"))).

**Benjamin L. Hatch, Esq.**
January 10, 2020
Page 5



will advise promptly if we have any concerns regarding the results from this testing.

## Deficiencies in CSXT's Proposed Search Terms

CSXT states that certain current search terms[2] that it has proposed "should be broad enough" to target the requests identified in our December 19, 2019 communication (i.e., RFPs 19, 47, 52, 53, 69, and 83[3]), but NSR has some concerns.  While NSR acknowledges that the current search terms arguably will return internal communications regarding CSXT obtaining access to NIT in response to RFP 19, NSR does not believe the same applies for the other RFPs identified, which seek documents and communications that likely require more targeted search terms, namely:

- RFP 47 seeks documents regarding communications between CSXT and any shipper regarding the capacity of certain terminals NOT in Virginia;

- RFPs 52 and 53 seek documents regarding business relationships, prospective business relationships or other opportunities lost by CSXT as a result of actions by NSR that CSXT alleges to be anticompetitive;

- RFP 58 seeks documents about any proposed or contemplated expansion of CSXT's rail infrastructure within a 100-mile radius of any Port of Virginia terminal; and

- RFP 69 seeks documents that support CSXT's allegation in paragraph 55 of the Complaint that NSR "prioritized" its own shipping needs over CSXT's in 2015.

---

[2] The specific terms cited were:
> (Intermodal OR "Inter modal") AND (Virginia OR "Hampton Roads" OR VA OR NIT OR VIG OR PMT);
> Terminal* AND (Virginia OR "Hampton Roads" OR VA OR NIT OR VIG OR PMT); Port* AND (Virginia OR "Hampton Roads" OR VA OR NIT OR VIG OR PMT); Compet* AND (Virginia OR "Hampton Roads" OR VA OR NIT OR VIG OR PMT); Market* AND(Virginia OR "Hampton Roads" OR VA OR NIT OR VIG OR PMT).

[3] CSXT asserted an objection to RFP 83, which seeks documents relating to communications with anyone other than NSR or NPBL regarding the movement of CSXT intermodal traffic in and out of the VIG.  If CSXT is waiving that objection, then NSR acknowledges the current search terms are likely to return responsive documents. If CSXT intends to stand on its objection, however, please advise.



If you are able to advise that documents responsive to the above requests are, in fact, being returned by the search terms cited in your letter and in footnote 2, as opposed to your assertion that such terms "*should* be broad enough" to capture documents responsive to these requests, then we will wait to review the documents produced to NSR before seeking any additional terms. If you are not able to so advise, however, then we propose to meet and confer promptly to discuss more targeted terms for these requests.

We would appreciate CSXT responding to these issues as soon as possible. As always, we are happy to discuss any of them. Please let us know if you would like to set a call for that purpose.

Sincerely,

Michael E. Lacy

cc:     Monica McCarroll, Esq.
        Alan Wingfield, Esq.
        Massie P. Cooper, Esq.
        Kathleen Knudsen, Esq.
        Rob McFarland, Esq.
        J. Brent Justus, Esq.
        Jason Evans, Esq.
        Ashley Peterson, Esq.
        Jeanne Noonan, Esq.

40977440v2