**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

CSX TRANSPORTATION, INC.,
**individually and on behalf of**
**NORFOLK & PORTSMOUTH BELT LINE**
**RAILROAD COMPANY,**

       **Plaintiff,**

**v.**                               **Civil Action No. 2:18-cv-530**

**NORFOLK SOUTHERN RAILWAY COMPANY,**
*et al.*,

       **Defendants.**

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant Cannon Moss ("Moss"), by counsel, states as follows in support of his Motion to Dismiss for Lack of Subject Matter Jurisdiction.

## I.    Relevant Background

On October 4, 2018, Plaintiff CSX Transportation, Inc. ("CSXT") filed the Complaint commencing this action against the Norfolk & Portsmouth Belt Line Railroad Company (the "NPBL"), Norfolk Southern Railway Company ("NS"), Moss, and other individual directors who then sat on the NPBL's Board of Directors, Jerry Hall, Thomas Hurlbut, and Philip Merilli (the "Other Individual Defendants"). Moss and the Other Individual Defendants constituted a majority of the voting members of the NPBL Board of Directors.  Compl. ¶ 26 (ECF No. 1 at 10).

Moss is sued only in his capacity as a director of the NPBL, and the sole claim against Moss is Count VI for breach of fiduciary duty. Compl. ¶¶ 31, 109-113. The sole relief sought by Count VI is injunctive relief. See Compl., Prayer for Relief, ¶ 5; see also CSXT's Objections to

Moss's First Interrogatories No. 1 (attached as **Exhibit 1**) (objecting to Moss's interrogatory on damages as "irrelevant because CSXT is not seeking monetary damages from Moss").

After the Complaint was filed, the Other Individual Defendants resigned from the Board of Directors of NPBL.  Then, the Other Individual Defendants moved to dismiss the Complaint, arguing that the claims against them were moot.  Motion to Dismiss (ECF No. 119). Thereafter, the parties, including NPBL and NS and CSX, the sole shareholders of NPBL, stipulated and agreed that any final award of injunctive relief entered by the Court against NPBL will be followed and undertaken by NPBL, including through the present NPBL Board of Directors.  Joint Motion for Dismissal (ECF No. 141). On February 27, 2020, upon stipulation and agreement of the parties, the Court entered an Order dismissing the Other Individual Defendants from the case.  See Order (ECF No. 143). The Court's Order also directed "that any final award of injunctive relief entered by this Court against Defendant NPBL will be followed and undertaken by NPBL, including through the present NPBL Board of Directors." Id.

## II.     Argument

**A.      Because CSXT's Claim for Injunctive Relief Against Moss is Moot, the Court Lacks Subject Matter Jurisdiction, and Moss Should be Dismissed.**

CSXT's claim for injunctive relief against Moss is no longer justiciable  for two reasons. First, CSXT's claim for injunctive relief is moot because the parties have stipulated and agreed and the Court has directed that any injunctive relief sought and obtained by CSXT against NPBL shall be carried out by the NPBL's then-current directors, without such directors being named defendants in this action. Second, CSXT's claim for injunctive relief is moot as to Moss because Moss, acting alone, cannot effectuate any act of the Board of Directors of the NPBL. Accordingly, Moss should be dismissed from this case.

1.      **Lack of Subject Matter Jurisdiction Can Be Raised At Any Time.**

"Article III of the United States Constitution restricts the jurisdiction of the federal courts to adjudicating cases only when there is an actual 'case' or 'controversy' between the parties." Milbourne v. JRK Residential Am., LLC, No. 3:12CV861, 2014 WL 1369378, at *2 (E.D. Va. Apr. 7, 2014) (citing U.S. Const. Art. III, Sec. 2; Flast v. Cohen, 392 U.S. 83, 94–95 (1968)). "[N]o justiciable controversy is presented when . . . the question sought to be adjudicated has been mooted by subsequent developments." Id. (quoting Flast, 392 U.S. at 95); see also Kuntze v. Josh Enterprises, Inc., 365 F. Supp. 3d 630, 639 (E.D. Va. 2019) ("A court loses jurisdiction over a case when it becomes moot.") (citing Williams v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013)). And, a case is moot when it is impossible for the court to grant the relief requested. Id. (citations omitted).

"Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that '[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'" Brown v. Huntington Ingalls, Inc., No. 4:13CV26, 2013 WL 5591932, at *3 (E.D. Va. July 25, 2013) (quoting Fed. R. Civ. P. 12(h)(3)). "Once subject matter jurisdiction is challenged, the plaintiff 'bears the burden of persuasion.'" Id. (quoting Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995)).

2.  **CSXT's Claim for Injunctive Relief Will, If Granted, Be Carried Out by the NPBL.**

The parties have stipulated and agreed and the Court has ordered "that any final award of injunctive relief entered by this Court against Defendant NPBL will be followed and undertaken by NPBL, including through the present NPBL Board of Directors."  Order (ECF No. 143).  Since CSXT indisputably does not seek monetary damages from Moss, there thus remains no actual justiciable controversy as to Moss. He should be dismissed, just like the other Individual

Defendants, and need not be a party to this case, just like the un-named present directors of the NPBL.

3. **CSXT's Claim for Injunctive Relief Against Moss Is Not Possible as the Sole Director Defendant.**

Because the Other Individual Defendants have been dismissed from the case, Moss is the only director of the NPBL remaining in the case. No other current or former directors are defendants. Moss, alone, cannot direct any action of the Board of Directors of the NPBL, whether directed by the court or otherwise. Board action requires a majority vote. Accordingly, with the other directors needed to constitute a majority now out of the case, the Court cannot fashion any effective injunctive relief via Moss, as sought by Count VI. Accordingly, for this additional reason, Moss should be dismissed.

## III.   Conclusion

Based on the foregoing, the Court should dismiss all claims against Moss for lack of subject matter jurisdiction.

**CANNON MOSS**

By     /s/ *Clark J. Belote*
                    Counsel

W. Edgar Spivey (VSB No. 29125)
Clark J. Belote (VSB No. 87310)
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
(757) 624-3000
(888) 360-9092 Facsimile
Email: wespivey@kaufcan.com
Email: cjbelote@kaufcan.com
*Counsel for Cannon Moss*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 28th day of February, 2020, a true and correct copy of the foregoing was served via Notice of Electronic Filing by filing with the Court's CM/ECF System on all counsel of record.

/s/ *Clark J. Belote*