# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

v.                                   Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.

_____/

## PLAINTIFF CSX TRANSPORTATION, INC.'S OBJECTIONS TO CANNON MOSS'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Local Rule 26, the ESI Order, and the Stipulated Protective Order entered in the above-captioned action, Plaintiff, CSX Transportation, Inc. ("CSXT" or "Plaintiff"), by counsel, hereby notes its objections to Cannon Moss's ("Moss") First Set of Interrogatories (the "Interrogatories"), Requests for Production of Documents (the "Requests") and Requests for Admission (the "RFAs").

## RESERVATION OF RIGHTS

Plaintiff's objections are based on the facts presently known to Plaintiff based on a good faith investigation to respond to Moss's Interrogatories, Requests, and RFAs. As discovery progresses, Plaintiff may supplement or change its objections to Moss's Interrogatories, Requests, and RFAs with any non-privileged information as appropriate under the Federal Rules of Civil Procedure and/or the Local Rules of this Court. Plaintiff reserves the right to

supplement or change their objections and responses to Moss's Interrogatories, Requests, and RFAs as additional or different facts, documents, or witnesses are discovered.

Plaintiff's objections to Moss's Interrogatories, Requests, and RFAs do not constitute an admission by Plaintiff that any of the Interrogatories, Requests, and RFAs or the responses thereto, or any documents produced in connection therewith, are relevant or admissible as evidence in any trial or other proceeding. Plaintiff reserves the right to object on any grounds, at any time, to the admission of any Interrogatories, Requests and RFAs or the responses thereto, or any documents produced in connection therewith, in any such trial or other proceeding.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

CSXT objects to Moss's Definitions and Instructions to the extent they are inconsistent with or exceed the requirements set forth in the Federal Rules of Civil Procedure and the Local Civil Rules, and to the extent they purport to require CSXT to produce documents beyond those agreed to by the Parties in the ESI Order. CSXT specifically objects as follows:

1. CSXT objects to Instruction Number 1 regarding the term "identification of a natural person" as irrelevant to the extent it seeks the residential address and phone number of each natural person, as that sensitive and personal information has no relevance to any of the issues in this case.

2. CSXT objects to Instruction Number 3 regarding the term "Identification of an act or activity" as unduly burdensome and not proportional to the needs of this case to the extent that it purports to require CSXT to identify "each document referring to, discussing or relating to the act or activity" and to identify "each person participating, or engaging, in the act or activity."

3. CSXT objects to Instruction Number 4 regarding the term "Identification of a communication" as unduly burdensome and not proportional to the needs of this case to the

extent that it purports to require CSXT to produce documents or communications beyond those agreed by the Parties in the ESI order.

4.      CSXT objects to Instruction Number 5 regarding the term "identification of a document" as overly broad, unduly burdensome, and expensive, irrelevant, and not proportional to the needs of this case to the extent the definition purports to require CSXT to produce documents or communications, or information related to those documents or communications, beyond those agreed to by the Parties in the ESI Order.

5.      CSXT objects to Instruction Number 6 regarding the term "documents no lost or no longer in existence" as unduly burdensome and not proportional to the needs of this case to the extent it requires CSXT to identify documents that are no longer in CSXT's  possession or control.

6.      CSXT objects to Instruction Number 7 regarding the term "deletions from documents" as unduly burdensome and not proportional to the needs of this case to the extent that it purports to require CSXT to produce documents or communications, or information related to those documents or communications, beyond those agreed by the Parties in the ESI order.

7.      CSXT objects to Instruction Number 9 regarding the term "sources of information" as unduly burdensome and not proportional to the needs of this case to the extent that it requires CSXT to consult sources of information not within the immediate possession or control of CSXT and requires CSXT to consult "every source of information to which Plaintiff has reasonable access."

8.      CSXT objects to Instruction Number 12 regarding "claim of privilege" as overly broad, unduly burdensome, and expensive, irrelevant, and not proportional to the needs of this

case to the extent the definition purports to require CSXT to provide information regarding documents or communications beyond those agreed to by the Parties in the ESI Order.

