UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., )<br>individually and on behalf of NORFOLK )<br>& PORTSMOUTH BELT LINE )<br>RAILROAD COMPANY, )<br>)<br>     *Plaintiff*, )<br>)<br>v. )<br>)<br>NORFOLK SOUTHERN RAILWAY )<br>COMPANY, NORFOLK & PORTSMOUTH )<br>BELT LINE RAILROAD COMPANY, )<br>JERRY HALL, THOMAS HURLBUT, )<br>PHILIP MERILLI, and CANNON MOSS, )<br>)<br>     *Defendants*. ) | Case No. 2:18-cv-530 |

**DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DEPOSITIONS
OF PLAINTIFF CSX TRANSPORTATION, INC.'S DEPONENTS**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Rules 37(B) and 7(F) of the Local Rules of the U.S. District Court for the Eastern District of Virginia, Defendant Norfolk Southern Railway Company ("NSR"), by counsel, respectfully submits this memorandum in support of its Motion to Compel Plaintiff CSX Transportation, Inc. ("CSXT") to make available for timely depositions the following CSXT employees:

- Carl Warren – Director, Port Business Development; and
- Rob Girardot – Director, Strategy & Analytics, Intermodal.

In addition, NSR moves the Court to order CSXT to pay NSR's reasonable expenses, including attorney's fees, related to this motion to compel.

# INTRODUCTION

The Court entered a Rule 16 Scheduling Order governing discovery deadlines on October 25, 2019.  ECF No. 78.  The Court amended the Scheduling Order, pursuant to CSXT's motion, on February 5, 2020.  ECF No. 118.  The amended Scheduling Order reset certain expert discovery deadlines, including:

- Plaintiffs' Expert Report deadline, which was extended to **February 25, 2020**;
- The Expert Witness Response deadline, which was extended to **March 25, 2020**;
- The Expert Witness Rebuttal deadline, which was extended to **April 9, 2020**; and
- The Expert and De Bene Esse Deposition deadline, which was extended to **April 15, 2020.**

ECF No. 118 at 1–2.  No other deadlines were amended.  Following CSXT's service of its expert economist report, and consistent with the amended Scheduling Order, NSR noticed certain CSXT custodians for depositions pursuant to Rule 30 of the Federal Rules of Civil Procedure.  In particular, NSR served notices for two CSXT employees who provided fact declarations dated February 21, 2020, in support of the CSXT's expert economist report.  Despite NSR's service of the notices on March 3, CSXT is refusing to schedule depositions of the fact declarants, Mr. Warren and Mr. Girardot, until after NSR's March 25 expert response deadline.

Because NSR's notices were timely, and because NSR is entitled to testimony of the fact declarants to support its own expert disclosures, NSR respectfully requests that the Court compel CSXT to make Mr. Warren and Mr. Girardot available for deposition before March 25.

# LEGAL STANDARD

"On a motion to compel pursuant to Rule 37, the burden of persuasion is borne by the party resisting discovery, rather than the moving party." *Id.* (citing *Kinetic Concepts, Inc. v. ConvaTec*

2

*Inc.*, 268 F.R.D. 226, 243-44 (M.D.N.C. 2010); *Castle v. Jallah*, 142 F.R.D. 618, 622 (E.D. Va. 1992)). Thus, where a resisting party claims that requested discovery is unduly burdensome, for example, that party must establish the undue burden. *See, e.g.*, *id.* at 4–5 (ordering the production of source code because the resisting party failed to "demonstrate[] that producing the [relevant] source code w[ould] be so unduly burdensome as to outweigh its likely benefit"). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Rule 30 of the Federal Rules of Civil Procedure and Local Rule 30 of the Eastern District of Virginia govern depositions. "Any party, or representative of a party (e.g., officer, director, or managing agent), filing a civil action in the proper division of this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within the division." L.R. 30(A). The Eastern District of Virginia states that "eleven (11) days in advance of the contemplated taking of a deposition shall constitute reasonable notice of the taking of a deposition in the continental United States." L.R. 30(H).

## ARGUMENT

**A.     NSR's Notices Were Timely, and NSR Has Offered Accommodations to Facilitate Scheduling.**

NSR sent deposition notices to Mr. Warren and Mr. Girardot on March 3, contemplating deposition dates of March 16 and 18, respectively. Notices were provided more than 11 days before the contemplated depositions and therefore were timely. L.R. 30(H). Despite reasonable notice, and repeated efforts by NSR to resolve the issue through the meet and confer process, CSXT refuses to make these individuals available until March 27 for Mr. Warren and March 31 for Mr. Girardot, at the earliest.

