EDWARD J. POWERS, ESQ.
EPowers@VanBlackLaw.com
Licensed in New York, North Carolina and Virginia

# VANDEVENTER BLACK LLP

101 W. Main Street • 500 World Trade Center • Norfolk, VA 23510 • O: 757.446.8600 • F: 757.446.8670

March 9, 2020

**VIA EMAIL AND HAND-DELIVERY**
Crenshaw, Ware & Martin, PLC
150 W. Main Street, Suite 1500
Norfolk, VA 23510
ATTN: David Hartnett, Esq.

Re:   Subpoena *Duces Tecum* to VIT in *CSX Transportation, Inc. v. Norfolk Southern Railway Co., et al.* matter
Our File No.:  000004-0000002

David:

As you know, my firm represents Virginia International Terminals, LLC ("VIT") regarding the Subpoena *Duces Tecum* served by Norfolk and Portsmouth Belt Line Railroad Company upon VIT on March 2, 2020 (the "Subpoena"). As a preliminary matter, the Subpoena was served on March 2, 2020, and commands production on March 9, 2020. This time period is insufficient on its face under the Rules. As a means of preservation and pursuant to Federal Rule of Civil Procedure 45, VIT also asserts the following objections to the Subpoena:

## OBJECTIONS TO SUBPOENA

1.  All documents and communications evidencing or describing any subsidies, discounts, cost sharing arrangements, incentive payments, or other inducements offered or given to CSXT for drayage of containers to or from NIT from January 1, 2010 to present.

**OBJECTIONS:**

**VIT objects to this request as overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection given the ten-year time period of materials sought and fact that this request seeks materials and information that are available through CSXT as a party to the litigation. Because this request appears to seek electronically stored information such as emails, compliance would impose an undue expense on VIT as a non-party to this litigation to search for potentially responsive materials.**

**VIT maintains that all of its rate information is confidential and proprietary. To the extent its requests are appropriate, NPBL should seek such information from CSXT.**

**To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.**

Mr. David Hartnett
Page 2 of 5
VIT's Objections to NPBL's Subpoena

2.  All documents and communications evidencing or describing any subsidies, discounts, cost sharing arrangements, incentive payments, or other inducements offered or given to CSXT for lifts of containers at NIT from January 1, 2010 to present.

**OBJECTIONS:**

**VIT objects to this request as overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection given the ten-year time period of materials sought and fact that this request seeks materials and information that are available through CSXT as a party to the litigation. Because this request appears to seek electronically stored information such as emails, compliance would impose an undue expense on VIT as a non-party to this litigation to search for potentially responsive materials.**

**VIT maintains that all of its rate information is confidential and proprietary. To the extent its requests are appropriate, NPBL should seek such information from CSXT.**

**To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.**

3.  All documents and communications evidencing or describing any subsidies, discounts, incentive payments, or other inducements offered or given to CSXT for drayage of containers to or from VIG from January 1, 2010 to present.

**OBJECTIONS:**

**VIT objects to this request as overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection given the ten-year time period of materials sought and fact that this request seeks materials and information that are available through CSXT as a party to the litigation. Because this request appears to seek electronically stored information such as emails, compliance would impose an undue expense on VIT as a non-party to this litigation to search for potentially responsive materials.**

**VIT maintains that all of its rate information is confidential and proprietary. To the extent its requests are appropriate, NPBL should seek such information from CSXT.**

**To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.**

4.  All documents and communications evidencing or describing any subsidies, discounts, incentive payments, or other inducements offered or given to CSXT for rail transport of containers to or from VIG from January 1, 2010 to present.

Mr. David Hartnett
Page 3 of 5
VIT's Objections to NPBL's Subpoena

**OBJECTIONS:**

**VIT objects to this request as overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection given the ten-year time period of materials sought and fact that this request seeks materials and information that are available through CSXT as a party to the litigation. Because this request appears to seek electronically stored information such as emails, compliance would impose an undue expense on VIT as a non-party to this litigation to search for potentially responsive materials.**

**VIT maintains that all of its rate information is confidential and proprietary. To the extent its requests are appropriate, NPBL should seek such information from CSXT.**

**To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.**

5. All documents and communications evidencing or describing any subsidies, discounts, cost sharing arrangements, incentive payments, or other inducements offered or given to CSXT for lifts of containers at VIG from January 1, 2010 to present.

