UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX Transportation, Inc.<br><br>*Plaintiff*<br><br>v.<br><br>Norfolk Southern Railway Company, *et al.*<br><br>*Defendants* | C.A. No. 2:18-cv-00530-MSD-LDL |

### VIRGINIA INTERNATIONAL TERMINALS, LLC'S
### MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH

Pursuant to Federal Rules of Civil Procedure 26 and 45, Virginia International Terminals, LLC ("VIT"), a non-party to the above-captioned litigation, moves to quash or otherwise modify the subpoena to testify at deposition issued to it is in this matter by Norfolk Southern Railway Company ("Defendant" or "Norfolk Southern") to the Virginia Port Authority (the "VPA"). Specifically, the subpoena should be quashed because compliance would require the disclosure of privileged, confidential, and proprietary commercial information of VIT. In support of its Motion, VIT states:

### BACKGROUND

On March 6, 2020, Norfolk Southern issued a 30(b)(6) witness subpoena to the VPA (the "Subpoena"). **Exhibit A**. The Subpoena lists twenty-two deposition topics. *See* Exhibit A. Of these topics, twelve are either exclusively reliant on information that is owned by VIT or contain portions that are owned by VIT. *See* Exhibit A at Request Nos. 4, 5, 6, 7, 10, 11, 13, 15, 16, 17,

1

18, and 19. Because VIT's information and data are at issue, it has standing to challenge the Subpoena and does so herein.

## LEGAL AUTHORITY

Federal Rule of Civil Procedure 45 provides that a court must quash a subpoena that subjects a person to undue burden and when the subpoena requires disclosing a trade secret or other confidential research, development, or commercial information. Fed. R. Civ. Proc. 45(d)(3)(A)(iv), 45(d)(3)(B)(i).

In resolving the need to quash a subpoena or provide a protective order for a subpoena, courts must balance the burden imposed on the witness against the need for the discovery. *See* Fed. R. Civ. Proc. 26. The proportionality requirement of Rule 26 "relieves parties from the burden of taking unreasonable steps to ferret out every relevant document." *Va. Dep't of Corr. v. Jordan,* 921 F.3d 180, 189 (4th Cir. 2019). "When discovery is sought from nonparties, however, its scope must be limited even more" because these are "'strangers' to the litigation." *Id.* Additionally, "[a] more demanding variant of the proportionality analysis . . . applies when determining whether, under Rule 45, a subpoena issued against a nonparty 'subjects a person to undue burden' and must be quashed or modified." *Id.* (citing Fed. R. Civ. P. 45(d)(3)(A)(iv)). The court must ultimately decide "whether the benefits of discovery to the requesting party outweigh the burdens on the recipient." *Id.*

## ARGUMENT

I. **VIT has standing to challenge the Subpoena.**

"Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005) (per curiam). The

2

district courts in this circuit have held that the party "need only have some personal right or privilege in the information sought to have standing to challenge a subpoena to a third party," even if the claimed interest is "minimal or exceedingly small." *Third Degree Films, Inc. v. Does 1-108*, 2012 U.S. Dist. LEXIS 25400, 2012 WL 669055, at *2 (D. Md. Feb. 28, 2012) (quotation marks omitted) (collecting cases). The same principle applies here. *See e.g., Doe I v. Pauliewalnuts*, 2008 WL 4326473, at *1 (granting for lack of jurisdiction a motion to quash a subpoena plaintiff served on non-party internet service provider brought by three non-parties with a personal interest in the information sought). If VIT did not have the right to raise a motion to quash to protect its own information, then a subpoena to a third-party holder of sensitive and confidential information would always be a workaround to avoid objections from the owner of the confidential and sensitive information. This simply cannot be the rule.

Here, as explained in more detail in Section II, VIT has a personal right and privilege to the information and testimony sought in Request Nos. 4, 5, 6, 7, 10, 11, 13, 15, 16, 17, 18, and 19. Data furnished by VIT to VPA is not owned by VPA and therefore is prohibited from disclosure pursuant to Virginia Code Section 62.1-132.4. Va. Code. § 62.1-132.4 (stating, in part, "Notwithstanding any provision of law to the contrary, the Authority shall not disclose proprietary information and data furnished to it in confidence, including but not limited to customer contracts, agreements, or information; ship tally sheets; ship manifests; information relating to tonnages and cargoes; annual budgets; and other information furnished to it by any entity, including but not limited to any entity operating a terminal on behalf of the Virginia Port Authority."). VPA is statutorily prohibited from disclosing VIT's confidential and proprietary information.

