**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

        Plaintiff,

v.                                Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

        Defendants.

_____/

**CSX TRANSPORTATION INC.'S MEMORANDUM IN RESPONSE**
**TO NORFOLK SOUTHERN RAILWAY COMPANY'S MOTION TO SEAL**

Plaintiff CSX Transportation, Inc. ("CSXT"), by counsel, pursuant to Local Civil Rule 5(C) and Local Civil Rule 7(F), hereby submits this Memorandum in Response to the Motion to File Documents Under Seal filed by Defendant Norfolk Southern Railway Company ("NS"). *See* ECF No. 168. CSXT has no objection to NS's Motion to Seal, and joins in its request that NS be permitted to file an unredacted version of its Brief in Support of NS's Motion to Compel (*see* ECF Nos. 166 and 167) and certain Exhibits to that Brief, under seal. In support thereof, CSXT states as follows:

**INTRODUCTION**

On May 13, 2020, NS filed its Motion to File Documents Under Seal, requesting that portions of its Brief in Support of its Motion to Compel the Production of Documents, ECF No. 167 ("Brief in Support"), and certain accompanying Exhibits be maintained under seal by the Clerk of this Court, pending further order of the Court. *See* ECF No. 168. With the Motion, NS filed a

1

Memorandum in Support (ECF No. 169), and a Notice (ECF No. 171), in accordance with Local Rule 5.  As NS made clear, the portions of its Brief and Exhibits designated for sealing "contain and/or reference information that CSXT has indicated is "Confidential" or "Confidential – Attorneys Eyes Only" under the Stipulated Protective Order entered in this matter."  ECF No. 168.

Pursuant to the Stipulated Protective Order, CSXT designated documents and deposition testimony in this matter as "Confidential" if the documents or testimony contained "confidential, non-public financial, sales, marketing, customer or cost/pricing information, and confidential and proprietary internal business, strategic planning, or tactical information, as well as any other information or record that the Producing Party believes in good faith must or may be protected from disclosure."  ECF No. 79, ¶ 2.  Similarly, CSXT designated documents and deposition testimony as "Confidential – Attorneys' Eyes Only" if the material qualified for designation as "Confidential" and if disclosure to the Parties "would create a substantial risk of serious injury" to CSXT.  *Id.*

CSXT reviewed the portions of the Brief and Exhibits NS asks the Court to seal ("the Sealed Materials") that consist of, or relate to, documents or information CSXT designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order.  CSXT seeks to have the unredacted version of NS's Brief in Support and the Exhibits permanently filed under seal.  For these documents, permanent sealing is necessary to protect against the prejudice to CSXT that would result from public disclosure.  The Sealed Materials include pages 5, 13–14, and 16–18 of NS's Brief in Support and Exhibits 1, 2, 7, 8, 9, and 10 to the Brief in Support.

As discussed below, these portions of NS's Brief in Support and the Exhibits contain non-public, commercially sensitive information.  This information relates directly to CSXT's internal

strategy and business decisions relating to the Port of Virginia and Defendant Norfolk and Portsmouth Beltline Railroad Company ("NPBL").  In an antitrust case such as this, the protection of this information is of special importance.  Indeed, it is critical that CSXT shield this information from the Defendants in this case, its customers, entities with whom CSXT has business relationships, and the public at large.   Further, the Sealed Materials contain confidential and proprietary information relating to privileged and confidential communications.  CSXT therefore has legitimate interests warranting an order granting the sealing of the unredacted Brief in Support, and Exhibits 1, 2, and 7–10 to the Brief, and respectfully asks this Court to restrict access accordingly.

## LEGAL STANDARD

The common law right of the public to inspect judicial records and documents is not absolute.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978).  This right of access may be outweighed by competing interests, including the prevention of harm that may result if a litigant's confidential business information or trade secrets were disclosed to the public.  *See id.* Under those circumstances, courts may allow parties to file certain materials under seal.  Before sealing, a district court must (1) afford any interested parties the opportunity to be heard, (2) state the reasons for its decision to seal, and (3) state the reasons for rejecting any alternatives to sealing. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000); *see also In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *Kettler Int'l, Inc. v. Starbucks Corp.*, Civil Action No. 2:14cv189, 2015 U.S. Dist. LEXIS 1486, at *2–4 (E.D. Va. Jan. 5, 2015) (Morgan, J.) (granting motion to seal "confidential business information").

