# EXHIBIT D

McGuireWoods LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
Phone: 757.640.3700
Fax: 775.640.3701
www.mcguirewoods.com

Benjamin L. Hatch
Direct: 757.640.3727

**M**c**GUIRE WOODS**

bhatch@mcguirewoods.com
Fax: 757.640.3947

January 15, 2020

**VIA ELECTRONIC MAIL**

Michael E. Lacy
Troutman Sanders LLP
1001 Haxall Point, 15th Floor
Richmond, VA 23219

Monica McCarroll
Redgrave LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151

> Re:   *CSX Transportation, Inc. v. Norfolk Southern Railway Co.*, No. 2:18-cv-530

Dear Michael:

I write in response to your letter dated January 10, 2020, following discussions with our client, CSX Transportation, Inc. ("CSXT").  As you mentioned at the close of your letter, scheduling a call to discuss these issues within the next week may be beneficial.

**Document Production Timing**

CSXT plans to make another document production this week.  With respect to an anticipated production schedule, we are in the process of reviewing and continuing to test the additional search terms raised by your client, Norfolk Southern Railway Company ("NSR"), as discussed during the meet and confer.  Absent additional document and search term requests, and provided that we are able to swiftly reach an agreement regarding geographic limiters and other search terms to be applied to custodial and non-custodial ESI, CSXT anticipates substantially completing its document production by the last week in February.

**Search Terms**

In your January 10 letter, you did not address the proposal discussed during the parties' January 3, 2020 meet-and-confer call, and also outlined in my January 6, 2019 letter, to reach an agreement regarding the "geographic limitation" search terms to be applied by the parties to

January 14, 2020
Page 2

custodial ESI.  Please confirm whether NSR will agree to initially limit the geographical scope of the search terms applied to custodial ESI to certain Port of Virginia facilities (specifically NIT, VIG, and PMT), and to initially produce non-custodial data or reports for an agreed list of additional port and terminal locations beyond NIT, VIG, and PMT.  Prompt resolution of this issue is critical, as it may significantly alter the scope of the parties' review and production, including in connection with many of the items discussed below.

With respect to the remaining search term issues, CSXT responds as follows:

- CSXT has added the terms "Norfolk International Terminal," "Virginia International Gateway," and "Portsmouth Marine Terminal" to each of its search terms containing geographical limiters (e.g., dray* AND (Virginia or "Hampton Roads" or VA or NIT or VIG or PMT or "Norfolk International Terminal" or "Virginia International Gateway" or "Portsmouth Marine Terminal")).

- CSXT has included in its list of search terms the expanders and connectors proposed by NSR in its December 19, 2019 comments to CSXT's initial search terms, including "Carolina Junct*" and "NS Junct*".  Thank you for agreeing to also test the terms "Carolina Junct*" and "NS Junct*".  If you have concerns about adding these terms to NSR's list of search terms following testing, please let us know.

- CSXT has tested the common misspellings of customer names that NSR proposed in its December 19 comments, and it will add the small number of resulting unique hits into its review.  To be clear, CSXT's position is that NSR should also apply search terms to its custodial ESI that are specifically designed to target customer-related documents and communications in response to CSXT's RFPs 24, 27, 28, 31, and 37.  In your January 10 letter, you agreed that NSR will "use the previously identified search terms, as well as any additional agreed-upon search terms, to search for responsive documents from the agreed-upon custodians" in response to these Requests.  CSXT does not believe that any of the search terms identified by NSR on November 26, 2019 sufficiently target the requested documents and information.  Please explain how NSR's current search terms address these Requests, or identify the additional terms that you propose applying to address them.  Assuming that NSR identifies additional search terms that incorporate customer names—which we believe will be necessary for NSR to sufficiently capture responsive documents—we expect that NSR will also test common misspellings of customer names and incorporate any resulting unique hits into its review population.

- With respect to NSR's RFP Nos. 47, 52, 53, and 58, we can confirm that responsive documents are being returned by the search terms cited in footnote 2 of your January 10 letter.  As you note in your letter, if, upon review of CSXT's productions, NSR would like to propose additional terms to further target these

January 14, 2020
Page 3

Requests, CSXT would be happy to address NSR's proposals in accordance with the parties' agreed ESI Order. As discussed above, adding additional search terms would necessarily extend the date by which CSXT will be able to substantially complete its production.

