UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., individually and on behalf of NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY, | ) ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | No. 2:18-cv-530-MSD-LRL |
| NORFOLK SOUTHERN RAILWAY COMPANY, *et al.*, | ) ) ) | |
| *Defendants*. | ) | |

**ORDER**

This matter comes before the Court pursuant to Local Rule 5 and Defendant Norfolk Southern Railway Company's ("NSR") Motion to Seal portions of its unredacted Reply in Support of its Motion to Compel Plaintiff CSX Transportation, Inc. ("CSXT") to produce documents it withheld as wholly or partially privileged, together with the exhibits to such Reply, because they contain and/or reference information that CSXT has indicated is "Confidential" or "Confidential – Attorneys Eyes Only" under the Stipulated Protective Order entered in this matter. ECF No. 79.

Before this Court may seal documents, it must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted).

In compliance with Local Rule 5 and *Ashcraft*, NSR provided public notice of this motion by filing an appropriate Notice with the Court. In support of sealing, NSR argued that its

unredacted Memorandum in Support of Motion to Compel and Exhibits contain highly confidential and sensitive information relating to CSXT's transportation and shipping practices, and other highly confidential, proprietary, and sensitive business information, release of which would harm CSXT. There are no less drastic alternatives to sealing because the documents are redacted such that only information designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS EYES ONLY" has been redacted. NSR also filed a redacted version of its Reply in Support of Motion to Compel. Given the nature of the confidential information contained therein, redaction of the Exhibits is impractical.

Based on the foregoing, the Court **FINDS** that the information at issue constitutes confidential and proprietary information and that less drastic alternatives to sealing NSR's unredacted Reply in Support of its Motion to Compel and unredacted Exhibits are not feasible.

Accordingly, the Court **GRANTS** NSR's Motion to Seal and **ORDERS** that NSR's unredacted Reply in Support of its Motion to Compel and unredacted Exhibits to NSR's Reply in Support of its Motion to Compel shall be maintained under seal by the Clerk pending further order of the Court. The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia

Date: _____

Lawrence R. Leonard
United States Magistrate Judge