**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| CSX TRANSPORTATION, INC., )<br>individually and on behalf of NORFOLK )<br>& PORTSMOUTH BELT LINE )<br>RAILROAD COMPANY, )<br>     )<br>            *Plaintiff*, )<br>     )<br>v.                  )     No. 2:18-cv-530-MSD-LRL<br>     )<br>NORFOLK SOUTHERN RAILWAY )<br>COMPANY, *et al.*, )<br>     )<br>            *Defendants*. ) | |

**NORFOLK SOUTHERN RAILWAY COMPANY'S**
**MEMORANDUM IN SUPPORT OF MOTION TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Civil Rule 5, Defendant Norfolk Southern Railway Company ("NSR"), by counsel, respectfully submits this Memorandum in Support of its Motion to Seal portions of its unredacted Reply in Support of its Motion to Compel Plaintiff CSX Transportation, Inc. ("CSXT") to produce documents it has improperly withheld as wholly or partially privileged, together with the exhibits to such Reply, because they contain and/or reference information that CSXT has indicated is "Confidential" or "Confidential – Attorneys Eyes Only" under the Stipulated Protective Order entered in this matter. ECF No. 79, ¶ 16.

### I.     BACKGROUND

On May 13, 2020, NSR filed a Motion to Compel CSXT to produce documents of Steven Armbrust ("Armbrust") that it improperly withheld as wholly or partially privileged. ECF No. 166. Armbrust, one of CSXT's in-house counsel, is a central figure in this case due to his involvement in CSXT's intermodal operations and joint facilities operations and his appointment

by CSXT to the Board of Directors of Defendant Norfolk & Portsmouth Beltline Railway Company ("NPBL") during the timeframe of many of CSXT's allegations in this case. *See* Compl. ¶¶ 47, 87 (discussing NPBL sale of property and consideration of CSXT's 2010 rate proposal). Despite Armbrust's non-legal roles, CSXT has withheld or redacted hundreds of emails involving Armbrust based on the attorney-client privilege. NSR filed a motion seeking these emails because, while they may be "Confidential" or even "Confidential – Attorneys Eyes Only," they do not facially appear to meet the standard for privilege. CSXT filed its Opposition to NSR's Motion to Compel on May 27, 2020. ECF No. 176. NSR is now contemporaneously filing its Reply in Support of its Motion to Compel. However, since NSR is referring to and requesting emails that CSXT has indicated are confidential, NSR requests that its unredacted Reply in Support of its Motion to Compel and attachments be sealed in accordance with the Protective Order in this case.

## II.  ARGUMENT

The Fourth Circuit has established both substantive and procedural requirements that a district court must follow in reviewing a motion to seal materials or testimony. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court must determine the source of the public's right to access and then weigh the appropriate competing interests. *Id*. Procedurally, the district court must: (a) provide notice to the public and give the public an opportunity to object to the sealing, (b) consider less drastic alternatives to sealing, and (c) provide specific findings in support of the decision to seal and the rejection of alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). These prerequisites are satisfied here.

### A.  Sources for public's right of access

The right of the public to access documents or materials filed in a district court derives from two sources – the common law and the First Amendment. *Washington Post*, 386 F.3d at 575.

While the common law recognizes a general right to inspect and copy public records and documents, including judicial records and documents, that right is not absolute and courts may properly deny access to court records and files where such access "might become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). Whether to allow access to court records under the common law right of public access is "left to the sound discretion of the court . . . in light of the relevant facts and circumstances of the particular case." *Id*. at 598.

In particular, "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Id*. Thus, the common law presumption of common law access to all judicial records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The Court must weigh the competing public and private interests to determine if the party seeking to overcome the common law presumption in favor of public access has met its burden of showing "some significant interest that outweighs the presumption." *Id*. A corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records." *Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

In contrast, the First Amendment to the U.S. Constitution presumes a public right to access only particular judicial records and documents. *Washington Post*, 386 F.3d at 575. While the common law right of access attaches to all judicial records and documents, the First Amendment guarantee of access to civil court proceedings extends only to trial proceedings and to dispositive motions and hearings. *See id.* at 576.

