IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORFOLK SOUTHERN RAILWAY )<br>COMPANY, *et al.*, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 2:18cv530 |

## ORDER

Presently pending before the Court are four discovery motions filed by either Defendant Norfolk Southern Railway Company ("Norfolk Southern") or by Interested Party Virginia International Terminals, LLC ("VIT"): Norfolk Southern Motion to Compel Depositions of Plaintiff CSX Transportation, Inc.'s ("CSX") Deponents, ECF No. 152 filed on March 13, 2020; VIT's Motion to Quash [Defendant] Norfolk & Portsmouth Belt Line Railway Company's ("NPBL") Subpoena Duces Tecum, ECF No. 155 filed on March 16, 2020; VIT's Motion to Quash Norfolk Southern's deposition subpoena, ECF No. 163 filed on March 20, 2020; and Norfolk Southern's Motion to Compel Production of documents from CSX, ECF No. 166 filed on April 17, 2020.

The Court has previously granted three joint motions to stay this case for thirty days filed by the parties. *See* ECF Nos. 160, 165 and 173 granting ECF Nos. 157, 164 and 172. In their last two joint motions, filed on April 16, 2020 and May 18, 2020, the parties requested "that they may continue supplementations, conferrals, and motions practice regarding written fact discovery,

1

document discovery, and third-party discovery not requiring in-person activity." ECF Nos. 164 at 3 and 172 at 4. The Parties also advised that they "remain available for video and/or telephonic hearings with the Court regarding pending motions." *Id.* In granting the motions on April 17, 2020 and May 20, 2020, the Court ordered that, during the period of the stay, "the Parties may continue supplementations, conferrals, and motions practice regarding written fact discovery, document discovery, and third-party discovery not requiring in-person activity, and may participate in any telephonic hearings scheduled by the Court." ECF Nos. 165 at 1 and 173 at 1. However, despite the Court's Orders, issued at the parties' joint request, only Norfolk Southern's Motion to Compel Production of documents from CSX, ECF No. 166, has been responded to, and is fully briefed.

Ordinarily, the failure to respond to a discovery motion is sufficient grounds to treat the motion as uncontested. *See e.g., Nieves v. Rreal Image, Inc.*, Civil Action No. 1:19-cv-1333 (TSE/TCB), 2020 U.S. Dist. LEXIS 97839, at *3 (E.D. Va. May 15, 2020). However, given that in this situation each party remaining on the case failed to respond to the motion directed towards them, it may be that the parties had a mutual understanding that for some reason, despite the Court's Orders, briefing on the motions would not go forward. This assumption is undermined by the fact that Norfolk Southern's Motion to Compel Production of Documents from CSX, ECF No. 166, was fully briefed. Alternatively, the parties may have resolved each of the discovery disputes after the motions were filed, but then the proper procedure would have been to file Notices withdrawing the discovery motions, and that has not occurred.

Consequently, the parties are **ORDERED** to show cause, within seven days of the date of this Order, why the afore-referenced Motions, ECF Nos. 152, 155 and 163, were not responded to as contemplated by this Court's prior Orders.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 8, 2020

3