**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

       Plaintiff,

v.                             Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

       Defendants.

_____/

**<u>JOINT MOTION TO CONTINUE STAY DUE TO COVID-19</u>**

Plaintiff CSX Transportation, Inc. ("CSXT"), and Defendants Norfolk Southern Railway

Company ("NS"), and Norfolk & Portsmouth Belt Line Railroad Company ("NPBL")

(collectively, the "Parties"), by counsel, and pursuant to Rule 16(b)(4) of the Federal Rules of Civil

Procedure, hereby jointly move this Court to continue the stay in this case until July 20, 2020, due

to the impact of COVID-19 on the United States.  The Parties also request a status conference with

the Court on a mutually convenient date after June 22, 2020, to discuss the progress and status of

this action, and whether resetting the trial date and corresponding dates is appropriate at this time.

In support of this Motion, the Parties respectfully state:

1.      On March 17, 2020, the Parties moved the Court to stay the case and vacate the

pending deadlines, including trial, established by the Court's Scheduling Order of October 25,

2019.  *See* ECF Nos. 157, 78.

2.     Although certain discovery was complete as of March 17, 2020, the Parties were coordinating and making arrangements to conduct depositions across the country, including in Georgia, Florida, Texas, and Virginia, between March 18, 2020 and March 31, 2020.

3.     Due to the coronavirus and COVID-19 pandemic, certain of the Parties and their counsels' law firms imposed travel restrictions on their employees and visitation bans as to non-employees until further notice.  As of the date of this Motion, these restrictions and bans are still in place.

4.     In addition, the Court also entered several General Orders, postponing and continuing all civil in-person proceedings through June 10, 2020, and extending certain filing deadlines.  *See* General Orders 2020-7, 2020-12.

5.     By Order dated March 19, 2020, the Court stayed the case for thirty (30) days and vacated all existing deadlines, including trial, pending rescheduling.  *See* ECF No. 160.  The Parties were directed to submit a status report to the Court with recommendations and a request for a telephonic status conference with the Court on or before April 16, 2010.  *See id.*

6.     Twice thereafter the Parties requested, and the Court granted, an additional thirty (30) day stay based on existing conditions due to the impact of COVID-19, with the most recent stay expiring on June 18, 2020.  *See* ECF Nos. 164, 173.

7.     Since the Court issued the initial stay, the national and statewide COVID-19 situation worsened.  On March 19, 2020, there were 13,865 reported cases of COVID-19 in the United States with 206 reported deaths.  As of June 15, 2020, the United States has had nearly 2,200,000 reported cases of COVID-19 with over 118,000 deaths. [1]

---

[1] United States: Coronavirus Cases, WorldoMeter,
    https://www.worldometers.info/coronavirus/country/us/ (last visited June 15, 2020).

8.    Unsurprisingly, states across the country, including where counsel reside, took stringent measures to limit the spread of the pandemic, including Virginia Governor Ralph Northam's Executive Order No. 55 on March 30, 2020, "direct[ing] all Virginians to stay home except in extremely limited circumstances," such as seeking medical attention or obtaining goods or services like groceries or prescriptions.[2]  This Stay at Home Order was set to be effective through June 10, 2020, unless rescinded earlier.

9.    Subsequently, Governor Northam issued Executive Order 61, allowing Virginia to enter into Phase One on May 15, 2020.  However, on May 14, 2020, Governor Northam issued Executive Order 62 delaying the City of Richmond and the County of Accomack from entering into Phase One for an additional two weeks.[3]

10.    Most recently, Governor Northam issued Executive Order 65, allowing most of Virginia to enter into Phase Two as of June 5, 2020.[4]  Richmond and Northern Virginia stayed in Phase One for an additional week until June 12, 2020.  Under Phase Two guidance, counsel have "continued teleworking, whenever possible," and the offices for most of the parties and their counsel remained closed.

---

[2] *See Governor Northam Issues Statewide Stay at Home Order*, Office of the Governor (Mar. 30, 2020),   https://www.governor.virginia.gov/newsroom/all-releases/2020/march/headline-855702-en.html.

