IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC., )
Individually and on behalf of NORFOLK )
& PORTSMOUTH BELT LINE RAILROAD )
COMPANY )
)
        Plaintiff, )
)
v. )   CIVIL ACTION NO. 2:18-cv-530
)
NORFOLK SOUTHERN RAILWAY )
COMPANY, et al., )
)
        Defendants. )

## ORDER

Before the Court is Defendant Norfolk Southern Railway Company's ("NSR") Motion to Compel Production of Documents and accompanying memorandum in support, filed on May 13, 2020. ECF Nos. 166-67. On May 27, 2020, Plaintiff CSX Transportation ("CSXT") filed its Memorandum in Opposition to Defendant's Motion to Compel. ECF No. 176. Defendant filed its rely thereto on June 2, 2020. ECF No. 182. Accordingly, the Motion is fully briefed.

NSR seeks to compel the production of certain documents that CSXT has withheld as protected from disclosure by the attorney/client privilege. These documents involve Steven Armbrust, an attorney for CSXT who also served as a director on the board of Norfolk & Portsmouth Beltline Railway Company for five years. The parties have narrowed the items in dispute to 194 documents. Plaintiff is resisting production of documents responsive to Defendant's

discovery requests on the basis that Defendant has not provided a factual basis sufficient to support a reasonable good faith belief that *in camera* inspection is justified. ECF No. 176 at 9-11.

"A party asserting privilege has the burden of demonstrating its applicability." *NLRB v. Interbake Foods, LLC*, 637 F.3d 492, 501-03 (4th Cir. 2011) (citing *United States v. Jones*, 696 F.2d 1069 (4th Cir. 1982)). This burden can be satisfied by submitting a privilege log that "provide[s] the requesting party with sufficient information to be able to assess the privilege claim." *Asghari-Kamrani v. United Servs. Auto. Ass'n*, 2016 U.S. Dist. LEXIS 191666, at *5-6 (E.D. Va. Oct. 21, 2016). Once the party asserting privilege has made a prima facie showing, the opposing party can show *in camera* review is warranted by asserting "a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the material is not privileged." *Interbake Foods*, 637 F.3d at 502 (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992)).

After reviewing the parties' submission, the Court finds that Defendant has provided a sufficient factual basis to justify *in camera* review to evaluate the propriety of Plaintiff's objections to production and assertion of privilege. Armbrust's dual role as attorney and board member, the subject line and timing of the emails, and the absence of confidentiality marks, provide sufficient basis to justify review.

Accordingly, Plaintiff is **DIRECTED** to deliver to chambers (do not file), under seal, by no later than the close of business on **Tuesday, July 22, 2020**, the 194 documents from Attachment 9 and Attachment 10. However, in the meantime, the Court encourages the parties to resolve and narrow the areas of disagreement regarding discovery production. Should such efforts to resolve the dispute be successful, Plaintiff may exclude such documents that are no longer in dispute from Plaintiff's submission to the Court. Moreover, if further negotiation after July 22 results in

additional narrowing, the parties should notify the Court of that fact. The parties are reminded that the provisions of Fed. R. Civ. P. 37(a)(5) apply if the Court finds that a party's position here was not substantially justified, or other circumstances make an award of expenses unjust. Upon completion of its *in camera* review, the Court reserves the right to order a hearing or decide the motion only on the briefings.[1]

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

LAWRENCE R. LEONARD
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
July 14, 2020

---

[1] See E.D. Va. Local Civil Rule 7(J) ("In accordance with Fed. R. Civ. P. 78, the Court may rule upon motions without an oral hearing.").