IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

       Plaintiff,

v.

Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

       Defendants.

                              /

**EXHIBIT**

**C**

## PLAINTIFF CSX TRANSPORTATION, INC.'S OBJECTIONS TO DEFENDANT NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY'S NOTICE OF RULE 30(b)(6) DEPOSITION

Plaintiff CSX Transportation, Inc. ("CSXT") hereby notes its objections to certain topics

in the Notice of Rule 30(b)(6) Deposition of Defendant Norfolk & Portsmouth Belt Line Railroad

Company ("NPBL"), dated June 2, 2020. These objections are without prejudice to any additional

objections that may be made as to specific questions during the deposition.

### OBJECTIONS TO DEFINITIONS

#### Definitions

1.    CSXT objects to NPBL's Definition 1 ("You," "your," and "CSXT") on the

grounds that it is overly broad, unduly burdensome, and lack reasonable particularity to the extent

it purport to include "*all persons acting on its behalf.*"

2.    CSXT restates and incorporates its objection to NPBL's Definition 1 ("You,"

"your," and "CSXT"), as stated above, to the extent it applies to NPBL's Definitions 2 ("NSR"),

3 ("NPBL"), 5 ("VPA"), 6 ("VIT"), 7 ("NIT"), and 8 ("VIG"). Those terms are overly broad,

1

unduly burdensome, and lack reasonable particularity to the extent they purport to include "*all persons work on [an entity's] behalf.*"

3.       CSXT objects to NPBL's Definitions 9 ("2010 Rate Proposal"), 10 ("2018 Rate Proposal"), and 11 ("2018 Governance Demand") on the grounds that they are overly broad, unduly burdensome, and lack reasonable particularity to the extent they purport to include "*all matters related*" to the rate proposals and governance demands identified therein.

## OBJECTIONS TO DEPOSITION TOPICS

1.       **CSXT's answers to NPBL's interrogatories.**

Objection:  CSXT objects to this Topic on the grounds that it is overly broad and unduly burdensome and fails to describe with reasonable particularity the matters for examination insofar as it seeks to have a corporate representative testify regarding any aspect of CSXT's answers to any of NPBL's interrogatories.  Fed. R. Civ. P. 30(b)(6); *see also SmithKline Beecham Corp. v. Apotex Corp., C.A.*, No. 98-C-3952, 2000 WL 116082, at *9-10 (N.D. Ill. Jan. 24, 2000) (holding that 30(b)(6) deposition topic seeking testimony regarding the company's "responses to Defendants' Interrogatories and requests for production, along with subject identified therein" did not satisfy the reasonable particularity standard).  CSXT further objects to this Topic on the grounds that it seeks information that can be obtained from sources that are more convenient and less burdensome.  Fed. R. Civ. P. 26(b)(2); *see also Fish v. Air & Liquid Sys. Corp.*, No. GLR-16-496, 2017 U.S. Dist. LEXIS 24188, at *81 (D. Md. Feb. 21, 2017) ("Plaintiffs do not need a witness to recite what is already stated in a document. . . . [S]eeking the similar information via deposition is unreasonably cumulative or duplicative as Plaintiffs had sufficient opportunity to discover the information previously from a source that was more convenient and less burdensome.").  CSXT further objects to this Topic on the grounds that preparing a witness to testify on this Topic is not

proportional to the needs of this case in that it would impose unnecessary burdens on CSXT without any benefit to the adjudication of this action.

CSXT also objects to this Topic to the extent it seeks testimony protected from disclosure by: (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal law.

