Law Offices
**CRENSHAW, WARE & MARTIN, P.L.C.**
150 West Main Street, Suite 1500
Norfolk, Virginia 23510

Telephone (757) 623-3000  
Facsimile (757) 623-5735

W. Ryan Snow  
Email: wrsnow@cwm-law.com

April 8, 2020

**VIA ELECTRONIC MAIL ONLY**
Robert W. McFarland, Esquire
Benjamin L. Hatch, Esquire
Jeanne E. Noonan, Esquire
McGuireWoods LLP
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655

Re: *CSX Transportation, Inc., individually and on behalf of Norfolk and Portsmouth Belt Line Railroad Company v. Norfolk Southern Railway Company, et al.* United States District Court, EDVA, Civil Action No. 2:18cv530

Dear Rob:

We have reviewed CSXT's objections, answers, and responses to the Belt Line's first interrogatories and requests for admission. I write to address several deficiencies in the answers and responses, and request that the parties meet and confer as soon as reasonably possible.

**Interrogatory No. 3**

This interrogatory states: "Identify the **specific communication(s) between the Belt Line and NS** that you contend form the basis for the conspiracy alleged in Counts I, II, VIII, and IX of your Complaint, including the identities of the specific persons involved in such communication(s), the dates and circumstances of such communication(s), and all documents that support your answer."

CSXT answered: "Without waiver of its objections, CSXT states that NPBL and NS have conspired to prevent CSXT from accessing on-dock rail at NIT for more than a decade. During that time, NPBL and NS have had numerous communications in furtherance of this continuing conspiracy. Many of these communications are presently unknown to CSXT and may not have been produced in discovery. However, without limitation, CSXT refers NPBL to the following communications between and among NS employees, NS-appointed NPBL Board Members, NPBL management and employees, and/or other third parties in furtherance of the conspiracy," followed by citations to batches of certain communications.

CSXT's answer fails to identify specific communications between the Belt Line and NS that form the basis for an alleged conspiracy. The cited communications are almost entirely internal NS emails that have nothing to do with communication or concerted action with the Belt




EXHIBIT E

Counsel for CSXT
April 8, 2020
Page 2 of 4

Line.  To use CSXT's first category as an example, regarding setting of NPBL rates, the entire list of documents in CSXT's answer consists of internal NS discussions, not dealing with NPBL communications, and transmissions by the Belt Line of pertinent documents and information to its rate committees in 1999 and 2009.

The Belt Line is entitled to a full and complete answer to its interrogatory, and Rule 33(d) does not permit a broad citation to swaths of documents.  If CSXT maintains that "NPBL and NS have had numerous communications in furtherance of this continuing conspiracy" it must identify the specific communications.  Please supplement this answer to provide the information requested in the interrogatory.

**Interrogatory No. 4**

This interrogatory states: "Identify the **specific overt act(s) by NPBL** that you contend form the basis for the conspiracy alleged in Counts I, II, VIII, and IX of your Complaint, including the identities of the specific persons who you contend committed such act(s), the dates and circumstances of such act(s), and all documents that support your answer."

CSXT answered: "Without waiver of its objections, and without limitation, CSXT points NPBL to the acts referenced within the communications identified in CSXT's Answer to NPBL's Interrogatory No. 3 above.  Investigation is ongoing, and CSXT reserves the right to supplement and/or amend this answer as documents and evidence are produced and reviewed in discovery in this Action."

As with CSXT's prior answer, this answer fails to identify any specific overt acts by the Belt Line that form the basis for an alleged conspiracy.  Again, the communications cited by CSXT are almost entirely internal NS emails.  They do not identify specific overt acts, and it is not the Belt Line's obligation to parse through hundreds of pages of NS documents to try to find what CSXT claims to be responsive information.  Please supplement this answer to identify specific overt acts as requested in the interrogatory.

