McGuireWoods LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510
Tel 757.640.3700
Fax 757.640.3701
www.mcguirewoods.com
Robert W. McFarland
Direct: 757.640.3716

McGUIREWOODS

rmcfarland@mcguirewoods.com
Fax: 757.640.3966

April 17, 2020

BY EMAIL
wrsnow@cwm-law.com



EXHIBIT F

W. Ryan Snow, Esq.
Crenshaw, Ware & Martin, PLC
150 West Main Street, Suite 1500
Norfolk, VA 23510

    Re:    *CSX Transportation, Inc., et al v. Norfolk Southern Railway Company, et al*
            Civil Action No.: 2:18-cv-00530

Dear Ryan:

    On behalf of CSX Transportation, Inc. ("CSXT"), I write in response to your letter dated April 8, 2020, in which you, on behalf of Norfolk & Portsmouth Belt Line Railway Company ("NPBL"), raise several alleged deficiencies as to CSXT's answers to NPBL's First Interrogatories and Requests for Admission. CSXT's positions on these items are outlined below.

### Interrogatories No. 3 and No. 4

    Interrogatory No. 3 asks CSXT to identify specific communications between NPBL and Norfolk Southern Railway Company ("NS") that form the basis of the conspiracy alleged in Counts I, II, VIII, and IX of the Complaint. As drafted, this interrogatory is overbroad. CSXT cannot identify every communication between NPBL and NS in a decades-long conspiracy, nor can it identify every communication, particularly as CSXT is not privy to all non-email communications. Interrogatory No. 4 asks CSXT to identify specific overt acts by NPBL that form the basis of the conspiracy alleged in Counts I, II, VIII, and IX of the Complaint.

    Discovery in this matter has been ongoing, and both NS and NPBL continue to produce documents. Indeed, in the month before the responses to NPBL's discovery was due, NS produced over 30,000 documents, and NPBL issued a supplemental production on April 10, 2020. Accordingly, CSXT continues to reserve its right to supplement and amend its answer to both Interrogatories No. 3 and No. 4.

    However, subject to and without waiver of its objections and reservations of rights, CSXT has provided thorough and complete answers to both Interrogatories No. 3 and No. 4. The citations to documents, which are appropriate under Rule 33(d) of the Federal Rules of Civil Procedure, not

April 17, 2020
Page 2

only identify internal NS communications, but do indeed reference communications between NS and NPBL. In addition, these documents identify the acts taken by NPBL as a part of the conspiracy. Thus, CSXT has provided the information requested in these Interrogatories.

### Interrogatory No. 6

Your contention regarding interrogatory No. 6 is that CSXT has not fully answered this interrogatory, as NPBL asked about CSXT's intent with respect to the March 23, 2018 Service Proposal. As stated in CSXT's answer, the Service Proposal speaks for itself. Indeed, it is, on its face, <u>a proposal</u>. Within the Service Proposal, CSXT explained, "We are open to discussion on all points, and welcome your input throughout the process, though we want to move this to conclusion swiftly and see no reason it cannot be." CSXT intended to have a discussion about the service proposal with NPBL, and intended to propose a uniform rate for intermodal service by NPBL to NIT. At the time of drafting of the March 23, 2018 Service Proposal, though, CSXT was NPBL's only customer who sought to have NPBL provide intermodal switching services to NIT. CSXT did not intend for the Proposal to be customer specific, and it has never objected to the proposed rate applying to NS shipments to NIT, PMT, or another pier/location that handled intermodal shipments. Accordingly, it is CSXT's position that it has fully answered this interrogatory. CSXT will, however, supplement this interrogatory answer to include the foregoing response.

### Interrogatory No. 14

Notwithstanding the fact that NPBL maintains the minutes of each shareholder and board meeting, it has asked CSXT to identify which members of the NPBL Board of Directors were not unanimously elected by the Shareholders of NPBL. Without waiver of its objections, CSXT will supplement its answer.

### Interrogatory No. 15; Request for Admission No. 14

You requested the correct citation to the document referenced in CSXT's answer to Interrogatory No. 15, referencing its answer to Request for Admission No. 14. CSXT will supplement its answer to correct the citation.

We have enclosed CSXT's supplemental answers to NPBL's First Interrogatories as outlined above. As you requested in your letter, CSXT is available to meet and confer on any of the remaining issues at a mutually convenient time.

With best wishes, I am

Sincerely yours,

*Rob McFarland*
Robert W. McFarland

RWM:kyw
Encl

CC:    Alan Wingfield (alan.wingfield@troutmansanders.com)
Michael Lacy, Esq. (michael.lacy@troutmansanders.com)
Elizabeth S. Flowers, Esq. (liz.flowers@troutmansanders.com)
John C. Lynch, Esq. (john.lynch@troutmansanders.com)
Kathleen M. Knudsen, Esq. (Kathleen.knudsen@troutman.com)
Monica McCarroll, Esq. (mmccarroll@redgravellp.com)
John R. Thornburgh II, Esq. (john.thornburgh@skadden.com)
Tara L. Reinhart, Esq. (john.thornburgh@skadden.com)
Thomas Gentry, Esq. (thomas.gentry@skadden.com)
Jim Chapman, Esq. (jchapman@cwm-law.com)
Darius K. Davenport, Esq. (ddavenport@cwm-law.com)
David C. Harnett, Esq. (dhartnett@cwm-law.com)
Benjamin L. Hatch, Esq. (bhatch@mcguirewoods.com)
J. Brent Justus, Esq. (bjustus@mcguirewoods.com)
Jeanne E. Noonan, Esq. (jnoonan@mcguirewoods.com)
Ashley P. Peterson, Esq. (apeterson@mcguirewoods.com)
V. Kathleen Dougherty, Esq. (vkdougherty@mcguirewoods.com)
Stephanie N. Hunter, Paralegal (shunter@cwm-law.com)
Armond Joyner, Legal Assistant (ajoyner@cwm-law.com)