# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

        Plaintiff,

v.

NORFOLK SOUTHERN RAILWAY
COMPANY, NORFOLK & PORTSMOUTH
BELT LINE RAILROAD COMPANY,
JERRY HALL, THOMAS HURLBUT,
PHILIP MERILLI, and CANNON MOSS,

        Defendants.

Civil Action No. 2:18cv530

## PLAINTIFF CSX TRANSPORTATION, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY

Plaintiff CSX Transportation, Inc. ("CSXT"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26, 33, and 34, propounds the following Requests for Production of Documents (the "RFPs") to Defendant Norfolk Southern Railway Company ("NSR") to be answered fully and separately, in writing, and under oath within thirty (30) days after service, and in accordance with the following definitions and instructions.

### DEFINITIONS

1.     "Communication" is used in its broadest sense to encompass any transmission or exchange of information, ideas, facts, data, proposals, or any other matter, whether between

1

individuals or between or among the members of a group, whether face-to-face or by telephone, whether oral or in writing, or whether by means of electronic or other medium.

2. "Concern" or "Concerning" a certain subject means constituting, referring to, discussing, analyzing, comprising, embodying, recording, evidencing, or containing any information that pertains to the subject matter addressed in the request.

3. "Document" means all writings of any kind whatsoever, whether handwritten, typed, printed, computerized, or otherwise visually reproduced, including but not limited to files, communications, accounting records, memoranda, including interoffice and intraoffice memoranda, reports, notes, telephone and voicemail messages, instructions, correspondence, letters, email messages, text messages, diaries, calendars, day-timers, telegrams, investigations, summaries, any drafts of such documents, marginal comments appearing in any documents, schedules, notebooks, computer printouts or other data stored on a computer or electronic device, invoices, and records of payment, and shall include, but not be limited to, any document of whatever form upon which information was recorded, and shall include separately any document which is a non-identical copy of another.

4. "Meeting" means the contemporaneous presence of two or more persons, whether in person or by any telephonic, electronic, or other form of communication.

5. "Person" means any natural person, firm, association, partnership, joint venture, corporation, estate, trust, receiver, syndicate, municipal corporation, government department or agency, and any form of legal entity and any other group in combination acting as a unit.

6. The singular includes the plural, the past tense includes the present tense, and the masculine includes the feminine, and vice versa. The words "and" and "or" are both conjunctive

and disjunctive. The word "all" means "any and all." The word "any" means "any and all." The word "including" means "including without limitation."

7. "Complaint" as used herein refers to the Complaint filed by CSXT in the U.S. District Court for the Eastern District of Virginia on October 4, 2018.

8. "Lawsuit" as used herein refers to the claims and defenses asserted in the Complaint and the responses thereto filed in this action.

9. "You" or "your" as used herein refers to NSR and Norfolk Southern Corporation, and all persons acting on behalf of such entities at any point in time, including but not limited to, current or former officers, management, directors, employees, agents, attorneys, and representatives.

10. "NPBL" means the Norfolk & Portsmouth Belt Line Railroad Company, and all persons acting on its behalf at any point in time, including but not limited to, current or former officers, management, directors, employees, agents, attorneys, and representatives.

11. "VIT" means Virginia International Terminals, LLC, a Virginia limited liability company wholly owned by the Virginia Port Authority, which operates a group of marine terminal facilities referred to as the "Port of Virginia," and all persons acting on its behalf at any point in time, including but not limited to, current or former officers, management, directors, employees, agents, attorneys, and representatives.

12. "VPA" means Virginia Port Authority, a political subdivision of the Commonwealth of Virginia that owns the Port of Virginia, and all persons acting on its behalf at any point in time, including but not limited to, current or former officers, management, directors, employees, agents, attorneys, and representatives.

13. "NIT" means Norfolk International Terminals, located in Norfolk, Virginia, and all persons acting on its behalf at any point in time, including but not limited to, current or former officers, management, directors, employees, agents, attorneys, and representatives.

