# EXHIBIT E

Troutman Sanders LLP
Troutman Sanders Building, 1001 Haxall Point
Richmond, VA 23219

troutman.com



**Michael E. Lacy**
D 804.697.1326
F 804.698.6061
michael.lacy@troutman.com

June 11, 2020

**VIA EMAIL**

Robert W. McFarland, Esq.
McGuireWoods LLP
101 West Main Street, Suite 9000
Norfolk, Virginia 23510
rmcfarland@mcguirewoods.com

Re:   **CSX Transportation, Inc. v. Norfolk Southern Railway Company, et al.
Civil Action No. 2:18-cv-530**

Dear Rob:

We write in response to your letter dated June 5, 2020, regarding CSX Transportation, Inc.'s ("CSXT") request to reopen the depositions of Chris Leubbers, Michael McClellan, and Jeffrey Heller, and request to take the depositions of Cary Booth, Rob Martinez, and Amanda Nelson. We disagree with your assertion that CSXT is entitled to take these depositions based on Norfolk Southern Railway Company's ("NSR") document productions after February 7, 2020.

NSR never stated that its document production would be substantially complete by February 7. NSR stated that it expected to substantially complete its production in response to CSXT's First Requests for Production of Documents by February 7, 2020, which it did. *See* ECF No. 111 at 4-5. NSR's responses to CSXT's Second Requests for Production of Documents were not due until February 10. *Id.* at 5. NSR's productions after February 7 related not only to CSXT's second document requests, but a significant amount of the documents related to the geographic search terms that NSR, not CSXT, demanded that the parties use to identify (and produce) documents relevant to the appropriate market for CSXT's antitrust claims. NSR proposed these geographic search terms on December 19, 2019. CSXT objected to them, but after multiple meet and confer conferences, on February 20, 2020, CSXT agreed to a set of geographic search terms, but only if NSR agreed to use them as well. In other words, a substantial portion of NSR's production after February 7 related to NSR's use of the geographic search terms that CSXT did not request and to which CSXT initially objected.

June 11, 2020
Page 2



All of this was discussed in the parties' briefing on CSXT's Emergency Motion to Amend Scheduling Order and Extend Expert Witness and Discovery Deadlines, in which CSXT asked the Court to extend its deadline for fact discovery. The Court refused to extend the deadline in response to CSXT's motion. See ECF No. 118. CSXT did not seek an extension of its deadline for fact discovery after receiving NSR's post-February 7 productions, nor did CSXT refer to the need to extend the deadline as part of the parties' three joint motions to stay this case, which were filed on March 17, 2020, April 16, 2020, and May 18, 2020, respectively. See ECF Nos. 157, 164, 172. In fact, each of the joint motions state that some discovery had been completed (*i.e.*, CSXT's fact discovery), and each letter requests that "existing" deadlines be stayed.

Finally, CSXT has known of Mr. Booth, Mr. Martinez, and Ms. Nelson since at least November 13, 2019, as they were three of the 12 custodians listed on NSR's ESI custodian list. They again were disclosed in NSR's Supplemental 26(a)(1) disclosures dated November 22, 2019. CSXT also identified all three individuals in its Objections and Responses to NSR's First Interrogatories on December 18, 2019. Additionally, CSXT already has deposed Mr. Heller for 9 hours, Mr. McClellan for 6.5 hours, and Mr. Luebbers for 9 hours.

While CSXT is not entitled to these additional depositions, NSR is agreeable to allowing a second corporate deposition of NSR on the documents produced after February 7 as long as NSR is able to redepose Mr. Armbrust regarding the documents that CSXT unredacted and/or produced after his deposition, including any documents that are unredacted and/or produced as a result of NSR's Motion to Compel Documents from CSXT (ECF No. 166). Also, consistent with the parties' recent communications, we propose the following discovery schedule:

- a minimum of four weeks to complete fact depositions, with CSXT taking the second NSR corporate deposition, followed by Defendants' depositions of CSXT witnesses and third-party witnesses;
- at least three weeks between the end of Defendants' fact discovery period and the deadline for Defendants production of their expert reports;
- CSXT's having three weeks after Defendants' service of their expert reports to serve CSXT's rebuttal expert report; and
- The expert discovery period closing three weeks after CSXT's rebuttal report is due.

Please let us know when you are available to meet and confer on these matters.

June 11, 2020
Page 3



Sincerely,

*[signature]*

Michael E. Lacy

cc: Counsel of Record

42470508v3