# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE RAILROAD
COMPANY,

         Plaintiff,

v.                                                                         Civil Action No. 2:18cv530

NORFOLK SOUTHERN RAILWAY
COMPANY, NORFOLK & PORTSMOUTH
BELT LINE RAILROAD COMPANY,
JERRY HALL, THOMAS HURLBUT,
PHILIP MERILLI, and CANNON MOSS,

         Defendants.

## DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Norfolk Southern Railway Company ("Norfolk Southern" or "NSR"), by counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, states as follows for its objections and responses to Plaintiff CSX Transportation, Inc.'s ("CSXT") First Interrogatories.

## RESERVATION OF RIGHTS

Norfolk Southern's Objections are made following a good faith and reasonable inquiry. Norfolk Southern reserves the right to supplement these Objections as this case progresses and additional information becomes known, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. Norfolk Southern's Objections should not be construed as an admission that the information sought by the underlying Interrogatory is relevant or admissible as evidence in the trial of this matter or in any other proceeding. Norfolk Southern reserves the right to object on any grounds, at any time, to the admission as evidence of any Interrogatory, Objection

or Answer thereto, as well as to the admission as evidence of any documents produced in connection with said Interrogatory, Objection or Answer thereto, in the trial of this matter or in any other proceeding.

Norfolk Southern's Objections to Plaintiff CSXT's First Set of Interrogatories served November 7, 2019 is included herein for ease of reference.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Norfolk Southern objects to Plaintiff's Definition 1 regarding the term "Communication" on the grounds that the term "data" is vague and ambiguous with respect to the specific information it seeks.  Norfolk Southern objects to the extent this definition seeks discovery regarding electronically stored information (ESI) that is ephemeral in nature, such as temporary computer files, log/history files, or file fragments, as preservation of, and discovery about, such things is not proportional to the needs of the case.  Norfolk Southern objects to Plaintiff's definition as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent Plaintiff purports to include system information not created by human operators, such as caches, cookies, or logs, or otherwise seeks to require Norfolk Southern to record and/or provide discovery regarding records and information that are not ordinarily captured and/or are overwritten in the ordinary course of operating Norfolk Southern's computing systems. Fed. R. Civ. P. 26(b)(1). Norfolk Southern further objects to the extent that this definition purports to require discovery regarding information beyond that which is agreed to in the ESI Order.

2.      Norfolk Southern objects to Plaintiff's Definition 3 regarding the term "Describe" on the grounds that it is overly broad, unduly burdensome, and not reasonably tailored to elicit discovery relevant to the claims and defenses in this case.  Norfolk Southern further objects on the grounds that it would be unduly burdensome to provide such detailed information for all

discoverable information in this case. Finally, Norfolk Southern objects to this definition to the extent it purports to call for information more properly requested via separate Interrogatory.

3.      Norfolk Southern restates and incorporates its objection to Plaintiff's Definition 1 regarding the term "Communication" and applies the same to Plaintiff's Definition 4 regarding the term "Document." In addition, Norfolk Southern objects to the inclusion of "copies" and "drafts" in Plaintiff's Definition of "Document" on the grounds that copies and drafts are not universally relevant to the claims and defenses of a case and are likely to be cumulative or duplicative. To the extent that a copy or draft is not a business record stored in a central repository in Norfolk Southern's ordinary course of business, discovery regarding "copies" and/or "drafts" would not be proportional to the needs of this case. Fed. R. Civ. P. 26(b)(2). Norfolk Southern objects to Plaintiff's Definition 4 insofar as the inclusion of "email messages" and "text messages" seek information that bears no relevance to the claims and defenses in this case, or which are not reasonably accessible to Norfolk Southern in its ordinary course of business. Norfolk Southern further objects to the extent that this definition purports to require discovery regarding information that the Parties have specifically agreed to exclude in the ESI Order.

