IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

v.                                                                                      Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.

_____/

**CSX TRANSPORATION, INC.'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO FILE DOCUMENTS UNDER SEAL**

COMES NOW Plaintiff CSX Transportation, Inc. ("CSXT"), by counsel, and respectfully submits this Memorandum in Support of its Motion to Seal its unredacted Memorandum in Support of its Motion to Reopen and Compel Depositions of Defendant Norfolk Southern Railway Company ("NSR"), and Exhibits J, K, L, M, and N thereto (collectively the "Exhibits"). The unredacted Memorandum and the Exhibits contain highly confidential, proprietary, and sensitive business information, release of which would harm NSR. As such, CSXT asks that the Court grant the Motion and file under seal an unredacted version of the Memorandum and Exhibits.

**ARGUMENT**

**A.    The Ashcraft Requirements Have Been Properly Satisfied**

In *Ashcraft et al. v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), the Fourth Circuit held that the district court's underlying order sealing settlement documents was invalid because the district court had not complied with relevant precedent. *Id*. at 302. The *Ashcraft* court relied on two earlier Fourth Circuit cases when setting forth the procedures for sealing court documents: *In re*

1

*Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984) and *Stone v. Univ. of Maryland*, 855 F.2d 178 (4th Cir. 1988). According to the *Ashcraft* court, before a district court may seal court documents it must:

(1) Give public notice of the request to seal and allow interested parties a reasonable opportunity to object;

(2) Consider less drastic alternatives to sealing the documents; and

(3) Provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft*, 218 F.3d at 288. Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight*, 743 F.3d at 235. As presented in more detail below, filing CSXT's Memorandum and Exhibits under seal is appropriate.

### 1. Public Notice Has Been Provided

In compliance with Local Civil Rule 5(C) and *Ashcraft*, CSXT has provided public notice of this Motion by filing an appropriate Notice with the Court. This Notice will notify members of the public of the fact that the Court will be considering the permissibility of the sealing CSXT's Memorandum and the Exhibits. *See In re Knight*, 743 F.2d at 235 (stating that "public was entitled to notice of counsel's request to seal, and an opportunity to object to the request before the court made its decision").

### 2. There Are No Less Drastic Alternatives

CSXT does not seek a blanket protective order, sealing the Memorandum and all exhibits thereto. Instead a "less drastic" alternative is sought—namely that the unredacted Memorandum and only five exhibits be sealed—consistent with the highly confidential nature of the information contained therein.

### 3.     Specific Reasons Why the Memorandum and Exhibits Should Be Filed Under Seal

CSXT seeks to seal documents produced by NSR that NSR has designated as "Confidential" or "Confidential – Attorney's Eyes Only." Accordingly, under the Stipulated Protective Order, CSXT now seeks the sealing of the confidential documents filed with the Court. The Exhibits contain confidential business information related to NSR's transportation and shipping practices and strategies, along with other highly confidential, proprietary, and sensitive business information, the release of which would substantially harm NSR, and the redacted portions of the Memorandum describe this information. The potential harm to NSR resulting from public disclosure of its business information outweighs any prejudice to the general public caused by nondisclosure of the information contained in the Memorandum and the Exhibits. Specifically:

Exhibit J is an internal NSR communication outlining NSR's commercial strategy related to Norfolk-area ports. NSR designated this document "Confidential" under the parties' Protective Order.

Exhibit K is an internal NSR presentation outlining business strategy related to NSR's international intermodal operations. NSR designated this document "Confidential – Attorneys' Eyes Only" under the parties' Protective Order.

Exhibit L is an email between NSR and one of its international intermodal customers, describing the parties' contractual negotiations. NSR designated this document "Confidential – Attorneys' Eyes Only" under the parties' Protective Order.

Exhibit M is a compilation of emails, including internal NSR strategy discussions and also communications between NSR and the Port of Virginia and Commonwealth Railway regarding the parties' contractual negotiations. NSR designated these documents "Confidential – Attorneys' Eyes Only" under the parties' Protective Order.

Exhibit N is a compilation of documents, including internal NSR email communications regarding strategy, draft talking points and draft letters, and internal memorandums reflecting NSR's commercial strategy as related to Norfolk-area ports. NSR designated these documents "Confidential – Attorneys' Eyes Only" under the parties' Protective Order.

Given the nature of the confidential information contained therein, redaction of these Exhibits is impractical.

In sum, the harm resulting to NSR from the disclosure of the information in the unredacted Memorandum and the Exhibits outweighs any prejudice of nondisclosure.

## CONCLUSION

For the foregoing reasons, CSXT respectfully requests that the Court grant CSXT's Motion to Seal its unredacted Memorandum in Support of its Motion to Reopen and Compel Depositions of Defendant Norfolk Southern Railway Company, together with Exhibits J, K, L, M, and N thereto.

Dated: July 24, 2020

Respectfully submitted,

**CSX TRANSPORTATION, INC.**
*By Counsel*

/s/ Robert W. McFarland
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)

4

        Ashley P. Peterson (VSB No. 87904)
        MCGUIREWOODS LLP
        Gateway Plaza
        800 East Canal Street
        Richmond, Virginia  23219-3916
        Telephone:  (804) 775-1000
        Facsimile:  (804) 698-2026
        E-mail: bjustus@mcguirewoods.com
        E-mail: apeterson@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that on this 24th day of July, 2020, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

/s/ Robert W. McFarland
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com