IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

        Plaintiff,

v.                                                                Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

        Defendants.

_____/

**CSX TRANSPORTATION INC.'S MEMORANDUM IN RESPONSE TO NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S MOTION TO SEAL**

Plaintiff CSX Transportation, Inc. ("CSXT"), by counsel, pursuant to Local Civil Rule 5(C) and Local Civil Rule 7(F), hereby submits this Memorandum in Response to the Motion to Seal filed by Defendant Norfolk and Portsmouth Belt Line Railroad Company ("NPBL"). *See* ECF No. 197. CSXT does not object to NPBL's Motion to Seal, and joins NPBL in its request that NPBL be permitted to file an unredacted version of its Memorandum in Support of its Motion to Compel and certain Exhibits thereto, under seal. See ECF Nos. 200, 201. A proposed order is attached hereto. In support, CSXT states as follows:

**INTRODUCTION**

On July 24, 2020, NPBL filed its Motion to Seal, requesting that portions of its Memorandum in Support of its Motion to Compel, and certain accompanying Exhibits be maintained under seal by the Clerk of this Court, pending further order of the Court. ECF No. 197. Therewith, NPBL filed a Memorandum in Support of its Motion to Seal ("Memorandum")

1

and accompanying Notice in accordance with Local Civil Rule 5.  ECF Nos. 198, 199.  As NPBL made clear, the portions of its Memorandum and Exhibits designated for sealing contain and/or reference information CSXT has designated as "Confidential" or "Attorneys Eyes Only" under the Stipulated Protective Order entered in this matter.  ECF No. 198.

Pursuant to the Stipulated Protective Order, CSXT designated documents and discovery material in this matter as "Confidential" if the documents or material contained "confidential, non-public financial, sales, marketing, customer or cost/pricing information, and confidential and proprietary internal business, strategic planning, or tactical information, as well as any other information or record that the Producing Party believes in good faith must or may be protected from disclosure."  ECF No. 79, ¶ 2.  Similarly, CSXT designated documents and discovery material as "Confidential – Attorneys' Eyes Only" if the material qualified for designation as "Confidential" and if disclosure to the Parties "would create a substantial risk of serious injury" to CSXT.  *Id.*

CSXT has reviewed the portions of the Memorandum and Exhibits NPBL asks the Court to seal.  These documents, comprised of pages 5, 6, 7, 8, 9, 10, and 11 of the Memorandum and Exhibits A, B, D, G, and H (collectively, "the Sealed Materials"), consist of, or relate to, documents or information CSXT designated as Confidential or "Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order.[1]  Accordingly, CSXT seeks to have unredacted version of the Memorandum and Exhibits permanently filed under seal.  Permanent sealing of these materials is necessary to protect against the prejudice to CSXT that would result from public disclosure.

---

[1]  Exhibit H contains only information designated by Defendant Norfolk Southern Railway Company as "Confidential" or "Confidential – Attorneys' Eyes Only."  However, CSXT does not oppose the filing of Exhibit H under seal.

As discussed below, the Sealed Materials contain non-public, commercially sensitive information. This information relates directly to CSXT's internal strategy and business decisions relating to the Port of Virginia and Defendant NPBL. In an antitrust case such as this, the protection of this information is of special importance. Indeed, it is critical that CSXT shield this information from the Defendants in this case, its customers, entities with whom CSXT has business relationships, and the public at large. Further, the Sealed Materials contain confidential and proprietary information relating to privileged and confidential communications. CSXT therefore has legitimate interests warranting an order granting the sealing of the unredacted Memorandum in Support of the Motion to Compel, and Exhibits A, B, D, G, and H thereto, and respectfully asks this Court to restrict access accordingly.

## LEGAL STANDARD

The common law right of the public to inspect judicial records and documents is not absolute. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). This right of access may be outweighed by competing interests, including the prevention of harm that may result if a litigant's confidential business information or trade secrets were disclosed to the public. *See id.* Under those circumstances, courts may allow parties to file certain materials under seal. Before sealing, a district court must (1) afford any interested parties the opportunity to be heard, (2) state the reasons for its decision to seal, and (3) state the reasons for rejecting any alternatives to sealing. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000); *see also In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *Kettler Int'l, Inc. v. Starbucks Corp.*, Civil Action No. 2:14cv189, 2015 U.S. Dist. LEXIS 1486, at *2–4 (E.D. Va. Jan. 5, 2015) (Morgan, J.) (granting motion to seal "confidential business information").

**ARGUMENT**

The Court should permanently seal the Sealed Materials because NPBL has satisfied all three *Ashcraft* conditions. The public has notice of the Motion to Seal through NPBL's Notice filing on the Court's public docket. ECF No. 199. There are no less drastic alternatives because the information contained within the Sealed Materials is comprised of CSXT's confidential information. The request is narrowly-tailored to limited, discrete portions of the Memorandum and a small number of Exhibits. Finally, the public release of such information poses a serious risk of harm to CSXT. The attached Proposed Order also details why the Sealed Materials contain CSXT's confidential and highly sensitive business information, in compliance with Local Civil Rule 5(C).

