**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

v.                                         Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.

_____/

**[PROPOSED]  ORDER GRANTING NORFOLK AND PORTSMOUTH
BELT LINE RAILROAD COMPANY'S MOTION TO SEAL**

    This matter comes before the Court on the motion of Defendant Norfolk and Portsmouth Belt Line Railroad Company ("NPBL"), pursuant to Local Civil Rule 5(C), to seal portions of its unredacted Motion to Compel (*see* ECF No. 200) and certain Exhibits to that Motion and its Memorandum in Support (ECF No. 201), because they contain and/or reference information that Plaintiff CSX Transportation, Inc. ("CSXT") or Defendant Norfolk Southern Railway Company ("NS") have designated "Confidential" or "Confidential – Attorneys Eyes Only" under the Stipulated Protective Order entered in this matter.  *See* ECF No. 79.  CSXT and NS have filed Responses in Support of the Motion to Seal.

    The Fourth Circuit has established certain steps a district court must take before sealing a court document.  As set forth in *Ashcraft v. Conoco, Inc.*, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual

1

findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted).

The Court FINDS that, in this instance, all of the *Ashcraft* factors weigh in favor of sealing these documents from the public record.

First, the Court finds Defendant NPBL properly filed the Motion to Seal and a Notice, in accordance with Local Civil Rule 5(C). The public was provided a reasonable opportunity to object to the request to seal.

Second, the Court finds that the disclosure of information in the unredacted Memorandum in Support of NPBL's Motion to Compel (ECF No. 201) and Exhibits A, B, D, G, and H to the Motion to Compel would disclose the parties' confidential and sensitive business information, and that no less drastic alternative to sealing is available. The information in the Reply that NPBL seeks to seal relates to documents designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order entered in this matter, and NPBL has filed a redacted version of the Memorandum in Support of the Motion to Compel. Redaction of the Exhibits is not feasible.

Third, the Court finds that the unredacted information in the Memorandum in Support of NPBL's Motion to Compel and the above-referenced Exhibits contain highly confidential and sensitive information relating to CSXT's or NS' internal business, strategic planning, and tactical information, and other highly confidential, proprietary, and sensitive business information. The release of such information would harm CSXT or NS. Accordingly, the Court FINDS that the information NPBL seeks to file under seal is sensitive business information, and CSXT's and NS's competitive position might be impaired if this information is disclosed to the public.

Thus, for good cause shown, it is hereby ORDERED that the Motion to Seal be GRANTED. The Court ORDERS that NPBL's unredacted Memorandum in Support of its Motion to Compel (ECF No. 201) and Exhibits A, B, D, G, and H to the Motion to Compel shall be permanently maintained under seal by the Clerk.

**IT IS SO ORDERED.**

Date: _____

_____