UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., )<br>individually and on behalf of NORFOLK )<br>& PORTSMOUTH BELT LINE )<br>RAILROAD COMPANY, )<br>       )<br>              *Plaintiff*, )<br>       )<br>v.       ) | No. 2:18-cv-530-MSD-LRL |
| )<br>NORFOLK SOUTHERN RAILWAY )<br>COMPANY, *et al.*, )<br>       )<br>              *Defendants*. ) | |

**NORFOLK SOUTHERN RAILWAY COMPANY'S
MEMORANDUM IN SUPPORT OF
MOTION TO FILE DEPOSITION TESTIMONY UNDER SEAL**

Pursuant to Local Civil Rule 5, Defendant Norfolk Southern Railway Company ("NSR"), by counsel, respectfully submits this Memorandum in Support of its Motion to Seal portions of the deposition transcript excerpts attached to NSR's Brief in Opposition to CSX Transportation, Inc.'s ("CSXT") Motion to Reopen and Compel Depositions because the transcripts contain and/or reference information that has been designated "Confidential" or "Highly Confidential" under the Stipulated Protective Order entered in this matter. ECF No. 79, ¶ 16.

### I.   BACKGROUND

On July 24, 2020, CSXT filed a Motion to Reopen and Compel Depositions of NSR witnesses ("Motion to Compel Depositions"), including reopening the depositions of Michael McClellan ("McClellan") and Jeffery Heller ("Heller"). ECF No. 203. On August 7, 2020, NSR filed its Brief in Opposition to CSXT's Motion to Reopen and Compel Depositions. In NSR's

Brief, NSR references deposition testimony by both McClellan and Heller in support of its argument against reopening deposition testimony for either deponent.

NSR seeks to seal these deposition transcripts excerpts. Both McClellan and Heller currently serve as vice presidents of NSR – Heller as Vice President of Intermodal and Automotive and McClellan as Vice President of Strategic Planning. As highly placed executives, both testified in their respective depositions in detail regarding confidential NSR business practices, corporate relationships, and competitive strategy. NSR designated the relevant portions of McClellan's testimony as "Confidential" or "Highly Confidential" pursuant to the Protective Order on March 4, 2020. NSR designated the relevant portions of Heller's testimony as "Confidential" or "Highly Confidential" pursuant to the Protective Order on March 19, 2020. CSXT did not object to these designations. Accordingly, NSR is contemporaneously filing a Motion to Seal the confidential portions of deposition transcript excerpts in accordance with the Protective Order in this case.

## II. ARGUMENT

The Fourth Circuit has established both substantive and procedural requirements that a district court must follow in reviewing a motion to seal materials or testimony. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, the Court must determine the source of the public's right to access and then weigh the appropriate competing interests. *Id*. Procedurally, the district court must: (a) provide notice to the public and give the public an opportunity to object to the sealing, (b) consider less drastic alternatives to sealing, and (c) provide specific findings in support of the decision to seal and the rejection of alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). These prerequisites are satisfied here.

### A.    Sources for public's right of access

The right of the public to access documents or materials filed in a district court derives from two sources – the common law and the First Amendment. *Washington Post*, 386 F.3d at 575. While the common law recognizes a general right to inspect and copy public records and documents, including judicial records and documents, that right is not absolute and courts may properly deny access to court records and files where such access "might become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). Whether to allow access to court records under the common law right of public access is "left to the sound discretion of the court . . . in light of the relevant facts and circumstances of the particular case." *Id*. at 598.

In particular, "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Id*. Thus, the common law presumption of common law access to all judicial records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The Court must weigh the competing public and private interests to determine if the party seeking to overcome the common law presumption in favor of public access has met its burden of showing "some significant interest that outweighs the presumption." *Id*. A corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records." *Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014).

