IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of
NORFOLK AND PORTSMOUTH BELT LINE
RAILROAD COMPANY,

       Plaintiff,

v.                                      Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY COMPANY, *et al.*,

       Defendants.

## ORDER GRANTING MOTION TO SEAL

This matter comes before the Court on defendant Norfolk and Portsmouth Belt Line Railroad Company's motion, pursuant to Local Civil Rule 5 and the Stipulated Protective Order entered on October 29, 2019 (D.E. 79), to file under seal Exhibits A, B, D, G, and H to the memorandum in support of its motion to compel, as well as references to the exhibits in the body of that memorandum in support. The exhibits were designated by the plaintiff as "confidential" or "attorneys' eyes only" under the Stipulated Protective Order.

- Exhibit A is Plaintiff's objections and responses to the Belt Line's first interrogatories and requests for admission;

- Exhibit B is correspondence from plaintiff's counsel dated July 13, 2020 containing references to and descriptions of documents marked by Plaintiff as confidential;

- Exhibit D is a collection of documents marked by Plaintiff as confidential and/or attorneys' eyes only;

- Exhibit G is Plaintiff's second supplemental answers to the Belt Line's first interrogatories; and

- Exhibit H is a collection of supplemental documents marked by Plaintiff as confidential and/or attorneys' eyes only.

Upon consideration of the motion and related filings, the Court is of the opinion that the motion should be granted.

There are three requirements for sealing court filings: (1) public notice with opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and reject alternatives to sealing. *Flexible Benefits Council v. Feldman*, No. 1:08-CV-371, 2008 U.S. Dist. LEXIS 93039 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)). Even when no party challenges a motion to seal, the Court must still ensure the motion is supported by good cause. *Auburn Univ. v. IBM Corp.*, No. 3:0-cv-694-MEF, unpublished, 2010 WL 3927737 (M.D. Ala. Oct. 4, 2010).

The Court finds that these exhibits contain data that is confidential under the Stipulated Protective Order; that public notice has been given; that that no objections have been filed; that the public's interest in access is outweighed by the interests in preserving such confidentiality; and that there are no alternatives that appropriately serve these interests.

Accordingly, the Motion to Seal is GRANTED. The Court ORDERS that Exhibits A, B, D, G, and H to the memorandum in support of the Belt Line's motion to compel, and the references to the exhibits in the body of the memorandum in support, shall be and hereby are sealed and omitted from public filing. These materials shall be sealed at least until 90 days after a final order is entered in this case and then, unless the case is appealed, be returned at that time to counsel for the filing parties.

ENTER this 14th day of ____August____, 2020.

/s/
Lawrence R. Leonard
United States Magistrate Judge

2