IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

v.                                      Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.

## ORDER

The matter comes before the Court pursuant to Local Civil Rule 5 and Plaintiff CSX Transportation, Inc.'s ("CSXT") Motion to Seal its unredacted Memorandum in Support of its Motion to Reopen and Compel Depositions of Defendant Norfolk Southern Railway Company ("NSR"), and certain exhibits thereto. CSXT has represented that these documents contain and/or reference information that NSR has indicated is "Confidential" or "Confidential – Attorneys Eyes Only" under the Stipulated Protective Order entered in this matter. ECF No. 79.

Before this Court may seal documents, it must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted).

In compliance with Local Civil Rule 5(C) and *Ashcraft*, CSXT provided public notice of this Motion by filing an appropriate Notice with the Court. In support of sealing, CSXT argued

1

that its unredacted Memorandum in Support of Motion to Reopen and Compel Depositions, and Exhibits J, K, L, M, and N thereto (collectively, the "Exhibits"), contain highly confidential and sensitive information relating to NSR's transportation and shipping practices, and other highly confidential, proprietary, and sensitive business information, release of which would harm NSR. There are no less drastic alternatives to sealing because the documents are redacted such that only information designated as "Confidential" or "Confidential – Attorneys Eyes Only" has been redacted. CSXT also filed a redacted version of its Memorandum in Support of Motion to Reopen and Compel Depositions. Given the nature of the confidential information contained therein, redaction of the Exhibits is impractical.

Based on the foregoing, the Court FINDS that the information at issue constitutes confidential and proprietary information, and that less drastic alternatives to sealing CSXT's unredacted Memorandum in Support of its Motion to Reopen and Compel Depositions and unredacted exhibits thereto are not feasible.

Accordingly, the Court GRANTS CSXT's Motion to Seal and ORDERS that CSXT's unredacted Memorandum in Support of its Motion to Reopen and Compel Depositions and the unredacted Exhibits shall be maintained under seal by the Clerk pending further order of the Court. The Clerk is REQUESTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated: 8-14-2020
at Norfolk, Virginia

The Honorable Lawrence R. Leonard
United States Magistrate Judge