**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

        Plaintiff,

v.

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

        Defendants.

Civil Action No. 2:18-cv-530-MSD-LRL

_____/

## ORDER

    The matter comes before the Court pursuant to Local Civil Rule 5 and Plaintiff CSX

Transportation, Inc.'s ("CSXT") Motion to Seal its unredacted Opposition to Defendant Norfolk

& Portsmouth Beltline Railroad Company's ("NPBL") Motion to Compel, and the exhibit thereto.

CSXT has represented that these documents contain and/or reference information that CSXT,

NPBL, or Defendant Norfolk Southern Railway Company ("NS") have indicated is "Confidential"

or "Confidential – Attorneys Eyes Only" under the Stipulated Protective Order entered in this

matter. ECF No. 79.

    Before this Court may seal documents, it must: "(1) provide public notice of the request to

seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic

alternatives to sealing the documents, and (3) provide specific reasons and factual findings

supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v.*

*Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted).

In compliance with Local Civil Rule 5(C) and *Ashcraft*, CSXT provided public notice of this Motion by filing an appropriate Notice with the Court. In support of sealing, CSXT argued that its unredacted Opposition to NPBL's Motion to Compel, and Exhibit 1 thereto, contain highly confidential and sensitive information relating to the Parties' internal strategy and business decisions regarding the Port of Virginia and Defendant NPBL, and other highly confidential, proprietary, and sensitive business information, release of which could harm the Parties.[1] There are no less drastic alternatives to sealing because the documents are redacted such that only information designated as "Confidential" or "Confidential – Attorneys Eyes Only" has been redacted. CSXT also filed a redacted version of its Opposition to NPBL's Motion to Compel. Given the nature of the confidential information contained therein, redaction of Exhibit 1 is impractical.

Based on the foregoing, the Court FINDS that the information at issue constitutes confidential and proprietary information, and that less drastic alternatives to sealing CSXT's unredacted Opposition to NPBL's Motion to Compel and unredacted Exhibit 1 thereto are not feasible.

Accordingly, the Court GRANTS CSXT's Motion to Seal and ORDERS that CSXT's unredacted Opposition to NPBL's Motion to Compel and the unredacted Exhibit 1 shall be maintained under seal by the Clerk pending further order of the Court. The Clerk is REQUESTED to send a copy of this Order to all counsel of record.

---

[1] CSXT's Opposition discusses and characterizes the substance of accompanying Exhibit 1, as well as Exhibits to NPBL's previously filed Motion to Compel (*see* ECF No. 200) and its Memorandum in Support of its Motion to Compel (ECF No. 201) which are the subject of NPBL's July 24, 2020, Motion to Seal (ECF No. 197). CSXT has noted that it does not object to NPBL's Motion to Seal and joins NPBL in its sealing request. *See* ECF No. 209.

2

IT IS SO ORDERED.

Dated: 8-14-2020
at Norfolk, Virginia

The Honorable Lawrence R. Leonard
United States Magistrate Judge

3