UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., individually and on behalf of NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY, ) ) ) ) | |
| *Plaintiff*, ) | |
| v. ) | No. 2:18-cv-530-MSD-LRL |
| NORFOLK SOUTHERN RAILWAY COMPANY, *et al.*, ) ) ) | |
| *Defendants*. ) | |

## ORDER

This matter comes before the Court pursuant to Local Rule 5 and Defendant Norfolk Southern Railway Company's ("NSR") Motion to Seal portions of the deposition transcript excerpts attached to NSR's Brief in Opposition to CSX Transportation, Inc.'s ("CSXT") Motion to Reopen and Compel Depositions ("NSR's Brief") because they contain and/or reference information that has been designated as "Confidential" or "Highly Confidential" under the Stipulated Protective Order entered in this matter. ECF No. 79, ¶ 16.

Before this Court may seal documents, it must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted).

In compliance with Local Rule 5 and *Ashcraft*, NSR provided public notice of this motion by filing an appropriate Notice with the Court. In support of sealing, NSR argued the testimony

contained in these deposition excerpts contains highly confidential and sensitive information relating to NSR's transportation and shipping practices, and other confidential, proprietary, and sensitive business information, release of which would harm NSR. There are no less drastic alternatives to sealing because only confidential excerpts of the deposition testimony were included as exhibits. Given the nature of the confidential information contained therein, redaction of the Exhibits is impractical.

Based on the foregoing, the Court **FINDS** that the information at issue constitutes confidential and proprietary information and that less drastic alternatives to sealing the deposition transcript excerpts attached to NSR's Brief are not feasible.

Accordingly, the Court **GRANTS** NSR's Motion to Seal and **ORDERS** that the deposition transcript excerpts attached to NSR's Brief shall be maintained under seal by the Clerk pending further order of the Court. The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia

Date: 8-14-2020

Lawrence R. Leonard
United States Magistrate Judge