IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., Individually and on behalf of NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NORFOLK SOUTHERN RAILWAY COMPANY, et al.,<br><br>Defendants. | CIVIL ACTION NO. 2:18-cv-530 |

## ORDER

Before the Court is Defendant Norfolk Southern Railway Company's ("NSR") Motion to Compel Production of Documents and accompanying memorandum in support, filed on May 13, 2020. ECF Nos. 166-67. On May 27, 2020, Plaintiff CSX Transportation ("CSXT") filed its Memorandum in Opposition to NSR's Motion to Compel. ECF No. 176. Defendant filed a reply thereto on June 2, 2020. ECF No. 182. NSR seeks to compel the production of certain documents that CSXT has redacted or withheld as protected from disclosure by the attorney-client privilege. These documents primarily involve Steven Armbrust, an attorney for CSXT who also served as a director on the board of Norfolk & Portsmouth Beltline Railway Company for five years. Upon Order from the Court, ECF No. 194, CSXT submitted the disputed documents and its privilege log

to the Court for in camera inspection.[1] Accordingly, the Motion is fully briefed and ready for disposition.

The Court's in camera review and rulings regarding CSXT's assertions of attorney-client privilege is guided by several overarching principles as further explained herein, but the Court embarks on its inquiry from the general proposition that "[c]ourts disfavor assertions of evidentiary privilege because they shield evidence from the truth-seeking process." *RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 748 (E.D. Va. 2007) (citing *Herbert v. Lando*, 441 U.S. 153, 175 (1979)). Because evidentiary privileges are disfavored, the Fourth Circuit has recognized that assertions of attorney-client privilege should be construed narrowly. *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998) (citing cases). Fourth Circuit case law provides that the attorney-client privilege applies only where the party asserting the privilege can meet all the elements of privilege:

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*United States v. Under Seal (In re Grand Jury Subpoena)*, 341 F.3d 331, 335 (4th Cir. 2003) (citing *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). Thus, the attorney-client privilege only protects communications that are made to or from attorneys, and the communication must seek legal advice, a legal service, or some assistance with a legal proceeding.

---

[1] Each document to which the attorney-client privilege was asserted was appropriately identified on the privilege log, including specific Bates stamp numbers. Many documents were multiple pages. In making its ruling, *infra*, the Court identifies a document by the Bates stamp number of the first page of the document in question.

2

Of course, the attorney-client privilege applies equally to communications between in-house counsel and a corporation's employees. *Scott & Stringfellow, LLC v. AIG Commer. Equip. Fin., Inc.*, No. 3:10cv825-HEH-DWD, 2011 U.S. Dist. LEXIS 51028, at *7 (E.D. Va. May 12, 2011) (citing *Jonathan Corp. v. Prime Comput., Inc.*, 114 F.R.D. 693, 696 (E.D. Va. 1987)). However, in order for the privilege apply to those communications, the attorney must be acting in a legal capacity, and not merely as a business advisor. *Id.*; *N.C. Elec. Membership Corp. v. Carolina Power & Light Co.*, 110 F.R.D. 511, 514 (M.D.N.C. 1986); *Brainware, Inc. v. Scan-Optics, Ltd.*, Civil Action No. 3:11cv755, 2012 U.S. Dist. LEXIS 97121, at *8 n.3 (E.D. Va. July 12, 2012) (finding attorney-client privilege did not apply to communications with in-house counsel where client did not show that in-house lawyers' advice was more likely "'legal' than 'business' in nature"); *United States v. Cohn*, 303 F. Supp. 2d 672, 683-84 (D. Md. 2003) ("When the legal advice is merely incidental to business advice, the privilege does not apply.") (citing *Great Plains Mut. Ins. Co. v. Mutual Reinsurance Bureau*, 150 F.R.D. 193, 197 (D.Kan. 1993)). A communication is not privileged simply because one of the parties is an attorney. *Cohn*, 303 F. Supp. 2d at 683-84. Nor does "simply copying an attorney on a communication…cloak that communication with the attorney-client privilege." *McAirlaids, Inc. v. Kimberly-Clark Corp.*, No. 7:13-CV-193, 2014 U.S. Dist. LEXIS 201138, at *12 (W.D. Va. Sep. 26, 2014).

To determine whether an attorney is acting in a legal capacity, courts look to whether the "primary purpose" of the communication is to "solicit[] legal, rather than business, advice." *N.C. Elec. Membership Corp.*, 110 F.R.D. at 514 (citing cases); *see also In re N.Y. Renu with Moistureloc Prod. Liab. Litig.*, No. 766,000/2007, 2008 U.S. Dist. LEXIS 88515, at *3-4 (D.S.C. May 6, 2008) ("Intra-corporate communications to counsel may fall within the privilege if the predominant intent is to seek legal advice."). If the party seeking to assert the privilege cannot

"demonstrate that the primary purpose of the communication is to provide an opinion on law, legal services, or to provide assistance in some legal context" then the attorney-client privilege does not apply. *Scott & Stringfellow, LLC*, 2011 U.S. Dist. LEXIS 51028, at *12 (finding the attorney-client privilege did not apply to a communication reciting an issue that would need to be negotiated, because the communication was made in a corporate, and not legal capacity); *Henson v. Wyeth Labs.*, Inc., 118 F.R.D. 584, 587 (W.D. Va. 1987) (declining to apply the privilege where the documents were prepared "primarily in a business capacity and not primarily in a legal capacity" because "business advice is not privileged."). Nevertheless, courts must "cautiously and narrowly apply the privilege in cases involving corporate staff counsel lest the mere participation of an attorney be used to seal off disclosure." *McAirlaids, Inc.*, 2014 U.S. Dist. LEXIS 201138, at *12 (citations and quotations omitted).

In accordance with the above principles, the Court has carefully reviewed the 146[2] documents submitted for in camera review. In so doing, the Court examined each communication in the context it was made in order to determine whether the communication (1) was made to or from attorneys, and (2) whether the primary purpose of the communication was to solicit or provide an opinion on law, legal services, or assistance in a legal context. With these principles in mind, of the documents submitted to the Court, the Court finds that CSXT has *not* met its burden of demonstrating the attorney-client privilege protects from disclosure the following documents:

CSXT0082789
CSXT0082817
CSXT0086887
CSXT0087154
CSXT0088610
CSXT0088660
CSXT0088670
CSXT0089181

---

[2] NSR initially moved to compel the production of 196 documents in dispute. ECF No. 166. Following briefing of the instant motion, the parties narrowed the dispute to 146 documents.

4

CSXT0089187
CSXT0089927
CSXT0089960
CSXT0089974
CSXT0090280.

CSXT's attorney-client privilege objections to these thirteen documents are **OVERRULED**. As to the remaining documents on the privilege log, the Court finds that the attorney-client privilege applies, and objections to those documents are **SUSTAINED**. Consequently, NSR's Motion to Compel, ECF No. 166, is **GRANTED in part** and **DENIED in part**, and CSXT is **DIRECTED** to produce to NSR those documents to which the Court has overruled the objections within fourteen days of the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
LAWRENCE R. LEONARD
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
August 21, 2020