IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

        Plaintiff,

v.                                Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

        Defendants.

/

**JOINT STATUS REPORT OF THE PARTIES**

Plaintiff CSX Transportation, Inc. ("CSXT"), and Defendants Norfolk Southern Railway Company ("NSR"), and Norfolk and Portsmouth Belt Line Railroad Company ("NPBL" or the "Belt Line") (collectively, the "Parties"), by counsel, hereby submit to the Court this Joint Status Report with each Party's recommendations for future proceedings.

**I.**      **Background**

1. On March 17, 2020, the Parties moved the Court to stay the case and vacate the pending deadlines, including trial, established by the Court's Scheduling Order due to the COVID-19 pandemic. *See* ECF Nos. 157, 78.

2. By Order dated March 19, 2020, the Court stayed the case for thirty (30) days and vacated all existing deadlines, including trial, pending rescheduling. *See* ECF No. 160. The Parties were directed to submit a status report to the Court with recommendations and a request for a telephonic status conference with the Court on or before April 16, 2010. *See id.*

1

3. Thereafter, the Parties have requested, and the Court has granted, several additional 30-day stays based on existing conditions due to the impact of COVID-19, with the most recent stay expiring on August 19, 2020. *See* ECF Nos. 164, 173, 191, 196.

4. During the most recent stay, the Parties continued their prior discussions about the need for a modified schedule to allow for completion of fact and expert discovery in this action, while taking into account the ongoing challenges and limitations imposed by COVID-19. The Parties conferred telephonically about scheduling issues on August 18 and August 19 in an attempt to reach agreement on a fact and expert discovery schedule, which is not currently tied to any rescheduled trial date. To allow for further discussion and possible resolution of these issues, the Parties jointly requested that the Court extend by five days—until August 24, 2020—the time within which the Parties must submit an updated status report to the Court. *See* ECF No. 227.

5. Although counsel for the Parties have had productive discussions about how the case should proceed, despite their best efforts, the Parties have been unable to reach an agreement regarding an amended schedule governing the resumption and completion of discovery in this action. Therefore the Parties submit this Joint Status Report, outlining each Party's recommendations for future proceedings.

6. The Parties believe it is advisable to confer with the Court regarding the progress and status of this action, the Parties' respective positions, as outlined below, and whether a new trial date or other deadlines should be set at this time. Counsel for the Parties will provide jointly available dates for a telephonic or in-person status conference with the Court upon request.

II. **Position of Plaintiff CSX Transportation, Inc.**

7. At the time the first stay in this case was granted – on March 19, 2020 – the Parties had reached the tail-end of the fact discovery schedule outlined by the Court. As of that date,

Defendants' expert witness response deadline was March 25; Defendants' fact discovery was to be completed by March 31; and CSXT's expert witness rebuttal deadline was set for April 9. ECF Nos. 78, 118.  CSXT had noticed and completed the depositions of 14 witnesses, and the Defendants had deposed three witnesses and had noticed the depositions of approximately 12 others.  As of March 19, the Parties were actively coordinating and making arrangements to conduct depositions across the country, including in Georgia, Florida, Texas, and Virginia.  These plans were put on pause due to the COVID-19 pandemic.

8. On May 15, 2020, counsel for NSR confirmed the Parties' position at that time that the Parties should "work toward setting up a deposition schedule *after July 1*, contingent on circumstances then prevailing."  *See* Email from A. Wingfield, May 15, 2020 (**CSXT Exhibit 1**) (emphasis added).  The Parties conferred telephonically about the discovery schedule and resumption of depositions on June 2, June 8, June 15, June 25, and July 16, and exchanged correspondence discussing the same.  *See*, *e.g.*, Letter from R. McFarland, June 5, 2020 (**CSXT Exhibit 2**); Letter from M. Lacy, June 11, 2020 (**CSXT Exhibit 3**); Letter from R. McFarland, June 19, 2020 (**CSXT Exhibit 4**).  At no point during these communications did counsel for either Defendant indicate that it would be unwilling to jointly formulate new deadlines for fact and expert discovery until the Court reset the case for trial.  Indeed, counsel indicated a willingness to figure out a comprehensive plan to finish discovery by mutual agreement, rather than seek Court intervention.

