# CSXT Exhibit 4

McGuireWoods LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510
Tel 757.640.3700
Fax 757.640.3701
www.mcguirewoods.com
Robert W. McFarland
Direct: 757.640.3716

McGUIREWOODS

rmcfarland@mcguirewoods.com
Fax: 757.640.3966

June 19, 2020

**BY EMAIL**

Alan D. Wingfield, Esq.
alan.wingfield@troutmansanders.com
Michael E. Lacy, Esq.
Michael.lacy@troutmansanders.com
Massie P. Cooper, Esq.
Massie.cooper@troutman.com
Troutman Sanders, LLP
1001 Haxall Point
Richmond, VA 23219

Elizabeth S. Flowers, Esq.
liz.flowers@troutmansanders.com
John C. Lynch, Esq.
john.lynch@troutmansanders.com
Kathleen M. Knudsen, Esq.
Kathleen.knudsen@troutman.com
Troutman Sanders, LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462

Monica McCarroll
mmccarroll@redgravellp.com
Redgrave LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151

Thomas Robert Gentry
thomas.gentry@skadden.com
John Reed Thornburgh, II
john.thornburgh@skadden.com
Tara Lee Reinhart
tara.reinhart@skadden.com
Skadden Arps
1440 New York Avenue, N.W.
Washington, D.C. 20005-2111

James L. Chapman, IV, Esq.
jchapman@cwm-law.com
W. Ryan Snow, Esq.
wrsnow@cwm-law.com
Darius K. Davenport, Esq.
ddavenport@cwm-law.com
David C. Harnett, Esq.
dhartnett@cwm-law.com
Crenshaw, Ware & Martin, PLC
150 West Main Street, Suite 1500
Norfolk, VA 23510

    Re:    *CSX Transportation, Inc., et al v. Norfolk Southern Railway Company, et al*
           Civil Action No.: 2:18-cv-00530

Dear Michael:

    I write in response to your letter dated June 11, 2020, regarding the request from my client, CSX Transportation, Inc. (CSXT), for additional and reopened depositions of certain witnesses employed at Norfolk Southern Railway Company (NSR).

Atlanta | Austin | Baltimore | Brussels | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C. | Wilmington, NC

We disagree with your characterization of the parties' negotiations regarding geographic search terms and the timing of NSR's productions in February and March 2020. Regardless, however, NSR's February 28 and March 10 productions contained dozens of documents responsive to CSXT's First Requests for Production of Documents that should have been captured by NSR's initial search terms, which NSR provided by email on November 26, 2019. For example, NSR_00177916-177918 is a draft email from Jeff Heller to Mike McClellan attaching a draft letter with the subject line "CSX Incursion in to Hampton Roads through the NPBL." That document is responsive to CSXT's Requests No. 25, 28, and 38, and it contains the terms "CSX" and "NPBL." *See* NSR's Initial Search Term No. 6. Similarly, NSR_00199514 is a document entitled "Estimated NPBL Switching Costs," which is responsive to CSXT's Request No. 10, and contains the term "NPBL" within 50 of the term "NIT." *See* NSR's Initial Search Terms No. 8. And, NSR_00199527 is a draft letter to Joe Dorto at Virginia International Terminals regarding CSXT's provision of intermodal service at NIT. That document is responsive to CSXT's Request No. 17, and it contains the term "CSX" within 50 of the term "NIT." *See id.*

The parties' latter negotiations regarding additional geographic search terms does not excuse NSR's failure to produce these documents—or the thousands of other documents like them—until weeks *after* NSR represented that it would complete its production in response to CSXT's First Requests for Production. *See* ECF No. 111 at 4-5. NSR's late-produced documents are not only responsive to CSXT's discovery requests, they are directly relevant to key disputes at issue in this litigation and were produced after CSXT had taken the depositions of nearly all NSR witnesses.

