# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **CSX TRANSPORTATION, INC.,** | ) | |
| **individually and on behalf of NORFOLK** | ) | |
| **& PORTSMOUTH BELT LINE** | ) | |
| **RAILROAD COMPANY,** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| **v.** | ) | **No. 2:18-cv-530** |
| | ) | |
| **NORFOLK SOUTHERN RAILWAY** | ) | |
| **COMPANY, NORFOLK &** | ) | |
| **PORTSMOUTH BELT LINE RAILROAD** | ) | |
| **COMPANY, JERRY HALL, THOMAS** | ) | |
| **HURLBUT, PHILIP MERILLI, and** | ) | |
| **CANNON MOSS,** | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY'S**
**RESPONSES TO PLAINTIFF CSX TRANSPORTATION, INC.'S**
**<u>SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

Defendant Norfolk Southern Railway Company ("Norfolk Southern" or "NSR"), by

counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, states the following for

its objections and responses to Plaintiff CSX Transportation, Inc.'s ("CSXT") Second Requests

for Production of Documents:

**<u>RESERVATION OF RIGHTS</u>**

Norfolk Southern's Objections are made following a good faith and reasonable inquiry.

Norfolk Southern reserves the right to supplement these Objections as this case progresses and

additional information becomes known, in accordance with the Federal Rules of Civil Procedure

and the Local Rules of this Court.  Norfolk Southern's Objections should not be construed as an

admission that the information sought by the underlying Request is relevant or admissible as

evidence in the trial of this matter or in any other proceeding.  Norfolk Southern reserves the right to object on any grounds, at any time, to the admission as evidence of any Request, Objection or Response thereto, as well as to the admission as evidence of any documents produced in connection with said Request, Objection or Response thereto, in the trial of this matter or in any other proceeding.

Norfolk Southern's Objections to Plaintiff CSXT's Second Set of Requests for Production of Documents served on January 24, 2020 are included herein for ease of reference.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Norfolk Southern objects to Plaintiff's Definition 1 regarding the term "Communication" on the grounds that it exceeds the parameters of the Federal Rules of Civil Procedure with respect to "face-to-face," "telephone," and "oral" exchanges.  Fed. R. Civ. P. 34 does not require Norfolk Southern to produce "communications" that do not already exist on a medium from which information can be obtained.  Norfolk Southern also objects to the term "data" in Plaintiff's Definition 1 on the grounds that it is vague and ambiguous with respect to the specific information it seeks.  Norfolk Southern objects to the extent this definition seeks electronically stored information (ESI) that is ephemeral in nature, such as temporary computer files, log/history files, or file fragments, as the preservation and production of such things is not proportional to the needs of the case.  Norfolk Southern objects to Plaintiff's definition as overly broad, unduly burdensome, and beyond the scope of permissible discovery to the extent Plaintiff purports to include system information not created by human operators, such as caches, cookies, or logs, or otherwise seeks to require Norfolk Southern to record and/or produce records and information that are not ordinarily captured and/or are overwritten in the ordinary course of operating Norfolk Southern's computing systems.  Fed. R. Civ. P. 26(b)(1).  Norfolk Southern further objects to the

extent that this definition purports to require the production of information beyond that which is agreed to in the ESI Order.

2.      Norfolk Southern restates and incorporates its objection to Plaintiff's Definition 1 regarding the term "Communication" and applies the same to Plaintiff's Definition 3 regarding the term "Document." In addition, Norfolk Southern objects to the inclusion of "copies" and "drafts" in Plaintiff's Definition of "Document" on the grounds that copies and drafts are not universally relevant to the claims and defenses of a case and are likely to be cumulative or duplicative.  To the extent that a copy or draft is not a business record stored in a central repository in Norfolk Southern's ordinary course of business, the collection and production of "copies" and/or "drafts" would not be proportional to the needs of this case.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern objects to the inclusion of "data stored on a computer or electronic device" in Plaintiff's definition of "Document" to the extent it purports to seek direct access to Norfolk Southern's electronic storage media.  There is no "routine right of direct access to a party's electronic information system[s]" and there has been no showing in this case sufficient to overcome this presumption. Fed. R. Civ. P. 34 (Advisory Committee Notes).  Norfolk Southern objects to Plaintiff's Definition 4 insofar as the inclusion of "email messages" and "text messages" seek information that bears no relevance to the claims and defenses in this case, or which are not reasonably accessible to Norfolk Southern in its ordinary course of business.  Norfolk Southern further objects to the extent that this definition purports to require discovery regarding information that the Parties have specifically agreed to exclude in the ESI Order.

