# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

Plaintiff,

v.                                                      Civil Action No. 2:18cv530

NORFOLK SOUTHERN RAILWAY
COMPANY, NORFOLK & PORTSMOUTH
BELT LINE RAILROAD COMPANY,
JERRY HALL, THOMAS HURLBUT,
PHILIP MERILLI, and CANNON MOSS,

Defendants.

_____

**PLAINTIFF CSX TRANSPORTATION, INC.'S OBJECTIONS AND RESPONSES
TO DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Local Rule 26, and

the ESI Order and Stipulated Protective Order entered in the above-captioned action, Plaintiff CSX

Transportation, Inc. ("CSXT" or "Plaintiff"), by counsel, hereby provides its objections and

responses to Defendant Norfolk Southern Railway Company's ("NSR") First Set of Document

Requests (the "Requests").

**RESERVATION OF RIGHTS**

Plaintiff's objections are based on the facts presently known to Plaintiff based on a good

faith investigation to respond to NSR's Requests.  As discovery progresses, Plaintiff may

supplement or change its objections to NSR's Requests with any non-privileged information as

appropriate under the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

Plaintiff reserves the right to supplement or change their objections to NSR's Requests as additional or different facts, documents, or witnesses are discovered.

Plaintiff's objections to NSR's Requests do not constitute an admission by Plaintiff that any of the Requests or the responses thereto, or any documents produced in connection therewith, are relevant or admissible as evidence in any trial or other proceeding. Plaintiff reserves the right to object on any grounds, at any time, to the admission of any Requests or the responses thereto, or any documents produced in connection therewith, in any such trial or other proceeding.

The responses contained herein are based only upon the information and documentation presently available and known to CSXT. It is possible that further investigation, discovery, analysis, legal research, and/or preparation may result in the ascertainment of additional information or documentation, or provide additional meaning to known factual conclusions and legal contentions, all of which may result in the modification of these responses. Accordingly, CSXT reserves the right to modify its responses herein based upon subsequently ascertained or developed information, documentation, facts, and contentions. Subject to the objections asserted herein, CSXT's responses are made in a good faith effort to reasonably respond to NSR's Requests based upon presently available information and documentation. These responses should not be construed to prejudice CSXT's right to conduct further investigation, discovery, legal research and/or preparation, or to limit CSXT's right to utilize any additional evidence that may be developed.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     CSXT objects to Definition/Instruction Numbers 2–4 ("documents" and "communications") as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of this case in that this definition requires CSXT to produce "text

messages, iMessages, messages through social media, messages through apps, and emails (including personal email accounts), regardless of whether CSXT or its representatives characterize those mediums as personal (*i.e.*, non-business)," and therefore seeks documents that may have no material bearing on this case. CSXT further objects to the extent that NSR attempts to require CSXT to produce documents beyond those agreed to in the ESI Order.

2.    CSXT objects to Definition/Instruction Number 7 ("you," "your," and "CSXT") as vague and ambiguous as well as overbroad and unduly burdensome in that this definition of "CSXT" includes numerous legally distinct persons not parties to this litigation, and also purports to require CSXT to obtain information, documents, and other tangible things from all "affiliated business entities, directors, officers, employees, agents, representatives, and predecessor(s) in interest." To the extent this definition purports to include CSXT's "affiliated business entities," the conduct of all such entities is not at issue in this case, and therefore is irrelevant. Moreover, to answer NSR's 105 Requests on behalf of not only CSXT, but all other entities meeting NSR's overbroad definition would impose a burden on CSXT that would far outweigh the needs of this case, and would not be reasonable or proportional to this case as the Rules require. CSXT further objects to the definition of "you" or "your" as overbroad, unduly burdensome, irrelevant, unreasonably burdensome, and not proportional to the needs of the case to the extent that it purports to include "all directors, officers, employees, agents, representatives, and predecessor(s) in interest." This definition would require CSXT to answer NSR's 105 Requests on behalf of a wide range of other individuals and entities with no authority to bind CSXT. Not only are the actions of such individuals and entities not relevant to this litigation, but the burden imposed by such an exercise would far outweigh any marginal benefit, and would be not be reasonable or proportional as required by the Rules.

3.      CSXT objects to Definition/Instruction No. 21, which defines "Commonwealth of Virginia" as the "Commonwealth of Virginia, and all persons and entities acting on its behalf, including but not limited the VPA" as overbroad, unduly burdensome, expensive and not proportional to the needs of the case to the extent it requires documents be produced related to a wide range of individuals and entities that are not relevant to this litigation.  The burden imposed by such an exercise would far outweigh any marginal benefit, and would be not be reasonable or proportional as required by the Rules.

4.      CSXT objects to Definition/Instruction No. 22, which defines "Shipper" as "any person, including but not limited to ocean shippers, contracting or seeking to contract with a rail carrier for the provision of intermodal rail transportation" as vague, ambiguous, overbroad, and unduly burdensome as this term encompasses a wide range of individuals and entities that are not relevant to this litigation, and is not limited in any way.  The burden imposed by such an exercise would far outweigh any marginal benefit, and would be not be reasonable or proportional as required by the Rules.

5.      CSXT objects to the production of any discovery materials prior to the entry of a protective order in this action and an agreed upon ESI protocol.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All documents, regardless of the date of creation or receipt, that you received from NPBL relating to matters of governance and finance, including but not limited to minutes, notices, financial statements, and correspondence regarding dividends.

**OBJECTION:**  CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks documents concerning the "intermodal shipping business that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE:** Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents limited in geographic scope to any intermodal shipping business to or from any East Coast Port.[1]

32.     All documents relating to the analysis of the capacity of any terminal facility in the continental United States to handle intermodal shipping business that originates from or is destined to any location outside the continental United States.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against

---

[1] East Coast Port(s) shall mean all major ocean ports and marine terminals on the Atlantic and Gulf coasts in the United States located east of the Mississippi River, including terminals located in the Port of New Orleans, Port of New York/New Jersey, Port of Baltimore, Port of Charleston, and Port of Savannah.

36.     All documents relating to communications, evaluations, or analyses of any kind that concern the comparative advantages or disadvantages that CSXT or NSR may possess at any terminal facility handling intermodal freight that originates from or is destined to any location outside the continental United States.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome and expensive, irrelevant, and not proportional to the needs of the case as it seeks documents concerning the "comparative advantages or disadvantages that CSXT or NSR may possess at any terminal facility handling intermodal freight that originates from or is destined to any location outside the continental United States" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents limited in geographic scope to terminal facilities located at East Coast Ports.