**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

       Plaintiff,

v.                              Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

       Defendants.

_____/

**CSX TRANSPORATION, INC.'S MEMORANDUM**
**IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

Plaintiff CSX Transportation, Inc. ("CSXT"), by counsel, pursuant to Federal Rule of Civil

Procedure 37(a)(5)(A) and this Court's Order of September 4, 2020 (ECF No. 237), submits the

following memorandum in support of its Motion for Attorneys' Fees, which requests this Court

award CSXT the reasonable fees and expenses it incurred in pursuing its Motion to Reopen and

Compel Depositions (ECF No. 203), which the Court granted on September 4, 2020 (ECF No.

237). In support, CSXT states as follows:

**INTRODUCTION**

After granting CSXT's Motion to Reopen and Compel Depositions (the "Motion") and

directing the parties to conduct depositions within 60 days of the Court's Order, the Court further

directed CSXT to file any claim for reasonable expenses incurred in making its Motion. *See* ECF

No. 203-204 and 237. In accordance with the Court's Order, CSXT submits this Memorandum

and accompanying evidence in support of its request for an award of its reasonable attorneys' fees

1

and litigation costs associated with the Motion – specifically, a $43,924.50.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 37(a) governs the payment of attorney's fees and expenses in discovery disputes.  Specifically, Rule 37(a)(5)(A) provides that, if the court grants a motion to compel discovery, "the court <u>must</u> . . . require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  The award of expenses is mandatory unless one of the Rule's three enumerated exceptions applies: "(1) the movant filed a motion to compel prior to attempting in good faith to obtain the discovery without court intervention; (2) the nondisclosure or objection was substantially justified; or (3) other circumstances make an award of expenses unjust." *Id*.

An award of expenses under Rule 37(a)(5)(A) must be reasonable.  *Id*.  A court evaluates the reasonableness of attorneys' fees by first determining the "lodestar" figure, defined as "a reasonable hourly rate multiplied by hours reasonably expended."  *Grissom v. Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008).  In determining what constitutes a reasonable billing rate and number of hours, the Fourth Circuit has directed courts to consider twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009).  In connection with an award of attorneys' fees for a discovery motion under Rule 37, the first, second, third, fifth,

ninth, and twelfth factors are the most relevant.  *Lismont v. Alexander Binzel Corp.*, 47 F. Supp. 3d 442, 450 (E.D. Va. 2014).

When requesting attorneys' fees, "[t]he moving party has the burden of 'establishing the reasonableness of the requested amount both by showing the reasonableness of the rate claimed and the number of hours spent.'"  *Rutherford Controls Int'l Corp. v. Alarm Controls Corp.*, No. 3:08cv369, 2009 WL 4015357, at *2 (E.D. Va. Nov. 17, 2009) (citations omitted).

## <u>ARGUMENT</u>

### I.     CSXT is Entitled to Its Reasonable Expenses Incurred in Moving to Compel.

Because the Court granted CSXT's Motion, Defendant Norfolk Southern Railway Company ("NSR") "must" pay CSXT's reasonable expenses incurred in making the motion, including attorney's fees, absent one of three enumerated exceptions—none of which apply.  Fed. R. Civ. P. 37(a)(5)(A).  Because CSXT made multiple good-faith attempts to work with NSR to schedule these depositions, and because NSR was not substantially justified in opposing these attempts and no other circumstances would render the award of fees unjust, the Court must require NSR to pay CSXT's reasonable fees under Rule 37(a)(5)(A).

### A.     CSXT Attempted in Good Faith to Resolve the Dispute Without Court Intervention.

Before filing its Motion to Reopen and Compel Depositions, CSXT conferred in good-faith on multiple occasions with NSR about the impact of its belated document productions and the necessity of re-opening the depositions of certain NSR witnesses and deposing a small number of additional NSR witnesses.  CSXT was ultimately unsuccessful in negotiating a resolution of this dispute with NSR without Court intervention.

