## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

        Plaintiff,

v.                                Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

        Defendants.

## CSX TRANSPORTATION INC.'S OPPOSITION TO NORFOLK SOUTHERN RAILWAY COMPANY'S MOTION TO STAY DISCOVERY ORDER

Plaintiff CSX Transportation, Inc. ("CSXT"), by counsel, states as follows in opposition to the Motion to Stay Discovery Order Pending Ruling on Objection ("Motion to Stay") filed by Defendant Norfolk Southern Railway Company ("NSR") (ECF No. 244):

### INTRODUCTION

NSR seeks to stay an Order issued by the Magistrate Judge granting CSXT's motion to depose or re-depose four witnesses pending resolution of its objection to that Order. NSR attempts to support its Motion to Stay with a two-page memorandum (ECF No. 245) that is devoid of citation to any legal authority supporting its request. Indeed, the memorandum fails to even cite the standard governing the relief it seeks, perhaps because doing so would make it evident how far short NSR falls of meeting such standard to merit a stay. Instead, NSR offers only its view that the Magistrate Judge's decision should be stayed to "preserve the status quo."

1

Preserving the status quo, however, is the *effect* of a stay, not the *grounds* to justify a stay. To obtain a stay of this non-dispositive ruling, NSR must establish that the potential harm in complying with the Order outweighs all relevant competing concerns, including prejudice to CSXT, judicial efficiency, and the public interest. NSR has not even bothered to try meeting that standard—and it cannot in any event.

NSR's Motion to Stay is simply its latest effort to avoid the consequences of its own path of inconsistent representations as to its discovery responses, while driving up litigation costs, and delaying the progression of this case. When CSXT made the request to depose (or re-depose) a small number witnesses based on NSR's large, late document productions, NSR fought the issue all the way through briefing and a hearing on CSXT's motion. And when the Magistrate Judge entered the Order directing NSR to submit to the requested depositions, NSR filed an objection based solely on its contention that the Magistrate Judge's "impression" of its filings was clearly erroneous. NSR now asks this Court to stay that Order until it rules on the objection, without pointing to a single legal authority or factual circumstance justifying that relief.

This case is proceeding despite NSR's efforts at delay. The Magistrate Judge's most recent order—after a referral from this Court—directs that this matter "will be set for trial in July 2021" and that, as a result, the parties must "immediately resume" discovery. ECF No. 242. Notably, NSR filed the Motion to Stay, in which it contends "no party will suffer prejudice from such a stay" because "this matter is not set for trial" (ECF No. 245 at 2), *after* the Magistrate Judge issued the foregoing order, yet NSR chose not to acknowledge the forthcoming trial date in its motion. Given these predicates—and particularly because it is NSR's own failure to timely produce documents that has led to the significant delay in the depositions—it is plain that any potential harm to NSR in complying with the Order is far outweighed by the prejudice to CSXT and the

2

Court resulting from further unwarranted delay.  The Court should, therefore, deny NSR's Motion to Stay.

## LEGAL STANDARD

All court orders "must be complied with promptly." *Flame Glory Wealth Shipping Pte Ltd. v. Indus. Carriers, Inc.*, No. 2:13cv658, 2014 WL 12547264, at *3 (E.D. Va. Apr. 30, 2014). A party's objection to a magistrate judge's non-dispositive ruling "does not stay the order or relieve the party of the obligation to comply with the order." *Id.*; *see also Digital-Vending Servs. Int'l, LLC v. Univ. of Phoenix Inc.*, No. 2:09cv555, 2010 WL 11450510, at *1 (E.D. Va. Apr. 22, 2010) ("There is no support for the contention that a magistrate judge's order on a nondispositve motion, such as the discovery orders in issue here, is automatically stayed upon timely filing of an objection to that order."). Therefore, the objecting party must either comply with the order or obtain a stay from the district court pending its ruling on the objection. *See Flame Glory*, 2014 WL 12547264, at *3.

