UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., individually and on behalf of NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY, <br><br> *Plaintiff*, <br><br> v. <br><br> NORFOLK SOUTHERN RAILWAY COMPANY, and NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY, <br><br> *Defendants*. | No. 2:18-cv-530-MSD-LRL |

**DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY'S
BRIEF IN OPPOSITION TO CSX TRANSPORTATION, INC.'S
<u>MOTION FOR ATTORNEYS' FEES</u>**

Defendant Norfolk Southern Railway Company ("NSR"), by counsel, submits this Brief in Opposition to CSX Transportation, Inc.'s ("CSXT") Motion for Attorneys' Fees (ECF No. 246) and brief in support (ECF No. 247) (collectively, the "Motion").

**<u>INTRODUCTION</u>**

The Motion should be denied in its entirety for three reasons.[1]

First, CSXT seeks an award of attorneys' fees under Fed. R. Civ. P. 37(a)(5)(A), but Rule 37 does not authorize an award of fees for a successful motion to reopen discovery, which is governed by Rule 16. Rather, Rule 37 applies to compel responses to outstanding discovery requests. No part of CSXT's Motion to Reopen and Compel Depositions (ECF No. 203) (the

---

[1] NSR has filed an Objection to the Order allowing additional depositions. ECF No. 240. Briefing is complete. ECF Nos. 241 and 243. NSR suggests that it is premature to decide the Motion for Attorneys' Fees until the Objection is resolved. If the Objection is sustained, then this Motion for Attorneys' Fees would be moot.

"Motion to Reopen") sought to enforce any issued and outstanding discovery requests. CSXT's discovery period had closed on March 3, 2020. Rule 37 simply does not apply here.

Second, even if Rule 37 applies, NSR has demonstrated that its opposition to CSXT's motion was substantially justified. CSXT own actions led to the timing of the document production in response to CSXT's Second RFPs of which it now complains. CSXT's own role justifies NSR's dispute of CSXT's claim that it had "good cause" to reopen discovery.

Third, even if Rule 37 applies, an award of fees would be unjust. Although NSR made a good faith compromise offer to allow CSXT to take a Rule 30(b)(6) deposition on new documents, CSXT never attempted to explain in the meet and confer process (or at any point) its justifications for its own delays. On the other hand, NSR has never been "inconsistent," a factor which CSXT claims warrants a fee award. NSR did not promise a production date and then fail to meet it.

CSXT's Motion should be denied.

## BACKGROUND

**I.  NSR completed its production of documents 19 days after the end of CSXT's unexplained 34-day delay in responding to NSR's proposed mutual search terms.**

CSXT's Motion covers ground plowed heavily in existing briefing,[2] which focused on the circumstances surrounding NSR's production of documents after February 7, 2020. February 7 is the date by which NSR had promised to substantially complete its production in response to CSXT's *First* RFPs and the date by which it did, in fact, substantially complete that production.

---

[2] *See* CSXT's Motion to Reopen and Compel Depositions (ECF No. 203), CSXT's Memorandum in Support of Motion to Reopen and Compel Depositions (ECF No. 204), NSR's Brief in Opposition to CSXT's Motion to Reopen Discovery and Compel Depositions (ECF No. 215), CSXT's Reply in Support of Motion to Reopen and Compel Depositions (ECF No. 222), Order Granting CSXT's Motion to Reopen Discovery and Compel Depositions (ECF No. 237), NSR's Objection to Magistrate Order (ECF No. 240), CSXT's Opposition to NSR's Objection to Judge Leonard's Order Granting CSXT's Motion to Compel (ECF No. 241), and NSR's Reply in Support of its Objection to Magistrate Judge's Non-Dispositive Order (ECF No. 243).

