UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., **individually and on behalf of NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY,** | ) ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | No. 2:18-cv-530-MSD-LRL |
| **NORFOLK SOUTHERN RAILWAY COMPANY,** *et al.*, | ) ) ) | |
| *Defendants*. | ) ) | |

**NORFOLK SOUTHERN RAILWAY COMPANY'S
REPLY IN SUPPORT OF MOTION TO STAY
DISCOVERY ORDER PENDING RULING ON OBJECTION**

Defendant Norfolk Southern Railway Company ("NSR"), by counsel, for its Reply in support of its Motion to Stay Discovery Order Pending a Ruling on Objection (ECF No. 244), states as follows:

**ARGUMENT**

The Court should stay its ruling on the Discovery Order (ECF No. 237) for four reasons.

First, NSR has a right to seek a ruling on its Objection (ECF No. 240). *See* Fed. R. Civ. P. 72 (noting "[a] party may serve and file objections to the order" and the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"). Moreover, NSR has a right to do so prior to being forced to engage in unnecessary depositions. Precisely because a stay pending a ruling on an objection to a magistrate judge's order is not automatic, Local Civil Rule 26(C); *Plant v. Merrifield Town Ctr. Ltd. P'ship*, 711 F. Supp. 2d 576, 584 (E.D. Va. 2010), the objecting party must independently seek a stay of

a magistrate judge's ruling.  NSR has done so here.  Requiring NSR to engage in CSXT's supplemental depositions before Judge Davis rules on NSR's Objection "might preclude the district judge's ability to review [NSR's pending] Rule 72 objection, which would effectively deprive [NSR] of [its] right to reconsideration of the Discovery Order by the district judge altogether."  *Alvarez v. Larose*, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020) (granting motion to stay discovery order even before the movant filed its objection with the district judge). The result that CSXT seeks would be manifestly unjust.

Second, contrary to CSXT's contention that NSR ignored a concrete trial date in seeking a stay, a trial date has *not* been set.  Per this Court's order, (ECF No. 242), the parties and the Court will confer to set a trial date this week, which may be any day in July 2021.  *See* ECF No. 242 at 1.  Further, granting NSR's Motion to Stay should not delay this action, as the parties have presented a proposed discovery schedule that will extend into early 2021, and CSXT's extra depositions—if allowed—will happen only after Judge Davis rules on NSR's Objection.  The Objection is fully briefed, and NSR seeks a stay only as long as the Objection is pending, after which it will promptly comply with the Court's directives.  Even if Judge Davis concludes that CSXT is entitled to take the extra depositions, CSXT will suffer no prejudice from a short delay.

Third, the Objection is well-founded.  Judge Leonard's Order (ECF No. 237) (the "Order") was based on the view that NSR had promised in a January 2020 brief that it would substantially complete document production in response to CSXT's requests for production that had just been served on NSR on January 9, 2020.  However, NSR made no such promise, or any promise, as to an early date for that production.  The lack of promise is illustrated by CSXT's failure in its opposition to the Objection to point out where the promise was actually made in NSR's January 2020 brief – or anywhere else, for that matter.  Instead, CSXT had to resort to mischaracterizing

what the January 2020 brief actually said to support its argument, as demonstrated in NSR's Reply (ECF No. 243).  A meritorious argument does not need to be supported by mischaracterizations. In sum, the Order was based on an incorrect premise, and therefore the Objection should be sustained.

Fourth, denying NSR's motion and requiring the parties to conduct potentially unnecessary depositions would thwart the "just, speedy, and inexpensive" determination of this matter.  Fed. R. Civ. P. 1.  This is because "without a stay, there is a risk that the parties will incur needless litigation expenses . . . ."  *Billet v. Estate of Drexler*, No. CV 17-7900-DMG (JCx), 2018 WL 5858579, at *2 (C.D. Cal. June 27, 2018).  CSXT's discovery period closed in March, and, these depositions would not occur absent Judge Leonard's Order.  If Judge Davis resolves NSR's Objection in NSR's favor, the time and expense of conducting the depositions and potential aftermath will be a total waste.

## CONCLUSION

NSR requests that the Court grant its Motion to Stay and delay the effectiveness of the Discovery Order until Judge Davis rules on NSR's Objection to the Discovery Order.


Date:  October 20, 2020                    Respectfully submitted,

                                           **NORFOLK SOUTHERN RAILWAY COMPANY**

                                           /s/ Alan D. Wingfield
                                           Alan D. Wingfield (VSB No. 27489)
                                           Michael E. Lacy (VSB No. 48477)
                                           Massie P. Cooper (VSB No. 82510)
                                           TROUTMAN PEPPER HAMILTON SANDERS, LLP
                                           1001 Haxall Point
                                           Richmond, Virginia 23219
                                           Telephone: (804) 697-1200
                                           Facsimile: (804) 698-6061
                                           Email: alan.wingfield@troutman.com

Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7759
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: Kathleen.knudsen@troutman.com

Monica McCarroll (VSB No. 45622)
REDGRAVE LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151
Telephone: (703) 592-1155
Facsimile: (703) 230-9859
Email: mmccarroll@redgravellp.com

Tara L. Reinhart
John R. Thornburgh II
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
john.thornburgh@skadden.com
thomas.gentry@skadden.com

*Counsel for Defendant Norfolk Southern Railway Company*

110777128