```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division
```

**CSX TRANSPORTATION, INC.,**
*individually and on behalf*
*of* **NORFOLK & PORTSMOUTH BELT**
**LINE RAILROAD COMPANY,**

        **Plaintiff,**

v.                                              Civil No. 2:18cv530

**NORFOLK SOUTHERN RAILWAY**
**COMPANY,** *et al.*,

        **Defendants.**

### MEMORANDUM ORDER

This matter is before the Court on Defendants' objection to Magistrate Judge Lawrence Leonard's Order granting Plaintiff's motion to reopen discovery and compel depositions. ECF No. 240. Additionally, an associated motion to stay Judge Leonard's Order was filed by Defendants as the first of the disputed depositions is scheduled for October 23, 2020. ECF No. 244.

When a district court designates a magistrate judge to decide a non-dispositive pretrial matter, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see 28 U.S.C. § 636(b)(1)(A); Fed. Election Comm'n v. Christian Coal., 178 F.R.D. 456, 459 (E.D. Va. 1998). A magistrate judge's factual findings are clearly erroneous when "the reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Harman v. Levin, 772 F.2d 1150, 1153 (4th Cir. 1985). If a reviewing court is not firmly convinced that such an error has occurred, "the magistrate judge's order must be affirmed." Giganti v. Gen-X Strategies, Inc., 222 F.R.D. 299, 304-05 (E.D. Va. 2004). Indeed, "altering a magistrate[] [judge's] non-dispositive orders [is] 'extremely difficult to justify.'" Carlucci v. Han, 292 F.R.D. 309, 312 (E.D. Va. 2013) (quoting 12 Wright & Miller, Federal Practice & Procedure § 3069 (2d ed. 1997)).

Here, after reviewing the parties' well-argued briefs, the Court finds that Defendants fail to demonstrate that Judge Leonard's ruling was based on a "clearly erroneous" interpretation of the facts. As argued by Plaintiff, ECF No. 241, at 9-11, Judge Leonard's ruling highlights the fact that he rejected Plaintiff's timely request to extend fact discovery deadlines in January based on his understanding that the parties' disputes over discovery "search terms" would not delay Defendants' second round of document production. In fact, Judge Leonard read several excerpts from Defendants' January brief at the recent hearing that, on their face, suggest that disputes over search terms would not derail document production. Tr. at 38-39, ECF No. 238. Defendants currently take the position that the reason that the bulk of the

second round of document production occurred so late was due to Plaintiff's delay in agreeing to discovery search terms.

Defendants' brief outlining their objection suggests that Judge Leonard's recent decision to reopen discovery could be defensible based on the entire case record, but Defendants contend that Judge Leonard narrowly limited the basis for his ruling to an erroneous interpretation of statements in Defendants' January brief regarding a February 10, 2020, deadline for "responses" to Plaintiff's second round of requests for production. ECF No. 240, at 8-10. However, the record reveals that Judge Leonard's decision to reopen discovery was not so narrowly focused; rather, Judge Leonard conducted a full and fair hearing where he heard arguments from counsel for both sides, and his order reopening discovery was based on "the reasons stated on the record." ECF No. 237, at 1. At the hearing, Judge Leonard expressly acknowledged that <u>even if he "misinterpret[s]" the disputed statement in Defendants' January brief</u> regarding the timing of production, his "misunderstanding [is] completely understandable" in the context of the previous discovery dispute. Tr. 42-43. Not only does this Court agree with such statement, but Judge Leonard further indicated as part of his on-the-record ruling that some of the documents produced by Defendants during the second round of production "seem to be particularly germane to the issues in this case" and that Plaintiff "is entitled to depose" the individuals associated with the

3

documents "in order to find out the story behind them." Tr. at 47. Such statement was made by Judge Leonard at the conclusion of a hearing where Plaintiff expressly argued that it received the bulk of document production after its prior request for a discovery extension was denied by Judge Leonard and at a time when Plaintiff could not possibly use the documents for depositions. Tr. at 45. This Court therefore disagrees with Defendants' effort to read this justification out of Judge Leonard's ruling as it was made after Plaintiff's counsel argued that "more importantly, it's 210,000 documents that were produced," and "that alone, regardless of which production they go for, the fact that over two thirds of their total production came after February 7th is grounds for good cause for us to reopen these depositions."[1] Tr. at 26. Moreover, even if Defendants are correct that such "good cause" justification should be read out of Judge Leonard's ruling, ECF No. 243, at 2,

---

[1] Assuming that Defendants' prior statement in its January brief regarding the February 10, 2020, deadline for "responses" to the second round of document requests did not suggest that documents would actually be produced by Defendants on or around February 10, 2020, Judge Leonard reasonably took issue with the absence of any statements by Defendants suggesting that "there may be difficulty in complying with a second request for production because search terms haven't been agreed to," which is a fact that "would have been helpful for the Court when weighing the merits and equities" of whether Plaintiff should have been given more time for discovery when the matter was first raised in January. Tr. at 41-42. Stated differently, Judge Leonard reasonably relied on the entirety of the prior representations regarding production and search terms (to include those made and those not made) in finding that either the documents at issue should have been produced earlier by Defendants in light of their prior statements, or Plaintiff should have previously been given more time to conduct depositions, with Judge Leonard making it clear that his prior discovery ruling was predicated on the "impressions that discovery would be sufficiently completed" by Defendants in time for the documents to be utilized by Plaintiff before the expiration of Plaintiff's original discovery period. Tr. 42.

4

this Court is not "left with the definite and firm conviction that a mistake has been committed" by Judge Leonard in handling this complex and now twice litigated discovery dispute involving each party seeking to shift the blame for delays to the other party.

In summary, even assuming that Defendants never intended to make any misrepresentation to the Court in January regarding the anticipated timing of yet-to-be produced documents,[2] Defendants fail to demonstrate that Judge Leonard relied on a "clearly erroneous" interpretation of the facts when concluding that he was previously left with the reasonable impression that the second round of production would be provided by Defendants in time for its use by Plaintiff for depositions even if there were disputes over "search terms." Because the discovery was not produced in time, and because it included 210,000 pages of documents that included "particularly germane" materials, Judge Leonard reasonably concluded that Plaintiff deserves the opportunity to reopen two depositions and conduct two more with the benefit of the produced documents, a remedy that is rather narrow in scope and does not appear to be unduly burdensome on Defendants. While

---

[2] This Court acknowledges Defendants' strenuous objection to any attack on defense counsel's candor in its January brief, ECF No. 240, at 11-12; ECF No. 243, at 4, and while the depositions ordered by Judge Leonard should plainly proceed, whether attorney's fees associated with the discovery dispute are warranted is a question for another day, with nothing in this Order intended to reflect negatively on defense counsel's candor. Notably, Judge Leonard has not concluded, or even suggested, that attorney's fees are warranted on these facts, but instead, has merely allowed the parties to brief the issue of fees, as requested by Plaintiff. Tr. at 47.

such finding is made after considering the arguments at the recent hearing before Judge Leonard, it necessarily relies on the context of the prior discovery dispute involving hundreds of thousands of documents produced by Defendants after Judge Leonard denied Plaintiff a discovery extension.

For the reasons stated above, Defendants' objection to Judge Leonard's order is **OVERRULED**. ECF No. 240. Defendants' motion to stay Judge Leonard's ruling is **DENIED as MOOT** in light of this Court's resolution of Defendants' objection prior to the scheduled date of any of the relevant depositions. ECF No. 244. The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 22, 2020