**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

        Plaintiff,

v.                                     Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

        Defendants.

_____/

**CSX TRANSPORTATION INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES**

      Plaintiff CSX Transportation, Inc. ("CSXT"), by counsel, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and this Court's Orders of September 4, 2020 (ECF No. 237), and October 22, 2020 (ECF No. 253), submits the following brief in reply to Defendant Norfolk Southern Railway Company's ("NSR") Brief in Opposition to CSXT's Motion for Attorneys' Fees (the "Motion") (ECF No. 250).

**<u>INTRODUCTION</u>**

      NSR's Opposition does not attempt to contest the reasonableness of CSXT's requested attorneys' fees. It merely rehashes NSR's version of the underlying discovery dispute. As the Court noted in its October 22 order, however, this "twice litigated discovery dispute" has already been extensively briefed and considered in this Court—and the Court has repeatedly *rejected* NSR's position. ECF No. 253 at 5-6. Indeed, as the Court succinctly explained in overruling NSR's objection to the September 4 order granting CSXT's motion to compel:

1

> [NSR] fail[ed] to demonstrate that Judge Leonard relied on a 'clearly erroneous' interpretation of the facts when concluding that he was previously left with the reasonable impression that the second round of production would be provided by [NSR] in time for its use by Plaintiff for depositions even if there were disputes over 'search terms.'  Because the discovery was not produced in time, and because it included 210,000 pages of documents that included 'particularly germane' materials, Judge Leonard reasonably concluded that Plaintiff deserves the opportunity to reopen two depositions and conduct two more with the benefit of the produced documents, *a remedy that is rather narrow in scope and does not appear to be unduly burdensome on Defendants.*

*Id.* at 5 (emphasis added).  Simply put, this discovery dispute has been fully and finally settled by the Court.  NSR's efforts to re-litigate it for a *third* time in opposing CSXT's Motion should be rejected.

Contrary to NSR's contention, CSXT's Motion is proper under Rule 37, which *requires* the Court to award fees after granting a motion to compel unless (1) the movant filed the motion without attempting to obtain the discovery without court intervention, (2) the nondisclosure or objection was "substantially justified," or (3) other circumstances would make the award "unjust."  NSR does not contend that CSXT failed to meet-and-confer on this issue.  It claims only that its position was "substantially justified," and that an award of fees would be "unjust," based on arguments this Court has twice rejected.  As the Court has concluded, neither NSR's anemic offers of "compromise," nor its strident opposition to CSXT's motion to compel (or its objection to the Court's September 4 Order granting that motion) were "substantially justified."  *See, e.g.*, ECF No. 240-3 at 48:7-11 (rejecting NSR's argument that a 30(b)(6) deposition would be sufficient and ordering the requested depositions, explaining that NSR's belated productions contained documents that are "particularly germane to the issues" in this litigation, and "CSX is entitled to depose those folks who are involved in those documents in order to find out the story behind them").

2

Under these circumstances, none of the exceptions under Rule 37(a)(5)(A) apply, and the Court should grant CSXT's Motion and order NSR to pay CSXT's *uncontested* reasonable fees.

## ARGUMENT

### I.      CSXT Properly Submitted Its Motion Under Rule 37(a)(5)(A).

In its Opposition, NSR mischaracterizes CSXT's Motion to Reopen and Compel Depositions (ECF No. 203) as a motion merely to modify the discovery schedule pursuant to Rule 16. According to NSR, because CSXT did not submit its motion to compel under Rule 37, it cannot recover fees under that rule.

This argument ignores the record. CSXT explicitly submitted its motion to compel under *both* Rule 16 *and* Rule 37. *See* ECF No. 203 ("Plaintiff CSX Transportation, Inc. ('CSXT'), by counsel, and pursuant to Local Civil Rules 7, 16, and 37, and Fed. R. Civ. P. 16, 26, and 37, respectfully moves this Court for an Order reopening and compelling the depositions of witnesses for Defendant Norfolk Southern Railway Company . . . ."); ECF No. 204 at 1 (same). And, in its September 4 Order granting CSXT's motion, the Court invited CSXT to file a motion for attorneys' fees "pursuant to Fed. R. Civ. P. 37(a)(5)(A)." ECF No. 237 at 1; *see also* ECF No. 240-3 at 47:20-48:4 (directing that any such motion should comport with the requirements for a motion submitted "under 37(a)(5)(A)").

CSXT's submission of its motion to compel under both Rule 16 and Rule 37(a)(5) was proper. NSR failed to produce a substantial number of meaningful documents until the final days—and *after*—CSXT's original discovery period. As a result, CSXT sought an order extending its discovery period under Rule 16 to allow for the compelled depositions of NSR witnesses pursuant to Rule 37(a)(5). The Court granted all of CSXT's requested relief. *See* ECF No. 240-3 at 47:7–19 ("CSXT is entitled to depose those folks who are involved in those [late-produced]

3

documents in order to find out the story behind them."); *id.* ("CSX has established good cause to reopen the depositions of Mr. Heller and Mr. McClellan and to take the depositions of Mr. Booth and Mr. Martinez.").

