UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., individually and on behalf of NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY, | ) ) ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) No. 2:18-cv-530-MSD-LRL |
| NORFOLK SOUTHERN RAILWAY COMPANY, *et al.*, | ) ) ) ) |
| *Defendants*. | ) |

### NORFOLK SOUTHERN RAILWAY COMPANY'S
### BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SURREPLY
### IN OPPOSITION TO CSXT'S MOTION FOR ATTORNEYS' FEES

Plaintiff Norfolk Southern Railway Company ("NSR"), by counsel, states as follows for its Memorandum in Support of its Motion for Leave to File Surreply in opposition to Plaintiff CSX Transportation, Inc.'s ("CSXT") Motion for Attorneys' Fees (ECF No. 246):

### INTRODUCTION

CSXT should not have the first, last, and only word on a new issue. For the first time in its Reply brief on its Motion for Attorneys' Fees (ECF No. 246), CSXT demanded almost $11,000 in costs for the work of reasonableness expert, Mr. Albert. *Compare* ECF No. 247 at 7 *with* ECF No. 256 at 8. That is, CSXT increased its request for fees and costs by *twenty percent*, knowing full well that NSR would have no opportunity to respond to this new and substantial request under the normal briefing rules. *See* Loc. Civ. R. 7(F)(1). NSR therefore seeks leave to file a surreply to respond to CSXT's wholly new claim for costs.

**ARGUMENT**

**I.      Standard of Law**

"Typically, courts will not consider an argument raised for the first time in a reply brief." *Touchcom, Inc. v. Bereskin & Parr*, 790 F. Supp. 2d 435, 446 (E.D. Va. 2011) (internal quotation marks omitted). This is because a party waiting to raise an issue until the reply brief unfairly "deprive[s] [the other party] of an opportunity to respond." *Zinner v. Olenych*, 108 F. Supp. 3d 369, 398 (E.D. Va. 2015). To remedy this unfair deprivation, a district court may allow a party to file a surreply. *Hooker v. Sirius XM Radio, Inc.*, No. 4:13-cv-3, 2013 WL 12149171, at *1 (E.D. Va. May 8, 2013) (Leonard, J.) (noting granting leave to file a surreply is in the district court's discretion). "Surreplies are permitted to allow response to new argument or authority presented in a reply memorandum . . . ." *WW, LLC v. Coffee Beanery, Ltd.*, No. WMN-05-3360, 2011 WL 5110267, at *5 (D. Md. Oct. 26, 2011); *accord Hooker*, 2013 WL 12149171, at *1 (citing *WW, LLC* for the purpose of a surreply). While surreplies are sometimes disfavored, this view is only applicable when they are "a strategic effort by the nonmoving party to have the last word on the matter." *Lismont v. Alexander Binzel Corp.*, No. 2:12-cv-592, 2014 WL 12527239, at *3 (E.D. Va. May 23, 2014). When a party's reply introduces "new material," on the other hand, a surreply is an appropriate safeguard against steamrolling. *Adams v. Applied Bus. Servs.*, No. 2:18-cv-559, 2019 WL 7817080, at *1 (E.D. Va. Aug. 30, 2019); *Lismont*, 2014 WL 12527239, at *3. In granting leave to file a surreply, a court should examine whether "prejudice will result from the court considering a new argument without the opposing party's having an opportunity to respond." *Adams*, 2019 WL 7817080, at *1. If so, a surreply should be allowed. *Id.*

## II.     CSXT Raised a New Claim for Costs in Its Reply.

In its Memorandum in Support of Motion for Attorneys' Fees (ECF No. 247), CSXT requested $43,924.50 for fees and litigation costs incurred in moving to reopen discovery and compel depositions. *See* ECF No. 247 at 1–2. CSXT affirmatively represented to the Court that it was "not seeking to recover . . . costs incurred in retaining Mr. Albert" in "this Motion." *Id.* at 7. But in its Reply three weeks later (still a part of "this Motion"), CSXT increased its request by an additional $10,891 "for the cost of Mr. Albert's efforts." ECF No. 256 at 8. CSXT admitted it used the briefing process to increase its request for fees. *Compare* ECF No. 247 at 7 *with* ECF No. 256 at 8.

## III.    NSR Deserves an Opportunity to Respond to CSXT's New Request.

NSR must be allowed to respond to the merits of CSXT's eleventh hour request, which caused its monetary request to balloon by twenty percent. If NSR is not allowed to respond, it is hard to imagine clearer prejudice as a result of that deprivation: NSR will be prejudiced to the tune of $10,891. *See Adams*, 2019 WL 7817080, at *1; *Zinner*, 108 F. Supp. 3d at 398. This prejudice if NSR is denied a surreply demonstrates that NSR is not manufacturing a weak discrepancy between the briefs "to have the last word on the matter." *Lismont*, 2014 WL 12527239, at *3. Instead, it is simply seeking to protect itself and fairly present the fees issue to the Court.

Moreover, CSXT's gambit should not be condoned. CSXT committed to an amount of fees for its whole "Motion," used the briefing period to increase that amount, then sprang a new amount on NSR when it knew NSR would lack a response as-of-right. CSXT's maneuver is the very harm a surreply is designed to alleviate, and NSR should be permitted to respond to CSXT's new claim. *See Hooker*, 2013 WL 12149171, at *1.

## **CONCLUSION**

For these reasons, NSR respectfully requests that the Court enter an order granting it leave to file the Proposed Surreply (attached as **Exhibit A**) to respond to CSXT's new request for $10,891 in costs.

Date: October 28, 2020            Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

/s/ Alan D. Wingfield
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7759
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: Kathleen.knudsen@troutman.com

Monica McCarroll (VSB No. 45622)
REDGRAVE LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151
Telephone: (703) 592-1155
Facsimile: (703) 230-9859
Email: mmccarroll@redgravellp.com

        Tara L. Reinhart
John R. Thornburgh II
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
john.thornburgh@skadden.com
thomas.gentry@skadden.com

*Counsel for Defendant Norfolk Southern Railway Company*

110962662

5