# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., )<br>individually and on behalf of NORFOLK )<br>& PORTSMOUTH BELT LINE )<br>RAILROAD COMPANY, )<br>           )<br>           *Plaintiff*,     )<br>           )<br>v.           )<br>           )<br>NORFOLK SOUTHERN RAILWAY )<br>COMPANY, *et al.*,     )<br>           )<br>           *Defendants*.   ) | No. 2:18-cv-530-MSD-LRL |

### NORFOLK SOUTHERN RAILWAY COMPANY'S
### [PROPOSED] SURREPLY IN OPPOSITION TO
### CSXT'S MOTION FOR ATTORNEYS' FEES

Pursuant to E.D. Va. Loc. Civ. R. 7(F)(1) of the Local Rules of the U.S. District Court for the Eastern District of Virginia, Defendant Norfolk Southern Railway Company ("NSR"), by counsel, hereby submits this surreply in further opposition to Plaintiff CSX Transportation, Inc.'s ("CSXT") motion for attorneys' fees.

### INTRODUCTION

In the last sentence of its Reply in Support of its Motion for Attorneys' Fees (ECF No. 256), CSXT suddenly seeks reimbursement for the fees incurred by its expert, Alan Albert, in preparing a declaration to its Motion for Attorney's Fees. CSXT had previously affirmatively stated that it did not plan to seek the costs incurred in retaining Mr. Albert. CSXT's Memorandum in Support of Motion for Attorney's Fees, ECF No. 247 at n. 3. CSXT's last minute 180° about face is improper because (1) it is improper to raise new issues in a reply brief, (2) CSXT's request is in violation of the Court's Order allowing CSXT to seek fees and costs, and (3) CSXT's request

is not supported by evidence to show the fees of Mr. Albert are reasonable. As such, the Court should disregard CSXT's late sought request for the fees incurred by Mr. Albert.

## ARGUMENT

### I. CSXT inappropriately raised wholly new issue in its reply, and the new argument should be disregarded.

In its Memorandum in Support of Motion for Attorneys' Fees (ECF No. 247), CSXT requested $43,924.50 for reasonable fees and litigation costs incurred in moving to reopen discovery and compel depositions. *See* ECF No. 247 at 1–2. CSXT affirmatively represented to the Court that it was "not seeking to recover . . . costs incurred in retaining Mr. Albert" in "this Motion." *Id.* at 7 n. 3. But in its Reply three weeks later (still a part of "this Motion"), CSXT increased its request by an additional $10,891 "for the cost of Mr. Albert's efforts." ECF No. 256 at 8. "Typically, courts will not consider an argument raised for the first time in a reply brief." *Touchcom, Inc. v. Bereskin & Parr*, 790 F. Supp. 2d 435, 446 (E.D. Va. 2011) (internal quotation marks omitted). Because CSXT failed to request reimbursement for the fees incurred by Mr. Albert until its Reply brief, this request should be denied.

### II. CSXT's new claim is barred by this Court's Order setting a 30-day deadline to make claim for fees incurred in bringing Motion to Compel.

CSXT's new request for fees incurred by Mr. Albert is in violation of the Court's September 8, 2020 Order. ECF No. 237. The Court directed CSXT "to file any claim for reasonable expenses incurred in making their motion [to Compel] within 30 days of the date of this Order." *Id.* Therefore, CSXT needed to file its claim for reasonable fees incurred in bringing their Motion to Compel by October 8, 2020. CSXT did not raise the claim for fees incurred by Mr. Albert until October 26, 2020, which is outside of the 30 days permitted by this Court. Additionally, the fees incurred by Mr. Albert were incurred in bringing CSXT's Motion

2

for Attorney's Fees (ECF No. 246), not its Motion to Compel. As such, CSXT should not be permitted to seek fees incurred by Mr. Albert when such fees are outside of the scope of fees permitted to be sought by this Court.

### III. CSXT fails to present required evidence to support a claim for Mr. Albert's time.

In its Reply brief, CSXT merely states that it "now seeks reimbursement for the cost of Mr. Albert's efforts in preparing his Declaration – a total of $10,981.00." An award of expenses under Federal Rule of Civil Procedure 37 must be reasonable. As CSXT acknowledges, when requesting attorneys' fees, "[t]he moving party has the burden of 'establishing the reasonableness of the requested amount by both showing the reasonableness of the rate claimed and the number of hours spent." CSXT's Memorandum in Support of Motion for Attorneys' Fees, ECF No. 247 (citing *Rutherford Controls Int'l Corp. v. Alarm Controls Corp.*, No. 3:08cv367, 2009 WL 4015357, at *2 *(E.D. Va. Nov. 17, 2009) (citations omitted)). CSXT has failed to even argue, let alone provide support for the proposition that, Mr. Albert's claimed rate or hours spent were reasonable. As such, CSXT has failed to satisfy its legal burden when attempting to claim the fees incurred by Mr. Albert.

### CONCLUSION

For the foregoing reasons, this Court should deny CSXT's improper attempt to seek reimbursement of the fees incurred by Mr. Albert.

Date: October 28, 2020

Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

/s/ Alan D. Wingfield
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS, LLP

3

1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7759
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: Kathleen.knudsen@troutman.com

Monica McCarroll (VSB No. 45622)
REDGRAVE LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151
Telephone: (703) 592-1155
Facsimile: (703) 230-9859
Email: mmccarroll@redgravellp.com

Tara L. Reinhart
John R. Thornburgh II
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
john.thornburgh@skadden.com
thomas.gentry@skadden.com

*Counsel for Defendant Norfolk Southern Railway Company*

110962809

4