UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., individually and on behalf of NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>NORFOLK SOUTHERN RAILWAY COMPANY, and NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY,<br><br>*Defendants*. | Case No. 2:18-cv-530 |

## JOINT MOTION FOR ENTRY OF DEPOSITION PROTOCOL

Plaintiff CSX Transportation, Inc. ("CSXT"), Defendant Norfolk Southern Railway Company ("NSR"), and Defendant Norfolk & Portsmouth Belt Line Railroad Company ("NPBL") (collectively the "Parties"), by counsel, and pursuant to Rules 29 and 30(b)(4) of the Federal Rules of Civil Procedure, hereby jointly move this Court for entry of a protocol outlining how the parties will proceed with depositions.

The Parties have met and conferred extensively and agreed to the large majority of arrangements for remote depositions in this case, per the Court's Order of October 1, 2020 (ECF No. 242). However, the Parties have reached an impasse on two discrete issues, and ask the Court to resolve these points. Attached as **Exhibit A** is a form of the deposition protocol as proposed by CSXT. Attached as **Exhibit B** is a form the deposition protocol proposed by NPBL and NSR. Attached as **Exhibit C** is a redline showing the differences between the two proposed protocols.

Based on the Court's Scheduling Order, NSR is set to take its first deposition since March on November 16, 2020. The Parties agree that no further briefing is required and that this Joint Motion is ripe for a decision. Given the time sensitive nature of this Joint Motion, the Parties respectfully request a ruling from the Court as its schedule permits, so they may proceed as efficiently as possible with the upcoming depositions.

The open issues, and the parties' respective positions, are as follows:

**1. Should the Deposition Protocol provide that the parties shall have a right for an in-person deposition of opposing expert witnesses who appear in person for trial?**

**CSXT Position:**

Under the operative Rule 16(b) Scheduling Order in this case, and as requested by the parties, all discovery of expert witnesses, including depositions, shall be concluded on or before March 24, 2021. *See* ECF No. 254 ¶ 4; ECF No. 249-1 at 3. Data available from the Virginia Department of Health and the Centers for Disease Control and Prevention (CDC), as well as state and local health authorities, indicates that the community spread of COVID-19 is a continuing – and, in many locations, increasing – risk. On Thursday, November 5, 2020, the United States recorded nearly 120,000 new virus cases, breaking the previous record set only the day before. https://covid.cdc.gov/covid-data-tracker/#trends_dailytrendscases. This resurgence is not confined to any one part of the country: over twenty states have recorded more cases in the past week than in any other seven-day stretch.

While CSXT concurs that in-person depositions of witnesses are preferable to depositions conducted by remote means, it is simply not possible at this time to determine what the public health picture in the United States will look like in March 2021. The Protocol currently provides that in-person depositions will be conducted when all parties and the relevant deponent agree to an in-person format, or when the Court determines that in-person depositions may be conducted

with reasonable safety precautions. This provision allows for the necessary flexibility for the parties to assess – at the time of each deposition – the public health situation then-prevailing to determine the most prudent format for the deposition.[1] CSXT submits that any Protocol providing a "right" for in-person depositions of opposing expert witnesses is inappropriate given the current COVID-19 pandemic trends and unpredictability of the virus' spread, and that the language already existing in the Protocol is sufficient to address these concerns moving forward.

**NSR Position:**

The parties should be permitted to depose experts in-person who will testify in-person at trial. Testifying experts are being compensated for their participation in this litigation and anticipated a deposition when agreeing to serve as experts in this matter. Further, expert witnesses in this case have the potential to be key witnesses in this matter. The parties would be prejudiced by not being able to evaluate an expert in-person and assess an expert's live testimony before trial of this matter. The parties can agree on reasonable safety precautions to put in place before any in-person depositions. In the alternative, if the Court is disinclined to require in-person expert depositions at this time, we would ask that the Court put off making a final determination on the issue until early next year. Expert depositions in this case are not scheduled to occur until March 2021, and the circumstances concerning COVID-19 are likely to change between now and March 2021.

If a party agrees that their expert(s) will not testify in-person at trial, then NSR is agreeable to a remote deposition.

---

[1] Although Defendants have not yet identified their experts, CSXT's expert, Dr. Howard P. Marvel, is over the age of 60 and therefore at a higher risk of severe illness if he contracts COVID-19.

