# EXHIBIT C

*CSX Transportation, Inc. v. Norfolk Southern Railway Company and Norfolk and Portsmouth Belt Line Railroad Company* **(E.D. Va. Case No. 2:18cv530)**

**AGREED PROTOCOL FOR REMOTE VIDEOCONFERENCE DEPOSITIONS**

The COVID-19 pandemic has caused widespread stay-at-home orders and business restrictions across the United States. In an effort to mitigate the impacts of COVID-19 and while continuing to effectively and efficiently litigate this case – and in keeping with the Court's October 1, 2020 Order directing that discovery in this matter shall immediately resume – the parties agree and stipulate to the following:

1. **Remote Depositions**. Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties agree that, until such time as the Court determines that in-person depositions may be conducted with reasonable safety precautions, or unless all parties and the relevant deponent agree otherwise, all depositions in this case shall be conducted remotely by videoconference and shall be governed by the terms of this Protocol; provided, however, that the parties shall have the opportunity for in-person depositions of the opposing party's expert witness(es) who will testify in person at trial.

2. **Noticing Party's Obligations.** The parties agree to meet and confer at least one week prior to each deposition to confirm the format for the deposition and the handling of any logistical issues, such as exhibits, for the deposition. The parties may meet and confer regarding multiple depositions at the same time if those depositions will follow the same format. At least 24 hours before the deposition, the party noticing the deposition shall provide a videoconference link and any other relevant information (including any required passwords) to all parties.

3. **Defending Party's Obligations.** The parties agree that the party defending the deposition shall be responsible for ensuring that the deponent: (i) has downloaded the most recent version of any necessary software/apps prior to the deposition, (ii) has access to a suitable Internet connection, (iii) is in possession of a computer or tablet equipped with a microphone and web camera, and (iv) has access to any additional equipment needed to view exhibits while on the record, as outlined in Section 9 below. In the event of third-party depositions, it shall be the responsibility of the noticing party to work with the deponent and defending counsel, if any, with regard to internet access and necessary equipment.

4. **Video Feed and Recording.** Each deposition shall include a video feed of the deponent, which upon advance request of the noticing party will be recorded by a certified videographer. Such videotaped testimony can be used at trial, subject to any other rules, as if it was recorded in person by the certified videographer. The noticing party shall be responsible for arranging for video recording, and the parties agree that any video recording may be utilized by the court reporter for purposes of preparing the deposition transcript.

5. **Administration of the Oath.** The parties stipulate that the court reporter may

administer the oath remotely, and that the deposition shall be deemed as taken under oath as if the oath was administered in person.  The defending attorney is required to confirm the identity of the deponent on the record.

6. **Attendees.**  At the commencement of a remote deposition, ~~the deponent shall identify on the record all persons in the same room as the deponent.  All other~~all remote participants will ~~also~~ identify themselves on the record.  The parties agree that only individuals who would be permitted to attend the deposition if taken in person may attend the deposition remotely.  The parties <ins>also agree that the deponent will be alone in a room or other physical space for the duration of the deposition, with no other individuals, unless the parties expressly agree otherwise prior to the deposition.  The parties</ins> agree that <ins>defending counsel and/or</ins> a client representative may <ins>not</ins> attend the deposition in person with the deponent<ins> in a remote deposition; provided however</ins>, if ~~the deponent is willing to have a client representative in attendance.  If~~ the deponent is willing to be deposed in-person, but noticing counsel is unwilling to do so, then counsel defending the deposition may be in-person with the deponent (i.e., the right of a deponent to have in-person defending counsel present shall not be prejudiced by noticing counsel's unwillingness to attend an in-person deposition).

7. **Consultation During Depositions.**  The deponent may communicate (whether by phone, email, text message, or otherwise) with his/her counsel or any other persons during the course of the deposition only to the same extent that he/she would be permitted to communicate with those persons during an in-person deposition.

8. **Objections.**  If an objection to a question is interposed after the deponent has begun to answer or has answered the question, the parties agree that the objection is not waived.

