IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

        Plaintiff,

v.                                        Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

        Defendants.

                                           /

**CSX TRANSPORTATION INC.'S RESPONSE TO
NORFOLK SOUTHERN RAILWAY COMPANY'S
<u>MOTION FOR LEAVE TO FILE SURREPLY</u>**

      Plaintiff CSX Transportation, Inc. ("CSXT"), by counsel, respectfully submits this response to Defendant Norfolk Southern Railway Company's ("NSR") Motion for Leave to File a Surreply in Opposition to CSXT's Motion for Attorneys' Fees ("Motion") and supporting brief (ECF Nos. 257, 258).

      In the Motion, NSR argues that CSXT raised a "new issue" in its reply in support of its Motion for Attorneys' Fees (ECF No. 246). Specifically, NSR contends that CSXT "improperly" sought in its reply to recover the costs of its reasonableness expert, Mr. Albert. *See* ECF No. 258 at 1. According to NS, the Court should allow it to file its proposed surreply (ECF No. 258-1) because "CSXT should not have the first, last, and only word" on this issue. *Id.*

      Notwithstanding that this Court disfavors surreply submissions, *see* Local Rule 7(F)(1)(d), CSXT does not oppose NSR's Motion or the Court's consideration of the arguments in its proposed

1

surreply. CSXT notes, however, that the costs associated with retaining Mr. Albert is *not* a new issue. CSXT explicitly identified this issue in its memorandum in support of its Motion for Attorneys' Fees. *See* ECF No. 247. That memorandum—which was filed within the time established by the Court's order granting CSXT's Motion to Reopen and Compel Depositions (ECF No. 237)— expressly states:

> In this Motion, CSXT is not seeking to recover attorneys' fees expended in preparing its Motion for Attorneys' Fees, nor the costs incurred in retaining Mr. Albert, *in contemplation of needing to prepare further pleadings in response to NSR's Opposition to this Motion*.

ECF No. 247 at 7 n.3 (underline in original; italics added). In other words, CSXT made clear that, in addition to the fees and costs identified in its opening brief, it had incurred fees and costs in preparing its fee motion, including for the work performed by Mr. Albert. As CSXT explained, it anticipated that Mr. Albert would need to perform additional work to respond to arguments NSR would raise in opposing CSXT's fee request. Accordingly, CSXT could not determine the total cost of retaining Mr. Albert until after the fee motion had been fully briefed.

As it turns out, NSR made no effort to contest the reasonableness of CSXT's fees. *See generally* ECF No. 250. Because Mr. Albert performed no additional work on the matter, CSXT submitted with its reply evidence supporting its request for reimbursement for the costs it incurred for his work through October 5—the day on which CSXT's opening brief was filed. *See* ECF No. 256-1.

Had CSXT known NSR would forgo all arguments about reasonableness, it certainly would have submitted its request for Mr. Albert's costs in its opening brief. But CSXT could not have reasonably predicted that outcome. Under the circumstances, it was appropriate for CSXT to identify this issue in its opening brief, *see* ECF No. 247 at 7 n.3, and then submit Mr. Albert's final costs with its reply, after it knew for certain that no additional costs could be incurred.

2

In its proposed surreply, NSR briefly suggests—without citing any relevant precedent—that CSXT cannot recover the costs expended for Mr. Albert's work, because CSXT has not established that his fees are reasonable. *See* ECF No. 258-1 at 4 (arguing that CSXT must show that Mr. Albert's claimed rate and hours spent are reasonable). As to Mr. Albert's fees, this circuitous argument lacks merit.

Without question, as the party seeking to recover its fees, CSXT must submit sufficient evidence showing that *its own fees*—including the rates charged and the hours expended—are reasonable. *See Kuntze v. Josh Enterprises, Inc.*, No. 2:18cv38, 2019 WL 2179220, at *4 (E.D. Va. May 20, 2019) (Davis, C.J.) (explaining that a fee applicant "must provide the court with the means for making this assessment, e.g., declarations establishing the hours expended, broken down for each task, and demonstrating that the hourly rate was reasonable"). But CSXT need not make this same showing as to Mr. Albert, whose costs CSXT necessarily incurred as part of its fee request. *See id.* at *5 (noting fee applicants customarily submit "affidavits from other area attorneys as evidence that the requested rates were within the market rates generally charged for similar services"). Such a requirement would be illogical and interminable, requiring CSXT to retain a second attorney to opine that Mr. Albert's fees were reasonable, and a third attorney to opine that the second attorney's fees were reasonable, and a fourth attorney to opine that the third attorney's fees were reasonable, and so on. That is plainly not the standard.

As explained in its briefing on the motion, CSXT is entitled to recover its attorneys' fees and costs associated with its Motion to Reopen and Compel Depositions. *See* ECF Nos. 247, 256. It is also entitled to recover its fees and costs incurred in bringing its motion for attorneys' fees—including the costs incurred in connection with retaining Mr. Albert to opine on the reasonableness of its requested fees. *See, e.g.*, *United Supreme Council v. United Supreme Council of Ancient*

3

*Accepted Scottish Rite*, 2019 WL 3848784, at *5 (E.D. Va. Aug. 15, 2019) (noting that the Fourth Circuit allows parties to recover reasonable costs "related to the preparation of fee petitions").

## CONCLUSION

For these reasons, although CSXT does not oppose NSR's Motion for Leave to File a Surreply, CSXT respectfully submits that the arguments in the proposed surreply have no bearing on CSXT's Motion for Attorneys' Fees, much less any ability to alter resolution of that motion.

Dated:  November 12, 2020                                Respectfully submitted,

**CSX TRANSPORTATION, INC.**
*By Counsel*

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I certify that on this 12th day of November, 2020, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

/s/ Robert W. McFarland
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com