UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) <br> individually and on behalf of NORFOLK ) <br> & PORTSMOUTH BELT LINE ) <br> RAILROAD COMPANY, ) <br> ) <br>         *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> NORFOLK SOUTHERN RAILWAY ) <br> COMPANY, *et al.*, ) <br> ) <br>         *Defendants*. ) | No. 2:18-cv-530-MSD-LRL |

**NORFOLK SOUTHERN RAILWAY COMPANY'S**
**REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SURREPLY**
**IN OPPOSITION TO CSXT'S MOTION FOR ATTORNEYS' FEES**

Defendant Norfolk Southern Railway Company ("NSR"), by counsel, states as follows for its reply in support of its Motion for Leave to File Surreply in Opposition to Plaintiff CSX Transportation, Inc.'s ("CSXT") Motion for Attorneys' Fees ("Motion for Leave") (ECF No. 257):

**INTRODUCTION**

NSR's request to file a surreply in opposition to CSXT's Motion for Attorney's Fees has not been opposed by CSXT and therefore should be granted.

In its Response to NSR's Motion for Leave, however, CSXT makes a substantive argument attempting to rebut NSR's Proposed Surreply. In the end, CSXT does not provide adequate justification for why it did not include its request for reimbursement for the costs of its expert witness, Mr. Alan Albert, in its original fee petition. Its failure to do so renders the request untimely and in violation of the Court's September 8, 2020 Order (ECF No. 237).

CSXT also argues that it has a substantive right to recover expert fees. The request for reimbursement of expert fees, however, is also improper because it is outside of the scope of the Court's Order, as well as the scope of fees permitted to be granted under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

In sum, even if CSXT is awarded attorney's fees, its request for expert fees should be denied.

## ARGUMENT

### I. CSXT does not oppose the Surreply.

In its Response to NSR's Motion for Leave, CSXT states that it does not oppose NSR's request to file a surreply to address CSXT's late-sought attorney's fees. *See* CSXT's Response (ECF No. 260) at 1-2 ("CSXT does not oppose NSR's Motion or the Court's consideration of the arguments in its proposed surreply."). Because the Motion for Leave is unopposed, the Court should grant NSR's Motion for Leave and order the filing of the Proposed Surreply which was previously attached as **Exhibit A** to its Motion for Leave (ECF No. 257).

### II. CSXT's late-sought fees violate the Court's September 8, 2020 Order.

CSXT's request for additional fees contained in its Reply brief came outside of the 30-day window in which the Court permitted CSXT to submit its request for fees. ECF No. 237. The Court clearly stated that "pursuant to Fed. R. Civ. P. 37(a)(5)(A), CSXT is **DIRECTED** to file a claim for reasonable expenses incurred in making their motion within 30 days of the date of this Order." *Id.* CSXT cites no authority or rule allowing it to add to its fee petition on reply and has

2

not asked for an extension to do so. CSXT should not be allowed an extension now because it could have, but did not, submit Mr. Albert's time and fees with its opening brief.

Further, the request for fees sought in bringing its Motion for Attorneys' Fees falls outside the scope of the Court's Order. The Court's Order permits CSXT to file a claim for fees incurred "in making their motion." The Court is clearly referencing fees incurred in bringing CSXT's Motion to Reopen and Compel Depositions (ECF No. 203-204) and not CSXT's Motion for Attorneys' Fees (ECF No. 246). Because CSXT's request for expert fees falls outside both the scope and the timeframe of the Court's September 8, 2020 Order, its request should be denied. As discussed below, this limitation is consistent with the law.

### III. CSXT is not entitled to recover expert witness fees incurred in bringing its Motion for Attorneys' Fees.

Even had CSXT made a timely application for its expert fees, CSXT is not entitled to recovery of expert fees incurred in bringing its Motion for Attorney's Fees. Indeed, in the case cited by CSXT in its Response to the Motion for Leave, the Court acknowledged that parties are not permitted to obtain costs incurred in hiring expert witnesses when submitting fee petitions. *See United States Supreme Council v. United Supreme Council of Ancient Accepted Scottish Rite,* Case No. 1:16-cv-1103, 2019 U.S. Dist. LEXIS 138846, at *15 (E.D. Va. Aug. 15, 2019) ("Defendants originally requested $13,424.98 in taxable costs under 28 U.S.C. § 1920, $26,000 in expert witness costs, and $15,104.53 in e-discovery costs. Following the Supreme Court's decision in *Rimini Street, Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873 (2019), Defendants withdrew their request to recover their expert witness and e-discovery costs."). The Supreme Court's decision in *Remini Street* very clearly limited the instances in which a party can recover expert fees to those specifically articulated in a statute or contract. *Remini Street*, 139 S. Ct. at 878 ("When a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal

3

court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary.") (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987)). "A statute awarding 'costs' will not be construed as authorizing an award of litigation expenses … absent an explicit statutory instruction to that effect." *Remini Street*, 139 S. Ct. at 878.

Rule 37(a)(5)(A) allows the payment of "the movant's reasonable expenses incurred in making the motion, including attorney's fees." The limited scope of Rule 37(a)(5)(A) does not contain explicit statutory authorization for reimbursement of expert witness fees as required by the Supreme Court. As such, CSXT has no statutory authority for its request for reimbursement of expert witness fees, regardless of the timing of such request. For this reason, the Court should deny its request for reimbursement of Mr. Albert's fees.

## **CONCLUSION**

For these reasons, NSR respectfully requests that the Court enter an order granting it leave to file the Proposed Surreply (attached as **Exhibit A** to its Motion for Leave (ECF No. 257)) to respond to CSXT's new request for $10,891 in costs.

Date: November 18, 2020　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**NORFOLK SOUTHERN RAILWAY COMPANY**

　　　　　　　　　　　　　　　　　　　　/s/ Alan D. Wingfield
　　　　　　　　　　　　　　　　　　　　Alan D. Wingfield (VSB No. 27489)
　　　　　　　　　　　　　　　　　　　　Michael E. Lacy (VSB No. 48477)
　　　　　　　　　　　　　　　　　　　　Massie P. Cooper (VSB No. 82510)
　　　　　　　　　　　　　　　　　　　　TROUTMAN PEPPER HAMILTON SANDERS, LLP
　　　　　　　　　　　　　　　　　　　　1001 Haxall Point
　　　　　　　　　　　　　　　　　　　　Richmond, Virginia 23219
　　　　　　　　　　　　　　　　　　　　Telephone: (804) 697-1200
　　　　　　　　　　　　　　　　　　　　Facsimile: (804) 698-6061
　　　　　　　　　　　　　　　　　　　　Email: alan.wingfield@troutman.com
　　　　　　　　　　　　　　　　　　　　Email: michael.lacy@troutman.com
　　　　　　　　　　　　　　　　　　　　Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone: (757) 687-7759
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: Kathleen.knudsen@troutman.com

Monica McCarroll (VSB No. 45622)
REDGRAVE LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151
Telephone: (703) 592-1155
Facsimile: (703) 230-9859
Email: mmccarroll@redgravellp.com


Tara L. Reinhart
John R. Thornburgh II
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
john.thornburgh@skadden.com
thomas.gentry@skadden.com

*Counsel for Defendant Norfolk Southern Railway Company*

111382080

5