# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CSX TRANSPORTATION, INC.,**
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE RAILROAD
COMPANY,

      **Plaintiff,**

v.                                               Civil Action No. 2:18cv530

**NORFOLK SOUTHERN RAILWAY**
**COMPANY, NORFOLK & PORTSMOUTH**
**BELT LINE RAILROAD COMPANY,**
**JERRY HALL, THOMAS HURLBUT,**
**PHILIP MERILLI, and CANNON MOSS,**

      **Defendants.**

**DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Norfolk Southern Railway Company ("NSR"), by counsel, propounds the following requests for production of documents to the Plaintiff, CSX Transportation, Inc. ("CSXT"):

**Definitions and Instructions**

1. All requests set forth in the numbered paragraphs below shall be read and interpreted to require a response fully coextensive with the broadest scope of discovery permissible under Rules 26(b) and 34 of the Federal Rules of Civil Procedure.

2. "Document" means any written, typed, printed, recorded or graphic matter, however produced or reproduced, whether sent, received, or neither, and all copies which differ in any way from the original, regardless of whether designated as confidential. It includes, but is not limited to, papers, notes, account statements or summaries, ledgers, books, advertisements, objects,

- 1 -

charge, fee, or rate, including but not limited to switch rates, being charged by NPBL to any user of NPBL's services.

9. All documents, regardless of the date of creation or receipt, relating to communications at any time between or among any or all of you, NPBL and NSR concerning rail access to NIT.

10. All documents, regardless of the date of creation or receipt, relating to communications at any time between you and any person other than NSR or NPBL concerning the ownership or shareholder structure of NPBL.

11. All documents, regardless of the date of creation or receipt, relating to communications at any time between you and any person other than NSR or NPBL concerning the corporate governance of NPBL.

12. All documents relating to communications between you and any person other than NSR or NPBL concerning any charge, fee, or rate, including but not limited to switch rates, being considered by NPBL.

13. All documents relating to communications between you and any person other than NSR or NPBL concerning any charge, fee, or rate, including but not limited to switch rates, being charged by NPBL to any user of NPBL's services.

14. All documents relating to communications between you and any person other than NSR or NPBL concerning CSXT obtaining access to NIT.

15. All documents relating to your internal communications concerning the ownership or shareholder structure of NPBL.

16. All documents relating to your internal communications concerning the corporate governance of NPBL.

17. All documents relating to your internal communications concerning any charge, fee, or rate, including but not limited to switch rates, being considered by NPBL.

18. All documents relating to your internal communications concerning any charge, fee, or rate, including but not limited to switch rates, being charged by NPBL to any user of NPBL's services.

19. All documents relating to your internal communications concerning CSXT obtaining access to NIT.

20. All documents relating to communications between you and the Commonwealth of Virginia relating to intermodal freight operations at a Port of Virginia Terminal.

21. All documents, regardless of the date of their creation or receipt, relating to the analysis of the economic effects of the merger of Southern Railway Company with Norfolk & Western Railway Company on NPBL or the intermodal freight business.

22. All documents, regardless of the date of their creation or receipt, relating to the effects of the 1897 Operating Agreement on the operations of CSXT.

23. All documents, regardless of the date of their creation or receipt, relating to the negotiation, execution, and evaluation of the March 1, 1989, Supplemental Agreement referenced in Paragraph 22 of the Complaint.

24. All documents, regardless of the date of their creation or receipt, relating to contracts among CSXT, NSR, and NPBL, or between any two of them, concerning any aspect of NPBL's operations.

25. All documents, created during or referring to the terms served by defendants Moss, Merilli, Hall, and Hurlbut as members of the NPBL board of directors, relating to communications

between CSXT and each person designated by CSXT to sit on NPBL's board of directors, concerning NPBL or NSR.

26. All documents relating to analyses performed by you concerning the switch rates that are charged, or could be charged, to you by NPBL.

27. All documents relating to the development and analysis of proposals by you, whether or not such proposals were communicated to NPBL, for changing the governance or operations of NPBL, including but not limited to the proposals dated July 19, 2010, and March 23, 2018, set forth as Exhibit E to the Complaint.

28. All documents relating to communications by you with any person concerning proposals made or considered by you concerning the governance or operations of NPBL, including but not limited to the proposals dated July 19, 2010, and March 23, 2018, set forth as Exhibit E to the Complaint.

29. All documents relating to the letter from you to NPBL and NSR dated April 6, 2018, set forth as Exhibit F to the Complaint.

30. All documents relating to communications by you with any person relating to the letter from you to NPBL and NSR dated April 6, 2018, set forth as Exhibit F to the Complaint.

31. All documents relating to market studies or analyses of competition or potential competition between CSXT and any other provider of transportation services for intermodal shipping business that originates from or is destined to any location outside the continental United States.

32. All documents relating to the analysis of the capacity of any terminal facility in the continental United States to handle intermodal shipping business that originates from or is destined to any location outside the continental United States.