# EXHIBIT K

Troutman Pepper Hamilton Sanders LLP
Troutman Pepper Building, 1001 Haxall Point
Richmond, VA  23219

troutman.com



**Alan D. Wingfield**
alan.wingfield@troutman.com

December 22, 2020

**BY EMAIL**

Robert W. McFarland
McGuireWoods LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
Tel 757.640.3700

Re:   *CSX Transportation, Inc., et al v. Norfolk Southern Railway Company, et al.*
       Civil Action No.: 2:18-cv-00530

Dear Rob:

We write on behalf of Norfolk Southern Railway Company ("NSR") to request that CSX Transportation, Inc. ("CSXT"): (a) search for and produce relevant documents in CSXT's board portal (the "Portal"); (b) consent to a redeposition of Steven Armbrust and Michael Burns; and (c) confirm that CSXT has produced any and all relevant hard-copy documents belonging to Jay Strongosky and Maryclare Kenney.

After more than two years of litigating the above captioned case, we learned for the first time on December 3, 2020, that CSXT had written training materials for its employees that it placed on board portals of companies that it owned in whole or part, including NPBL.  Michael Burns, Vice President and General Counsel of CSXT, testified that CSXT provided written training to him prior to him taking a position with the board of the NPBL in April 2018.  *See* Burns Dep. Tr. 127:5-12; 152:2-15.

After this training document came to light during Burns' deposition, CSXT produced, on December 7, 2020, a document titled "Reference Guide for Affiliate Board Service" ("Reference Guide").  *See* CSXT0154794.

Section 9 of the Reference Guide states that "an electronic Board Portal ("Portal") has been developed for key affiliates of CSX."  *See* Reference Guide 21.   The Reference Guide includes a direct link to access the Portal through "teamsites.csx.com."  Hence, the Reference Guide indicates that there are NPBL-related documents stored in this portal.  We have diligently searched documents produced to NSR in this case, and, as with the Reference Guide, we can find no evidence that CSXT collected or produced documents from the Portal.

111872635

**Robert W. McFarland**
December 22, 2020
Page 2



During the December 22, 2020 meet and confer conference between the parties, you suggested that the Reference Guide was not responsive to any document requests and had no relation to the matters in dispute in this case.  To the contrary, the Reference Guide is both responsive and relevant to this case.  It, and any other materials relevant to NPBL governance made available to CSXT-appointed NPBL board members, were requested by NSR in its First Request for Production of Documents to Plaintiff served October 21, 2019.  First Request No. 16 asked for "[a]ll documents relating to your internal communications concerning the corporate governance of NPBL."  First Request No. 17 asked for all documents created since 2011 "relating to communications between CSXT and each person designated by CSXT to sit on NPBL's board of directors concerning NPBL or NSR."[1]  In CSXT's Objections and Responses served on November 20, 2019, CSXT promised to collect documents and "produce any responsive, non-privileged documents."  Notwithstanding the clear requests and the promise, the Reference Guide was not produced.  Additionally, we have no evidence that relevant documents in the Portal have been produced.

Please produce any responsive, non-privileged documents in the Portal immediately.

Because of the significantly belated production of the Reference Guide (and the forthcoming documents from the Portal), NSR was unable to question Messrs. Armbrust and Burns about the documents.  Mr. Armbrust attended NPBL board meetings as a CSXT representative beginning in 2009, became a CSXT-appointed NPBL board member in 2010, and held this position until 2016.  Mr. Armbrust continued to attend shareholder and board meetings, and was intimately involved in developing CSXT's position taken in 2018 correspondence he authored, that NSR-appointed NPBL board members, as well as Mr. Cannon Moss as board member and president of NPBL, had failed to adequately discharge fiduciary duties they held to NPBL.  These positions taken by CSXT in Mr. Armbrust's 2018 correspondence continue to be central to CSXT's contentions in this case. In sum, Mr. Armbrust is CSXT's most important witness on a central contention of CSXT in this case.

