# EXHIBIT N

McGuireWoods LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510
Tel 757.640.3700
Fax 757.640.3701
www.mcguirewoods.com
Benjamin L. Hatch
Direct: 757.640.3727

McGUIREWOODS

bhatch@mcguirewoods.com
Fax: 757.640.3966

January 7, 2021

**BY EMAIL**

Alan D. Wingfield
alan.wingfield@troutman.com
Troutman Pepper, LLP
1001 Haxall Point
Richmond, VA 23219

   Re: *CSX Transportation, Inc., et al v. Norfolk Southern Railway Company, et al.*
     Civil Action No.: 2:18-cv-00530

Dear Alan:

  I write to respond to your letters dated December 22, 2020 and January 6, 2021.

**Response to December 22, 2020 Letter**

  Your December 22 letter makes two requests related to CSXT's Reference Guide for Affiliate Board Service ("Guide"), which CSXT voluntarily produced in response to a request from NPBL's counsel following Michael Burns' deposition on December 3, 2020. Specifically, you ask CSXT (1) to search for and produce all relevant documents on CSXT's "board portal," which are referenced in the Guide, and (2) to consent to the re-deposition of Mr. Burns and Steven Armbrust, "limited to the Reference Guide and any portal documents that are produced."

  CSXT disagrees with your assertion that the Guide is responsive to NSR's discovery requests. As I explained during our December 22 meet-and-confer call, the Guide is not responsive to any of Defendants' discovery requests – including those requests NSR proffered as encompassing the Guide – and its voluntary production therefore provides no basis to re-open the depositions of Messrs. Armbrust and Burns. I note that it was NBPL's counsel, Ryan Snow, who requested that CSXT produce this document after it was referenced in Mr. Burns' deposition; NSR neither requested the document nor joined in NPBL's request. In the spirit of cooperation, CSXT voluntarily produced the document at Mr. Snow's request.

  As noted above, the two NSR RFPs cited in your letter do not request the Guide. NSR's RFP No. 16 seeks "[a]ll documents relating to your internal communications *concerning the corporate governance of NPBL*," and RFP No. 25[1] seeks "[a]ll documents, *created during or*

---

[1] Although your December 22 letter refers to this as "First Request No. 17," the request referenced

Atlanta | Austin | Baltimore | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C.

*referring to the terms served by defendants Moss, Merilli, Hall, and Hurlbut as members of the NPBL board of directors*, relating to communications between CSXT and each person designated by CSXT to sit on NPBL's board of directors, *concerning NPBL or NSR*" (emphasis added). The Guide is not a "communication," as NSR defines that term. Moreover, the Guide certainly does not "concern" NSR or NPBL—indeed, neither of those entities is mentioned anywhere in the document. The Guide provides high-level, generic information to CSXT personnel designated to serve on *any* CSXT affiliate board. It includes no information, guidance, or directions pertaining to the corporate governance of *any* specific affiliate entity, much less NPBL.[2]

Moreover, as you know, the parties agreed in November 2019 to certain limitations on the production of electronically stored information (ESI), including the application of search terms to identify potentially responsive ESI. *See* ESI Order, ECF No. 83 ¶¶ 3(g)-(h) (outlining the process by which search terms were identified, agreed to, and applied to potentially responsive ESI). The Guide contains none of the parties' agreed search terms, and, therefore, falls outside the parameters for review and production of ESI, as memorialized in the ESI Order agreed to by your client and entered by the Court. *See id.* at ¶ 1 ("Production of ESI in accordance with this Order shall be considered in accordance with Federal Rule of Civil Procedure 34(b)(2)(E). To the extent this Order imposes limitations on discovery otherwise available under the Federal Rules of Civil Procedure . . ., the parties have agreed to such limitations."); *see also* CSXT's Responses to NSR's First RFPs (stating, for RFP Nos. 16 and 25, that "[s]ubject to the . . . ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents").

In summary, the Guide is not responsive to any of Defendants' discovery requests. CSXT's voluntary production of this generic document at the request of NPBL's counsel, as a result of testimony given at Mr. Burns' deposition, provides no grounds for NSR to re-depose Messrs. Armbrust and Burns. Indeed, it is difficult to envision how questioning Messrs. Armbrust and Burns about the Guide would result in relevant evidence, or even lead to the discovery of admissible evidence.

With respect to the "portal" referenced in the Guide, we have reviewed the NPBL-related documents maintained there. The vast majority are duplicative of documents CSXT has already produced in this action. We identified two non-duplicative documents, which we will produce to

---

appears to be NSR's RFP No. 25. *See also* Letter from McCarroll to Hatch dated December 18, 2020, at 2 n.2 (identifying this request as RFP No. 25).

