# Exhibit C




MONICA MCCARROLL
Of Counsel

O: 703.592.1155
C: 571.377.9960
mmccarroll@redgravellp.com
www.redgravellp.com

14555 Avion Parkway
Suite 275
Chantilly, VA 20151

***VIA* EMAIL**

December 18, 2020

Benjamin L. Hatch, Esq.
(bhatch@mcguirewoods.com)
McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, VA 23510-1655

Re: Response to CSXT's December 8, 2020 Letter

Dear Ben,

I am writing in response to your letter of December 8, 2020. As I noted in my letter of November 24, 2020, NSR acted promptly upon receipt of Rob McFarland's inquiry about a hard copy file folder identified by Mike McClellan during his October 30, 2020 deposition. NSR determined that the folder had been properly preserved but inadvertently not collected. NSR rectified that oversight and made a supplemental production of six unique, responsive documents in accordance with Fed. R. Civ. P. 26(e). As part of its efforts to respond to the November 9, 2020 letter, NSR further determined that hard copy files identified by another custodian, Chris Luebbers, also had been properly preserved by NSR but inadvertently omitted from collection. NSR rectified that oversight, as well, and added unique, responsive documents to the supplemental production, again in accordance with Fed. R. Civ. P. 26(e).

Like NSR, CSXT also has made supplemental productions in this matter, including its most recent production of the Board Training Manual (the "Manual") identified during the deposition of Michael Burns. This Manual has not been previously produced in any format by CSXT,[1] yet it

[1] This unique document stands in contrast to the McClellan and Luebbers documents that comprised the November 30, 2020 supplemental production, which are similar to documents previously produced by both NSR and NPBL.

is obviously relevant and important to the primary issues in this case.[2] To use your words, this is troubling. We will be following up with you separately about this matter, including what efforts, if any, CSXT has made to collect and produce responsive documents from the electronic "Board Portal" referred to in the Manual, as we have not located any such materials in CSXT's productions to date. Likewise, we plan to follow up on deposition testimony from witnesses, like Jay Strongosky, regarding relevant hard copy materials, as we also have not located those documents in CSXT's productions.[3]

NSR's supplemental production on November 30, 2020 demonstrates its good faith compliance with the Rules, yet your December 8, 2020 letter seizes upon those efforts to try and engage in "discovery on discovery." Such tactics are disfavored, and this inquiry is unwarranted. NSR has undertaken reasonable efforts to produce or log unique, responsive materials in accordance with the scope of discovery in this matter as defined by the Federal Rules of Civil Procedure, the ESI Order, and the agreements reached by the parties during conferral.[4] NSR is not aware of additional unique, responsive custodial materials from Mr. McClellan or Mr. Luebbers—hard copy or otherwise—that have not been produced or logged. NSR also is not aware of additional unique, responsive hard copy materials from the other NSR custodians that have not been collected and produced or logged. If you would like to discuss further, we can schedule a meet and confer among the parties on a mutually agreeable date and time. Like CSXT, NSR reserves all rights for raising issues relating to CSXT's discovery efforts.

Very truly yours,

*Monica McCarroll*

Monica McCarroll

cc: All NSR Counsel
Ashley P. Peterson, Esq. (apeterson@mcguirewoods.com)
Robert W. McFarland, Esq. (rmcfarland@mcguirewoods.com)
J. Brent Justus, Esq. (bjustus@mcguirewoods.com)
V. Kathleen Dougherty, Esq. (vkdougherty@mcguirewoods.com)
James L. Chapman, IV, Esq. (jchapman@cwm-law.com)
W. Ryan Snow, Esq. (wrsnow@cwm-law.com)
Darius K. Davenport, Esq. (ddavenport@cwm-law.com)
David C. Harnett, Esq. (dhartnett@cwm-law.com)

---

[2] *See, e.g.*, NSR's First Requests for Production 16 and 25.
[3] In fact, Mr. Strongosky appears to be the custodian of only two documents within CSXT's productions.
[4] As part of NSR's due diligence into CSXT's recent inquiries, its discovery vendor identified a small set of electronic documents associated with custodians other than Mr. McClellan or Mr. Luebbers that had not been previously produced due to a technical issue. In accordance with Fed. R. Civ. P. 26(e), NSR is making a supplemental production today.