# Exhibit D

McGuireWoods LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510
Tel 757.640.3700
Fax 757.640.3701
www.mcguirewoods.com
Benjamin L. Hatch
Direct: 757.640.3727

**McGUIREWOODS**

bhatch@mcguirewoods.com
Fax: 757.640.3966

December 23, 2020

**BY EMAIL**

Michael E. Lacy, Esq.
Troutman Sanders, LLP
1001 Haxall Point
Richmond, VA 23219

   Re: *CSX Transportation, Inc., et al v. Norfolk Southern Railway Company, et al*
     Civil Action No.: 2:18-cv-00530

Dear Michael:

  I write in follow-up to two issues raised during the parties' December 22, 2020 meet-and-confer call.

  First, as stated during our meet-and-confer, it is our position that CSXT is entitled to depose Messrs. McClellan and Luebbers regarding the documents produced after Mr. McClellan's supplemental deposition on October 29, 2020. On November 30, NSR produced documents directly relevant to core issues in the case and directly responsive to multiple of CSXT's First Requests for Production of Documents. Notably, these documents were not recently produced by Messrs. McClellan and Luebbers to you; rather, they were apparently "preserved" months ago yet were not reviewed or produced. This is the second time that NSR has belatedly produced important responsive documents and—as before—CSXT has been prejudiced by not having the opportunity to use these documents during its depositions of NSR witnesses. CSXT is thus entitled to depose Messrs. McClellan and Luebbers on these additional belated documents. Further, as a partial remedy of NSR's multiple discovery violations on this front, CSXT expects that its attorneys' fees and costs for these two (2) limited depositions will be borne by NSR.[1]

  Next, as we indicated during yesterday's discussion, the written discovery requests served by NSR on December 18, 2020 are untimely, as the defendants' time for service of written discovery has long passed. The Court's original scheduling order provided that defendants' fact discovery period "shall be completed . . . on or before March 31, 2020." ECF No. 78 at 2. The order further provided: "'Completed' means that interrogatories, requests for production, and

---

[1] We have received Alan Wingfield's letter dated December 22, 2020, which asserts that NSR is entitled to re-depose certain CSXT witnesses. We will respond to that letter separately, but suffice to say, there is simply no reasonable basis to equate CSXT's voluntary production of a single document not responsive to any of Defendants' discovery requests with NSR's repeated failure to timely produce critical documents for key NSR custodians in this case.

Atlanta | Austin | Baltimore | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C.

requests for admission must be served at least thirty (30) days prior to the established completion date so that responses thereto will be due on or before the completion date." *Id.* Accordingly, NSR's deadline to serve written discovery requests was March 1, 2020—more than two weeks *before* the parties first jointly agreed to stay the case due to COVID-19.

Nothing about the initial stay—or any of the subsequent stays—alters this fact. In March, the parties jointly asked the Court to vacate "all *existing* deadlines . . . pending rescheduling." ECF No. 157 at ¶ 15. NSR has never suggested that it needed an extension of the deadline for written discovery, at that time or in any of our subsequent discussions about the continued stays. Indeed, in your June 11, 2020 letter about scheduling, you specifically address NSR's proposal for deposition and expert deadlines, but you make no mention whatsoever of seeking more time to propound written discovery. *See* ECF No. 232-2 at 3. *See also* ECF No. 249-1 at 2 (parties' proposed amending scheduling order, which makes no mention of further written discovery).

Nor should the inclusion of standard language in the Amended Rule 16(b) Order be read to supersede the specific deadlines previously set by court order that have passed. As both parties have acknowledged,[2] the amended scheduling order includes several dates that are inapplicable under the circumstances. For example, the order purports to impose a March 12, 2021 deadline for CSXT to disclose the identity of its expert witness(es). *See* ECF No. 254 at ¶ 2. This plainly does not entitle CSXT to additional time to make such disclosures, because the original deadline had passed well before the stay was entered.

As NSR's written discovery period lapsed many months ago, please confirm that NSR will withdraw its belated written discovery requests.

                                      Sincerely yours,

                                      Robert W. McFarland
                                      for
                                      Benjamin L. Hatch

BLH:

CC:    Alan D. Wingfield (alan.wingfield@troutman.com)
          Massie P. Cooper (massie.cooper@troutman.com)
          John C. Lynch (john.lynch@troutman.com)
          Kathleen M. Knudsen (kathleen.knudsen@troutman.com)
          Thomas Robert Gentry (thomas.gentry@skadden.com)
          John Reed Thornburgh, II (john.thornburgh@skadden.com)

---

[2] On November 2, 2020, Mr. Wingfield sent an email to counsel indicating that NSR had identified certain "typographical errors" in amended order's dates. During a subsequent meet-and-confer call, Mr. Wingfield indicated that he would circulate for CSXT's review and comment a draft joint motion seeking to have these incorrect dates corrected. CSXT has been awaiting NSR's proposal on this issue, but to date NSR has not circulated one.

December 23, 2020
Page 3

      Tara Lee Reinhart (tara.reinhart@skadden.com)
      James L. Chapman, IV (jchapman@cwm-law.com)
      W. Ryan Snow (wrsnow@cwm-law.com)
      Darius K. Davenport (ddavenport@cwm-law.com)
      David C. Hartnett (dhartnett@cwm-law.com)
      Robert W. McFarland (bhatch@mcguirewoods.com)
      J. Brent Justus (bjustus@mcguirewoods.com)
      Ashley P. Peterson (apeterson@mcguirewoods.com)
      V. Kathleen Dougherty (vkdougherty@mcguirewoods.com)