# Exhibit I

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

Plaintiff,

v.                                              Civil Action No. 2:18cv530

NORFOLK SOUTHERN RAILWAY
COMPANY, NORFOLK & PORTSMOUTH
BELT LINE RAILROAD COMPANY,
JERRY HALL, THOMAS HURLBUT,
PHILIP MERILLI, and CANNON MOSS,

Defendants.

---

**PLAINTIFF CSX TRANSPORTATION, INC.'S OBJECTIONS AND RESPONSES
TO DEFENDANT NORFOLK AND PORTSMOUTH BELT LINE RAILROAD
COMPANY'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Local Rule 26, and

the ESI Order and Stipulated Protective Order entered in the above-captioned action, Plaintiff CSX

Transportation, Inc. ("CSXT" or "Plaintiff"), by counsel, hereby provides its objections and

responses to Defendant Norfolk and Portsmouth Belt Line Railroad Company's ("NPBL") First

Set of Document Requests (the "Requests").

**RESERVATION OF RIGHTS**

Plaintiff's objections are based on the facts presently known to Plaintiff based on a good

faith investigation to respond to NPBL's Requests.  As discovery progresses, Plaintiff may

supplement or change its objections to NPBL's Requests with any non-privileged information as

appropriate under the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

Plaintiff reserves the right to supplement or change their objections to NPBL's Requests as additional or different facts, documents, or witnesses are discovered.

Plaintiff's objections to NPBL's Requests do not constitute an admission by Plaintiff that any of the Requests or the responses thereto, or any documents produced in connection therewith, are relevant or admissible as evidence in any trial or other proceeding.  Plaintiff reserves the right to object on any grounds, at any time, to the admission of any Requests or the responses thereto, or any documents produced in connection therewith, in any such trial or other proceeding.

The responses contained herein are based only upon the information and documentation presently available and known to CSXT.  It is possible that further investigation, discovery, analysis, legal research, and/or preparation may result in the ascertainment of additional information or documentation, or provide additional meaning to known factual conclusions and legal contentions, all of which may result in the modification of these responses.  Accordingly, CSXT reserves the right to modify its responses herein based upon subsequently ascertained or developed information, documentation, facts, and contentions.  Subject to the objections asserted herein, CSXT's responses are made in a good faith effort to reasonably respond to NBPL's Requests based upon presently available information and documentation.  These responses should not be construed to prejudice CSXT's right to conduct further investigation, discovery, legal research and/or preparation, or to limit CSXT's right to utilize any additional evidence that may be developed.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     CSXT objects to Definition/Instruction Numbers 1 and 2 ("Document" and "Communication") as overly broad, unduly burdensome, and expensive, irrelevant, and not

proportional to the needs of this case to the extent the definition purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

2.      CSXT objects to Definition/Instruction Number 3 ("Person" or "persons") as vague and ambiguous as well as overly broad and unduly burdensome in that this definition includes numerous legally distinct persons not parties to this litigation, and also purports to require CSXT to obtain information, documents, and other tangible things from all "individuals, business entities, subsidiaries, predecessors-in-interest, trusts, departments, divisions, affiliates, agencies, and boards."  To the extent this definition purports to include CSXT's "subsidiaries," or other "business entities," the conduct of such entities is not at issue in this case, and therefore is irrelevant.  Moreover, to answer NPBL's requests on behalf of not only CSXT, but all other entities meeting NPBL's over broad definition of "person" or "persons" would impose a burden on CSXT that would far outweigh the needs of this case, and would not be reasonable or proportional to this case as the Rules require.  CSXT further objects to the definition of "person" or "persons" as overbroad, irrelevant, unreasonably burdensome, and not proportional to the needs of the case to the extent that it purports to include "all individuals . . . departments, divisions, affiliates, agencies, and boards."  This definition would require CSXT to answer NPBL's requests on behalf of a wide range of other individuals and entities with no authority to bind CSXT.  Not only are the actions of such individuals and entities not relevant to this litigation, but the burden imposed by such an exercise would far outweigh any marginal benefit, and would be not be reasonable or proportional as required by the Rules.  CSXT further objects to the definition of "person" or "persons" as overly broad, unduly burdensome, and expensive, irrelevant, and not proportional to the needs of this case to the extent the definition purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

