IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

       Plaintiff,

v.     Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

       Defendants.
_____/

## ORDER

The matter comes before the Court pursuant to Local Civil Rule 5 and Plaintiff CSX Transportation, Inc.'s ("CSXT") Motion to Seal its unredacted Opposition to the Joint Motion to Compel Depositions filed by Defendants Norfolk Southern Railway Company ("NS") and Norfolk & Portsmouth Beltline Railroad Company's ("NPBL"), and Exhibits E, H, J, and L thereto. CSXT has represented that these documents contain and/or reference information that CSXT or NS have designated as "Confidential" or "Confidential – Attorneys Eyes Only" under the Stipulated Protective Order entered in this matter. ECF No. 79.

Before this Court may seal documents, it must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted).

In compliance with Local Civil Rule 5(C) and *Ashcraft*, CSXT provided public notice of this Motion by filing an appropriate Notice with the Court. In support of sealing, CSXT argues that its unredacted Opposition to Defendants' Joint Motion to Compel, and Exhibits E, H, J, and L thereto, contain highly confidential and sensitive information relating to the Parties' internal strategy and business decisions regarding the Port of Virginia and Defendant NPBL, and other highly confidential, proprietary, and sensitive business information, release of which could harm the Parties.[1] There are no less drastic alternatives to sealing because the documents are redacted such that only information designated as "Confidential" or "Confidential – Attorneys Eyes Only" has been redacted. CSXT also filed a redacted version of its Opposition to Defendants' Joint Motion to Compel. Given the nature of the confidential information contained therein, redaction of Exhibits E, H, J, and L is impractical.

Based on the foregoing, the Court FINDS that the information at issue constitutes confidential and proprietary information, and that less drastic alternatives to sealing CSXT's unredacted Opposition to Defendants' Joint Motion to Compel and unredacted Exhibits E, H, J, and L thereto are not feasible.

Accordingly, the Court GRANTS CSXT's Motion to Seal and ORDERS that CSXT's unredacted Opposition to Defendants' Joint Motion to Compel and the unredacted Exhibits E, H, J, and L shall be maintained under seal by the Clerk pending further order of the Court. The Clerk is REQUESTED to send a copy of this Order to all counsel of record.

---

[1] CSXT's Opposition discusses and characterizes the substance of accompanying Exhibits E, H, J, and L, as well as exhibits to the Joint Motion to Compel Depositions and Memorandum in Support (*see* ECF Nos. 267, 268), which have been ordered sealed. *See* ECF Nos. 269, 273.

IT IS SO ORDERED.

Dated:_____
at Norfolk, Virginia                    The Honorable Lawrence R. Leonard
                                         United States Magistrate Judge