**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

        Plaintiff,

v.

        Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

        Defendants.

_____/

**CSX TRANSPORATION, INC.'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO FILE DOCUMENTS UNDER SEAL**

COMES NOW Plaintiff CSX Transportation, Inc. ("CSXT"), by counsel, and respectfully submits this Memorandum in Support of its Motion to Seal its unredacted Opposition to Defendants' Joint Motion to Compel Depositions ("Joint Motion"), together with Exhibits E, H, J, and L thereto.  The unredacted Opposition and Exhibits E, H, J, and L contain and/or reference information that CSXT or Defendant Norfolk Southern Railway Company ("NS") have indicated is "Confidential" or "Confidential – Attorneys Eyes Only" under the Stipulated Protective Order entered in this matter.  ECF No. 79 ¶ 16.[1]  As such, CSXT asks that the Court grant the Motion and file under seal an unredacted version of the Opposition and Exhibits E, H, J, and L.

---

[1] CSXT's Opposition discusses and characterizes the substance of accompanying Exhibits E, H, J, and L, as well as exhibits to the Joint Motion to Compel Depositions and Memorandum in Support (*see* ECF Nos. 267, 268), which have been ordered sealed. *See* ECF Nos. 269, 273.

## ARGUMENT

**A.**    **The Ashcraft Requirements Have Been Properly Satisfied**

In *Ashcraft et al. v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), the Fourth Circuit held that the district court's underlying order sealing settlement documents was invalid because the district court had not complied with relevant precedent.  *Id*. at 302.  The *Ashcraft* court relied on two earlier Fourth Circuit cases when setting forth the procedures for sealing court documents: *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984) and *Stone v. Univ. of Maryland*, 855 F.2d 178 (4th Cir. 1988).  According to the *Ashcraft* court, before a district court may seal court documents it must:

(1)    Give public notice of the request to seal and allow interested parties a reasonable opportunity to object;

(2)    Consider less drastic alternatives to sealing the documents; and

(3)    Provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft*, 218 F.3d at 288.  Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests."  *In re Knight*, 743 F.3d at 235.  As presented in more detail below, filing CSXT's Opposition and Exhibits, E, H, J, and L under seal is appropriate.

**1.    Public Notice Has Been Provided**

In compliance with Local Civil Rule 5(C) and *Ashcraft*, CSXT has provided public notice of this Motion by filing an appropriate Notice with the Court.  This Notice will notify members of the public of the fact that the Court will be considering the permissibility of the sealing CSXT's Opposition and Exhibit E, H, J, and L.  *See In re Knight*, 743 F.2d at 235 (stating that "public was

entitled to notice of counsel's request to seal, and an opportunity to object to the request before the court made its decision").

### 2.     There Are No Less Drastic Alternatives

CSXT does not seek a blanket protective order sealing the Opposition.  Instead a "less drastic" alternative is sought—namely that the unredacted Opposition and Exhibit E, H, J, and L be sealed—consistent with the highly confidential nature of the information contained therein.

### 3.     Specific Reasons Why the Opposition and Selected Exhibits Should Be Filed Under Seal

CSXT seeks to seal its Opposition because it discusses and characterizes the substance of accompanying Exhibits E, H, J, and L, as well as exhibits to Defendants' previously filed Joint Motion to Compel Depositions and Memorandum in Support thereof (*see* ECF Nos. 267, 268), which have been ordered sealed.  *See* ECF Nos. 269, 273.  The Opposition therefore references information that CSXT or NS have indicated is "Confidential" or "Confidential – Attorneys Eyes Only" under the Stipulated Protective Order. Accordingly, under the Stipulated Protective Order, CSXT now seeks the sealing of the confidential documents filed with the Court.  The potential harm to the Parties resulting from public disclosure of their business information outweighs any prejudice to the general public caused by nondisclosure of the information contained in the Opposition and the Exhibits.

The documents attached as Exhibit E were produced by NS, and each designated as "Confidential" or "Confidential – Attorneys Eyes Only."  Exhibit E contains confidential business information related to NS's transportation and shipping practices and strategies, along with other highly confidential, proprietary, and sensitive business information, the release of which would substantially harm NS, and the redacted portions of the Opposition describe this information. Specifically, Exhibit E is a collection of internal NS communications regarding NS's business

strategy in the Hampton Roads area and how actions taken by CSXT in the area and with respect to Defendant NPBL impact that business. Given the nature of the confidential information contained therein, redaction of Exhibit E is impractical.

Exhibits H, J, and L are portions of deposition transcripts of CSXT witnesses that refer to or cite documents that have been designated as "Confidential" or "Confidential – Attorneys Eyes Only," or that refer to confidential and sensitive information relating to CSXT's business strategy, internal communications, and other highly confidential, proprietary, and sensitive business information.  The release of this information would substantially harm CSXT, and the redacted portions of the Opposition describe this information.  Redaction of Exhibits H, J, and L is impractical.

In sum, the harm resulting to CSXT and/or NSR from the disclosure of the information in the unredacted Opposition and Exhibits E, H, J, and L outweighs any prejudice of nondisclosure.

## **CONCLUSION**

For the foregoing reasons, CSXT respectfully requests that the Court grant CSXT's Motion to Seal its unredacted Opposition to the Joint Motion to Compel Depositions filed by Defendants Norfolk & Portsmouth Beltline Railroad Company's ("NPBL") and Norfolk Southern Railway Company ("NS"), together with Exhibits E, H, J, and L thereto.

Dated:  February 4, 2021

Respectfully submitted,

**CSX TRANSPORTATION, INC.**
*By Counsel*

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that on this 4th day of February, 2021, a true and correct copy of the foregoing was

served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF

system.

/s/ Robert W. McFarland
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

140917271_1