# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., individually and on behalf of NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY, <br><br> *Plaintiff*, <br><br> v. <br><br> NORFOLK SOUTHERN RAILWAY COMPANY, *et al.*, <br><br> *Defendants*. | Case No. 2:18-cv-530 |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR JOINT MOTION TO COMPEL DEPOSITIONS OF CSXT WITNESSES

Defendants Norfolk & Portsmouth Belt Line Railroad Company ("NPBL") and Norfolk Southern Railway Company ("NSR") (collectively "Defendants"), by counsel, respectfully submit this joint reply brief in further support of their Joint Motion to Compel the depositions of two employees of Plaintiff CSX Transportation, Inc. ("CSXT"), Michael Burns and Steven Armbrust, to allow Defendants to question them on documents produced by CSXT after their depositions.

### INTRODUCTION

CSXT produced documents of obvious relevance and importance late in discovery. In a prior discovery ruling, CSXT was allowed depositions of NSR witnesses after its discovery cutoff to ask questions about supplemental document productions by NSR. CSXT then demanded and NSR voluntarily provided yet additional depositions for CSXT to ask about supplemental productions. Now the shoe is on the other foot and NPBL and NSR seek depositions of two

witnesses – Messrs. Armbrust and Burns – who are uniquely positioned to answer questions about CSXT documents produced after their original depositions. Yet CSXT, rather than agreeing to narrowly tailored and likely short depositions regarding the new documents, objects to the obvious. CSXT should be compelled to provide the additional depositions, making it live by the rule that the Court, at CSXT's request, has established.[1]

Central to CSXT's case is how the NPBL board members – both those appointed by CSXT and NSR – handled CSXT's rate proposals in 2010 and 2018. The late-produced documents include a Reference Guide for Affiliate Board Service (the "Guide") that gives ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF 268-1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, yet CSXT asserts that NPBL's management should have approved the rate proposals without board approval. The late production also includes documents from a "portal" that CSXT-appointed NPBL board members could access to learn about the structure and governance of NPBL (the "portal documents"). *See* ECF 268-7 and 268-8. The information in the portal documents bears on one of the primary issues in this case: CSXT's claim that NPBL's switching rate is "unreasonable". ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which directly undercuts CSXT's effort to challenge the reasonableness of NPBL's switching rate structure before this Court. As set forth in NSR's pending Motion to Dismiss, for Judgment on the Pleadings, and for Referral of

---

[1] Indeed, as CSXT acknowledges, NSR has undertaken reasonable efforts to comply with its discovery obligations herein. These reasonable efforts included the prompt supplementation of its production in accordance with Fed. R. Civ. P. 26(e) upon determining there had been an inadvertent oversight in its collection of a small set of hard-copy documents from two custodians dating back to the 1990s and earlier. In addition, NSR agreed to CSXT's request to re-depose the two witnesses whose hard copy documents were produced, even though most of the documents were largely duplicative in content to many other documents already produced in this matter.

2

Issues to the U.S. Surface Transportation Board (ECF Nos. 115 and 116) (the "STB Motion"), CSXT's challenge is within the admitted jurisdiction of the STB and must be decided by the STB in the first instance. Moreover, the portal documents confirm ████████████████████████ ████████████████████████████████████ which is contrary to the special contract that CSXT seeks to have imposed on NPBL in this litigation.

The Guide and portal documents were responsive to multiple document requests propounded on CSXT by both NPBL and NSR. Upon CSXT's belated production of the Guide and portal documents, the Defendants immediately recognized their importance and, as CSXT acknowledges, began incorporating them into depositions. The information provided, however, was sparse and inadequate, particularly in CSXT's Rule 30(b)(6) deposition. Meanwhile, the two witnesses whose activities while on NPBL's board seem most at odds with the Guide and portal documents – Messrs. Burns and Armbrust – escaped questioning on them altogether, as CSXT produced the documents only after their depositions.[2]

Despite all this, CSXT opposes the depositions of Messrs. Burns and Armbrust on multiple grounds.[3] Most particularly, CSXT claims that the Guide and portal documents are not within the scope of NSR's RFPs 16 and 25 because they are neither an "instruction" nor a "communication." However, the Guide on its face ████████████████████████████████████████████, and its contents were unquestionably communicated to employees like Mr. Burns as they began their appointments on the NPBL board. The Guide invites ████████████████████████

---

[2] Mr. Burns first raised the existence of the Guide during his deposition, but without the benefit of having the Guide, Defendants were only able to ask minimal questions about it.

