UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., individually and on behalf of NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY, )<br><br>Plaintiff, )<br><br>v. )<br><br>NORFOLK SOUTHERN RAILWAY COMPANY, *et al.*, )<br><br>Defendants. ) | Case No. 2:18-cv-530 |

## ORDER

This matter comes before the Court pursuant to Local Civil Rule 5(C) and Defendants Norfolk & Portsmouth Belt Line Railroad Company ("NPBL") and Norfolk Southern Railway Company's ("NSR") (collectively, "Defendants") Motion to Seal. Defendants seek to seal portions of their unredacted Reply in Support of Joint Motion to Compel Depositions of CSXT Witnesses ("Reply in Support of Joint Motion to Compel"), together with Exhibits A and C to Defendants' Reply in Support of Joint Motion to Compel. These documents contain and/or reference information that Plaintiff CSX Transportation, Inc. ("CSXT") has indicated is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order entered in this matter. ECF No. 79.

Before this Court may seal documents, it must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings

supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted).

In compliance with Local Rule 5 and *Ashcraft*, Defendants provided public notice of this motion by filing an appropriate Notice with the Court. In support of sealing, Defendants argued that their unredacted Reply in Support of Joint Motion to Compel and Exhibits A and C contain highly confidential and sensitive information relating to CSXT's transportation and shipping practices, business strategy, internal communications, and other highly confidential, proprietary, and sensitive business information, release of which would harm CSXT. There are no less drastic alternatives to sealing because the documents are redacted such that only information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" has been redacted. Defendants also filed a redacted version of their Reply in Support of Joint Motion to Compel. Given the nature of the confidential information contained in the identified Exhibits, redaction of these Exhibits is impractical.

Based on the foregoing, the Court **FINDS** that the information at issue constitutes confidential and proprietary information and that less drastic alternatives to sealing Defendants' unredacted Reply in Support of Joint Motion to Compel and unredacted Exhibits are not feasible.

Accordingly, the Court **GRANTS** Defendants' Joint Motion to Seal and **ORDERS** that Defendants' unredacted Reply in Support of Joint Motion to Compel Depositions of CSXT Witnesses and unredacted Exhibits A and C to their Reply in Support of Joint Motion to Compel Depositions of CSXT Witnesses shall be maintained under seal by the Clerk pending further order of the Court. The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia

Date: 2-23-2021

/s/ Lawrence R. Leonard
United States Magistrate Judge