IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., <br> Individually and on behalf of NORFOLK <br> & PORTSMOUTH BELT LINE RAILROAD <br> COMPANY <br><br> Plaintiff, <br><br> v. <br><br> NORFOLK SOUTHERN RAILWAY <br> COMPANY, et al., <br><br> Defendants. | CIVIL ACTION NO. 2:18-cv-530 |

## ORDER

Before the Court is Plaintiff CSX Transportation, Inc's ("CSXT") Motion for Attorneys' Fees and memorandum in support. ECF No. 246, 247. Defendant Norfolk Southern Railway Company ("NSR") filed a memorandum in opposition. ECF No. 250. CSXT file a reply, ECF No. 256, and NSR filed a sur-reply, ECF No. 264, after obtaining leave of court, ECF No. 263. The matter having been fully briefed, the Court decides the motion without a hearing pursuant to Fed. R. Civ. P. 78(b) and E.D. Va. Local Civil Rule 7(J).

A. PROCEDURAL BACKGROUND

On January 23, 2020, CSXT filed an Emergency Motion to Amend Scheduling Order and Extend its Expert Witness and Discovery Deadlines. ECF No. 106. CSXT contended that it had not yet received documents it sought from NSR through its requests for production of documents, which were "essential for CSXT to take meaningful depositions of fact witnesses." ECF No. 107 at 2. By its motion, CSXT sought, *inter alia*, an extension of its discovery deadline from March

3, 2020, "to conclude on the same day as Defendants, March 31, 2020." *Id.* NSR responded in opposition on January 27, 2020. ECF No. 111. In opposing CSXT's request to extend its deadlines, NSR stated:

> CSXT offers no real justification for this extension. Instead, CSXT points to the purported delay in finalizing the ESI Order, when in reality, the ESI Order was not delayed, nor has it delayed NSR's document production . . . NSR expects to substantially complete its production in response to CSXT's First Requests for Production of Documents by February 7. NSR just served its objections to CSXT's Second Request for Production of Documents on January 24, and its responses are not due until February 10.

*Id.* at 2. NSR further stated "this purported dispute [about search terms] is not a dispute at all, and not a basis to extend CSXT's export report deadline (or any other deadline)." *Id.* at 6. Based on these representations, the Court did not grant that part of CSXT's motion seeking an extension of its discovery deadline. ECF No. 118.

NSR then produced a substantial number of documents on February 7, 2020, February 28, 2020, and March 10, 2020. ECF Nos. 204 at 5-6; 250 at 3-4. One week after the last document production, the parties jointly moved to stay the case because of the disruption caused by the COVID-19 pandemic. ECF No. 157. The Court then issued a series of stays on March 19, April 17, May 20, June 18, and July 20, 2020. ECF Nos. 160, 165, 173, 191, and 196. On July 24, 2020 CSXT filed a Motion to Reopen and Compel Depositions and memorandum in support. ECF Nos. 203, 204. By its Motion, CSXT sought to reopen the depositions of Michael McClellan and Jeffrey Hunter, who had previously been deposed, and compel the depositions of Rob Martinez and Cary Booth, who had not been. *Id.* NSR opposed the motion, ECF No. 215, and CSX replied, ECF No. 222.

The Court held a hearing on CSXT's motion on September 4, 2020. ECF No. 238, 239. Finding that NSR did not produce a substantial amount of discovery which was germane to the

issues in the case in sufficient time to permit their utilization by CSXT in depositions despite its earlier representations in opposing CSXT's motion to extend discovery deadlines, the Court granted the motion from the bench.[1] ECF No. 238 at 47. Also from the bench and in the written Order that followed, the Court invited CSXT to submit a motion for reasonable expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A). *Id.* at 47-8 and ECF No. 237. Consequently, CSXT filed the Motion for Attorney's Fees now before the Court.

