UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., )<br>individually and on behalf of NORFOLK )<br>& PORTSMOUTH BELT LINE )<br>RAILROAD COMPANY, )<br>)<br>                   *Plaintiff*, )<br>)<br>v. )<br>)<br>NORFOLK SOUTHERN RAILWAY )<br>COMPANY, *et al.*, )<br>)<br>                   *Defendants*. ) | Case No. 2:18-cv-530 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION
TO EXCEED PAGE LIMITATIONS CONTAINED IN LOCAL CIVIL RULE 7**

Defendants Norfolk and Portsmouth Belt Line Railroad Company ("NPBL") and Norfolk Southern Railway Company ("NSR"), by counsel, respectfully submit this memorandum in support of their Joint Motion to Exceed Page Limitations Contained in Local Civil Rule 7(F)(3) (the "Joint Motion") for Defendants' memoranda in support of their Motions for Summary Judgment. For the reasons stated below, Defendants request that they each be allowed up to fifty (50) pages for the memoranda in support of their summary judgment motions.

**ARGUMENT**

The parties have diligently litigated this matter since Plaintiff CSX Transportation, Inc. ("Plaintiff") filed its Complaint on October 4, 2018. Collectively, the parties have produced over a half million pages of documents in discovery. To date, the parties have conducted 44 depositions,

comprising roughly 8,000 pages of testimony, in which roughly 900 exhibits were marked. Each party has identified an expert who has prepared at least one report.

In addressing summary judgment, Defendants are forced to discuss three discrete sets of claims: antitrust (conspiracy, restraint of trade, and monopolization), conspiracy (common law and business), and breach of contract (NSR only). Each of these claims have very unique elements, legal standards, and discrete undisputed facts. By way of one example, the necessary prerequisite to demonstrate a restraint of trade claim under 15 U.S.C. § 1 is uniquely different from the elements of a monopolization claim under 15 U.S.C. § 2. This requires a discrete explanation of the relevant law, the relevant undisputed facts, and then argument for each of Plaintiff's claims.

Defendants have multiple meritorious legal arguments to present on summary judgment, which, if successful, would result in the dismissal of each of Plaintiff's claims. Alternatively, even if all of CSXT's claims are not dismissed, Defendants expect that as a result of their Motions for Summary Judgment, the remaining issues to be resolved at trial will be substantially fewer— saving both the Court and the parties the time and expense of additional days in trial to resolve issues that could (and should) be resolved by summary judgment.

As of the submission of this memorandum, Defendants' counsel are drafting concise, but comprehensive briefs. They represent to the Court that, in their professional opinion, the presumptive 30-page limit of Local Rule 7 will foreclose them from explaining the undisputed facts and the arguments based upon them as to those claims. Counsel further represent that 50 pages are needed to fairly present all of the critical issues. Accordingly, Defendants respectfully request that the Court allow them to each file a memorandum in support of their individual Motions for Summary Judgment not to exceed 50 pages. Defendants sought Plaintiff's consent to this

page extension, but Plaintiff would only consent to Defendants having 40 pages each. Defendants have offered to consent to Plaintiff being afforded 50 pages for its opposition briefs.

Local Civil Rule 7(F)(3) states that "[e]xcept for good cause shown in advance of filing, opening and responsive briefs . . . shall not exceed thirty (30) 8-1/2 x 11 inch pages" in length. This motion is also made well in advance of the deadline for filing Defendants' memoranda in support of their Motions for Summary Judgment which are due on April 12, 2021. Granting Defendants the additional pages requested will not disrupt the briefing schedule on summary judgment.

The complexity and seriousness of this case, the many independent reasons to grant summary judgment, as well as Defendants' offer to provide a reciprocal extension to Plaintiff in connection with its opposition briefs, all provide good cause for the requested page limit extension.

NSR also respectfully requests an expedited ruling on the Joint Motion. Defendants' deadline to file their Motions for Summary Judgment is April 12, 2021. The Joint Motion will be mooted if the Defendants are forced to file their Motions for Summary Judgment without a ruling from the Court.

## LOCAL RULE 37(E) CERTIFICATION

Pursuant to Local Rule 37(E), undersigned counsel certify that they have conferred with Plaintiff's counsel and that they were unable to reach a resolution prior to filing this Motion.[1]

---

[1] As stated earlier, Plaintiff would consent to an extension of Defendants' page limitations to 40 pages if Plaintiff was allowed 40 pages for each of its oppositions to Defendants' Motions for Summary Judgment or 70 pages if Plaintiff filed a consolidated opposition. For the reasons stated above, 40 pages is insufficient to address the arguments that could (and should) be resolved at summary judgment because the facts are undisputed and Defendants are entitled to judgment as a matter of law. Limiting the Court's review of the undisputed facts and arguments on summary judgment would unnecessarily create additional expense and effort for the Court and the parties to address these issues at trial.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court: (1) grant their Motion to Exceed Page Limitations Contained in Local Rule 7; (2) provide Defendants leave to file memoranda in support of their Motions for Summary Judgment, not to exceed 50 pages; and (3) award Defendants any such further relief that the Court deems appropriate.

Dated: March 26, 2021　　　　　　　　　Respectfully submitted,

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY and NORFOLK SOUTHERN RAILWAY COMPANY**

/s/   W. Ryan Snow
James L. Chapman, IV, Esq.
W. Ryan Snow, Esq.
Darius K. Davenport, Esq.
David C. Hartnett, Esq.
Alexander R. McDaniel, Esq.
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
Email: jchapman@cwm-law.com
Email: wrsnow@cwm-law.com
Email: ddavenport@cwm-law.com
Email: dhartnett@cwm-law.com
Email: amcdaniel@cwm-law.com

*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

/s/  Alan D. Wingfield
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point

4

Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7759
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: kathleen.knudsen@troutman.com

Monica McCarroll (VSB No. 45622)
REDGRAVE LLP
14555 Avion Parkway, Suite 275
Chantilly, Virginia 20151
Telephone: (703) 592-1154
Facsimile: (703) 230-9859
Email: MMcCarroll@redgravellp.com

Tara L. Reinhart
John R. Thornburgh II
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
john.thornburgh@skadden.com
thomas.gentry@skadden.com

*Attorneys for Norfolk Southern Railway Company*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2021, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which sent a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service.

/s/ *Alan D. Wingfield*
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

*Attorneys for Norfolk Southern Railway Company*

114546196

6