# Agreement

BETWEEN

NEW YORK, PHILADELPHIA & NORFOLK R. R. CO.,

SEABOARD AND ROANOKE R. R. CO.,

NORFOLK AND SOUTHERN R. R. CO.,

NORFOLK AND WESTERN RY. CO.,

ATLANTIC AND DANVILLE RY. CO.,

SOUTHERN RY. CO.,

NORFOLK AND CAROLINA R. R. CO.,

AND

CHESAPEAKE AND OHIO RY. CO.

DATED JULY 7, 1897.

IN RE: NORFOLK AND PORTSMOUTH BELT LINE R. R. CO.

---

AN AGREEMENT made and entered into on this Seventh day of July, A. D. 1897, by and between THE NEW YORK, PHILADELPHIA & NORFOLK RAILROAD COMPANY, THE SEABOARD & ROANOKE RAILROAD COMPANY, THE NORFOLK & SOUTHERN RAILROAD COMPANY, THE NORFOLK & WESTERN RAILWAY COMPANY, THE ATLANTIC & DANVILLE RAILWAY COMPANY, THE SOUTHERN RAILWAY COMPANY, THE NORFOLK & CAROLINA RAILROAD COMPANY, and THE CHESAPEAKE & OHIO RAILWAY COMPANY.

WHEREAS each of the Companies above named desires to secure the construction of a Belt Line Railroad from Pinner's Point, Virginia, to a connection with the Norfolk and Western Railway in Berkley, Virginia, for the mutual benefit of each in the interchange of business, and it is conceded to be for the best interest of all that the same should be constructed, maintained and operated under a separate organization in which all are to be equally interested and each to have an equal representation, and it has been decided to construct, maintain and operate the same under the charter of The Southeastern and Atlantic Railroad Company.

*Now, Therefore, This Agreement Witnesseth* That the several companies hereinbefore named, each in consideration of the mutual agreements hereinafter made, do hereby mutually agree that the said The Southeastern and Atlantic Railroad Company shall be organized and its business and affairs conducted and maintained on the following terms and conditions, to wit:

*First.*—That the Capital Stock of the said Southeastern and Atlantic Railroad Company shall be fixed at Fifty Thousand Dollars.

EXHIBIT 1

NPBL000028

*Second.*—That each of the Companies above named, parties hereto, doth hereby agree to subscribe to one-eighth of the Capital Stock of said Company, and to pay for the same at such time or times and in such amount or amounts as the same may be called by the Board of Directors of said Company.

*Third.*—That if the said Capital Stock should at any time hereafter be increased, the same will be subscribed for and taken in equal proportions by such of the Companies above named as may then hold stock in the said Southeastern and Atlantic Railroad Company.

*Fourth.*—That the number of Directors of the said Southeastern and Atlantic Railroad Company shall always be fixed to correspond to the number of Companies holding stock therein, so that each of said Companies shall have one representative on the Board, and that such representative shall in all cases be elected upon the nomination of the President or Vice-President of the Company holding such stock. In case of a vacancy the Board of Directors shall fill the same at their first subsequent meeting upon the nomination of the President or Vice-President of the Company in whose representation the vacancy occurred.

*Fifth.*—That there shall be a President, a Vice-President, a Secretary and Treasurer, which two last named offices may be filled by one person, and such other officers and agents as may be from time to time elected by the Board of Directors of the Southeastern and Atlantic Railroad Company.

*Sixth.*—That the affairs of the Company shall be under the management of the President and Directors, and that the By-Laws of the Company to be adopted by them shall provide for carrying into effect the provisions of this Agreement.

*Seventh.*—That the Southeastern and Atlantic Railroad Company is to forthwith commence and is to complete as soon as practicable a Belt Line Railway from the point of connection of the New York, Philadelphia and Norfolk Railroad Company's terminal tracks with the tracks of the Norfolk and Carolina Railroad Company at Pinner's Point, Virginia, to a connection with the track of the Norfolk & Western Railway Company in Berkley, crossing and connecting with the tracks of the Seaboard and Roanoke Railroad Company, the Atlantic & Danville Railway Company and the Norfolk & Southern Railroad Company, and crossing the Southern branch of the Elizabeth River by a suitable bridge.

*Eighth.*—That to provide for the construction of the said Belt Line Railway, and for the future purposes of the Company, the Southeastern and Atlantic Railroad Company is to make a mortgage to secure an issue of forty year five per cent Gold Bonds, limited in the aggregate to Four Hundred Thousand Dollars, in denominations of One Thousand Dollars each, and that the said Company shall have the right to issue so many of such bonds as may be necessary for the construction and equipment of its railroad including right-of-way, roadbed, superstructures and bridges, not to exceed Two Hundred and Fifty Thousand Dollars, as the same may be required, but the remaining One Hundred and Fifty Thousand Dollars shall be issued under the direction of the Board of Directors only when necessary to provide in part the funds required for the acquisition of property and for additional construction and equipment purposes, and then to the extent only of seventy-five per cent of such expenditures, the remaining twenty-five per cent to be provided by the issue of additional Capital Stock, or otherwise as may be provided by the Board of Directors.

