UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

| | |
|---|---|
| CSX TRANSPORTATION, INC., individually and on behalf of NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY,<br><br>    *Plaintiff*,<br><br>v.<br><br>NORFOLK SOUTHERN RAILWAY COMPANY, *et al.*,<br><br>    *Defendants*. | Case No. 2:18-cv-530 |

## ORDER

This matter comes before the Court pursuant to Local Civil Rule 5(C) and Defendant Norfolk Southern Railway Company's Motion to Seal. Defendant seeks to seal portions of its unredacted Memorandum in Support of Motion for Summary Judgment, together with the following Exhibits to Defendant's Motion and Memorandum in Support of Motion for Summary Judgment: Exhibits 2, 5, 7, 8, 9, 10, 10A, 11, 13, 14, 15, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 59, 60, 61, 62, 63, 64, 65, 67, 68, 69, 70, 71, 72, 74, 75, 76, 77, 78, 80, 81, 82, 86, 87, 88, 89, 93, 94, 95, 96, 97, 98, 99, 100, 102, 103, 105, 106, 108, 109, 111, 112, 113, 114, 115, 116, 117, 118, and 119. These documents contain and/or reference information that Plaintiff CSX Transportation, Inc. ("CSXT"), Defendant Norfolk Southern Railway Company ("NSR") or Defendant Norfolk & Portsmouth Beltline Railroad Company ("NPBL") has indicated is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the

- 2 -

Stipulated Protective Order entered in this matter. ECF No. 79.

Before this Court may seal documents, it must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted).

In compliance with Local Rule 5 and *Ashcraft*, Defendant provided public notice of this motion by filing an appropriate Notice with the Court. In support of sealing, Defendants argued that their unredacted Memorandum in Support of Motion for Summary Judgment and Exhibits 2, 5, 7, 8, 9, 10, 10A, 11, 13, 14, 15, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 59, 60, 61, 62, 63, 64, 65, 67, 68, 69, 70, 71, 72, 74, 75, 76, 77, 78, 80, 81, 82, 86, 87, 88, 89, 93, 94, 95, 96, 97, 98, 99, 100, 102, 103, 105, 106, 108, 109, 111, 112, 113, 114, 115, 116, 117, 118, and 119 contain highly confidential and sensitive information relating to CSXT's, NSR's and/or NPBL's transportation and shipping practices, business strategy, internal communications, and other highly confidential, proprietary, and sensitive business information, release of which would harm the parties. There are no less drastic alternatives to sealing because the documents are redacted such that only information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" has been redacted. Defendant also filed a redacted version of its Memorandum in Support of Motion for Summary Judgment. Given the nature of the confidential information contained in the identified Exhibits, further redaction of these Exhibits is impractical.

Based on the foregoing, the Court **FINDS** that the information at issue constitutes

confidential and proprietary information and that less drastic alternatives to sealing Defendant's unredacted Memorandum in Support of Motion for Summary Judgment and unredacted Exhibits are not feasible.

Accordingly, the Court **GRANTS** Defendant's Motion to Seal and **ORDERS** that Defendant's unredacted Memorandum in Support of Joint Motion to Compel Depositions of CSXT Witnesses and unredacted Exhibits to its Motion and Memorandum in Support of Motion for Summary Judgment to shall be maintained under seal by the Clerk pending further order of the Court. The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia

Date: _____

Robert J. Krask
United States Magistrate Judge