# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

       Plaintiff,

v.     Civil Action No. 2:18-cv-530-MSD-RJK

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

       Defendants.

                                            /

**ORDER GRANTING NORFOLK SOUTHERN RAILWAY COMPANY'S
<u>MOTION TO SEAL</u>**

      This matter comes before the Court on the motion of Defendant Norfolk Southern Railway Company ("NS"), pursuant to Local Civil Rule 5(C), to seal portions of its unredacted version of its Memorandum in Support of Motion for Summary Judgment and certain Exhibits to that Memorandum under seal (*see* ECF Nos. 308, 312), because they contain and/or reference information that NS, CSXT, or Defendant Norfolk and Portsmouth Beltline Railroad Company ("NPBL") have designated as "CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY" under the Stipulated Protective Order entered in this matter. *See* ECF No. 79. CSXT has filed a Response in Support of the Motion to Seal.

      The Fourth Circuit has established certain steps a district court must take before sealing a court document. As set forth in *Ashcraft v. Conoco, Inc.*, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual

1

findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted).

The Court FINDS that, in this instance, all of the *Ashcraft* factors weigh in favor of sealing these documents from the public record.

First, the Court finds Defendant NS properly filed the Motion to Seal and a Notice, in accordance with Local Civil Rule 5(C). The public was provided with an opportunity to bring objections, if any, to the filing.

Second, the Court finds that the disclosure of information in the unredacted Exhibits 2, 5, 7, 8, 9, 10, 10A, 11, 13, 14, 15, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 59, 60, 61, 62, 63,64, 65, 67, 68, 69, 70, 71, 72, 74, 75, 76, 77, 78, 80, 81, 82, 86, 87, 88, 89, 93, 94, 95, 96, 97, 98, 99, 100, 102, 103, 105, 106, 108, 109, 111, 112, 113, 114, 115, 116, 117, 118, and 119 to the Memorandum would disclose the Parties' confidential and sensitive business information, and that no less drastic alternative to sealing is available. The information in the Memorandum that NS seeks to seal relates to documents designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" pursuant to the Stipulated Protective Order entered in this matter, and NS has filed a redacted version of the Memorandum. Redaction of the Exhibits is not feasible.

Third, the Court finds that the unredacted information in the Memorandum and the above-referenced Exhibits contain highly confidential and sensitive information relating to the Parties' competitive business strategy and relationships, internal communications regarding customers, and other highly confidential, proprietary, and sensitive business information. The release of such information would harm the Parties. Accordingly, the Court FINDS that the information NS seeks

to file under seal is sensitive business information, and the Parties' competitive position might be impaired if this information is disclosed to the public.

Thus, for good cause shown, it is hereby ORDERED that the Motion to Seal be GRANTED. The Court ORDERS that NS's unredacted Memorandum in Support of Motion for Summary Judgment and Exhibits 2, 5, 7, 8, 9, 10, 10A, 11, 13, 14, 15, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 59, 60, 61, 62, 63,64, 65, 67, 68, 69, 70, 71, 72, 74, 75, 76, 77, 78, 80, 81, 82, 86, 87, 88, 89, 93, 94, 95, 96, 97, 98, 99, 100, 102, 103, 105, 106, 108, 109, 111, 112, 113, 114, 115, 116, 117, 118, and 119 to the Memorandum shall be permanently maintained under seal by the Clerk.

**IT IS SO ORDERED.**

Date: _____

                                                                     Hon. Robert J. Krask
United States Magistrate Judge