IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

v.                                                        Civil Action No. 2:18-cv-530-MSD-LRL

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.

                                          /

**CSX TRANSPORATION, INC.'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO FILE DOCUMENTS UNDER SEAL**

      COMES NOW Plaintiff CSX Transportation, Inc. ("CSXT"), by counsel, and respectfully submits this Memorandum in Support of its Motion to Seal portions of its unredacted Consolidated Opposition to Defendants' Motions for Summary Judgment (hereinafter its "Opposition") together with certain Exhibits thereto.  As set forth below, these materials contain and/or reference information that have been designated as "Confidential" or "Confidential – Attorneys Eyes Only" ("AEO") under the Stipulated Protective Order entered in this matter.  ECF No. 79 ¶ 16. As such, CSXT asks that the Court grant the Motion and file under seal an unredacted version of its Opposition and specific Exhibits noted below.

**INTRODUCTION**

      Pursuant to the Stipulated Protective Order, each of CSXT, NS, and NPBL have designated documents and deposition testimony in this matter as "Confidential" if the documents or testimony contained "confidential, non-public financial, sales, marketing, customer or cost/pricing

1

information, and confidential and proprietary internal business, strategic planning, or tactical information, as well as any other information or record that the Producing Party believes in good faith must or may be protected from disclosure." ECF No. 79 at ¶ 2.[1] Similarly, the Parties designated documents and deposition testimony as "Confidential—Attorneys Eyes Only" ("AEO") if the material qualified for designation as "Confidential" and if disclosure to the Parties "would create a substantial risk of serious injury" to CSXT. *Id.*

On April 12, 2021, Defendants Norfolk Southern Railway Company ("NS") and Norfolk & Portsmouth Beltline Railroad Company ("NPBL") each filed a Motion for Summary Judgment. ECF Nos. 307, 308 (NS); ECF Nos. 296, 297 (NPBL). Defendants each moved to seal certain portions of their pleadings and exhibits thereto, as contemplated by the Stipulated Protective Order. *See* ECF No. 305 (NS); ECF No. 294 (NPBL). CSXT did not object to Defendants' Motions to Seal and joined Defendants in their sealing requests. *See* ECF Nos. 316, 317. The Court granted both Motions to Seal on April 21, 2021. *See* ECF Nos. 318, 319.

CSXT now asks the Court to seal its unredacted Opposition and Exhibits 1-33, 35-53, 55-56, 59-64, 66-70, 72-79, 81-83, 85-86, 90, 92-95, 97, 99-102, 104-107, and 109-118 therero (collectively, "the Sealed Materials"). The Sealed Materials consist of, or relate to, documents or information that have been designated as Confidential or AEO under the Stipulated Protective Order. ECF No. 79 ¶ 16. As such, CSXT seeks to have the Sealed Materials filed permanently under seal. For these documents, permanent sealing is necessary to protect against the prejudice that would result from public disclosure.

---

[1] Non-parties Virginia International Terminals, Inc., ("VIT") and the Virginia Port Authority ("VPA") have also designated documents and deposition testimony as "Confidential" or "Confidential—Attorneys Eyes Only" under the Stipulated Protective Order.

Specifically, Exhibits 3, 4, 8, 10, 15-17, 19-21, 23, 26, 28-31, 33, 35, 36, 38-40, 44, 56, 68, 72, 73, 78, 79, 81, 83, 93, 101, 105-107, 110, 111, and 113 are documents NS has designated as "Confidential" under the Stipulated Protective Order, and Exhibits 1, 2, 6, 9, 18, 24, 25, 60, 62, 77, 82, 92, 95, 102, and 114 are materials NS has designated as "AEO" under the same.  NPBL has designated the documents contained in Exhibits 5, 7, 41, 43, 47, 67, and 100 as "Confidential" and the materials attached as Exhibits 22, 42, 45, 59, and 61 as "AEO" under the Stipulated Protective Order.  Exhibits 13 and 64 are materials designated "AEO" and "Confidential," respectively, by the Virginia International Terminals, Inc., and Exhibit 104 includes information designated "AEO" by the Virginia Port Authority.  Finally, Exhibits 27, 32, 37, 46, 50, 51, 66, 70, 74-76, 85, 86, 90, 109, 117, and 118 are documents CSXT has designated as "Confidential," while Exhibits 11, 12, 14, 48, 49, 52, 53, 55, 63, 69, 94, 97, 99, 112, 115 and 116 are materials CSXT has designated as "AEO" under the Stipulated Protective Order.

As discussed below, the Sealed Materials contain non-public, commercially sensitive information.  This information relates directly to the Parties' internal strategy and business decisions relating to the Port of Virginia and NPBL.  In an antitrust case such as this, the protection of this information is of special importance.  Indeed, it is critical that this information be shielded from other parties to this case, customers, other stakeholders, and the public at large.  Further, the Sealed Materials contain confidential and proprietary information relating to privileged and confidential communications.  There are, therefore, legitimate interests warranting an order granting the sealing of CSXT's unredacted Opposition and the noted Exhibits thereto, and CSXT respectfully asks this Court to restrict access accordingly.

## ARGUMENT

A.   **The Ashcraft Requirements Have Been Properly Satisfied**

In *Ashcraft et al. v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), the Fourth Circuit held that the district court's underlying order sealing settlement documents was invalid because the district court had not complied with relevant precedent. *Id*. at 302. The *Ashcraft* court relied on two earlier Fourth Circuit cases when setting forth the procedures for sealing court documents: *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984) and *Stone v. Univ. of Maryland*, 855 F.2d 178 (4th Cir. 1988). According to the *Ashcraft* court, before a district court may seal court documents it must:

(1)   Give public notice of the request to seal and allow interested parties a reasonable opportunity to object;

(2)   Consider less drastic alternatives to sealing the documents; and

(3)   Provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft*, 218 F.3d at 288. Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight*, 743 F.3d at 235. As presented in more detail below, filing the CSXT's unredacted Opposition and Exhibits under seal is appropriate.

