# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

    Plaintiff,

v.              Civil Action No. 2:18cv530

NORFOLK SOUTHERN RAILWAY
COMPANY, NORFOLK & PORTSMOUTH
BELT LINE RAILROAD COMPANY,
JERRY HALL, THOMAS HURLBUT,
PHILIP MERILLI, and CANNON MOSS,

    Defendants.

---

### PLAINTIFF CSX TRANSPORTATION, INC.'S FOURTH SUPPLEMENTAL RULE 26(a)(1) INITIAL DISCLOSURES

Plaintiff CSX Transportation, Inc. ("CSXT"), by and through undersigned counsel, hereby provides the following supplemental initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). CSXT will supplement and/or amend these initial disclosures as necessary during the course of discovery in accordance with Federal Rule of Civil Procedure 26.

### SCOPE OF DISCLOSURES

CSXT's disclosures contain only the information and descriptions of documents and witnesses reasonably known or ascertainable as of the date of these disclosures. CSXT reserves the right to supplement or correct these initial disclosures based on information learned through the course of discovery in this matter or otherwise.

1

These initial disclosures are made without waiver of, or prejudice to, any objections CSXT may have. CSXT reserves all objections, including, but not limited to, objections on the grounds of: (a) relevance; (b) attorney-client privilege; (c) the attorney work-product doctrine; (d) preparation in anticipation of litigation; (e) any other applicable privilege or protection under federal or applicable state law; (f) undue burden; (g) immateriality; (h) overbreadth; and/or (i) calling for information or imposing any obligations beyond those set forth in Federal Rule of Civil Procedure 26(a).

## RULE 26(a)(1) INITIAL DISCLOSURES

**(i) The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Response: Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), CSXT discloses the following individuals as persons who may have discoverable information that CSXT may use to support any claims or defenses it may have in this proceeding (excluding CSXT's in-house or outside counsel, legal or litigation support staff, and experts).

This matter is at an early stage and investigation continues, consequently, CSXT is not yet be able to identify every subject of discoverable information or every individual who is likely to have discoverable information. Subject to the foregoing, CSXT identifies the following individuals who are likely to have discoverable information that CSXT may use to support its claims and defenses. CSXT has compiled the following list in good faith, based upon information currently known to it, but this list is not final and CSXT reserves the right to modify it during the course of discovery, as litigation develops and its investigation continues.

2

### A. CSXT

CSXT discloses the following individuals who may have discoverable information relating to any claims and defenses that it may have in this matter (excluding CSXT's in-house or outside counsel, legal or litigation support staff, and experts):

#### a. Employees

1. Rob Girardot
   Director Strategy & Analytics, Intermodal
   CSX Transportation
   500 Water Street
   Jacksonville, FL 32202

Mr. Girardot may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: shortline railroads, access to ports and terminals, and service proposals made to NPBL.

Mr. Girardot may only be contacted through undersigned counsel.

2. Maryclare Kenney
   Vice President, Intermodal & Automotive
   CSX Transportation
   500 Water Street
   Jacksonville, FL 32202

Ms. Kenney may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, and sales and negotiations with shipping lines.

Ms. Kenney may only be contacted through undersigned counsel.

3. Carl Warren
   Director, Port Business Development
   CSX Transportation
   500 Water Street
   Jacksonville, FL 32202

Mr. Warren may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT's operations and relationships at East Coast Ports, CSXT's international sales and marketing, industrial development for intermodal operations, CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, and NPBL.

Mr. Warren may only be contacted through undersigned counsel.

4. Steven Armbrust
   Assistant General Counsel
   CSX Transportation
   500 Water Street
   Jacksonville, FL 32202

Mr. Armbrust may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, the operations of NPBL, service proposals made by CSXT to NPBL, and the pre-suit demand made to NSR. Mr. Armbrust served on the NPBL Board from April 2010 until June 2015.

Mr. Armbrust has served as legal counsel to CSXT throughout the relevant time period. By identifying Mr. Armbrust in these initial disclosures, CSXT does not waive, and expressly preserves, all applicable protections and privileges, including, but not limited to, the attorney-client privilege and the attorney work-product doctrine.

Mr. Armbrust may only be contacted through undersigned counsel.

5. John "Jay" Strongosky
   Director, Sales & Marketing, Intermodal
   CSX Transportation
   500 Water Street
   Jacksonville, FL 32202

Mr. Strongosky may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, and sales and negotiations with shipping lines.

