IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CSX TRANSPORTATION, INC.,**

      Plaintiff,

v.                                            Civil Action No. 2:18-cv-530-MSD-RJK

**NORFOLK SOUTHERN RAILWAY COMPANY,** *et al.*,

      Defendants.

## [PROPOSED] ORDER GRANTING NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S MOTION TO FILE DOCUMENTS UNDER SEAL

This matter comes before the Court on defendant Norfolk and Portsmouth Belt Line Railroad Company's ("the Belt Line") motion to file under seal (1) unredacted portions of the memorandum in support of its motion in limine to exclude evidence or argument about CSXT's private switching rates and (2) unredacted Exhibits A, C, D and E to the memorandum in support. These documents contain or reference information that plaintiff CSX Transportation, Inc. and co-defendant Norfolk Southern Railway Company have indicated is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. D.E. 79. Upon consideration of the motion and related filings, the Court is of the opinion that the motion should be granted.

There are three requirements for sealing court filings: (1) public notice with opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and reject alternatives to sealing. *Flexible Benefits Council v. Feldman*, No. 1:08-CV-371, 2008 U.S. Dist. LEXIS 93039 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)). Even when no party challenges a

motion to seal, the Court must still ensure the motion is supported by good cause. *Auburn Univ. v. IBM Corp.*, No. 3:0-cv-694-MEF, unpublished, 2010 WL 3927737 (M.D. Ala. Oct. 4, 2010).

In compliance with Local Rule 5 and *Ashcraft*, the Belt Line provided public notice of this motion by filing an appropriate Notice with the Court. The Belt Line also filed a redacted version of the memorandum in support of motion in limine to exclude evidence or argument about CSXT's private switching rates and the subject exhibits.

In support of sealing, the Belt Line argues that its unredacted memorandum in support and the subject exhibits contain highly confidential and sensitive information relating to CSXT's, NS's, and the Belt Line's transportation and shipping practices, business strategies, internal communications, and other highly confidential, proprietary, and sensitive business information, the release of which would harm the parties. There are no less drastic alternatives to sealing because the documents are redacted such that only information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" has been redacted. The Court FINDS that the information at issue constitutes confidential and proprietary information and that less drastic alternatives to sealing are not feasible.

Accordingly, the Court GRANTS the Belt Line's motion to seal and ORDERS that the unredacted memorandum in support of the Belt Line's memorandum in support of its motion in limine to exclude evidence or argument about CSXT's private switching rates, as well as unredacted Exhibits A, C, D and E thereto, shall be maintained under seal by the Clerk pending further order of the Court. The Clerk is REQUESTED to send a copy of this Order to all counsel of record.

3

IT IS SO ORDERED.

Norfolk, Virginia

Date: _____  _____