IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

v.   Civil Action No. 2:18-cv-530-MSD-RJK

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.

                                   /

**CSX TRANSPORTATION INC.'S MEMORANDUM IN RESPONSE
TO NORFOLK SOUTHERN RAILWAY COMPANY'S MOTION TO SEAL**

      Plaintiff CSX Transportation, Inc. ("CSXT"), by counsel, pursuant to Local Civil Rule 5(C) and Local Civil Rule 7(F), hereby submits this Memorandum in Response to the Motion to File Documents Under Seal filed by Defendant Norfolk Southern Railway Company ("NS"). *See* ECF No. 333.  CSXT has no objection to NS's Motion to Seal, and joins in the request that NS be permitted to file an unredacted version of its Memorandum in Support of Motion in Limine to Exclude Evidence and Argument on CSXT's Loss of Customer Contracts and Exhibits A, C, D, and E to that Memorandum under seal.  *See* ECF No. 335.  A proposed order granting the requested relief is attached as **Exhibit 1**.  In support, CSXT states as follows:

**INTRODUCTION**

      On May 4, 2021, NS filed its Motion to File Documents Under Seal, requesting that portions of its Memorandum in Support of Motion in Limine to Exclude Evidence and Argument on CSXT's Loss of Customer Contracts (NS's "Memorandum"), and accompanying Exhibits A,

1

C, D, and E be maintained under seal by the Clerk of this Court, pending further order of the Court. *See* ECF No. 333. With the Motion, NS filed a Memorandum in Support (ECF No. 334), and a Notice (ECF No. 336), in accordance with Local Rule 5. As NS made clear, the portions of its Memorandum and the Exhibits designated for sealing refer or cite to documents, or contain testimony, that have or has been designated "CONFIDENTIAL," or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" by CSXT under the Stipulated Protective Order entered in this matter. *See* ECF No. 334.

Pursuant to the Stipulated Protective Order, CSXT designated documents and deposition testimony in this matter as "CONFIDENTIAL" if the documents or testimony contained "confidential, non-public financial, sales, marketing, customer or cost/pricing information, and confidential and proprietary internal business, strategic planning, or tactical information, as well as any other information or record that the Producing Party believes in good faith must or may be protected from disclosure." ECF No. 79 at ¶ 2. Similarly, CSXT designated documents and deposition testimony as "CONFIDENTIAL–ATTORNEYS' EYES ONLY" ("AEO") if the material qualified for designation as "CONFIDENTIAL" and if disclosure to the Parties "would create a substantial risk of serious injury" to CSXT. *Id.*

CSXT has reviewed the portions of the Memorandum and Exhibits NS asks the Court to seal that consist of, or relate to, documents or information that CSXT designated as Confidential or AEO under the Stipulated Protective Order, including pages 1, 2, 6, 7, and 8 of NS's Memorandum and Exhibits A, C, D, and E (collectively, the "Sealed Materials"). CSXT seeks to have the Sealed Materials filed permanently under seal. For these documents, permanent sealing is necessary to protect against the prejudice to CSXT that would result from public disclosure.

As discussed below, the Sealed Materials contain non-public, commercially sensitive information. This information relates directly to CSXT's internal strategy and business decisions relating to the Port of Virginia and NPBL. In an antitrust case such as this, the protection of this information is of special importance. Indeed, it is critical that CSXT shield this information from the Defendants in this case, its customers, entities with whom CSXT has business relationships, and the public at large. Further, the Sealed Materials contain confidential and proprietary information relating to privileged and confidential communications. CSXT therefore has legitimate interests warranting an order granting the sealing of the unredacted Memorandum, and Exhibits A, C, D, and E, and respectfully asks this Court to restrict access accordingly.

## LEGAL STANDARD

The common law right of the public to inspect judicial records and documents is not absolute. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). This right of access may be outweighed by competing interests, including the prevention of harm that may result if a litigant's confidential business information or trade secrets were disclosed to the public. *See id.* Under those circumstances, courts may allow parties to file certain materials under seal. Before sealing, a district court must (1) afford any interested parties the opportunity to be heard, (2) state the reasons for its decision to seal, and (3) state the reasons for rejecting any alternatives to sealing. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000); *see also In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *Kettler Int'l, Inc. v. Starbucks Corp.*, Civil Action No. 2:14cv189, 2015 U.S. Dist. LEXIS 1486, at *2–4 (E.D. Va. Jan. 5, 2015) (Morgan, J.) (granting motion to seal "confidential business information").

**ARGUMENT**

The Court should permanently seal the Sealed Materials because NS has satisfied all three *Ashcraft* conditions. The public has notice of the Motion to Seal through NS's Notice filing on the Court's public docket. *See* ECF No. 336. There are no less drastic alternatives because the information contained within the Sealed Materials is comprised of CSXT's confidential information. The request is narrowly-tailored to small portions of the Memorandum and four of its Exhibits. Finally, the public release of such information poses a serious risk of harm to CSXT. The attached Proposed Order also details why the Sealed Materials contain CSXT's confidential and highly sensitive business information, in compliance with Local Civil Rule 5(C).

### I.   All Interested Parties Will Be Heard.

All interested parties, including the general public, have been afforded the opportunity to be heard with respect to the Sealed Materials. On May 4, 2021, NS filed a Notice indicating its Motion to Seal was filed. *See* ECF No. 336. As Local Civil Rule 5(C) contemplates, this Notice informs "any person objecting to this motion" that they may file an objection to that effect with the Clerk. E.D. Va. L.R. 5(C). The first *Ashcraft* requirement is therefore satisfied.

