# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

v.                                          Civil Action No. 2:18-cv-530-MSD-RJK

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.

## **ORDER**

The matter comes before the Court pursuant to Local Civil Rule 5 and Plaintiff CSX Transportation, Inc.'s ("CSXT") Motion to Seal its unredacted Memorandum in Support of its Motion to Exclude Thomas D. Crowley, together with Exhibits A, B, D, and E thereto (collectively, the "Sealed Materials"). CSXT has represented that these documents contain and/or reference information that have been designated as "Confidential" or "Confidential—Attorneys Eyes Only" by Defendant Norfolk and Portsmouth Belt Line Railroad Company (NPBL) or CSXT under the Stipulated Protective Order entered in this matter. ECF No. 79.

Before this Court may seal documents, it must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted).

In compliance with Local Civil Rule 5(C) and *Ashcraft*, CSXT provided public notice of

1

this Motion by filing an appropriate Notice with the Court. In support of sealing, CSXT argued that the Sealed Materials contain, discuss, and characterize highly confidential and sensitive information relating to NPBL's and CSXT's business strategy, cost structure, internal communications, and other proprietary information, release of which could harm NPBL or CSXT, release of which could harm NPBL.

There are no less drastic alternatives to sealing: CSXT filed a redacted version of its Motion such that only information designated as "Confidential" or "Confidential – Attorneys Eyes Only" has been redacted and, given the nature of the confidential information contained therein, redaction of Exhibits A, B, D, and E is impractical.

Based on the foregoing, the Court FINDS that the information at issue constitutes confidential and proprietary information, and that less drastic alternatives to sealing the Sealed Materials are not feasible.

Accordingly, the Court GRANTS CSXT's Motion to Seal and ORDERS that CSXT's unredacted Memorandum in Support of its Motion to Exclude Thomas D. Crowley, together with Exhibits A, B, D, and E thereto, shall be maintained under seal by the Clerk pending further order of the Court. The Clerk is REQUESTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.


Dated:_____
At Norfolk, Virginia

_____
The Honorable Robert J. Krask
United States Magistrate Judge