IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

v.                                             Civil Action No. 2:18-cv-530-MSD-RJK

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.

_____/

**CSX TRANSPORATION, INC.'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO FILE DOCUMENTS UNDER SEAL**

COMES NOW Plaintiff CSX Transportation, Inc. ("CSXT"), by counsel, and respectfully submits this Memorandum in Support of its Motion to Seal portions of its unredacted Memorandum in Support of its Motion to Exclude Thomas D. Crowley (the "Memorandum"), together with Exhibits A, B, D, and E thereto. As set forth below, these materials contain and/or reference information that have been designated as "Confidential" or "Confidential – Attorneys Eyes Only" ("AEO") by Defendant Norfolk and Portsmouth Belt Line Railroad Company (NPBL) or CSXT under the Stipulated Protective Order entered in this matter. ECF No. 79 ¶ 16. As such, CSXT asks that the Court grant the Motion and file under seal an unredacted version of the Memorandum and Exhibits A, B, D, and E.

**INTRODUCTION**

Pursuant to the Stipulated Protective Order, the Parties have designated documents and deposition testimony in this matter as "Confidential" if the documents or testimony contained

1

"confidential, non-public financial, sales, marketing, customer or cost/pricing information, and confidential and proprietary internal business, strategic planning, or tactical information, as well as any other information or record that the Producing Party believes in good faith must or may be protected from disclosure." ECF No. 79 at ¶ 2. Similarly, the Parties designated documents and deposition testimony as "Confidential—Attorneys Eyes Only" ("AEO") if the material qualified for designation as "Confidential" and if disclosure to the Parties "would create a substantial risk of serious injury" to CSXT. *Id.*

CSXT asks the Court to seal its unredacted Memorandum and Exhibits A, B, D, and E therero (collectively, "the Sealed Materials"). The Sealed Materials consist of, or relate to, documents or information that have been designated as Confidential or AEO under the Stipulated Protective Order. ECF No. 79 ¶ 16. Specifically, Exhibits A and B are documents NPBL has designated "AEO," and CSXT has designated as "AEO" the materials attached as Exhibits D and E. As such, CSXT seeks to have the Sealed Materials filed permanently under seal. For these documents, permanent sealing is necessary to protect against the prejudice that would result from public disclosure.

As discussed below, the Sealed Materials contain non-public, commercially sensitive information. This information relates directly to the Parties' internal strategy, business decisions relating to the Port of Virginia and NPBL, and internal financial information. In an antitrust case such as this, the protection of this information is of special importance. Indeed, it is critical that this information be shielded from other parties to this case, customers, other stakeholders, and the public at large. Further, the Sealed Materials contain confidential and proprietary information relating to privileged and confidential communications. There are, therefore, legitimate interests warranting an order granting the sealing of CSXT's unredacted Memorandum and the noted

Exhibits thereto, and CSXT respectfully asks this Court to restrict access accordingly.

## ARGUMENT

**A.     The Ashcraft Requirements Have Been Properly Satisfied**

In *Ashcraft et al. v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), the Fourth Circuit held that the district court's underlying order sealing settlement documents was invalid because the district court had not complied with relevant precedent. *Id*. at 302. The *Ashcraft* court relied on two earlier Fourth Circuit cases when setting forth the procedures for sealing court documents: *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984) and *Stone v. Univ. of Maryland*, 855 F.2d 178 (4th Cir. 1988). According to the *Ashcraft* court, before a district court may seal court documents it must:

   (1)   Give public notice of the request to seal and allow interested parties a reasonable opportunity to object;

   (2)   Consider less drastic alternatives to sealing the documents; and

   (3)   Provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft*, 218 F.3d at 288. Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight*, 743 F.3d at 235. As presented in more detail below, filing the CSXT's unredacted Memorandum and Exhibits A, B, D, and E under seal is appropriate.

### 1.     Public Notice Has Been Provided

In compliance with Local Civil Rule 5(C) and *Ashcraft*, CSXT has provided public notice of this Motion by filing an appropriate Notice with the Court. This Notice will notify members of the public of the fact that the Court will be considering the permissibility of the sealing CSXT's unredacted Memorandum and Exhibits A, B, D, and E. *See In re Knight*, 743 F.2d at 235 (stating

that "public was entitled to notice of counsel's request to seal, and an opportunity to object to the request before the court made its decision").

### 2. There Are No Less Drastic Alternatives

CSXT does not seek a blanket protective order sealing its Memorandum and all accompanying exhibits. Instead a "less drastic" alternative is sought—namely CSXT has filed a redacted version of the Memorandum and seeks to seal the unredacted version, as well as four of the accompanying Exhibits. These documents include CSXT's (and Defendants') confidential information that should not be disclosed to the public, and, in certain instances, highly sensitive confidential information.

