# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

       Plaintiff,

v.                               Civil Action No. 2:18-cv-530-MSD-RJK

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

       Defendants.

_____/

**ORDER GRANTING NORFOLK & PORTSMOUTH BELT LINE
RAILROAD COMPANY'S MOTIONS TO SEAL**

      This matter comes before the Court on three Motions to Seal submitted by Defendant

Norfolk & Portsmouth Belt Line Railroad Company ("NPBL"), pursuant to Local Civil Rule 5(C).

*See* ECF Nos. 351, 357, 363.  NPBL seeks to seal the following materials because they contain

and/or reference information that CSXT has designated as "CONFIDENTIAL" or

"CONFIDENTIAL–ATTORNEYS' EYES ONLY" under the Stipulated Protective Order entered

in this matter.  *See* ECF No. 79:

- An unredacted version of its Memorandum in Support of Motion in Limine to Exclude

  Evidence and Argument About CSXT's Private Switching Rates and Exhibits A, C, D,

  and E thereto (ECF No. 355),

- An unredacted version of its Memorandum in Support of Motion in Limine to Limit

  Evidence and Argument from Non-Parties VPA and VIT and Exhibits B and D thereto

  (ECF No. 361), and

1

- An unredacted version of its Memorandum in Support of Motion in Limine to Exclude Evidence from CSXT Witnesses Who Lack Personal Knowledge and Exhibits A, B, D, E, F, G, H, and I thereto (ECF No. 367).

CSXT has filed a Response in Support of all three Motions to Seal.

The Fourth Circuit has established certain steps a district court must take before sealing a court document. As set forth in *Ashcraft v. Conoco, Inc.*, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted).

The Court FINDS that, in this instance, all of the *Ashcraft* factors weigh in favor of sealing these documents from the public record.

First, the Court finds Defendant NPBL properly filed each Motion to Seal and accompanying Notices, in accordance with Local Civil Rule 5(C). The public was provided with an opportunity to bring objections, if any, to the filing.

Second, the Court finds that the disclosure of information in Memoranda and Exhibits, as well as the citation to and discussion of those exhibits within the Memoranda, would disclose CSXT's confidential and sensitive business information, as well as that of non-parties the Virginia Port Authority and Virginia International Terminals, LLC, and that no less drastic alternative to sealing is available. The information in the Memoranda and Exhibits relates to documents designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" pursuant to the Stipulated Protective Order entered in this matter. Redaction of the Exhibits is not feasible.

Third, the Court finds that the unredacted information in the above-referenced Exhibits contain highly confidential and sensitive information relating to CSXT's competitive business strategy and relationships, internal communications regarding customers, and other highly confidential, proprietary, and sensitive business information.  The release of such information would harm CSXT.  Accordingly, the Court FINDS that the information NPBL seeks to file under seal is sensitive business information, and that CSXT's competitive position might be impaired if this information is disclosed to the public.

Thus, for good cause shown, it is hereby ORDERED that NPBL's Motions to Seal (ECF Nos. 351, 357, and 363) be GRANTED.  The Court ORDERS that:

- An unredacted version of its Memorandum in Support of Motion in Limine to Exclude Evidence and Argument About CSXT's Private Switching Rates and Exhibits A, C, D, and E thereto (ECF No. 355),

- An unredacted version of its Memorandum in Support of Motion in Limine to Limit Evidence and Argument from Non-Parties VPA and VIT and Exhibits B and D thereto (ECF No. 361), and

- An unredacted version of its Memorandum in Support of Motion in Limine to Exclude Evidence from CSXT Witnesses Who Lack Personal Knowledge and Exhibits A, B, D, E, F, G, H, and I thereto (ECF No. 367)

shall be permanently maintained under seal by the Clerk.

**IT IS SO ORDERED.**

Date: _____

_____
Hon. Robert J. Krask
United States Magistrate Judge

3