UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-530 |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

This matter comes before the Court pursuant to Local Civil Rule 5(C) on Defendant Norfolk Southern Railway Company's ("NS") Motion to Seal. NS seeks to seal portions of its unredacted Memorandum in Support of Motion in Limine Regarding Discontinuance of the Diamond Track, together with the following Exhibits to NS's Memorandum in Support of Motion in Limine Regarding Discontinuance of the Diamond Track: Exhibits A, B, and C. These documents contain and/or reference information that Plaintiff CSX Transportation, Inc. ("CSX") has indicated is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order entered in this matter. ECF No. 79.

Before this Court may seal documents, it must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted).

In compliance with Local Rule 5 and *Ashcraft*, NS provided public notice of this motion by filing an appropriate Notice with the Court. In support of sealing, NS argued that its unredacted Memorandum in Support of Motion in Limine Regarding Discontinuance of the Diamond Track, together with Exhibits A, B, and C contain highly confidential and sensitive information relating to CSX's transportation and shipping practices, business strategy, internal communications, and other highly confidential, proprietary, and sensitive business information, release of which would harm the parties. There are no less drastic alternatives to sealing because the documents are redacted such that only information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" has been redacted. NS also filed a redacted version of its Memorandum in Support of Motion in Limine Regarding Discontinuance of the Diamond Track. Given the nature of the confidential information contained in the identified Exhibits, further redaction of these Exhibits is impractical.

Based on the foregoing, the Court **FINDS** that the information at issue constitutes confidential and proprietary information and that less drastic alternatives to sealing NS's unredacted Memorandum in Support of Motion in Limine Regarding Discontinuance of the Diamond Track and unredacted Exhibits are not feasible.

Accordingly, the Court **GRANTS** NS's Motion to Seal and **ORDERS** that NS's Memorandum in Support of Motion in Limine Regarding Discontinuance of the Diamond Track, and unredacted Exhibits A, B and C to its Motion and Memorandum in Support of Motion in Limine Regarding Discontinuance of the Diamond Track shall be maintained under seal by the Clerk pending further order of the Court. The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

- 3 -

**IT IS SO ORDERED.**

Norfolk, Virginia

Date: *May 17, 2021*

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

- 3 -