# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) <br> individually and on behalf of NORFOLK ) <br> & PORTSMOUTH BELT LINE ) <br> RAILROAD COMPANY, ) <br> ) <br>              *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> NORFOLK SOUTHERN RAILWAY ) <br> COMPANY, *et al.*, ) <br> ) <br>              *Defendants*. ) | Case No. 2:18-cv-530 |

## **ORDER**

       This matter comes before the Court pursuant to Local Civil Rule 5(C) and Defendants Norfolk Southern Railway Company and Norfolk and Portsmouth Belt Line Railroad Company's Joint Motion to Seal. Defendants seek to seal portions of their unredacted Opposition to CSXT Transportation, Inc.'s Motion in Limine Regarding the Uniform Rate Provision, together with Exhibits 3, 5, 6, 7, 10, 12, and 13. These documents contain and/or reference information that Plaintiff CSX Transportation, Inc. ("CSX"), Defendant Norfolk Southern Railway Company ("NS"), and/or Defendant Norfolk & Portsmouth Belt Line Railroad Company ("NPBL") has indicated is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order entered in this matter. ECF No. 79.

       Before this Court may seal documents, it must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings

- 2 -

supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted).

In compliance with Local Rule 5 and *Ashcraft*, Defendants provided public notice of this motion by filing an appropriate Notice with the Court. In support of sealing, Defendants argued that their unredacted Opposition to CSX Transportation, Inc.'s Motion in Limine Regarding the Uniform Rate Provision and Exhibits 3, 5, 6, 7, 10, 12, and 13 contain highly confidential and sensitive information relating to CSXT's, NSR's, and/or NPBL's transportation and shipping practices, business strategy, internal communications, and other highly confidential, proprietary, and sensitive business information, release of which would harm the parties. There are no less drastic alternatives to sealing the documents because the documents contain information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Given the nature of the confidential information contained in the identified Exhibits, redaction of these Exhibits is impractical.

Based on the foregoing, the Court **FINDS** that the information at issue constitutes confidential and proprietary information and that less drastic alternatives to sealing Defendants' unredacted Opposition to CSX Transportation, Inc.'s Motion in Limine Regarding the Uniform Rate Provision and unredacted Exhibits are not feasible.

Accordingly, the Court **GRANTS** Defendant's Motion to Seal and **ORDERS** that Defendants' unredacted Opposition to CSX Transportation, Inc.'s Motion in Limine Regarding the Uniform Rate Provision and designated Exhibits shall be maintained under seal by the Clerk pending further order of the Court.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia

Date: _____

Robert J. Krask
United States Magistrate Judge