UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., individually and on behalf of NORFOLK & PORTSMOUTH BELT LINE RAILROAD COMPANY,<br><br>                 Plaintiff,<br><br>v.<br><br>NORFOLK SOUTHERN RAILWAY COMPANY, et al.,<br><br>                 Defendants. | Civil Action No.: 2:18cv530 |

## NORFOLK SOUTHERN RAILWAY COMPANY'S
## NOTICE OF RELATED COMPLAINT

Defendants Norfolk Southern Railway Company ("NS"), by counsel, hereby notifies the Court that on September 15, 2022, NS filed a protective Complaint in this Court seeking review of the Surface Transportation Board's ("STB") Decision dated June 17, 2022, in *Norfolk Southern Railway Company—Petition for Declaratory Order*, Docket No. FD 36522, Decision, 2022 WL 2191932 (June 17, 2022) (the "STB Decision").

A copy of this Complaint is attached hereto as **Exhibit A**. It is styled *Norfolk Southern Railway Company v. Surface Transportation Board and the United States of America,* Civil Action No. 2:22-cv-385.

NS's protective Complaint challenges two rulings in the STB's Decision. In that decision, the STB erroneously held that neither it nor its predecessor, the Interstate Commerce Commission ("ICC"), had authorized NSR to control one of its subsidiaries, the Norfolk & Portsmouth Belt Line Railway Company. The STB Decision is contrary to ICC and STB regulations and

inadequately explained, making it arbitrary, capricious, not in accordance with law, and invalid. *See* 5 U.S.C. § 706(2)(A).

Although NSR believes that the United States Court of Appeals for the District of Columbia Circuit has exclusive jurisdiction to review challenges to the relevant STB rulings and, thus, has challenged the STB Decision before that court, *see Norfolk Southern Railway Company v. Surface Transportation Board*, No. 22-1209 (D.C. Cir. Aug. 15, 2022), NSR also protectively filed a Complaint in this Court given the 90-day window for seeking judicial review. *See* 28 U.S.C. § 1336(c); *Western Union Telegraph Co. v. FCC*, 773 F.2d 375, 380 (D.C. Cir. 1985) (urging parties to file protective petitions when jurisdictional questions arise); *Recreation Vehicle Indus. Ass'n v. EPA*, 653 F.2d 562, 569 (D.C. Cir. 1981) ("As a general rule, of course, counsel would be wise to file a protective petition for review ….").

Date: September 15, 2022                Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

*/s/ Alan D. Wingfield*
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS, LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

        John C. Lynch (VSB No. 39267)
        Kathleen M. Knudsen (VSB No. 90845)
        TROUTMAN PEPPER HAMILTON SANDERS LLP
        222 Central Park Avenue, Suite 2000
        Virginia Beach, VA  23462
        Telephone: (757) 687-7500
        Facsimile: (757) 687-7510
        Email: john.lynch@troutman.com
        Email: kathleen.knudsen@troutman.com

        Tara L. Reinhart
        Thomas R. Gentry
        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
        1440 New York Avenue, N.W.
        Washington, DC 20005
        Telephone: (202) 371-7000
        tara.reinhart@skadden.com
        thomas.gentry@skadden.com

        *Counsel for Defendant Norfolk Southern Railway Company*

        130017353