**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| CSX TRANSPORTATION, INC., | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| NORFOLK SOUTHERN RAILWAY | ) |
| COMPANY, *et al.*, | )   Case No. 2:18-cv-530 |
| | ) |
| *Defendants*. | ) |

**DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY'S**
**REPLY IN SUPPORT OF MOTION IN LIMINE**
**REGARDING DISCONTINUANCE OF THE DIAMOND TRACK**

Defendant Norfolk Southern Railway Company ("NS"), by counsel, submits this Reply in Support of its Motion in Limine ("Motion") [ECF No. 343] under Federal Rules of Evidence 402 and 403 seeking to prohibit Plaintiff CSX Transportation, Inc. ("CSX") from offering at trial any evidence or argument that the discontinuance of the railroad track between NS Junction and Carolina Junction in South Norfolk (the "Diamond Track") is evidence of wrongful conduct by Defendants.

**INTRODUCTION**

The U.S. Court of Appeals for the Fourth Circuit has long recognized that "a litigant is not entitled to remain mute and await the outcome of an agency's decision and, if it is unfavorable, [then] attack it…." *First-Citizens Bank & Tr. Co. v. Camp*, 409 F.2d 1086, 1088–89 (4th Cir. 1969). Similarly, it is well established that a corporation cannot "complain as stockholders of their own action as directors." *See Altavista Cotton Mills v. Lane*, 133 Va. 1, 15–16 (1922). The legal principle in both situations is the same—a party is barred from latter

attacking actions that it explicitly authorized by active participation or implicitly sanctioned through its own inaction.  It is on this legal bedrock that NS seeks to exclude from trial argument and evidence collaterally attacking the STB's and NPBL Board's approval of the discontinuance of the Diamond Track.  In response, CSX makes flawed arguments that concede critical portions of NS's argument and miss the point of NS's Motion altogether.

**ARGUMENT**

A.    **CSX's Diamond Track argument is exactly the type of collateral attack on an STB Order that is prohibited.**

CSX accepts, as it must, the fact that the discontinuance of the Diamond Track was **entirely legal**.  Nor does CSX seriously contest that a collateral attack on the actions of the STB is barred.  Indeed, federal courts have long recognized that an aggrieved "person should not be entitled to sit back and wait until all interested persons who do so act have been heard, and then complain that he has not been properly treated. To permit such a person to stand aside and speculate on the outcome; if adversely affected, come into this court for relief; and then permit the whole matter to be reopened in his behalf, would create an impossible situation." *Red River Broad. Co. v. F.C.C.*, 98 F.2d 282, 286–87 (D.C. Cir. 1938); *First-Citizens Bank*, 409 F.2d at 1088–89 (citing *Red River* with approval).  This is because "a litigant is not entitled to remain mute and await the outcome of an agency's decision and, if it is unfavorable, [then] attack it …." *First-Citizens Bank*, 409 F.2d at 1088–89.

Similarly, it is well established that a corporation cannot "complain as stockholders of their own action as directors."  *See Altavista Cotton Mills v. Lane*, 133 Va. 1, 15–16 (1922).  The precept in both situations is the same—a party is barred from latter attacking actions that it explicitly authorized by its active participation or implicitly sanctioned through its own inaction.

CSX does not dispute that the STB approved the removal of the Diamond Track. Nor does CSX dispute that the NPBL Board approved termination of trackage rights over the Diamond Track. CSX also does not challenge that, at the time NS applied for the discontinuance, "no local traffic ha[d] moved over the line for at least 2 years" and "no formal complaint [had been] filed by a user of rail service on the line." *See* STB Docket No. AB-290, ID 222198 (Sub-No. 299X, ID 222200) (May 15, 2008). And critically, NS laid out in its opening brief that CSX had knowledge and every opportunity to have contested the discontinuance, and yet did nothing, ECF No. 347, at 2-4; CSX stands essentially mute in face of these incontestable facts, thereby admitting NS's argument. *See generally* Opp. Br., ECF No. 417.

