IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

v.                                        Civil Action No. 2:18-cv-530-MSD-RJK

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.

_____/

**CSX TRANSPORTATION, INC.'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO FILE DOCUMENTS UNDER SEAL**

COMES NOW Plaintiff CSX Transportation, Inc. ("CSX"), by counsel, and respectfully submits this Memorandum in Support of its Motion to Seal portions of its unredacted Reply in Support of its Motion *in Limine* to Preclude Mischaracterization of CSXT's Rate Proposals ("Reply"), together with Exhibits 2 and 3 thereto. As set forth below, these materials contain and/or reference information that has been designated as "Confidential" or "Confidential— Attorneys Eyes Only" ("AEO") by Defendants Norfolk Southern Railway Company ("NS") or Norfolk & Portsmouth Belt Line Railroad Company ("NPBL") under the Stipulated Protective Order entered in this matter. ECF No. 79 ¶ 16. As such, CSX asks that the Court grant the Motion and file under seal an unredacted version of the Reply and Exhibits 2 and 3.

**INTRODUCTION**

Pursuant to the Stipulated Protective Order, the Parties have designated documents and deposition testimony in this matter as "Confidential" if the documents or testimony contained

1

"confidential, non-public financial, sales, marketing, customer or cost/pricing information, and confidential and proprietary internal business, strategic planning, or tactical information, as well as any other information or record that the Producing Party believes in good faith must or may be protected from disclosure." ECF No. 79 at ¶ 2. The Parties have also designated documents and deposition testimony in this matter as AEO if the documents or testimony qualify for Confidential designation and "in addition, if the designating Party believes in good faith that disclosure to the Parties would create a substantial risk of serious injury to the designating Party." *Id.*

CSX asks the Court to seal its unredacted Reply and Exhibits 2 and 3 thereto (collectively, "the Sealed Materials"). The Sealed Materials consist of, or relate to, documents or information that has been designated as Confidential or AEO under the Stipulated Protective Order. ECF No. 79 ¶ 16. As such, CSX seeks to have the Sealed Materials filed permanently under seal in order to protect against the prejudice that would result from public disclosure.

## ARGUMENT

**A.     The Ashcraft Requirements Have Been Properly Satisfied**

In *Ashcraft et al. v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), the Fourth Circuit held that the district court's underlying order sealing settlement documents was invalid because the district court had not complied with relevant precedent. *Id.* at 302. The *Ashcraft* court relied on two earlier Fourth Circuit cases when setting forth the procedures for sealing court documents: *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984) and *Stone v. Univ. of Maryland*, 855 F.2d 178 (4th Cir. 1988). According to the *Ashcraft* court, before a district court may seal court documents it must:

> (1)     Give public notice of the request to seal and allow interested parties a reasonable opportunity to object;
>
> (2)     Consider less drastic alternatives to sealing the documents; and

2

> (3) Provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft*, 218 F.3d at 288. Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight*, 743 F.3d at 235. As presented in more detail below, filing CSX's unredacted Reply and Exhibits 2 and 3 under seal is appropriate.

### 1. Public Notice Has Been Provided

In compliance with Local Civil Rule 5(C) and *Ashcraft*, CSX has provided public notice of this Motion by filing an appropriate Notice with the Court. This Notice will notify members of the public of the fact that the Court will be considering the permissibility of the sealing CSX's unredacted Reply and Exhibits 2 and 3. *See In re Knight*, 743 F.2d at 235 (stating that "public was entitled to notice of counsel's request to seal, and an opportunity to object to the request before the court made its decision").

### 2. There Are No Less Drastic Alternatives

CSX does not seek a blanket protective order completely sealing its Reply. Instead a "less drastic" alternative is sought—namely CSX has filed a redacted version of the Reply and seeks to seal the unredacted version, as well as the accompanying Exhibits. Exhibits 2 and 3 contain documents designated by NPBL as "Confidential," indicating NPBL's good faith belief that this testimony contains "confidential, non-public financial, sales, marketing, customer or cost/pricing information, and confidential and proprietary internal business, strategic planning, or tactical information" that must or may be protected from disclosure, as well as information that would create a substantial risk of serious injury to the designating Party." ECF No. 79 at ¶ 2.

Redacted portions of CSX's Reply contain references to Exhibits 2 and 3, as well as references to documents or information from CSX's previously filed Consolidated Opposition to

Defendants' Motions for Summary Judgment (ECF No. 324), which have been ordered sealed. *See* ECF No. 370. The Sealed Materials therefore describe non-public information detailing internal business, strategic planning, and tactical information, designated Confidential and/or AEO pursuant to the Stipulated Protective Order. CSX's redactions are limited in scope, and redactions of Exhibits 2 and 3 would be impossible and render them meaningless.

