UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                                    Action No. 2:18cv530

NORFOLK SOUTHERN
RAILWAY COMPANY, et al.,

    Defendants.

## ORDER

This matter is before the Court on the motion of defendant Norfolk & Portsmouth Belt Line Railway Company ("NPBL") for leave to file certain documents under seal pursuant to Local Civil Rule 5. ECF No. 445.

The Court **GRANTS IN PART** the motion to seal, and **ORDERS** that the following document should remain sealed pending further order of the Court:

- Portions of the consolidated reply in support of its motions *in limine*. *See* ECF Nos. 448, 449.

Having considered the written submissions of NPBL, and having determined that this action involves allegations requiring the disclosure of confidential and proprietary information, this Court makes the following findings of fact and conclusions of law.

Local Civil Rule 5 supports the sealing of the abovementioned documents. There are three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *See, e.g., Flexible Benefits Council v.*

*Feltman*, No. 1:08cv371, 2008 U.S. Dist. LEXIS 93039, at *2–3 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)). NPBL has met the public notice requirement by filing a separate public notice of the motion to seal for docketing. ECF No. 446. Public notice of the motion to seal is satisfied by docketing the motion "reasonably in advance of deciding the issue." *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Additionally, there are no less drastic alternatives that appropriately enable NPBL to preserve the confidential nature of these materials. The document contains information related to confidential and sensitive information relating to the parties' transportation and shipping practices, business strategies, and internal communications, and no alternative measure would adequately protect the confidential nature of the materials.

With respect to Exhibit A to the consolidated reply, the Court finds there is a less drastic alternative to sealing the entire discovery response. *See* ECF Nos. 448-1, 449-1. Accordingly, the Court **GRANTS IN PART** the motion to seal the discovery response and **ORDERS** NPBL to file a copy of the discovery response by October 11, 2022, with only the confidential information redacted.

The Clerk is **DIRECTED** to forward copies of this order to all counsel of record.

/s/
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
October 3, 2022