# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

NORFOLK SOUTHERN RAILWAY
COMPANY,

       Plaintiff,

v.                                  Civil Action No. 2:22-cv-00385

SURFACE TRANSPORTATION BOARD
and
UNITED STATES OF AMERICA

       Defendants.

_____/

**CSX TRANSPORTATION, INC.'S UNOPPOSED MOTION TO INTERVENE**

CSX Transportation, Inc. ("CSX"), by counsel, seeks to intervene as a matter of right, pursuant to Rule 24(a)(1), or in the alternative, Rule 24(b)(1)(A) of the Federal Rules of Civil Procedure, in the action titled *Norfolk Southern Railway Company v. Surface Transportation Board and the United States of America*, Civil Action No. 2:22-cv-00385, currently pending before this Court.  Intervention is appropriate because CSX has unique interests in the outcome of this proceeding in at least two respects.

*First*, this matter is related to, and indeed stems from, the pending litigation titled *CSX Transportation, Inc. v. Norfolk Southern Railway, et al.*, Case No. 2:18-cv-00530, in which this Court issued a referral order to the Surface Transportation Board ("STB").  The STB's Decision in *Norfolk Southern Railway Company – Petition for Declaratory Order*, Docket No. FD 36522, Decision, 2022 WL 2191932 (June 17, 2022) ("Decision") resolved the referred question in CSX's favor.  The Court then promptly set a trial date of January 18, 2023 in that action.

*Second*, CSX fully participated in the proceedings before the STB.  As a party to the STB

1

proceedings under 28 U.S.C. § 2323, and a party "whose interest will be affected if an order of the agency is or is not enjoined, set aside or suspended," under 28 U.S.C. § 2348, CSX is entitled to intervene in this action as a matter of right.

As set forth in the memorandum of law filed contemporaneously herewith, this Court has exclusive jurisdiction to review the Decision and CSX opposes Plaintiff Norfolk Southern Railway Company's ("NS") request to hold this case in abeyance pending review by the United States Court of Appeals for the District of Columbia Circuit in *Norfolk Southern Railway Co. v. Surface Transportation Board and the United States of America*, No. 22-1209, in which CSX has been granted leave to intervene.  The parties are set for trial in the underlying action, which has been pending for four years.  Accordingly, CSX seeks expeditious resolution of this case.

For the foregoing reasons, CSX moves for leave to intervene in this proceeding.  CSX has conferred with counsel for the only other party that has appeared in the case, NS, and counsel for NS does not oppose this motion.  Neither defendant appears to have been served in the case, but CSX also conferred with counsel for the STB, and confirmed that the STB does not oppose this motion.  Counsel for the United States of America is not known at this point.

Dated:  September 30, 2022            Respectfully submitted,


                                     CSX TRANSPORTATION, INC.
                                     *By Counsel*

                                      /s/ Benjamin L. Hatch
                                     Benjamin L. Hatch (VSB No. 70116)
                                     Robert W. McFarland (VSB No. 24021)
                                     Jeanne E. Noonan (VSB No. 87863)
                                     MCGUIREWOODS LLP
                                     World Trade Center
                                     101 West Main Street, Suite 9000
                                     Norfolk, Virginia 23510-1655

Telephone: (757) 640-3727
Facsimile: (757) 640-3930
E-mail: bhatch@mcguirewoods.com
E-mail: rmcfarland@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that on this 30th day of September, 2022, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

<div style="margin-left:40%">

_/s/ Benjamin L. Hatch_
Benjamin L. Hatch (VSB No. 70116)
Robert W. McFarland (VSB No. 24021)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3727
Facsimile: (757) 640-3930
E-mail: bhatch@mcguirewoods.com
E-mail: rmcfarland@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

