UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No. 2:18-cv-530 |
| NORFOLK SOUTHERN RAILWAY COMPANY, *et al.*, | ) ) ) ) |
| *Defendants*. | ) ) |

**ORDER**

This matter comes before the Court pursuant to Local Civil Rule 5(C). Norfolk Southern Railway Company seeks to seal portions of its unredacted Memorandum in Support of Motion to Exclude the Opinions of Professor Howard P. Marvel, together with the following Exhibits to Defendant's Motion and Memorandum in Support of Motion to Exclude the Opinions of Professor Howard P. Marvel: 1-8; 10-18; 20-27; 29-31; 33; 36-63. These documents contain and/or reference information that Plaintiff CSX Transportation, Inc. ("CSX"), Defendant Norfolk Southern Railway Company ("NS") or Defendant Norfolk & Portsmouth Beltline Railroad Company ("NPBL") has indicated is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Stipulated Protective Order entered in this matter. ECF No. 79.

Before this Court may seal documents, it must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings

supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted).

In compliance with Local Rule 5 and *Ashcraft*, Defendants provided public notice of this motion by filing an appropriate Notice with the Court.  In support of sealing, Defendants argue that their unredacted Memorandum in Support of Motion to Exclude the Opinions of Professor Howard P. Marvel and Exhibits 1-8; 10-18; 20-27; 29-31; 33; 36-63 contain highly confidential and sensitive information relating to CSX's, NS's, and/or NPBL's transportation and shipping practices, business strategy, internal communications, and other highly confidential proprietary, and sensitive business information, the release of which would harm the parties.  There are no less drastic alternatives to sealing because NS filed a redacted version of its Motion such that only information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" has been redacted and, given the nature of the information contained therein, redaction of the Exhibits listed above is impractical.  Given the nature of the confidential information contained in the identified Exhibits, further redaction of these Exhibits is impractical.

Based on the foregoing, the Court **FINDS** that the information at issue constitutes confidential and proprietary information and that less drastic alternatives to sealing Defendants unredacted Memorandum in Support of Motion to Exclude the Opinions of Professor Howard P. Marvel and unredacted Exhibits are not feasible.

Accordingly, the Court **GRANTS** Defendant's Motion to Seal and **ORDERS** that Defendant's unredacted Memorandum in Support of Motion to Exclude the Opinions of Professor Howard P. Marvel and unredacted Exhibits to its Motion in Support of Motion to Exclude the Opinions of Professor Howard P. Marvel shall be maintained under seal by the Clerk pending

further order of the Court.  The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

    **IT IS SO ORDERED.**


Norfolk, Virginia                       _____
                                                    Robert J. Krask
Date: _____                         United States Magistrate Judge