# Exhibit 1

**NOT YET SCHEDULED FOR ORAL ARGUMENT**

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| Norfolk Southern Railway Co., )<br>    *Petitioner*, )<br>)<br>v. )<br>) No. 22-1209<br>Surface Transportation Board and )<br>United States of America, )<br>    *Respondents*, )<br>)<br>CSX Transportation, Inc., )<br>    *Intervenor.* ) | |

**INTERVENOR CSX TRANSPORTATION, INC.'S REPLY
IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION
AND REQUEST FOR EXPEDITED CONSIDERATION**

## **TABLE OF CONTENTS**

                                                                                                        **Page**

ARGUMENT ....................................................................................................... 3

    I.      Norfolk Southern Does Not and Cannot Account for Its Representations to the STB and the Governing Statutory Text. .......... 3

    II.     Section 1336(b) and *McCarty Farms* Require Dismissal. ................... 6

CONCLUSION .................................................................................................. 11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In Def. of Animals v. USDA*,
   589 F. Supp. 2d 41 (D.D.C. 2008) ....................................................................5

*Konstantinidis v. Chen*,
   626 F.2d 933 (D.C. Cir. 1980) ..........................................................................5

*McCarty Farms, Inc. v. Surface Transp. Bd.*,
   158 F.3d 1294 (D.C. Cir. 1998) ..........................................................1, 2, 6, 7, 9

*New Hampshire v. Maine*,
   532 U.S. 742 (2001) .........................................................................................5

*Overland Express, Inc. v. ICC*,
   996 F.2d 356 (D.C. Cir. 1993) .......................................................................8, 9

**Other**

*CSX Transportation, Inc. v. Norfolk Southern Railway, et al.*,
   Case No. 2:18-cv-00530 (E.D. Va.) ...................................................................8

# **GLOSSARY**

| | |
|---|---|
| CSX/CSXT | CSX Transportation, Inc. |
| ICC | Interstate Commerce Commission |
| June 17, 2022 Decision | *Norfolk Southern Railway Company—Petition for Declaratory Order*, ID-51101, Docket No. FD 36522 (June 17, 2022) |
| NS/NSR | Norfolk Southern Railway Company |
| NSC | Norfolk Southern Corporation, predecessor of NS |
| NPBL | Norfolk & Portsmouth Belt Line Railroad Company |
| The Board or STB | United States Surface Transportation Board |

Norfolk Southern Railway Company's (NS) Opposition to the Motions to Dismiss ignores that for which it cannot account: the record below and its own petition and positions before the STB. CSX Transportation, Inc. (CSX) described in detail in its Motion to Dismiss how NS brought a unitary petition for declaratory relief before the STB, representing throughout the proceedings below that the only issue before the STB was that referred by the District Court for the Eastern District of Virginia. *See* CSX Mot. to Dismiss at 5–6, 10–11. NS's Opposition nowhere addresses its actual positions before the STB. Nor does NS respond to, much less refute, that it brought a unitary petition for declaratory relief that never identified the 1991 and 1998 transactions as separate, distinct or—as it now claims for the first time—"new" issues for the STB to decide. *See* Opp'n at 24. NS's opportunistic gamesmanship—taking one position before the district court and the STB and now a contrary position here—should be rejected.

NS's Opposition makes only passing reference to the governing statutory text. Under Section 1336(b), jurisdiction rests with the district court if the challenged STB order "arises out of" the district court's referral order. Opp'n at 14–15. In *McCarty Farms*, this Court interpreted "arise" as "to originate." *McCarty Farms, Inc. v. Surface Transp. Bd.*, 158 F.3d 1294, 1299 (D.C. Cir. 1998). Here, NS's proposed appellate issues arose out of and originated from the district court's referral under a plain reading of those terms, as CSX explained in its Motion. In response, NS fails

1

to identify any other "origin" for the STB's decision than the referring district court. Unlike *McCarty Farms*, there were no separate agency proceedings that were consolidated, or even separate counts for declaratory relief in a single proceeding.

