**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

v.                                      Civil Action No. 2:18-cv-530-MSD-RJK

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.

_____/

**ORDER**

The matter comes before the Court pursuant to Local Civil Rule 5 and Plaintiff CSX Transportation, Inc.'s ("CSX") Motion to Seal portions of Exhibit F to the proposed final pretrial order (collectively, the "Sealed Materials"). CSX has represented that this document contains and/or references information that has been designated as "Confidential" or "Confidential-Attorneys Eyes Only" ("AEO") under the Stipulated Protective Order entered in this matter. ECF No. 79.

Before this Court may seal documents, it must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted).

In compliance with Local Civil Rule 5(C) and *Ashcraft*, CSX provided public notice of this Motion by filing an appropriate Notice with the Court. In support of sealing, CSX argued that the

1

Sealed Materials, contain, discuss, and characterize highly confidential and sensitive information relating to the Parties' transportation and shipping practices, negotiations with customers and stakeholders, business strategy, internal communications, and other highly confidential, proprietary, and sensitive business information, release of which could harm the Parties.

There are no less drastic alternatives to sealing: CSX filed a redacted version of Exhibit F to the proposed final pretrial order such that only information designated as "Confidential" and "AEO" has been redacted.

Based on the foregoing, the Court FINDS that the information at issue constitutes confidential and proprietary information, and that less drastic alternatives to sealing the Sealed Materials are not feasible.

Accordingly, the Court GRANTS CSX's Motion to Seal and ORDERS that CSX's unredacted Exhibit F to the proposed final pretrial order shall be maintained under seal by the Clerk pending further order of the Court. The Clerk is REQUESTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.


Dated:_____  
At Norfolk, Virginia

                                            The Honorable Robert J. Krask  
                                            United States Magistrate Judge