IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

      v.                                  Civil Action No. 2:18-cv-530-MSD-RJK

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.

## PROPOSED FINAL PRETRIAL ORDER

Plaintiff CSX Transportation, Inc. ("CSX") and Defendants Norfolk Southern Railway Company ("NS") and Norfolk and Portsmouth Beltline Railway Company ("NPBL" or the "Belt Line") submit the following proposed Final Pretrial Order pursuant to the Court's Order (ECF No. 505), the Federal Rules of Civil Procedure, and the Local Rules of this Court. The Parties have stipulated as to various matters identified herein, and have identified the following exhibits, witnesses, factual contentions, and triable issues.

It is thus ORDERED as follows:

I.     **STIPULATION OF UNDISPUTED FACTS AND LEGAL CONTENTIONS**

    1.    The parties stipulate and agree that the conduct at issue in this case has an effect on interstate commerce.

    2.    CSX and NS are Class 1 railroads operating in the eastern United States. CSX and NS compete for the rail transportation of international intermodal containers delivered to or from ports on the East Coast of the United States.

1

3. NPBL is a terminal switching railroad (sometimes called a "short line") located in Hampton Roads, Virginia. NPBL is currently owned 57% by NS and 43% by CSX.

4. NPBL was formed in 1896 by eight railroads. NPBL's purpose is to interchange or "switch" rail cars for other railroads. NPBL receives cars tendered by other railroads and delivers them to locations on its rail line, or vice-versa.

5. NPBL's business and affairs are governed by an Operating Agreement, dated July 7, 1897 (the "Operating Agreement"), as amended. ECF No. 1-1.

6. On March 1, 1989, the NPBL's then-existing owners—CSX, Norfolk and Western Railway Company ("NW") and Southern Railway Company ("SR")—entered into a Supplemental Agreement amending the Operating Agreement to allow CSX to appoint two directors and NW and SR to collectively appoint three directors.

## II.     EXHIBITS

1. The Parties have segregated the documents, summaries, and other exhibits that may be offered into evidence at trial into four exhibit lists. A joint list of agreed exhibits will be submitted to the Court at the Final Pretrial Conference as **Exhibit A**. CSX's Exhibit List and Defendants' objections thereto are attached as **Exhibit B**. NS's Exhibit List and CSX's objections thereto are attached as **Exhibit C**. NPBL's Exhibit List and CSX's objections thereto are attached as **Exhibit D**.

Unless otherwise ordered, the Parties agree to deliver to the Court three copies of their respective exhibits, sequentially numbered with tabs in binders, one day before trial.

2. The Parties have discussed their objections and will continue their efforts to narrow and resolve the objections to each other's proposed exhibits. Many exhibit objections by the Parties relate to pending motions, and may be resolved by the rulings on these motions. The Parties

reserve their rights to make and pursue objections to individual exhibits based on rulings on the pending motions.  The Parties also agree to reserve rights to require a foundation for the admission of any exhibit and to object on hearsay grounds at trial.

3. The Parties agree that any documents identified on the exhibit lists attached hereto that were produced from a Party's own files shall be deemed authentic unless specifically objected to on that basis by another Party.  The Parties shall work together to identify any exhibits that remain subject to any specific authenticity objections.  This provision shall not be deemed to resolve any hearsay objections or other aspects of foundation objections for exhibits.

4. The Parties agree that to the extent an exhibit is excluded from one Party's exhibit list, it is excluded for all purposes and no Party may use it, even if it remains on another Party's exhibit list.  The Parties agree that inclusion of an exhibit on a Party's list shall not be deemed a waiver of the Party's right to object to the exhibit, given that exhibit lists have been prepared before receiving rulings on pending summary judgment and other motions, and may be included protectively on the exhibit list.

5. The Parties agree that documents, summaries, and other exhibits listed on the exhibit lists to which no objection has been specified at trial may be introduced into evidence by any Party; provided, however, all exhibits shall be introduced into evidence on the record at trial, either in the course of testimony about the exhibit at trial, either live or by deposition, or, if a joint exhibit, by motion on the record for admission.

6. The exhibit lists set forth the Parties' exhibits for their respective cases-in-chief; the exhibit lists do not include potential cross-examination or impeachment exhibits that may or may not be introduced into evidence.  The Parties reserve the right to offer such potential exhibits for purposes of cross-examination or impeachment.

