UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                                                               Action No. 2:18cv530

NORFOLK SOUTHERN
RAILWAY COMPANY, et al.,

    Defendants.

## O R D E R

This matter is before the Court on twelve motions *in limine*. On December 5, 2022, the Court held a hearing and heard argument on three of the motions filed pursuant to *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589–93 (1993). ECF Nos. 374, 465, 473. Benjamin Hatch, Esq., Ashley Peterson, Esq., and Robert McFarland, Esq., represented CSX Transportation, Inc. ("CSX"). Tara Reinhart, Esq., and Michael Lacy, Esq., represented Norfolk Southern Railway Company ("Norfolk Southern"). Ryan Snow, Esq., and Alexander McDaniel, Esq., represented Norfolk & Portsmouth Belt Line Railway Company ("NPBL"). The court reporter was Carol Naughten.

The Court reserved ruling on the following four motions:

- ECF No. 337: Norfolk Southern's motion *in limine* regarding use of internal emails;

- ECF No. 349: NPBL's motion *in limine* to exclude evidence and argument regarding the use of internal Norfolk Southern emails;

- ECF No. 465: Norfolk Southern's motion *in limine* to exclude the opinions of Professor Howard Marvel; and,

- ECF No. 473: NPBL's motion *in limine* to exclude testimony from plaintiff's expert Howard Marvel.

With respect to the remaining eight motions, for the reasons stated on the record at the hearing, the Court ruled as follows:

**(1) ECF No. 329: Norfolk Southern's motion *in limine* to exclude evidence and argument that NPBL's switch rate is unreasonable**

The motion is **DENIED** subject to the Court's ruling on the pending motions for summary judgment. The admissibility of testimony and any individual item of evidence relating to the switch rate remains to be addressed at trial. If Norfolk Southern seeks a limiting instruction concerning the proper use of any evidence about the establishment of the switch rate, it should include a proposed instruction as part of its proposed jury instructions.

**(2) ECF No. 331: Norfolk Southern's motion *in limine* to exclude evidence and argument on CSX's loss of customer contracts**

The motion is **DENIED WITHOUT PREJUDICE** to timely objection at trial. CSX is **ORDERED** to avoid discussing the reported hearsay statements during opening statements. Should Dr. Marvel be allowed to testify, counsel for CSX is also directed to exercise care in eliciting testimony with an eye to the trial judge's rulings on this contested evidence.

**(3) ECF No. 343: Norfolk Southern's motion *in limine* regarding discontinuance of the Diamond Track**

The motion is **DENIED WITHOUT PREJUDICE** and subject to the Court's ruling on the motion for summary judgment. To the extent Norfolk Southern argues that the timing of NPBL's meetings and STB proceedings about the Diamond Track renders them irrelevant, the parties and the Court can revisit the matter, as needed, following the Court's ruling on the motion for summary judgment.

(4)  **ECF 353: NPBL's motion *in limine* #2 to exclude evidence and argument about CSX's private switching rates**

NPBL's motion to exclude this evidence as not relevant or unduly prejudicial pursuant to Rules 402 and 403 of the Federal Rules of Evidence is **DENIED**. To the extent that NPBL claims that it lacked knowledge of CSX's contractually-negotiated switch rates, NPBL may seek to offer evidence about what it knew and the manner in which it set its public tariff switching rate, and the jury may consider the same in assessing whether such was excessive or anticompetitive. The probative value of the contested evidence is not substantially outweighed by dangers of unfair prejudice.

(5)  **ECF 359: NPBL's motion *in limine* #3 to limit evidence and argument from non-parties VPA and VIT**

The motion is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**. The motion is **DENIED WITHOUT PREJUDICE** as to testimony and evidence from current and former VPA and VIT employees about: (1) NPBL's switch rate; (2) CSX's rail access to NIT; and (3) the April 13, 2018 letter from John Reinhart to Cannon Moss described in NPBL's motion. To the extent that CSX may seek to elicit testimony from such employees that they or the VPA or VIT "support" CSX's legal claims in the case, the motion *in limine* is **GRANTED**. The proper scope of any argument—based upon the actual testimony and other evidence introduced through VPA and VIT employees—is reserved for trial.

(6)  **ECF 365: NPBL's motion *in limine* #4 to exclude evidence and argument from CSX witnesses who lack personal knowledge**

The motion is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**. The Court **GRANTS** the motion in only one respect, namely, that Robert Girardot is precluded from testifying about statements: (a) reportedly made by VIT management to Ocean Network Express personnel about the capacity to reliably dray containers between NIT and CSX's

3

Portsmouth terminal; and (b) made by Ocean Network Express personnel indicating that Ocean Network Express would have chosen CSX for business but for, or in significant part, due to concerns about CSX's lack of on-dock access at NIT. Such testimony is inadmissible to prove the truth of the matter asserted in the underlying statements. In all other respects, the motion is **DENIED WITHOUT PREJUDICE**.

Assuming for the purposes of addressing this motion that Dr. Marvel is allowed to testify as a CSX expert at trial, the motion is also **DENIED WITHOUT PREJUDICE** to the extent that Dr. Marvel bases his opinions on testimony and evidence about the foregoing matters, aside from Mr. Girardot's statements above. The Court cautions counsel for CSX to exercise care in eliciting testimony from Dr. Marvel, with an eye to the trial judge's evidentiary rulings about whether testimony on the topics described above is admitted or denied.

(7) **ECF No. 374: CSX's motion *in limine* to exclude NPBL's expert Thomas D. Crowley**

The Court finds Crowley's opinions on the reasonableness of NPBL's rates and whether drayage is an effective alternative to on-dock rail at NIT are relevant and reliable, fit the facts of the case, and will assist the jury, and the motion to exclude these opinions is **DENIED**.

CSX's motion to exclude Crowley's testimony providing a historical narrative or legal conclusions about whether the CSX proposals were contrary to the Operating Agreement and bylaws is **GRANTED**. Crowley will, however, be allowed to rely on these documents to explain his approach to calculating a reasonable rate.

(8) **ECF 378: CSX's motion *in limine* to preclude mischaracterization of CSX's rate proposals**

The motion is **DENIED** subject to the Court's ruling on the pending motions for summary judgment. Moreover, this evidence would not unduly prejudice CSX by misleading or confusing

the jury, as its probative value appears not to be substantially outweighed by any prejudice ensuing from its admission.

The Clerk is **DIRECTED** to forward copies of this order to all counsel of record.

/s/
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
December 5, 2022