IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

v.                                             Civil Action No. 2:18-cv-530-MSD-RJK

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.

/

**CSX TRANSPORTATION INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO TAKE THE DE BENE ESSE DEPOSITION OF CHRIS LUEBBERS**

Plaintiff CSX Transportation, Inc. ("CSX"), by counsel, pursuant to Local Civil Rules 7, 16 and 30, and Fed. R. Civ. P. 16, 30, and 32, submits this Memorandum in Support of its Motion to Take the *De Bene Esse* Deposition of Christopher Luebbers ("Motion"). In support, CSX states as follows:

## INTRODUCTION

Through this action, CSX seeks to hold Defendants Norfolk Southern Railway Company ("NS") and the Norfolk & Portsmouth Belt Line Railroad Company ("NPBL") liable for their ongoing anticompetitive conspiracy and monopolization actions and breaches of contract, by which NS monopolizes on-dock rail access at Norfolk International Terminal ("NIT"), one of the most important marine terminals on the East Coast.

1

Christopher Luebbers, NS's current Assistant Vice President of Planning and Yield for Intermodal, has played a central role in *every aspect* of Defendants' conspiracy and monopolization. Indeed, the record evidence shows that:

- Mr. Luebbers was repeatedly designated by NS to serve on NPBL rate committees, which he used to monitor CSX's activities in the Hampton Roads region and protect NS's monopoly at NIT. *See, e.g.*, **Exhibit 1** (NSR_00306424) (email from Mr. Luebbers summarizing 2002 rate committee meeting ███████████████; **Exhibit 2** (NSR_00306426) (email from Mr. Luebbers, summarizing 2006 committee's ███████████████.

- In 2009, Mr. Luebbers led the effort of the NS-appointed rate committee to prevent NPBL from implementing a rate that would have allowed CSX to access NIT. *See, e.g.*, **Exhibit 3** (NSR_00084753) (April 2009 email from Mr. Luebbers ███████████████; **Exhibit 4** (NSR_00011118) (April 2009 email from Mr. Luebbers, ███████████████; **Exhibit 5** (NSR_00027070) (July 2009 email from Mr. Luebbers, ███████████████.

- In 2009, Mr. Luebbers co-authored a letter from NS intermodal executives to the NS-appointed members of the NPBL Board, titled "CSX Incursion in to Hampton Roads through the NPBL." *See* **Exhibit 6** (NSR_00305952). The letter describes ███████████████ *Id.* At -953. It concludes: ███████████████ *Id.* at -953-54 (emphasis added).

- In 2010, Mr. Luebbers—an NS sales and marketing employee with no operational experience—led the team of NS personnel that "reviewed" CSX's NPBL service proposal. Mr. Luebbers' communications make clear that this group intended to

2

- identify economic and operational barriers to "argue" against the proposal, including route timing and terminal congestion. *See* **Exhibit 7** (NSR_00062857); **Exhibit 8** (NSR_00062844).

- In 2015, NPBL President, Cannon Moss, kept Mr. Luebbers apprised of CSX's attempts to access NIT via NPBL, so that he would know about how these efforts would impact NS's customers. *See* **Exhibit 9** (NPBL024288); **Exhibit 10** (Luebbers Dep. 281:24-282:14).

- Between 2015 and 2018, Mr. Luebbers played a key role in ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ **Exhibit 11** (NSR_00005173). For example, Mr. Luebbers advised NS personnel in negotiating a new trackage rights agreement with NPBL, recommending that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ **Exhibit 12** (NSR_00008141). NPBL ultimately cited Defendants' trackage rights "dispute" as a basis to not fully evaluate CSX's 2018 service proposal. *See* **Exhibit 13** (Moss Dep. at 244:2-8).

- Mr. Luebbers also knows about NS's efforts to limit CSX's ability to access NIT via removal of the Diamond track and other real estate transactions. *See* **Exhibit 14** (NSR_00011108); **Exhibit 4** (NSR_00011118).

As the existing record makes clear, Mr. Luebbers's trial testimony is important to CSX. Thus, CSX identified Mr. Luebbers as a witness it expects to call at trial. *See* Proposed Final Pretrial Order, ECF No. 517 at 5. Surprisingly, notwithstanding his extensive involvement in relevant matters, neither NS nor NPBL listed Mr. Luebbers as even a "May Call" witness for trial. *See id.* at 7-9. When CSX first learned of this absence from Defendants' Rule 26(a)(3) disclosures, it inquired whether NS would nonetheless have Mr. Luebbers attend trial in person, if CSX paid his travel expenses, or alternatively make him available for a *de bene esse* deposition. NS did not respond until the Court's December 6 Final Pretrial Conference, when it first informed CSX that Mr. Luebbers currently resides in Atlanta, Georgia, outside the 100-mile subpoena radius provided by Rule 45 of the Federal Rules of Civil Procedure, and it would not accept a trial subpoena directed to Mr. Luebbers or otherwise facilitate his attendance at trial—despite CSX offering to pay any associated travel expenses. NS will not even agree to a *de bene esse* deposition.

