UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
*individually and on behalf
of Norfolk & Portsmouth Belt
Line Railroad Company,*

                Plaintiff,

v.                                             Civil No. 2:18cv530

NORFOLK SOUTHERN RAILWAY COMPANY,
NORFOLK & PORTSMOUTH BELT LINE RAILWAY
COMPANY,

                Defendants.

## ORDER

This matter is before the Court on motions for summary judgment filed by Defendants Norfolk & Portsmouth Belt Line Railway Company ("NPBL") and Norfolk Southern Railway Company ("NSR"). A jury trial is currently scheduled to commence on January 18, 2023. On December 1, 2022, the Court conducted a hearing on the pending motions.

As discussed on the record, the Court entered the hearing with reservations regarding whether CSX's damages model was flawed as a matter of law for failure to delineate between damages stemming from time-barred conduct occurring in 2009-2011 (and earlier) and alleged conspiratorial/monopolist acts occurring in 2015, 2016, and 2018. Based on such reservations, the Court specifically asked the parties the degree to which a summary

judgment ruling in Defendants' favor on the issue of monetary damages would impact the request for injunctive relief advanced by Plaintiff CSX Transportation, Inc. ("CSX"). Though all parties sought to address the Court's inquiry orally, with defendants raising the issue of standing and alternatively suggesting waiting on the resolution of a related issue pending before the Surface Transportation Board (STB),[1] defense counsel also indicated that another option would be further briefing on the issue. Counsel for CSX similarly indicated a willingness to follow up with the Court on the issue of injunctive relief. As outlined below, the Court finds that further briefing on this issue would be instructive.

In addition to the parties offering whatever arguments they identify on the issue of injunctive relief, the Court invites comments on the following:

- Relevant to the standing issue raised at oral argument, if the Court found that NSR's actions in 2015 (or alternatively, NSR and NPBL's collective actions in 2015) caused CSX new and accumulating harm (including a short-term loss of business), but that CSX did not seek damages for that harm in this case, would a trial on injunctive relief still be necessary?

---

[1] In addition to counsel's comments about the STB at the hearing, the Court notes that an STB decision related to this case that was issued in June of 2022 noted on its final page that the STB expected the parties to take up the "unauthorized control issue immediately" after the case pending in this Court was resolved, arguably suggesting that the STB anticipates addressing corporate governance issues. These same issues presumably would be the focus of injunctive relief requests if CSX were to establish an antitrust violation in this Court.

- Similarly, if the Court found that NSR's actions in 2018, (or alternatively, NSR and NPBL's collective actions in 2018) caused CSX new and accumulating harm, but that CSX's damages model was foundationally flawed for failing to identify any non-speculative method for segregating damages caused by time barred acts and damages caused by recent overt acts, would a trial on injunctive relief still be necessary?

- If a trial were to proceed only on injunctive relief, should that trial occur before further action by the STB, or would CSX (as the potentially aggrieved party) be more likely to avoid further alleged injury by proceeding first before the STB?

- If a trial were to proceed only on injunctive relief, do the parties agree that it would be a bench trial?

Counsel shall file simultaneous briefs, not exceeding fifteen pages, on the issue of injunctive relief no later than **noon on Friday, December 16, 2022.**

   IT IS SO ORDERED.

/s/ 
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 13, 2022