UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CSX TRANSPORTATION, INC.,**

  **Plaintiff,**

v.                  Civil Action No. 2:18cv530

**NORFOLK SOUTHERN RAILWAY
COMPANY,** *et al.***,**

  **Defendants.**

### NORFOLK SOUTHERN RAILWAY COMPANY'S OPPOSITION TO CSX'S MOTION TO TAKE *DE BENE ESSE* DEPOSITION OF CHRIS LUEBBERS

  Defendant Norfolk Southern Railway Company ("NS"), by counsel, submits this opposition in response to CSX Transportation's ("CSX") Motion to Take the *De Bene Esse* Deposition of Chris Luebbers (the "Motion") (ECF No. 533). For the following reasons, CSX's Motion should be denied.

### INTRODUCTION

  CSX's Motion seeks extraordinary relief that is neither appropriate nor necessary. Discovery closed over a year and a half ago, and trial is scheduled to commence in five weeks. Yet, CSX asks this Court to allow it to depose Christopher Luebbers for a third time, arguing that the transcripts of his prior two depositions – totaling 13 hours – are somehow inadequate for use at trial. CSX offers no explanation as to why, like other witnesses identified by the parties, it cannot simply use the portions of Mr. Luebbers' deposition testimony that it has already designated at trial, which is exactly what the Federal Rules of Civil Procedure call for in this circumstance. Indeed, all but one of the documents CSX describes in its motion were covered in the prior depositions of Mr. Luebbers – and many of them were also covered in depositions of multiple NS

witnesses. And CSX does not point to one single topic it wants to ask Mr. Luebbers that was not covered in Mr. Luebbers' prior depositions.

CSX's assertion that NS is attempting to "hide" Mr. Luebbers from trial is meritless. It has been well known for years that NS was moving its headquarters from Norfolk, Virginia to Atlanta, Georgia, which was completed in 2021. Therefore, it is wholly unsurprising that Mr. Luebbers moved to Atlanta in conjunction with his employment at NS. Indeed, CSX was well aware that NS was moving its corporate headquarters to Atlanta and that its employees would be moving as well. Yet, inexplicably, CSX never asked Mr. Luebbers where he lived in either deposition. This well-known corporate relocation by NS does not create "good cause" to amend the Rule 16(b) Scheduling Order to allow CSX to take a third deposition of Mr. Luebbers. CSX has failed to establish any compelling circumstance that would entitle it to an exception from the scheduling order that all other parties have abided by in structuring their anticipated trial testimony. As such, this Court should refuse to reopen discovery to allow CSX to obtain a *third* deposition of Mr. Luebbers for use at trial.

## FACTUAL BACKGROUND

**A.    NS publicly moved its corporate headquarters to Atlanta in 2021.**

On December 12, 2018, NS publicly announced that it was moving its corporate headquarters to Atlanta, Georgia. *See* Norfolk Southern officially announces new Atlanta headquarters (Dec. 12, 2018),[1] attached as **Exhibit A**; *see also* Railroad company Norfolk Southern is moving its headquarters from Norfolk to Atlanta (Dec. 12, 2018),[2] attached as **Exhibit B**. As part of the announcement, then-NS CEO Jim Squires stated that NS would be moving their

---

[1] *Available at* https://www.bizjournals.com/atlanta/news/2018/12/12/norfolk-southern-officially-announces-new-atlanta.html.
[2] *Available at* https://www.jacksonville.com/story/news/2018/12/12/railroad-company-norfolk-southern-is-moving-its-headquarters-from-norfolk-to-atlanta/6672445007/.

employees to Atlanta. "We will be relocating our headquarters to Atlanta in two waves. The first wave of 100 employees will be relocating next year into temporary offices at our current location. The remaining 400, we expect to move to Atlanta in 2021 when we complete our new headquarters building."  Exhibit A.

The news about NS's move to Atlanta was documented by publications following the rail industry over the next few years until the headquarters was officially opened in 2021. *See* Norfolk Southern Breaks Ground on Atlanta HQ (March 27, 2019),[3] attached as **Exhibit C**, and Norfolk Southern opens new Atlanta headquarters (Nov. 14, 2021),[4] attached as **Exhibit D**. NS's public statements indicated that the purpose of the move was to bring all employees together in Atlanta to allow for cross collaboration. *See* Norfolk Southern opens new headquarters building in Atlanta (Nov. 10, 2021),[5] attached as **Exhibit E**. NS's Executive Vice President and Chief Transformation Officer stated "[t]o be a leader in today's rapidly evolving transportation and logistics market, the company needed to be more agile and work more collaboratively across organizational boundaries. Our new building brings us together in a central location, which was designed to boost collaboration and innovation." *Id.*

As is evidenced from the extensive media coverage, NS's relocation to Atlanta was a major event for the railroad industry. CSX was well aware of the move and the impact on the location of many of NS's employees.

