IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CSX TRANSPORTATION, INC.,**

      **Plaintiff,**

v.                                                         Civil Action No. 2:18-cv-530-MSD-RJK

**NORFOLK SOUTHERN RAILWAY
COMPANY,** *et al.*,

      **Defendants.**

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S
OPPOSITION TO CSXT'S MOTION TO TAKE THE
DE BENE ESSE DEPOSITION OF CHRIS LUEBBERS**

Defendant Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), by counsel, opposes CSXT's Motion to Take the De Bene Esse Deposition of Chris Luebbers as follows:

**Argument**

The Belt Line adopts and incorporates NS's opposition filed this same date. *See* ECF 537. The Belt Line responds separately to emphasize the prejudice and disruption that a third deposition of Mr. Luebbers would cause as the parties prepare for trial, all for seemingly very little purpose except to allow CSX to clean up or redo its previous questioning.

The Scheduling Order establishes a discovery cutoff for good reason. At some point, the facts are the facts, and the parties must prepare to present them at trial. That is where the parties find themselves now, amid year-end events and multiple holidays, just five weeks from trial. The *de bene esse* deposition CSX seeks will unquestionably require multiple days of attorney time, between preparation, travel, the deposition itself, and return, when the parties have rightly been expecting to be preparing for the fast-approaching two-week trial.

The justification for this disruption, as NS points out, is that CSX omitted to ask Mr. Luebbers where he lives in either deposition, or to look him up online at any point afterwards. That is not a failing of the defendants, and does not justify the extraordinary remedy CSX seeks here. CSXT has an existing remedy under the Rule 32, which is to designate testimony from the depositions it already took. That is all it should be permitted.

## Conclusion

For all these reasons, and the reasons set forth by NS as incorporated herein, the Belt Line respectfully asks the Court to deny CSX's motion and grant the Belt Line all other just relief.

Dated: December 15, 2022

NORFOLK AND PORTSMOUTH
BELT LINE RAILROAD COMPANY

By: _____/s/ W. Ryan Snow_____
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Alex R. McDaniel, VSB No. 92398
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
amcdaniel@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

## CERTIFICATE OF SERVICE

I certify that on this 15th day of December 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a "Notice of Electronic Filing" to all counsel of record who have consented to electronic service.

                                                                                  */s/ W. Ryan Snow*
W. Ryan Snow, VSB No. 47423
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
wrsnow@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*