# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

Plaintiff,

v.

NORFOLK SOUTHERN RAILWAY
COMPANY, NORFOLK & PORTSMOUTH
BELT LINE RAILROAD COMPANY,
JERRY HALL, THOMAS HURLBUT,
PHILIP MERILLI, and CANNON MOSS,

Defendants.

Civil Action No. 2:18cv530

## PLAINTIFF CSX TRANSPORTATION, INC.'S OBJECTIONS AND RESPONSE TO DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY'S SECOND INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Local Rule 26, the ESI Order, and the Stipulated Protective Order entered in the above-captioned action, Plaintiff, CSX Transportation, Inc. ("CSXT" or "Plaintiff"), by counsel, states as follows for its objections and response to Defendant Norfolk Southern Railway Company's ("NSR") Second Interrogatories (the "Interrogatories").

### RESERVATION OF RIGHTS

Plaintiff's objections are based on the facts presently known to Plaintiff based on a good faith investigation to respond to NSR's Interrogatories. As discovery progresses, Plaintiff may supplement or change its objections to NSR's Interrogatories with any non-privileged information as appropriate under the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

Plaintiff reserves the right to supplement or change their objections to NSR's Interrogatories as additional or different facts, documents, or witnesses are discovered.

Plaintiff's objections to NSR's Interrogatories do not constitute an admission by Plaintiff that any of the Interrogatories or the responses thereto are relevant or admissible as evidence in any trial or other proceeding. Plaintiff reserves the right to object on any grounds, at any time, to the admission of any Interrogatories or the responses thereto in any such trial or other proceeding.

The responses contained herein are based only upon the information and documentation presently available and known to CSXT. It is possible that further investigation, discovery, analysis, legal research, and/or preparation may result in the ascertainment of additional information or documentation, or provide additional meaning to known factual conclusions and legal contentions, all of which may result in the modification of these responses. Accordingly, CSXT reserves the right to modify its responses herein based upon subsequently ascertained or developed information, documentation, facts, and contentions. Subject to the objections asserted herein, CSXT's responses are made in a good faith effort to reasonably respond to NSR's Requests based upon presently available information and documentation. These responses should not be construed to prejudice CSXT's right to conduct further investigation, discovery, legal research and/or preparation, or to limit CSXT's right to utilize any additional evidence that may be developed.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

CSXT objects to NSR's Definitions and Instructions to the extent they are inconsistent with or exceed the requirements set forth in the Federal Rules of Civil Procedure and the Local Civil Rules, and to the extent they purport to require CSXT to produce documents beyond those agreed to by the Parties in the ESI Order. CSXT specifically objects as follows:

1. CSXT incorporates by reference its Objections to Definitions and Instructions set forth in its Objections to NSR's First Requests for Production of Documents (served on November 5, 2019), as if set forth fully herein.

## **SECOND INTERROGATORIES**

### **INTERROGATORY NO. 9:**

Describe any and all forms of non-monetary relief you seek in this case. Without limiting the generality of this request, include in your answer a description in detail of any forms of relief you intend to seek that would, directly or indirectly, affect, set, cap, or control the amount of the NPBL Switch Rate or the NSR Trackage Rights Fee.

**OBJECTION:** CSXT objects to this Interrogatory to the extent it seeks information protected by the attorney/client privilege, work product doctrine, or any other privilege that protects against disclosure of such information.

**ANSWER:**  Without waiver of its objections, CSXT states that discovery is continuing and therefore CSXT is making a preliminary answer.  CSXT seeks an order from the Court to prevent NSR and NPBL from continuing to carry out any violations of federal or state law, including antitrust or business conspiracy.  CSXT seeks an order restoring CSXT's shareholder rights, and/or establishing an independent board structure of the NPBL.  CSXT also seeks an order directing NPBL to approve CSXT's Service Proposal.

Investigation is ongoing, and CSXT reserves the right to supplement and/or amend this answer as documents and evidence are provided in discovery in this Action.

CSX TRANSPORTATION, INC.
*By Counsel*

/s/ Robert W. McFarland
_____
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2020, a true and correct copy of the foregoing was transmitted by electronic mail to:

Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
TROUTMAN SANDERS, LLP
1001 Haxall Point
Richmond, Virginia 23219
alan.wingfield@troutman.com
michael.lacy@troutman.com

John C. Lynch (VSB No. 39267)
Elizabeth S. Flowers (VSB No. 78487)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
liz.flowers@troutmansanders.com
john.lynch@troutmansanders.com
kathleen.knudsen@troutman.com

Monica McCarroll
Redgrave LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151
mmccarroll@redgravellp.com

*Counsel for Defendant Norfolk Southern Railway Company*

James L. Chapman, IV (VSB No. 21983)
W. Ryan Snow (VSB No. 47423)
Darius K. Davenport (VSB No. 74064)
David C. Hartnett (VSB No. 80452)
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
jchapman@cwm-law.com
wrsnow@cwm-law.com
ddavenport@cwm-law.com
dhartnett@cwm-law.com

*Counsel for Defendant Norfolk & Portsmouth Belt Line Railroad Co.*

W. Edgar Spivey (VSB No. 29125)
Clark J. Belote (VSB No. 87310)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
wespivey@kaufcan.com
cjbelote@kaufcan.com

*Counsel for Defendant Cannon Moss*

Hugh M. Fain, III (VSB No. 26494)
M.F. Connell Mullins Jr. (VSB No. 47213)
John M. Erbach (VSB No. 76695)
SPOTTS FAIN P.C.
411 East Franklin Street, Suite 600
Richmond, VA 20151
hfain@spottsfain.com
cmullins@spottsfain.com
jerbach@spottsfain.com

*Counsel for Defendants Jerry Hall, Thomas Hurlbut, and Philip Merilli*

CSX TRANSPORTATION, INC.
*By Counsel*

/s/ Robert W. McFarland

Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

125759296_1