9.      CSXT objects to Definitions A and C ("Document" and "Communication") as overly broad, unduly burdensome, and expensive, irrelevant, and not proportional to the needs of this case to the extent the definition purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

10.     CSXT objects to Definition B ("Person" or "persons") as vague and ambiguous as well as overly broad and unduly burdensome in that this definition includes numerous legally distinct persons not parties to this litigation, and also purports to require CSXT to obtain information, documents, and other tangible things from "natural persons, corporations, partnerships, limited liability companies, associations, joint ventures, trusts, estates, governments, all other forms of legal entities, and the officers, directors, employees, agents, attorneys, beneficiaries, partners, members, ventures, executors, administrators, and person representatives of each."  Moreover, to answer Moss's requests on behalf of not only CSXT, but all other entities meeting Moss's over broad definition of "person" or "persons" would impose a burden on CSXT that would far outweigh the needs of this case, and would not be reasonable or proportional to this case as the Rules require.  CSXT further objects to the definition of "person" or "persons" as overbroad, irrelevant, unreasonably burdensome, and not proportional to the needs of the case to the extent that it purports to include "natural persons . . . officers, directors, employees, agents . . . ."  This definition would require CSXT to answer Moss's requests on behalf of a wide range of other individuals and entities with no authority to bind CSXT.  Not only are the actions of such individuals and entities not relevant to this litigation, but the burden imposed by such an exercise would far outweigh any marginal benefit, and would be not be

reasonable or proportional as required by the Rules.  CSXT further objects to the definition of "person" or "persons" as overly broad, unduly burdensome, and expensive, irrelevant, and not proportional to the needs of this case to the extent the definition purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

11.     CSXT objects to Definition E ("Representative") as overly broad and unduly burdensome in that this definition purports to require CSXT to obtain information, documents, and other tangible things from all a wide variety of individuals with no authority to bind CSXT. CSXT further objects to the definition of "Representative" to the extent that it includes CSXT's "attorneys, experts, and consultants," and therefore purports to encompass communications or other materials that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other protection or privilege, as well as communications and materials prepared by, for, or in conjunction with experts or consultants, which are not subject to disclosure under the Federal Rules.  CSXT further objects to the definition of "Representative" as overly broad, unduly burdensome, and expensive, irrelevant, and not proportional to the needs of this case to the extent the definition purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

12.     CSXT objects to Definition G ("you," "your," and "CSXT") as vague and ambiguous as well as overbroad and unduly burdensome in that this definition includes numerous legally distinct persons not parties to this litigation, and also purports to require CSXT to obtain information, documents, and other tangible things from "its officers, employees, agents, representatives, predecessors, successors, attorneys, and anyone acting on behalf of any of the foregoing."  Moreover, to answer Moss's 37 Requests on behalf of not only CSXT, but all other entities meeting Moss's overbroad definition would impose a burden on CSXT that would far

outweigh the needs of this case, and would not be reasonable or proportional to this case as the Rules require.

## INTERROGATORIES

1.        Describe with particularity each item of damages, if any, which you claim that you are entitled to recover from Moss, and provide a complete and detailed explanation of the elements and basis for the computed amount, listing all facts and documents relied upon to arrive at such amount and the specific amount for each such item and the identity of all persons with knowledge of such alleged damages, including the persons who calculated such damages.

**OBJECTION:** CSXT objects to this Interrogatory insofar as it seeks to have CSXT form and provide a legal conclusion in order to respond.  CSXT objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Interrogatory as a compound Interrogatory which asks for answers to multiple, distinct questions. Finally, the Interrogatory is irrelevant, as CSXT is not seeking monetary damages from Moss.

2.        Describe with particularity the injunctive relief you seek against Moss as alleged in paragraph 113 of the Complaint and the Complaint's prayer for relief.

**OBJECTION:** CSXT objects to this Interrogatory insofar as it seeks to have CSXT form and provide a legal conclusion in order to respond.  CSXT objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.

3.      Describe in detail and with particularity all facts upon which you rely for your allegation in Paragraph 39 of the Complaint that "[t]he Service Proposal . . . would have generated annually approximately $1,440,000 in incremental revenue and potentially $660,000 in incremental operating income for the NPBL."

**OBJECTION:** CSXT objects to this Interrogatory on the grounds it is overbroad, particularly in light of existing discovery, and insofar as it seeks to have CSXT form and provide a legal conclusion in order to respond. CSXT further objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.

4.      Describe in detail and with particularity all facts upon which you rely for your allegation in Paragraph 37 of the Complaint that "the NPBL's overall financial performance has been declining over the past several years and continues to deteriorate", identifying with your answer all documents that support the allegation.