3

In an effort to agree to a reasonable schedule, NSR has made a number of accommodations.  NSR agreed to double track depositions so that more can be done over a shorter period.  Moreover, NSR has agreed to travel to the deponents; after initially agreeing at the request of CSXT to travel to Atlanta, Georgia for CSXT depositions, NSR has now agreed to depose the individuals in Jacksonville, Florida where they reside.

NSR has attempted to resolve this matter expeditiously and without court intervention.  On March 3, NSR noticed both individuals for depositions.  The evening of March 6 CSXT provided three available dates for Mr. Girardot and Mr. Warren, all of which were after the March 25 deadline for NSR's expert report.  NSR responded the same day asking CSXT for additional availability prior to March 25.  Over the next seven days the parties held two meet and confers, but at no time did CSXT offer additional availability for either deponent prior to March 25.  Exhibit A.  CSXT has advised that they will not honor the deposition notices – effectively delaying the  depositions of their own executives as much as possible.

B.     **CSXT's Refusal to Schedule Timely Depositions Prejudices NSR.**

CSXT's Complaint states claims for violations of Section 1 and Section 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2.  Compl. ¶¶ 77–104.  In support of its claims, on February 25, 2020, CSXT served the expert report of an economist who provided opinions on the required elements of the antitrust claims.  CSXT's expert relies on fact declarations from Mr. Warren and Mr. Girardot to support many of his opinions.

NSR's expert report is due March 25.  For the report to adequately respond to CSXT's expert, the depositions of the fact declarants must occur on or before March 23.

4

## CERTIFICATION

Pursuant to Local Rule 37(E), undersigned counsel certifies that he conferred with CSXT's counsel and that they were unable to reach a resolution prior to NSR's filing of this Motion.

## CONCLUSION

For the foregoing reasons, NSR respectfully requests that the Court grant its motion to compel and order the relief requested above. A proposed order for the Court's consideration accompanies this motion. NSR also respectfully requests that it be awarded expenses, including attorneys' fees, incurred in making this motion, in accordance with Federal Rule of Civil Procedure 37(a)(5)(A).[1]

Dated: March 13, 2020

Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

/s/Michael E. Lacy
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

---

[1] None of the exceptions to such relief apply: NSR filed its motion after making a good faith attempt to obtain the discovery it seeks without court action; CSXT's responses to NSR's requests were not substantially justified, for reasons discussed above; and no circumstances exist that would make the award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

        John C. Lynch (VSB No. 39267)
        Kathleen M. Knudsen (VSB No. 90845)
        TROUTMAN SANDERS LLP
        222 Central Park Avenue, Suite 2000
        Virginia Beach, VA  23462
        Telephone: (757) 687-7759
        Facsimile: (757) 687-7510
        Email: john.lynch@troutman.com
        Email: kathleen.knudsen@troutman.com
        *Counsel for Norfolk Southern Railway Company*

**CERTIFICATE OF SERVICE**

        I hereby certify that on March 13, 2020, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which sent a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service, including:

Robert W. McFarland, Esq.
Benjamin L. Hatch, Esq.
E. Rebecca Gantt, Esq.
McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
rmcfarland@mcguirewoods.com
bhatch@mcguirewoods.com
rgantt@mcguirewoods.com

*Attorneys for CSX Transportation, Inc.*

James L. Chapman, IV, Esq.
W. Ryan Snow, Esq.
Darius K. Davenport, Esq.
David C. Hartnett, Esq.
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com

*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

Hugh M. Fain, III, Esq.
M. F. Connell Mullins, Jr., Esq.
John M. Erbach, Esq.
SPOTTS FAIN PC
411 E. Franklin St.
Richmond, VA 23219
Telephone: (804) 697-2000
hfain@spottsfain.com
cmullins@spottsfain.com
jerbach@spottsfain.com

*Attorneys for Jerry Hall, Thomas Hurlbut, and Philip Merilli*

W. Edgar Spivey, Esq.
Clark J. Belote, Esq.
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3196
Facsimile: (888) 360-9092
wespivey@kaufcan.com
cjbelote@kaufcan.com

*Attorney for Cannon Moss*

/s/Michael E. Lacy
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

41795067

8