**OBJECTIONS:**

**VIT objects to this request as overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection given the ten-year time period of materials sought and fact that this request seeks materials and information that are available through CSXT as a party to the litigation. Because this request appears to seek electronically stored information such as emails, compliance would impose an undue expense on VIT as a non-party to this litigation to search for potentially responsive materials.**

**VIT maintains that all of its rate information is confidential and proprietary. To the extent its requests are appropriate, NPBL should seek such information from CSXT.**

**To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.**

6. All documents and communications evidencing or describing any subsidies, discounts, cost sharing arrangements, incentive payments, or other inducements offered or given to CSXT for lifts of containers at PMT from January 1, 2010 to present.

**OBJECTIONS:**

**VIT objects to this request as overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection given the ten-year time period of materials sought and fact that this request seeks**

materials and information that are available through CSXT as a party to the litigation. Because this request appears to seek electronically stored information such as emails, compliance would impose an undue expense on VIT as a non-party to this litigation to search for potentially responsive materials.

VIT maintains that all of its rate information is confidential and proprietary. To the extent its requests are appropriate, NPBL should seek such information from CSXT.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

7. All communications with CSXT regarding rail transport of containers for CSXT to or from NIT by NPBL in 2015, including any subsidies, discounts, incentive payments, cost sharing arrangements or other inducements offered or given to CSXT.

**OBJECTIONS:**

VIT objects to this request as overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection given the ten-year time period of materials sought and fact that this request seeks materials and information that are available through CSXT as a party to the litigation. Because this request appears to seek electronically stored information such as emails, compliance would impose an undue expense on VIT as a non-party to this litigation to search for potentially responsive materials.

VIT maintains that all of its rate information is confidential and proprietary. To the extent its requests are appropriate, NPBL should seek such information from CSXT.

To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.

8. All internal documents and communications, including notes, memos or records of meetings, discussing or pertaining to CSXT's access to NIT from January 1, 2010 to present.

**OBJECTIONS:**

VIT objects to this request as overly broad, unduly burdensome, not allowing a reasonable time to comply, and imposing an undue expense on VIT. VIT raises this objection given the ten-year time period of materials sought and fact that this request seeks materials and information that are available through CSXT as a party to the litigation. Because this request appears to seek electronically stored information such as emails, compliance would impose an undue expense on VIT as a non-party to this litigation to search for potentially responsive materials.

Mr. David Hartnett
Page 5 of 5
VIT's Objections to NPBL's Subpoena

**VIT maintains that all of its rate information is confidential and proprietary. To the extent its requests are appropriate, NPBL should seek such information from CSXT.**

**To the extent this request calls for documents protected by the attorney-client and/or work product privileges, VIT also objects.**

9. All communications with CSXT about John Reinhart's April 13, 2018 letter to NPBL.

**OBJECTIONS:**

**VIT objects that this request seeks materials not be within VIT's custody, possession, or control. Mr. Reinhart is not a VIT employee nor was he a VIT employee on April 13, 2018.**

10. All communications with CSXT about NPBL's April 19, 2018 letter to John Reinhart.

**OBJECTIONS:**

**VIT objects that this request seeks materials not be within VIT's custody, possession, or control. Mr. Reinhart is not a VIT employee nor was he a VIT employee on April 19, 2018.**

11. All drafts of John Reinhart's April 13, 2018 letter to NPBL, including any comments on such drafts, whether from internal or external sources.

**OBJECTIONS:**

**VIT objects that this request seeks materials not be within VIT's custody, possession, or control. Mr. Reinhart is not a VIT employee nor was he a VIT employee on April 13, 2018.**

Should you wish to discuss this matter further, please do not hesitate to give me a call. With kind regards, I remain

Very truly yours,

VANDEVENTER BLACK LLP

Edward J. Powers