Not only does VIT have standing to challenge the Subpoena, but its Motion is timely as it is filed both within fourteen days of service and the time of compliance. *See Williams v. Big Picture Loans, LLC*, 303 F. Supp. 3d 434, 442 (E.D. Va. 2018) (collecting cases).

**II.     The Subpoena is an improper attempt to seek non-party VIT's confidential and proprietary data and information from a third party.**

The Subpoena imposes an undue burden on VIT as a non-party even though it does not directly seek discovery from VIT because the requested information is VIT's confidential and proprietary information and VPA has no independent knowledge of such information. Given these circumstances, the Court may quash the subpoena or issue an order to protect VIT from the undue burden of requiring disclosure of such sensitive information. *See, e.g., Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241 (E.D. Va. 2012)). Request Nos. 4, 5, 11, 13, 16, 17, and 19 seek information that VIT exclusively owns. Generally speaking, these topics deal with the operational nuances of the various terminals listed. VIT, not VPA, is charged with the operational management of these terminals. VIT's operational information is sensitive, proprietary, and confidential because it deals with business strategies, rates, customer/vendor/supplier information, and related decision-making process. VIT addresses each of the requests as follows:

Request No. 4 – this request asks for operational information related to "NPBL's $210 [sic] line haul switching tariff . . . including the impact . . . it has on CSXT's ability to access NIT." Access to NIT deals with VIT's operations and would not be a matter for which VPA would have independent knowledge separate from information furnished by VIT.

Request No. 5 – this request covers "operational issues, plans, or schedules relating to NPBL's movement of freight to or from NIT." Again, operational issues would not be a matter for which VPA has independent knowledge separate from information furnished by VIT.

4

Request No. 11 – this request covers the "process for managing ocean carrier traffic into and out of NIT, PMT, and VIG for the loading and unloading of intermodal containers." Again, operational issues would not be a matter for which VPA has independent knowledge separate from information furnished by VIT.

Request No. 13 – this request covers the "shipper preferences." Again, operational issues and communications with customers would not be a matter for which VPA has independent knowledge separate from information furnished by VIT.

Request No. 16 – this request seeks information related to lifts and lift fees. Again, operational issues would not be a matter for which VPA has independent knowledge separate from information furnished by VIT and, particularly, the lift information of VIT is of the utmost sensitive and confidential information of VIT because they set the tone for VIT's competitive place in the marketplace.

Request No. 17 – this request seeks information related to use of drayage at NIT, VIG, and PMT. Again, operational issues would not be a matter for which VPA has independent knowledge separate from information furnished by VIT and, particularly, the drayage information and rates of VIT is of the utmost sensitive and confidential information of VIT.

Request No. 19 – this request seeks information related to subsidizing drayage costs. Again, operational issues would not be a matter for which VPA has independent knowledge separate from information furnished by VIT and, particularly, the drayage information and rates of VIT is of the utmost sensitive and confidential information of VIT.

In addition to topics that cover subject matter exclusively belonging to VIT, Topic Nos. 6, 7, 10, 12, 15, and 18 also cover information that may contain VIT's confidential and proprietary information. To the extent that Norfolk Southern is only seeking VPA's information

as part of Topic Nos. 6, 7, 10, 12, 15, and 18, VIT has no objection. To the extent the topics and deposition questions are construed as asking for VIT's confidential and proprietary information regarding its operations of various terminals, VIT also objects and seeks to quash these requests.

VIT has no objection and does not seek to quash the Subpoena in its entirety. VIT only seeks to protect its confidential and proprietary information that is within the knowledge of VPA. The Subpoena should be quashed to the extent it seeks VIT's confidential and proprietary information or the Court should issue a protective order that otherwise protects VIT from the disclosure of such information.

## CONCLUSION

Accordingly, VIT requests that the Subpoena be quashed or modified as outlined above or, alternatively, for the Court to issue a protective order that protects VIT from the disclosure of such information during the deposition of VPA's corporate representative, and for any other relief that the Court deems just and appropriate.

Dated: March 20, 2020

VIRGINIA INTERNATIONAL TERMINALS, LLC

By:    /s/ Edward J. Powers  
Of Counsel

Edward J. Powers (VSB No. 32146)  
500 World Trade Center  
Norfolk, VA 23510  
757.446.8600-telephone  
757.446.8670-fascimile  
EPowers@vanblacklaw.com  
*Counsel for Virginia International Terminals, LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that on Friday, March 20, 2020, a true and accurate copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                /s/ Edward J. Powers