**ARGUMENT**

The Court should permanently seal the Sealed Materials because NS has satisfied all three *Ashcraft* conditions.  The public has notice of the Motion to Seal, through NS's Notice filing on the Court's public docket.  *See* ECF No. 171.  There are no less drastic alternatives because the information contained within the Sealed Materials is comprised of CSXT's confidential information.  The request is narrowly tailored to small portions of the Brief in Support and a limited number of Exhibits.  And, the public release of such information poses a serious risk of harm to CSXT.  The attached Proposed Order also details why the Brief and Exhibits at issue contain CSXT's confidential and highly sensitive business information, in compliance with Local Civil Rule 5(C).

## I.      **All Interested Parties Will Be Heard.**

All interested parties, including the general public, have been afforded the opportunity to be heard with respect to the Sealed Materials.  On May 13, 2020, NS filed a Notice indicating its Motion to Seal was filed.  *See* ECF No. 171.  As Local Civil Rule 5(C) contemplates, this Notice informs "any person objecting to the motion" that they may file an objection to that effect with Clerk.  E.D. Va. L.R. 5(C).  The first *Ashcraft* requirement is therefore satisfied.

## II.     **No Less Drastic Alternatives.**

There is no less drastic alternative to sealing in this instance.  NS filed a redacted version of the Brief in Support and seeks to seal the unredacted version and six Exhibits.  These documents include CSXT's confidential information that should not be disclosed to the public, and in certain instances, highly sensitive confidential information that should not be made available to the Defendants in this action.  NS's Brief in Support of its Motion to Compel discusses and characterizes the substance of the testimony of CSXT's in-house counsel, Steven Armbrust, and his internal communications.  The Exhibits do the same, and include excerpts of deposition

4

testimony, internal CSXT e-mails, as well as portions of CSXT's privilege log.   The Sealed Materials therefore describe non-public information, detailing internal business, strategic planning, and tactical information, designated "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order.   NS's redactions are limited in scope, to the sections of its Brief in Support memorializing the Exhibits it seeks to seal.   The Exhibits consist of documents containing commercially sensitive information, or summaries of such information. Redactions of these Exhibits would be impossible and render them meaningless.

The second *Ashcraft* factor is met where it is not feasible to redact substantial portions of a memorandum or exhibit.  *See Guerrero v. Deane*, No. 1:09cv1313 (JCC/TRJ), 2012 U.S. Dist. LEXIS 125422, at *6–7 (E.D. Va. Sep. 4, 2012) (finding it was "inappropriate to sub-divide the exhibits or order extensive redactions that would render the exhibits indecipherable").   This is not a wide-ranging sealing for all of CSXT's documents.   Rather, NS has properly sought protection for materials that are truly non-public, proprietary, and commercially sensitive.   As the public disclosure of these materials would risk both injury to CSXT and its competitive position, there is no less restrictive alternative to the targeted sealing sought by NS here.

### III.   The Non-Public, Proprietary, and Commercially Sensitive Information Warrants Sealing.

Courts routinely seal documents that contain a party's confidential and commercially sensitive internal business information.  *See Kettler Int'l, Inc.*, 2015 U.S. Dist. LEXIS 1486, at *4. For example, confidential commercial information, trade secrets, and financial information are "typically sealed by this Court."   *Id.*   (citations omitted).   As explained below, NS's Brief in Support, and the six Exhibits contain CSXT's internal, sensitive business information not ordinarily subject to public disclosure.   Moreover, nothing within these documents would "enhance the public's understanding of an important historical event."  *In re Knight*, 743 F.2d at

5

235 (citing *Nixon*, 435 U.S. at 597–608).  The non-public information contained in NS's Brief in Support and these exhibits is commercially sensitive, and sealing is warranted.

### a.    Deposition Testimony of Steve Armbrust

Exhibit 1, excerpts from the deposition testimony of Steven Armbrust, should remain under seal as it reveals sensitive and non-public CSXT strategy on critical topics relating to NPBL, and it reveals information regarding the rates and workings of NPBL.  Likewise, page 5 of NS's Brief in Support contains a discussion of Mr. Armbrust's deposition testimony.  Public disclosure of this information would harm CSXT, and possibly NPBL and its shareholders, by revealing details about rates and business strategy to its competitors and customers.