- CSXT is standing on its objections to NSR's RFP No. 83. CSXT is willing to discuss the scope of RFP No. 83 with NSR at a mutually agreeable time.

- Your January 10 letter did not address NSR's position with respect to the limiting phrase "NOT Chicago" in conjunction with NSR's Beltline-related search terms. Please provide your position on this issue.

## NSR's Responses to CSXT's Requests

With respect to NSR's responses and objections to Requests for Production No. 24, 26, 27, 28, 29, 30, 31, 33, 34, and 37 in CSXT's First Set of Requests for Production of Documents, CSXT responds to the proposals outlined in your January 10 letter as follows:

- RFP No. 24 – CSXT appreciates NSR's agreement, in connection with CSXT's RFP No. 24, to search for and produce responsive customer contracts and to use the previously identified search terms, as well as any additional agreed-upon search terms, to search for responsive documents from the agreed-upon custodians. CSXT will follow the same approach with respect to NSR's RFP No. 39. As explained above, CSXT believes that NSR will need to apply search terms beyond those previously identified in order to target the specific documents requested by CSXT. Please advise as to the additional terms NSR intends to apply to target the requested documents as soon as possible.

- RFP No. 26 – CSXT agrees that the protocol for NSR's response to CSXT's RFP No. 26 will also apply to CSXT's response to RFP No. 1 in NSR's Second Set of Requests for Production.

- RFP No. 27, 28, and 39 – CSXT appreciates NSR's agreement, in connection with CSXT's RFP No. 27, 28, and 39, to search for and produce responsive documents from non-custodial sources and to use the previously identified search terms, as well as any additional agreed-upon search terms, to search for responsive documents from the agreed-upon custodians. CSXT will follow the same approach with respect to NSR's RFP No. 31, 32, 46-48, 55, and 64-67. As explained above, CSXT believes that NSR will need to apply search terms other than those it has previously identified in order to target the specific documents requested by CSXT. Please advise as to the additional terms NSR intends to apply to target the requested documents as soon as possible.[1]

---

[1] We note that CSXT's RFP No. 29 was not addressed in your January 10 letter. If this was an inadvertent oversight, CSXT is amenable to handling CSXT's RFP No. 29 and NSR's RFP No. 64 in the

January 14, 2020
Page 4

- RFP No. 30 – Counsel for NSR indicated it would continue to stand on its objections to RFP No. 30.   As this has been the topic of a meet-and-confer and subsequent letter correspondence, this letter serves as notice that CSXT has in good faith conferred with NSR in compliance with Fed. R. Civ. P. 37(a)(1) and Local Rule 37(E).

- RFP No. 31 – NSR has agreed to search for and produce responsive documents from noncustodial sources and use the previously identified search terms, as well as any additional agreed-upon search terms, to search for responsive documents from the agreed-upon custodians.  NSR requests that CSXT do the same with respect to RFP No. 2 in NSR's Second Set of Requests for Production.  However, NSR's RFP No. 2 asks for "a data file showing the movement of each intermodal shipping container that passed through NIT, VIG, or PMT. . .".  As these requests are not similar, CSXT will not agree to NSR's proposal.  CSXT remains willing to discuss the scope of these requests further.

- RFP No. 33 – NSR indicates it is standing on its objections, and it is CSXT's position that this is highly relevant information.  As this has been the topic of a meet-and-confer and subsequent letter correspondence, this letter serves as notice that CSXT has in good faith conferred with NSR in compliance with Fed. R. Civ. P. 37(a)(1) and Local Rule 37(E).

- RFP No. 34 – Agreed.

We are available to discuss these issues as early as this Friday, January 17th, and we are also available between January 20 and 22nd. With best wishes, I am

Sincerely yours,

FOR

Benjamin L. Hatch

BLH/mgm
cc (by email only):    Alan Wingfield, Troutman Sanders
Liz Flowers, Troutman Sanders
John Lynch, Troutman Sanders
Rob McFarland, McGuireWoods
J. Brent Justus, McGuireWoods
Ashley Peterson, McGuireWoods
Jeanne Noonan, McGuireWoods

---

same fashion described in this paragraph.  If NSR intentionally omitted discussion of CSXT's RFP No. 29, please advise as to your position on this Request.