Here, NSR seeks to seal documents produced by CSXT or referenced on CSXT's privilege log that are the subject of NSR's Motion to Compel. By virtue of withholding or redacting all of these documents based on an assertion of privilege, CSXT has indicated that all of these documents contain confidential information. Additionally, CSXT has designated some of the unredacted portions of the documents as Attorney's Eyes Only. Accordingly, under the Protective Order, NSR now seeks the sealing of the confidential documents filed with the Court. Because the materials that NSR seeks to seal have been filed in connection with a non-dispositive motion, only the common law right of access to judicial records applies.

### B. Public notice

NSR has filed a Notice of this Motion to be docketed by the Clerk, which will provide the public with an opportunity to bring objections, if any, to sealing the Confidential Documents. The Court does not need to provide individual notice to the public of each document that is to be sealed. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) ("[W]e believe individual notice is unwarranted."). It is sufficient to docket the notice "reasonably in advance of deciding the issue." *Id.*

### C. Less drastic alternatives

NSR requests sealing of the Confidential Documents because CSXT has indicated the documents contain confidential information subject to the disclosure restrictions set forth in this Court's Protective Order. ECF No. 79. Specifically, the confidential documents include extensive email correspondence between CSXT's internal team related to business decisions regarding competition at the Port of Virginia and/or interaction with co-defendant NPBL.

Sealing these documents is necessary to avoid the public disclosure of information CSXT has indicated is confidential because no procedure other than filing under seal will be sufficient to

4

preserve the confidentiality of the information. *See, e.g.*, *Walker Sys., Inc. v. Hubbell Inc.*, 188 F.R.D. 428, 429 (S.D.W. Va. 1999) ("Where . . . the information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders [to seal] should be granted, especially in cases between direct competitors." (citing *Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995) and Fed. R. Civ. P. 26(c))). A redacted version of NSR's Reply in Support of its Motion to Compel has been publicly filed. *See* ECF No. 167. Thus, NSR's request is narrowly tailored.

   **D.**  **Specific Findings**

As stated above, NSR has represented that the confidential documents, which have been appropriately marked and filed under seal pending the resolution of NSR's Motion to Compel, contain confidential and sensitive business information relating to CSXT. As recognized by Fed. R. Civ. P. 26(c) and caselaw, it is appropriate for federal courts to protect the confidentiality of information such as that referenced in these documents, and there is no competing interest which would justify disclosure of this information.

Furthermore, no evidence exists to suggest that the public has already had access to the information sought to be filed under seal. Nor is there any showing that the facts and claims at issue concern or rise to the level of "important historical events." Absent information to the contrary, the parties' desire to protect sensitive information outweighs the public's common law right to access judicial documents, thereby justifying sealing the confidential documents at issue in this motion.

Given the confidential nature of the documents and the necessity of filing those documents with the Court, there is no alternative other than filing under seal that will protect such information

from disclosure to the public. The confidential and sensitive nature of these documents outweighs the public's right of access to judicial records in this case. NSR therefore seeks the sealing of the confidential documents pursuant to Local Civil Rule 5.

### III. CONCLUSION

For the foregoing reasons, NSR respectfully requests that the Court grant its motion to seal and enter the attached proposed Order providing for the sealing of these documents.

Date: June 2, 2020

Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

/s/Michael E. Lacy
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7759
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: Kathleen.knudsen@troutman.com

Monica McCarroll (VSB No. 45622)
REDGRAVE LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151
Telephone: (703) 592-1155

          Facsimile: (703) 230-9859
          Email: mmccarroll@redgravellp.com

         *Counsel for Norfolk Southern Railway Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2020, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which sent a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service, including:

Robert W. McFarland, Esq.
Benjamin L. Hatch, Esq.
E. Rebecca Gantt, Esq.
McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
rmcfarland@mcguirewoods.com
bhatch@mcguirewoods.com
rgantt@mcguirewoods.com

*Attorneys for CSX Transportation, Inc.*

James L. Chapman, IV, Esq.
W. Ryan Snow, Esq.
Darius K. Davenport, Esq.
David C. Hartnett, Esq.
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com

*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

/s/Michael E. Lacy
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

42193207