[3] *See* Executive Order 62, Jurisdictions Temporarily Delayed from Entering Phase One in Executive Order 61 and Permitted to Remain in Phase Zero (May 14, 2020), https://www.governor.virginia.gov/media/governorvirginiagov/executive-actions/EO-62-and-Order-of-Public-Health-Emergency-Four-AMENDED.pdf

[4] *See Governor Northam Announces Phase Two Guidelines to Further Ease Public Health Restrictions*, Office of the Governor (June 2, 2020), https://www.governor.virginia.gov/newsroom/all-releases/2020/june/headline-857141-en.html.

11.     In accordance with the Court's previous stay orders, counsel have continued to engage in discovery-related matters, including conducting meet and confer conferences regarding discovery disputes, filing and briefing discovery-related motions, holding conference calls to identify remaining witnesses to depose once the parties lift COVID-19 travel restrictions on their employees, and discussing the scheduling of those depositions.  The Parties also have filed documents with the Court regarding motions that have been withdrawn as moot following the COVID-19 stays.

12.     In light of the impact of the ongoing COVID-19 pandemic, the Parties propose that until a clearer picture exists in the short term, the Court stay all litigation deadlines in this case an additional thirty (30) days, to July 20, 2020.  In continuation of the practices the Parties have engaged in during the second stay period, the Parties jointly request that they may continue supplementations, conferrals, and motions practice regarding written fact discovery, document discovery, and third-party discovery not requiring in-person activity.

13.     The Parties believe it is advisable to confer telephonically with the Court regarding the progress and status of this action, and whether a new trial date, and other associated deadlines, should be set at this time, including issuance of an amended Rule 16(b) scheduling order.  Counsel for the parties are jointly available for a telephonic status conference with the Court on the following days after June 22, 2020:  June 24-26, June 29-30, and July 1.

14.     This is a joint request from the Parties and, therefore, extending the stay will not prejudice any Party.

15.     This request is submitted in good faith and is not intended to cause unnecessary burden, delay or needless expense.

16.     This request is in keeping with the Court's orders, including General Order 2020-12, dated April 10, 2020.

17.     For the foregoing reasons, the Parties submit good cause exists to stay this case for an additional thirty (30) days, until July 20, 2020, pending rescheduling of all deadlines.

**WHEREFORE**, Plaintiff CSXT, Defendant NS, and Defendant NPBL, respectfully request that the Court grant this Joint Motion and enter the attached Proposed Order.  The Parties attach as **Exhibit 1** an electronically endorsed copy of their Proposed Order.

Dated:  June 17, 2020                              Respectfully submitted,

                                        **NORFOLK SOUTHERN RAILWAY COMPANY**

                                        /s/Michael E. Lacy
                                        Alan D. Wingfield (VSB No. 27489)
                                        Michael E. Lacy (VSB No. 48477)
                                        Massie P. Cooper (VSB No. 82510)
                                        TROUTMAN SANDERS, LLP
                                        1001 Haxall Point
                                        Richmond, Virginia 23219
                                        Telephone: (804) 697-1200
                                        Facsimile: (804) 698-6061
                                        Email: alan.wingfield@troutman.com
                                        Email: michael.lacy@troutman.com
                                        Email: massie.cooper@troutman.com


                                        John C. Lynch (VSB No. 39267)
                                        Kathleen M. Knudsen (VSB No. 90845)
                                        TROUTMAN SANDERS LLP
                                        222 Central Park Avenue, Suite 2000
                                        Virginia Beach, VA  23462
                                        Telephone: (757) 687-7759
                                        Facsimile: (757) 687-7510
                                        Email: john.lynch@troutman.com
                                        Email: kathleen.knudsen@troutman.com

                                        *Counsel for Norfolk Southern Railway Company*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 17, 2020, a true and correct copy of the foregoing was served on all

counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.


/s/Michael E. Lacy
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com


John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone: (757) 687-7759
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: kathleen.knudsen@troutman.com

*Counsel for Norfolk Southern Railway Company*

42510775