2.     **CSXT's responses to NPBL's requests for admissions.**

<u>Objection</u>: CSXT objects to this Topic on the grounds that it is overly broad and unduly burdensome and fails to describe with reasonable particularity the matters for examination insofar as it seeks to have a corporate representative testify regarding any aspect of CSXT's answers to any of NPBL's requests for admissions. Fed. R. Civ. P. 30(b)(6); *see also SmithKline Beecham Corp.*, 2000 WL 116082, at *9-10. CSXT further objects to this Topic on the grounds that it seeks information that can be obtained from sources that are more convenient and less burdensome, including sources that are equally accessible to NPBL. Fed. R. Civ. P. 26(b)(2); *see also Fish,* 2017 U.S. Dist. LEXIS 24188, at *81. CSXT further objects to this Topic on the grounds that preparing a witness to testify on this Topic is not proportional to the needs of this case in that it would impose unnecessary burdens on CSXT without any benefit to the adjudication of this action.

CSXT also objects to this Topic to the extent it seeks testimony protected from disclosure by: (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal law.

3.      All negotiations and agreements between CSXT and VPA from 2007 to present, as well as internal CSXT communications regarding the same, related in any way to access to NIT, whether by rail, drayage, or otherwise, including but not limited to incentives, subsidies, or other shared payment arrangements.

Objection:  CSXT objects to this Topic to the extent it seeks testimony protected from disclosure by:  (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal law.

4.      All negotiations and agreements between CSXT and VIT from 2007 to present, as well as internal CSXT communications regarding the same, related in any way to access to NIT, whether by rail, drayage, or otherwise, including but not limited to incentives, subsidies, or other shared payment arrangements.

Objection:  CSXT objects to this Topic to the extent it seeks testimony protected from disclosure by:  (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal law.

5.      All negotiations and agreements between CSXT and VPA from 2007 to present, as well as internal CSXT communications regarding the same, related in any way to lift charges at NIT, including but not limited to incentives, subsidies, or other shared payment arrangements.

Objection:  CSXT objects to this Topic to the extent it seeks testimony protected from disclosure by:  (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal law.

6.      **All negotiations and agreements between CSXT and VIT from 2007 to present, as well as internal CSXT communications regarding the same, related in any way to lift charges at NIT, including but not limited to incentives, subsidies, or other shared payment arrangements.**

Objection:  CSXT objects to this Topic to the extent it seeks testimony protected from

disclosure by:  (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of

Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal

law.

7.      **All negotiations and agreements between CSXT and Commonwealth Railway from 2007 to present, as well as internal CSXT communications regarding the same, related in any way to rail service to or from VIG, including but not limited to the Master Equipment Run-Through Agreement dated March 1, 2016 (CSXT048370-048385).**

Objection:  CSXT objects to this Topic to the extent it seeks testimony protected from

disclosure by:  (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of

Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal

law.

8.      **CSXT's strategy and actions with respect to lobbying of or obtaining support from the Commonwealth of Virginia, including any agency or political subdivision thereof, for gaining access to NIT from 2007 to present**.

Objection:  CSXT objects to this Topic to the extent it seeks testimony protected from

disclosure by:  (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of

Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal

law.

9.      All overt acts that you contend NPBL and/or its agents took in furtherance of the conspiracy between NS and NPBL that you allege in the Complaint.

Objection:  CSXT objects to this Topic on the grounds that it is overly broad and unduly burdensome insofar as it attempts to use corporate representative topics "for the purpose of requiring [the opposing party] to marshal all of its factual proof. . . ." *Gossar v. Soo Line R.R. Co.*, 2009 U.S. Dist. LEXIS 100931, at *5-6 (S.D. Ind. Oct. 27, 2009); Fed. R. Civ. P. 30(b)(6). CSXT further objects to this Topic on the grounds that it seeks information that can be obtained from sources that are more convenient and less burdensome, including sources that are equally accessible to NPBL.  Fed. R. Civ. P. 26(b)(2); *see also BB & T Corp. v. United States*, 233 F.R.D. 447, 448 (M.D.N.C. 2006) (Rule 30(b)(6) topics seeking contentions should be "made by serving contention interrogatories which are favored over contention depositions because, by their nature, contention discovery will usually require the assistance of a party's attorney."); *Wilson v. Lakner*, 228 F.R.D. 524, 529 n.8 (D. Md. 2005) ("the contentions, i.e. theories and legal positions, of an organizational party may be more suitably explored by way of interrogatories and the Court may properly . . . order that contentions only be inquired into in this fashion.").  CSXT further objects to this Topic to the extent that it seeks legal conclusions or to delve into the thought process or mental impressions of counsel.[1]