**Interrogatory No. 6**

This interrogatory states: "**If you intended the $80 per car rate** proposed in your March 23, 2018 Letter to apply to any persons or entities other than CSXT, identify all such persons or entities, including any conditions (such as minimum car volumes or use of locomotives or fuel) that you intended to apply to them, and identify all documents or communications wherein you so advised NPBL."

CSXT answered: "Without waiver of its objections, CSXT states that the March 23, 2018 Letter speaks for itself.  The Letter does not say that the rate proposed therein would only apply to CSXT.  CSXT further states that, consistent with NPBL's governing documents, NPBL could apply the rate proposed in the March 23, 2018 Letter, as well as any other conditions outlined in that letter, to any or all of NPBL's current or future customers, including NS."



Counsel for CSXT
April 8, 2020
Page 3 of 4

    CSXT's answer is deficient. The interrogatory asks whether CSXT "intended" the $80 per car rate to apply to any other customer, not whether the Belt Line *could* apply it to another customer. The interrogatory further asks CSXT to identify "any conditions (such as minimum car volumes or use of locomotives or fuel)" that CSXT intended to apply to such customer.

    CSXT answered no part of the question. Please supplement this answer to state CSXT's intent and, if appropriate based on the answer, to provide the additional information requested.

### Interrogatory No. 14

    This interrogatory states: "If you contend that, since the inception of NPBL, any member of the NPBL Board of Directors has not been **unanimously elected by the Shareholders** of NPBL, identify such member(s) and state with specificity the number of shares voted for and against the election and by whom, including all documents that support your answer."

    CSXT answered: "Without waiving its objections, CSXT states that it does not presently contend that, since the time that NS was created by merger, any members of the NPBL Board were not **elected by the majority vote of the Shareholders** of NPBL, with NS casting the deciding vote as majority shareholder."

    Again, CSXT failed to answer the question. Every member of the NPBL Board is elected by at least a majority vote. The interrogatory asks whether CSXT contends that any Belt Line Board member has been not *unanimously* elected. Please supplement this answer to respond to the interrogatory.

### Interrogatory No. 15; Request for Admission No. 14

    Request for admission no. 14 asks CSXT to admit that, "since 2012, CSXT has never **moved for or sought adoption of a new rate** for line haul switching service to NIT at any NPBL Shareholders meeting."

    CSXT denied this request because it claims it "sought adoption" of the rate proposed in the March 23, 2018 letter. For support, CSXT cites to a "document beginning with Bates number CSXT0143657." The document matching that Bates number is a three-page invoice from CSXT to NS dated December 2016 related to the North Charleston Terminal Company. To the extent there are documents supporting CSXT's contention that it sought adoption of the rate proposed in the letter, please provide us with the correct citations.

    If you have any questions, please feel free to call me.

                                              Very truly yours,

                                              */s/ W. Ryan Snow*

                                              W. Ryan Snow



Counsel for CSXT
April 8, 2020
Page 4 of 4


cc: James L. Chapman, IV, Esquire jchapman@cwm-law.com
David C. Hartnett, Esquire dhartnett@cwm-law.com
Alan D. Wingfield, Esquire alan.wingfield@troutmansanders.com
Michael E. Lacy, Esquire michael.lacy@troutmansanders.com
Elizabeth S. Flowers, Esquire liz.flowers@troutmansanders.com
John C. Lynch, Esquire john.lynch@troutmansanders.com
Kathleen M. Knudsen, Esquire kathleen.knudsen@troutmansanders.com
Monica McCarroll, Esquire mmccarroll@redgravellp.com
Jeanne E. Noonan, Esquire jnoonan@mcguirewoods.com
Benjamin L. Hatch, Esquire bhatch@mcguirewoods.com
Ashley P. Peterson, Esquire apeterson@mcguirewoods.com
J. Brent Justus, Esquire bjustus@mcguirewoods.com
V. Kathleen Dougherty, Esquire vkdougherty@mcguirewoods.com