14. "VIG" means Virginia International Gateway, located in Portsmouth, Virginia, formerly known as APM Terminals Virginia, and all persons acting on its behalf at any point in time, including but not limited to, current or former officers, management, directors, employees, agents, attorneys, and representatives.

15. "PMT" means Portsmouth Marine Terminal, located in Portsmouth, Virginia, and all persons acting on its behalf at any point in time, including but not limited to, current or former officers, management, directors, employees, agents, attorneys, and representatives.

16. "East Coast Ports" means all major ocean ports and marine terminals on the Atlantic and Gulf coasts in the United States located east of the Mississippi River, including terminals located in the Port of New Orleans, Port of New York/New Jersey, Port of Baltimore, Port of Charleston, and Port of Savannah.

17. The "Diamond" or the "Double Diamond" means the track between NS Juncture and Carolina Juncture, which was discontinued in 2008. *See Norfolk Southern Railway Company-Discontinuance of Service Exemption-in Chesapeake, VA*, Docket No. AB-290 (Sub-No. 299X), filed April 25, 2008.

18. Unless otherwise specified, these RFPs cover the time period from January 1, 2007 to the present.

## INSTRUCTIONS FOR REQUESTS FOR PRODUCTION OF DOCUMENTS

1. NSR shall respond to the following RFPs within thirty (30) days after service of this document, and serve its answers upon Robert W. McFarland, McGuireWoods LLP, 9000 World Trade Center, Norfolk, Virginia 23510-1655.

2. In response to these RFPs, you must furnish all Documents in your possession, custody, or control, or in the possession, custody, or control of your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on your behalf.

3. You must also indicate whether you are withholding from production any requested Document or portion of a Document on the basis of any asserted privilege or protection. For each such Document or portion of a Document, state: (a) the type of Document; (b) the general subject matter of the Document; (c) the date of the Document; (d) the author, addressee, and all other recipients of the Document, their titles, positions, and specific job-related duties, and the relationship of the author and all recipients to one another; and (e) the specific objection or privilege asserted and an explanation of its application.

4. It is not a basis for withholding a Document that it originated with Plaintiff, or that it is a Document that you believe Plaintiff has within their possession, custody, or control.

5. These RFPs shall be deemed to be continuing, and you are requested to supplement your answers if you obtain any additional information between the time the responses to these RFPs are served and the time of trial.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All Documents relating to any communications between or among any or all of you, NPBL, CSXT, or Defendants Moss, Merilli, Hall, and Hurlbut (each an "Individual Defendant" and collectively, the "Individual Defendants") concerning the ownership, shareholder structure, or corporate governance of NPBL.

**RESPONSE:**


2. All Documents and Communications relating to any contract or agreement effective at any time between you and NPBL, including all documents that constitute, memorialize, evidence, describe, or are part of or incorporated into such contract or agreement.

**RESPONSE:**


3. All Documents and Communications relating to any contract or agreement concerning NPBL effective at any time between you and any other railroad, including without limitation CSXT, including all documents that constitute memorialize, evidence, describe, or are part of or incorporated into such contract or agreement.

**RESPONSE:**


4. All Documents and Communications between or among any or all of you, NPBL, CSXT, and/or the Individual Defendants concerning access to NIT, including without limitation all Documents and Communications concerning CSXT's access to NIT via drayage and via rail.

**RESPONSE:**

5. All Documents relating to communications between you and any person other than NPBL, CSXT, or the Individual Defendants concerning the ownership, shareholder structure, or corporate governance of NPBL.

**RESPONSE:**

6. All Documents relating to your internal communications concerning the ownership, shareholder structure, or corporate governance of NBPL.

**RESPONSE:**

7. All Documents relating to communications between you and the Commonwealth of Virginia relating to intermodal freight operations at a Port of Virginia Terminal, including NIT, VIG, and PMT.

**RESPONSE:**

8. All Documents relating to the analysis of the economic effects of the merger of Southern Railway Company with Norfolk & Western Railway Company on NPBL or the intermodal freight business.

**RESPONSE:**

9. All Documents and Communications relating to the effects of the 1987 Operating Agreement on the operations of the NPBL or NSR.