4.      Norfolk Southern restates and incorporates its objection to Plaintiff's Definition 4 regarding the term "Document" and applies the same to Plaintiff's Definitions 6 and 7 regarding the term "Identify" when used in reference to a "Document" or "Communication." Norfolk Southern further objects to these definitions on the grounds that it would be unduly burdensome to provide such detailed information for all discoverable "documents" and "communications" in this case. Further, Norfolk Southern objects that Plaintiff's Definition is vague and ambiguous, particularly with respect to ESI. For example, the "type" of a Microsoft Word file may fairly be described as a "word-processing file" or a "letter." Norfolk Southern also objects to Plaintiff's

Definitions 6 and 7 insofar as it seeks the "location" of discoverable "documents" and "communications." There are multiple ways that ESI may be held, stored, or used together by one or multiple custodians, such as on a personal or shared hard drive, in a container file, or in a database, and Norfolk Southern cannot reasonably catalogue and describe the information regarding any myriad of ways ESI may be held, stored, or used together by one or multiple custodians without undue burden. Fed. R. Civ. P. 26(b)(2). Finally, Norfolk Southern objects to these definitions to the extent they purport to call for information more properly requested via separate Interrogatory.

5.      Norfolk Southern objects to Plaintiff's Definition 9 regarding the term "identify" when used in reference to a "natural person" insofar as it seeks "residential" addresses. Such information is personally-identifiable information sought in violation of those individuals' constitutional right to privacy. To the extent required to address the claims and defenses at issue in this case, the business addresses of natural persons will be sufficient to identify and contact potential witnesses.

6.      Norfolk Southern objects to Plaintiff's Definition 15 regarding the terms "You" and "Your" to the extent it purports to encompass legally distinct entities that are not parties to this litigation on the grounds that such entities bear no relevance to the claims and defenses in this litigation. Norfolk Southern further objects to Plaintiff's Definition 15 to the extent it purports to impose an obligation on Norfolk Southern to provide discovery from "former officers, management, directors, employees, agents, attorneys, and representatives" that are not reasonably accessible. Fed. R. Civ. P. 26(b)(2). Norfolk Southern also objects to the inclusion of its "attorneys" in this definition to the extent it would require the disclosure of information protected from discovery by the attorney-client privilege, work product doctrine, or other privileges

4

recognized by law.

7.      Norfolk Southern objects to Plaintiff's Instructions 6 and 7 insofar as they purport to impose obligations that exceed those set forth in Fed. R. Civ. P. 26(b)(5). Norfolk Southern will withhold privileged and/or protected material and describe the same in accordance with the Federal Rules of Civil Procedure and substantive law.

**Interrogatories**

1.      Identify all persons whom you believe may have knowledge or information concerning the subject matter of the Lawsuit and with respect to each person and summarize the information you believe to be known to that person.

**OBJECTION:**

Norfolk Southern objects to Plaintiff's Interrogatory 1 on the grounds that it is overly broad, unduly burdensome and calls for speculation to the extent it asks Norfolk Southern to identify any of its hundreds of employees, contractors, or agents, not to mention third parties, who "may" have knowledge about the subject matter of this lawsuit. Moreover, it would be unduly burdensome for Norfolk Southern to summarize all information that might be "known to" any of those hundreds of individuals. Norfolk Southern objects that this Interrogatory is improperly duplicative and cumulative of the parties' discovery obligations imposed by Fed. R. Civ. P. 26(a)(1). Norfolk Southern further objects that this Interrogatory is an improper so-called "blockbuster" interrogatory, which courts routinely strike as overly broad "indiscriminate sweeps" that would require the responding party "to provide in essence a running narrative or description of the entire case, together with identification of all knowledgeable persons and supporting documents." *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186-87 (D. Kan. 1997).

**ANSWER:**

Subject to, and without waiving, its previously asserted objections, the following persons may have knowledge relating to the claims and defenses in this Lawsuit. Those persons with an Entity Affiliation of "NSC" (Norfolk Southern Corporation) provide services to NSR pursuant to a management services agreement between NSR and NSC.