### I. All Interested Parties Will Be Heard.

All interested parties, including the general public, have been afforded the opportunity to be heard with respect to the Sealed Materials. On July 24, 2020, NPBL filed a Notice indicating its Motion to Seal was filed. *See* ECF No. 199. As Local Civil Rule 5(C) contemplates, this Notice informs "any person objecting to the motion" that they may file an objection to that effect with the Clerk. E.D. Va. L.R. 5(C). The first *Ashcraft* requirement is therefore satisfied.

### II. No Less Drastic Alternatives.

There is no less drastic alternative to sealing in this instance. NPBL filed a redacted version of the Memorandum and seeks to seal the unredacted version, as well as certain accompanying Exhibits. These documents include CSXT's confidential information that should not be disclosed to the public, and, in certain instances, highly sensitive confidential information that should not be made available to the Defendants in this action. NPBL's Memorandum discusses and characterizes the substance of CSXT's written discovery responses, conferral with NPBL regarding CSXT's written discovery responses as well as certain CSXT business communications.

The Exhibits include CSXT's written discovery responses, conferral with NPBL regarding CSXT's written discovery responses as well as certain CSXT business communications. The Sealed Materials therefore describe non-public information detailing internal business, strategic planning, and tactical information, designated "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order. NPBL's redactions are limited in scope, to the sections of its Memorandum describing the Exhibits it seeks to seal. The Exhibits consist of documents containing commercially sensitive information, or summaries of such information. Appropriate redactions of these Exhibits is not feasible and such an attempt would render them meaningless.

The second *Ashcraft* factor is met where it is not feasible to redact substantial portions of a memorandum or exhibit. *See Guerrero v. Deane*, No. 1:09cv1313 (JCC/TRJ), 2012 U.S. Dist. LEXIS 125422, at *6–7 (E.D. Va. Sep. 4, 2012) (finding it was "inappropriate to sub-divide the exhibits or order extensive redactions that would render the exhibits indecipherable"). This is not a wide-ranging sealing for all of CSXT's documents. Rather, NPBL has properly sought protection for materials that are truly non-public, proprietary, and commercially sensitive. As the public disclosure of these materials would risk injury to CSXT and its competitive position, there is no less restrictive alternative to the targeted sealing sought by NPBL.

**III. The Non-Public, Proprietary, and Commercially Sensitive Information Warrants Sealing.**

Courts routinely seal documents that contain a party's confidential and commercially sensitive internal business information. *See Kettler Int'l, Inc.*, 2015 U.S. Dist. LEXIS 1486, at *4. For example, confidential commercial information, trade secrets, and financial information are "typically sealed by this Court." *Id.* (citations omitted). As explained below, NPBL's Memorandum and the listed Exhibits contain CSXT's internal, sensitive business information not

5

ordinarily subject to public disclosure.  Moreover, nothing within these documents would "enhance the public's understanding of an important historical event." *In re Knight*, 743 F.2d at 235 (citing *Nixon*, 435 U.S. at 597–608).  The non-public information contained in NPBL's Memorandum in Support of its Motion to Compel and accompanying Exhibits A, B, D, and G is commercially sensitive, and sealing is warranted.

Exhibits A and G are CSXT's written discovery responses and contain non-public information relating to CSXT's highly sensitive commercial business strategy.  Exhibit B is the parties' conferral over those written responses.  Exhibit D includes documents produced by all of the parties as "Confidential" or "Confidential – Attorneys' Eyes Only," and with respect to CSXT, includes confidential business communications.  Likewise, the discussion of these Exhibits in pages 5, 6, 7, 8, 9, 10, and 11 of NPBL's Memorandum in Support of its Motion to Compel relates to the content of these Exhibits.  Courts have granted motions to seal similar information about a party's business strategies and commercial information.  *See, e.g.*, *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-cv-525-AWA-LRL, 2014 U.S. Dist. LEXIS 197060, at *3–4 (E.D. Va. Dec. 22, 2014) (granting motion to seal where "the information Microsoft seeks to file under seal is sensitive business information and Microsoft's competitive position might be impaired if this information is disclosed to the public at large").

Disclosure of Exhibits A, B, D, and G, would reveal details about CSXT's customer and business relationships and competitive strategy not only to Defendants, but also to customers and the general public.  As discussed above, sealing is appropriate because the release of this information would impair CSXT's competitive position.  Accordingly, Exhibits A, B, D, and G, and the related portions of the Memorandum in Support of the Motion to Compel, should remain under seal.

## CONCLUSION

The materials NPBL seeks to seal are non-public, proprietary, and commercially sensitive. There is no countervailing public interest in the disclosure of these materials. Rather, the materials are not accessible to the public, they do not contain information of historical importance, and public disclosure would risk injury to CSXT and its competitive position.

For the foregoing reasons, CSXT respectfully requests that the Court enter an Order granting NPBL's Motion to the extent consistent with the proposed sealing set forth above and in the Proposed Order filed herewith.

Dated: July 31, 2020                               Respectfully submitted,

**CSX TRANPBLPORTATION, INC.**
*By Counsel*

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that on this 31st day of July, 2020, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

/s/ Robert W. McFarland
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

133486471_2