In contrast, the First Amendment to the U.S. Constitution presumes a public right to access only particular judicial records and documents. *Washington Post*, 386 F.3d at 575. While the common law right of access attaches to all judicial records and documents, the First Amendment

3

guarantee of access to civil court proceedings extends only to trial proceedings and to dispositive motions and hearings. *See id.* at 576. Because the materials that NSR seeks to seal have been filed in connection with a non-dispositive motion (NSR's Brief in Opposition to CSXT's Motion to Compel Depositions), only the common law right of access to judicial records applies.

### B. Public notice

NSR has filed a Notice of this Motion to be docketed by the Clerk, which will provide the public with an opportunity to bring objections, if any, to sealing the Confidential Documents. The Court does not need to provide individual notice to the public of each document that is to be sealed. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) ("[W]e believe individual notice is unwarranted."). It is sufficient to docket the notice "reasonably in advance of deciding the issue." *Id.*

### C. Less drastic alternatives

NSR requests sealing of select excerpts from the deposition transcripts of Michael McClellan and Jeffrey Scott Heller because the testimony contains confidential information subject to the disclosure restrictions set forth in this Court's Protective Order. ECF No. 79. Specifically, the deposition transcript excerpts include testimony by NSR vice presidents regarding confidential NSR business practices, corporate relationships, and competitive strategy.

Sealing these documents is necessary to avoid the public disclosure of information NSR has indicated is confidential because no procedure other than filing under seal will be sufficient to preserve the confidentiality of the information. *See, e.g.*, *Walker Sys., Inc. v. Hubbell Inc.*, 188 F.R.D. 428, 429 (S.D.W. Va. 1999) ("Where . . . the information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders [to seal] should

be granted, especially in cases between direct competitors." (citing *Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995) and Fed. R. Civ. P. 26(c))). NSR publicly filed its brief referencing the exhibits without redaction and the deposition exhibits in a redacted form. Thus, NSR's request is narrowly tailored.

### D. Specific Findings

As stated above, the excerpts from the deposition transcripts of McClellan and Heller contain confidential information related to NSR subject to the disclosure restrictions set forth in this Court's Protective Order. ECF No. 79. As recognized by Fed. R. Civ. P. 26(c) and related caselaw, it is appropriate for federal courts to protect the confidentiality of information such as that referenced in these documents, and there is no competing interest which would justify disclosure of this information.

Furthermore, no evidence exists to suggest that the public has already had access to the information sought to be filed under seal. Nor is there any showing that the facts and claims at issue concern or rise to the level of "important historical events." Absent information to the contrary, the parties' desire to protect sensitive information outweighs the public's common law right to access judicial documents, thereby justifying sealing the confidential documents at issue in this motion.

Given the confidential nature of the depositions and the necessity of filing the testimony with the Court, there is no alternative other than filing under seal that will protect such information from disclosure to the public. The confidential and sensitive nature of these documents outweighs the public's right of access to judicial records in this case. NSR therefore seeks the sealing of the confidential documents pursuant to Local Civil Rule 5.

### III. CONCLUSION

For the foregoing reasons, NSR respectfully requests that the Court grant its motion to seal and enter the attached proposed Order providing for the sealing of these documents.

Date: August 7, 2020  Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

/s/ Michael E. Lacy
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS, LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7759
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: Kathleen.knudsen@troutman.com

Monica McCarroll (VSB No. 45622)
REDGRAVE LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151
Telephone: (703) 592-1155
Facsimile: (703) 230-9859
Email: mmccarroll@redgravellp.com

*Counsel for Norfolk Southern Railway Company*

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2020, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which sent a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service, including:

Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

*Attorneys for CSX Transportation, Inc.*

James L. Chapman, IV (VSB No. 21983)
W. Ryan Snow (VSB No. 47423)
Darius K. Davenport (VSB No. 74064)
David C. Hartnett (VSB No. 80452)
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
E-mail: jchapman@cwm-law.com
E-mail: wrsnow@cwm-law.com
E-mail: ddavenport@cwm-law.com
E-mail: dhartnett@cwm-law.com

*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

/s/ Michael E. Lacy
Michael E. Lacy (VSB No. 48477)

109327551