9. The Parties conferred telephonically once again on August 18, at which time counsel for CSXT outlined a proposed schedule to allow for completion of fact and expert discovery in this action.  That same day, CSXT sent a letter to NSR and NPBL memorializing its proposal and the parties' discussion.  *See* Letter from R. McFarland, Aug. 18, 2020 (**CSXT**

**Exhibit 5**).[1]  As described therein, CSXT proposed re-commencing depositions in September, "remotely by video or with agreed-upon procedures to allow for strict social distancing" and that, while video depositions should be the default, the Parties "can discuss specific exceptions on a case-by-case basis." *Id.* at 2.  Although NSR expressed willingness to consider and respond to CSXT's proposal during the parties' August 18 call, the next day Defendants changed course, indicating that they were unwilling to set new discovery and expert witness schedules, until a new trial date was set.

10.    The COVID-19 pandemic continues to pose substantial challenges to litigation, with little sign of abating.  At this point, over five months into the stay of this case, the Parties are well aware of these limitations, as well as the adaptations and accommodations that can be used to move matters forward.  The action has yet to be reset for trial, and CSXT recognizes it may be some time until a new trial date is set.  *See* General Order 2020-16 at 5 ("After criminal jury trials resume the Court will reassess its capacity to conduct civil jury trials and then establish a timeline for the resumption of such trials."); General Order 2020-19 at 2 (directing that "criminal jury trials will resume in this District on or after September 14, 2020").  But the inability to set a trial date should not impede concluding fact and expert discovery, with a schedule that takes into account both the need to work within the restrictions in place due to COVID-19, as well as the importance of a fair and efficient conclusion to the discovery process for this case.

---

[1] On July 24, 2020, CSXT filed a Motion to Reopen and Compel Depositions (the "Motion"), seeking a court order reopening the depositions of two NSR witnesses, and compelling the depositions to two additional NSR witnesses.  ECF No. 203.  The Motion has been fully briefed, is ripe for disposition, and CSXT has requested a hearing on the same.  *See* ECF No. 230.  CSXT took the possibility of these additional depositions into account when formulating its proposed schedule, and CSXT does not believe that the Court's ruling on the Motion would alter the total amount of time needed to complete fact discovery in this action.

4

11. CSXT suffers significant prejudice under the current status quo. In February 2020, CSXT produced an expert report based on incomplete information, due to NSR's belated productions of documents and data. *See* ECF No. 204. By contrast, Defendants have now had possession of CSXT's expert report—as well as all of CSXT's documents and data—for *five months longer* than provided under the Court's original scheduling order. CSXT acknowledges that the prejudice it has suffered to date has been largely unavoidable, as the stays due to COVID-19 were certainly necessary and beyond the parties' control. At this point, however, failing to set *any* deadlines for the resumption and conclusion of fact and expert discovery in this action—or keying those deadlines off a trial date that may be set for late 2021—forces CSXT to bear *all* of the prejudice caused by these unprecedented circumstances.

12. COVID-19 does not prevent Defendants from completing their depositions and providing their expert witness reports. Courts and litigants around the country are resuming progress in their cases—with appropriate accommodations for the health and safety of those involved—and this matter should be no different. Depositions are now routinely taken by remote means, if in-person depositions are not possible. Remote depositions are not "substantially inferior" to those taken in-person; rather, they can be a reasonable and effective substitute when dictated by the circumstances. There is, likewise, no reason Defendants cannot provide their expert reports. Establishing a reasonable timeline for the resumption and completion of discovery in this action is the only fair and reasonable way to address the legitimate concerns of all parties involved. CSXT has offered Defendants a much greater period in which to complete their depositions than the timeframe CSXT was afforded. It is time, pun intended, to get this case back on track.

### III. Position of Defendant Norfolk Southern Railway Company

13. Norfolk Southern Railway Company ("NSR") respectfully submits that the remaining deadlines in this matter should be reset at a Rule 16(b) conference, which would be scheduled when the Court deems it appropriate to set a trial date. In sum, NSR believes that the case should be rescheduled in the usual way that dates are established in this Court. In contrast, the discovery deadlines proposed by Plaintiff CSX Transportation, Inc. ("CSXT") are arbitrary and unnecessary given that there is no current trial date, and it is unclear when a trial may occur given the unique circumstances created by the COVID-19 pandemic.