NSR's focus on the parties' joint motions to stay is likewise misplaced. As you know, discovery deadlines generally flow back from the trial date. Trial in this matter was originally set for June 9, 2020, and the deadlines imposed by the Court were intended to allow each party time to complete fact and expert discovery before that date. Now that the trial has been continued to a yet-to-be-determined future date, the parties have additional time available to them to complete discovery in advance of trial. It also bears mention that in large part because of NSR's document productions, CSX was forced to take those depositions it could in an extremely compressed time frame.

NSR clearly recognizes the current expanded timetable. Indeed, when the parties first jointly moved to stay this case on March 17, 2020, NSR had only 11 business days remaining in its discovery period. *See, e.g.*, ECF No. 78 at ¶ 3. Yet in your letter, you propose "a minimum of four weeks to complete fact depositions." Moreover, as Mr. Wingfield noted in his email dated May 15, 2020, NSR now seeks to depose a CSXT witness (Ryan Houfek) that NSR had neither noticed nor scheduled for deposition when the original stay was entered.

To be clear, CSXT agrees that allowing additional time for depositions is reasonable and appropriate, particularly in light of challenges that the parties may face due to the coronavirus pandemic. The point is that there is now sufficient time for *all parties* to complete depositions and supplementation of fact discovery in advance of trial. Allowing additional time for discovery is all the more appropriate given that NSR produced over 210,000 pages of documents—more than two-thirds of its total production in this case—after the majority of CSXT's depositions had been

completed. Indeed, NSR's March 10 production was served on the same date as CSXT's *last* deposition.

In sum, CSXT is entitled to reopen the depositions of Mssrs. McClellan, Luebbers, and Heller in order to question them about NSR's thousands of late-produced documents. CSXT is also entitled to take the depositions of Mssrs. Martinez and Booth, as well as Ms. Nelson, whose late-produced documents demonstrate that they were directly involved in key decisions related to the NPBL, Norfolk-area ports, and NSR's international intermodal strategy, among other topics. Contrary to your suggestion, a second corporate deposition of NSR is not a reasonable substitute for testimony from these witnesses regarding their first-hand experiences regarding documents written or received by them. If NSR will not make these witnesses available for deposition, CSXT will file an appropriate motion with the Court.

Finally, CSXT disagrees with the discovery schedule proposed at page two of your letter. The first stay in this case was granted on March 19, 2020. *See* ECF No. 160. As of that date, NSR's expert witness response deadline was set for March 25, NSR and NPBL's fact discovery was to be completed by March 31, and CSXT's expert witness rebuttal deadline was set for April 9. ECF Nos. 78, 118. NSR's current proposal – which provides for "at least three weeks" between the end of the Defendants' fact discovery period and the production of their expert reports, but affords CSXT only three weeks thereafter for the production of its rebuttal report – is unacceptable, particularly given that NSR and NPBL have already had had access to CSXT's expert report for *months* longer than contemplated by the Court's pretrial scheduling order, due to the lengthy stays in this case.

As the Court's recent standing orders make clear, a new trial date in this matter is likely many months away. *See* General Order 2020-16 at 5. Under these circumstances, it would be highly inequitable to craft a schedule moving forward that provides Defendants far more additional time to complete fact and expert discovery than they would have received but for the pandemic and stays, yet fails to afford CSXT any accommodations, including accounting for NSR's tardy production of documents.

We look forward to further discussing these issues with you in the hopes of reaching a resolution that does not require court intervention. We propose a meet-and-confer telephone conference on Tuesday, June 23 or Wednesday, June 24. Please let us know your availability on those dates. With best wishes, I am

                Sincerely yours,

                Robert W. McFarland

RWM:kyw
CC:    Benjamin L. Hatch (bhatch@mcguirewoods.com)
         J. Brent Justus (bjustus@mcguirewoods.com)
         Ashley P. Peterson (apeterson@mcguirewoods.com)
         V. Kathleen Dougherty (vkdougherty@mcguirewoods.com)