3.      Norfolk Southern objects to Plaintiff's Definition 9 regarding the terms "You" and "Your" to the extent it purports to encompass legally distinct entities that are not parties to this litigation on the grounds that such entities bear no relevance to the claims and defenses in this

matter.  Norfolk Southern further objects to Plaintiff's Definition 9 to the extent it purports to impose an obligation on Norfolk Southern to provide discovery from "former officers, management, directors, employees, agents, attorneys, and representatives" that are not reasonably accessible.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern also objects to the inclusion of its "attorneys" in this definition to the extent it would require the production or disclosure of information shielded from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

4.      Norfolk Southern objects to Plaintiff's Instruction 2 on the grounds that it exceeds the parameters of the Federal Rules of Civil Procedure.  Norfolk Southern is only obligated to produce information in its possession, custody, or control.  Norfolk Southern also objects to the inclusion of its "attorneys" in this instruction to the extent it would require the production or disclosure of information shielded from discovery by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

5.      Norfolk Southern objects to Plaintiff's Instruction 3 insofar as it purports to impose obligations that exceed those set forth in Fed. R. Civ. P. 26(b)(5).  Norfolk Southern will withhold privileged and/or protected material and describe the same in accordance with the Federal Rules of Civil Procedure, substantive law, and the protocol the Parties specifically agreed to in the ESI Order.

6.      Norfolk Southern objects to Plaintiff's Instruction 4 on the grounds that it mischaracterizes the Federal Rules of Civil Procedure.  Pursuant to Fed. R. Civ. P. 26(b)(1), the "parties' relative access to relevant information" must be considered in determining whether discovery is proportional.  Moreover, Fed. R. Civ. P. 26(b)(2)(C)(i) provides that discovery must be limited where the discovery sought is "unreasonably cumulative or duplicative, or can be

obtained from some other source that is more convenient, less burdensome, or less expensive." To the extent Plaintiff has equal or greater access than Norfolk Southern to relevant information sought by Plaintiff's Requests for Production, it would be disproportionate, cumulative, duplicative, and unduly burdensome to require Norfolk Southern to produce the same information that Plaintiff already has in its possession, custody, or control, especially given that such information can be reviewed by the Plaintiff in a more convenient and less burdensome manner than through the discovery process.

### Requests for Production of Documents

1.     All Documents relating to any communications between or among any or all of you, NPBL, CSXT, or Defendants Moss, Merilli, Hall, and Hurlbut (each an "Individual Defendant" and collectively, the "Individual Defendants") concerning the ownership, shareholder structure, or corporate governance of NPBL.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 1 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents."

Norfolk Southern further objects to Plaintiff's Second Request for Production 1 to the extent it seeks documents that are already within Plaintiff's possession, custody, or control, and for which discovery may be had from sources that are more convenient and less burdensome.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern also objects to this request to the extent it seeks documents that are beyond Norfolk Southern's possession, custody, or control on the grounds that such a request exceeds the parameters of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 34(a). Norfolk Southern objects to this request on the grounds that it is overly broad and unduly burdensome in that it is unbounded by time.  Norfolk Southern objects to Plaintiff's Second Request for Production 1 insofar as it seeks the production of information that is not reasonably

accessible to Norfolk Southern in its ordinary course of business, as such discovery would require extraordinary efforts that are not proportional to the scope of this matter.  Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 1 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

2.      All Documents and Communications relating to any contract or agreement effective at any time between you and NPBL, including all documents that constitute, memorialize, evidence, describe, or are part of or incorporated into such contract or agreement.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 2 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."

Norfolk Southern further objects to Plaintiff's Second Request for Production 2 on the grounds that it is overly broad and unduly burdensome in that it is unbound by time or scope.  A "contract or agreement" that is "effective at any time," or documents "evidencing" such a "contract or agreement," may bear no relevance to the claims and defenses in this litigation, and therefore any burden to Norfolk Southern in producing the same would be disproportionate to the needs of this case.  Fed. R. Civ. P. 26(b)(1).