Because NSR's belated productions materially and adversely affected it, on June 5, 2020, CSXT sent written correspondence to NSR seeking to depose or re-depose certain NSR witnesses

based on their involvement in critical, late-produced documents.  *See* ECF No. 204-4.[1]  NSR rejected that proposal on June 11, offering only "a second corporate deposition of NSR" on the late-produced documents, in exchange for NSR's ability to re-depose a CSXT witness.  *See* ECF No. 204-5.  On June 19, CSXT responded with additional support for its position, and sought to "further discuss[] these issues with [NSR] in the hopes of reaching a resolution that [would] not require court intervention."  *See* ECF No. 204-6 at 3.[2]  In addition to the parties' written correspondence, CSXT and NSR conferred by telephone about these issues on June 8 and 25, but were unable to reach a resolution.

The record supports that CSXT made multiple good-faith attempts to resolve the dispute at hand before filing its Motion.

### B. NS's Failure to Respond to CSXT's Discovery Request Was Not Substantially Justified.

Rule 37(a)(5)(A)(ii) prohibits a court from imposing attorney's fees on a party who failed to comply with discovery request if its nondisclosure was "substantially justified."  Fed. R. Civ. P. 37(a)(5)(A)(ii).  A party's response to a motion to compel meets this standard if it is "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks and citations omitted); *see also Hare v. Comcast Cable Commc'ns Mgmt., LLC*, 554 F. App'x. 23, 24-25 (4th Cir. 2014) ("A motion is substantially justified if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'") (quoting *Pierce*, 487 U.S. at 565-66 n.2).

---

[1] Prior to sending this correspondence, CSXT raised this issue during a June 2, 2020 conference call, but the parties did not substantively discuss it.  *See* ECF No. 204-4 at 1.

[2] In its initial correspondence on this issue, CSXT sought to re-open the depositions of three NSR witnesses and to depose three new NSR witnesses.  As further evidence of CSXT's good faith in this regard, and in an attempt to reach a compromise with NS, CSXT withdrew its requests as to two of the six witnesses originally identified.  *See* ECF 204 at 6, n.3.

4

In response to CSXT's June 5, 2020 letter, NSR offered that "[w]hile CSXT is not entitled to these additional depositions, NSR is agreeable to allowing a second corporate deposition of NSR on the documents produced after February 7 as long as NSR is able to redepose" one of CSXT's witnesses, Mr. Steven Armbrust.  ECF 204-5 at 3.  Despite NSR's view that this offer was "generous," this proposal was untenable for two reasons.  *See* ECF No. 240-3 at 37:25-38:2. First, as CSXT has explained, NSR's request to re-open Mr. Armbrust's deposition is not comparable to the additional depositions sought by CSXT.  *See* ECF No. 204 at 7 n.4.  CSXT timely produced its documents and its privilege log well before NSR unilaterally scheduled the deposition of Mr. Armbrust.  NSR failed to timely review those productions and challenge any of CSXT's privilege determinations until after 8:00 p.m. on the night before that deposition.  That lack of diligence negates any argument that NSR has "good cause" to re-depose Mr. Armbrust. *See id.*  By contrast, as CSXT explained in its Motion, NSR produced hundreds of thousands of pages of documents within days of (and after) the close of CSXT's discovery period.  No amount of diligence short of clairvoyance would have allowed CSXT to incorporate these documents into its depositions or discovery plan.

Second, the Rule 30(b)(6) deposition offered by NSR would have been a wholly inadequate substitute for the depositions CSXT requested, because the motives and recollections of the specific deponents at issue is of paramount importance.  A corporate designee would necessarily be ill-equipped to testify about the personal motivations and intentions of the author or recipient of the relevant documents.  *See* Fed. R. Civ. P. 30(b)(6) (stating that corporate representatives in deposition "must testify about information known or reasonably available *to the organization*") (emphasis added); *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. Feb. 27, 1996) (explaining that "[t]he testimony elicited at the Rule 30(b)(6) deposition represents the knowledge

of the corporation, not of the individual deponents"). In granting CSXT's Motion, the Court recognized this point. *See id.* at 48:7-11 (concluding that the tardy documents "seem to be particularly germane to the issues in this case, and I think CSX is entitled to depose those <u>folks who are involved in those documents</u> in order to find out the story behind them.") (emphasis added). Neither NSR's proposal – nor its strident opposition to CSXT's Motion – was substantially justified.