In deciding whether to stay a magistrate judge's non-dispositive order, the court "must weigh competing interests and maintain an even balance" between the potential harm of compliance and any opposing interests, including harm to the non-moving party, judicial efficiency, and the public interest. *See Pa. Nat'l Mut. v. Block Roofing Corp.*, No. 2:09cv312, 2010 WL 11566373, at *2 (E.D. Va. Nov. 8, 2010); *see also GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09cv123, 2009 WL 3245396, at *1 (E.D. Va. Sept. 29. 2009) (on motion to stay, considering factors such as the stay applicant's likelihood of success on the merits, whether the applicant will be irreparably injured absent a stay, whether a stay will substantially injure other parties, and where the public interest lies). More specifically, "[t]he party requesting the stay must justify it by ***clear and convincing circumstances***, and these circumstances must weigh more heavily than the

3

potential harm to the party against whom the stay applies." *Pa. Nat'l Mutual Casualty Ins.*, 2010 WL 11566373, at *2 (emphasis added).  Although not required, the Court has the discretion to also consider whether the requesting party has made a "strong showing that [it] is likely to succeed on the merits" of its objection to the order it is seeking to stay.  *See Digital-Vending*, 2010 WL 11450510, at *3 (explaining that, although the court need not specifically consider each of the factors set forth in *GTSI*, which includes the likelihood of success on the merits, such factors may guide the court's determination).

## ARGUMENT

### I. NSR Cannot Make Any Showing, Much Less a Strong Showing, of Likelihood of Success on the Merits of its Objection.

NSR fails to make *any* argument in its Motion to Stay as to its likelihood of success on the merits and certainly cannot make a "strong showing" that its objection is likely to succeed.  In order for NSR to succeed on the merits of its objection, it must surmount the "high legal hurdle" of establishing that the Magistrate Judge's Order was "clearly erroneous" or "contrary to law," *Digital-Vending*, 2010 WL 11450510, at *3, which is "extremely difficult to justify."  *CertusView Techs., LLC v. S&N Locating Servs., LLC*, No. 2:13cv346, 2015 WL 13037421, at *2 (E.D. Va. Mar. 11, 2015).  As fully explained in CSXT's Opposition to NSR's Objection (ECF No. 241), NSR fails to demonstrate that the Order was "clearly erroneous" where the Magistrate Judge found that CSXT established good cause to re-open and take the requested depositions based on his determination that NSR "should have produced [the documents] sooner than they were" and that the late-produced documents were "particularly germane to the issues in this case."  *See* ECF No. 241 at 13.  These findings are more than enough to support the Magistrate Judge's ruling that good cause existed to grant CSXT's motion, which NSR itself admits is a proper basis to grant the motion.  *See* ECF No. 240 at 11 (acknowledging the Magistrate Judge could rule based on CSXT's

4

argument that "[t]he role of these witnesses [i.e., those involved in the late-produced documents] is not trivial," and representing that, "NSR, while disagreeing with such ruling, likely would not have objected"). Therefore, by NSR's own concession, the Magistrate Judge's decision is rooted in a plausible interpretation of the record, and on this basis alone, the Court should ultimately overrule NSR's objection.

For this reason, as well as those more fully detailed in CSXT's Opposition to NSR's Objection, NSR cannot prove a strong likelihood of success on the merits of its objection. This factor weighs in favor of denying the Motion to Stay.

## II. Any Purported Harm to NSR is Substantially Outweighed by Prejudice to CSXT and the Court's Interests in Judicial Efficiency.

The only harm NSR has identified as conceivably resulting from complying with the Order is unidentified additional expense and inconvenience to its witnesses. *See* ECF No. 245 at 2. These concerns do not rise to the level of "irreparable injury," especially as the Order is merely a consequence of NSR's own conduct. As the Magistrate Judge stated in issuing the Order, NSR's belatedly-produced documents were not only "particularly germane to the issues in this case," but also "should have been produced sooner than they were." ECF No. 240-3 at 47:7-16. Had NSR timely produced these documents, CSXT could have questioned witnesses about them during its original discovery period at no more cost or inconvenience to NSR. *See Digital-Vending*, 2010 WL 11450510, at *4 (holding that there was "no potential for harm, let alone irreparable harm" in requiring the production of documents that "should have been produced months ago"). It is disingenuous for NSR to complain about cost and inconvenience, such as requiring the re-opening of two depositions of witnesses who have already been deposed (*see* ECF No. 245 at 2), when such re-opening is due to NSR's own failure to timely produce critical documents prior to the

depositions. NSR cannot claim harm directly resulting from its own inconsistent representations as to discovery and ill-chosen litigation tactics.