Almost all of the documents NSR produced after February 7[3] were produced in response to CSXT's *Second* RFPs, which had only just been served on January 9, 2020. The following is a brief chronology highlighting key, undisputed facts regarding NSR's document production in response to CSXT's Second RFPs:

| Date | Action |
|---|---|
| **January 9** | CSXT serves its Second RFPs, which included 39 document requests.[4] |
| **January 17** | NSR proposes search terms to identify documents responsive to CSXT's Second RFPs; CSXT had previously demanded that any search terms that CSXT used would also be used by NSR, meaning NSR's search terms would be mutual.[5] |
| **January 21** | In a meet and confer, CSXT's counsel promises a response to NSR's search terms, but complains that they would be "very" burdensome for CSXT. |
| **February 7** | As promised, NSR substantially completes production of documents in response to CSXT's *First* Requests for Production. |
| **February 10** | NSR's counsel writes CSXT's counsel to ask about CSXT's promised response to NSR's proposed search terms that would be used to identify documents responsive to CSXT's Second RFPs; NSR expresses concern that the parties are at an impasse on the mutual search terms, and suggests another meet and confer or that CSXT propose its own search terms. |
| **February 20** | CSXT agrees that the parties should use NSR-proposed search terms, but limits the geographic scope of them to East Coast Ports. |

---

[3] Only 1,587 of the documents produced after February 7 resulted from the agreed-upon search terms associated with CSXT's *First* RFPs.

[4] CSXT describes its Second RFPs as a "smaller set" compared to its First RFPs, as if to portray the requests as insubstantial. ECF No. 241. at 4. To be clear, the Second RFPs included 39 document requests, while CSXT's First RFPs included 43 document requests. Also, the Second RFPs resulted in the production of 191,278 pages, whereas the First RFPs resulted in the production of only 114,867 pages. Indeed, CSXT "anticipated" that its Second RFPs "could significantly expand the scope of discovery." *Id.* at 16.

[5] *See* ECF No. 113 at 5 ("CSXT has proposed that the parties search custodial ESI using geographic search terms tailored to a narrower universe of ports.").

| Date | Action |
|---|---|
| **February 28** | NSR makes its first production in response to CSXT's Second RFPs, using the agreed February 20 mutual search terms. |
| **March 10** | NSR makes its second (and final) production in response to CSXT's Second RFPs. |

## II.   CSXT sought to reopen closed discovery.

CSXT's Motion to Reopen was postured as a motion to compel discovery pursuant to Fed. R. Civ. P. 37, but there were no outstanding discovery requests for the Court to compel. Under this Court's Rule 16(b) Order (ECF No 78), CSXT's fact discovery period had ended on March 3, 2020. It wasn't until July 24, 2020 (over four months after NSR's final production) that CSXT filed its Motion to Reopen, specifically requesting that the Court "order the reopening of the depositions of Michael McClellan and Jeffrey Heller" and "compel the depositions of Rob Martinez and Cary Booth." ECF No. 204. However, the depositions of McClellan and Heller, completed months earlier, had not been left open, nor had CSXT ever issued deposition notices for Martinez and Booth.

As of the service of the Motion to Reopen, CSXT had taken and completed the depositions of both McClellan and Heller. At the end of the deposition of McClellan, completed on February 20, 2020, counsel for CSXT announced: "we are done." Transcript of Depo. of Michael McClellan at 261 (attached as **Exhibit A**). Likewise, at the end of the Heller deposition on March 10, 2020, CSXT's counsel announced: "I have no further questions of Mr. Heller." Transcript of Depo. of Jeff Heller at 244 (attached as **Exhibit B**).

As for the other two witnesses subject to the Motion to Reopen, Rob Martinez and Cary Booth, CSXT had not issued a notice of deposition or a deposition subpoena to either of them, despite the fact that both were included on the list of twelve custodians identified by NSR at the

4

start of discovery. CSXT had no other outstanding discovery pending to which NSR had not responded or properly objected when it filed its Motion to Reopen.