NSR's suggestion that CSXT cannot recover its fees because its motion did not seek to compel "outstanding" discovery misconstrues the facts and misinterprets the nature of the relief granted by the Court. NSR produced hundreds of thousands of pages of documents within days of the close of CSXT's discovery period.  Because CSXT had no realistic opportunity to use those documents in its depositions, it sought in good faith to re-open or take a small number of additional depositions.  NSR refused to comply with CSXT's reasonable request for this additional discovery, offering only an inequitable horse trade of 30(b)(6) testimony in exchange for additional testimony from an individual CSXT witness.  As the Court has now *twice* held, CSXT's request to depose these witnesses was reasonable, and NSR's refusal to comply with that request was not.  *See, e.g.*, ECF No. 253 at 5-6 ("Because the discovery was not produced in time, and because it included 210,000 pages of documents that included 'particularly germane' materials, Judge Leonard reasonably concluded that Plaintiff deserves the opportunity to reopen two depositions and conduct two more with the benefit of the produced documents, a remedy that is rather narrow in scope and does not appear to be unduly burdensome on Defendants.").  This is precisely the type of situation contemplated by Rule 37(a)(5)(A).  *See Lee v. Pep Boys-Manny Moe & Jack of California*, No. 12-cv-05064-JSC, 2015 WL 9268118, *7 (N.D. Cal. Dec. 21, 2015) (Rule 37(a)(5)(A) "*requires* the court to impose sanctions upon the party or attorney opposing an order to compel deposition testimony that is granted by the Court so long as the losing party's position was not substantially justified" and the award would not be unjust) (emphasis in original); *Mills v. General Motors, LLC*, No. 2:17-201-RMG, 2017 WL 4279651, *4-5 (D.S.C. Sep. 26, 2017).

## II.     NSR's Refusal to Schedule the Depositions Was Not Substantially Justified or in Good Faith.

NSR contends that CSXT's claim of attorneys' fees is not substantially justified, and would be unjust, based on the same arguments it presented in opposing CSXT's motion to compel (i.e., that NSR acted in good faith and CSXT unreasonably delayed discovery).  These issues have already been extensively briefed, and the Court has already rejected NSR's position twice.

In its Opposition, NSR continues to insist that, in its January Brief, it made no promise to produce documents in response to CSXT's second document requests by any particular date.  But the Court's September 4 and October 22 Orders make clear that its holding granting CSXT's motion to compel is not premised on any one statement in NSR's filing.  The Magistrate Judge found that NSR's failure to produce the majority of its documents until late February was inconsistent with its assertion in January that parties' search term negotiations would not delay its productions.  *See* ECF No. 240-3 at 39:10–16, 41:23–43:5, 47:7–23. The District Judge affirmed this finding, explaining:

> Judge Leonard reasonably relied on the entirety of the prior representations regarding production and search terms (*to include those made and those not made*) in finding that either the documents at issue should have been produced earlier by [NSR] in light of [its] prior statements, or Plaintiff should have previously been given more time to conduct depositions, with Judge Leonard making it clear that his prior discovery ruling was predicated on the "impressions that discovery would be sufficiently completed" by Defendants in time for the documents to be utilized by Plaintiff before the expiration of Plaintiff's original discovery period.

ECF No. 253 at 4 n.1 (emphasis added).  In other words, rather than focusing on any single representation in NSR's January Brief, the Court emphasized that the filing as a whole left the Court with the reasonable impression that NSR would complete its productions with enough time remaining for CSXT to use those documents in depositions during its original discovery period. There is no question that NSR failed to do so.

5

Moreover, as this Court has twice ruled, CSXT's motion to compel was *not* granted due only to the inconsistent representations in NSR's January Brief, but also because NSR's belated productions contained highly relevant documents that CSXT should have been able to use in deposing NSR witnesses. *See* ECF No. 253 at 4. The Court expressly rejected NSR's "effort to read this justification out of Judge Leonard's ruling," and held that "[b]ecause [NSR's late productions] included 210,000 pages of documents that included 'particularly germane' materials, Judge Leonard reasonably concluded that Plaintiff deserves the opportunity to reopen two depositions and conduct two more with the benefit of the produced documents." *Id.* According to the Court, this basis "alone" would suffice to grant CSXT's motion to compel. *Id.*

Finally, NSR contends that awarding fees to CSXT would be "unjust" because NSR acted in good faith, and CSXT purportedly "never offered a justification for its failure to act." *See* ECF No. 250 at 10. Initially, this Court has already twice *rejected* NSR's argument that any purported "failure to act" by CSXT in agreeing to search terms justifies NSR's belated production of documents. *See, e.g.*, ECF No. 253 at 5 (approving of the Magistrate Judge's "reasonable impression that the second round of production would be provided by Defendants in time for its use by Plaintiff for depositions *even if* there were disputes over 'search terms'") (emphasis added).