**NPBL Position:**

Yes. Experts are voluntary witnesses. If they are willing to appear in-person for trial, they should appear in-person for deposition. Courthouses have already adapted to safely conducting in-person trials, and the parties can take precautions to ensure experts are equally safe testifying in-person at deposition. Technical glitches during remote depositions—including poor internet connections, fluctuating signal strength, computer problems, and spotty video/audio quality—disrupt the flow of examination and limit counsel's ability to effectively engage with a witness or assess demeanor and credibility. That prejudice is exacerbated with experts, particularly in an antitrust case where their testimony is vital to a plaintiff's proof. To put the problem in context here, CSXT proposes that its expert be permitted to testify to damages that are, without question, an existential threat to NPBL, yet that NPBL should encounter this critical witness in-person for the very first time in front of the jury at trial. There is no reasonable justification for that kind of prejudice, especially when it can be avoided with recognized safety protocols.

**2. Should the Deposition Protocol provide that a client representative be permitted to be physically present with the witness, but that all other participants must be remote, if the witness so elects?**

**CSXT Position:**

CSXT's proposed Protocol affords the deponent the ability to control whether a client representative attends his or her deposition in-person with the deponent. Defending counsel, though, will not be present with the witness. A client representative can assist the deponent with video-teleconferencing technology, guide the deponent to which exhibit the questioning counsel is referring to, and otherwise facilitate efficiency. Certain deponents currently work in-person alongside the expected CSXT client representatives on a daily basis. These individuals may feel

4

comfortable with CSXT personnel being physically present with them during the deposition, but would not have the same comfort with the presence of a non-CSXT third party.

Other witnesses, however, may not be comfortable with anyone in the room. The risks from COVID-19 are heightened for certain categories of people, including older adults and people with underlying medical conditions. While some in-person proceedings are prudent and can be safely-conducted, others cannot – including those in which a necessary participant has elevated COVID-19 exposure risk factors. Finally, it is hard to fathom how the presence of a client representative in the same room as the deponent will prejudice the deposing party. In recognition of the fact that certain witnesses may have elevated risk factors and/or concerns of being in a room with others, CSXT's proposed Protocol allows the deponent to determine whether a client representative will attend his or her deposition in-person.

**NSR Position:**

NSR's position is that for all depositions, if a witness decides not to have a deposition occur in-person, then the witness needs to be alone in the room while the deposition is taken. However, if the witness wants a client representative in the room, then the deposition should be taken in-person, subject to reasonable safety protocols. Such safety protocols can be agreed upon by the parties, but may include reasonable testing requirements, agreed upon size of the room to ensure social distancing, reasonable limits on those attending in person, and mask requirements for those not actively participating in the deposition. NSR will be prejudiced if CSXT's witnesses are permitted to have a client representative in the room while simultaneously maintaining a position that they are not comfortable with in-person depositions. It would be difficult if not impossible to monitor the conduct of individuals in the room with the deponent.

The parties should strike a balance and allow completely remote depositions or allow all parties who so desire to have representation in-person.

**NPBL Position:**

No. All parties should attend the deposition the same way. It would be unfair for a client representative, which CSXT contends can include in-house counsel, to be physically present with the witness, but not counsel taking the deposition. CSXT's position is also inherently unfair to the defendants. Every deposition that NSR and NPBL will take is potentially a remote one, whereas CSXT was able to take the vast majority of its depositions in-person. NSR and NPBL are at a defensive disadvantage already. They should not be further disadvantaged by a representative for the witness being present without the attorney taking the deposition.

**WHEREFORE**, Plaintiff CSXT, Defendant NSR, and Defendant NPBL, respectfully request that the Court grant this Joint Motion and enter one or a combination of the attached deposition protocols. The Parties agree further briefing and oral argument on these issues is not necessary, unless the Court so desires.

Dated: November 10, 2020

Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

/s/ Alan D. Wingfield
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7759
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: kathleen.knudsen@troutman.com

Monica McCarroll (VSB No. 45622)
REDGRAVE LLP
14555 Avion Parkway, Suite 275
Chantilly, Virginia 20151
Telephone: (703) 592-1154
Facsimile: (703) 230-9859
Email: MMcCarroll@redgravellp.com

Tara L. Reinhart
John R. Thornburgh II
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
john.thornburgh@skadden.com
thomas.gentry@skadden.com

*Counsel for Norfolk Southern Railway Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2020, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which sent a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service, including:

Robert W. McFarland
Benjamin L. Hatch
V. Kathleen Dougherty
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
rmcfarland@mcguirewoods.com
bhatch@mcguirewoods.com
vkdougherty@mcguirewoods.com

*Attorneys for CSX Transportation, Inc.*

James L. Chapman, IV, Esq.
W. Ryan Snow, Esq.
Darius K. Davenport, Esq.
David C. Hartnett, Esq.
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
ddavenport@cwm-law.com
dhartnett@cwm-law.com

*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

/s/ Alan D. Wingfield

Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

137422036