9. **Exhibits.**  The parties agree that it is preferable for a deponent to view exhibits in hard copy, and they agree to take all reasonable measures to provide hard copy exhibits to the deponent in accordance with the procedures outlined below, provided that examining party's right to examine as to any exhibit is not prejudiced.

    a. *Hard copy.*  As a general matter, a questioning party[1] should deliver hard copies of any documents it intends to use as exhibits during the deposition directly to the deponent and one (1) defending counsel in sealed box(es) at least one business day prior to the deposition  Defending counsel (or the deponent, if unrepresented) shall provide the necessary mailing addresses at least one week prior to the deposition.

---

[1] For the avoidance of doubt, a "questioning party," as that term is used in this Protocol, includes any party that intends to use one or more exhibits to question a deponent during a deposition, whether or not that party actually noticed the deposition.

The questioning party may, at its election, include in the box(es) a tabbed binder of exhibits to be used during the deposition, which the deponent and defending counsel agree not to review except as explicitly requested by questioning counsel on the record and on video during the deposition. Alternatively, the questioning party may include in the box(es) individual hard copy exhibits in sealed envelopes to be opened upon request on the record and on video during the deposition. The questioning party agrees to clearly identify hard copy exhibits used during a deposition on the record, by Bates number if possible.

Unless the noticing party has elected to use a third-party exhibit viewing platform that allows the court reporter to mark exhibits in real-time, as outlined in Section 9(c) below, the deponent or defending counsel must send all hard copy exhibits used in the deposition to the court reporter within one week after the deposition. The noticing party shall provide the deponent or defending counsel with a prepaid shipping label for this purpose. The deponent and defending counsel agree to promptly destroy any unused exhibits without reviewing them. Alternatively, the questioning party may elect for the deponent and defending counsel to return unused exhibits to the questioning party, at the questioning party's expense.

b. *Electronic.* Although the parties agree to use best efforts to provide deposition exhibits to the deponent in hard copy, as outlined above, they acknowledge that the use of electronic exhibits may be necessary in some circumstances.

In the event that a questioning party circumstances arise requiring the use an electronic-only exhibit during a deposition, the party must send that exhibit (preferably in .pdf format, unless a native file format is required to properly view and interpret the document) by email to all parties, the court reporter, and the deponent as soon as reasonably practicable. The questioning party agrees to clearly identify any electronic exhibits used during the deposition on the record, by Bates number if possible.

Unless the noticing party has elected to use a third-party exhibit viewing platform that allows the court reporter to mark exhibits in real-time, as outlined in Section 9(c) below, the parties stipulate that any electronic exhibits used in the deposition will become the official copy of record. The parties agree that each exhibit will be separately saved and named in the following format: "DeponentLastName _ExhibitX".

The deponent, defending party, and all other parties agree not to review any electronic or paper exhibits prior to the deponent being asked to do so on the record at the deposition, and further agree to delete or otherwise destroy any unused electronic or paper exhibits after the deposition.

3

      c. *Viewing Platform.* Although the parties agree that it is preferable for the deponent to view exhibits in hard copy during the deposition, as outlined in Section 9(a) above, they further agree that, in addition to providing hard copies to the deponent, they may arrange for the use of a third-party deposition exhibit viewing platform that allows users to upload exhibits prior to the deposition and then display the exhibits to all other parties, the deponent, and the court reporter during the deposition. If a noticing party intends to use a third-party deposition and/or exhibit-viewing platform, it will notify all other parties of its vendor selection no later than one week prior to the deposition, in accordance with Section 2 above.

10. **Technology.** The parties agree to work in good faith to set up and test any necessary technology, including any third-party exhibit viewing platforms as described in Section 9(c) of this Protocol, in advance of any remote deposition, as needed.

11. **Communication with the Court.** In the event a dispute is to be brought to the Court's attention during a remote deposition, the parties agree to join on a conference line to contact the Court.