During Mr. Armbrust's deposition, counsel for NSR asked Mr. Armbrust repeatedly about his understanding and CSXT's contentions regarding the nature and extent of fiduciary duties owed by NPBL board members to NPBL.  See Armbrust Dep. Tr. 32: 9-17; 33:6-21; 34: 3-13; 36: 14-19; 44:3-16; 67-68: 16-2; 209-10: 5-5; 283: 2-19.  NSR's counsel did not have the benefit of the Reference Guide in preparing for Mr. Armbrust's deposition, in formulating questions during the deposition, or in comparing Mr. Armbrust's answers to the Reference Guide. And, of course, he did not have the opportunity to ask Mr. Armbrust about the Reference Guide itself or the positions taken by CSXT about director duties as stated in the Reference Guide.

Similarly, Mr. Burns served as a board member at the April 18, 2018 board meeting featured in CSXT's allegations and was a board member thereafter into 2019.  During his deposition counsel

---

[1] The Reference Guide is also responsive to NPBL's document requests, including, but not limited to, Request No. 19 in its First Requests for Production of Documents, which sought:  "All documents in effect after January 1, 2007, relating to instructions by CSXT to any members of the Belt Line's Board of Directors on how to vote at meetings."

111872635

**Robert W. McFarland**
December 22, 2020
Page 3



for NSR asked Mr. Burns repeatedly about his view of his fiduciary duties to NPBL as board members.  See Burns Dep. Tr. P. 56-58: 14-8; 58: 12-17; 60: 8-20; 127:12-20. Counsel for NSR also questioned Mr. Burns about his views concerning the "two hats" he wore as a CSXT lawyer and NPBL board member, and how he reconciled those roles. *Id.* at 70-71: 20-1; 77-78: 17-1; 72: 18-22; 140:14-21, 141:10-16.   Mr. Burns confirmed he received training, including by way of the Reference Guide, but was unable to describe whether the Guide addressed reconciliation of "two hats." *Id.* at 153:12-17.  As with Mr. Armbrust's deposition, NSR's counsel did not have the benefit of the Reference Guide in preparing for Mr. Burns' deposition, in formulating questions during the deposition, or in comparing Mr. Burns' answers to the Reference Guide. And, of course, he did not have the opportunity to ask Mr. Burns about the Reference Guide itself or the positions taken by CSXT about director duties as stated in the Reference Guide; indeed, Mr. Burns was unable to testify whether the Reference Guide addressed board members who wear "two hats."  Of course, we now have the Reference Guide, and see that it does contain material directed to the "two hats" question.

Therefore, we request the opportunity to re-depose Mr. Armbrust and Mr. Burns, limited to the Reference Guide and any portal documents that are produced.

In addition, we request that CSXT immediately produce all documents concerning its affiliate board training, including all email or other correspondence related to the training of employees assuming board positions with the NPBL over the past twelve (12) years.

We also request all documents related to the NPBL relevant either by general topic or by specific reference to NPBL that are hosted on the Portal.

Finally, we ask that CSXT undertake a search to confirm it has produced all responsive hard-copy materials belonging to Jay Strongosky and Maryclare Kenney. Both Mr. Strongosky and Ms. Kenney indicated in their depositions that the CSXT Legal Department had collected potentially-responsive material from them concerning this litigation. See Strongosky Dep. Tr. P. 74-75: 8-3; Kenney Dep. Tr. P. 22: 14-25.  However, CSXT has not produced any hard-copy documents attributable to Mr. Strongosky or Ms. Kenney.  Please confirm such documents were collected and reviewed for responsiveness.  In addition, to the extent any previously-produced hard-copy documents were found in the files of either Mr. Strongosky or Ms. Kenney please identify such documents by Bates number.

NSR reserves all rights.

Sincerely,

Alan D. Wingfield

cc: Counsel of record (by email)

111872635