[2] You also suggest that the Guide is responsive to NPBL's RFP No. 19, which seeks documents "relating to instructions by CSXT to any members of the Belt Line's Board of Directors on how to vote at meetings." First, NSR cannot base its demands on a request propounded by NPBL. More importantly, however, the Guide is not responsive to NPBL's RFP No. 19 for the same reasons it is not responsive to NSR's RFP Nos. 16 and 25. Generic *guidance* to CSXT personnel—not limited to NPBL board members—about the obligations associated with board membership does not constitute "instruction by CSXT to any members of the Belt Line's Board of Directors on how to vote at meetings."

you today.[3] Both documents reflect generic factual information about NPBL that is already well-established in this case, so neither provides any support for NSR's request to re-depose Messrs. Armbrust and Burns.

Finally, your December 22 letter asks CSXT to confirm that it has produced "any and all relevant hard-copy documents belonging to Jay Strongosky and Maryclare Kenney." I can confirm that potentially relevant hard copy documents were collected from both Mr. Strongosky and Ms. Kenney. Those documents were reviewed for responsiveness, and responsive, non-privileged documents were produced.[4] *See* CSXT0063807, CSXT0119086.

**Response to January 6, 2021 Letter**

Thank you for the proposal made in your January 6 letter to resolve the current discovery disputes in this matter. We will be able to reach agreement with respect to your offer regarding written discovery requests, but unfortunately cannot agree to your mutual re-deposition proposal.

As described above, neither the Guide nor the "portal" documents provide a basis to re-depose Messrs. Armbrust and Burns. These documents are not equivalent to the documents produced by NSR on November 30 which, as we described in our letter of December 23, are directly relevant to core issues in the case and directly responsive to multiple of CSXT's First Requests for Production of Documents. For this reason, we reject your proposal that NSR be afforded an opportunity to re-depose Messrs. Armbrust and Burns, and maintain that CSXT is entitled to re-depose Messrs. McClellan and Luebbers regarding the documents produced after Mr. McClellan's supplemental deposition on October 29, 2020. It is CSXT's position that NSR should pay the costs and fees CSXT will incur for these further depositions, which have become necessary because of NSR's failure to comply with its discovery obligations.

We appreciate NSR's willingness to withdraw its First Requests for Admission and Third Interrogatories as we requested. We intend to prepare Mr. Girardot to address Topics No. 41-45 and 47-51 of the Amended Rule 30(b)(6) Notice of Deposition (the "Amended Notice"), subject to objections served by CSXT this past Monday, January 4. Further, in his capacity as CSXT's corporate designee, Mr. Girardot will be testifying as a *fact* witness in this matter. To the extent the Topics listed in the Amended Notice call for legal opinions or questions, they fall outside the scope of factual testimony. We further note that several Topics are in the nature of contention interrogatories that CSXT has addressed elsewhere in this litigation (*see, e.g.*, Topics No. 45, 48,

---

[3] To be clear, CSXT does not view these documents as responsive to Defendants' RFPs, but is voluntarily producing them in the spirit of cooperation to address the concerns expressed in your letter.

[4] In her letter dated December 18, 2020, Monica McCarroll stated that Mr. Strongosky appears as the "custodian" of only two documents in CSXT's productions. To be clear, and as you will recall from the parties' extensive ESI negotiations, CSXT stores its emails in a central location and thus did not produce "custodian" metadata for these documents. Instead, as expressly agreed by the parties in ¶ 2 of the ESI Order, CSXT produced to, from, cc, and bcc metadata, among other fields. There are *thousands* of documents in CSXT's productions identifying Mr. Strongosky in one of those fields, and NSR marked numerous of them as exhibits during his deposition.

January 7, 2021
Page 4

49, 51), and that many of the responsive facts are contained within NSR and NPBL's own records or known by NSR and NPBL's witnesses.

      We appreciate your efforts to resolve these outstanding discovery disputes. To the extent you believe further discussions would be conducive to coming to an agreement on the issue of re-deposing Messrs. McClellan and Luebbers, we can be available on Monday, January 11. If we do not hear from you by close of business that day, we will seek Court intervention, having satisfied our meet-and-confer obligations through our phone conference on December 22 and our letters of December 23 and today.

                                      Sincerely yours,

                                      Benjamin L. Hatch

BLH:

CC:    Michael Lacy (michael.lacy@troutman.com)
        Massie P. Cooper (massie.cooper@troutman.com)
        John C. Lynch (john.lynch@troutman.com)
        Kathleen M. Knudsen (kathleen.knudsen@troutman.com)
        Thomas Robert Gentry (thomas.gentry@skadden.com)
        John Reed Thornburgh, II (john.thornburgh@skadden.com)
        Tara Lee Reinhart (tara.reinhart@skadden.com)
        James L. Chapman, IV (jchapman@cwm-law.com)
        W. Ryan Snow (wrsnow@cwm-law.com)
        Darius K. Davenport (ddavenport@cwm-law.com)
        David C. Hartnett (dhartnett@cwm-law.com)
        Robert W. McFarland (rmcfarland@mcguirewoods.com)
        J. Brent Justus (bjustus@mcguirewoods.com)
        Ashley P. Peterson (apeterson@mcguirewoods.com)
        V. Kathleen Dougherty (vkdougherty@mcguirewoods.com)