3.      CSXT objects to Definition/Instruction Number 4 ("Representative") as overly broad and unduly burdensome in that this definition purports to require CSXT to obtain information, documents, and other tangible things from all a wide variety of individuals with no authority to bind CSXT.  CSXT further objects to the definition of "Representative" to the extent that it includes CSXT's "attorneys, experts, and consultants," and therefore purports to encompass communications or other materials that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other protection or privilege, as well as communications and materials prepared by, for, or in conjunction with experts or consultants, which are not subject to disclosure under the Federal Rules.  CSXT further objects to the definition of "Representative" as overly broad, unduly burdensome, and expensive, irrelevant, and not proportional to the needs of this case to the extent the definition purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

## REQUESTS FOR PRODUCTION

1.      All documents related to CSXT's decision to have the Belt Line carry intermodal freight from Norfolk International Terminals ("NIT"), referenced in ¶ 4 of the Complaint, and the reasons for that decision, including without limitation notes, memoranda, analyses, correspondence, and similar documents.

**OBJECTION**: CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

2.      All documents created by or received by CSXT related to the allegation in ¶¶ 4 and 36 of the Complaint that NIT would benefit from multiple rail carriers, including without limitation notes, correspondence, memoranda, analyses, correspondence, and similar documents.

**OBJECTION**: CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

3.      All documents provided by CSXT, or anyone acting on its behalf, to the Virginia Port Authority and NIT related to the allegation in ¶¶ 4 and 36 of the Complaint that NIT would benefit from multiple rail carriers, including without limitation notes, correspondence,

memoranda, analyses, correspondence, and similar documents.

**OBJECTION**: CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

4.      All documents relating to the allegations in ¶ 37 of the Complaint that the Belt Line has been operated in such a way as to harm the Belt Line's business interests.

**OBJECTION**: CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

5.      All documents relating to the allegation in ¶ 32 of the Complaint that the Belt Line owes contractual duties to CSXT.

**OBJECTION**: CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request insofar as it seeks to have CSXT form a legal conclusion in order to respond.  CSXT further objects to this Request to the extent the requested documents are already in the possession, custody, or control of NPBL.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

6.      All documents relating to the allegation in ¶¶ 35 and 42 of the Complaint that the rates charged by the Belt Line for intermodal freight service into or out of NIT have effectively foreclosed CSXT from moving containers to or from NIT on the Belt Line.

**OBJECTION**: CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

7.       All documents relating to the allegation in ¶ 56 of the Complaint that the Belt Line has conspired with NS to discriminate against CSXT by refusing to allow the Belt Line to use CSXT's locomotives to access NIT.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request insofar as it seeks to have CSXT form a legal conclusion in order to respond.  CSXT further objects to this Request to the extent the requested documents are already in the possession, custody, or control of NPBL.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

8.      All documents relating to the allegation in ¶ 65 of the Complaint that customers for line haul intermodal freight shipping services into and out of NIT pay substantially higher prices than they would absent the actions of NS and the Belt Line.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.  CSXT further objects to this Request to the extent the requested documents are already in the possession, custody, or control of NPBL.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.


9.      All documents relating to any agreement or understanding between CSXT and the VPA entered into since January 1, 2007, related to intermodal freight carriage.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case as it seeks "all documents relating to any agreement or understanding between CSXT and the VPA . . . related to intermodal freight carriage" and therefore

seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.  Further, to the extent any such contract or agreement contains a confidentiality provision requiring notice be provided to any party to the contract, after such notice has issued, and in compliance with any contractual requirements, CSXT will produce any responsive, non-privileged documents.


10.     All communications between CSXT and VPA from January 1, 2007, to the present related to intermodal freight carriage, and all documents related to those communications.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks "all communications between CSXT and VPA . . . related to intermodal freight carriage, and all documents related to those communications" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

11.      All documents in effect after January 1, 2007, related to any drayage agreement for the carriage of intermodal freight to NIT to which CSXT or any of its representatives is a party.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all" documents "related to any drayage agreement for the carriage of intermodal freight to NIT to which CSXT or any of its representatives is a party" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.  Further, to the extent any such contract or agreement contains a confidentiality provision requiring notice be provided to any party to the contract, after such notice has issued, and in compliance with any contractual requirements, CSXT

will produce any responsive, non-privileged documents.