[3] For reasons that are unclear, CSXT states in its brief that NPBL never sought to redepose Messrs. Burns and Armbrust on the Guide before the instant joint motion. As CSXT acknowledges, NPBL counsel asked for the Guide in the first place, then participated in the meet and confer on the request for additional depositions.

███████. It is a feat of verbal gymnastics to claim that a communicated document that contains instructions is neither an instruction nor a communication.

CSXT's staunch opposition is even more perplexing given the position taken by it previously when arguing that its own discovery deadline should be extended to permit CSXT to depose several NSR witnesses over documents produced after their depositions. *See* ECF No. 222. To quote CSXT, "[n]o amount of diligence short of clairvoyance would have allowed CSXT to ask about these documents during its deposition. NS's late-produced documents thus provide *ample good cause* for CSXT to depose (or re-depose) Messrs. Booth, Martinez, Heller, and McClellan, regardless of the justifications now proffered." *Id.* at 2 (emphasis added). The same cause that warranted an extension of CSXT's discovery deadlines for additional depositions warrants allowing Defendants to reopen the depositions of Messrs. Armbrust and Burns.

Because Defendants have shown good cause for reopening the discovery period and redeposing two CSXT board members based on the instructions and communications CSXT gave to their board members which were produced after the original depositions, this Court should grant Defendants' Motion.

## LEGAL STANDARD

The parties agree that the Defendants must show "good cause" to support their Motion. *See* ECF No. 271 at 6; ECF No. 275 at 8. But this does not require Defendants to prove "manifest injustice" or "substantial hardship." *Kinetic v. Concepts, Inc. v. Convatec Inc.*, No. 1:08CV00918, 2010 U.S. Dist. LEXIS 32940, at *9 (M.D.N.C. April 2, 2010). Instead, "the touchstone of 'good cause' under Rule 16(b) is diligence." *Id.* Good cause exists to permit additional discovery, including depositions, where denying the needed discovery would "make trial of the case more cumbersome due to increased likelihood of trial surprise." *Id.* at *17.

Moreover, "[w]hen considering whether to grant leave to reopen a deposition, the burden is on the *opposing party* to demonstrate that Rule 26(b)(2) bars the deposition." *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2018 WL 327559, at *4 (E.D.N.C. Jan 8, 2018) (emphasis added). Because CSXT has failed to establish that the testimony sought by Defendants would be unduly burdensome, that Defendants can obtain the discovery from a "more convenient, less burdensome, or less expensive" source, or that Defendants "had ample opportunity to obtain the information" through discovery, it has not satisfied its burden overcoming the presumptive favor of granting leave. Fed. R. Civ. P. 26(b)(2)(C).

## ARGUMENT

The Defendants are entitled to reopen the depositions of Messrs. Armbrust and Burns to question them about the Guide and related portal documents. These documents go to the heart of CSXT's case regarding NPBL board action surrounding the 2010 and 2018 rate proposals. The testimony of the board members who served on the NPBL board during the time of the rate proposals is unique and cannot be replaced by any other witness. Messrs. Burns and Armbrust, in particular, were in-house counsel for CSXT who appear to have been actively engaged in planning a lawsuit against the Belt Line at the same time they served on its board, action that seems incongruous with the language of the Guide. Accordingly, Defendants should be able to depose them on these documents.

**A. The Guide and portal documents are responsive to Defendants' written discovery requests.**

The Guide, ████████████████████████████████████████████████████ ████████████████████████████ is a central document to the case and responsive to at least three of Defendants' requests for production of documents. CSXT's argument that it "voluntarily"

produced the Guide and portal documents even though they are not responsive is belied by a plain language reading of those requests. Its ESI argument does not change that result.

The Guide is responsive to NPBL's First RFP 19, which asked for "[a]ll documents in effect after January 1, 2007, relating to instructions by CSXT to any members of the Belt Line's Board of Directors on how to vote at meetings." ECF 271-4. ███████████████

It was given to CSXT-appointed members on the NPBL board. ECF 271-4 at 127:5-9. ███

███████████████████████████████████████████████████████████████████ ECF 271-1 at 4. CSXT argues that, because the Guide does not specifically address Mr. Burns, and does not specifically instruct him how to vote on the 2018 rate proposal, it is not responsive to NPBL's request. But such a belabored reading of NPBL's request is not consistent with the request itself, which sought "*all* documents" provided to "*any* member" on "how to vote at meetings."