In its opposition, NSR raises three main objections, the most salient of which is the argument that Fed. R. Civ. P. 37(a)(5)(A) does not authorize an award of fees for a successful motion to reopen discovery. ECF No. 250 at 7. In effect, NSR contends that CSXT's Motion to Reopen and Compel Depositions properly should be considered a motion to reopen discovery, not a motion to compel discovery. *Id.* at 7-9. When correctly considered in this light, Rule 37 does not apply, as adjustments to a court's scheduling order are governed by Rule 16(b). NSR relies primarily on the language of Rule 37 and an unpublished district court case. *Id.* at 7-8, citing *Derryberry v. City of East Ridge*, 2018 U.S. Dist. LEXIS 87047 (E.D. Tenn. July 11, 2018).[2] NSR relies on *Derryberry* for the proposition that Rule 37(a) only permits a party to move to compel discovery during the discovery process, and not after the discovery deadline passes.[3]

CSXT responds that its Motion sought an Order extending its discovery period under Rule 16 *and* compelling the depositions of four witnesses under Rule 37, and therefore an award of reasonable expenses is properly considered under Rule 37(a)(5)(A). ECF No. 256 at 3-4. It relies on two unpublished district court cases for the proposition that motions to compel depositions are

---

[1] The Chief District Judge subsequently overruled NSR's objections to this Order. ECF No. 253.
[2] Not available on Westlaw.
[3] The quotation cited by NSR in its brief for this proposition, ECF No. 250 at 7, is actually the *Derryberry* court's quotation from *Shelbyville Hosp. Corp. v. Mosley*, No. 4:13CV-88, 2017 WL 1155046, at *2 (E.D. Tenn. Mar. 27, 2017).

properly brought under Rule 37. *Id.* at 4, citing *Lee v. Pep Boys-Manny Moe &Jack of Cal.*, No. 12-cv-05064-JSC, 2015 WL 9268118 (N.D. Cal. Dec. 21, 2015) and *Mills v. General Motors, LLC*, No. 2:17-201-RMG, 2017 WL 4279651 (D.S.C. Sep. 26, 2017).

## B. DISCUSSION

There is a dearth of authority on the question of the applicability of Rule 37 in this circumstance. However, after examining closely Rule 37 and the case law cited by the parties, the Court is persuaded that NSR's position is correct. Rule 37 is designed to provide a mechanism whereby a party can seek relief from the Court in order to compel an opposing party to comply with its discovery obligations. Necessarily, this presupposes that the discovery sought is extant and authorized by the appropriate Rule 16(b) Scheduling Order. Here, CSXT's discovery period had closed as of March 3, 2020, and CSXT was not authorized to reopen discovery to take any further depositions absent an Order from the Court modifying the Scheduling Order. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). While CSXT properly sought to reopen discovery, and did so for the purpose of taking additional depositions, it could not have taken the depositions otherwise since its discovery was closed. Despite its role in creating the need for additional discovery, NSR therefore did not have any outstanding discovery obligations, nor was it obligated to agree to reopen discovery because this Court's Orders—both the Rule 16(b) Scheduling Order and the Order denying CSXT's request to extend the discovery deadline—established the discovery period. Based on the timing and substance of CSXT's motion, it is now apparent that the general import was to reopen discovery, and NSR's opposition to reopening discovery is not sanctionable under Rule 37 . While the Court found that CSXT had established good cause to reopen discovery because of NSR's late disclosure of documents, the Court is now convinced that alone is insufficient to apply the sanctions clause

of Rule 37. Looked at another way, which clarifies the inapplicability of Rule 37(a)(5) here, had the Court *denied* CSXT's motion and refused to reopen discovery, a motion by NSR for reasonable expenses under Rule 37(a)(5)(B) would have seemed incongruous.

The cases cited by CSXT are inapposite. In both cases discovery was still open and therefore the recalcitrant parties were obligated to participate in discovery, however the movants needed court intervention to compel the opposing parties to submit to depositions. *See Lee*, 2015 WL 9268118 at *7, and *Mills* 2017 WL 4279651 at *4-5. That distinction is critical, since here CSXT had no right to conduct further discovery absent a modification of the Scheduling Order. Had the court reopened discovery and subsequently NSR failed to produce the witnesses for deposition, then Rule 37 would have properly applied.

Accordingly, since Rule 37 does not provide a mechanism for an award of reasonable expenses for pursuing the Motion to Reopen and Compel Depositions, CSXT's Motion for Attorneys' Fees, ECF No. 246, is **DENIED**.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
March 23, 2021