*Ninth.*—That a uniform rate shall be fixed for the movement of freight cars over the said Southeastern and At-

4

lantic Railroad Company's railroad, regardless of distance, and that the rate per loaded freight car shall be so adjusted from time to time as to yield a net revenue sufficient to pay the interest upon the bonds outstanding and a dividend of six per cent on the stock. In case arrangements shall hereafter be perfected for the handling of passenger traffic by the Belt Line the net revenues derived therefrom shall be divided equally among the lines, owners of the stock, as an extra dividend, quarterly semi-annually or annually, as the Directors may determine, it being understood that if the net revenue from the passenger business shall be sufficient to pay extra annual dividends of more than six per cent, then the Directors may reduce the rate per loaded freight car sufficiently to absorb such excess.

*Tenth.*—That the Companies hereinbefore named, parties to this agreement, will co-operate cordially in encouraging the business of the Southeastern and Atlantic Railroad Company, for which it is constructed, and that each of them will deliver to the said Company all cars to be interchanged with other Companies hereinbefore named, parties hereto, except where there are physical connections already existing.

*Eleventh.*—That each and all of the aforesaid Companies, parties hereto, are to make the rates of freight in full car load lots between points on the said Southeastern and Atlantic Railroad to points on or that can be reached by their respective lines, in both directions, no higher than those between Norfolk or Portsmouth and such points.

*Twelfth.*—That no one of the aforesaid Companies, parties hereto, will sell its stock in the Southeastern and Atlantic Railroad Company to any other person, persons, corporation or corporations, until it shall first have given to the other owners of the stock in said Company the

5

right to purchase the same in an amount *pro rata* to the amount held by each of them, and at a price not to exceed what may be offered by others, and that to accomplish this notice shall be given by any such stockholder which may desire to sell its interest, to the President and Directors of the Southeastern and Atlantic Railroad Company of its desire to sell, and that the stockholders in said Southeastern and Atlantic Railroad Company shall have at least thirty days from the delivery of such notice within which to purchase the same under the terms above set forth, and that the certificates of stock to be issued by the Southeastern and Atlantic Railroad Company shall provide that the same are not transferable except upon the conditions stated above.

*Thirteenth.*—That any and all vacancies that may occur in the Board of Directors shall be promptly filled, at once if nomination can be made and the Board be in session, and if not then at the succeeding meeting of the Board, such vacancies to be filled by the election of the nominee of the President or Vice-President of the Company whose representation may be vacant, and that such election shall take place when such nomination has been or may be made before any other business shall be transacted at the said meeting.

*Fourteenth.*—That none of the Companies, parties hereto, shall be in any way liable for any of the debts, obligations or liabilities of the said Southeastern and Atlantic Railroad Company beyond the amount of their subscriptions to its Capital Stock.

*Fifteenth.*—It is understood and agreed that the locomotives owned by the parties hereto are not to enter upon or use the tracks of the Southeastern and Atlantic Railroad Company for any purpose whatever, excepting under such rules and regulations as may be established by the Board of Directors of the Southeastern and At-

NPBL000030

6

lantic Railroad Company by a vote of a majority of all the members of said Board, the intent being that the Southeastern and Atlantic Railroad Company shall perform the service for which it was built and said Company be directly responsible for the competent and efficient discharge of its every obligation to the parties hereto.

*Sixteenth.*—No other Railroad Company shall be admitted as a stockholder of the Southeastern and Atlantic Railroad Company excepting with the consent of a majority of all of the members of the Board of Directors.

*Seventeenth.*—That each of the Companies parties hereto, agrees that the Director named by each to represent it in the Board of the Southeastern and Atlantic Railroad Company shall and will vote for such resolutions, by-laws or other proceedings as may be necessary to carry into effect the agreements herein made.

7

*In Witness Whereof* the several Companies above named have each caused this agreement to be signed by its President, Vice-President or General Manager.

THE CHESAPEAKE & OHIO RWY. CO.
By
DECATUR AXTELL,
*2nd Vice-President.*

THE ATLANTIC & DANVILLE RY. CO.
By
CHAS. O. HAINES,
*Gen. Manager.*

THE NORFOLK & SOUTHERN R. R. CO.
By
W. B. DICKERMAN,
*President.*

THE NORFOLK & CAROLINA R. R. CO.
By
W. G. ELLIOTT,
*President.*

THE NEW YORK, PHILA. & NORFOLK R. R. CO.
By
A. J. CASSATT,
*President.*

THE NORFOLK & WESTERN RWY. CO.
By
HENRY FINK,
*President.*

SOUTHERN RAILWAY COMPANY,
By
A. B. ANDREWS,
*1st Vice-President.*

SEABOARD AND ROANOKE R. R. CO.
By
R. C. HOFFMAN,
*President.*

NPBL00031