### 1.   **Public Notice Has Been Provided**

In compliance with Local Civil Rule 5(C) and *Ashcraft*, CSXT has provided public notice of this Motion by filing an appropriate Notice with the Court. This Notice will notify members of the public of the fact that the Court will be considering the permissibility of the sealing CSXT's unredacted Opposition and Exhibits. *See In re Knight*, 743 F.2d at 235 (stating that "public was

entitled to notice of counsel's request to seal, and an opportunity to object to the request before the court made its decision").

### 2. There Are No Less Drastic Alternatives

CSXT does not seek a blanket protective order sealing its Opposition and all accompanying exhibits. Instead a "less drastic" alternative is sought—namely CSXT has filed a redacted version of the Opposition and seeks to seal the unredacted version, as well as certain of the accompanying Exhibits. These documents include CSXT's (and Defendants') confidential information that should not be disclosed to the public, and, in certain instances, highly sensitive confidential information.

The Sealed Materials include refer or cite to documents, or contain testimony and communications that should remain under seal as they reveal highly sensitive and non-public CSXT (as well as NS and NPBL) strategy on critical business topics, including relating to NPBL. Likewise, redacted portions of CSXT's Opposition contain a discussion of these documents, or contain testimony and communications. The Sealed Materials therefore describe non-public information detailing internal business, strategic planning, and tactical information, designated Confidential or AEO pursuant to the Stipulated Protective Order. CSXT's redactions are limited in scope only to the sections of its Opposition describing Exhibits filed therewith. The Exhibits consist of documents containing commercially sensitive information, or summaries of such information. Redactions of these Exhibits would be impossible and render them meaningless.

The second *Ashcraft* factor is met where it is not feasible to redact substantial portions of a memorandum or exhibit. *See Guerrero v. Deane*, No. 1:09cv1313 (JCC/TRJ), 2012 U.S. Dist. LEXIS 125422, at *6–7 (E.D. Va. Sep. 4, 2012) (finding it was "inappropriate to sub-divide the exhibits or order extensive redactions that would render the exhibits indecipherable"). This is not a wide-ranging sealing for all of CSXT's (or Defendants') documents. Rather, CSXT has properly

5

seeks protection for materials that are truly non-public, proprietary, and commercially sensitive. As the public disclosure of these materials would risk injury to CSXT (and Defendants) and its competitive position, there is no less restrictive alternative to the targeted sealing sought by CSXT

### 3. Specific Reasons Why the Opposition and Exhibits Should Be Filed Under Seal

Courts routinely seal documents that contain a party's confidential and commercially sensitive internal business information. *See Kettler Int'l, Inc.*, 2015 U.S. Dist. LEXIS 1486, at *4. For example, confidential commercial information, trade secrets, and financial information are "typically sealed by this Court." *Id.* (citations omitted). As explained below, CSXT's Opposition, and the listed Exhibits contain CSXT's (and Defendants') internal, sensitive business information not ordinarily subject to public disclosure. Moreover, nothing within these documents would "enhance the public's understanding of an important historical event." *In re Knight*, 743 F.2d at 235 (citing *Nixon*, 435 U.S. at 597–608). The non-public information contained in the Sealed Materials refer or cite to documents, or contain testimony, that have or has been designated Confidential or AEO by CSXT (or Defendants) because they include information that is commercially sensitive, and therefore, sealing is warranted.

Courts have granted motions to seal similar information about a party's business strategies and commercial information. *See, e.g., Intelligent Verification Sys., LLC v. Microsoft Corp.*, Civil Action No. 2:12-cv-525-AWA-LRL, 2014 U.S. Dist. LEXIS 197060, at *3–4 (E.D. Va. Dec. 22, 2014) (granting motion to seal where "the information Microsoft seeks to file under seal is sensitive business information and Microsoft's competitive position might be impaired if this information is disclosed to the public at large"). CSXT (and Defendants) designated the testimony and documents as Confidential or AEO under the Stipulated Protective Order because they contain, discuss, and characterize highly confidential and sensitive information relating to CSXT's (and

6

Defendants') transportation and shipping practices, negotiations with customers and stakeholders, customer relationships, business strategy, internal communications, and other highly confidential, proprietary, and sensitive business information, release of which would harm CSXT (and Defendants).

This information should remain under seal. There is no public interest in access to this information and, conversely, the public disclosure of this information would harm CSXT (and Defendants), including by among other things, revealing sensitive details about its business strategy to its competitors and customers. These Sealed Materials should therefore remain under seal.

In sum, the harm resulting to CSXT (and Defendants) from the disclosure of the information in the unredacted Opposition and Exhibits outweighs any prejudice of nondisclosure.

## **CONCLUSION**

For the foregoing reasons, CSXT respectfully requests that the Court grant CSXT's Motion to Seal its unredacted Consolidated Opposition to Defendants' Motions for Summary Judgment, together with Exhibits 1-33, 35-53, 55-56, 59-64, 66-70, 72-79, 81-83, 85-86, 90, 92-95, 97, 99-102, 104-107, and 109-118 thereto.

Dated: May 3, 2021		Respectfully submitted,

                                      **CSX TRANSPORTATION, INC.**
                                      *By Counsel*

*/s/ Benjamin L. Hatch*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of May, 2021, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

/s/ Benjamin L. Hatch
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com