Mr. Strongosky may only be contacted through undersigned counsel.

6. Randolph Marcus
   Director, State Relations
   CSX Transportation
   4900 Old Osborne Turnpike
   Richmond, VA 23231

Mr. Marcus may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, state relations and interactions with VPA, and NPBL operations.

Mr. Marcus may only be contacted through undersigned counsel.

7. Jason Young
   Senior Manager Intercarrier Agreements/Services
   CSX Transportation
   500 Water Street
   Jacksonville, FL 32202

Mr. Young may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: written agreements between CSXT and other railroads, Commonwealth Railway, and NPBL.

Mr. Young may only be contacted through undersigned counsel.

8. Tony DiDeo
   Director, Intercarrier Management
   CSX Transportation
   500 Water Street
   Jacksonville, FL 32202

Mr. DiDeo may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: shortline and switch rates, service proposals made to NPBL, and billing related to NPBL.

Mr. DiDeo may only be contacted through undersigned counsel.

   b. **Former Employees**

1. Fredrik Eliasson
   Former Chief Sales and Marketing Officer
   16146 Belford Drive
   Milton, GA 30004

Mr. Eliasson may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: sales and marketing strategy, access to ports and terminals, and service proposals made to NPBL. Mr. Eliasson served on the NPBL Board from April 2010 until the fall of 2011.

2. Tony MacDonald
   Former Terminal Manager, CSX Intermodal Terminals, Inc.
   106 Brook Lane
   Yorktown, VA 23692

Mr. MacDonald may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSX Intermodal Terminals, Inc. and related CSXT operations in and around Hampton Roads, Virginia, including access to ports and terminals.

3. James Allan
   Former Director of Network Planning, Joint Facilities
   769 Peppervine Avenue
   Jacksonville, FL 32259

Mr. Allan may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT operations in and around Hampton Roads, Virginia, including access to ports and terminals, agreements between railroads including the Commonwealth Railway, service proposals to NPBL, and operations and rates of NPBL.

4. Quintin Kendall
   Former Vice President, State Government and Community Affairs
   3256 Riverside Avenue
   Jacksonville, FL 32210

Mr. Kendall may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: access to ports and terminals, and service proposals made to NPBL. Mr. Kendall served on the NPBL Board from April 2012 until January 2018.

5. John Tuttle
   Former Director of Intermodal Marketing
   1763 River Plantation Drive North
   Jacksonville, FL 32223

Mr. Tuttle may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, and the 2018 NPBL service proposal.

6. John Booth
   Former Director of Joint Facilities, Service Design, and Network Planning
   1508 Hackberry Ct.
   Jacksonville, FL 32259

Mr. Booth may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: the 2010 service proposal made to NPBL, CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, shortline railroad operations.

7. Ryan Houfek
   Former Assistant Vice President Sales, Assistant Vice President Marketing
   c/o Direct Chassislink, Inc.
   3525 Whitehall Park Dr., Ste. 400
   Charlotte, NC 28273

Mr. Houfek may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT's operations in and around the Hampton Roads,

6

Virginia area, access to ports and terminals, drayage, and sales and negotiations with shipping lines.

### B. Defendants

Defendants and their current and former agents, representatives, and employees may have discoverable information relating to CSXT's claims and defenses in this matter. CSXT believes that counsel for Defendants has contact information for Defendants, Defendants' current and former representatives, employees, and agents. CSXT also believes that Defendants know what discoverable information each identified individual possesses.

### C. Non-Parties

The following non-parties and their current and former agents, representatives, and employees may have discoverable information relating to CSXT's claims and defenses in this matter:

1. Virginia Port Authority
   600 World Trade Center
   Norfolk, VA 23510

2. Virginia International Terminals, LLC
   600 World Trade Center
   Norfolk, VA 23510

CSXT hereby incorporates by reference any individual identified by Defendants. In addition, CSXT will supplement this disclosure as necessary, in accordance with Federal Rule of Procedure 26, as it identifies additional individuals with discoverable information related to CSXT's claims and defenses.

Supplemental Response:

1. **CSXT**

CSXT discloses the following individuals who may have discoverable information relating to any claims and defenses that it may have in this matter (excluding CSXT's in-house or outside counsel, legal or litigation support staff, and experts):

    a. **Employees**

9. Salmaan Wahidi
   Senior Director, Commercial Finance and Credit
   CSX Transportation
   500 Water Street
   Jacksonville, FL 32202

Mr. Wahidi may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: operational costs, estimates, and the 2018 service proposal.