### II.   No Less Drastic Alternatives.

There is no less drastic alternative to sealing in this instance. NS filed a redacted version of the Memorandum and seeks to seal the unredacted version, as well as Exhibits A, C, D, and E. These documents include CSXT's confidential information that should not be disclosed to the public, and, in certain instances, highly sensitive confidential information.

The Sealed Materials include refer or cite to documents, or contain testimony and communications that should remain under seal as it reveals highly sensitive and non-public CSXT strategy on critical business topics, including relating to NPBL. Likewise, redacted portions of NS's Memorandum contains a discussion of these documents, or contain testimony and

communications. The Sealed Materials therefore describe non-public information detailing internal business, strategic planning, and tactical information, designated Confidential or AEO pursuant to the Stipulated Protective Order. NS's redactions are limited in scope only to the sections of its Memorandum describing Exhibits A, C, D, and E filed therewith. The Exhibits consist of documents containing commercially sensitive information, or summaries of such information. Redactions of these Exhibits would be impossible and render them meaningless.

The second *Ashcraft* factor is met where it is not feasible to redact substantial portions of a memorandum or exhibit. *See Guerrero v. Deane*, No. 1:09cv1313 (JCC/TRJ), 2012 U.S. Dist. LEXIS 125422, at *6–7 (E.D. Va. Sep. 4, 2012) (finding it was "inappropriate to sub-divide the exhibits or order extensive redactions that would render the exhibits indecipherable"). This is not a wide-ranging sealing for all of CSXT's documents. Rather, NS has properly sought protection for materials that are truly non-public, proprietary, and commercially sensitive. As the public disclosure of these materials would risk injury to CSXT and its competitive position, there is no less restrictive alternative to the targeted sealing sought by NS.

### III. The Non-Public, Proprietary, and Commercially Sensitive Information Warrants Sealing.

Courts routinely seal documents that contain a party's confidential and commercially sensitive internal business information. *See Kettler Int'l, Inc.*, 2015 U.S. Dist. LEXIS 1486, at *4. For example, confidential commercial information, trade secrets, and financial information are "typically sealed by this Court." *Id.* (citations omitted). As explained below, NS's Memorandum, and the listed Exhibits contain CSXT's (and Defendants') internal, sensitive business information not ordinarily subject to public disclosure. Moreover, nothing within these documents would "enhance the public's understanding of an important historical event." *In re Knight*, 743 F.2d at 235 (citing *Nixon*, 435 U.S. at 597–608). The non-public information contained in NS's

Memorandum and accompanying Exhibits A, C, D, and E, refer or cite to documents, or contain testimony, that have or has been designated Confidential or AEO by CSXT because they include information that is commercially sensitive, and therefore, sealing is warranted.

The Sealed Materials include refer to, cite, or describe documents, testimony, or communications that should remain under seal as they reveal highly sensitive and non-public CSXT information on critical business topics, including customer relationships, contract negotiations, and commercial practices. For instance, Exhibits A, C, and D consist of portions of CSXT's written discovery responses – including detailed information about each individual who may have knowledge relating to the claims and defenses in this case. Exhibit E is an excerpt from the deposition of a CSX witness discussing contracts with two ocean carrier customers. Public disclosure of this information would harm CSXT, including by among other things, revealing sensitive details about its business strategy to its competitors and customers.

Courts have granted motions to seal similar information about a party's business strategies and commercial information. *See, e.g., Intelligent Verification Sys., LLC v. Microsoft Corp.*, Civil Action No. 2:12-cv-525-AWA-LRL, 2014 U.S. Dist. LEXIS 197060, at *3–4 (E.D. Va. Dec. 22, 2014) (granting motion to seal where "the information Microsoft seeks to file under seal is sensitive business information and Microsoft's competitive position might be impaired if this information is disclosed to the public at large"). CSXT designated the testimony and documents as Confidential or AEO under the Stipulated Protective Order because they contain highly confidential and sensitive information relating to CSXT's transportation and shipping practices, negotiations with customers and stakeholders, business strategy, internal communications, and other highly confidential, proprietary, and sensitive business information, release of which would harm CSXT.

This information should remain under seal. There is no public interest in access to this information and, conversely, the public disclosure of this information would harm CSXT by revealing intimate details about the company's strategic plans, including to CSXT's competitors and parties with whom it regularly engages in negotiations. These Sealed Materials should therefore remain under seal.

## CONCLUSION

The materials NS seeks to seal are truly non-public, proprietary, and commercially sensitive. There is no countervailing public interest in the disclosure of these materials. Rather, the materials are not accessible to the public, they do not contain information of historical importance, and public disclosure would risk injury to CSXT and its competitive position.

For the foregoing reasons, CSXT respectfully requests that the Court enter an Order granting NS's Motion in the Proposed Order filed herewith as **Exhibit 1**.

Dated: May 11, 2021                                   Respectfully submitted,

                                                      CSX TRANSPORTATION, INC.
                                                      *By Counsel*

                                                      */s/ Benjamin L. Hatch*
                                                      Robert W. McFarland (VSB No. 24021)
                                                      Benjamin L. Hatch (VSB No. 70116)
                                                      V. Kathleen Dougherty (VSB No. 77294)
                                                      MCGUIREWOODS LLP
                                                      World Trade Center
                                                      101 West Main Street, Suite 9000
                                                      Norfolk, Virginia 23510-1655
                                                      Telephone: (757) 640-3716
                                                      Facsimile: (757) 640-3930
                                                      E-mail: rmcfarland@mcguirewoods.com
                                                      E-mail: bhatch@mcguirewoods.com
                                                      E-mail: vkdougherty@mcguirewoods.com

                                                      J. Brent Justus (VSB No. 45525)
                                                      Ashley P. Peterson (VSB No. 87904)

                                                                                                                   McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I certify that on this 11th day of May, 2021, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

/s/ Benjamin L. Hatch
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com