The Sealed Materials include refer or cite to documents, or contain testimony and communications that should remain under seal as they reveal highly sensitive and non-public CSXT (as well as NS and NPBL) strategy on critical business topics. Likewise, redacted portions of CSXT's Memorandum contain a discussion of these documents, or contain testimony and communications. The Sealed Materials therefore describe non-public information detailing internal business, strategic planning, and tactical information, designated Confidential or AEO pursuant to the Stipulated Protective Order. CSXT's redactions are limited in scope only to the sections of its Memorandum describing Exhibits A, B, D, and E filed therewith. The Exhibits consist of documents containing, summarizing, discussing, or detailing commercially sensitive information. Redaction of Exhibits A, B, D, and E would be impossible and render them meaningless.

The second *Ashcraft* factor is met where it is not feasible to redact substantial portions of a memorandum or exhibit. *See Guerrero v. Deane*, No. 1:09cv1313 (JCC/TRJ), 2012 U.S. Dist. LEXIS 125422, at *6–7 (E.D. Va. Sep. 4, 2012) (finding it was "inappropriate to sub-divide the exhibits or order extensive redactions that would render the exhibits indecipherable"). This is not

a wide-ranging sealing for all of CSXT's documents. Rather, CSXT has properly seeks protection for materials that are truly non-public, proprietary, and commercially sensitive. As the public disclosure of these materials would risk injury to CSXT (and NPBL) and its competitive position, there is no less restrictive alternative to the targeted sealing sought by CSXT

### 3. Specific Reasons Why the Opposition and Exhibits Should Be Filed Under Seal

Courts routinely seal documents that contain a party's confidential and commercially sensitive internal business information. *See Kettler Int'l, Inc.*, 2015 U.S. Dist. LEXIS 1486, at *4. For example, confidential commercial information, trade secrets, and financial information are "typically sealed by this Court." *Id.* (citations omitted). As explained below, CSXT's Memorandum, and the listed Exhibits contain CSXT's (and Defendants') internal, sensitive business information not ordinarily subject to public disclosure. Moreover, nothing within these documents would "enhance the public's understanding of an important historical event." *In re Knight*, 743 F.2d at 235 (citing *Nixon*, 435 U.S. at 597–608). The non-public information contained in the Sealed Materials refer or cite to documents, or contain testimony, that have or has been designated Confidential or AEO by CSXT (or Defendants) because they include information that is commercially sensitive, and therefore, sealing is warranted. Specifically, Exhibits A and B are Mr. Crowley's report and excerpts from his deposition testimony. These materials contain or reference sensitive, non-public, and proprietary information of NPBL, NS, and CSXT. Similarly, Exhibits D and E are the opening and reply reports of CSXT's expert economist, Dr. Howard P. Marvel, which include citations to sensitive business information from all Parties, including references to deposition testimony that has been designated as Confidential or AEO.

Courts have granted motions to seal similar information about a party's business strategies and commercial information. *See, e.g., Intelligent Verification Sys., LLC v. Microsoft Corp.*, Civil

Action No. 2:12-cv-525-AWA-LRL, 2014 U.S. Dist. LEXIS 197060, at *3–4 (E.D. Va. Dec. 22, 2014) (granting motion to seal where "the information Microsoft seeks to file under seal is sensitive business information and Microsoft's competitive position might be impaired if this information is disclosed to the public at large"). CSXT (and NPBL) designated the testimony and documents as Confidential or AEO under the Stipulated Protective Order because they contain, discuss, and characterize highly confidential and sensitive information relating to CSXT's (and Defendants') transportation and shipping practices, negotiations with customers and stakeholders, customer relationships, business strategy, internal communications, and other highly confidential, proprietary, and sensitive business information, release of which would harm CSXT (and Defendants).

This information should remain under seal. There is no public interest in access to this information and, conversely, the public disclosure of this information would harm CSXT (and Defendants), including by among other things, revealing sensitive details about its business strategy to its competitors and customers. These Sealed Materials should therefore remain under seal.

In sum, the harm resulting to CSXT (and Defendants) from the disclosure of the information in the unredacted Opposition and Exhibits outweighs any prejudice of nondisclosure.

## CONCLUSION

For the foregoing reasons, CSXT respectfully requests that the Court grant CSXT's Motion to Seal its unredacted Memorandum in Support of its Motion to Exclude Thomas D. Crowley, together with Exhibits A, B, D, and E thereto.

Dated: May 12, 2021                          Respectfully submitted,

**CSX TRANSPORTATION, INC.**
*By Counsel*

*/s/ Benjamin L. Hatch*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that on this 12th day of May, 2021, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

/s/ Benjamin L. Hatch
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone: (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com