CSX's main response to NS's Motion is its contention that presenting evidence of the Diamond Track removal is not in fact a collateral attack on the STB's decision because CSX is not claiming that discontinuance of the track was unlawful, but that it is evidence of a conspiracy. Notwithstanding CSX's attempt to re-write history through its litigation advocacy, the undisputed facts reflect that, at the time, CSX did not have a problem with the termination of the Diamond Track. However, CSX misses the point of NS's Motion. Regardless of the probative value of the long-stale discontinuance of the Diamond Track, NS argues that CSX is barred from making that argument by its actions at the time and long inaction since. Years later, CSX *changed its mind* and so *now* claims that removal of the Diamond Track was an act in furtherance of a conspiracy, and as such, is admissible evidence in this case. This is a dilatory collateral attack that should not be permitted as evidence in this case.

A collateral attack is "[a]n attack on a judgment in a proceeding other than a direct appeal." *Collateral Attack*, Black's Law Dictionary (11th ed. 2019). Basically, a direct attack is an appeal that says: "X decision was improper." A collateral attack is filing a different lawsuit

and claiming, "X decision may be proper but *still should not have happened* for Y reason."  In both, the claimant is saying the action should *not* have happened (*e.g.*, removal of the Diamond Track), but the procedural posture is different.  Here, CSX is collaterally attacking the Diamond Track removal by conceding that it was legal but still claiming that it *should not have happened* because it was an act in furtherance of a conspiracy.  This is the definition of an improper collateral attack.

It is well established that litigants cannot collaterally attack STB judgments, no matter how creative the rationale.  *E.g.*, *Columbiana Cnty. Port Auth. v. Boardman Twp. Park Dist.*, 154 F. Supp. 2d 1165, 1178 (N.D. Ohio 2001) ("Having failed to challenge the STB's conclusion in a timely fashion before the Court of Appeals, the Park District's collateral attack on the STB's decision is barred…."); *Trevarton v. S. Dakota*, 817 F.3d 1081, 1084 (8th Cir. 2016) ("The district court held, quite properly, that it lacked jurisdiction to consider this collateral attack on the STB's exclusive jurisdiction….").

The reasoning for this is based on the well-established legal principle of waiver.  If a claimant has the opportunity to object or appeal an agency decision but chooses not to do so, *as CSX did here*, the claimant has waived any future argument involving the agency's decision.  *See Groh v. Union Pac. R.R. Co.*, No. 17-00741-CV-W-ODS, 2017 WL 5985572, at *4–5 (W.D. Mo. Dec. 1, 2017) ("Plaintiffs could have challenged the STB's decision by filing a petition with the Eighth Circuit, but they failed to do so. Plaintiffs have waived any challenge to the validity of the STB's order.").   Thus, CSX has waived any argument that the removal of the Diamond Track is improper because it *could* have challenged the decision before the NPBL Board or the STB, but it chose to do neither.

4

Perhaps recognizing the weakness of its arguments, CSX tries to evade application of the rule against collateral attack by claiming that it is *not* challenging the STB's *decision*, rather it is claiming that the STB's decision approving removal of the Diamond Track was itself an action in furtherance of the alleged conspiracy. *See* Opp. Br. 18 (claiming "discontinuation of the Diamond Track was one means by which NS sought to block CSX's access to on-dock rail NIT for anticompetitive gain"). Beyond the obvious fact that CSX has now effectively attempted to implicate the STB in its claims of conspiracy because the discontinuation of the Diamond Track *occurred on the STB's Order*, courts refuse to allow claimants to use creative mechanisms to evade the rule prohibiting collateral attack. *See Ballard Terminal R. Co., LLC v. City of Kirkland*, No. C13-586MJP, 2013 WL 1990872, at *2 (W.D. Wash. May 13, 2013) (rejecting "[e]ach of Plaintiff's attempts to skirt" the "jurisdictional bar" with a collateral attack on an STB decision); *Groh*, 2017 WL 5985572, at *4–5 ("Although they attempt to characterize this lawsuit as one seeking 'quiet title,' Plaintiffs are collaterally attacking the STB's decision to grant an exemption to Jackson County, and authorize Jackson County to use the rail line for recreational purposes….No court—other than the Eighth Circuit—would have jurisdiction to review a decision issued by the STB."). This Court should do the same.