The second *Ashcraft* factor is met where it is not feasible to redact substantial portions of a memorandum or exhibit. *See Guerrero v. Deane*, No. 1:09cv1313 (JCC/TRJ), 2012 U.S. Dist. LEXIS 125422, at *6–7 (E.D. Va. Sep. 4, 2012) (finding it was "inappropriate to sub-divide the exhibits or order extensive redactions that would render the exhibits indecipherable"). This is not a wide-ranging sealing request. Rather, CSX properly seeks protection for materials the Parties have designated as truly non-public, proprietary, and commercially sensitive. As the public disclosure of these materials would risk injury to the Parties and their competitive position, there is no less restrictive alternative to the targeted sealing sought by CSX.

### 3. Specific Reasons Why the Opposition and Exhibits Should Be Filed Under Seal

Courts routinely seal documents that contain a party's confidential and commercially sensitive internal business information. *See Kettler Int'l, Inc.*, 2015 U.S. Dist. LEXIS 1486, at *4. For example, confidential commercial information, trade secrets, and financial information are "typically sealed by this Court." *Id.* (citations omitted). CSX's Reply and Exhibits 2 and 3 thereto, contain descriptions of internal, sensitive business communications not ordinarily subject to public disclosure. Moreover, nothing within these documents would "enhance the public's understanding of an important historical event." *In re Knight*, 743 F.2d at 235 (citing *Nixon*, 435 U.S. at 597–608). The non-public information contained in the Sealed Materials refer or cite to a document that has designated Confidential or AEO because they include information that is commercially

4

sensitive, and therefore, sealing is warranted. These materials contain or reference sensitive, non-public, and proprietary information of the Parties.

This information should remain under seal. There is no public interest in access to this information and, conversely, the public disclosure of this information would harm the Parties, including by among other things, revealing sensitive details about its communications and business strategy. These Sealed Materials should therefore remain under seal. In sum, the harm resulting to the Parties from the disclosure of the information in the unredacted Reply and Exhibits 2 and 3 outweighs any prejudice of nondisclosure.

## CONCLUSION

For the foregoing reasons, CSX respectfully requests that the Court grant CSX's Motion to Seal its unredacted Reply in Support of its Motion *in Limine* to Preclude Mischaracterization of CSXT's Rate Proposals, together with Exhibits 2 and 3 thereto.

Dated: September 23, 2022.　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　**CSX TRANSPORTATION, INC.**
　　　　　　　　　　　　　　　　　　　*By Counsel*

　　　　　　　　　　　　　　　　　　　*/s/ Benjamin L. Hatch*
　　　　　　　　　　　　　　　　　　　Robert W. McFarland (VSB No. 24021)
　　　　　　　　　　　　　　　　　　　Benjamin L. Hatch (VSB No. 70116)
　　　　　　　　　　　　　　　　　　　V. Kathleen Dougherty (VSB No. 77294)
　　　　　　　　　　　　　　　　　　　Jeanne E. Noonan (VSB No. 87863)
　　　　　　　　　　　　　　　　　　　MCGUIREWOODS LLP
　　　　　　　　　　　　　　　　　　　World Trade Center
　　　　　　　　　　　　　　　　　　　101 West Main Street, Suite 9000
　　　　　　　　　　　　　　　　　　　Norfolk, Virginia 23510-1655
　　　　　　　　　　　　　　　　　　　Telephone: (757) 640-3716
　　　　　　　　　　　　　　　　　　　Facsimile: (757) 640-3930
　　　　　　　　　　　　　　　　　　　E-mail: rmcfarland@mcguirewoods.com
　　　　　　　　　　　　　　　　　　　E-mail: bhatch@mcguirewoods.com
　　　　　　　　　　　　　　　　　　　E-mail: vkdougherty@mcguirewoods.com

        E-mail: jnoonan@mcguirewoods.com

        J. Brent Justus (VSB No. 45525)
        Ashley P. Peterson (VSB No. 87904)
        MCGUIREWOODS LLP
        Gateway Plaza
        800 East Canal Street
        Richmond, Virginia 23219-3916
        Telephone: (804) 775-1000
        Facsimile: (804) 698-2026
        E-mail: bjustus@mcguirewoods.com
        E-mail: apeterson@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I certify that on this 23rd day of September, 2022, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

*/s/ Benjamin L. Hatch*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com