</div>

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

NORFOLK SOUTHERN RAILWAY
COMPANY,

        Plaintiff,

v.                                 Civil Action No. 2:22-cv-00385

SURFACE TRANSPORTATION BOARD
and
UNITED STATES OF AMERICA

        Defendants.
_____/

**CSX TRANSPORTATION, INC.'S MEMORANDUM IN SUPPORT OF**
**UNOPPOSED MOTION TO INTERVENE**

        CSX Transportation, Inc. ("CSX"), by counsel, submits this Memorandum of Law in

Support of its Unopposed Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil

Procedure, and states as follows:

**INTRODUCTION**

        CSX seeks to intervene in this action so that it may protect its substantial and unique

interest in the outcome of the review of the STB's Decision in *Norfolk Southern Railway Company*

*– Petition for Declaratory Order*, Docket No. FD 36522, Decision, 2022 WL 2191932 (June 17,

2022) ("Decision").  The Decision was the result of a referral to the STB by this Court in the suit

CSX filed in 2018, which remains pending with a trial date of January 18, 2023.  *CSX*

*Transportation, Inc. v. Norfolk Southern Railway, et al.*, Case No. 2:18-cv-00530 (the

"Litigation").  Thus, CSX is a party to the pending Litigation that resulted in this STB decision,

and CSX participated as a party in the STB proceedings leading to the Decision.  The relief NS

seeks through this action would directly affect CSX's interests, in relation to both the pending

1

Litigation in this Court, and CSX's interests as the minority shareholder of the Norfolk & Portsmouth Belt Line Railroad Company ("NPBL").

CSX's intervention in this proceeding is timely, and will not unduly delay or prejudice the adjudication of the original parties' rights.  In compliance with Federal Rule of Civil Procedure 24(c), CSX attaches the answer it proposes to file as **Exhibit 1**.  As CSX meets the requirements of Federal Rule of Civil Procedure 24, intervention should be granted.

## ARGUMENT

This action directly and significantly affects CSX's interests in the ongoing Litigation and as a minority owner of the NPBL.  Furthermore, as a party to the STB proceedings under 28 U.S.C. § 2323, and as a party "whose interest will be affected if an order of the agency is or is not enjoined, set aside or suspended," under 28 U.S.C. § 2348, CSX is entitled to intervene in this case.  *See Bhd. of R.R. Trainmen v. Balt. & Ohio R.R.*, 331 U.S. 519, 531 (1947).

**I.      CSX May Intervene as of Right Under Rule 24(a)(1)**

Rule 24(a)(1) provides in relevant part, "On timely motion, the court must permit anyone to intervene who (1) is given an unconditional right to intervene by a federal statute. . . ."  Fed. R. Civ. P. 24(a)(1).  CSX is permitted to intervene in these proceedings pursuant to 28 U.S.C. §§ 2323 and 2348.  Section 2323 states that "any party or parties in interest to the proceeding before the Board, in which an order or requirement is made, may appear as parties of their own motion and as of right, and be represented by their counsel, in any action involving the validity of such order or requirement or any part thereof, and the interest of such party."  28 U.S.C. § 2323.  Section 2348 provides, "The agency, and any party in interest in the proceeding before the agency whose interests will be affected if an order of the agency is or is not enjoined, set aside, or suspended,

may appear as parties thereto of their own motion and as of right, and be represented by counsel in any proceeding to review the order." 28 U.S.C. § 2348.

The Supreme Court has previously found an absolute and unconditional right to intervene under the predecessor statute to 28 U.S.C. § 2323. *See Bhd. of R.R. Trainmen*, 331 U.S. at 531 ("Thus where suit is brought by or against the United States to enforce or set aside a Commission order, the Commission or the parties in interest to the proceeding before the Commission 'may appear as parties thereto * * * as of right.") (citing 28 U.S.C. § 45a). "In such a case, the right to intervene is absolute and unconditional." *Id.*

NS is contesting the STB Decision and seeks to have a portion of that Decision vacated. *See generally* Compl., ECF No. 1. As NS is contesting the validity of the STB Decision, CSX has a statutory right to intervene, and has moved in a timely manner. Accordingly, intervention should be granted pursuant to Rule 24(a)(1).