Ignoring the record it made below and only briefly acknowledging the statutory text, NS instead hinges its entire argument on a few statements in *McCarty Farms* that NS takes out of context. In particular, NS repeatedly avers that this Court applied a "bright line" rule that only matters expressly referenced in the referring order fall under the district court's jurisdiction. *See, e.g.*, Opp'n at 14–15. NS ignores that this Court's reference to a "bright line" came *after* this Court had already conducted a detailed analysis and reached conclusions regarding its jurisdiction over the three claims at issue. The "bright line" was then addressed in terms of how those conclusions were consistent with congressional intent. *McCarty Farms*, 158 F.3d at 1298–1300. Ultimately, this Court returned to its earlier conclusion that *the fact that the district court had no jurisdiction over the claims* confirmed that they could not have arisen out of the referral order. *Id.*

Here, the only context for NS's original referral request to the district court was a claimed immunity defense. Because the STB's decision resolved that referral order—*as NS itself argued below*—Section 1336(b) directs that jurisdiction now lies exclusively in the district court. NS's appeal to this Court seeks to wastefully multiply proceedings among several courts, contrary to Section 1336(b)'s plain

2

language and this Court's decision in *McCarty Farms*. It should be dismissed.

# ARGUMENT

I. **Norfolk Southern Does Not and Cannot Account for Its Representations to the STB and the Governing Statutory Text.**

NS argues that the two paragraphs of the STB ruling that it challenges here were "new" issues that it could have, but "didn't" raise in the district court. Opp'n at 18 ("True, Norfolk Southern could have raised the 1991 and 1998 issues before the district court. But it didn't . . . ."). As a result, NS argues, these "new" issues were not part of the referral order and thus fall within this Court's exclusive jurisdiction under *McCarty Farms*.

This argument does not square with NS's positions before the STB or the agency record, and NS makes no effort to explain the discrepancies. As CSX identified in its Motion, NS repeatedly told the STB that its declaratory petition sought a resolution of the district court's referred question, that the referred question was a question of NS's authority to control NPBL and its immunity from suit, and that the referred question included the 1991 and 1998 transactions. CSX Mot. to Dismiss at 5–6, 10–11; NS Petition for Declaratory Order at 2, n.1, ID-302570 (describing the district court's order as "referring to the STB *the issue* of whether NSR was authorized to control [NPBL] and the applicability of antitrust immunity." (emphasis added)); NS Opening Statement at 2, n.1, ID-303032 ("the District Court issued an Opinion and Order . . . referring to the STB a question regarding the

3

applicability of § 11321(a) immunity ("May 18th Decision") *to several transactions previously approved and authorized by the Interstate Commerce Commission ("ICC") and the STB.*" (emphases added)[1]).  In its reply brief before the STB, NS's final point was: "*The Only Question Before the Board is Whether NSC has the Authority to Control NPBL.*"  NS Reply to CSXT's Opening Statement at 40, ID-303126 (emphasis added).  NS's Opposition is completely silent as to its positions below, even after CSX's Motion identified this divergence in positions.  Nor does NS contest that it did not seek separate counts or claims for declaratory relief.

NS suggests that it "first addressed" the 1982 merger before the STB, and "then raised two issues"—namely the 1991 and 1998 transactions. *See* Opp'n at 10.  To the extent NS's reference is meant to imply that the later transactions were set forth as separate issues before the STB, that claim is misleading at best.  NS actually presented its argument on the 1991 and 1998 transactions in a sub-section of its brief entitled "*The 1982 Transaction* Granted NSC The Right To Exercise Control Of NPBL."  NS Opening Statement at 11 (emphasis added).  The 1991 and 1998 transactions were included at the end of that sub-section as supporting points about

---

[1] There is no doubt that NS's "several transactions" statement refers to the 1982, 1991 and 1998 transactions.  In addition to being the only "several transactions" at issue below, the NS statement references that the transactions were exempted by the ICC *and the STB*.  The STB exempted the 1998 transaction after its creation, whereas the ICC approved the 1982 transaction and exempted the 1991 transaction.  *See also* STB Decision at 8.

4

the import of the 1982 merger.

Understandably, the STB decision did not distinguish between the 1982, 1991, and 1998 events as separate questions or grounds for relief. Rather, the STB decision concluded that "the Board finds that NSC was never granted authority to control NPBL." June 17, 2022 Decision at 17. Indeed, the STB *rejected* a request by NPBL to allow NS to seek control authority in the proceedings below on that ground that "[a]ddressing a new request for control authority would be beyond the scope of this proceeding *and the District Court's referral.*" *Id.* (emphasis added).

NS should not be allowed to play fast and loose with the district court, the STB, and this Court. *See New Hampshire v. Maine*, 532 U.S. 742, 743 (2001) (judicial estoppel "protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment."); *In Def. of Animals v. USDA*, 589 F. Supp. 2d 41, 42 (D.D.C. 2008) (*citing Konstantinidis v. Chen*, 626 F.2d 933, 937 (D.C. Cir. 1980)). NS convinced the district court to refer a question pertinent to the district court proceedings (whether the ICC/STB granted immunity), secured an order and an accompanying year-long stay of the litigation, asked the STB to resolve that question and only that question, obtained a ruling from the STB that resolved all the arguments it advanced on that referred question, and now claims to this Court that it raised "new" issues never encompassed, arising from or originating in the district court's referral order.