### III. WITNESSES

The Parties adopt and incorporate by reference their objections to proposed witness testimony, whether by deposition or live, to the extent that testimony is the subject of any Party's motion in limine or *Daubert* motion.

For those witnesses expected to testify by deposition, attached as **Exhibit E** are tables indicating the page and line numbers designating each witnesses' testimony, objections lodged by the Parties, and counter-designations of the testimony.

#### A. CSX's Witnesses

CSX expects to call the following witnesses at trial:

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Allan, Jim | Live or By Deposition; to be determined | NPBL: Statute of limitations; Fed. R. Evid. 401, 403<br><br>NS: Federal Rules of Evidence 401, 402, and 403(NS MSJ –Statute of Limitations). |
| Armbrust, Steven | Live | |
| Booth, John | Live or By Deposition; to be determined | NPBL: Statute of limitations; Fed. R. Evid. 401, 403<br><br>NS: Federal Rules of Evidence 401, 402, and 403(NS MSJ –Statute of Limitations). |
| Capozzi, Thomas | Live | NPBL and NS: *See* NPBL MIL #3 (ECF 359) |
| Coleman, Donna | Live | |
| DiDeo, Tony | Live | |

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Eliasson, Fredrik | By Deposition | NPBL: Statute of limitations; Fed. R. Evid. 401, 403<br><br>NS: Federal Rules of Evidence 401, 402, and 403(NS MSJ –Statute of Limitations). |
| Girardot, Rob | Live | NS and NPBL:<br>*See* NPBL MIL #2,4 (ECF 353, 365);<br>NS MIL (ECF 332) |
| Heller, Jeffrey | Live or By Deposition | |
| Kendall, Quintin | By Deposition | NPBL: Statute of limitations; Fed. R. Evid. 401, 403<br><br>NS: Federal Rules of Evidence 401, 402, and 403(NS MSJ –Statute of Limitations). |
| Kenney, Maryclare | Live | NS and NPBL:<br>*See* NS MIL (ECF 332) |
| Luebbers, Christopher | Live or By Deposition | |
| Martinez, Robert | Live or By Deposition | |
| Marvel, Dr. Howard | Live | NPBL:<br>*See* NPBL MIL #5 (ECF 473); NS MIL (ECF 332)<br><br>NS: NS's MSJ if granted as to CSX's antitrust claims renders entirety of anticipated testimony inadmissible under Federal Rules of Evidence 401, 402, and 403.<br>*See also* NPBL MIL #5 (ECF No. 473);NS MIL (ECF No. 332) |

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| McClellan, Michael | Live or By Deposition | |
| Moss, Cannon | Live | |
| Norfolk & Portsmouth Belt Line Railroad Company Rule 30(b)(6) Corporate Representative | Live or By Deposition | |
| Piacente, Dean | By Deposition | |
| Strongosky, Jay | Live | |
| Vick, Catherine J. | Live | NPBL and NS: *See* NPBL MIL #3 (ECF 359) |
| Warren, Carl | By Deposition | NPBL and NS: *See* NPBL MIL #4 (ECF 365); NS MIL (ECF 332) |
| Virginia International Terminals, LLC Rule 30(b)(6) Corporate Representative | Live | NPBL and NS: *See* NPBL MIL #3 (ECF 359) |
| Virginia Port Authority Rule 30(b)(6) Corporate Representative | Live | NPBL and NS: *See* NPBL MIL #3 (ECF 359) |

CSX may call the following witnesses at trial:

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Booth, Cary | Live or By Deposition | |
| Burns, Michael | Live | |
| Hall, Jerry | By Deposition | |
| Houfek, Ryan | Live or By Deposition; to be determined | NPBL: Statute of limitations; Fed. R. Evid. 401, 403<br><br>NS: Federal Rules of Evidence 401, 402, and 403 (NS MSJ –Statute of Limitations). |
| Hunt, Randall | Live or By Deposition | |
| Hurlbut, Thomas | By Deposition | |