According to NS, because Mr. Luebbers is outside of this Court's subpoena powers, CSX must suffice with reading portions of his discovery depositions into the trial record, rather than have him testify at trial.

The Federal Rules do not dictate such a draconian result. In compelling circumstances like these, when a party attempts to use Rule 45's limitations obstructively to prevent a critical witness from testifying live, the Court can order the witness to testify by alternative means, including allowing a *de bene esse* deposition for use at trial.

## RELEVANT BACKGROUND

On November 22, 2019, NS served its First Supplemental Rule 26(a)(1) disclosures, which identified Mr. Luebbers as a person who "may have discoverable information regarding [the] NPBL rate committee and information regarding competition at NIT." *See* NS's 1st Supp. Rule 26(a)(1) Disclosures, attached as **Exhibit 15**, at 9. NS did not provide any contact information for Mr. Luebbers—a current NS employee—and instead directed that Mr. Luebbers could be contacted only through NS's counsel. *See id.* That same day, NS responded to CSX's Interrogatory No. 1, which asked NS to identify individuals with knowledge "concerning the subject matter of the Lawsuit." *See* NS's Response to CSX's ROG No. 1, attached as **Exhibit 16**, at 5. NS identified Mr. Luebbers as NS's "Director-Intermodal,"[1] and represented that he "likely has knowledge regarding NSR's intermodal network in the Eastern United States." *Id.* at 11. NS again did not provide contact information for Mr. Luebbers, objecting that CSX's request for Mr. Luebbers's "residential address" impermissibly sought "personally-identifiable information . . . in violation of [Mr. Luebbers's] constitutional right to privacy." *Id.* at 4. NS asserted that "[t]o the

---

[1] Mr. Luebbers later testified that he had been promoted to "assistant vice president of planning and yield" for NS's intermodal marketing team. *See* **Exhibit 17** (Luebbers 2d Dep. 12:17-24).

4

extent required to address the claims and defenses at issue int his case, the business addresses of natural persons will be sufficient to identify and contact potential witnesses." *Id.* NS did not provide Mr. Luebbers' business address. *See id.* at 11.

On February 25, 2020, CSX deposed Mr. Luebbers in person at the Virginia Beach office of NS's counsel. *See* Luebbers Dep., attached at **Exhibit 10**, at 7. During that deposition, Mr. Luebbers testified that he had been involved in NPBL rate committees during the relevant period and also participated in the Hampton Roads Planning Authority, a professional association that studies freight transportation "issues throughout Hampton Roads."[2] *Id.* at 19:10-24. Mr. Luebbers did not testify about where he resided or conducted business; however, CSX reasonably assumed that he lived in Hampton Roads given the location selected by NS for his deposition and the substance of his testimony.

Following an extended stay due to the COVID-19 pandemic, the Court entered an amended Rule 16(b) Scheduling Order on October 22, 2020. ECF No. 254. That order provided that fact discovery was to be completed by CSX on or before November 6, 2020 and by Defendants on or before January 20, 2021. ECF No. 78 at 2. It also provided that any *de bene esse* depositions should be taken on or before March 24, 2021. ECF No. 254 at 2. Trial was set to begin on July 13, 2021. *Id.* at 1. Given how NS presented Mr. Luebbers in discovery and its pretrial disclosures, CSX had no reason to inquire about, let alone take, his *de bene esse* deposition.

On May 18, 2021, the Court referred to the Surface Transportation Board ("STB") a discrete question raised by NS: whether NS was "immune" from CSX's antitrust and conspiracy claims because of the STB's approval of the 1982 consolidation by which NS obtained its 57%

---

[2] CSX deposed Mr. Luebbers a second time on January 28, 2021. *See* Luebbers 2d Dep., attached as **Exhibit 17**. This deposition was conducted remotely due to the COVID-19 pandemic, but it is CSX's understanding Mr. Luebbers was again in Virginia for this deposition.

ownership interest in the NPBL. *See* ECF No. 395. The Court stayed all proceedings pending the STB's determination. *See id.* at 29.