**B.  Mr. Luebbers was examined at length in two separate depositions.**

CSX took Mr. Luebbers' deposition on two occasions—on February 2, 2020 and January 28, 2021. The two depositions lasted over *13 hours* and CSX introduced *48 exhibits*. Not once

---

[3] *Available at* https://www.ttnews.com/articles/norfolk-southern-breaks-ground-atlanta-hq.
[4] *Available at* https://www.railjournal.com/regions/north-america/norfolk-southern-opens-new-atlanta-headquarters/.
[5] *Available at* http://www.nscorp.com/content/nscorp/en/news/norfolk-southern-opens-new-headquarters-building-in-atlanta.html.

3

did CSX ask Mr. Luebbers where he lived or whether he was relocating (or had relocated) to Atlanta.

Of the 12 documents cited by CSX in the Motion as important evidence in the record, 11 were used by CSX in Mr. Luebbers' depositions. Indeed, many of the exhibits were used in multiple depositions.

- **Exhibit 1**—Used as a deposition exhibit in the depositions of Mr. Luebbers and Mike McClellan.
- **Exhibit 2**—Used as a deposition exhibit in the deposition of Mr. Luebbers.
- **Exhibit 3**—Not used as a deposition exhibit previously.
- **Exhibit 4**—Used as a deposition exhibit in the depositions of Mr. Luebbers, Jeff Heller, and NS's 30(b)(6) deposition.
- **Exhibit 5**—Used as a deposition exhibit in the depositions of Mr. Luebbers, Jeff Heller, and Randy Hunt.
- **Exhibit 6**—Used as a deposition exhibit in the depositions of Mr. Luebbers and Mike McClellan.
- **Exhibit 7**—Used as a deposition exhibit in the deposition of Mr. Luebbers.
- **Exhibit 8**—Used as a deposition exhibit in the depositions of Mr. Luebbers, David Stinson, and Michael Wheeler.
- **Exhibit 9**—Used as a deposition exhibit in the deposition of Mr. Luebbers.
- **Exhibit 11**—Used as a deposition exhibit in the deposition of Mr. Luebbers, Jeff Heller, and Randy Hunt.
- **Exhibit 12**—Used as a deposition exhibit in the depositions of Mr. Luebbers, Jeff Heller, and Randy Hunt.

- **Exhibit 14**—Used as a deposition exhibit in the deposition of Mr. Luebbers.

CSX has already spent ample time questioning Mr. Luebbers regarding the documents cited in the Motion, and indeed used many of the documents in multiple depositions. And CSX points to not one new topic that would be covered in a third deposition of Mr. Luebbers.

## ARGUMENT

**A.     CSX has failed to show good cause to reopen discovery five weeks before trial.**

CSX has failed to articulate any legitimate reason to justify the extraordinary remedy of reopening a party's discovery five weeks before trial and over a year and a half after the close of discovery. "The party moving to modify a scheduling order bears the burden of demonstrating the existence of good cause." *H/S Wilson Outparcels, LLC v. Kroger L.P. I*, No. 5:15-CV-591, 2018 U.S. Dist. LEXIS 51654, at *13 (E.D.N.C. Mar. 28, 2018); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). "[T]he touchstone of 'good cause' under Rule 16(b) is diligence." *Marcum v. Zimmer*, 163 F.R.D. 250, 255 (S.D.W. Va. 1995); *see also Montgomery v. Anne Arundel Cnty., Md.*, 182 F. App'x 156, 162 (4th Cir. 2006). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Company, Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) (quoting authority). "Mere failure on the part of counsel to proceed promptly with the normal processes of discovery shall not constitute good cause for an extension or continuance." Local Civil Rule 16(B). Nondiligence is one of the "hallmarks of failure to meet the good cause standard." *W. Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W. Va. 2001). "If the [moving party] was not diligent, the inquiry should end." *Marcum*,

5

163 F.R.D. at 254.

NS complied with all deadlines in the scheduling order in completing discovery and disclosing witnesses that it planned to call at trial. CSX, however, has not act diligently, so its request to depose Mr. Luebbers a third time should be denied.