**OBJECTION:** CSXT objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.

5.      Describe in detail and with particularity all facts upon which you rely for your allegation in Paragraph 34 of the Complaint that the NPBL's "current line haul switch rate is dramatically higher than rates for comparable services charged by other short line railroads." Specifically identify any persons with knowledge of such facts or any documents that support

your allegations, including the identity of the other short line railroads and their switch rates you reference in making the allegation.

**OBJECTION**: CSXT objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.

6.        Identify the CSXT's shareholder representative referenced in paragraph 70 of the Complaint who, at the April 2018 meetings, "made a motion that the shareholders proceed to elect only one director designated by each shareholder and elect four independent directors," identifying at which meeting or meetings the alleged motion was made.

**OBJECTION**: CSXT objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.

7.        Describe in detail and with particularity all facts and applications of law to fact upon which you rely for your allegation in Paragraph 112 of the Complaint that Moss has "breached [his] fiduciary duties to NPBL," specifically explaining in your answer the acts or omissions of Moss that you contend constituted a breach of his duties.

**OBJECTION**: CSXT objects to this Interrogatory insofar as it seeks to have CSXT form and provide a legal conclusion in order to respond.  CSXT further objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.

8.      Describe in detail and with particularity all facts upon which you rely for your allegation in Paragraph 30 of the Complaint that Moss has an "independent personal stake[] in furthering NS's interests as [a] Director[] of NPBL "

**OBJECTION**: CSXT objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.

9.      Describe in detail and with particularity each of the other times that Moss "ha[s], in conspiracy with NS and the NPBL, misused NPBL as a tool to serve NS's own interests," as alleged in paragraph 45 of the Complaint.

**OBJECTION**: CSXT objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.

10.     If any of your responses to any of the Requests for Admission propounded herewith by Moss to you is anything other than an unqualified admission, state all facts and applications of law to fact that support or explain your response.

**OBJECTION**: CSXT objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  Any and all documents that support the factual allegations of Count VI of your Complaint.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

2.  Any and all documents relied upon, referred to, or identified in answering the above Interrogatories to you.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

3.  The documents identified in your initial disclosures and supplementation thereof that support Count VI of the Complaint.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it

purports to require CSXT to produce documents beyond those agreed to by the Parties in the ESI Order.

4.        All documents provided to you by third parties relating to this matter, including materials you receive in response to a subpoena or any public records request (e.g., Freedom of Information Act request).

**OBJECTION**: None.

5.        All documents (including estimates) that relate to or support your claim for damages, if any, against Moss.

**OBJECTION**: CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request on the grounds it is overbroad and to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.  CSXT also objects to this Request as irrelevant, as CSXT is not seeking monetary damages from Moss.

6.        All documents constituting, referring, or relating to any statements and/or admissions which you contend were made by Moss regarding the facts underlying the allegations in the Complaint.

**OBJECTION**: CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects

against disclosure of such information.  CSXT further objects to this Request on the grounds it is overbroad and to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

7.       All documents constituting, referring, or relating to any analyses performed by you concerning the switch rates that are charged, or could be charged, to you by NPBL.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

8.       All documents and communications regarding the Service Proposal, including its origination, drafting, revisions, analyses, strategy, and purpose.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request on the grounds that "Service Proposal" is not defined, but will presume that it refers to the Service Proposal submitted by CSXT to NPBL dated March 23, 2018.  CSXT objects to this Request to the extent it seeks documents already in the possession, custody, or control of Moss.  CSXT also objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

9.      All documents and communications regarding the Governance Proposal, including its origination, drafting, revisions, analyses, strategy, and purpose.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT further objects to this Request to the extent it seeks documents already in the possession, custody, or control of Moss. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

10.      Documents constituting, referring, or relating to all of your communications with Cannon Moss from January 1, 2017 through present.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent it seeks documents already in the possession, custody, or control of Moss.  CSXT further objects to this Request o to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

## REQUESTS FOR ADMISSIONS

1.      At the April 18, 2018 NPBL board meeting, no motion was made concerning the Rate Proposal.

**OBJECTION:** None.


2.      At the April 18, 2018 NPBL board meeting, no second to a motion was made concerning the Rate Proposal.

**OBJECTION:** None.


3.      At the April 18, 2018 NPBL board meeting, no motion was made concerning the Governance Proposal.

**OBJECTION:** None.


4.      At the April 18, 2018 NPBL board meeting, no second to a motion was made concerning the Governance Proposal.

**OBJECTION:** None.


5.      Andrew L. Glassman has never made a motion at a meeting of the NPBL board of directors to adopt the Rate Proposal.