Courts have granted motions to seal similar information about a party's business strategies and commercial information.  *See, e.g., Intelligent Verification Sys., LLC v. Microsoft Corp.*, Civil Action No. 2:12-cv-525-AWA-LRL, 2014 U.S. Dist. LEXIS 197060, at *3–4 (E.D. Va. Dec. 22, 2014) (granting motion to seal where "the information Microsoft seeks to file under seal is sensitive business information and Microsoft's competitive position might be impaired if this information is disclosed to the public at large").  CSXT designated the majority of Mr. Armbrust's testimony contained in Exhibit 1 as "Confidential" under the Stipulated Protective Order, as it contains references to the operations of NPBL, contracts, business terms, and non-public business strategies and practices.  Therefore, Exhibit 1 should remain under full seal, and the related portions of NS's Brief in Support should remain redacted.

### b.    Correspondence from Counsel for NS

Exhibit 2 is correspondence from counsel for NS to counsel for CSXT, describing multiple documents and summarizing the content of each.  Sealing is appropriate here, where the content of each document contains business strategy, financial information, or relates to contractual negotiations.  For instance, certain summaries relate to NPBL's budget, switching rates, and a draft

agreement between CSXT and NPBL.  With respect to this letter, competitively sensitive and nonpublic information pervades the entire document, and it should remain under full seal.

### c.      Confidential Business Strategy E-mails

Exhibits 7 and 8 contain non-public, internal CSXT e-mail communications relating to a CSXT customer and highly sensitive commercial business strategy.  Likewise, the discussion of these Exhibits in pages 13 and 14 of NS's Brief in Support relates to the content of these Exhibits. Exhibit 7 is designated as "Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order.  The public disclosure of this information would harm CSXT because it would undercut the protections of the Stipulated Protective Order entered in this matter.  And, in an antitrust case such as this one, the protection of this information is critical.  Disclosure would reveal details about CSXT's customer and business relationships and competitive strategy not only to Defendants, but also to other customers and the general public.  As discussed above, sealing is appropriate if the release of information would impair CSXT's competitive position.  Exhibits 7 and 8 contain sensitive business information, and the release of that information would harm CSXT.  Accordingly, Exhibits 7 and 8, and the discussion of those exhibits in the Brief in Support, should remain under seal.

### d.      Redaction and Privilege Log Spreadsheets Referencing Communications

Exhibits 9 and 10 are spreadsheets containing a summary of redacted documents and a summary of privileged documents, respectively.  Pages 16 through 18 of NS's Brief in Support include the summary of the contents of certain documents referenced in Exhibits 9 and 10.  This information should remain under seal.  There is no public interest in access to this information, where the documents memorialize and identify internal CSXT communications regarding, for example, contract negotiations, business strategy, NPBL operations, and CSXT's relationship with the Port of Virginia.  Conversely, the public disclosure of this information would harm CSXT by

revealing intimate details about the company's strategic plans, including to companies with whom CSXT competes and to companies with whom CSXT negotiates on the very topics referenced in the exhibits.  These Exhibits, and the references to them in the Brief in Support, should remain under seal.

## CONCLUSION

The materials NS seeks to seal are truly non-public, proprietary, and commercially sensitive.  There is no countervailing public interest in the disclosure of these materials.  Rather, the materials are not accessible to the public, they do not contain information of historical importance, and public disclosure would risk injury to CSXT and its competitive position.

For the foregoing reasons, CSXT respectfully requests that the Court enter an Order granting NS's Motion to the extent consistent with the proposed sealing set forth above and in the Proposed Order filed herewith as **Exhibit A**.

Dated:  May 20, 2020                           Respectfully submitted,

                                               **CSX TRANSPORTATION, INC.**
                                               *By Counsel*

                                               */s/ Robert W. McFarland*
                                               Robert W. McFarland (VSB No. 24021)
                                               Benjamin L. Hatch (VSB No. 70116)
                                               Jeanne E. Noonan (VSB No. 87863)
                                               V. Kathleen Dougherty (VSB No. 77294)
                                               MCGUIREWOODS LLP
                                               World Trade Center
                                               101 West Main Street, Suite 9000
                                               Norfolk, Virginia  23510-1655
                                               Telephone: (757) 640-3716
                                               Facsimile:  (757) 640-3930
                                               E-mail: rmcfarland@mcguirewoods.com
                                               E-mail: bhatch@mcguirewoods.com
                                               E-mail: jnoonan@mcguirewoods.com
                                               E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 20th day of May, 2020, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

/s/ Robert W. McFarland
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
V. Kathleen Dougherty (VSB No. 77294)
McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com