---

[1] *See e.g., Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, 2007 U.S. Dist. LEXIS 96069, at * 28 (N.D. Ga. Mar. 27, 2007) (deposition notice seeking to cover "[t]he complete factual basis for and identity of all evidence allegedly supporting" various legal claims asserted by plaintiff was not properly within the scope of a corporate representative deposition)*; King Pharms., Inc. v. Eon Labs, Inc.*, 2008 U.S. Dist. LEXIS 98299, at * 3 (E.D.N.Y. Dec. 4, 2008) (denying motion to compel corporate representative deposition because noticed topics "do not seek to elicit underlying facts, but rather seek [plaintiff's] elaborations on its legal theories of the case."); *F.T.C. v. CyberSpy Software, LLC*, 608-CV-1872-ORL31GJK, 2009 WL 2386137, at *4 (M.D. Fla. July 31, 2009) ("Defendants are not entitled to explore opposing counsel's thought processes as to *which* facts support these contentions (and which do not), or what inferences can be drawn from the evidence that has been assembled so far. And the agency is not required to produce a witness who has memorized all of the facts that have been uncovered to date.")

CSXT also objects to this Topic to the extent it seeks testimony protected from disclosure by: (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal law.

10.   **All communications with NSR that you contend NPBL and/or its agents made in furtherance of the conspiracy you allege in the Complaint**

Objection: CSXT objects to this Topic on the grounds that it is overly broad and unduly burdensome insofar as attempts to use corporate representative topics "for the purpose of requiring [the opposing party] to marshal all of its factual proof and prepare a witness to be able to testify on a particular defense." *Gossar,* 2009 U.S. Dist. LEXIS 100931, at *5-6. Fed. R. Civ. P. 30(b)(6). CSXT further objects to this Topic on the grounds that it seeks information that can be obtained from sources that are more convenient and less burdensome, including sources that are equally accessible to NPBL. Fed. R. Civ. P. 26(b)(2); *see also BB & T Corp.,* 233 F.R.D. at 448; *Wilson*, 228 F.R.D. at 529 n.8. CSXT further objects to this Topic to the extent that it seeks legal conclusions or to delve into the thought process or mental impressions of counsel.[2]

CSXT also objects to this Topic to the extent it seeks testimony protected from disclosure by: (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal law.

---

[2] *See e.g., Outside the Box Innovations, LLC,* 2007 U.S. Dist. LEXIS 96069, at * 28; *King Pharms., Inc.,* 2008 U.S. Dist. LEXIS 98299, at * 3; *F.T.C.,* 2009 WL 2386137, at *4.

11.    **Your 2010 Rate Proposal, including but not limited to the genesis of the proposal, the basis for the proposal, why the directors appointed by you never moved the NPBL board to approve the proposal, and all internal or external discussions regarding the proposal.**

Objection:  CSXT objects to this Topic to the extent that it assumes facts not in evidence; namely, that CSXT's directors "never moved the NPBL board to approve the proposal."  CSXT also objects to this Topic to the extent it seeks testimony protected from disclosure by:  (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal law. CSXT further objects to this Topic as seeking proprietary information, not relevant to the issues in this case.

12.    **Your 2018 Rate Proposal, including but not limited to the genesis of the proposal, the basis for the proposal, why the directors appointed by you never moved the NPBL board to approve the proposal, and all internal or external discussions regarding the proposal.**

Objection:  CSXT objects to this Topic to the extent that it assumes facts not in evidence; namely, that CSXT's directors "never moved the NPBL board to approve the proposal."  CSXT also objects to this Topic to the extent it seeks testimony protected from disclosure by:  (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal law.  CSXT further objects to this Topic as seeking proprietary information, not relevant to the issues in this case.