**RESPONSE:**

10. All Documents and Communications relating to the negotiation, evaluation, and execution of the March 1, 1989 Supplemental Agreement referenced in Paragraph 22 of the Complaint.

**RESPONSE:**


11. All Documents and Communications concerning the terms served by each Individual Defendant as a member of the NPBL Board of Directors, including without limitation all Documents and Communications concerning the terms of each Individual Defendant's employment with NS before, during, and after his term on the NPBL Board.

**RESPONSE:**


12. Complete personnel files for each Individual Defendant.

**RESPONSE:**


13. All Documents and Communications between or among any or all of you, NPBL, and/or the Individual Defendants concerning CSXT's proposals to change the governance or operations of NPBL, including without limitation the proposals dated July 19, 2010 and March 23, 2018, set forth as exhibit E to the Complaint.

**RESPONSE:**

14. All Documents and Communications between or among any or all of you, NPBL, and/or the Individual Defendants concerning any rate or service proposal made to NPBL by CSXT, including without limitation the proposal identified in Paragraphs 38-46 of the Complaint.

**RESPONSE:**

15. All Documents and Communications between or among any or all of you, NPBL, and/or the Individual Defendants concerning CSXT's letter to NPBL and NSR dated April 6, 2018, set forth as Exhibit F to the Complaint.

**RESPONSE:**

16. All Documents and Communications between or among any or all of you, NPBL, and/or the Individual Defendants regarding the proposed agreement between NS and NPBL referenced by Defendant Cannon Moss at the April 18, 2018 Board and shareholders meetings described in Paragraph 41 of the Complaint.

**RESPONSE:**

17. All Documents relating to the analysis of NSR's capacity to meet future demand for rail service to intermodal shippers into or out of any East Coast Port.

**RESPONSE:**

9

18. All Documents relating to the analysis of competition among various modes of inland transportation, including but not limited to rail, truck, or barge operations, to serve shippers of intermodal freight into or out of any East Coast Port.

**RESPONSE:**

19. All Documents relating to or communications, evaluations, or analyses of any kind that concern the comparative advantages that NSR or NPBL may possess at any East Coast Port.

**RESPONSE:**

20. All Documents and Communications concerning the quality of NSR's performance pursuant to any contract whose subject matter involves or relates to the movement of intermodal into or out of any East Coast Port.

**RESPONSE:**

21. All Documents and Communications concerning the quality or price of CSXT's services in the movement of intermodal freight into or out of any East Coast Port.

**RESPONSE:**

22. All Documents relating to business relationships concerning intermodal transportation services that were acquired to by you after being held by CSXT, including but not limited to all analyses of the reasons why you were able to acquire the business.

**RESPONSE:**

23. All Documents and Communications relating to any proposed or contemplated expansion of terminal capacity, or intermodal freight-handling capacity, at NIT, VIG, or PMT.

**RESPONSE:**

24. All Documents relating to contracts between you and Commonwealth Railway.

**RESPONSE:**

25. All Documents and Communications concerning NSR's use of drayage or trucking services at any East Coast Port, including without limitation any Documents or Communications pertaining to the comparative advantages or disadvantages of drayage or trucking services versus on-dock rail services.

**RESPONSE:**

26. All Documents relating to your provision of rail service for the movement of intermodal containers on a non-contract basis, including your published tariffs, and all prices offered by you on a spot market basis, at any East Coast Port.

**RESPONSE:**

27. All Documents and Communications between or among any or all of you, NPBL, and/or the Individual Defendants concerning CSXT's use of NPBL for the movement of intermodal containers to and from NIT in 2015, as referenced in Paragraph 55 of the Complaint.

**RESPONSE:**

28. All Documents relating to your analysis of opportunities to compete with CSXT for the business of ocean shippers seeking rail transportation of intermodal containers, including your assessment of any wins or losses of business for which you competed against CSXT, involving any East Coast Port.

**RESPONSE:**

29. All Documents relating to your analysis of opportunities to compete with transportation providers other than CSXT, including railroad companies, trucking companies, barge companies, and other providers, for the business of ocean shippers seeking rail transportation

of intermodal containers into and out of any East Coast Port, including your assessment of any wins or loses of business for which you competed against such providers.