| Persons with Knowledge | Entity Affiliation | NPBL Board Affiliation | Likely Knowledge and Corporate Position(s) |
|---|---|---|---|
| Allan, James ("Jim") | CSXT | | Mr. Allan likely has knowledge regarding CSXT's network planning and joint facilities. Mr. Allan is a former director of Network Planning, Joint Facilities. |
| Allison, C.H. ("Jake") | NSC | NPBL Director (April 2009-Dec. 2013; April 2019-Aug. 2019) | Mr. Allison likely has knowledge regarding NPBL's operations and finances during the term of his NPBL board service. While at NSC, Mr. Allison held the following positions: *VP and Controller* (April 2009 – Nov. 2013) *VP-Audit and Compliance* (Nov. 2013-Feb. 2017) *VP and Treasurer* (Feb. 2017-current) |
| Armbrust, Steven | CSXT | NPBL Director (April 2010-June 2015) | Mr. Armbrust likely has knowledge regarding CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, the operations of NPBL, service proposals made by CSXT to NPBL, and the pre-suit demand made to NSR. |
| Booth, Cary G. | Retired NSC | | Mr. Booth likely has knowledge of NSR's intermodal and terminal operations. Mr. Booth also likely has knowledge regarding CSXT access to NIT in or around 2015. Mr. Booth served as Assistant Vice President of Intermodal Operations while at NSC. |
| Booth III, John N. | CSXT | | Mr. Booth likely has knowledge regarding drafted and/or sent correspondence attached to the Complaint on behalf of CSXT. Mr. Booth serves as Director of Joint Facilities for CSXT on or around July 19, 2010. |

| Persons with Knowledge | Entity Affiliation | NPBL Board Affiliation | Likely Knowledge and Corporate Position(s) |
|---|---|---|---|
| Boyle, Edward F. | NSC | NPBL Director (Aug. 2019-present) | Mr. Boyle likely has knowledge regarding engineering at NSR.  Mr. Boyle has served as NSC's Vice President – Engineering from May 2019 to present. |
| Brand, Saby M. | NSC | | Ms. Brand likely has knowledge regarding NSR's intermodal network in the Eastern United States.  Ms. Brand serves as NSC's Manager Interline Services. |
| Burns, Michael S. | CSXT | NPBL Director | Mr. Burns likely has knowledge related to NPBL's operations and CSXT's relationship with NPBL. |
| Coleman, Donna | NPBL | | Ms. Coleman likely has knowledge regarding NPBL's corporate structure and operations. While at NPBL, Ms. Coleman held the following positions:  Vice President of NPBL, Corporate Secretary and Comptroller (April 2007-current); Secretary and Comptroller (Dec. 2005-2007). |
| Dideo, Tony | CSXT | | Mr. Dideo likely has knowledge regarding CSXT's intermodal operations.  Mr. Dideo serves as CSXT's Director, Intercarrier Management. |
| Drake, Timothy J. | NSC (Retired 10/31/12) | NPBL Director (April 2007-Oct. 2012) | Mr. Drake likely has knowledge regarding engineering at NSR.  While at NSC, Mr. Drake serves as Vice President – Engineering (April 2007-October 2012). |
| Eliasson, Fredrik | CSXT | NPBL Director | Mr. Eliasson likely has knowledge regarding CSXT's intermodal operations.  Mr. Eliasson formerly served as CSXT's CFO and Chief Sales and Marketing Officer. |

| Persons with Knowledge | Entity Affiliation | NPBL Board Affiliation | Likely Knowledge and Corporate Position(s) |
|---|---|---|---|
| Elkins, Ed | NSC | | Mr. Elkins likely has knowledge regarding NSR's intermodal network in the Eastern United States. Mr. Elkins was formerly Group Vice President, International and presently serves as Vice President - Industrial Products. |
| Evans, Terry | Retired NSC (12/31/17) | NPBL Director (Nov. 2012-Dec. 2017) | Mr. Evans likely has knowledge regarding NSR's intermodal network in the Eastern United States.  While at NSC, Mr. Evans held the following positions:<br><br>*VP-Operations, Planning and Budget* (April 2002-Feb. 2009)<br>*VP-Process Engineering* (Feb. 2009 – Nov. 2012)<br>*VP-Transportation* (Nov. 2012 – Dec. 2017) |
| Farless, Leslie S | NSC | | Ms. Farless likely has knowledge regarding NSC's subsidiary records.  Ms. Farless serves as NSC Manager – Subsidiary Records & Planning. |
| Foote, James M. | CSXT | | Mr. Foote likely has knowledge with respect to CSXT's interactions with NPBL and the VPA regarding access to and from NIT.  Mr. Foote is the CEO of CSXT. |
| Friedmann, John H. | NSC | | Mr. Friedmann likely has knowledge regarding NSR's intermodal network in the Eastern United States.  Mr. Friedmann may also have knowledge of NPBL shareholder meetings. While at NSC, Mr. Friedmann has held the following positions:<br>*VP-Strategic Planning* (May 2008 – Jan. 2018)<br>*VP-Network Operations and Strategic Planning* (Jan. 2018 – April 2018)<br>*VP-Network Operations* (April 2018 – Jan. 2019)<br>*VP Network Planning and Optimization* (Jan. 2019-current) |