14. CSXT asserts that these arbitrary deadlines are necessary to address the alleged prejudice it is suffering as a result of this matter being stayed pursuant to the Court's Orders granting the parties' joint Motions to Stay based on the pandemic (the "Stay Orders"). Specifically, CSXT points to Defendants having had since February 25, 2020 to analyze CSXT's expert report, while Defendants have not had to serve their expert reports yet due to the Stay Orders. This alleged prejudice, if any, was caused by the pandemic, not Defendants. Defendants can claim the same prejudice given that CSXT has had the same amount of time to pour over the deposition testimony of Defendants' witnesses. Moreover, while claiming it is being prejudiced due to the stays, CSXT at the same time is trying to take advantage of the stays by arguing that it should be allowed to re-depose two of NSR's witnesses and take two additional depositions because, due to the stays, "there is now sufficient time for *all parties* to complete depositions and supplementation of fact discovery in advance of the yet-to-be-rescheduled trial date." ECF No. 208 at p. 8.

15. NSR, moreover, believes it will be sharply prejudiced by CSXT's proposed scheduling in a very practical way. CSXT was able to depose each and every one of Defendants'

witnesses in person. CSXT's proposed discovery plan, however, will not allow Defendants to take in-person depositions of CSXT's witnesses. Rather, due to CSXT's current personnel restrictions, the depositions would have to be held by video, which all parties acknowledge is substantially inferior to in-person depositions. These CSXT witnesses were scheduled to be deposed in-person before the pandemic. They are the most critical CSXT witnesses on the most critical issues in the case, including CSXT's interactions with NPBL, including its rate proposals, and its intermodal operations.

16. It would be highly beneficial to CSXT, and highly prejudicial to Defendants, if Defendants had to conduct their deposition of CSXT witnesses by video. The circumstances created by the pandemic remain fluid. It is probable that in the upcoming weeks or months, the circumstances will allow Defendants to take in-person depositions, even though in-person depositions cannot be taken under the current circumstances. As CSXT has argued, "there is now sufficient time" to allow the situation to develop given the "yet-to-be-scheduled trial date."

17. For these reasons, NSR respectfully requests that the Court schedule a Rule 16(b) conference when it deems appropriate to set a trial date, and the remaining deadlines in this matter be scheduled at that conference.

### IV.   Position of Defendant Norfolk and Portsmouth Belt Line Railroad Company

18. When the pandemic brought this case to a halt, CSXT had completed its oral discovery of Belt Line and NSR witnesses. All 14 depositions of NSR and Belt Line witnesses were conducted by CSXT in person. Now that it is the Defendants' turn to take depositions of CSXT's witnesses, CSXT proposes an unrealistic discovery schedule that would essentially force the depositions of CSXT's witnesses to be taken by remote means. None of the current or former CSXT witnesses are in the Eastern District of Virginia (most reside in Jacksonville, Florida).

Counsel for CSXT has advised that those witnesses are restricted from traveling and currently unable to appear for in-person depositions. CSXT availed itself of its right under Rule 30 to take depositions in person. It would prejudice the Belt Line to be forced into taking depositions by remote means by way of a Court order setting discovery cut-offs while the pandemic continues.

19. The Belt Line requests that this action be set for trial in the second half of 2021, with all discovery and disclosure deadlines to be established based upon the Court's customary practices when issuing Rule 16(b) orders. Given the imminent resumption of criminal jury trials, and the safety procedures that have been implemented, it is reasonable to request at this time that the Court set this case for trial at least nine months from now. That ought to permit the orderly resumption of oral discovery next year when travel will hopefully be safer and oral depositions can be conducted in person. There is no reason to depart from customary discovery schedule practices and impose a truncated discovery schedule that prejudices the Belt Line.

V. **Conclusion**

WHEREFORE, Plaintiff CSXT, Defendant NSR, and Defendant NPBL, respectfully request that the Court consider the Parties' positions and grant any relief it deems just and proper.

Dated:  August 24, 2020                               Respectfully submitted,

**CSX TRANSPORTATION, INC.**
*By Counsel*

　　　*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com

8

E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

9

## CERTIFICATE OF SERVICE

I certify that on this 24th day of August, 2020, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

/s/ Robert W. McFarland
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

134454554_6