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 2 to the

extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

3.     All Documents and Communications relating to any contract or agreement concerning NPBL effective at any time between you and any other railroad, including without limitation CSXT, including all documents that constitute, memorialize, evidence, describe, or are part of or incorporated into such contract or agreement.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 3 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."

Norfolk Southern further objects to Plaintiff's Second Request for Production 3 on the grounds that it is overly broad and unduly burdensome in that it is unbound by time or scope.  A "contract or agreement" that is "effective at any time," or documents "evidencing" such a "contract or agreement," may bear no relevance to the claims and defenses in this litigation, and therefore any burden to Norfolk Southern in producing the same would be disproportionate to the needs of this case.  Fed. R. Civ. P. 26(b)(1).

Norfolk Southern also objects to Plaintiff's Second Request for Production 3 to the extent it seeks documents that are already within Plaintiff's possession, custody, or control, and for which

discovery may be had from sources that are more convenient and less burdensome.  Fed. R. Civ. P. 26(b)(2).

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 3 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

4.      All Documents and Communications between or among any or all of you, NPBL, CSXT, and/or the Individual Defendants concerning access to NIT, including without limitation all Documents and Communications concerning CSXT's access to NIT via drayage and via rail.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 4 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."  Norfolk Southern also objects to Plaintiff's Second Request for Production 4 to the extent it seeks documents that are already within Plaintiff's possession, custody, or control, and for which discovery may be had from sources that are more convenient and less burdensome. Fed. R. Civ. P. 26(b)(2).

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 4 to the extent that the information sought is protected from production or disclosure by the attorney-client

privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:** Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

5.      All Documents relating to communications between you and any person other than NPBL, CSXT, or the Individual Defendants concerning the ownership, shareholder structure, or corporate governance of NPBL.

**OBJECTION:** Norfolk Southern restates and incorporates its objection to Plaintiff's Second Request for Production 4 and applies the same to Plaintiff's Request for Production 5.

**RESPONSE:** Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

6.      All Documents relating to your internal communications concerning the ownership, shareholder structure, or corporate governance of NPBL.

**OBJECTION:** Norfolk Southern objects to Plaintiff's Second Request for Production 6 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents." Norfolk Southern also objects to Plaintiff's Second Request for Production 6 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege,

work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

7.     All Documents relating to communications between you and the Commonwealth of Virginia relating to intermodal freight operations at a Port of Virginia Terminal, including NIT, VIG, and PMT.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 6 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents." In addition, Norfolk Southern objects to Plaintiff's Second Request for Production 7 to the extent it seeks the production of information that can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available via the Commonwealth of Virginia. Fed. R. Civ. P. 26(b)(2).  Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 7 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and

produce any responsive, non-privileged documents.

8.     All Documents relating to the analysis of the economic effects of the merger of Southern Railway Company with Norfolk & Western Railway Company on NPBL or the intermodal freight business.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 8 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents." Norfolk Southern objects to this request on the grounds that it is overly broad and unduly burdensome in that it is unbounded by time.

In addition, Norfolk Southern objects that Plaintiff's Second Request for Production 8 is vague and ambiguous with respect to the terminology "economic effects."  To the extent Norfolk Southern produces any documents in response to Second Request 8, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Norfolk Southern further objects insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern also objects to this request to the extent it seeks documents that are beyond Norfolk Southern's possession, custody, or control on the grounds that such a request exceeds the parameters of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 34(a).  Norfolk Southern objects to Plaintiff's Second Request for Production 8 insofar as it seeks the production of information that is not reasonably accessible to Norfolk Southern in its ordinary course of business, as such discovery would require extraordinary efforts that are not proportional to the scope of this matter.

41373652v2

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 8 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

9.      All Documents and Communications relating to the effects of the 1987 Operating Agreement[1] on the operations of the NPBL or NSR.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 9 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."  To the extent this request is unbounded by time, Norfolk Southern objects to this request on the grounds that it is overly broad and unduly burdensome.

Norfolk Southern further objects insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern also objects to this request to the extent it seeks documents that are beyond Norfolk Southern's possession, custody, or control on the grounds that such a request exceeds the parameters of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 34(a).  Norfolk Southern objects to Plaintiff's Second Request for Production 9 insofar as it seeks the production of information that is not reasonably accessible to Norfolk Southern in

---

[1] Norfolk Southern's Objection to Request No. 9 assumes that CSXT intended to reference the 1897 Operating Agreement.

its ordinary course of business, as such discovery would require extraordinary efforts that are not proportional to the scope of this matter.