Moreover, "inconsistencies" in a party's representations in connection with a discovery dispute may justify an award of fees under Rule 37(a)(5). *See CertusView*, 2015 WL 13037421 at *4 (overruling objection to magistrate judge's award of fees, explaining that, "[i]n light of the inconsistency" between representations made in a declaration submitted with a motion to compel and later deposition testimony, "the Court is *by no means* 'left with the definite and firm conviction that a mistake has been committed'") (emphasis in original). As this Court has recognized, in its written opposition and at the hearing on CSXT's Motion, NSR made inconsistent representations as to the status of its discovery and its belated productions, particularly as to its January 2020 pleadings opposing CSXT's emergency motion, which sought a brief extension of its discovery period due to anticipated delays in NSR's document productions. *See* ECF 240-3 at 40:10-16. These conflicting representations further demonstrate that NSR's opposition to CSXT's Motion was unreasonable.

The issue presented in CSXT's Motion was not a close one. As no "reasonable person" could believe NSR's opposition to CSXT's Motion had "a reasonable basis in law and fact," NSR enjoys no "substantial justification" relieving it of its obligation to pay CSXT's fees under Rule 37(a)(5). *Hare*, 554 Fed. Appx. at 24-25.

### C.    No Other Circumstances Make an Award for Expenses Unjust.

There is no evidence of any other circumstances that would render an award of CSXT's attorneys' fees unjust.  But for NSR's substantial delayed productions, and its repeated refusal to agree to CSXT's reasonable request for necessary depositions with key fact witnesses, CSXT would not have filed its Motion.  Under this record, NSR even had the temerity to contend that CSX failed to act diligently in bringing this Motion, when the purported delay in filing the Motion was due in large part to its efforts to resolve this matter without court intervention.  Moreover, this is not a case in which imposing sanctions against the noncompliant party—a Fortune 500 company—would impose a substantial hardship or otherwise be unjust.  *See Lafleur v. Dollar Tree Stores, Inc.*, No. 2:12cv363, 2013 WL 12181782, at *3 (E.D. Va. Oct. 7, 2013) (acknowledging that "there may well be situations in which financial indigency will tilt against the imposition of Rule 37 sanctions," but noting that even these circumstances "will not automatically suffice as the sole basis" to find an award unjust); *see also PRA Fin. Servs., LLC v. AutoTrakk, LLC*, No. 2:17cv392, 2018 WL 1472490, at *3 (E.D. Va. Mar. 26, 2018) (holding that award of fees was not unjust where defendant had produced a large number of documents near the end of plaintiff's discovery period, meaning that plaintiff was unable to timely complete discovery, even where plaintiff had also produced some documents late).  CSXT is entitled to its reasonable attorneys' fees incurred for the Motion.

### II.    CSXT's Requested Fees are Reasonable.

CSXT seeks to recover $43,924.50 in attorneys' fees for 98.50 of billable time spent analyzing, drafting, preparing for, and attending the hearing on its Motion.[3]  In support of this

---

[3] In this Motion, CSXT is <u>not</u> seeking to recover attorneys' fees expended in preparing its Motion for Attorneys' Fees, nor the costs incurred in retaining Mr. Albert, in contemplation of needing to prepare further pleadings in response to NSR's Opposition to this Motion.

request, CSXT provides the Declaration of Robert W. McFarland, attesting to the professional background of each time-keeper involved in CSXT's Motion for whom reimbursement is sought, the hours expended by each, and the steps CSXT has taken to ensure its fee request is reasonable. *See* **Exhibit A**.   An itemized statement of billable fees, by time-keeper, is attached to Mr. McFarland's declaration as **Exhibit A-1**.   CSXT also attaches the Declaration of Alan Albert, Partner at O'Hagan Meyer, describing his familiarity with fees for similar legal work in the Norfolk Division of the Eastern District of Virginia, as well as the skills and reputation of the attorney-fee applicants. *See* **Exhibit B**.