Additionally, NSR's contention that "the depositions would not move forward" if the Court sustains its objection to the Order is not accurate, which NSR presumably concedes in caveating this claim by stating, "at least pursuant to the current Discovery Order." (ECF No. 245 at 2). NSR itself admits that there are other proper grounds to grant CSXT's motion to compel the depositions, but simply disagrees with the basis provided by the Magistrate Judge, not the ultimate relief granted. *See* ECF No. 240 at 11. Therefore, even if NSR's objection is sustained as to this particular Order, there is nothing to preclude the Magistrate Judge from compelling the depositions based on different grounds. To the extent NSR is suggesting it will be irreparably harmed on this basis, such claim is without merit. *See GTSI*, 2009 WL 3245396, at *3 (holding that movants failed to establish irreparable harm where they argued their objection would be moot once documents were produced).

Finally, NSR's arguments regarding harm are merely conclusory in nature and are negated by the fact that the ordered depositions will be taken by video conference, eliminating much of the inconvenience and cost typically associated with in-person depositions. *See GTSI*, 2009 WL 3245396, at *3 (holding that movants failed to establish irreparable harm where they only made "conclusory statements" about the burden associated with compliance); *Pa. Nat'l Mutual Casualty Ins.*, 2010 WL 11566373, at *2 (considering factors that would alleviate harm to the movant in denying the movant's motion to stay). Moreover, counsel already addressed the potential burden to NSR at the hearing on CSXT's motion to compel (*see* ECF No. 240-3 at 26:21-24, 30:13-17, 36:19-23), and the Magistrate Judge still determined that the Order was appropriate. His assessment is entitled to deference. *See GTSI*, 2009 WL 3245396, at *3 (holding that movants

would not be irreparably harmed where "the burden on the Movants was already evaluated by Magistrate Judge Anderson in issuing his Order").

The absence of harm to NSR is substantially outweighed by countervailing considerations, including the ongoing harm to CSXT and the Court from NSR's pattern of delay. Particularly now that a new trial date will be set, continued delay and uncertainty prejudice CSXT's ability to prepare its case. *See Digital-Vending*, 2010 WL 11450510, at *4 (finding no stay warranted where delays "could substantially injure [the nonmovant's] preparation of its defense"). In this regard, the Court has stated its intention for discovery to immediately resume. ECF No. 242. The Court, and CSXT, have an interest in the orderly progression of this case to trial. *See Pa. Nat'l Mutual Casualty Ins.*, 2010 WL 11566373, at *2 (holding that a stay would "significantly undermine . . . the Court and [the defendant's] shared interest in proceeding to trial as scheduled and in a timely fashion").

Based on the foregoing, any alleged harm to NSR is clearly outweighed by the prejudice to CSXT and the Court's interest in judicial efficiency such that the Motion to Stay should be denied.

## **CONCLUSION**

NSR has articulated no circumstances (much less any *clear and convincing* circumstances) justifying its request for this Court to stay the Order of September 4, 2020. The Court should therefore deny NSR's Motion to Stay.

Dated:  October 15, 2020	Respectfully submitted,

                                       **CSX TRANSPORTATION, INC.**
                                       *By Counsel*

                                       */s/ Robert W. McFarland*
                                       Robert W. McFarland (VSB No. 24021)
                                       Benjamin L. Hatch (VSB No. 70116)
                                       V. Kathleen Dougherty (VSB No. 77294)
                                       McGuireWoods LLP
                                       World Trade Center
                                       101 West Main Street, Suite 9000
                                       Norfolk, Virginia  23510-1655
                                       Telephone: (757) 640-3716
                                       Facsimile:  (757) 640-3930
                                       E-mail: rmcfarland@mcguirewoods.com
                                       E-mail: bhatch@mcguirewoods.com
                                       E-mail: vkdougherty@mcguirewoods.com

                                       J. Brent Justus (VSB No. 45525)
                                       Ashley P. Peterson (VSB No. 87904)
                                       McGuireWoods LLP
                                       Gateway Plaza
                                       800 East Canal Street
                                       Richmond, Virginia  23219-3916
                                       Telephone:  (804) 775-1000
                                       Facsimile:  (804) 698-2026
                                       E-mail: bjustus@mcguirewoods.com
                                       E-mail: apeterson@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I certify that on this 15th day of October, 2020, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

/s/ Robert W. McFarland
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com