In sum, CSXT's Motion to Reopen did not seek to compel enforcement of outstanding discovery requests because no such requests had been made. Instead, the Motion to Reopen sought a reopening of CSXT's fact discovery period which had closed *before* the stay was implemented due to the Covid-19 pandemic, and which could only be ordered by the Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.

**III.    NSR's Opposition to the Motion to Reopen reasonably relied on CSXT's own delays.**

CSXT grounded its motion to reopen discovery on the timing and volume of documents NSR produced in response to CSXT's Second RFPs. In opposing CSXT's Motion to Reopen, NSR focused on CSXT's own conduct, showing that CSXT itself caused the document production timing of which it now complained. The above chronology, and the extensive briefing previously filed by NSR, shows that NSR was justified in taking this position. CSXT did not issue its Second RFPs until January 9, 2020. NSR proposed search terms on January 17, 2020 to be used in response to CSXT's Second RFPs (and for CSXT to use in response to NSR's document requests). CSXT could have accepted or counteroffered immediately, but it did not do so. Instead, it stood silent for 34 days. Indeed, it was not until after NSR had threatened CSXT with a motion to compel that CSXT finally responded. CSXT *never* explained why it took 34 days to respond. Having finally heard from CSXT, NSR then promptly proceeded with its production of documents in response to CSXT's Second RFPs, completing that production in only 19 days

It was reasonable for NSR to object to CSXT's Motion to Reopen, which had been based on NSR's alleged delay in producing documents, after 61 calendar days had passed from CSXT's

5

service of its Second RFPs until NSR completed its response, when in fact a majority of that time – 34 days – had been consumed by CSXT's unexplained delay in addressing search terms.

**IV.       NSR did not break a discovery promise.**

CSXT claimed in its opening brief in support of its Motion to Reopen that NSR had promised in a January 2020 brief that it would substantially complete production of documents in response to the Second RFPs by February 7. Indeed, this claim was central to its opening brief – it repeated this accusation ***ten*** times as primary support for each link in its argument. ECF No. 204 at pp. 2, 4, 5, 7, 9, 14, 15, 16 and 18. However, NSR, in its opposition to the Motion to Reopen, called out this statement as being incorrect – NSR had promised substantial completion for its response to the *First* RFPs by February 7, a promise that was kept, but it made no such promise as to the *Second* RFPs. ECF No. 215 at p. 2. In its reply, CSXT grudgingly admitted the point. ECF No. 222 at p. 2. But then CSXT completely changed its argument – "[t]o be clear," CSXT said, its position is that NSR should have produced the bulk of the documents in response to the *First* RFPs. *Id.*

In sum, at the conclusion of briefing, CSXT had abandoned its argument that NSR had promised production of documents in response to the Second RFPs on February 7 or any other specific point in time. Thus, how can it be said that NSR's opposition to CSXT's Motion to Reopen was not substantially justified when *CSXT itself admitted its merit by abandoning an argument that had been repeated ten times in its own brief*?

NSR documents at length what it said, and did not say, in its January 2020 Brief in its Objection (ECF No. 240) and reply in support of the Objection (ECF No. 243). Rather than further repeat these arguments here, NSR incorporates those briefs here by reference on that point: NSR did not promise to complete its document production in response to CSXT's *Second* RFPs by

6

February 7 or any other particular point in time. In fact, CSXT knew that as of February 7, the parties were still negotiating search terms that they would use to produce documents in response to the other's document requests.

## ARGUMENT

**I.     Attorneys' fees are not available under Fed. R. Civ. P. 37 for a dispute over reopening discovery.**

CSXT brings its Motion for Attorneys' Fees under Federal Rule of Civil Procedure 37(a)(5)(A); however, this Rule is inapplicable to the relief sought by CSXT. Rule 37 deals with motions to compel outstanding discovery requests while discovery is open; it does not apply to efforts to reopen discovery that had closed.