Moreover, before filing its Motion to Reopen and Compel Depositions, CSXT conferred on multiple occasions with NSR about the impact of its belated document productions and the necessity of further and re-opened depositions. Throughout the month of June, the parties exchanged written correspondence outlining their positions and proposals, and twice conferred by telephone. *See* ECF No. 247 at 3-4. NSR's contention that CSXT failed to adequately "justify" its position during the parties' multiple meet-and-confers is belied by the parties' correspondence, in which CSXT identified *specific documents* from NSR's tardy productions illustrating good

6

cause for its request.[1]  *See* ECF No. 250-4 at 2.  And NSR's proposed solution—an additional Rule 30(b)(6) deposition of an NSR-selected witness who may have had no first-hand involvement with the relevant documents *in exchange for NSR's ability to re-depose an unrelated CSXT fact witness*—was hardly an effort at good-faith compromise.  Contrary to NSR's intransigence, CSXT voluntarily reduced the original number of depositions it sought from six to just four individuals who authored or received certain late-produced documents.  *See* ECF No. 204 at 6, n.3.  As CSXT made clear during the parties' several meet-and-confers, the motives and recollections of the specific deponents at issue is of paramount importance, and a corporate designee would necessarily be ill-equipped to testify about the personal motivations and intentions of the author or recipient of the relevant documents.  This Court has agreed.  *See* ECF No. 240-3 at 47:7–19 ("CSX is entitled to depose those folks who are involved in those documents in order to find out the story behind them.").

        In its Opposition, NSR attempts to re-litigate CSXT's motion to compel for the *third* time. But the Court has already conclusively decided those issues.  The only question presented in the present Motion is far more simple:  Was NSR "substantially justified" in refusing to allow CSXT to depose the witnesses involved with highly-relevant documents produced within days of (and after) the close of CSXT's original discovery period, despite its own prior representations suggesting that it would complete productions weeks earlier?  As CSXT's expert has opined, the answer to that question is plainly no.  *See* ECF No. 247-3 at ¶ 13 (characterizing the relief sought in CSXT's motion – "a substantial, *nonconsensual* reopening of discovery as a result of late-breaking production of a substantial number of documents, responsive to requests for production,

---

[1] Indeed, the documents that CSXT cited in its letter all contain search terms NSR agreed to apply in late 2019, further underscoring that the parties' later negotiations over geographic search terms does not excuse NSR's delayed productions.  *See id.*

after depositions have already occurred" – as "relatively rarely necessary, sought or granted") (emphasis in original); ¶ 14 (noting that "lead counsel experienced litigating in this Court" would generally "reach an agreement regarding some reopening of discovery, the conduct of follow-up depositions of previously-deposed witnesses, or similar relief that would not necessitate contested motion practice" in circumstances similar to those presented here).  Accordingly, pursuant to Rule 37(a)(5), the Court should award CSXT the fees incurred in litigating the motion to compel.

Finally, NSR makes no effort to dispute the reasonableness of CSXT's requested attorneys' fees – and the request is, indeed, reasonable.  *See* ECF No. 247-1 ¶¶ 5, 7; 247-3 ¶ 52.  In seeking to recover its fees, CSXT did not request reimbursement of the costs incurrent in retaining Alan Albert to prepare a Declaration describing his familiarity with fees for similar legal work and the skills and reputation of the attorney-fee applications, in contemplation of requiring additional work from Mr. Albert to rebut NSR's arguments on this point.  *See* ECF No. 247 n.3.  Because NSR has not challenged the reasonableness of the requested fees, CSXT now seeks reimbursement for the cost of Mr. Albert's efforts in preparing his Declaration – a total of $10,981.00.  *See* **Exhibit 1**.

## CONCLUSION

To ensure it had the opportunity to depose critical witnesses on highly relevant, belatedly produced documents, and after extensive efforts to reach fair compromise without court intervention, CSXT was forced to litigate its right to these additional depositions. Under Rule 37(a)(5)(A), CSXT is entitled to the expenses incurred in making its Motion to Reopen and Compel Depositions. CSXT thus respectfully requests that the Court award it attorneys' fees of $43,924.50 and costs in the amount of $10,981.00 – a total of $54,905.50.

Dated:  October 26th, 2020

Respectfully submitted,

**CSX TRANSPORTATION, INC.**
*By Counsel*

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that on this 26th day of October, 2020, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

/s/ Robert W. McFarland
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com