IT IS SO STIPULATED.

| | |
|---|---|
| /s/_____DRAFT_____ | /s/ DRAFT_____ |
| Robert W. McFarland (VSB No. 24021) | Alan D. Wingfield (VSB No. 27489) |
| Benjamin Hatch (VSB No. 70116) | Michael E. Lacy (VSB No. 48477) |
| V. Kathleen Dougherty (VSB No. 77294) | Massie P. Cooper (VSB No. 82510) |
| MCGUIREWOODS LLP | Troutman Pepper Hamilton Sanders, LLP |
| 101 West Main Street, Suite 9000 | 1001 Haxall Point |
| Norfolk, Virginia 23510 | Richmond, Virginia 23219 |
| Telephone: (757) 640-3716 | Telephone: (804) 697-1200 |
| Facsimile: (757) 640-3966 | Facsimile: (804) 698-6061 |
| E-mail: rmcfarland@mcguirewoods.com | E-mail: alan.wingfield@troutman.com |
| E-mail: bhatch@mcguirewoods.com | E-mail: michael.lacy@troutman.com |
| E-mail: vkdougherty@mcguirewoods.com | E-mail: massie.cooper@troutman.com |
| | |
| J. Brent Justus (VSB No. 45525) | John C. Lynch (VSB No. 39267) |
| Ashley P. Peterson (VSB No. 87904) | Kathleen M. Knudsen (VSB No. 90845) |
| MCGUIREWOODS LLP | Troutman Pepper Hamilton Sanders, LLP |
| Gateway Plaza | 222 Central Park Avenue, Suite 2000 |
| 800 East Canal Street | Virginia Beach, Virginia 23462 |
| Richmond, Virginia 23219-3916 | Telephone: (757) 687-7759 |
| Telephone: (804) 775-1000 | Facsimile: (757) 687-7510 |
| Facsimile: (804) 698-2026 | E-mail: john.lynch@troutman.com |
| E-mail: bjustus@mcguirewoods.com | E-mail: kathleen.knudsen@troutman.com |

4

E-mail: apeterson@mcguirewoods.com

*Counsel for Plaintiff*
*CSX Transportation, Inc.*

Monica McCarroll (VSB No. 45622)
Redgrave LLP
14555 Avion Parkway, Suite 275
Chantilly, Virginia 21051
Telephone: (703) 592-1155
Facsimile: (703) 230-9859
E-mail: mmccarroll@redgravellp.com

Tara R. Reinhart
John R. Thornburgh, II
Thomas R. Gentry
Skadden, Arms, Slate, Meagher, & Flom, LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 371-7000
E-mail: tara.reinhart@skadden.com
E-mail: john.thornburgh@skadden.com
E-mail: thomas.gentry@skadden.com

*Counsel for Defendant*
*Norfolk Southern Railway Company*

/s/ DRAFT
James L. Chapman, IV (VSB No. 21983)
W. Ryan Snow (VSB No. 47423)
Darius K. Davenport (VSB No. 74064)
David C. Hartnett (VSB No. 80452)
Creshaw, Ware, & Martin, P.L.C.
150 West Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
E-mail: jchapman@cwm-law.com
E-mail: wrsnow@cwm-law.com
E-mail: ddavenport@cwm-law.com
E-mail: dhartnett@cwm-law.com

*Counsel for Defendant*
*Norfolk and Portsmouth Belt Line Railroad .*

5

137155811_2

6

Document comparison by Workshare 10.0 on Monday, November 9, 2020 10:17:02 AM

| Input: | |
|---|---|
| Document 1 ID | file://C:\Users\robinssj\Desktop\Redlines\Active_137155811_2_Proposed Remote Deposition Protocol - 11.3.2020.DOCX |
| Description | Active_137155811_2_Proposed Remote Deposition Protocol - 11.3.2020 |
| Document 2 ID | file://C:\Users\robinssj\Desktop\Redlines\Proposed Remote Deposition Protocol - 11.8.2020 (002).DOCX |
| Description | Proposed Remote Deposition Protocol - 11.8.2020 (002) |
| Rendering set | Standard with classic table comparison |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 6 |
| Deletions | 3 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |

| Total changes | 9 |
|---|---|