12.     All documents in effect after January 1, 2007, related to any drayage subsidies for CSXT for the carriage of intermodal freight to NIT.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.   CSXT also objects to this Request as overbroad and unduly burdensome as it seeks "all" documents "related to any drayage subsidies for CSXT for the carriage of intermodal freight to NIT" and therefore seeks documents that may have no material bearing on this lawsuit.   CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

13.     All documents in effect after January 1, 2007, related to any other agreement for the carriage of intermodal freight to Norfolk International Terminals ("NIT") to which CSXT or any of its representatives is a party.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against

disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.  Further, to the extent any such contract or agreement contains a confidentiality provision requiring notice be provided to any party to the contract, after such notice has issued, and in compliance with any contractual requirements, CSXT will produce any responsive, non-privileged documents.


14.     All documents related to financial studies and/or analyses for having the Belt Line carry intermodal freight to and from NIT, including any comparisons to other methods or alternative providers of carriage.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI

Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

15.     All documents related to operational studies and/or analyses for having the Belt Line carry intermodal freight to and from NIT, including any comparisons to other methods or alternative providers of carriage.

**OBJECTION**: CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.   CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period.   CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

16.     All documents relied on or consulted by CSXT in connection with drafting CSXT's 2018 service proposal to the Belt Line, attached to the Complaint as Exhibit E (D.E. 1-5).

**OBJECTION**: CSXT objects to this request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against

disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

17.     All documents relied on or consulted by CSXT in connection with drafting CSXT's 2010 service proposal to the Belt Line, which CSXT references in ¶ 46 of the Complaint.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

18.      All documents and communications relating to the Belt Line Board of Directors' failure to vote on the 2018 service proposal.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.  CSXT further objects to this Request to the extent the requested documents are already in the possession, custody, or control of NPBL.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.


19.      All documents in effect after January 1, 2007, relating to instructions by CSXT to any members of the Belt Line's Board of Directors on how to vote at meetings.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.  CSXT further objects to this Request to the extent the requested documents are already in the possession, custody, or control of NPBL.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its

understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

20.     All documents related to financial studies and/or analyses for CSXT to acquire rail access to NIT by any means, including but not limited to the acquisition of trackage rights or the acquisition of rights of way.

**OBJECTION**: CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period, and because it seeks "all documents related to financial studies and/or analyses" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

21.     All documents related to operational studies and/or analyses for CSXT to acquire rail access to NIT by any means, including but not limited to the acquisition of trackage rights or the acquisition of rights of way.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period, and because it seeks "all documents related to operational studies and/or analyses" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.


22.     All documents related to financial studies and/or analyses for alternative methods for CSXT to move intermodal freight to NIT besides rail.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period, and because it seeks "all

documents related to financial studies and/or analyses" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

23.      All documents related to operational studies and/or analyses for alternative methods for CSXT to move intermodal freight to NIT besides rail.

**OBJECTION**: CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information. CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period, and because it seeks "all documents related to operational studies and/or analyses" and therefore seeks documents that may have no material bearing on this lawsuit. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-

custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

24.    All documents related to Interline Switch Settlements with other port and/or terminal railroads.

**OBJECTION**: CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to the scope of this Request as overbroad and unduly burdensome because it is not limited to any specific time period, and because it seeks "all documents related to Interline Switch Settlements with other port and/or terminal railroads" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT further objects to this Request as vague and ambiguous to the extent the phrase "other port and/or terminal railroads" is undefined, and this phrase is susceptible to multiple meanings.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

25.     All documents related to inquiries from existing or prospective CSXT customers for intermodal freight service to NIT.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT also objects to this Request as overbroad and unduly burdensome because it is not limited to any specific time period.  CSXT further objects to this Request as vague and ambiguous to the extent the term "inquiries" is undefined, and this term is susceptible to multiple meanings.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

26.     All documents related to marketing and business development efforts, including correspondence with existing and prospective customers, for intermodal freight service at the port facilities at Savannah; Charleston; Wilmington, North Carolina; Morehead City; Hampton Roads; Baltimore, Wilmington, Delaware; Philadelphia; Camden; Newark-Elizabeth; New York and New Jersey; and Port Jersey from January 1, 1998, to the present.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against

disclosure of such information.   CSXT objects to this Request as overbroad and unduly burdensome as it seeks "all" documents relating to "marketing and business development efforts, including correspondence with existing and prospective customers, for intermodal freight service at the port facilities at Savannah; Charleston; Wilmington, North Carolina; Morehead City; Hampton Roads; Baltimore, Wilmington, Delaware; Philadelphia; Camden; Newark-Elizabeth; New York and New Jersey; and Port Jersey," and therefore seeks documents that may have no material bearing on this lawsuit.   CSXT also objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks information for the time period of January 1, 1998 to the present.   CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.