Further, the Guide and portal documents are responsive to NSR's First RFP 16, which asked for "*[a]ll documents* relating to [CSXT's] internal communications concerning the corporate governance of NPBL" and NSR's First RFP 25, which asked for "*[a]ll documents*, created during or referring to the terms served by defendants Moss, Merilli, Hull, and Hurlbut as members of the NPBL board of directors, relating to communications between CSXT and each person designated by CSXT to sit on NPBL's board of directors, concerning NPBL or NSR." ECF 271-5. CSXT seeks to avoid these two requests by arguing that the Guide and portal document are not communications. Yet CSXT communicated the Guide to at least one CSXT-appointed NPBL board member. Mr. Burns testified ███████████████████████████████████

6

██████████████████████ *See* ECF 271-4 at 127:5-12. ██████████████████████

██████████████████████████████████████████ Additionally, both requests seek "all documents" and are not limited to communications from CSXT to its board members. The reality is that CSXT did not "voluntarily" produce the Guide or portal documents – it was *obligated* to produce them in response to *multiple* written discovery requests propounded by NPBL and NSR.

CSXT's attempt to avoid these requests based on the ESI Order is misplaced. CSXT argues that the Guide exists electronically, and contains none of the parties' agreed search terms, so it did not need to be produced. Yet even if accurate, which Defendants do not concede, CSXT's argument fails. The portal documents indisputably contained the agreed search terms and CSXT does not argue that those documents did not hit on the relevant search terms agreed to by the parties. Moreover, the ESI Order establishes an efficient way for the parties to locate and produce electronic data, but it does not absolve any party of the obligation to respond to proper discovery requests, even with electronic information. Paragraph 6 states: "Except as expressly stated, nothing in this Order impairs, waives, limits, or otherwise affects the Parties' discovery obligations, immunities, objections, or other rights or interests under the Federal Rules or Local Rules of this Court." ECF 83, p. 11. NPBL, for example, produced years of electronic financial data that involved only numbers, not search terms, based on discovery requests from CSXT and a meet and confer with CSXT counsel about what data CSXT actually needed.

Of course, ████████████████████████████████████████████

████████████████████████████ ECF 271-4 at 152: 2-15. CSXT's brief is telling in what it does not say: CSXT does not tell the Court that a hard copy version of the Guide does not exist, nor does it tell the Court that it confirmed with Mr. Burns and other witnesses that a hard copy does not exist. To the contrary, CSXT states only that it located the Guide in an electronically

stored format. ECF 278 at 12. Locating the Guide in an electronically stored format does not absolve CSXT from its obligation to collect and produce the hard copy version. CSXT's silence as to whether Mr. Burns or other witnesses retained a hard copy, as Mr. Burns' testimony suggests, lends support to the Defendants' position that the Guide should have been produced as responsive and relevant, regardless of ESI search terms.

> **B. Testimony from NPBL board members based on the newly-produced documents is central to the claims in the case and warrants reopening discovery for limited depositions.**

Steven Armbrust and Michael Burns are central figures to this case. Mr. Armbrust was in-house counsel for CSXT and a director of NPBL from March 2010 to June 2015. As such, he was a key figure in the 2010 rate proposal. Similarly, Mr. Burns was Vice President and General Counsel for CSXT and a director of NPBL from April 2018 to December 2019, during which time CSXT made the 2018 rate proposal. In fact, ███████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████ *See* Michael Burns Dep. Tr. at 53:3-55:2 and 60:8-64:7 (December 3, 2020) (**Exhibit A**). It is crucial that Defendants be afforded the opportunity to question these two witnesses on the Guide and portal documents.

CSXT argues that the Defendants have had the opportunity to have all their questions answered because they have questioned five witnesses about the Guide and portal documents. However, Defendants are entitled to question each board member on the Guide and portal documents, particularly the board members from 2010 and 2018 like Messrs. Burns and Armbrust. Further, contrary to what CSXT would have this Court believe, the testimony Defendants have been provided on the Guide thus far has been far from comprehensive. For example, the testimony

of CSXT's corporate representative, Robert Girardot, was grossly inadequate on this topic. The Guide and other relevant documents given to members of the NPBL board was fairly within NSR's Notice of 30(b)(6) Deposition of CSXT. *See* NSR's Amended Notice of Rule 30(b)(6) Deposition of Plaintiff CSX Transportation, Inc. at topic 4 ("any agreements or understandings between those Board members and CSXT pertaining to their service on the NPBL Board.") **(Exhibit B)**. However, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Robert Girardot Dep. Tr. at 64:25-65:8 **(Exhibit C)**. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 67:23-68:3. When specifically asked about language in the Guide and its applicability to the CSXT's 2018 rate proposal to NPBL, Girardot avoided an answer and failed to provide Defendants with any meaningful testimony:



*Id.* at 65:19-68:16.