Mr. Wahidi may only be contacted through undersigned counsel.

10. Chris Wagel
    Terminal Manager, CSX Intermodal Terminals, Inc.
    1 Harper Avenue
    Portsmouth VA 23707

Mr. Wagel may have information regarding facts, allegations, and claims in this litigation, including, but not limited to CSX Intermodal Terminals, Inc. and related CSXT operations in and around Hampton Roads, Virginia, including access to ports and terminals.

Mr. Wagel may only be contacted through undersigned counsel.

    b. **Former Employees**

8. Miguel Coles
   Former Market Manager
   117 Meadowcrest Lane
   Ponte Vedra Beach, FL 32082

Mr. Coles may have information regarding facts, allegations, and claims in this litigation, including, but not limited to: CSXT's operations in and around the Hampton Roads, Virginia area, access to ports and terminals, and sales and negotiations with shipping lines.

8

Second Supplemental Response:

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), and in addition to the individuals previously disclosed, CSXT discloses the following individuals as persons with discoverable information that CSXT may use to support any claims or defenses it may have in this proceeding:

1) **Corporate Representatives of CSXT, Norfolk Southern, and NPBL**

2) **Tony Ingram**
   Former Chief Operations Officer, CSX

   Mr. Ingram may have information regarding facts, allegations, and claims in this litigation, including with respect to CSXT's operations in the Hampton Roads, Virginia area, the 2009 NPBL rate committee, and CSXT's service proposal in 2010. Mr. Ingram may be contacted through undersigned counsel.

3) **Dean Piacente**
   Former Vice President of Industrial Products, CSX

   Mr. Piacente may have information regarding facts, allegations, and claims in this litigation, including with respect to CSXT's operations in the Hampton Roads, Virginia area, intermodal freight, access to ports and terminals, and shipping lines. Mr. Piacente may be contacted through undersigned counsel.

4) **Chris D. Luebbers**
   Director – Intermodal, Norfolk Southern

   Mr. Luebbers has knowledge regarding facts, allegations, and claims in this litigation, including with respect to NSR's intermodal network in the Eastern United States and NSR's relationship with NPBL and the conspiracy alleged in CSXT's Complaint. Mr. Luebbers may be contacted through counsel for NSR.

5) **Jeffrey Heller**
   Vice President, Intermodal & Automotive, Norfolk Southern

   Mr. Heller has knowledge regarding facts, allegations, and claims in this litigation, including with respect to NSR's relationship with NPBL, including the conspiracy alleged in CSXT's Complaint. Mr. Heller also has knowledge regarding CSXT's service proposals in 2010 and 2018, as well as NSR's sales and marketing efforts related to Hampton Roads area ports. Mr. Heller may be contacted through counsel for NSR.

9

6) **Michael McClellan**
   Vice President of Strategic Planning, Norfolk Southern

   Mr. McClellan has knowledge regarding facts, allegations, and claims in this litigation, including with respect to NSR's intermodal network in the Eastern United States, as well as NSR's relationship with NPBL and the conspiracy alleged in CSXT's Complaint. Mr. McClellan may be contacted through counsel for NSR.

7) **Mark Manion**
   Former Executive Vice President and COO, Norfolk Southern

   Mr. Manion has knowledge regarding facts, allegations, and claims in this litigation, including with respect to NPBL's Operations and the conspiracy alleged in CSXT's Complaint. Mr. Manion may be contacted through counsel for NSR.

Third Supplemental Response:

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), and in addition to the individuals previously disclosed, CSXT discloses the following individuals as persons with discoverable information that CSXT may use to support any claims or defenses it may have in this proceeding:

1) **Thomas D. Capozzi or other agreed Corporate Representative of Virginia International Terminals, Inc. ("VIT")**

   The corporate representative of VIT has knowledge regarding facts, allegations, and claims in this litigation, including the operations of Virginia International Terminals. The corporate representative may be contacted through VIT's counsel: Edward J. Powers, Esq., Vandeventer Black LLP, 101 West Main Street, 500 World Trade Center, Norfolk, Virginia 23510.