**B.    CSX's did not even *attempt* to argue that its challenge to the propriety of the Diamond Track removal was timely.**

In any event, CSX also needs to explain, but fails to do so, its long failure to act, including not only to respond to the STB approval, but also its consent at the time, and long failure to challenge, the act of the NPBL approving the discontinuance. In its opening brief, NS explained that one independent reason that evidence related to the Diamond Track removal should be excluded is because it is simply untimely. *See* Opening Br. 8–9. CSX did not respond to this argument except with a footnote claiming that this argument "fails for all the reasons

stated in CSX's opposition to NS's motion for summary judgment." *See* Opp. Br. 18 n.3 (pointing to CSX's opposition to NS's statute of limitations argument).

CSX's response is odd because nothing in NS's timeliness argument ever even *mentioned* the statute of limitations. NS's argument is applicable regardless of any application of the statute of limitations—though, CSX's claims are *also* barred by the statute of limitations, so such evidence is also *certainly* untimely. Under any of the relevant statutory periods, the discontinuance of the Diamond Track falls well outside the statute of limitations. CSX's arguments to the contrary, CSX cannot recover damages flowing from any alleged pre-2013 conduct, including NS's 2008 action to seek approval of the discontinuance. *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 190 (1997) (observing that, even if there is a continuing violation, the plaintiff cannot "recover for the injury caused by old overt acts outside the limitations period")[1]

Because CSX did not respond to NS's arguments on this point, the Court should grant NS's Motion on this ground alone: evidence regarding the 2007 and 2008 approval of Diamond Track discontinuation by the NPBL Board and STB is untimely because CSX could have objected more than a decade ago *but chose not to.*

**C.    Evidence regarding the Diamond Track removal is improper because it has a substantial likelihood of confusing and misleading the jury.**

In its opening brief, NS argued that the Diamond Track evidence and argument is not only legally improper and irrelevant, but its introduction at trial will present a substantial danger of confusing and misleading the jury. *See* Opening Br. 9–10; Fed. R. Evid. 403. In response, CSX argued that the risk of confusion to the jury does not rise to the level of "extraordinary" and the only prejudice comes from being evidence that shows NS's wrongdoing. *See* Opp. Br. 19.

---

[1] As NS explained in its Memorandum in Support of its Motion for Summary Judgment, CSX has no evidence of damages resulting from any overt act occurring within the statute of limitations, rendering its claims entirely time barred. *See* ECF No. 310, at 16–19.

CSX is wrong on both accounts.  It baldly claims that there is *no* risk of juror confusion because "the STB did not even decide the issue presented here (*i.e.*, whether Defendants' conduct was exclusionary and anticompetitive)."  *Id.*  CSX's statement *itself* evidences the risk of confusion.  In its opposition, CSX has attempted to parse words with extensive creative nuance.  It is unduly prejudicial to the jury to allow evidence of a concededly 100% lawful activity that has been sanctioned by all of CSX itself, the NPBL Board, and the approving administrative federal agency, particularly in the absence of CSX citing *any* evidence in its opposition to show that the Diamond Track removal was, in fact, done in furtherance of a conspiracy.  CSX does not really offer any argument otherwise other than generally restating its overall claim of conspiracy with the naked assertion that the removal of the Diamond Track, approved by the NPBL Board and STB without objection by CSX, somehow supports CSX's conspiracy claim.

Accordingly, CSX should be precluded from offering at trial any evidence or argument that the discontinuance of the Diamond Track is evidence of wrongful conduct by NS.

## CONCLUSION

For the foregoing reasons, NS respectfully requests an order prohibiting Plaintiff CSX from offering at trial any evidence or argument that the discontinuance of the Diamond Track is evidence of NS's wrongful conduct.

Dated: September 23, 2022                 Respectfully submitted,

                                          **NORFOLK SOUTHERN RAILWAY COMPANY**

                                          /s/ *Alan D. Wingfield*
                                          Alan D. Wingfield (VSB No. 27489)
                                          Michael E. Lacy (VSB No. 48477)
                                          Massie P. Cooper (VSB No. 82510)
                                          TROUTMAN PEPPER HAMILTON SANDERS LLP
                                          1001 Haxall Point

Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: kathleen.knudsen@troutman.com

Tara L. Reinhart
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
thomas.gentry@skadden.com

*Attorneys for Norfolk Southern Railway Company*