## II. Permissive Intervention is also Proper Under Rule 24(b)(1)(A)

Federal Rule of Civil Procedure 24 authorizes the Court to permit a party to intervene "on timely motion" either "of right" or "permissively." Fed. R. Civ. P. 24. The Rule allows for permissive intervention if the movant "is given a conditional right to intervene by a federal statute;" or "has a claim or defense that shares with the main action a common question of law or fact." *Id.* District courts are afforded "wide discretion," under Rule 24(b), and the United States Court of Appeals for the Fourth Circuit "favors liberal intervention." *Steele v. Goodman*, 3:17CV601, 2019 WL 3366556, at *11 (E.D. Va. July 25, 2019) (internal citations and quotation marks omitted). CSX, at minimum, has a statutory conditional right to intervene. Moreover, CSX has a substantial and direct interest in the outcome of these proceedings.

3

CSX supports the STB's position in this litigation, and therefore has a defense that shares with the main action a common question of law or fact.  NS argued to the STB that its challenged conduct regarding NPBL enjoys immunity from the antitrust laws.  CSX has a vested interest in pursuing its antitrust and other claims against NS and NPBL in the Litigation, and has a unique interest as the sole minority shareholder of NPBL.  As the STB rejected NS's argument, CSX has an interest in defending the STB's Decision as it relates to both the Litigation and its minority interest in NPBL.  *See Am. Train Dispatchers Ass'n v. I.C.C.*, 26 F.3d 1157, 1162 (D.C. Cir. 1994) (allowing intervention where intervenor's ability to "protect its interests in the underlying proceeding may be impaired.").  In addition, intervention does not cause any undue delay or prejudice to the existing parties, and CSX's motion is timely.  *See id.*  Thus, intervention is also appropriate under Rule 24(b)(1)(A).  Finally, neither NS nor the STB oppose CSX's intervention in this proceeding.

## **CONCLUSION**

For the foregoing reasons, CSX requests the Court grant its Motion to Intervene.


Dated:  September 30, 2022          Respectfully submitted,


                    **CSX TRANSPORTATION, INC.**
                    *By Counsel*

                     _/s/ Benjamin L. Hatch_
                    Benjamin L. Hatch (VSB No. 70116)
                    Robert W. McFarland (VSB No. 24021)
                    Jeanne E. Noonan (VSB No. 87863)
                    MCGUIREWOODS LLP
                    World Trade Center
                    101 West Main Street, Suite 9000
                    Norfolk, Virginia 23510-1655
                    Telephone: (757) 640-3727
                    Facsimile: (757) 640-3930
                    E-mail: bhatch@mcguirewoods.com

4

E-mail: rmcfarland@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that on this 30th day of September, 2022, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

    */s/ Benjamin L. Hatch*
Benjamin L. Hatch (VSB No. 70116)
Robert W. McFarland (VSB No. 24021)
Jeanne E. Noonan (VSB No. 87863)
MᴄGᴜɪʀᴇWᴏᴏᴅs LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3727
Facsimile: (757) 640-3930
E-mail: bhatch@mcguirewoods.com
E-mail: rmcfarland@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

NORFOLK SOUTHERN RAILWAY
COMPANY,

       Plaintiff,

v.                               Civil Action No. 2:22-cv-00385

SURFACE TRANSPORTATION BOARD
and
UNITED STATES OF AMERICA

       Defendants.

_____/

<u>**ANSWER BY INTERVENOR CSX TRANSPORTATION, INC.**</u>

      Intervening Defendant CSX Transportation, Inc. ("CSX"), by counsel, for its Answer to the Complaint in the above-captioned case, states as follows:

**INTRODUCTION**

      1.     CSX avers that no response is required by it to the allegations in Paragraph 1 of the Complaint, which constitute legal conclusions and argument.  To the extent that this Court should deem a further response required, CSX admits only that a true copy of the Surface Transportation Board's (STB) decision is attached to the Complaint as Exhibit A.  The remainder of the allegations, containing legal conclusions and argument, are denied.