5

That position blinks reality and the record and speaks of gamesmanship.

## II. Section 1336(b) and *McCarty Farms* Require Dismissal.

NS provides only passing reference to the statutory text of Section 1336(b), which governs. Nor does NS explain how its STB petition "originated" from any source other than the district court referral. *McCarty Farms*, 158 F.3d at 1299 (defining the term "arise" as "to originate"). As noted in CSX's Motion, the STB decision clearly arose out of and originated with the district court proceedings, and thus jurisdiction lies exclusively with the district court.

NS does not successfully rebut CSX's analysis of the three sets of claims examined by this Court in *McCarty Farms* and the result that analysis would yield in this case. *See* CSX Mot. to Dismiss at 12–14. Nor does NS argue that its claims here are similar to any of the claims in *McCarty Farms* over which this Court exercised jurisdiction. Rather, NS hinges its entire argument on its interpretation of a single paragraph in *McCarty Farms*: that this court adopted "a strict construction of Section 1336(b)," stating "issues expressly set out in the district court's referral order are reviewed by the district court," and that this created a "bright line rule." Opp'n at 21 (citing *McCarty Farms*, 158 F.3d at 1300).

That one paragraph from *McCarty Farms* does not bear the weight NS places on it. Although this Court described the benefits of a bright line rule in *McCarty Farms*, it did not rely on any bright line rule in holding it had jurisdiction over the

6

claims at issue. *See McCarty Farms*, 158 F.3d at 1299–1300. Prior to reaching the "bright line" language, this Court conducted an analysis of the three sets of claims at issue. In that discussion, this Court noted that the jurisdictional question over the third category of claims was "exceptionally difficult." *Id.* at 1298. This Court "h[e]ld" it possessed jurisdiction over that category because (a) the claims could not have been filed in the district court and (b) the district court had been divested of jurisdiction over such claims by the Staggers Rail Act. *Id.* at 1299. This Court concluded: "These claims, not being within the jurisdiction of the district court, could not have 'arisen' out of any referral from that court." *Id.* at 1300. This analysis did not cite or rely on a "bright line" rule. In sharp contrast, NS's immunity defense not only could have been presented to the district court, it in fact was presented, albeit belatedly.

The "bright line" rule language was employed only later in the decision as the Court discussed how its ruling was "consistent with congressional intent" and with prior decisions. *Id.* at 1300. But that discussion was not necessary to the Court's disposition; the Court had already utilized the term "hold," and in the concluding section of its analysis, this Court returned to reliance on the lack of the district court's jurisdiction. *Id.* ("In sum, we are convinced that the disputed claims, not having been within the jurisdiction of the district court, cannot have arisen out of a referral from that court.").

7

NS also cites *McCarty Farms* for the proposition that claims do not arise out of a referral under Section 1336(b) if the referral "makes no mention of them." Opp'n at 15–17. That language in *McCarty Farms* did not announce a general rule, but rather addressed an argument that claims could "arise" out of a referral that did not reference them. Here, it is not only CSX's and the STB's position that the claims arose out of the referral order; that was the express position taken and articulated by NS below. And that position is confirmed by the referral order, which asked the STB for a ruling on NS's immunity claim, which the 1991 and 1998 transactions relate to by NS's own framing. It is implausible to suggest that the referring district court was not seeking to have the STB resolve NS's immunity arguments when that was the basis on which NS asked for and received the referral. The district court explained that its order referred "a single question to the STB regarding the applicability of § 11321(a) immunity" because of the STB's primary jurisdiction and "special competence." *CSX Transp., Inc.*, No. 2:18-cv-00530, ECF No. 395, slip op. at 5, 26.

In *Overland Express*, which NS also references, the shippers initiated the petition at issue with the ICC "rather than waiting for the district court to refer the cases," and when the district court did refer some of the cases, they were "never consolidated with the original petition for declaratory relief." *Overland Express, Inc. v. ICC*, 996 F.2d 356, 358 (D.C. Cir. 1993). In *McCarty Farms*, when the

8

referred action was filed with the ICC, McCarty Farms included additional rate challenges, seeking a prescription on future rates. 158 F.3d at 1296. As a result, the ICC instituted a separate proceeding regarding the additional challenges, because "it did not believe they were part of the district court's referral." *Id.* Thus, whenever this Court has considered Section 1336(b), *only* issues instituted in separate agency proceedings from the referred question have been found to be within this Court's jurisdiction.