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Ingram, Tony | By Deposition | NPBL: Statute of limitations; Fed. R. Evid. 401, 403<br><br>NS: Federal Rules of Evidence 401, 402, and 403(NS MSJ –Statute of Limitations). |
| Joyner, Kenneth | Live or By Deposition | |
| MacDonald, Tony | Live | |
| Merilli, Philip | By Deposition | |
| Norfolk Southern Rule 30(b)(6) Corporate Representative | Live or By Deposition | |
| Stinson, David | Live or By Deposition; to be determined | NS: Federal Rules of Evidence 401, 402, and 403(NS MSJ –Statute of Limitations). |
| Wahidi, Salmaan | Live | |
| Wagel, Christopher | By Deposition | NPBL and NS: *See* NPBL MIL #4 (ECF 365); NS MIL (ECF 332) |
| Wheeler, Michael | Live or By Deposition; to be determined | NPBL: Statute of limitations; Fed. R. Evid. 401, 403<br><br>NS: Federal Rules of Evidence 401, 402, and 403(NS MSJ –Statute of Limitations). |

B.   **NS's Witnesses**

NS expects to call the following witnesses at trial:

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Cannon Moss | Live | |
| Randall Hunt | Live | |
| Matthew Wright | Live | |

7

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Jeffrey Heller | Live | |
| Michael McClellan | Live | |
| Cary Booth | Live | |
| Robert Martinez | Live | |

NS may call the following witnesses at trial:

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Donna Coleman | Live | |
| Thomas Crowley | Live | |
| David Stinson | To be determined | |
| Leslie Farless | Live | |
| Jerry Hall | To be determined | |
| Phillip Merilli | To be determined | |
| C.H. ("Jake") Allison | Live | |
| Thomas Hurlbut | To be determined | |
| Mark Manion | Live | |
| Michael Wheeler | To be determined | |
| Michael Burns | Live if called live by CSX, otherwise by deposition | |

C.  **NPBL's Witnesses**

NPBL expects to call the following witnesses at trial:

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Cannon Moss | Live | |
| William O'Brien | Live | |
| Thomas Crowley | Live | |

NPBL may call the following witnesses at trial:

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Donna Coleman | Live | |
| Adam Reeder | Live | |
| Joe Donnelly | Live | |
| Rachel Sears | Live | |
| David Gooden | To be determined | |
| Matthew Wright | Live | |
| Anthony MacDonald | By Deposition | |

8

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Ryan Houfek | By Deposition | |
| Jay Strongosky | By Deposition | |
| Anthony DiDeo | By Deposition | |
| John Booth | By Deposition | |
| Steven Armbrust | By Deposition | |
| Michael Burns | By Deposition | |
| Tony Ingram | By Deposition | |
| Jermaine Swafford | By Deposition | |
| Rob Girardot | By Deposition | |
| David Stinson | By Deposition | |
| Tom Capozzi | By Deposition | |

The Parties agree that all witnesses identified as witnesses whom they "will call" to testify "live" will in fact appear at trial, barring illness or other unforeseen circumstances beyond the witness's control. In the event that a witness so identified does not appear at trial, and that witness's deposition testimony has not been previously introduced by an opposing Party at trial, an opposing Party may offer any otherwise-admissible deposition testimony by that witness, regardless of whether the Party seeking to offer such testimony previously designated it. The Parties each reserve the right to call any witness listed on another Party's witness list, and expressly reserve the right to call witnesses not listed for rebuttal or impeachment; provided, however, that while the Parties will work cooperatively, nothing herein shall be deemed to require a Party to produce a "live" witness at a time requested by another Party.

## IV.   FACTUAL CONTENTIONS

CSX's Factual Contentions are attached as **Exhibit F**. NS's Factual Contentions are attached as **Exhibit G**. NPBL's Factual Contentions are attached as **Exhibit H**. The Parties agree that these lists are not exhaustive and may be supplemented, and that the absence of a factual

contention shall not constitute waiver and shall not preclude the admission of relevant evidence at trial.

V. **TRIABLE ISSUES**

    A. **CSX's Triable Issues**

**Count I: Conspiracy to Restrain Trade (Sherman Act Section 1) v. NS and NPBL**

    1. Whether NS and NPBL knowingly conspired to restrain trade in the relevant market by foreclosing CSX's ability to access on-dock rail at NIT.