Following the STB's rejection of NS's immunity argument, *see* ECF No. 401, the Court entered an order amending certain deadlines in the previous scheduling order and setting trial for January 18, 2023. *See* ECF No. 410. It did not update the deadline for *de bene esse* depositions. *See id.*

On November 10, 2022, the parties exchanged Rule 26(a)(3) disclosures, including their proposed witness lists. Surprisingly, NS did not identify Mr. Luebbers as a witness it expected to call or might call at trial. CSX identified Mr. Luebbers as a trial witness and also designated portions of his fact deposition transcripts under Rule 26(a)(3). NS has lodged many objections to CSX's designations of Mr. Luebbers' deposition testimony—most of which it notes only as vague objections to "form." *See* NS Objections to Luebbers Designations, attached as **Exhibit 18**.

On November 28, 2022, immediately following the attorneys' conference, counsel for CSX asked counsel for NS to confirm whether it would make Mr. Luebbers available as a trial witness. *See* Letter from R. McFarland dated November 28, 2022, attached as **Exhibit 19**. CSX expressly requested that NS "agree to accept a subpoena and bring [Mr. Luebbers] to trial," and offered to pay his associated travel expenses. *See id.* CSX's counsel followed up with his request by email messages, but NS did not respond to CSX's inquiry until the Court's Final Pretrial Conference on December 6, 2022. At that time, NS stated that, as Mr. Luebbers does not reside or conduct business within the 100-mile subpoena radius provided by Rule 45 of the Federal Rules of Civil Procedure, it would not agree to accept service of a trial subpoena directed to him. Nor would it agree to the taking of his *de bene esse* deposition. CSX therefore raised this issue at the Final

6

Pretrial Conference and the Court ordered the parties to submit expedited briefing on this issue. *See* ECF No. 526.

## ARGUMENT

Under Rule 45 of the Federal Rules of Civil Procedure, a witness may be subpoenaed to testify at trial only when the "place of compliance" is "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or is "within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend trial and would not incur substantial expense." Fed. R. Civ. P. 45(c).

Throughout this action, NS's representations have led counsel for CSX to reasonably believe that Mr. Luebbers—a current NS executive—resided within the geographical limitations established in Rule 45. Indeed, during discovery, NS (1) refused to provide Mr. Luebbers' residential address based on purported "privacy" concerns; and (2) insisted that Mr. Luebbers could be contacted only through its counsel. Mr. Luebbers' in-person deposition took place in Virginia Beach—a location CSX understood was selected for his convenience. And publicly available information, including his LinkedIn profile, indicates that Mr. Luebbers resides in Chesapeake, Virginia and works in Norfolk, Virginia. *See* LinkedIn Profile for Christopher Luebbers, accessed Dec. 9, 2022, attached as **Exhibit 20**. CSX thus reasonably concluded during discovery that Mr. Luebbers would be well within the Court's subpoena power under Rule 45— or that NS's counsel would otherwise facilitate his appearance at trial—such that the parties could forgo the expense and effort of conducting a *de bene esse* deposition as contemplated by the Court's scheduling order. *See* ECF No. 254 at 2.

At the December 6 final pretrial conference, NS asserted for the first time that (1) Mr. Luebbers does not currently reside within 100 miles of the Court and is thus outside the Court's subpoena range under Rule 45; and (2) it will not voluntarily accept a trial subpoena on Mr. Luebbers' behalf or otherwise facilitate his attendance at trial, despite CSX's offer to pay any associated travel expenses. According to NS, CSX must read portions of Mr. Luebbers' discovery deposition into the record at trial in lieu of his live testimony.

Rule 45's geographical limitations are intended to protect witnesses from undue burden and expense, but they are not designed to permit the gamesmanship exhibited by NS. A party cannot prevent a critical witness from testifying at trial by obfuscating his residency, or through a change in his residency, until the eve of trial, particularly when that witness is a current executive over whom the party has significant control. *See In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d 640, 643-44 (E.D. La. 2006) (finding that defendant's refusal to voluntarily produce at trial a current executive "highly relevant" to plaintiff's claims was a "purely tactical" decision intended to limit the witness's trial testimony to "canned" discovery deposition testimony).