CSX cries foul because Mr. Luebbers "did not testify about where he resided or conducted business;" however, CSX *did not ask* Mr. Luebbers where he resided or conducted business during his depositions. CSX can hardly hold Mr. Luebbers accountable for failing to answer a question that he was not asked. Additional publicly available information, including Mr. Luebbers' ZoomInfo profile, indicates that Mr. Luebbers resides in Atlanta. *See* ZoomInfo Profile for Christopher Luebbers, accessed December 10, 2022, *available at* https://www.zoominfo.com/p/Chris-Luebbers/66331138, attached as **Exhibit F**. Further, given NS's very public move to Atlanta, CSX was on notice that Mr. Luebbers, as a current NS employee, would move to work in the official corporate headquarters. "It is well-established that a party's failure to act on previously available information precludes a finding of good cause." *Moore v. Publicis Groupe SA*, No. 11cv1279 (ALC) (AJP), 2013 WL 4483531, at *7 (S.D.N.Y. Aug. 23, 2013), *R&R adopted*, 2013 WL 5951903 (S.D.N.Y. Oct. 30, 2013).

It was not reasonable for CSX to assume that Mr. Luebbers would continue to reside in Hampton Roads after NS relocated to Atlanta more than a year ago. If he is a key witness for CSX as it claims, it could have – and should have – raised this issue back in 2021, if not during either of its extensive depositions of Mr. Luebbers. Or it can have simply used one of the two depositions it took of Mr. Luebbers to record video and ask questions in *de bene esse* style. CSX should not be heard now to claim that it is entitled to additional discovery as a result of its own dilatory tactics. "[A] district court acts wholly within its discretion in denying additional discovery where the delay

in discovery is due to the fault of the complaining party." *Strag v. Board of Trustees*, 55 F.3d 943, 953 (4th Cir. 1995). Because CSX has failed to establish good cause, it should not be permitted to reopen discovery to take the *de bene esse* deposition of Mr. Luebbers.

**B.     CSX has no demonstrated need for a third deposition of Mr. Luebbers.**

CSX seeks to take the *de bene esse* deposition of Mr. Luebbers based solely on the premise that it did not know he would not appear at trial, but CSX does not cite to any case or rule suggesting that this purported lack of knowledge constitutes "good cause." CSX would have the Court believe that the existing depositions are insufficient to serve as Mr. Luebbers' trial testimony.

CSX deposed Mr. Luebbers for *13 hours* using *48 documents* as exhibits. Moreover, CSX's attorney previously questioned Mr. Luebbers about the very topics they now seek to use as a basis to reopen discovery. CSX previously used all but one of the documents cited in its Motion during Mr. Luebbers' depositions. However, even the one document on which Mr. Luebbers was not questioned does not provide sufficient justification for reopening discovery. *See F.C. Cycles Int'l v. Fila Sport, S.p.A.*, 184 F.R.D. 64, 76 (D. Md. Nov. 12, 1998) ("In any litigation, the state of the factual record is constantly evolving, deposition by deposition. Each deposition cannot be held open to allow a party to visit or revisit a subject area after new or more evidence is developed."). CSX's Motion fails to identify a single new topic that was not previously covered extensively during Mr. Luebbers' two depositions.

All parties plan to use the deposition testimony of witnesses at trial because they are outside of the subpoena power of the Court. If CSX failed to ask appropriate questions of Mr. Luebbers in his depositions for use at trial, that is a result of CSX's lack of diligence. As such, CSX has failed to establish good cause to show that Mr. Luebbers should be subjected to a third deposition

so long after the close of discovery.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny CSX's Motion to Take the De Bene Esse Deposition of Chris Luebbers and grant any other relief the Court deems appropriate.

Date: December 15, 2022	Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

/s/ *Michael E. Lacy*
Michael E. Lacy (VSB No. 48477)
Alan D. Wingfield (VSB No. 27489)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7759
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: Kathleen.knudsen@troutman.com

Tara L. Reinhart
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
thomas.gentry@skadden.com

*Counsel for Defendant Norfolk Southern Railway Company*

**CERTIFICATE OF SERVICE**

I certify that on this 15th day of December, 2022, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

/s/ Michael E. Lacy
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

137324927