**OBJECTION:** None.

6.      Andrew L. Glassman has never made a motion at a meeting of the NPBL board of directors to adopt the Governance Proposal.

**OBJECTION**: None.


7.      Jermaine L. Swafford has never made a motion at a meeting of the NPBL board of directors to adopt the Rate Proposal.

**OBJECTION**: None.


8.      Jermaine L. Swafford has never made a motion at a meeting of the NPBL board of directors to adopt the Governance Proposal.

**OBJECTION**: None.


9.      Steven C. Armbrust has never made a motion at a meeting of the NPBL board of directors to adopt the Rate Proposal.

**OBJECTION**: None.


10.      Steven C. Armbrust has never made a motion at a meeting of the NPBL board of directors to adopt the Governance Proposal.

**OBJECTION**: None.

11.     Moss has no ability or authority to vote at NPBL shareholder meetings.

**OBJECTION:** CSXT objects to this RFA to the extent it seeks a legal conclusion.

12.     The creation of independent director seats on the NPBL board of directors sought by the Governance Proposal required approval of the shareholders of the NPBL.

**OBJECTION:** CSXT objects to this RFA to the extent it seeks a legal conclusion.

13.     The Service Proposal did not seek to alter the NPBL's "general tariff rate" as that term is used in the Service Proposal on ECF No. 1-5, at page 3.

**OBJECTION:** None.

14.     The Service Proposal sought a contract between the NPBL and CSXT.

**OBJECTION:** None.

15.     The NPBL's entering into a contract with CSXT for CSXT to pay a rate different from the NPBL's general tariff rate would require amending the NPBL shareholder's agreement attached to the Complaint as Exhibit A and any amendments or supplements thereto.

**OBJECTION:** CSXT objects to this RFA to the extent it seeks a legal conclusion, and is compound.

16.      The "new agreement" referenced in Paragraph 41 of the Complaint is the trackage rights agreement at issue in the pending action before the U.S. Surface Transportation Board in Docket No. FD 36223.

**OBJECTION:** None.


17.      NS pays the $210 line haul switch rate to the NPBL if NS uses the NPBL to access NIT.

**OBJECTION:** None.

**CSX TRANSPORTATION, INC.**
*By Counsel*

Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 31st, 2020, a true and correct copy of the foregoing was transmitted by electronic mail to:

W. Edgar Spivey (VSB No. 29125)
Clark J. Belote (VSB No. 87310)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
wespivey@kaufcan.com
cjbelote@kaufcan.com
*Counsel for Defendant Cannon Moss*


Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
alan.wingfield@troutman.com
michael.lacy@troutman.com

John C. Lynch (VSB No. 39267)
Elizabeth S. Flowers (VSB No. 78487)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
liz.flowers@troutmansanders.com
john.lynch@troutmansanders.com
kathleen.knudsen@troutman.com

Monica McCarroll
Redgrave LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151
mmccarroll@redgravellp.com
*Counsel for Defendant Norfolk Southern Railway Company*

James L. Chapman, IV (VSB No. 21983)
W. Ryan Snow (VSB No. 47423)
Darius K. Davenport (VSB No. 74064)
David C. Hartnett (VSB No. 80452)
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
jchapman@cwm-law.com
wrsnow@cwm-law.com
ddavenport@cwm-law.com
dhartnett@cwm-law.com
*Counsel for Defendant Norfolk & Portsmouth Belt Line Railroad Co.*

Hugh M. Fain, III (VSB No. 26494)
M.F. Connell Mullins Jr. (VSB No. 47213)
John M. Erbach (VSB No. 76695)
SPOTTS FAIN P.C.
411 East Franklin Street, Suite 600
Richmond, VA 20151
hfain@spottsfain.com
cmullins@spottsfain.com
jerbach@spottsfain.com
*Counsel for Defendants Jerry Hall, Thomas Hurlbut, and Philip Merilli*

Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com
*Counsel for CSX Transportation, Inc.*

126045445_4