13.    **Your 2018 Governance Demand, including but not limited to the genesis of the demand, the basis for the demand, how you believe the demand is warranted by Virginia law, and all internal or external discussions regarding the demand.**

Objection:  CSXT objects to this Topic to the extent it seeks testimony protected from disclosure by:  (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of

Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal law.  CSXT further objects to this Topic as seeking proprietary information, not relevant to the issues in this case.

14.     **NPBL's ability to comply with your 2010 Rate Proposal, 2018 Rate Proposal, and/or 2018 Governance Demand under its governing corporate documents.**

Objection:  CSXT objects to this Topic on the grounds that it seeks information that can be obtained from sources that are more convenient and less burdensome, including sources that are equally accessible to NPBL.  Fed. R. Civ. P. 26(b)(2); *see also BB & T Corp.,* 233 F.R.D. at 448; *Wilson,* 228 F.R.D. at 529 n.8.  CSXT further objects to this Topic to the extent that it seeks legal conclusions or to delve into the thought process or mental impressions of counsel.[3]

CSXT also objects to this Topic to the extent it seeks testimony protected from disclosure by:   (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal law.

15.     **All disputes between NSR and CSXT regarding any shared governance of short line or switching railroads other than NPBL since 2007, including any lawsuits or proceedings in the Surface Transportation Board.**

Objection:  CSXT objects to this Topic on the grounds that it is overly broad and unduly burdensome insofar as it seeks, without limitation, testimony regarding all disputes between NSR and CSXT regarding any shared governance of short line or switching railroads other than NPBL, and is therefore disproportionate to the needs of the case, and also fails to describe with reasonable particularity the matters for examination.  Fed. R. Civ. P. 30(b)(6).  CSXT further objects to this

---

[3] *See e.g., Outside the Box Innovations, LLC,* 2007 U.S. Dist. LEXIS 96069, at * 28; *King Pharms., Inc.,* 2008 U.S. Dist. LEXIS 98299, at * 3; *F.T.C.,* 2009 WL 2386137, at *4.

Topic on the grounds that it seeks information that can be obtained from sources that are more convenient and less burdensome.  Fed. R. Civ. P. 26(b)(2).  CSXT further objects to this Topic on the grounds that preparing a witness to testify on this Topic is not proportional to the needs of this case in that it would impose unnecessary burdens on CSXT without any benefit to the adjudication of this action.  CSXT further objects to this Topic to the extent that it seeks legal conclusions or to delve into the thought process or mental impressions of counsel.[4]

CSXT also objects to this Topic to the extent it seeks testimony protected from disclosure by:  (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal law.

16.    **All disputes between NSR and CSXT regarding on-dock access to intermodal terminals other than NIT since 2007, including any lawsuits or proceedings in the Surface Transportation Board.**

Objection:  CSXT objects to this Topic on the grounds that it is overly broad and unduly burdensome insofar as it seeks, without limitation, testimony regarding all disputes between NSR and CSXT regarding on-dock access to any intermodal terminals other than NIT, and is therefore disproportionate to the needs of the case, and fails to describe with reasonable particularity the matters for examination.  Fed. R. Civ. P. 30(b)(6).  CSXT further objects to this Topic on the grounds that it seeks information that can be obtained from sources that are more convenient and less burdensome.  Fed. R. Civ. P. 26(b)(2).  CSXT further objects to this Topic on the grounds that preparing a witness to testify on this Topic is not proportional to the needs of this case in that it would impose unnecessary burdens on CSXT without any benefit to the adjudication of this action.

---

[4] *See e.g., Outside the Box Innovations, LLC,* 2007 U.S. Dist. LEXIS 96069, at * 28; *King Pharms., Inc.,* 2008 U.S. Dist. LEXIS 98299, at * 3; *F.T.C.,* 2009 WL 2386137, at *4.