**RESPONSE:**


30. All Documents and Communications between or among any or all of you, NPBL, and/or the Individual Defendants relating to any evaluation or analysis of the capacity of the railroad infrastructure located within the Cities of Norfolk, Portsmouth, or Chesapeake, regardless of its ownership, to carry current or projected volumes of intermodal freight traffic passing through NIT, VIG, or PMT.

**RESPONSE:**


31. All Documents and Communications between or among any or all of you, NPBL, and/or the Individual Defendants relating to the evaluation of the use of NSR-owned equipment on NPBL-owned or CSXT-owned rail infrastructure serving VIG, NIT, or PMT.

**RESPONSE:**


32. All Documents and Communications between or among any or all of you, NPBL, and/or the Individual Defendants relating to the sale or proposed sale of property owned by NPBL, including but not limited to all property referenced in Paragraph 47 of the Complaint.

**RESPONSE:**

13

33. All route maps for NSR intermodal container transport, including inland ports operated by NSR.

**RESPONSE:**

34. All Documents relating to actual or contemplated additions to or reductions from available NSR intermodal or container transportation routes.

**RESPONSE:**

35. All Documents and Communications between or among any or all of you, NPBL, the Individual Defendants, and the Commonwealth of Virginia concerning planned or potential intermodal freight operations by NS or CSXT through NIT, VIG, or PMT.

**RESPONSE:**

36. All Documents and Communications between you and the Commonwealth of Virginia concerning planned or potential future expansion of rail infrastructure, including but not limited to the projected cost of such expansion, at the Port of Hampton Roads.

**RESPONSE:**


37. All Documents relating to any previous statement made by you, your agent or employee acting within the scope of that relationship, or any person authorized by you to make a statement, about this civil action or its subject matter.

**RESPONSE:**

38. All Documents not otherwise produced in response to these requests that relate to the proof of claim or defense asserted by a party to this civil action that you may offer as evidence in connection with any motion or trial.

**RESPONSE:**

39. All Documents related to the management of affairs of NPBL obtained by you from any person not a party to this civil action.

**RESPONSE:**

**CSX TRANSPORTATION, INC.**
*By Counsel*

_____
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2020, a true and correct copy of the foregoing was transmitted by electronic mail to:

Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
alan.wingfield@troutman.com
michael.lacy@troutman.com

John C. Lynch (VSB No. 39267)
Elizabeth S. Flowers (VSB No. 78487)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
liz.flowers@troutmansanders.com
john.lynch@troutmansanders.com
kathleen.knudsen@troutman.com

Monica McCarroll
Redgrave LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151
mmccarroll@redgravellp.com
*Counsel for Defendant Norfolk Southern Railway Company*

James L. Chapman, IV (VSB No. 21983)
W. Ryan Snow (VSB No. 47423)
Darius K. Davenport (VSB No. 74064)
David C. Hartnett (VSB No. 80452)
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
jchapman@cwm-law.com
wrsnow@cwm-law.com
ddavenport@cwm-law.com
dhartnett@cwm-law.com

*Counsel for Defendant Norfolk & Portsmouth Belt Line Railroad Co.*

W. Edgar Spivey (VSB No. 29125)
Clark J. Belote (VSB No. 87310)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
wespivey@kaufcan.com
cjbelote@kaufcan.com

*Counsel for Defendant Cannon Moss*

Hugh M. Fain, III (VSB No. 26494)
M.F. Connell Mullins Jr. (VSB No. 47213)
John M. Erbach (VSB No. 76695)
SPOTTS FAIN P.C.
411 East Franklin Street, Suite 600
Richmond, VA 20151
hfain@spottsfain.com
cmullins@spottsfain.com
jerbach@spottsfain.com

*Counsel for Defendants Jerry Hall, Thomas Hurlbut, and Philip Merilli*

/s/ W M McFarland

Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

*Counsel for CSX Transportation, Inc.*

125251310_1