| Persons with Knowledge | Entity Affiliation | NPBL Board Affiliation | Likely Knowledge and Corporate Position(s) |
|---|---|---|---|
| Girardot, Rob | CSXT | | Mr. Girardot likely has knowledge regarding CSXT's corporate direction and strategy.  Mr. Girardot serves as CSXT's Director, Strategy & Analytics, Intermodal. |
| Glassman, Andrew I. | CSXT | NPBL Director (Oct. 4, 2013-Oct. 4, 2018) | Mr. Glassman likely has knowledge relating to NPBL's Board of Directors. |
| Gooden, M.D. | NSC | | Mr. Gooden likely has knowledge about NPBL's corporate structure and operations.  Mr. Gooden served as NPBL's President and General Manager (Dec. 2005-April 2009). |
| Hall, Jerry W. | Retired NSC | NPBL Director (Feb. 2018-Nov. 2018) | Mr. Hall likely has knowledge regarding NSR's intermodal network in the Eastern United States.  Mr. Hall is a retired employee of NSC.  While at NSC, he held the following positions:<br>*VP-Intermodal Operations* (March 2013 - Nov. 2013)<br>*VP-Network and Service Management* (Nov. 2013- March 2017)<br>*VP-Mechanical* (March 2017 – Jan. 2018)<br>*VP-Transportation* (Jan. 2018 – Dec. 2018 |
| Heller, Jeffrey S. | NSC | | Mr. Heller likely has knowledge regarding NSR's relationship with NPBL.  Mr. Heller also likely has knowledge relating to NSC sales and marketing efforts relating to moving customers in or out of NIT.  Mr. Heller also has knowledge of CSXT rate proposals in 2010 and 2018.  Mr. Heller currently serves as Vice President Intermodal and Automotive |
| Hobbs, Tony L. | NPBL | | Mr. Hobbs likely has knowledge regarding the corporate governance of NPBL.  He served as NPBL Assistant Secretary (April 1995-2006/2007). |

| Persons with Knowledge | Entity Affiliation | NPBL Board Affiliation | Likely Knowledge and Corporate Position(s) |
|---|---|---|---|
| Houfek, Ryan | CSXT | | Mr. Houfek likely has knowledge regarding CSXT's corporate sales and marketing efforts. Mr. Houfek was formerly CSXT Assistant Vice President Sales and Assistant Vice President Marketing.  Mr. Houfek is with currently with Direct ChassisLink, Inc. |
| Hunt, Randall W. | NSC | | Mr. Hunt likely has knowledge regarding NSR's relationship with NPBL, including trackage rights agreements between the companies.  While at NSC, Mr. Hunt has had the following positions:  Senior Director Interline Management Department, part of Network Planning and Optimization. |
| Hurlbut, Thomas E. | NSC | NPBL Director (December 2013 - August 2019) | Mr. Hurlbut likely has knowledge regarding NPBL's operations and finances during the term of his NPBL board service.  Mr. Hurlbut has held the following positions with NSC: AVP Network Planning and Optimization Profitability (current), *AVP Corporate Accounting* (?-2008), *AVP Internal Audit* (2008- Feb. 2010), *VP-Audit and Compliance* (Feb. 2010 – Nov. 2013), *VP and Controller* (Nov. 2013 – Dec. 2018). |
| Joyner, Kenneth E ("Ken") | NSC | | Mr. Joyner likely has knowledge regarding NSR's intermodal network in the Eastern United States.  Mr. Joyner has held the following positions with NSC:  VP International Marketing and Sales (current), GVP International Intermodal & Automotive, Director Marketing: Coal. |
| Kendall, Quintin | CSXT | NPBL Director | Mr. Kendall likely has knowledge regarding CSXT's relationship with the NPBL.  He formerly held the following role at CSXT: VP State Government & Community Affairs. |