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 9 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

To the extent Norfolk Southern produces documents in response to Plaintiff's Second Request for Production 9, Norfolk Southern will interpret the request as referring to the 1897 Operating Agreement.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

10.    All Documents and Communications relating to the negotiation, evaluation, and execution of the March 1, 1989 Supplemental Agreement referenced in Paragraph 22 of the Complaint.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 10 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."  Norfolk Southern objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is well outside the agreed-upon time frame for discovery set forth in the ESI Order.

Norfolk Southern further objects insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern also objects to this request to the extent it seeks documents that are beyond Norfolk Southern's possession, custody, or control on the grounds that such a request exceeds the parameters of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 34(a).  Norfolk Southern objects to Plaintiff's Second Request for Production 10 insofar as it seeks the production of information that is not reasonably accessible to Norfolk Southern in its ordinary course of business, as such discovery would require extraordinary efforts that are not proportional to the scope of this matter.

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 10 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

11.    All Documents and Communications concerning the terms served by each Individual Defendant as a member of the NPBL Board of Directors, including without limitation all Documents and Communications concerning the terms of each Individual Defendant's employment with NS before, during, and after his term on the NPBL Board.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 11 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."

Norfolk Southern also objects to Plaintiff's Second Request for Production 11 to the extent it seeks documents that are already within Plaintiff's possession, custody, or control, and for which discovery may be had from sources that are more convenient and less burdensome.  Fed. R. Civ. P. 26(b)(2).

Norfolk Southern further objects to this request to the extent it seeks the public disclosure of private information about Norfolk Southern employees in violation of those individuals' constitutional right to privacy.

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 10 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

12.     Complete personnel files for each Individual Defendant.

**OBJECTION:**  Norfolk Southern restates and incorporates its objection to Plaintiff's Second Request for Production 11 and applies the same to Plaintiff's Second Request for Production 12.

In addition, Norfolk Southern objects to Plaintiff's request for "personnel files" on the grounds that such terminology is vague and ambiguous, and the information sought is neither relevant to the claims and defenses in this matter nor proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1). "Personnel files" may contain myriad information that has no bearing on the merits of this litigation. Moreover, such files may also contain confidential, proprietary business information and trade secrets that pertain to the methods by which Norfolk Southern conducts its business. Plaintiff has not established that such information is necessary for a fair adjudication of the claims and defenses in this case.

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 10 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:** Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

13. All Documents and Communications between or among any or all of you, NPBL, and/or the Individual Defendants concerning CSXT's proposals to change the governance or operations of NPBL, including without limitation the proposals dated July 19, 2010 and March 23, 2018, set forth as exhibit E to the Complaint.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 13 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."

Norfolk Southern also objects to Plaintiff's Second Request for Production 13 to the extent it seeks documents that are already within Plaintiff's possession, custody, or control, and for which discovery may be had from sources that are more convenient and less burdensome.  Fed. R. Civ. P. 26(b)(2). Norfolk Southern further objects to this request to the extent it seeks documents that are beyond Norfolk Southern's possession, custody, or control on the grounds that such a request exceeds the parameters of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 34(a).  Norfolk Southern objects to Plaintiff's Second Request for Production 13 insofar as it seeks the production of information that is not reasonably accessible to Norfolk Southern in its ordinary course of business, as such discovery would require extraordinary efforts that are not proportional to the scope of this matter.

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 13 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

14.    All Documents and Communications between or among any or all of you, NPBL, and/or the Individual Defendants concerning any rate or service proposal made to NPBL by CSXT, including without limitation the proposal identified in Paragraphs 38-46 of the Complaint.

**OBJECTION:**  Norfolk Southern restates and incorporates its objection to Plaintiff's Second Request for Production 13 and applies the same to Plaintiff's Second Request for Production 14.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

15.    All Documents and Communications between or among any or all of you, NPBL, and/or the Individual Defendants concerning CSXT's letter to NPBL and NSR dated April 6, 2018, set forth as Exhibit F to the Complaint.