Under Rule 37, CSXT must establish that its requested fees are reasonable by clear and convincing evidence. *Lismont*, 47 F. Supp. 3d at 459.   As noted, although the Court looks to all the "lodestar" factors in connection with a discovery motion under Rule 37, the first, second, third, fifth, ninth, and twelfth factors are the most relevant. *Swimways Corp. v. Aqua-Leisure Indus., Inc.*, No. 2:16cv260, 2017 WL 3262153, at *3 (E.D. Va. July 31, 2017); *accord Flame S.A. v. Industrial Carriers, Inc.*, No. 2:13cv658, 2014 WL 4809842, at *4 (E.D. Va. Sept. 25, 2017); *see also Robinson*, 560 F.3d at 243-44 (identifying these factors as the time and labor expended, the novelty and difficulty of the questions raised, the skill required to perform the services rendered, the customary fee for similar work, the experience and reputation of the attorney, and fee awards in similar cases)  Indeed, many of the factors involved in the twelve-point analysis are "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Rutherford Controls Int'l Corp. v. Alarm Controls Corp.*, No. 3:08cv369, 2009 WL 4015357, at *3 (E.D. Va. Nov. 17, 2009) (citations omitted).   As Mr. Albert's declaration makes clear, these factors support one conclusion:  the fees requested by CSXT are plainly reasonable.

### A. The Time and Labor Expended, Novelty and Difficulty of the Questions, and the Skill Required to Properly Perform the Legal Services Rendered.

CSXT's Motion was not a standard discovery motion. CSXT was required to wade through 210,000 pages of belatedly produced NSR documents to identify those produced after each witness's deposition.[4] More importantly, CSXT needed to review the deposition transcripts of the NSR witnesses to analyze whether subject matter of the tardy documents had already been sufficiently addressed or whether further testimony was warranted. CSXT attempted on numerous occasions throughout June and July to work through these issues with NSR and negotiate limited re-openings, as well as two additional depositions. At every step, NSR fought CSXT, offering unreasonable alternatives instead of fair compromise.

After the parties failed to resolve this dispute and reached an impasse, CSXT filed its Motion. The Motion required legal research on relevant case law, drafting the Motion, selecting and redacting fourteen exhibits, preparing an accompanying motion to seal, drafting the reply brief in response to NSR's brief in opposition, and preparing for and participating in the September 4, 2020 hearing on the Motion. Because NSR's opposition to CSXT's Motion was premised on its fact-intensive, revisionist reading of prior pleadings in this case, drafting the reply brief in support of the Motion was far more complex than should have been necessary. In weighing the complexity of CSXT's Motion, this Court can consider NSR's litigation tactics—both during the parties' discovery negotiations and in opposing the Motion—which increased the difficulty and duration

---

[4] McGuireWoods' internal eDiscovery group processed and conducted an initial review of NSR's belated documents. CSXT understands, however, that "Rule 37 does not permit parties to recover every cost associated with discovery review, much of which would have been incurred regardless of the noncompliance." *Swimways Corp.*, 2017 WL 3262135, at *4. CSXT therefore does *not* seek reimbursement for all attorney time spent reviewing NSR's late productions, instead limiting its request to time spent reviewing the subset of documents identified as warranting re-opening and taking additional depositions.

of litigating this dispute.  *See E.I du Pont Nemours & Co. v. Kolon Indus., Inc.*, No. 3:09cv58, 2014 WL 792137, at *3 (E.D. Va. Feb. 25, 2014), vacated on other grounds, No. 14-1266 (4th Cir. June 12, 2014) ("[The defendant's] litigation strategy . . . increased the fees incurred in this case. . . . [A] party may choose to mount this kind of defense, but it must also bear the financial consequences of so doing if the prevailing party is entitled to a fee award.").