First, the relief provided by Rule 37(a) is unavailable to CSXT after the close of its discovery period. "While Rule 37(a) permits a party to move to compel discovery, it applies *during* the discovery process." *Derryberry v. City of East Ridge*, 2018 U.S. Dist. LEXIS 87047, *2-3 (E.D. Tenn. 2018) (emphasis in original) ("The discovery deadline in this case—and more specifically, the deadline for filing motions to compel—expired a long time ago, and the Court therefore must treat Shelbyville Hospital's Motion to Compel under Rule 37 as a request to reopen discovery."). Therefore, because CSXT's Motion to Reopen qualifies as a motion to reopen discovery, not a motion to compel under Rule 37, CSXT is not entitled to the relief provided under Rule 37(a)(5)(A).

Second, the relief provided in Rule 37(a)(5)(A) for a successful motion to compel is unavailable to CSXT because there was no pending discovery to compel at the time the Motion to Reopen was filed. To the contrary, the Motion to Reopen sought to reopen discovery that had properly closed in order that CSXT could seek additional depositions. CSXT never issued

7

deposition notices or subpoenas for the depositions requested in the Motion to Reopen, nor were there any other outstanding discovery requests directed at these four witnesses. Under Rule 37(a)(3)(B), a motion to compel may only be made if:

> (i) a deponent fails to answer a question under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

*Id.* CSXT did not move to compel a discovery response from NSR under any of the situations articulated by Rule 37(a)(3)(B) because it sought to reopen completed depositions and to take depositions of new witnesses which had never been noticed or otherwise formally requested.

CSXT's Motion to Reopen was not governed by Rule 37, but by Rule 16(b)(4). *See* CSXT's Motion to Reopen and Compel Depositions (ECF No. 203) at p. 1 and CSXT's Memorandum in Support of Motion to Reopen and Compel Depositions (ECF No. 204) at p. 1. CSXT's briefs prove the point; CSXT expressly relied on the "good cause" legal standard under Rule 16(b) in making its argument in favor of reopening discovery. *See* ECF No. 204 at p. 8 ("Once set, a scheduling order may be modified for 'good cause.' Fed. R. Civ. P. 16(b)(4)); CSXT's Reply in Support of its Motion to Reopen and Compel Depositions (ECF No. 222) at p. 3 ("[T]he touchstone of 'good cause' under Rule 16(b) is diligence.'").

Because CSXT was not seeking to enforce any outstanding discovery requests, it cannot utilize the remedies available under Rule 37 for failure to comply with discovery under the Federal Rules. "The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Rule 37. 'It is axiomatic that a court may not compel the production of documents under Rule 37 unless the party seeking such an order has served a proper discovery request on the opposing

8

party." *Harper v. City of Dallas*, 2017 U.S. Dist. LEXIS 137322, *42 (N.D. Tex. 2017) (quoting *Texas Democratic Party v. Dallas County, Texas,* 2010 U.S. Dist. LEXIS 130939 (N.D. Tex. Dec. 9, 2010); *see also Ledbetter v. United States*, 1996 U.S. Dist. LEXIS 20039 (N.D. Tex. Dec. 18, 1996) ("[A] motion to compel pursuant to the enforcement provisions of Rule 37 clearly contemplates that the parties have relief on the formal discovery rules."). CSXT's Motion to Reopen did not seek enforcement of existing notices of deposition or subpoenas for the depositions requested in the Motion to Reopen or meet any of the other criteria for relief under Rule 37. Accordingly, Rule 37 provides no basis for CSXT's current Motion.

## II. NSR was substantially justified in opposing the Motion to Reopen because its document production timing was triggered by CSXT's own delays in seeking discovery.