27.       All documents evidencing existing and prospective business CSXT lost because it chose not to have the Belt Line carry intermodal freight to or from NIT.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.   CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties

in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

28.      All documents related to competitive or strategic analyses of intermodal freight operations at the port facilities at Savannah; Charleston; Wilmington, North Carolina; Morehead City; Hampton Roads; Baltimore, Wilmington, Delaware; Philadelphia; Camden; Newark-Elizabeth; New York and New Jersey; and Port Jersey from January 1, 1998, to the present.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad and unduly burdensome as it seeks "all" documents relating to "competitive or strategic analyses of intermodal freight operations at the port facilities at Savannah; Charleston; Wilmington, North Carolina; Morehead City; Hampton Roads; Baltimore, Wilmington, Delaware; Philadelphia; Camden; Newark- Elizabeth; New York and New Jersey; and Port Jersey" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT also objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks information for the time period of January 1, 1998 to the present.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

29.      All documents related to the prices CSXT was charged by port or terminal railroads for intermodal freight service at the port facilities at Savannah; Charleston; Wilmington, North Carolina; Morehead City; Hampton Roads; Baltimore, Wilmington, Delaware; Philadelphia; Camden; Newark-Elizabeth; New York and New Jersey; and Port Jersey from January 1, 1998, to the present.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad and unduly burdensome as it seeks "all" documents relating to "the prices CSXT was charged by port or terminal railroads for intermodal freight service at the port facilities at Savannah; Charleston; Wilmington, North Carolina; Morehead City; Hampton Roads; Baltimore, Wilmington, Delaware; Philadelphia; Camden; Newark- Elizabeth; New York and New Jersey; and Port Jersey" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT also objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks information for the time period of January 1, 1998 to the present. CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

30.     All documents related to the prices CSXT charged to conduct intermodal freight operations at the port facilities at Savannah; Charleston; Wilmington, North Carolina; Morehead City; Hampton Roads; Baltimore, Wilmington, Delaware; Philadelphia; Camden; Newark-Elizabeth; New York and New Jersey; and Port Jersey from January 1, 1998, to the present.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT objects to this Request as overbroad and unduly burdensome as it seeks "all" documents relating to "the prices CSXT charged to conduct intermodal freight service at the port facilities at Savannah; Charleston; Wilmington, North Carolina; Morehead City; Hampton Roads; Baltimore, Wilmington, Delaware; Philadelphia; Camden; Newark- Elizabeth; New York and New Jersey; and Port Jersey" and therefore seeks documents that may have no material bearing on this lawsuit.  CSXT also objects to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks information for the time period of January 1, 1998 to the present.  CSXT further objects to this Request to the extent that it purports to require CSXT to produce documents or communications beyond those agreed to by the Parties in the ESI Order.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its

understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT will collect documents from the agreed-upon custodians and agreed-upon non-custodial data sources, run agreed-upon search terms across its documents if necessary, and produce any responsive, non-privileged documents.

31.     To the extent permitted by the Federal Rules of Civil Procedure, all documents prepared by any expert witness identified by you, which pertain to the subject matter of this action.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to the extent that this Request purports to require the production of more or different documents than those required by the Federal Rules and any applicable Local Rules, or purports to require the production of documents at a time other than that required by the Federal Rules and any applicable Local Rules.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT agrees to make available such documents as set forth in the Federal Rules of Civil Procedure, local rules, and/or stipulations or orders that have been or will be entered by the Court in this action, pursuant to the parameters and discovery processes set forth in the Federal Rules of Civil Procedure.

32.     To the extent permitted by the Federal Rules of Civil Procedure, all documents relied upon or consulted by any person retained or identified by you as an expert witness in

connection with formulating his or her opinions in this matter.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects to the extent that this Request purports to require the production of more or different documents than those required by the Federal Rules and any applicable Local Rules, or purports to require the production of documents at a time other than that required by the Federal Rules and any applicable Local Rules.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: Subject to the Protective Order and ESI Order, CSXT agrees to make available such documents as set forth in the Federal Rules of Civil Procedure, local rules, and/or stipulations or orders that have been or will be entered by the Court in this action, pursuant to the parameters and discovery processes set forth in the Federal Rules of Civil Procedure.