      CSXT has no excuse for being unprepared to answer questions on the Guide. Especially given this plainly inadequate testimony, Defendants need to be given the opportunity to question the actual NPBL board members who were present during the 2010 and 2018 rate proposals to determine whether ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9

███████████████████████████████████ Defendants are further entitled to answers to basic questions about the Guide, such as who drafted the Guide and where did the policies come from? Does the Guide apply to board service for directors on the NPBL board? ███████

███████████████████████████████████████████████████████████████████

███████████████████████████████████ The testimony obtained thus far is a far cry from being cumulative given CSXT's own corporate representative was unable to answer these basic questions, thus rendering the record on the Guide wholly inadequate.

The portal document also is relevant to the ongoing issue of whether NPBL is subject to the oversight of the STB. CSXT attempts to argue that this is no longer a relevant issue in this case given the Court's decision on NPBL's Motion to Dismiss. ECF 278 at 15 (citing ECF 66 at 20). However, issues relating to the STB's oversight of NPBL and specifically rates set by NPBL are far from settled and are currently pending before the Court in NSR's STB Motion.[4] The portal documents speak to other important issues in this case, namely, whether CSXT can avoid having to pay NPBL's switching rate published in its tariff and why the switching rate is to be adjusted.

Defendants have shown good cause to justify reopening the depositions of Messrs. Armbrust and Burns for the limited purpose of obtaining testimony from the relevant NPBL board members on how the Guide impacted their board service and their handling of the 2010 and 2018 rate proposals. This testimony cannot be obtained from any other source and was certainly not obtained from CSXT's corporate representative who had never seen the Guide. As such, CSXT

---

[4] NSR's Motion to Dismiss, for Judgment on the Pleadings, and for Referral of Issues to the U.S. Surface Transportation Board was filed by NSR on January 31, 2020. The Motion was fully briefed on February 20, 2020 and NSR is currently awaiting a ruling from the Court on the issues contained in the Motion.

has failed to carry its burden under Rule 26(b)(2) to show that the depositions should not be permitted by this Court.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Joint Motion to Compel Depositions and order the relief requested above.

Dated: February 10, 2021                             Respectfully submitted,

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY and NORFOLK SOUTHERN RAILWAY COMPANY**

/s/   W. Ryan Snow
James L. Chapman, IV, Esq.
W. Ryan Snow, Esq.
Darius K. Davenport, Esq.
David C. Hartnett, Esq.
Alexander R. McDaniel, Esq.
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
Email: jchapman@cwm-law.com
Email: wrsnow@cwm-law.com
Email: ddavenport@cwm-law.com
Email: dhartnett@cwm-law.com
Email: amcdaniel@cwm-law.com

*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

/s/  Alan D. Wingfield
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point


Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7759
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: kathleen.knudsen@troutman.com

Monica McCarroll (VSB No. 45622)
REDGRAVE LLP
14555 Avion Parkway, Suite 275
Chantilly, Virginia 20151
Telephone: (703) 592-1154
Facsimile: (703) 230-9859
Email: MMcCarroll@redgravellp.com

Tara L. Reinhart
John R. Thornburgh II
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
john.thornburgh@skadden.com
thomas.gentry@skadden.com

*Attorneys for Norfolk Southern Railway Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2021, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which sent a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service, including:

> Robert W. McFarland, Esq.
> Benjamin L. Hatch, Esq.
> V. Kathleen Dougherty, Esq.
> McGuireWoods LLP
> World Trade Center
> 101 West Main Street, Suite 9000
> Norfolk, Virginia 23510-1655
> Telephone: (757) 640-3716
> Facsimile: (757) 640-3930
> Email: rmcfarland@mcguirewoods.com
> Email: bhatch@mcguirewoods.com
> Email: vkdougherty@mcguirewoods.com
>
> J. Brent Justus, Esq.
> Ashley P. Peterson, Esq.
> McGuire Woods LLP
> 800 East Canal Street
> Richmond, Virginia 23219-3916
> Email: bjustus@mcguirewoods.com
> apeterson@mcguirewoods.com
>
> *Attorneys for CSX Transportation, Inc.*

>  /s/   *Alan D. Wingfield*
> Alan D. Wingfield (VSB No. 27489)
> Michael E. Lacy (VSB No. 48477)
> Massie P. Cooper (VSB No. 82510)
> TROUTMAN PEPPER HAMILTON SANDERS LLP
> 1001 Haxall Point
> Richmond, Virginia 23219
> Telephone: (804) 697-1200
> Facsimile: (804) 698-6061
> Email: alan.wingfield@troutman.com
> Email: michael.lacy@troutman.com
> Email: massie.cooper@troutman.com
>
> *Attorneys for Norfolk Southern Railway Company*