2) **Catherine J. Vick or other agreed Corporate Representative of the Virginia Port Authority ("VPA")**

   The corporate representative of VPA has knowledge regarding facts, allegations, and claims in this litigation, including the operations of VPA. The corporate representative may be contacted through VPA's counsel: Sarah McCoy and Brice Fiske, Office of the Attorney General, 202 North 9th Street, Richmond, VA 23219.

3) **Michael Burns**
   Vice President, General Counsel, CSX

10

Mr. Burns may have information regarding facts, allegations, and claims in this litigation. Mr. Burns served on the NPBL Board from April 2018 to December 2019. Mr. Burns may be contacted through undersigned counsel.

Mr. Burns has served as legal counsel to CSXT during the relevant time period. By identifying Mr. Burns in these initial disclosures, CSXT does not waive, and expressly preserves, all applicable protections and privileges, including, but not limited to, the attorney-client privilege and the attorney work-product doctrine.

2) **Robert Martinez, Ph.D.**
Dr. Martinez has knowledge regarding facts, allegations, and claims in this litigation, including NSR's intermodal network in the Eastern United States, NSR's relationship with the Virginia Port Authority and other Port Authorities, and the conspiracy alleged in CSXT's Complaint. Dr. Martinez may be contacted through counsel for NSR.

3) **Cary Booth**
Mr. Booth has knowledge regarding facts, allegations, and claims in this litigation, including NSR's terminal operations, NSR's relationship with Virginia International Terminals, and CSX's use of the NPBL in 2015. Mr. Booth may be contacted through counsel for NSR.

4) **Greg Summy**
Mr. Summy has knowledge regarding facts, allegations, and claims in this litigation, including the NPBL Board and the conspiracy alleged in CSXT's Complaint. Mr. Summy may be contacted through counsel for NSR.

5) **Philip Merilli**
Mr. Merilli has knowledge regarding facts, allegations, and claims in this litigation, including the NPBL Board and the conspiracy alleged in CSXT's Complaint. Mr. Merilli may be contacted through counsel for NSR.

6) **Jerry Hall**
Mr. Hall has knowledge regarding facts, allegations, and claims in this litigation, including the NPBL Board and the conspiracy alleged in CSXT's Complaint. Mr. Hall may be contacted through counsel for NSR.

7) **Thomas Hurlbut**
Mr. Hurlbut has knowledge regarding facts, allegations, and claims in this litigation, including the NPBL Board and the conspiracy alleged in CSXT's Complaint. Mr. Summy may be contacted through counsel for NSR.

8) **David Stinson**
Mr. Stinson has knowledge regarding facts, allegations, and claims in this litigation, including the NPBL Board and the conspiracy alleged in CSXT's Complaint. Mr. Stinson may be contacted through counsel for NSR.

9) **Randall Hunt**
Mr. Hunt has knowledge regarding facts, allegations, and claims in this litigation, including NSR's terminal operations and international intermodal network. Mr. Hunt may be contacted through counsel for NSR.

10) **Kenneth Joyner**
Mr. Joyner has knowledge regarding facts, allegations, and claims in this litigation, including NSR's international intermodal network and competition at East Coast Ports. Mr. Joyner may be contacted through counsel for NSR.

11) **Cannon Moss**
Mr. Moss has knowledge regarding facts, allegations, and claims in this litigation, including NPBL's operations and governance, CSXT's proposals to NPBL, and CSXT's use of NPBL in 2015. terminal operations. Mr. Moss may be contacted through counsel for NPBL.

12) **Donna Coleman**
Ms. Coleman has knowledge regarding facts, allegations, and claims in this litigation, including NPBL's operations and governance, CSXT's proposals to NPBL, and CSXT's use of NPBL in 2015. Ms. Coleman may be contacted through counsel for NPBL.

13) **Thomas D. Capozzi**
Chief Sales Officer, Virginia International Terminals

Mr. Capozzi has knowledge regarding facts, allegations, and claims in this litigation, including the operations of Virginia International Terminals, efforts by ports and rail carriers to market to customers in the international intermodal market, access to NIT, and CSXT's use of NPBL in 2015. Mr. Capozzi may be contacted through his counsel: Edward J. Powers, Esq., Vandeventer Black LLP, 101 West Main Street, 500 World Trade Center, Norfolk, Virginia 23510.