      2.     CSX admits that the STB Decision arises out of this Court's referral to the Board in *CSX Transportation, Inc. v. Norfolk Southern Railway Co. et al.*, No. 2:18-cv-00530, ECF No. 395 (E.D. Va.) (Davis, C.J.), of questions relating to antitrust immunity, and that in that case, CSX claims, among other things, that Norfolk Southern Railway Company (NS) violated federal antitrust and state conspiracy laws by conspiring with Norfolk and Portsmouth Belt Line Railroad

1

Company (NPBL or the Belt Line) to deny CSX rail access to intermodal shipping at the Norfolk International Terminals.  CSX denies all other allegations in Paragraph 2 of the Complaint.

3.       CSX admits the allegations in Paragraph 3 of the Complaint, but refers to *CSX*, No. 2:18-cv-00530, ECF No. 395, for a true and correct statement of the referred questions by Chief Judge Davis.

4.       CSX denies the allegations in Paragraph 4 of the Complaint.

5.       CSX admits the allegations in Paragraph 5 of the Complaint.

6.       CSX avers that no response is required by it to the allegations in Paragraph 6 of the Complaint, which constitute legal conclusions and argument.  To the extent that this Court should deem a further response required, CSX admits only that the Complaint is brought pursuant to 28 U.S.C. § 1336(b).  CSX denies the remainder of the allegations, containing legal conclusions and argument, and specifically states that this action should not be held in abeyance.

## PARTIES

7.       CSX admits NS is a Class 1 railroad operating in the eastern United States, and it is incorporated under Virginia law with a principal place of business in Atlanta, Georgia.

8.       CSX admits the allegations in Paragraph 8 of the Complaint.

9.       CSX admits the allegations in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.       CSX avers that no response is required by it to the allegations in Paragraph 10 of the Complaint, which constitute legal conclusions and argument.  To the extent that this Court should deem a further response required, CSX states that this Court has exclusive jurisdiction under 28 U.S.C. § 1336(b), denies that the D.C. Circuit has exclusive jurisdiction, and denies that the D.C. Circuit is the proper venue for NS's claims.

11.     CSX avers that no response is required by it to the allegations in Paragraph 11 of the Complaint, which constitute legal conclusions and argument.  To the extent that this Court should deem a further response required, these allegations are denied.

12.     CSX denies the allegations in Paragraph 12 of the Complaint.

13.     CSX avers that no response is required by it to the allegations in Paragraph 13 of the Complaint, which constitute legal conclusions and argument.  To the extent that this Court should deem a further response required, CSX admits that this Court has exclusive jurisdiction under 28 U.S.C. § 1336(b).

14.     CSX avers that no response is required by it to the allegations in Paragraph 14 of the Complaint, which constitute legal conclusions and argument.  To the extent that this Court should deem a further response required, CSX admits that venue is proper in this Court.

<div align="center">STATEMENT</div>

**I.     Legal background**

15.     CSX avers that no response is required by it to the allegations in Paragraph 15 of the Complaint, which constitute legal conclusions and argument.  To the extent that this Court should deem a further response required, these allegations are denied.

16.     CSX avers that no response is required by it to the allegations in Paragraph 16 of the Complaint, which constitute legal conclusions and argument.  To the extent that this Court should deem a further response required, these allegations are denied.

17.     CSX avers that no response is required by it to the allegations in Paragraph 17 of the Complaint, which constitute legal conclusions and argument.  To the extent that this Court should deem a further response required, these allegations are denied.

## II.   Factual background

### A.   The 1982 consolidation

18.   CSX admits that Norfolk and Western Railway Company (NW) and Southern Railway Company (SRC) filed an application with the ICC on December 4, 1980, and further states that the details of this application are as stated therein.  CSX otherwise denies the allegations in this paragraph.