Here, NS did not file separate complaints with the STB, but unilaterally characterized the issue before the STB as a single question of immunity. And unlike the litigants in *McCarty Farms*, NS was not precluded from raising the 1991 and 1998 transactions in its district court filings—by its own admission it "could have" but "it didn't." Opp'n at 18. That NS's district court briefing did not specifically contend that the 1991 and 1998 transactions supported its immunity position does not mean that those arguments, when advanced to the STB on the referred question, did not *originate* with the referred order. They certainly did, as there was no other context whatsoever for the arguments. They are most relevant to the immunity defense NS advanced in the district court litigation, and NS does not argue otherwise.

NS suggests that litigants and courts will not have a "predictable standard" if the "bright line rule" is not applied in the manner it urges. Opp'n at 22. This is an

9

idle concern, at least on the record here. When a litigant seeks and secures an agency referral order, as NS did; institutes an agency proceeding expressly to resolve only that referred question, as NS did; frames its arguments around that referred question, as NS did; and the agency then decides that referred question, as the STB did, it should come as no surprise that review of that agency decision lies with the district court, as Section 1336(b) expressly provides.

\* \* \* \* \*

NS contends that proceeding before this Court is more efficient than having the district court review the few paragraphs in the STB decision that address the 1991 and 1998 transactions. NS claims that as the district court has not received any briefing on these issues, it is "no better positioned than this Court to address them." Opp'n at 25. These contentions wholly ignore the procedural record. There is nothing efficient in NS instituting a collateral appeal as opposed to returning to the district court as Section 1336(b) directs. The district court has possessed jurisdiction over the underlying case throughout, is familiar with the referred issue, and it certainly can and should address the merits of NS's challenges to the STB ruling. In fact, NS has filed a "protective complaint" before the district court raising the same issue herein. On October 26, 2022, that matter was assigned to Chief Judge Davis, who presides over the original action. There is nothing efficient in NS's efforts to

multiply litigation, and NS makes no claim that the district court and the Fourth Circuit are not fully capable of addressing its claims.

## CONCLUSION

CSX respectfully requests that the Court grant its Motion to Dismiss and dismiss NS's appeal for lack of subject matter jurisdiction. CSX respectfully reiterates its request for expedited consideration of this Motion in light of the January 18, 2023 trial date in the district court.

Dated: October 28, 2022                Respectfully submitted,

    /s/ Benjamin L. Hatch
Benjamin L. Hatch (VSB No. 70116)
Robert W. McFarland (VSB No. 24021)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3727
Facsimile: (757) 640-3947
E-mail: bhatch@mcguirewoods.com
E-mail: rmcfarland@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com
*Counsel for CSX Transportation, Inc.*

# **CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because:

- The document contains 2,588 words, excluding the parts exempted by Fed. R. App. P. 27(a)(2)(B) and Fed. R. App. P. 32(f).

This document complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because:

- The document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

      /s/ Benjamin L. Hatch
Benjamin L. Hatch (VSB No. 70116)
*Counsel for CSX Transportation, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2022, I filed the foregoing with the Clerk of the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system. I also certify that on the same day, I sent a copy of the foregoing through U.S. Mail, postage prepaid, to the following:

Shay Dvoretzky
Parker Rider-Longmaid
Hanaa Khan
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue, NW
Washington, DC 20005

William A. Mullins
Crystal Michelle Zorbaugh
Baker & Miller PLLC
2401 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20037-2318
*Counsel for Petitioner*
*Norfolk Southern Railway Co.*

Craig M. Keats
Anika Sanders Cooper
Laura M. Wilson
Theodore L. Hunt
Surface Transportation Board (STB) Office of General Counsel
395 E Street, SW
Washington, DC 20423-0001
*Counsel for Respondent*
*the Surface Transportation Board*

Robert J. Wiggers
Robert B. Nicholson
U.S. Department of Justice (DOJ) Antitrust Division, Appellate Section
950 Pennsylvania Avenue, NW
Room 3224
Washington, DC 20530-0001
*Counsel for Respondent*
*the United States of America*

   /s/ Benjamin L. Hatch
Benjamin L. Hatch (VSB No. 70116)
*Counsel for CSX Transportation, Inc.*

13