    2. Whether NS <u>or</u> NPBL committed an overt act in furtherance of that conspiracy.

    3. Whether Defendants' conspiracy to restrain trade harms competition in the relevant market.

    4. Whether Defendants' conspiracy injured CSX's business.

    5. In what amount did Defendants' conspiracy to restrain trade injure CSX.

    6. Whether CSX is entitled to injunctive relief pursuant to the Clayton Act.

**Count II: Conspiracy to Monopolize (Sherman Act Section 2) v. NS and NPBL**

    7. Whether NS and NPBL knowingly conspired to foreclose CSX's ability to access on-dock rail at NIT with the specific intent that NS would obtain and maintain monopoly power in the relevant market.

    8. Whether NS <u>or</u> NPBL committed an overt act in furtherance of that conspiracy.

    9. Whether Defendants' conspiracy to monopolize harms competition in the relevant market.

    10. Whether Defendants' conspiracy to monopolize injured CSX's business.

    11. In what amount did Defendants' conspiracy to monopolize injure CSX.

**Count III: Monopolization (Sherman Act Section 2) v. NS**

12. Whether NS possesses monopoly power in the relevant market.

13. Whether NS willfully acquired or maintained its monopoly power by engaging in anticompetitive conduct.

14. Whether NS's monopolistic conduct harms competition in the relevant market.

15. Whether NS's monopolistic conduct injured CSX's business.

16. In what amount did NS's exercise of monopoly power injure CSX.

**Count IV: Attempted Monopolization (Sherman Act Section 2) v. NS**

17. Whether NS engaged in anticompetitive conduct in the relevant market.

18. Whether NS had specific intent to obtain monopoly power in the relevant market.

19. Whether there was a dangerous probability that NS would achieve its goal of obtaining monopoly power in the relevant market.

20. Whether NS's attempted monopolization injured CSX's business.

21. In what amount did NS's attempted monopoly injure CSX.

**Count V: Breach of Contract v. NS**

22. Whether the Operating Agreement constitutes a contract between NS and CSX.

23. Whether NS breached the Operating Agreement.

24. Whether NS's breaches of the Operating Agreement injured CSX.

25. In what amount did NS's breaches of the Operating Agreement injure CSX.

**Count VIII: Statutory Business Conspiracy (Va. Code § 18.2-499) v. NS and NPBL**

26. Whether NS and NPBL knowingly conspired to foreclose CSX's ability to access on-dock rail at NIT.

27. Whether Defendants intentionally and purposefully injured CSX's business expectations.

28. Whether Defendants acted without lawful justification.

29. Whether Defendants acted with malice.

30. Whether Defendants' conspiracy has injured CSX.

31. In what amount did Defendants' business conspiracy injure CSX.

**Count IX: Civil Conspiracy v. NS and NPBL**

32. Whether NS and NPBL combined to accomplish an unlawful purpose.

33. Whether that unlawful purpose was, in fact, effectuated.

34. Whether Defendants acted with malice.

35. Whether CSX's injury arose as the result of Defendants' unlawful combination.

36. Whether CSX was injured by Defendants' unlawful combination.

37. In what amount was CSX injured by Defendants' unlawful combination.

**Legal Issues and Injunctive and Declaratory Relief**

38. Whether NS is bound by, estopped, and/or subject to judicial admissions based on its representations to the STB regarding its control over and involvement with NPBL.

39. Whether CSX is entitled to a permanent injunction prohibiting NS and NPBL from engaging in anticompetitive and unlawful behavior with respect to on-dock rail access at NIT.

40. Whether CSX is entitled to a permanent injunction to restore CSX's rights as a co-equal shareholder of NPBL and/or to establish an independent NPBL Board structure as previously proposed by CSX.

### B. NS's Triable Issues

1. Whether CSX properly defined the relevant market as on-dock rail access at NIT?

2. Whether NS has monopoly power, or a dangerous probability of achieving monopoly power, in a properly defined relevant market?

3. Whether NS willfully sought to achieve or maintain monopoly power through exclusionary conduct?

4. Whether competition was harmed by NS's exclusionary conduct?

5. Whether CSX suffered damages caused by NS's exclusionary conduct that occurred within the limitations period, and if so, what the value of those damages are?

6. Whether NS and NPBL conspired to exclude CSX from the on-dock facilities at NIT?

7. Whether CSX suffered damages caused by an overt act in furtherance of the alleged conspiracy that occurred within the limitations period and without lawful justification, and if so, what the value of those damages are?