Although Mr. Luebbers' live appearance before the jury is preferable—and NS's "tactical" refusal to have him appear speaks volumes—Rule 45 does not permit the Court to order his live appearance. Under Rule 43, however, this Court could, with appropriate safeguards, order Mr. Luebbers to testify in open court by contemporaneous transmissions from a different location. *See* Fed. R. Civ. P. 43(a). Given Mr. Luebbers' importance in this case, and NS's tactics to limit his availability, his remote testimony is justified here. *See, e.g.*, *In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d 640, 644 (E.D. La. 2006) (ordering remote trial testimony by senior employee located outside Rule 45's geographic limitations whom defendant refused to voluntarily bring to trial).

Recognizing the logistical and scheduling challenges that obtaining Mr. Luebbers' remote testimony would entail for the Court, however, CSX will accept presenting his trial testimony by *de bene esse* deposition.  The Court should thus order that discovery be re-opened for the sole purpose of allowing CSX to take a *de bene esse* deposition of Mr. Luebbers to present at trial.  *See* ECF No. 254 at 2 (the Court's prior scheduling order, which contemplated the parties taking depositions "in lieu of the appearance of the witness at trial").

A scheduling order may be modified for "good cause."  Fed. R. Civ. P. 16(b)(4); Local Civil Rule 16; *see also Kinetic Concepts*, 2010 U.S. Dist. LEXIS 40240, at *16 (explaining that "the touchstone of 'good cause' under Rule 16(b) is diligence").  There is ample good cause to reopen discovery to allow a *de bene esse* deposition of Mr. Luebbers, who CSX reasonably believed to be within the Court's subpoena powers.  Publicly available information suggests that Mr. Luebbers lives and works in the Hampton Roads area.  Throughout discovery, NS directed that Mr. Luebbers should be contacted only through NS's Virginia-based counsel, and NS offered Mr. Luebbers for an in-person deposition in Virginia Beach.  NS did not disclose until December 6—less than two months before trial—that Mr. Luebbers now resides outside the Court's subpoena range, and that it would not cooperate to facilitate his voluntary appearance at trial, despite CSX's offer to pay for associated travel expenses.  Under these circumstances, CSX's decision not to seek a *de bene esse* deposition of Mr. Luebbers during the original scheduling window cannot be said to reflect a lack of diligence.  Under similar circumstances, courts have found a good-faith effort to procure voluntary live testimony from an unavailable witness justifies a *de bene esse* deposition after the close of discovery.  *See Patterson v. W. Carolina Univ.*, No. 2:12CV3, 2013 WL 1629132, at *1 (W.D.N.C. Apr. 16, 2013) (ordering *de bene esse* deposition where party could show good-faith effort to secure witness's voluntary trial attendance).

Mr. Luebbers's discovery depositions do not provide an adequate substitute to a deposition intended for use at trial. Although Rules 30 and 32 of the Federal Rules of Civil Procedure do not expressly distinguish between depositions taken for discovery purposes and those taken for use at trial, courts do not "ignore the distinction between the need to *preserve* testimony for trial, as opposed to the need to *discover* evidence." *Lucas v. Pactiv Corp.*, No. CIV. 5:08CV00079, 2009 WL 5197838, at *2 (W.D. Va. Dec. 22, 2009) (granting motion to take *de bene esse* depositions of unavailable witnesses). That distinction is particularly meaningful here. When Mr. Luebbers's primary discovery deposition was taken nearly two years ago, CSX had no reason to believe that he would be unavailable to testify live at trial. Accordingly, CSX did not frame its questioning as a trial examination or question him on all trial exhibits. Nor was it obligated to do so. Indeed, doing so would have amounted to disclosing CSX's trial strategy to its opponents *years* before trial. Moreover, NS has asserted many generic "form" objections to CSX's designations of Mr. Luebbers's discovery deposition testimony. A *de bene esse* deposition would likely moot most of these objections, as counsel may tailor their questions to focus on presenting evidence for use at trial. Accordingly, allowing a *de bene esse* deposition would conserve judicial resources and streamline the evidentiary presentation at trial.

## **CONCLUSION**

For these reasons, CSXT respectfully requests that the Court grant CSXT's Motion and order that discovery be re-opened for the sole purpose of allowing CSX to take a *de bene esse* deposition of Mr. Luebbers reasonably in advance of the current January 18, 2023 trial date.

Dated:  December 9, 2022     Respectfully submitted,

**CSX TRANSPORTATION, INC.**
*By Counsel*

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone:  (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
W. Cole Geddy (VSB No. 93511)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com
E-mail: cgeddy@mcguirewoods.com

11

**CERTIFICATE OF SERVICE**

I certify that on this 9th day of December, 2022, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

/s/ Robert W. McFarland
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone:  (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
W. Cole Geddy (VSB No. 93511)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com
E-mail: cgeddy@mcguirewoods.com