CSXT further objects to this Topic to the extent that it seeks legal conclusions or to delve into the thought process or mental impressions of counsel.[5]

CSXT also objects to this Topic to the extent it seeks testimony protected from disclosure by: (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal law.

17.     **CSXT's market strategies for the transportation of international intermodal shipping containers to and from the Ports of Savannah, Charleston, Wilmington (NC), Baltimore, Philadelphia, and NY/NJ, including for each such port: (a) CSXT's intermodal container volume over the last five (5) years, (b) the reasons for any changes in such volumes, (c) CSXT's business plans for the next five (5) years, and (d) any infrastructure or service improvements that are planned or have been completed in the last five (5) years.**

Objection: CSXT objects to this Topic on the grounds that it is overly broad and unduly burdensome insofar as it seeks unbridled testimony regarding highly confidential and proprietary business information regarding CSXT's future business plans, which are not relevant to the issues in the case or proportional to the needs of the case.

CSXT also objects to this Topic to the extent it seeks testimony protected from disclosure by: (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal law. CSXT further objects to this Topic as seeking proprietary information, not relevant to the issues in this case.

---

[5] *See e.g., Outside the Box Innovations, LLC,* 2007 U.S. Dist. LEXIS 96069, at * 28; *King Pharms., Inc.,* 2008 U.S. Dist. LEXIS 98299, at * 3; *F.T.C.,* 2009 WL 2386137, at *4.

18.    **All topics identified by NSR in its Rule 30(b)(6) Notice of Deposition to CSXT.**

Objection:  CSXT objects to this Topic on the grounds that it is overly broad and unduly burdensome insofar as it seeks testimony regarding each and every topic identified in NSR's Rule 30(b)(6) Notice of Deposition to CSXT, many of which were individually objectionable for various reasons, and is therefore disproportionate to the needs of the case and fails to describe with reasonable particularity the matters for examination.  Fed. R. Civ. P. 30(b)(6).  CSXT further objects to this Topic on the grounds that it seeks information that can be obtained from sources that are more convenient and less burdensome.  Fed. R. Civ. P. 26(b)(2).  CSXT further objects to this Topic on the grounds that preparing a witness to testify on this Topic is not proportional to the needs of this case in that it would impose unnecessary burdens on CSXT without any benefit to the adjudication of this action.  CSXT hereby incorporates by reference all of its objections the topics identified in NSR's Rule 30(b)(6) Notice of Deposition.

CSXT also objects to this Topic to the extent it seeks testimony protected from disclosure by:  (i) attorney-client privilege; (ii) the work-product doctrine; (iii) Federal Rule of Civil Procedure 26(b)(3); and/or (iv) any other privilege or protection afforded by state or federal law.

Dated:  June 16, 2020

Respectfully submitted,

**CSX TRANSPORTATION, INC.**
*By Counsel*

Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655

Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2020, a true and correct copy of the foregoing was transmitted by electronic mail to:

Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
alan.wingfield@troutman.com
michael.lacy@troutman.com
massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Elizabeth S. Flowers (VSB No. 78487)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
liz.flowers@troutmansanders.com
john.lynch@troutmansanders.com
kathleen.knudsen@troutman.com

Monica McCarroll
Redgrave LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151
mmccarroll@redgravellp.com

Tara Lee Reinhart
Thomas Robert Gentry
John Reed Thornburgh, II
Skadden Arps
1440 New York Avenue, N.W.
Washington, D.C. 20005-2111
tara.reinhart@skadden.com
thomas.gentry@skadden.com
john.thornburgh@skadden.com

*Counsel for Defendant Norfolk Southern Railway Company*

James L. Chapman, IV (VSB No. 21983)
W. Ryan Snow (VSB No. 47423)
Darius K. Davenport (VSB No. 74064)
David C. Hartnett (VSB No. 80452)
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
jchapman@cwm-law.com
wrsnow@cwm-law.com
ddavenport@cwm-law.com
dhartnett@cwm-law.com

*Counsel for Defendant Norfolk & Portsmouth Belt Line Railroad Co.*


Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com