| Persons with Knowledge | Entity Affiliation | NPBL Board Affiliation | Likely Knowledge and Corporate Position(s) |
|---|---|---|---|
| Kenney, Maryclare | CSXT | | Ms. Kenney likely has knowledge regarding CSXT's relationship with the NPBL.  She holds the following role at CSXT: VP Intermodal & Automotive |
| Lafferty, Joshua E. | NSC | NPBL Director (Aug. 2019-present) | Mr. Lafferty likely has knowledge regarding transportation and operations at NSR.  Mr. Lafferty has held the following positions with NSC:  AVP Operations, Network Planning and Optimization, ATL (current); *Division Superintendent*, Roanoke (when elected 8/2019) |
| Luebbers, Chris D. | NSC | | Mr. Luebbers likely has knowledge regarding NSR's intermodal network in the Eastern United States.  Mr. Leubbers is currently Director – Intermodal. |
| Manion, Mark D. | NSC (Retired 2/1/16) | NPBL Director (Feb. 2001-March 2010) | Mr. Manion likely has knowledge regarding NPBL's operations. Mr. Manion has held the following positions with NSC:  *EVP Operations* (Oct. 2004–April 2009); and *EVP and COO* (April 2009–Feb. 2016). |
| Marcus, Randolph | CSXT | | Mr. Marcus likely has knowledge regarding CSXT's relationship with the NPBL.  He holds the following role at CSXT: Director, State Relations. |
| Martinez, Rob | NSC | | Mr. Martinez likely has knowledge regarding NSR's intermodal network in the Eastern United States.  Mr. Martinez has held the following positions with NSC:  VP of Business Development and Real Estate (May 2015-current); VP Business Development (Dec. 2003-May 2015). |

| MacDonald, Tony | CSXT | | Mr. MacDonald likely has knowledge regarding CSXT's relationship with the NPBL. He is the former Terminal Manager, CSX Intermodal Terminals, Inc. |
|---|---|---|---|
| McClellan, Michael R. ("Mike") | NSC | | Mr. McClellan likely has knowledge regarding NSR's intermodal network in the Eastern United States.  Mr. McClellan has held the following positions with NSC:  VP of Strategic Planning (April 2018-present), VP Industrial Products (July 2013-April 2018), VP Intermodal and Automotive Marketing (2000 to July 2013). |
| McLemore, Liesl J. | NSC | | Ms. McLemore likely has knowledge regarding costing at NSR.  Ms. McLemore has the following position with NSC:  AVP Market Research and Forecasts.  She was previously in the costs department. |
| Merilli, Philip | NSC (retired) | NPBL Director (Dec. 2015-April 2019) | Mr. Merilli likely has knowledge regarding the NPBL's operations. Mr. Merilli formerly held the position of VP of Engineering at NSC (Oct. 2015-April 2019).  He retired on April 30, 2019. |
| Moss, Cannon | NPBL | NPBL Director | Mr. Moss likely has knowledge regarding the NPBL's operation.  Mr. Moss serves as the NPBL President and General Manager (2011 to present) and is a Director of NPBL. |
| O'Brien, William | NPBL | | Mr. O'Brien likely has knowledge regarding the NPBL's relationship with both CSXT and NSC.  Mr. O'Brien serves as NPBL's Vice President of Operations (April 2017-present). |

| | | | |
|---|---|---|---|
| Nelson, Amanda L. | NSC | | Ms. Nelson likely has knowledge regarding NSR's intermodal network in the Eastern United States.  Ms. Nelson has the following position with NSC:  Director of International Intermodal Marketing, and Group Manager International Intermodal Marketing |
| Nelson, P.D. | NPBL | | Mr. Reeder likely has knowledge regarding the NPBL's relationship with both CSXT and NSC.  Mr. Reeder served as NPBL's Treasurer (April 1999-Sept. 2011). |
| Noe, Randy, S. | NSC | | Mr. Noe likely has knowledge regarding NSR's trackage rights agreements with NPBL. Mr. Noe has the following position with NSC: AVP Regulatory Affairs, and was formerly General Counsel – Commerce.  By identifying Mr. Noe in this response, NSC does not waive, and expressly preserves, all applicable protections and privileges, including, but not limited to, the attorney-client privilege and the attorney work-product doctrine. |
| Reeder, Adam | NPBL | | Mr. Reeder likely has knowledge regarding NPBL operations. Mr. Reeder served as NPBL's Trainmaster. |
| Reinhart, John F. | VPA | | Mr. Reinhard likely has knowledge regarding intermodal transportation involving the Port of Virginia.  Mr. Reinhart is the CEO and Executive Director of Virginia Port Authority. |
| Romig, William J. | NSC (Retired 3/2009) | NPBL Director (May 1992-March 2009) | Mr. Romig likely has knowledge regarding NPBL's operations and NSR's intermodal network in the Eastern United States.  At NSC, Mr. Romig held the following role: VP & Treasurer (1992-2009). |