**OBJECTION:**  Norfolk Southern restates and incorporates its objection to Plaintiff's Second Request for Production 13 and applies the same to Plaintiff's Second Request for Production 15.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

16.     All Documents and Communications between or among any or all of you, NPBL, and/or the Individual Defendants regarding the proposed agreement between NS and NPBL referenced by Defendant Cannon Moss at the April 18, 2018 Board and shareholders meetings described in Paragraph 41 of the Complaint.

**OBJECTION:**  Norfolk Southern restates and incorporates its objection to Plaintiff's Second Request for Production 13 and applies the same to Plaintiff's Second Request for Production 16.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

17.     All Documents relating to the analysis of NSR's capacity to meet future demand for rail service to intermodal shippers into or out of any East Coast Port.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 17 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents" regarding rail service into or out of all East Coast Ports.

Norfolk Southern also objects to Plaintiff's Second Request for Production 17 insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).  To the extent Norfolk Southern produces any documents in response to Second Request 17, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 17 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:** Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

18.     All Documents relating to the analysis of competition among various modes of inland transportation, including but not limited to rail, truck, or barge operations, to serve shippers of intermodal freight into or out of any East Coast Port.

**OBJECTION:** Norfolk Southern restates and incorporates its objection to Plaintiff's Second Request for Production 17 and applies the same to Plaintiff's Second Request for Production 18.

**RESPONSE:** Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

19.     All Documents relating to or communications, evaluations, or analyses of any kind that concern the comparative advantages that NSR or NPBL may possess at any East Coast Port.

41373652v2

**OBJECTION:**  Norfolk Southern restates and incorporates its objection to Plaintiff's Second Request for Production 17 and applies the same to Plaintiff's Second Request for Production 19.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

20.     All Documents and Communications concerning the quality of NSR's performance pursuant to any contract whose subject matter involves or relates to the movement of intermodal into or out of any East Coast Port.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 20 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."  Norfolk Southern objects to this request on the grounds that it is overly broad and unduly burdensome in that it is unbounded by time.

Norfolk Southern also objects to Plaintiff's Second Request for Production 20 on the grounds that it is vague and ambiguous with respect to the term "quality of NSR's performance." Further, it is overly broad and disproportionate to the needs of this case because Norfolk Southern's quality of service to its customers is not at issue in this case.  Norfolk Southern further objects to Plaintiff's Second Request for Production 20 insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).  To the extent Norfolk Southern produces any documents in

response to Second Request 20, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 20 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

21.    All Documents and Communications concerning the quality or price of CSXT's services in the movement of intermodal freight into or out of any East Coast Port.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 21 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."  Norfolk Southern objects to this request on the grounds that it is overly broad and unduly burdensome in that it is unbounded by time.

Norfolk Southern also objects to Plaintiff's Second Request for Production 21 to the extent it seeks documents that are already within Plaintiff's possession, custody, or control, and for which discovery may be had from sources that are more convenient and less burdensome.  Fed. R. Civ. P. 26(b)(2).  Moreover, Norfolk Southern objects that Plaintiff's Second Request for Production 21 is vague and ambiguous with respect to the term "quality" of "CSXT's services."  Norfolk Southern further objects to this request to the extent it seeks documents that are beyond Norfolk

Southern's possession, custody, or control on the grounds that such a request exceeds the parameters of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(a). Norfolk Southern objects to Plaintiff's Second Request for Production 21 insofar as it seeks the production of information that is not reasonably accessible to Norfolk Southern in its ordinary course of business, as such discovery would require extraordinary efforts that are not proportional to the scope of this matter.

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 21 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:** Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

22.    All Documents relating to business relationships concerning intermodal transportation services that were acquired to by you after being held by CSXT, including but not limited to all analyses of the reasons why you were able to acquire the business.

**OBJECTION:** Norfolk Southern objects to Plaintiff's Second Request for Production 22 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents." Norfolk Southern objects to this request on the grounds that it is overly broad and unduly burdensome in that it is unbounded by time and is not limited to the Port of Virginia.

Norfolk Southern also objects to Plaintiff's Second Request for Production 22 on the grounds that it is vague and ambiguous with respect to the term "business relationships." Norfolk Southern further objects to Plaintiff's Second Request for Production 22 insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available. Fed. R. Civ. P. 26(b)(2). To the extent Norfolk Southern produces any documents in response to Second Request 22, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 22 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:** Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

23.    All Documents and Communications relating to any proposed or contemplated expansion of terminal capacity, or intermodal freight-handling capacity, at NIT, VIG, or PMT.