CSXT's Motion raised unique issues, and preparing and briefing these issues was of above-average difficulty.  That five attorneys and one paralegal spent 98.50 hours making the Motion is reasonable and supports the requested fees.

### B.  Customary Fees for Like Work, the Experience, Reputation and Ability of the Attorneys, and Attorneys' Fees Awards in Similar Cases.

In support of CSXT's reasonableness of its fees, CSXT has properly submitted the declarations of Mr. McFarland and Mr. Albert.  *See PRA Financial Servs., LLC*, 2018 WL 1472490, at *4 (noting that the court may consider both "affidavits of local lawyers familiar with the skills of the fee applicants and the legal work in the relevant legal community" and "affidavits testifying to the applicants' *own* rates, skill, and experience"); *accord Robinson*, 560 F.3d at 244 (the party seeking fees "must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award").  As Mr. McFarland's Declaration attests, the McGuireWoods' attorneys and staff assigned to this matter are well qualified and highly experienced – but the case was also staffed in such a way that the most senior attorneys served in traditional supervisory roles, so as to reduce duplicative efforts.  *See* **Exhibit A ¶** 5-8.  Further, as Mr. Albert's Declaration makes clear, the rates charged by the McGuireWoods attorneys and staff who worked on the Motion are reasonable and commensurate with rates charged by other attorneys and staff with comparable backgrounds, experiences, and expertise in handling complex litigation matters before this Court.  *See* **Exhibit B ¶¶** 31-43.  Mr.

Albert's Declaration also confirms that work on the Motion was appropriately staffed, and that the hours billed by the attorneys and staff were reasonable, efficiently distributed, and non-duplicative. *See id.* at ¶¶ 19-30; 44-47.

Finally, fee awards in comparable cases further support the reasonableness of the rates at issue here. *See, e.g.*, *Lismont*, 47 F. Supp. 3d at 459 (granting $33,469.00 in attorneys' fees for preparation of motion for entry of confidentiality order and associated tasks); *Stewart v. VCU Health Sys. Auth.*, No. 3:09cv738, 2012 WL 1120755, at *6 (E.D. Va. April 3, 2012) (granting $28,547.25 in attorneys' fees against *pro se* plaintiff for repeated failures to comply with discovery obligations); *Sines v. Kessler*, No. 3:17cv72, 2020 WL 2736434 (W.D. Va. May 26, 2020) (granting $41,300 in attorneys' fees incurred in preparing two motions for sanctions and preparing for and participating in oral argument on both motions).

## <u>CONCLUSION</u>

In order to make sure it was afforded the discovery opportunities for which the Federal Rules provide, and after extensive efforts to reach fair compromise without court intervention, CSXT was forced to litigate its right to additional depositions based on NSR's production of thousands of relevant documents within days of—and after—the close of CSXT's discovery period. Under Rule 37(a)(5)(A), CSXT is entitled to its reasonable expenses incurred in making its Motion to Re-Open and Compel Depositions, and the requested fee amounts are reasonable and supported. CSXT thus respectfully requests that the Court award it fees and costs in the amount of $43,924.50.

Respectfully submitted,

**CSX TRANSPORTATION, INC.**
*By Counsel*


*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
101 West Main Street, Suite 9000
Norfolk, Virginia  23510
Telephone:     (757) 640-3716
Facsimile:     (757) 640-3966
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com


J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com


*Counsel for CSX TRANSPORTATION, INC.*

## CERTIFICATE OF SERVICE

I certify that on this 5th day of October, 2020, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

/s/ Robert W. McFarland
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com