In the unlikely event that the Court would hold that Rule 37 applies, under F.R.C.P. 37(a)(5)(A)(ii), attorney's fees should not be awarded against a losing party if "the opposing party's nondisclosure, response, or objection was substantially justified." "A motion is substantially justified if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Hare v. Comcast Cable Communs. Mgmt., LLC*, 564 Fed. Appx. 23, 24 (4th Cir. 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-66 n.2 (1988). "A legal position is 'substantially justified' if there is a 'genuine dispute' as to the proper resolution." *Anderson v. Sch. Bd. of Gloucester*, 2020 U.S. Dist. LEXIS 146473, *14 (E.D. Va. 2020). "[T]he Court's focus must be on the quality of the justification and the genuineness of the dispute." *CertusView Techs., LLC v. S&N Locating Servs., LLC*, 2014 U.S. Dist. LEXIS 195727, *5 (E.D. Va. 2014) (quoting *Alvarez v. Wallace*, 107 F.R.D. 658, 662 (W.D. Tex. 1985).

In the Motion to Reopen, CSXT sought to reopen the discovery period over six months after it had closed, to re-depose two individuals who had already been subjected to lengthy

depositions, and to depose two new individuals who had been identified as persons of knowledge and custodians from the start of discovery.

As its basis for reopening depositions, CSXT pointed to the timing of NSR's production of documents in response to CSXT's Second RFPs. However, the essence of "good cause" is diligence, and, as explained above and in previous briefing, CSXT was not diligent. CSXT waited 34 days to respond to NSR's proposed reciprocal search terms. Once the terms were agreed upon, NSR promptly responded. This delay on the part of CSXT must be taken as an unreasonable lack of diligence; in fact, CSXT has never attempted to explain it away. NSR therefore had sufficient basis to resist CSXT's effort to reopen discovery, given the length of CSXT's delay and failure to explain it at any point in the process.

**III.     An award of attorneys' fees would be unjust because NSR had made a compromise offer and CSXT had never offered a justification for its failure to act; hence, any prejudice was of CSXT's own making.**

Even if Rule 37 were held applicable, under F.R.C.P. 37(a)(5)(A)(iii), attorneys' fees should not be awarded if "other circumstances make an award of expenses unjust." Courts have held an award of fees to be unjust when the opposing party has acted in good faith and the moving party has not suffered any prejudice. *See Harvey v. Ranson Golden Horseshoe*, 2015 U.S. Dist. LEXIS 198491, *16 (N.D.W.V. 2015) ("[A]n award of expenses would be unjust. No evidence exists that Defendants have acted in bad faith or that Plaintiff has suffered any prejudice.").

NSR met and conferred with CSXT in good faith on the issues in the Motion to Reopen and offered to produce a corporate witness for a deposition on the documents that had been produced in response to CSXT's Second Requests – even though the timing of the production was of CSXT's own making. This offer was substantive. CSXT would be allowed to ask any questions as to any of the documents and obtain competent, binding corporate testimony. The approach may

10

not have been perfect from CSXT's point of view, but inherent in a fair compromise is giving up one thing to get another. CSXT wanted to depose witnesses of their choosing about the documents; this goal was in their power if CSXT's skilled counsel had moved more quickly in responding to the proposed reciprocal search terms. Meanwhile, it was reasonable for NSR to object to reopening discovery to allow its opponent to depose two witnesses who had never been noticed and to re-open two depositions based on the purportedly "late" production of documents that were only requested two months prior to the close of discovery, and were then followed by an inexplicable delay in agreeing to search terms. CSXT's attorneys' fees were caused by its own actions.

Meanwhile, in the meet and confer process, CSXT never provided NSR an explanation for its delay in responding to NSR's proposal for reciprocal search terms. On June 11, 2020, NSR's counsel wrote CSXT's counsel, pointing out that agreement on search terms had not been reached until February 20. **Exhibit C**. CSXT simply brushed off this point with the uninformative comment that "We disagree with your characterization of the parties' negotiations regarding geographic search terms and the timing of NSR's productions in February and March 2020." **Exhibit D**. In sum, CSXT simply failed to address NSR's concern. Under these circumstances, NSR was fully justified in believing that CSXT simply had no excuse for its delay, and therefore did not have good cause for reopening discovery.