33.      All documents you have obtained via subpoena duces tecum.

**OBJECTION:** None.

**RESPONSE**: CSXT has not yet issued any subpoenas to third parties in this action; however, CSXT agrees to produce any such documents it may obtain.


34.      All documents you have obtained via any Freedom of Information Act request.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.   CSXT also objects to this Request as overbroad, unduly

burdensome, irrelevant, and not proportional to the needs of this case to the extent it seeks "all documents you have obtained via any Freedom of Information Act request" without any limitation on time period or scope.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds as follows: CSXT has not yet issued any FOIA requests related to this action; however, CSXT agrees to produce any such documents it may obtain through any FOIA request directly related to this claims and defenses at issue in this action.

35.      All documents identified in your answers to any Interrogatories.

**OBJECTION:** CSXT objects to this Request to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.  CSXT further objects that no interrogatories have yet been served on CSXT.  CSXT also objects that this Request will be unnecessarily burdensome and harassing as any answer to an interrogatory may relate to countless sets and types of documents that NSR or NPBL has already requested in its numerous document requests.  Re-identifying all such documents here would be an unnecessarily duplicative, costly, and repetitive endeavor.

**RESPONSE**: Subject to and without waiving the foregoing objections, and based upon its understanding of this Request, CSXT responds that no responsive documents exist at this time.  To the extent any documents are referenced in subsequent Interrogatories, CSXT agrees to produce any such responsive, non-privileged documents.

**CSX TRANSPORTATION, INC.**
*By Counsel*

Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I certify that on this 22nd day of November 2019, the foregoing was sent to the following counsel of record by Electronic Mail.

Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
Tel: 804-697-1200
Fax: 804-698-6061
alan.wingfield@troutman.com
michael.lacy@troutman.com

John C. Lynch (VSB No. 39267)
Elizabeth S. Flowers (VSB No. 78487)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Tel. (757) 687-7537
Fax (757) 687-1546
liz.flowers@troutmansanders.com
john.lynch@troutmansanders.com
kathleen.knudsen@troutman.com

Monica McCarroll
Redgrave LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151
mmccarroll@redgravellp.com

*Counsel for Defendant Norfolk Southern Railway Company*

James L. Chapman, IV (VSB No. 21983)
W. Ryan Snow (VSB No. 47423)
Darius K. Davenport (VSB No. 74064)
David C. Hartnett (VSB No. 80452)
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com

ddavenport@cwm-law.com
dhartnett@cwm-law.com
*Counsel for Defendant Norfolk & Portsmouth Belt Line Railroad Co.*

W. Edgar Spivey (VSB No. 29125)
Clark J. Belote (VSB No. 87310)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Tel. (757) 624-3000
Fax. (757) 360-9092
wespivey@kaufcan.com
cjbelote@kaufcan.com
*Counsel for Defendant Cannon Moss*

Hugh M. Fain, III (VSB No. 26494)
M.F. Connell Mullins Jr. (VSB No. 47213)
John M. Erbach (VSB No. 76695)
SPOTTS FAIN P.C.
411 East Main Street, Suite 600
Richmond, VA 23219
Tel. (804) 697-2000
Fax (804) 697-2100
hfain@spottsfain.com
cmullins@spottsfain.com
jerbach@spottsfain.com
*Counsel for Defendants Jerry Hall, Thomas Hurlbut,*
*and Philip Merilli*

                                        **CSX TRANSPORTATION, INC.**
                                        *By Counsel*

                                        Robert W. McFarland (VSB No. 24021)
                                        Benjamin L. Hatch (VSB No. 70116)
                                        Jeanne E. Noonan (VSB No. 87863)
                                        MCGUIREWOODS LLP
                                        World Trade Center
                                        101 West Main Street, Suite 9000
                                        Norfolk, Virginia 23510-1655
                                        Telephone: (757) 640-3716
                                        Facsimile: (757) 640-3930
                                        E-mail: rmcfarland@mcguirewoods.com
                                        E-mail: bhatch@mcguirewoods.com
                                        E-mail: jnoonan@mcguirewoods.com