**(ii) A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Response: Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), CSXT may rely on the following categories or types of documents and electronically stored information in its possession, custody, or control:

1. Documents related to NPBL governance, management, and operations;

2. Documents related to CSXT's service proposals to NPBL;

3. Documents and communications among NSR, CSXT, and NPBL;

4. Documents and communications between CSXT and its customers;

5. Documents and communications between CSXT and the VPA/VIT;

6. Documents and communications between CSXT and Commonwealth Railway;

7. Documents related to marketing and sales for intermodal freight transportation through the Port of Virginia and marine terminals in the Hampton Roads, Virginia area;

8. Route maps; and

9. Documents related to CSXT's damages.

CSXT reserves the right to withhold or redact any documents or portions of documents in these enumerated categories which may be subject to privilege.

In accordance with Rule 26 of the Federal Rules of Civil Procedure, CSXT objects to the disclosure of documents, data compilations, tangible things, and other material generated during the course of this litigation which would constitute attorney work product or privileged attorney-client communications. These documents and materials may include correspondence between CSXT and counsel, correspondence between counsel and experts, and counsel's notes concerning investigations or interviews with potential witnesses.

CSXT also reserves the right to rely upon documents, records, or electronically stored information in the possession, custody, and control of Defendants and/or non-parties.

CSXT reserves the right to supplement or amend these disclosures upon the discovery of new information or upon the introduction of new issues in the case. As such, CSXT reserves the right to identify other documents, electronically stored information, and tangible things within its possession, custody, or control that CSXT may use to support its claims or defenses.

Supplemental Response: In addition to the documents described above, in support of its claims or defenses, CSXT may use any document that has been produced by any party or third party in this action, any document that has been identified as an exhibit in any deposition in this action, and any document identified by any other party in support of their claims or defenses in this action. In addition, CSXT may use any document, table, exhibit, or other supporting material (including data and backup materials) relied on by any expert witness identified in this action, including those cited in the February 25, 2020 report and March 5, 2021 reply report of Dr. Howard P. Marvel, Ph.D., and the February 3, 2021 rebuttal expert reports of Dr. Matthew Wright, Ph.D, and Mr. Thomas Crowley.

**(iii)  A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Response: Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), CSXT has not performed a final computation of damages. CSXT's investigation is continuing, and therefore CSXT reserves the right to supplement its Disclosures as discovery proceeds.

Supplemental Response: CSXT refers to the preliminary computation of damages included in the expert report of Dr. Howard P. Marvel, Ph.D., as well as the materials supporting that computation, which CSXT served on February 25, 2020. This damages estimate is preliminary and subject to revision based on information learned in discovery, including but not limited to the additional data produced by NS after close of business on February 25, 2020.

CSXT is entitled to treble damages and attorneys' fees under the Clayton Act, 15 U.S.C. § 15, and the Virginia Business Conspiracy Act, Virginia Code § 18.2-500, both of which will be computed after the conclusion of this action.

Second Supplemental Response: CSXT refers to the computation of damages included in the reply expert report of Dr. Howard P. Marvel, Ph.D., as well as the materials supporting that computation, which CSXT served on March 5, 2021. This damages estimate is preliminary and subject to revision, as CSXT's damages are ongoing. CSXT reserves the right to supplement or revise its damages computations based on information learned in discovery, including any new or additional data that may become available.

CSXT is entitled to treble damages and attorneys' fees under the Clayton Act, 15 U.S.C. § 15, and the Virginia Business Conspiracy Act, Virginia Code § 18.2-500, both of which will be computed after the conclusion of this action.

**(iv)   For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Response: CSXT is not aware of any insurance coverage that would satisfy all or part of the damages it has incurred resulting from Defendants' actions.

                                                   **CSX TRANSPORTATION, INC.**

                                                   *By Counsel*

                                                   /s/ Robert W. McFarland
                                                   Robert W. McFarland (VSB No. 24021)
                                                   Benjamin L. Hatch (VSB No. 70116)
                                                   V. Kathleen Dougherty (VSB No. 77294)
                                                   McGuireWoods LLP
                                                   World Trade Center
                                                   101 West Main Street, Suite 9000
                                                   Norfolk, Virginia 23510-1655
                                                   Telephone: (757) 640-3716
                                                   Facsimile: (757) 640-3930
                                                   E-mail: rmcfarland@mcguirewoods.com
                                                   E-mail: bhatch@mcguirewoods.com
                                                   E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2021, a true and correct copy of the foregoing was transmitted by electronic mail to all counsel of record.

*/s/ Robert W. McFarland*

Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com