19.   CSX admits the allegations in Paragraph 19 of the Complaint.

20.   CSX admits that NW and SRC filed an application with the ICC on December 4, 1980, and further states that the details of this application are as stated therein.  CSX otherwise denies the allegations in this paragraph.

### B.   The 1991 and 1998 transactions

21.   CSX admits that on December 14, 1990, a Notice of Exemption was filed.  *See Southern Ry. Co.—Control—Norfolk & W. Ry. Co.*, FD 31791.  CSX states that the notice speaks for itself.  To the extent NS makes allegations characterizing or arguing about the content or import of the notice, those allegations are denied.

22.   CSX admits that on August 13, 1998, a Notice of Exemption was filed.  *See Norfolk S. Ry. Co.—Merger Exemption— Norfolk & W. Ry. Co.*, FD 33648.  CSX states that the notice speaks for itself.  To the extent NS makes allegations characterizing or arguing about the content or import of the notice, those allegations are denied.

## III.   Procedural background

### A.   CSX sues NSR and Belt Line for conspiring to deprive CSX of rail access to the Norfolk International Terminals.

23.   CSX admits that it filed a Complaint against NS, NPBL and others on October 4, 2018.  *See CSX*, No. 2:18-cv-00530, ECF No. 1.  The Complaint speaks for itself.

24.     CSX admits that on January 31, 2020, NS filed a motion pursuant to Rule 12(c). *See CSX*, No. 2:18-cv-00530, ECF No. 115.  The motion speaks for itself.

25.     CSX admits that on May 18, 2021, this Court referred questions to the STB in its opinion and order.  *See CSX*, No. 2:18-cv-00530, ECF No. 395.  CSX states that the opinion and order speaks for itself.  To the extent NS makes allegations characterizing or arguing about the content or import of the opinion and order, those allegations are denied.

26.     CSX admits that on May 18, 2021, this Court referred questions to the STB in its opinion and order.  *See CSX*, No. 2:18-cv-00530, ECF No. 395.  CSX states that the opinion and order speaks for itself.  To the extent NS makes allegations characterizing or arguing about the content or import of the opinion and order, those allegations are denied.

**B.      The STB determines that the ICC did not authorize NSC to control Belt Line.**

27.     CSX admits the allegations in Paragraph 27 of the Complaint.

28.     CSX admits the allegations in Paragraph 28 of the Complaint.

29.     CSX admits that NS made its opening statement filing on September 23, 2021 before the STB, and that NS made its reply on October 25, 2021.  These filings speak for themselves.  To the extent NS makes allegations characterizing or arguing about the content or import of these filings, those allegations are denied.

30.     CSX admits that NS made its opening statement filing on September 23, 2021 before the STB, and that NS made its reply on October 25, 2021.  These filings speak for themselves.  To the extent NS makes allegations characterizing or arguing about the content or import of these filings, those allegations are denied.

31.     CSX admits that NS made its opening statement filing on September 23, 2021 before the STB, and that NS made its reply on October 25, 2021.  These filings speak for

themselves.  To the extent NS makes allegations characterizing or arguing about the content or import of these filings, those allegations are denied.

32.     CSX admits that on June 17, 2022, the STB issued its decision.  *See* Compl., Ex. A.  CSX states that the decision speaks for itself.  To the extent NS makes allegations characterizing or arguing about the content or import of the decision, those allegations are denied.

33.     CSX admits that on June 17, 2022, the STB issued its decision.  *See* Compl., Ex. A.  CSX states that the decision speaks for itself.  To the extent NS makes allegations characterizing or arguing about the content or import of the decision, those allegations are denied.

34.     CSX admits that on June 17, 2022, the STB issued its decision.  *See* Compl., Ex. A.  CSX states that the decision speaks for itself.  To the extent NS makes allegations characterizing or arguing about the content or import of the decision, those allegations are denied.