8. Whether NS materially breached its obligations to CSX under NPBL's Operating Agreement causing damages to CSX, and if so, what the value of those damages are?

9. Whether CSXT failed to mitigate its damages, if any, and if so, by how much.

10. Whether CSXT's claims are barred by the statute of limitations.

11. Whether the Belt Line's $210 line haul switching rate is justified by the Belt Line's costs.

12. Whether the Belt Line's $210 line haul switching rate is justified by its reasonableness.

C. **NPBL's Triable Issues**

1. Under Count I, whether CSXT can prove by a preponderance of the evidence that the Belt Line and NS conspired to unreasonably restrain trade or commerce.

2. Under Count II, whether CSXT can prove by a preponderance of the evidence that the Belt Line and NS conspired to monopolize trade or commerce.

3. Under Count VIII, whether CSXT can prove by clear and convincing evidence that the Belt Line and NS conspired to willfully and maliciously injure CSXT.

4. Under Count IX, whether CSXT can prove by clear and convincing evidence that the Belt Line and NS conspired to accomplish a criminal or unlawful purpose, or a lawful purpose by criminal or unlawful means.

5. Whether CSXT is entitled to damages from the Belt Line as a result of an overt act that occurred within the statute of limitations in furtherance of a conspiracy under Counts I, II, VIII, or IX, and if so, how much.

6. Whether CSXT failed to mitigate its damages, if any, and if so, by how much.

7. Whether CSXT's claims are barred by the statute of limitations.

8. Whether CSXT properly defined the relevant market as on-dock rail access at NIT.

9. Whether the Belt Line's $210 line haul switching rate is justified by the Belt Line's costs.

10. Whether the Belt Line's $210 line haul switching rate is justified by its reasonableness.

      11.      Whether the Belt Line had power to grant CSXT's 2010 or 2018 rate requests.

      12.      Whether the Belt Line had power to grant CSXT's 2018 corporate governance demand.

Entered this \_\_\_\_\_ day of December, 2022.

_____

WE ASK FOR THIS:

**CSX TRANSPORTATION, INC.**
*By Counsel*

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

**NORFOLK SOUTHERN RAILWAY COMPANY**
*By Counsel*

*/s/ Alan D. Wingfield*

| | |
|---|---|
| Alan D. Wingfield (VSB No. 27489) | Tara L. Reinhart (*admitted pro hac vice*) |
| Michael E. Lacy (VSB No. 48477) | Thomas R. Gentry (*admitted pro hac vice*) |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| 1001 Haxall Point | 1440 New York Ave, N.W. |
| Richmond, Virginia 23219 | Washington, D.C. 20005 |
| Tel. (804) 697-1200 | Tel (202) 371-7000 |
| Fax (804) 698-6061 | tara.reinhart@skadden.com |
| alan.wingfield@troutman.com | thomas.gentry@skadden.com |
| michael.lacy@troutman.com | |

| | |
|---|---|
| John C. Lynch (VSB No. 39267)<br>Kathleen M. Knudsen (VSB No. 90845)<br>TROUTMAN PEPPER HAMILTON SANDERS LLP<br>222 Central Park Avenue, Suite 2000<br>Virginia Beach, Virginia 23462<br>Tel. (757) 687-7537<br>Fax (757) 687-1546<br>john.lynch@troutman.com<br>kathleen.knudsen@troutman.com | Monica McCarroll (VSB No. 45622)<br>REDGRAVE LLP<br>14555 Avion Parkway, Suite 275<br>Chantilly, VA 20151<br>Tel. (703) 592-1155<br>Fax (703) 230-9859<br>mmccarroll@redgravellp.com |

*Counsel for Defendant*
*Norfolk Southern Railway Company*


**NORFOLK AND PORTSMOUTH BELTLINE RAILWAY COMPANY**
*By Counsel*

*/s/ W. Ryan Snow*
James L. Chapman IV (VSB No. 21983)
W. Ryan Snow (VSB No. 47423)
Alexander R. McDaniel (VSB No. 92398)
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1923
Norfolk, Virginia 23510
Tel. (757) 623-3000
Fax (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
amcdaniel@cwm-law.com

*Counsel for Defendant Norfolk & Portsmouth Beltline Railroad Company*