| | | | |
|---|---|---|---|
| Sears, Rachel | NPBL | | Ms. Sears likely has knowledge regarding NPBL's relationship with both CSXT and NSC.  Ms. Sears servs as NPBL's Treasurer (Sept. 2011-present). |
| Slinger, Jeff H. | NSC | NPBL Director (Dec. 2018-April 2019) | Mr. Slinger likely has knowledge regarding NPBL's operations.  Mr. Slinger retired on April 30, 2019. Previously he served as AVP Transportation at NSC. |
| Stinson, David | NSC | | Mr. Stinson likely has knowledge regarding NPBL's operations.  Mr. Stinson served as NPBL's President and General Manager (approx. 2008 to 2011). At NSC, Mr. Stinson holds the following position: Division Superintendent in the Transportation Department. |
| Strongosky, John ("Jay") | CSXT | | Mr. Strongosky likely has knowledge regarding NPBL's operations and NSR's intermodal network in the Eastern United States.  Mr. Strongosky has the following position with NSC: Director, Sales & Marketing, Intermodal. |
| Summy, Greg E. | NSC | | Mr. Summy likely has knowledge regarding NSR's agreements with NPBL and NPBL's operations.  Mr. Summy has served as legal counsel to NSC throughout the relevant time period.  By identifying Mr. Summy in this response, NSC does not waive, and expressly preserves, all applicable protections and privileges, including, but not limited to, the attorney-client privilege and the attorney work-product doctrine. At NSC, Mr. Summy has held the following roles: General Solicitor; Counsel to NSC employees on NPBL Board; Counsel to NSC Intermodal Marketing team; and NSC shareholder representative at NPBL annual meetings. |

| Swafford, Jermaine L. | CSXT | NPBL Director (October 4, 2013 - October 4, 2018) | Mr. Swafford likely has knowledge regarding CSXT's relationship with the NPBL and NSC. Mr. Swafford held the following position at CSXT: VP of Transportation (2016-2017) |
|---|---|---|---|
| Tuttle, John | CSXT | | Mr. Tuttle likely has knowledge regarding CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, the operations of NPBL, service proposals made by CSXT to NPBL, and the pre-suit demand made to NSC.  Mr. Tuttle held the following position at CSXT: Former Director of Intermodal Marketing. |
| Warren, Carl | CSXT | | Mr. Warren likely has knowledge regarding CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, the operations of NPBL, service proposals made by CSXT to NPBL, and the pre-suit demand made to NSC.  Mr. Warren holds the following position at CSXT: Director, Port Business Development. |
| Wheeler, Mike | NSC | NPBL Director (March 2010- Dec. 2015) | Mr. Wheeler likely has knowledge regarding NPBL's operations.  Mr. Wheeler has the following position with NSC: *VP-Transportation* (Feb. 2009 – Nov. 2012) *VP-Engineering* (Nov. 2012 – Oct. 2015) *SVP-Operations* (Oct. 2015 – Feb. 2016) Executive VP and Chief Operating Officer (Feb. 2016 – current) |
| Wiesner, Johannes E. | NSC | | Mr. Weisner likely has knowledge regarding NPBL's operations and NSR's intermodal network in the Eastern United States.  Mr. Weisner has the following position with NSC: Intermodal Asset Development Group Manager. |
| Woods, Gary W. | NSC (Retired 4/2007) | NPBL Director (April 2000- April 2007) | Mr. Woods likely has knowledge regarding NPBL's operations. Mr. Woods held the following position with NSC: VP – Engineering (April 2000-April 2007). |

| Young, Jason | CSXT | | Mr. Young likely has knowledge regarding CSXT's relationship with NSR and NPBL. Mr. Young has the following position with CSXT: Senior Manager Intercarrier Agreements/Services. |
|---|---|---|---|
| Zampi, Jason A. | NSC | NPBL Director (Aug. 2019-current) | Mr. Zampi likely has knowledge regarding NPBL's operations and finances during the term of his NPBL board service.  Mr. Zampi has held the following positions with NSC: *AVP Corporate Accounting* (?-Dec. 2018) *VP and Controller* (Dec. 2018 –current) |

NSR incorporates all persons identified by any party's Rule 26(a)(1) disclosures or discovery responses, and all persons identified in any document produced by any party in this case.