**OBJECTION:** Norfolk Southern objects to Plaintiff's Second Request for Production 23 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications." Norfolk Southern objects to this request on the grounds that it is overly broad and unduly burdensome in that it is unbounded by time.

Norfolk Southern further objects to Plaintiff's Second Request for Production 23 insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).  To the extent Norfolk Southern produces any documents in response to Second Request 23, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 23 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

24.    All Documents relating to contracts between you and Commonwealth Railway.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 24 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents."

Norfolk Southern further objects to Plaintiff's Second Request for Production 24 insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 24 to the extent that the information sought is protected from production or disclosure by the attorney-client

privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

25.    All Documents and Communications concerning NSR's use of drayage or trucking services at any East Coast Port, including without limitation any Documents or Communications pertaining to the comparative advantages or disadvantages of drayage or trucking services versus on-dock rail services.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 25 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."  Norfolk Southern objects to this request on the grounds that it is overly broad and unduly burdensome in that it is unbounded by time.

Norfolk Southern further objects to Plaintiff's Second Request for Production 25 insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).  To the extent Norfolk Southern produces any documents in response to Plaintiff's Second Request for Production 25, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 25 to the extent that the information sought is protected from production or disclosure by the attorney-client

41373652v2

privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

26.   All Documents relating to your provision of rail service for the movement of intermodal containers on a non-contract basis, including your published tariffs, and all prices offered by you on a spot market basis, at any East Coast Port.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 26 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents." Norfolk Southern objects to this request on the grounds that it is overly broad and unduly burdensome in that it is unbounded by time.

Norfolk Southern further objects to Plaintiff's Second Request for Production 26 insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern also objects that the term "tariff" is vague and ambiguous.  To the extent Plaintiff purports to seek information related to the rates Norfolk Southern charges for rail services, Norfolk Southern objects that the Surface Transportation Board ("STB") maintains exclusive jurisdiction regarding the reasonableness of rail rates pursuant to the Interstate Commerce Commission Termination Act, 49 U.S.C.A. § 11102.  Decisions regarding such rates are publicly available via the STB.

Further, to the extent Norfolk Southern produces any documents in response to Plaintiff's Second Request for Production 26, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 26 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

27.      All Documents and Communications between or among any or all of you, NPBL, and/or the Individual Defendants concerning CSXT's use of NPBL for the movement of intermodal containers to and from NIT in 2015, as referenced in Paragraph 55 of the Complaint.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 27 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."

Norfolk Southern also objects to Plaintiff's Second Request for Production 27 to the extent it seeks documents that are already within Plaintiff's possession, custody, or control, and for which discovery may be had from sources that are more convenient and less burdensome.  Fed. R. Civ. P. 26(b)(2).

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 27 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

28.      All Documents relating to your analysis of opportunities to compete with CSXT for the business of ocean shippers seeking rail transportation of intermodal containers, including your assessment of any wins or losses of business for which you competed against CSXT, involving any East Coast Port.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 28 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."

Norfolk Southern further objects to Plaintiff's Second Request for Production 28 insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).  Norfolk Southern also objects that the words and phrases "wins" or "losses" regarding "business" for which NSR "competed against CSXT" are vague and ambiguous.  To the extent Norfolk Southern produces any documents in response to Second Request 28, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 28 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

29.    All Documents relating to your analysis of opportunities to compete with transportation providers other than CSXT, including railroad companies, trucking companies, barge companies, and other providers, for the business of ocean shippers seeking rail transportation

of intermodal containers into and out of any East Coast Port, including your assessment of any wins or loses of business for which you competed against such providers.

**OBJECTION:**  Norfolk Southern restates and incorporates its objection to Plaintiff's Second Request for Production 28 and applies the same to Plaintiff's Second Request for Production 29.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

30.    All Documents and Communications between or among any or all of you, NPBL, and/or the Individual Defendants relating to any evaluation or analysis of the capacity of the railroad infrastructure located within the Cities of Norfolk, Portsmouth, or Chesapeake, regardless of its ownership, to carry current or projected volumes of intermodal freight traffic passing through NIT, VIG, or PMT.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 30 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."