CSXT cites *CertusView Technologies, Inc. v. S&N Locating Services, LLC*, 2015 WL 13037421 at *4 (E.D. Va. 2015) in support of the proposition that inconsistencies in a discovery dispute may justify an award of fees under Rule 37(a)(5). However, CSXT misrepresents the holding of the Court. In *CertusView*, the Court did not say that inconsistent positions warranted fees. Rather, in *CertusView,* the Court states that the party's inconsistent positions means that the Court could not determine "with the definite and firm conviction that a mistake has been

11

committed" such as would be required to overturn a magistrate judge's ruling under the clearly erroneous or contrary to law standard. *Id.* at *4 ("Based on the Magistrate Judge's factual findings concerning Mr. Leonardo's role—actually, his lack thereof—in the preparation of the MIRs, the Court finds that it was not contrary to law for the Magistrate Judge to rule that Plaintiff's position was not substantially justified.").

Even if the Court in *CertusView* had held that inconsistent statements justified an award of fees under Rule 37(a)(5)(A), such an award would not be proper here because NSR did not make inconsistent statements. During the hearing on September 4, 2020, Judge Leonard expressed concerns that NSR represented in its January 2020 Brief that it would make a "fulsome" production by February 10 as to all of CSXT's document requests, including CSXT's Second RFPs, which CSXT had served less than three weeks earlier on January 9, 2020. *See* Transcript of September 4, 2020 Proceedings at p. 4 (ECF No. 239). In actuality, NSR's January 2020 Brief stated:

> NSR expects to substantially complete its production in response to CSXT's First Requests for Production of Documents by February 7. NSR just served its objections to CSXT's Second Requests for Production of Documents on January 24, and its responses are not due until February 10.

(emphasis added).

In other words, NSR did not state (or even infer) that it would complete its production in response to CSXT's Second RFPs by February 7 or any other particular date. As disclosed, NSR had just served its objections to the requests, which had not been resolved, and the parties were negotiating search terms that NSR would use for the purposes of the January 9 requests.

As mentioned, the accusation that NSR made discovery representations in the January 2020 brief that it did not fulfill is rebutted in detail and at length in its Objection (ECF No. 240) and reply in support of the Objection (ECF No. 243). Although CSXT claimed at least ***ten*** times in its opening brief in support of its Motion to Reopen that NSR had promised an early production of

documents in response to the Second RFP, this is simply not true, as made clear in NSR's opposition to the Motion to Reopen. In fact, CSXT later abandoned this argument. The lack of merit in CSXT's suggestion of "inconsistencies" is shown by its own abandonment of the argument.

CSXT may argue that attorneys' fees are warranted because NSR should have produced the disputed documents earlier in response to its *First* RFPs. This argument should be rejected. CSXT expressly ***admitted***, in its opening brief, that on November 26, 2019, NSR disclosed to CSXT the search terms to be used by NSR to produce documents in response to CSXT's First RFPs. ECF No. 204 p. 4. CSXT never exercised its rights to push NSR to cast a wider net by proposing supplementary search terms or by contesting those search terms by motion, as is expressly allowed to it by the ESI Order agreed to and entered in this case. Indeed, by issuing its Second RFPs on January 9, 2020, CSXT recognized that its inaction on the search terms for the First RFPs meant that the ship had sailed. In sum, a contention by CSXT that NSR should have produced more in response to the First RFPs ends in the same place as does its complaints about the Second RFPS – with CSXT's complaining about the consequences of its own inactions.

## **CONCLUSION**

For these reasons, NSR respectfully requests that the Court deny CSXT's Motion for Attorneys' Fees in its entirety.

Date: October 19, 2020  Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

/s/ Alan D. Wingfield
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS, LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7759
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: Kathleen.knudsen@troutman.com

Monica McCarroll (VSB No. 45622)
REDGRAVE LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151
Telephone: (703) 592-1155
Facsimile: (703) 230-9859
Email: mmccarroll@redgravellp.com

*Counsel for Norfolk Southern Railway Company*

110767221