**C.      NSR petitions the D.C. Circuit for review of the STB's conclusions about the 1991 and 1998 transactions.**

35.     CSX admits that on August 15, 2022, NS filed a petition for review before the D.C. Circuit.  CSX states that the filing speaks for itself.  To the extent NS makes allegations characterizing or arguing about the content or import of the filing, those allegations are denied. CSX specifically avers that the D.C. Circuit does not have jurisdiction to review the STB decision.

36.     CSX admits that on August 15, 2022, NS filed a petition for review before the D.C. Circuit.  CSX states that the filing speaks for itself.  To the extent NS makes allegations characterizing or arguing about the content or import of the filing, those allegations are denied. CSX specifically avers that the D.C. Circuit does not have jurisdiction to review the STB decision.

37.     CSX avers that no response is required by it to the allegations in Paragraph 37 of the Complaint, which constitute legal conclusions.  To the extent that this Court should deem a further response required, CSX admits this Court has exclusive jurisdiction pursuant to 28 U.S.C.

§ 1336(b).

38.     CSX admits the allegations in Paragraph 38 of the Complaint.

## CAUSES OF ACTION

## COUNT I

### Violation of Administrative Procedure Act, 5 U.S.C. § 706(2)(A):
### Decision Contrary to Regulations

39.     CSX hereby adopts and incorporates, as if set forth fully again, its responses to Paragraphs 1 through 38 of this Answer.

40.     CSX avers that no response is required by it to the allegations in Paragraph 40 of the Complaint, which constitute legal conclusions.

41.     CSX avers that no response is required by it to the allegations in Paragraph 41 of the Complaint, which constitute legal conclusions.

42.     CSX denies the allegations in Paragraph 42 of the Complaint.

43.     CSX denies the allegations in Paragraph 43 of the Complaint, and refers to Exhibit A to NS's Complaint for a true and correct statement of the contents of the STB decision.

44.     CSX denies the allegations in Paragraph 44 of the Complaint.

## COUNT II

### Violation of Administrative Procedure Act, 5 U.S.C. § 706(2)(A):
### Failure to Explain or Otherwise Exercise Reasoned Decisionmaking

45.     CSX hereby adopts and incorporates, as if set forth fully again, its responses to Paragraphs 1 through 44 of this Answer.

46.     CSX avers that no response is required by it to the allegations in Paragraph 46 of the Complaint, which constitute legal conclusions and argument.

47.     CSX denies the allegations in Paragraph 47 of the Complaint, and refers to Exhibit

A to NS's Complaint for a true and correct statement of the contents of the STB decision.

48.    CSX denies the allegations in Paragraph 48 of the Complaint.

## PRAYER FOR RELIEF

49.    As to the allegations in Paragraph 49 of the Complaint, CSX states that this case should not be held in abeyance, as the D.C. Circuit lacks jurisdiction to review the STB decision.

50.    CSX denies the allegations in Paragraph 50 of the Complaint and denies that NS is entitled to the relief it seeks.

## DEFENSES AND AFFIRMATIVE DEFENSES

In addition to the affirmative and other defenses enumerated below, CSX reserves the right to assert any additional defenses as may be warranted.  CSX asserts these defenses without admitting that it has the burden of proof as to each of them.

1.    NS's Complaint is barred by the doctrine of estoppel.

2.    NS's Complaint is barred by the doctrine of laches.

WHEREFORE, having fully answered or otherwise responded to the allegations contained in the Complaint, CSX respectfully requests the Court deny the relief sought by NS, that the Complaint be dismissed, and that CSX have and recover its costs.

Dated:  September 30, 2022            Respectfully submitted,

**CSX TRANSPORTATION, INC.**
*By Counsel*

  */s/ Benjamin L. Hatch*
Benjamin L. Hatch (VSB No. 70116)
Robert W. McFarland (VSB No. 24021)
Jeanne E. Noonan (VSB No. 87863)

McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3727
Facsimile: (757) 640-3930
E-mail: bhatch@mcguirewoods.com
E-mail: rmcfarland@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com