2.      Identify and describe all formal or informal agreements or understandings between NS and NPBL that have existed at any point since 2005, whether written or oral.

**OBJECTION:**

Norfolk Southern objects to Plaintiff's Interrogatory 2 to the extent that it seeks information or agreements that are not relevant to the claims and defenses in this litigation.  Norfolk Southern objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome to the extent that it requires Norfolk Southern to identify and summarize "all" "informal" "oral" "understandings" between Norfolk Southern and NPBL, which could include any conversation between them over the course of 14 years, which is disproportionate to the needs of this case. Norfolk Southern objects to this Interrogatory on the grounds that its time frame exceeds what the Parties have agreed to in the ESI Order, and therefore is not proportional to the needs of the case. Norfolk Southern further objects to the extent this Interrogatory seeks discovery regarding

November 22, 2019

Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY**
**COMPANY**

_____/s/Michael E. Lacy_____
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
Tel. (804) 697-1200
Fax (804) 698-6061
alan.wingfield@troutmansanders.com
michael.lacy@troutmansanders.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone: (757) 687-7759
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: Kathleen.knudsen@troutman.com

Monica McCarroll (VSB No. 45622)
REDGRAVE LLP
14555 Avion Parkway, Suite 275
Chantilly, Virginia 20151
Telephone: (703) 592-1154
Facsimile: (703) 230-9859
Email: MMcCarroll@redgravellp.com

_Counsel for Defendant Norfolk_
_Southern Railway Company_

## **CERTIFICATE OF SERVICE**

I certify that on November 22, 2019, a true and correct copy of the foregoing was served

by electronic mail on the following:

        Robert W. McFarland, Esq.
        Benjamin L. Hatch, Esq.
        Jeanne E. Noonan, Esq.
        MCGUIREWOODS LLP
        101 W. Main St., Ste. 9000
        Norfolk, VA 23510-1655
        757-640-3716
        757-640-3930 Fax
        rmcfarland@mcguirewoods.com
        bhatch@mcguirewoods.com
        jnoonan@mcguirewoods.com

        *Counsel for CSX Transportation, Inc.*

        James L. Chapman, Esq.
        W. Ryan Snow, Esq.
        Darius K. Davenport, Esq.
        David C. Hartnett, Esq.
        CRENSHAW, WARE & MARTIN, P.L.C.
        150 W. Main St., Ste. 1500
        Norfolk, VA 23510
        757-623-3000
        757-623-5735 Fax
        jchapman@cwm-law.com
        wrsnow@cwm-law.com
        ddavenport@cwm-law.com
        dhartnett@cwm-law.com

        *Counsel for Norfolk & Portsmouth Belt Line*
        *Railroad Company*

Hugh M. Fain III, Esq.
M.F. Connell Mullins Jr., Esq.
John M. Erbach, Esq.
SPOTTS FAIN P.C.
411 E. Franklin St., Ste. 600
Richmond, VA 23219
804-697-2000
804-697-2100 Fax
hfain@spottsfain.com
cmullins@spottsfain.com
jerbach@spottsfain.com

*Counsel for Jerry Hall, Thomas Hurlbut, and Philip Merilli*

W. Edgar Spivey, Esq.
Clark J. Belote, Esq.
KAUFMAN & CANOLES, P.C.
150 W. Main St., Ste. 2100
Norfolk, VA 23510
757-624-3000
888-360-9092 Fax
wespivey@kaufcan.com
cjbelote@kaufcan.com

*Counsel for Cannon Moss*

        /s/Michael E. Lacy
Michael E. Lacy (VSB No. 48477)
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
Tel. (804) 697-1200
Fax (804) 698-6061
michael.lacy@troutmansanders.com

40433016v3

34