Norfolk Southern further objects to Plaintiff's Second Request for Production 30 insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available or that are already in Plaintiff's possession, custody, or control.  Fed. R. Civ. P. 26(b)(2).  To the extent Norfolk Southern produces

any documents in response to Second Request 30, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Norfolk Southern also objects to the geographic limitations prescribed in Plaintiff's Second Request for Production 30 insofar as Plaintiff purports to apply the same when defining a relevant market in this litigation. Norfolk Southern does not agree that the relevant market in this case can be limited to the Cities of Norfolk, Portsmouth, and/or Chesapeake.

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 30 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:** Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

31.   All Documents and Communications between or among any or all of you, NPBL, and/or the Individual Defendants relating to the evaluation of the use of NSR-owned equipment on NPBL-owned or CSXT-owned rail infrastructure serving VIG, NIT, or PMT.

**OBJECTION:** Norfolk Southern objects to Plaintiff's Second Request for Production 31 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."

Norfolk Southern further objects to Plaintiff's Second Request for Production 31 insofar as the information requested can be obtained from sources that are more convenient and less

burdensome, including documents that are publicly available or that are already in Plaintiff's possession, custody, or control. Fed. R. Civ. P. 26(b)(2). To the extent Norfolk Southern produces any documents in response to Second Request 31, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Norfolk Southern also objects to the geographic limitations prescribed in Plaintiff's Second Request for Production 31 insofar as Plaintiff purports to apply the same when defining a relevant market in this litigation. Norfolk Southern does not agree that the relevant market in this case can be limited to the ports of VIG, NIT, and PMT.

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 31 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

32.    All Documents and Communications between or among any or all of you, NPBL, and/or the Individual Defendants relating to the sale or proposed sale of property owned by NPBL, including but not limited to all property referenced in Paragraph 47 of the Complaint.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 32 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."

In addition, Norfolk Southern objects to Plaintiff's Second Request for Production 32 insofar as it seeks further information regarding the property referenced in Paragraph 47 of the Complaint, which Plaintiff refers to as the "Diamond."  Information regarding Norfolk Southern's actions, with respect to the "Diamond," is publicly available via the Verified Notice of Exemption filed with the STB and made effective by the STB in STB Docket No. AB_290_299_X. Furthermore, the STB's authorization of this action (*see Norfolk and Portsmouth Belt Line Railroad Co. – Discontinuance of Trackage Rights Exemption – In Chesapeake, VA*, Docket No. AB-1024X (STB May 15, 2008), 73 Fed. Reg. 28188-02 [2008 WL 2047779] (D.E. 28-5)) preempts any of Plaintiff's claims related thereto, and therefore this request is not relevant to any claims and defenses in this litigation and is beyond the scope of permissible discovery.  Fed. R. Civ. P. 26(b)(1).

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 32 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

33.    All route maps for NSR intermodal container transport, including inland ports operated by NSR.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 33 on the grounds that it is overly broad and disproportionate to the extent it seeks "all" route maps, including inland ports operated by NSR.

Norfolk Southern further objects to Plaintiff's Second Request for Production 33 insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available or that are already in Plaintiff's possession, custody, or control.  Fed. R. Civ. P. 26(b)(2).

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

34.    All Documents relating to actual or contemplated additions to or reductions from available NSR intermodal or container transportation routes.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 34 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents." Norfolk Southern further objects to Plaintiff's Second Request for Production 34 insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available or that are already in Plaintiff's possession, custody, or control.  Fed. R. Civ. P. 26(b)(2).  To the extent Norfolk Southern produces any documents in response to Second Request 34, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 34 to the

extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

35.    All Documents and Communications between or among any or all of you, NPBL, the Individual Defendants, and the Commonwealth of Virginia concerning planned or potential intermodal freight operations by NS or CSXT through NIT, VIG, or PMT.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 35 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."   Norfolk Southern further objects to Plaintiff's Second Request for Production 35 insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available from the Commonwealth of Virginia or that are already in Plaintiff's possession, custody, or control.  Fed. R. Civ. P. 26(b)(2).  To the extent Norfolk Southern produces any documents in response to Second Request 35, said production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Norfolk Southern also objects to the geographic limitations prescribed in Plaintiff's Second Request for Production 35 insofar as Plaintiff purports to apply the same when defining a relevant

market in this litigation.  Norfolk Southern does not agree that the relevant market in this case can be limited to the ports of NIT, VIG, or PMT.

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 35 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

36.   All Documents and Communications between you and the Commonwealth of Virginia concerning planned or potential future expansion of rail infrastructure, including but not limited to the projected cost of such expansion, at the Port of Hampton Roads.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 36 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents and communications."

Norfolk Southern further objects to Plaintiff's Second Request for Production 36 insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available from the Commonwealth of Virginia or that are already in Plaintiff's possession, custody, or control.  Fed. R. Civ. P. 26(b)(2).  To the extent Norfolk Southern produces any documents in response to Second Request 35, said

41373652v2

production only will be made if subject to the highest level of confidentiality set forth in the Stipulated Protective Order [79].

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 36 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

37.   All Documents relating to any previous statement made by you, your agent or employee acting within the scope of that relationship, or any person authorized by you to make a statement, about this civil action or its subject matter.

**OBJECTION:**  Norfolk Southern objects to Plaintiff's Second Request for Production 37 on the grounds that it is overly broad and disproportionate to the extent it seeks "all documents."

Norfolk Southern further objects to Plaintiff's Second Request for Production 37 insofar as the information requested can be obtained from sources that are more convenient and less burdensome, including documents that are publicly available.  Fed. R. Civ. P. 26(b)(2).

Finally, Norfolk Southern objects to Plaintiff's Second Request for Production 37 to the extent that the information sought is protected from production or disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, or other privileges and immunities recognized by law.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

38.    All Documents not otherwise produced in response to these requests that relate to the proof of claim or defense asserted by a party to this civil action that you may offer as evidence in connection with any motion or trial.

**OBJECTION:**  Norfolk Southern restates and incorporates its objection to Plaintiff's Second Request for Production 37 and applies the same to Plaintiff's Second Request for Production 38.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

39.    All Documents related to the management of affairs of NPBL obtained by you from any person not a party to this civil action.

**OBJECTION:**  Norfolk Southern restates and incorporates its objection to Plaintiff's Second Request for Production 37 and applies the same to Plaintiff's Second Request for Production 39.

**RESPONSE:**  Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, NSR response as follows: Subject to the Protective Order and

ESI Order, NSR will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run NSR's proposed search terms across its documents if necessary, and produce any responsive, non-privileged documents.

**NORFOLK SOUTHERN RAILWAY COMPANY**

/s/ Alan D. Wingfield
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
Tel. (804) 697-1200
Fax (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone: (757) 687-7759
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: kathleen.knudsen@troutman.com

Monica McCarroll (VSB No. 45622)
REDGRAVE LLP
14555 Avion Parkway, Suite 275
Chantilly, Virginia 20151
Tel.: 703.592.1154
Fax: 703.230.9859
MMcCarroll@redgravellp.com

*Counsel for Defendant Norfolk Southern Railway Company*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 10, 2020, a true and correct copy of the foregoing was

transmitted by electronic mail to:

Robert W. McFarland, Esq.
Benjamin L. Hatch, Esq.
E. Rebecca Gantt, Esq.
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
rmcfarland@mcguirewoods.com
bhatch@mcguirewoods.com
rgantt@mcguirewoods.com

*Attorneys for CSX Transportation, Inc.*

Hugh M. Fain, III, Esq.
M. F. Connell Mullins, Jr., Esq.
John M. Erbach, Esq.
SPOTTS FAIN PC
411 E. Franklin St.
Richmond, VA 23219
Telephone: (804) 697-2000
hfain@spottsfain.com
cmullins@spottsfain.com
jerbach@spottsfain.com

*Attorneys for Jerry Hall, Thomas Hurlbut,
and Philip Merilli*

James L. Chapman, IV, Esq.
W. Ryan Snow, Esq.
Darius K. Davenport, Esq.
David C. Hartnett, Esq.
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com

*Attorneys for Norfolk and Portsmouth Belt
Line Railroad Company*

W. Edgar Spivey, Esq.
Clark J. Belote, Esq.
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3196
Facsimile: (888) 360-9092
wespivey@kaufcan.com
cjbelote@kaufcan.com

*Attorney for Cannon Moss*

/s/ Alan D. Wingfield
Alan D. Wingfield (VSB No. 27489)
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
Tel. (804) 697-1200
Fax (804) 698-6061
Email: alan.wingfield@troutman.com

41373652v2