**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| CSX TRANSPORTATION, INC.,            ) | |
|                                                               ) | |
|                        *Plaintiff*,       ) | |
|                                                               ) | |
| v.                                                         ) | Case No. 2:18-cv-530 |
|                                                               ) | |
| NORFOLK SOUTHERN RAILWAY  ) | |
| COMPANY, *et al.*,                            ) | |
|                                                               ) | |
|                       *Defendants*.   ) | |

**NORFOLK SOUTHERN RAILWAY COMPANY'S**
**OBJECTION TO DENIAL OF ITS MOTION IN LIMINE**
**REGARDING DISCONTINUANCE OF THE DIAMOND TRACK**

Defendant Norfolk Southern Railway Company ("NS"), by counsel and pursuant to Federal Rule of Civil Procedure 72(a), submits this Objection to the Magistrate Judge's oral and written denial of its Motion in Limine under Federal Rule of Evidence 402 ("Motion") [ECF No. 343] to prohibit Plaintiff CSX Transportation, Inc. ("CSX") from offering at trial any evidence or argument that the discontinuance of the railroad track between NS Junction and Carolina Junction in South Norfolk (the "Diamond Track") is evidence of wrongful conduct by Defendants. NS objects to so much of the Order, ECF No. 521 and oral ruling, Oral Hearing Minutes, ECF No. 518, that denies its Motion.

**INTRODUCTION**

This Court should reverse the denial of NS's Motion because it is clearly erroneous and is contrary to law. At issue is whether CSX can argue to the jury that removal of the Diamond Track, a decision approved by both the Norfolk Portsmouth Belt Line ("NPBL") board of directors and the Surface Transportation Board ("STB") without objection by CSX, is evidence of wrongful

conduct supporting its claims. The correct answer is no – CSX waived any right to collaterally attack the STB's decision more than a decade later. Such statements and evidence would improperly mislead the jury and, therefore, must be excluded.

It is well established in the Fourth Circuit that "a litigant is not entitled to remain mute and await the outcome of an agency's decision and, if it is unfavorable, [then] attack it…." *First-Citizens Bank & Tr. Co. v. Camp*, 409 F.2d 1086, 1088–89 (4th Cir. 1969). Similarly, a corporation cannot "complain as stockholders of their own action as directors." *See Altavista Cotton Mills v. Lane*, 133 Va. 1, 15–16 (1922). The legal principle in both situations is the same—with 20/20 hindsight a party cannot attack actions that it previously authorized by active participation or implicitly sanctioned through its own inaction. Based on this legal bedrock, NS moved to preclude CSX from offering argument and evidence collaterally attacking the STB's and the NPBL Board's approval of the discontinuance of the Diamond Track as a means of proving CSX's claims in this case.

The Magistrate Judge correctly recognized "that CSX does not have standing to contest [the STB's 2008] decision [approving the discontinuance of the Diamond Track] and the Court does not have jurisdiction to overturn it." Dec. 2, 2022 Tr. Excerpt 20:5-7. Despite having found that CSX did not have standing to challenge the STB's decision, the Magistrate Judge denied NS's Motion. *Id.* at 20:16-20.

The Magistrate Judge's ruling was clear error of law. If, as has already been determined, CSX does not have standing to challenge the propriety of the STB's decision – even collaterally – and CSX participated in, but did not object to, the proceedings to discontinue the Diamond Track, then CSX cannot now argue to a jury that the discontinuance of the Diamond Track is somehow evidence of conspiracy or anticompetitive conduct by Defendants.

2

## ARGUMENT

**1. CSX does not have standing to collaterally attack the STB Order approving discontinuance of the Diamond Track.**

Federal courts have long recognized that an aggrieved "person should not be entitled to sit back and wait until all interested persons who do so act have been heard, and then complain that he has not been properly treated. To permit such a person to stand aside and speculate on the outcome; if adversely affected, come into this court for relief; and then permit the whole matter to be reopened in his behalf, would create an impossible situation." *Red River Broad. Co. v. F.C.C.*, 98 F.2d 282, 286–87 (D.C. Cir. 1938); *First-Citizens Bank*, 409 F.2d at 1088–89 (citing *Red River* with approval). "[A] litigant is not entitled to remain mute and await the outcome of an agency's decision and, if it is unfavorable, [then] attack it …." *First-Citizens Bank*, 409 F.2d at 1088–89.

It is undisputed that the discontinuance of the Diamond Track was **entirely legal** and **CSX did not contest the discontinuance**. It was approved by the NPBL board of directors, including those directors appointed by CSX --without objection. *See* Mem. in Supp. Mot. in Limine Exs. A & C. NS and NPBL then sought STB's approval to discontinue rail service over the Diamond Track, as is required by law. *See* 49 U.S.C. § 10501(b)(2) (STB exclusive jurisdiction over discontinuance of track); §10903(d)(2); STB Docket No. AB-290 (Sub-No. 299X) and STB Docket No. AB-1024X (filed Apr. 25, 2008). CSX did not challenge that, at the time NS applied for the discontinuance, "no local traffic ha[d] moved over the line for at least 2 years" and "no formal complaint [had been] filed by a user of rail service on the line." *See* STB Docket No. AB-290, ID 222198 (Sub-No. 299X, ID 222200) (May 15, 2008). On May 15, 2008, the STB approved both NS's service discontinuance and NPBL's trackage rights discontinuance, both of which took effect on June 14, 2008. STB Docket No. AB-290 (Sub-No. 299X) and STB Docket No. AB-1024X (STB served May 15, 2008), 73 Fed. Reg. 28188. CSX was aware of the STB proceeding

3

but never intervened in it or objected to Defendants' notice of exemption.  *See* Mem. in Supp. Mot. in Limine Exs. A & C.  Nor did CSX seek timely judicial review of the STB's decision.  *See* 28 U.S.C. § 2334 (60 days to appeal); 49 C.F.R. § 1152.25(e)(5)(i); Fed. R. App. P. 15.

Nor can CSX seriously contest that a collateral attack on the actions of the STB is proper.  The Magistrate Judge correctly found "that CSX does not have standing to contest [the STB's 2008] decision [approving the discontinuance of the Diamond Track] and the Court does not have jurisdiction to overturn it."  Dec. 2, 2022 Tr. Excerpt 20:5-7.

**2.    CSX's Diamond Track argument is exactly the type of collateral attack on an STB Order that is prohibited by law.**

The issue then is *whether CSX's proposed presentation of evidence and argument regarding the Diamond Track in this case constitutes a collateral attack on the STB's decision.*  The Magistrate Judge did not address this critical issue in his ruling.

The Magistrate Judge recognized that CSX asserted that "evidence of the Diamond Track closure [w]as one means by which Norfolk Southern sought to block CSX's access to on-dock rail at NIT for anticompetitive gain."  Dec. 2, 2022 Tr. Excerpt 20:8-11.  But the Magistrate Judge **failed** to address whether CSX's attempt to use the closure of the Diamond Track as evidence of anticompetitive conduct *would constitute a collateral attack* on the STB decision, which would be prohibited as a matter of law.  This was legal error.

In addition to lack of the probative value associated with the long-stale discontinuance of the Diamond Track (discussed below), CSX is barred from arguing that the Diamond Track is evidence of anything by CSX's own actions at the time and long inaction since.  Years after the fact, CSX has apparently *changed its mind* and *now* claims that discontinuance of the Diamond Track should not have happened and was an act in furtherance of a conspiracy or anticompetitive

4

conduct, and as such, is admissible evidence in this case. This is a **dilatory collateral attack** that this Court should not permit as evidence in this case.

A collateral attack is "[a]n attack on a judgment in a proceeding other than a direct appeal." *Collateral Attack*, Black's Law Dictionary (11th ed. 2019). In essence, a direct attack says: "X decision was improper." By contrast, a collateral attack files a *different* lawsuit and claims, "X decision may be proper but *still should not have happened* for Y reason." In both, the claimant is saying some action should *not* have happened, but the procedural posture is different.

Here, CSX's proposed evidence and argument concedes that the STB's decision was legal but nevertheless claims that it *should not have happened*, despite the fact that CSX-appointed board members approved the discontinuance, and CSX did not object to it in the STB proceeding. This is an improper collateral attack on the STB's decision approving the track discontinuance because, in CSX's world of what *should* have happened, the STB should not have approved the discontinuance of the Diamond Track. This is the definition of a collateral attack.

The law is well established that litigants such as CSX cannot collaterally attack STB judgments, no matter how creative the rationale. *E.g.*, *Trevarton v. S. Dakota*, 817 F.3d 1081, 1084 (8th Cir. 2016) ("The district court held, quite properly, that it lacked jurisdiction to consider this collateral attack on the STB's exclusive jurisdiction…."); *Ballard Terminal R. Co., LLC v. City of Kirkland*, No. C13-586MJP, 2013 WL 1990872, at *2 (W.D. Wash. May 13, 2013) (rejecting "[e]ach of Plaintiff's attempts to skirt" the bar via a collateral attack on an STB decision); *Columbiana Cnty. Port Auth. v. Boardman Twp. Park Dist.*, 154 F. Supp. 2d 1165, 1178 (N.D. Ohio 2001) ("Having failed to challenge the STB's conclusion in a timely fashion before the Court of Appeals, the Park District's collateral attack on the STB's decision is barred…."); *Groh v. Union Pac. R.R. Co.*, No. 17-00741-CV-W-ODS, 2017 WL 5985572, at *4–5 (W.D. Mo. Dec. 1, 2017)

("Although they attempt to characterize this lawsuit as one seeking 'quiet title,' Plaintiffs are collaterally attacking the STB's decision to grant an exemption to Jackson County, and authorize Jackson County to use the rail line for recreational purposes….No court—other than the Eighth Circuit—would have jurisdiction to review a decision issued by the STB.").

The reasoning for this is based on the well-established legal principle of waiver. If a claimant had the opportunity to object or appeal the decision of a federal agency but chose not to do so, *as CSX did here*, the claimant has **waived** any future argument involving the agency's decision. *See Groh*, 2017 WL 5985572, at *4–5 ("Plaintiffs could have challenged the STB's decision by filing a petition with the Eighth Circuit, but they failed to do so. Plaintiffs have waived any challenge to the validity of the STB's order."); *Grantwood Vill. v. Missouri Pac. R. Co.*, 95 F.3d 654, 658 (8th Cir. 1996) ("The Village's attacks on the ICC's Decision are, therefore, foreclosed because the Village failed to make these arguments to the ICC and failed to file a petition for judicial review within sixty days of the ICC's decision …. Therefore, the Village has waived any challenge to the validity of the ICC's order.").

In short, CSX waived any argument – as support for claims of conspiracy, anticompetitive conduct, or any other claims – that the STB's decision to approve removal of the Diamond Track was improper because it *could* have challenged the decision before the NPBL Board or the STB, but it chose to do neither.[1]

---

[1] In its ruling, the Magistrate Judge also failed to address that CSX's attempt to finesse its way out of the collateral argument bar meant that CSX also argued that STB's decision approving removal of the Diamond Track was *itself* an action in furtherance of the alleged conspiracy. *See* CSX Opp. Br. 18 (claiming "discontinuation of the Diamond Track was one means by which NS sought to block CSX's access to on-dock rail NIT for anticompetitive gain"). CSX's argument would implicate the STB in its claims of conspiracy and anticompetitive conduct because the discontinuation of the Diamond Track *occurred on the STB's Order*. For obvious reasons, courts refuse to allow claimants to use creative mechanisms to evade the rule prohibiting collateral attack.

### 3. CSX's proposed evidence should independently be excluded because it is stale.

Next, the Magistrate Judge failed to even consider NS's argument that, in light of CSX's long failure to act, including not only its failure to respond to the STB approval, but also its consent to the discontinuance, and long failure to challenge the act of the NPBL approving the discontinuance, evidence from fourteen (14) years ago is *not probative* of the issues in this case. CSX did not even respond to NS's staleness argument except with a footnote claiming that this argument "fails for all the reasons stated in CSX's opposition to NS's motion for summary judgment." *See* CSX Opp. Br. 18 n.3. Perhaps based on CSX's footnote, the Magistrate Judge improperly thought that NS's argument was a challenge to evidence based on the statute of limitations. *See* Dec. 2, 2022 Tr. Excerpt 21:6-14. It was not.

NS's staleness argument is *applicable regardless of any application of the statute of limitations*.[2] While the Diamond Track evidence should be excluded due to the application of the statute of limitations, as argued in NS's Motion for Summary Judgment, *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 190 (1997), this evidence should *also* be excluded because it is simply **too old** to be probative. *See Bosse v. Baltimore Cnty.*, No. PWG-09-050, 2011 WL 13362483, at *4 (D. Md. Apr. 6, 2011) (finding that a "10-year old 'investigative report'" was properly excluded under Federal Rule of Evidence 403 because "the 'report' was too remote," "the potential for unfair prejudice 'greatly outweighed' its probative value, and its admission 'would have resulted in a 'side-show' trial about events" that happened much earlier).

In light of the Magistrate Judge's failure to consider this argument, this Court should grant NS's Motion on this ground alone: evidence regarding the 2007 and 2008 approval of Diamond Track discontinuance by the NPBL Board and STB is too remote to be probative at all, and any

---

[2] CSX's claims are *also* barred by the statute of limitations, so such evidence is also untimely based on the statute of limitations.

7

probative value it may have is substantially outweighed by the prejudice and confusion that certainly will occur if CSX is able to force Defendants to "relitigate" the discontinuance of the Diamond Track fourteen years later.

4. **Allowing CSX to present evidence regarding the STB's approval of the Diamond Track removal would be improper because the collateral attack on an STB decision has a substantial likelihood of confusing and misleading the jury.**

Not only is the Diamond Track evidence and argument legally improper but if CSX is allowed to introduce it at trial, this evidence and argument will present a substantial danger of confusing and misleading the jury. *See* Fed. R. Evid. 403. It is unduly prejudicial to NS to allow CSX to present to the jury evidence of a *concededly 100% lawful activity* that was approved by CSX itself, the NPBL Board, and the appropriate administrative federal agency (the STB). The Magistrate Judge did not make any specific finding to the contrary. Accordingly, the Magistrate Judge's decision to allow such evidence and argument to be presented to the jury is directly contrary to the weight of legal precedent that requires courts to bar such attempts to assert a collateral attack on a federal agency decision. *See arguments supra.* Quite simply, because CSX is *not* allowed to collaterally attack the STB's decision approving removal of the Diamond Track, it would necessarily be unduly prejudicial and confusing to the jury for CSX to present evidence and argument regarding an issue it *cannot* argue.

Hence, under Federal Rule of Evidence 403, this Court should also prevent CSX from offering at trial any evidence or argument that the STB-approved discontinuance of the Diamond Track is evidence of wrongful conduct by NS. *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 77 (4th Cir. 2018) (affirming trial court's exclusion of evidence that would "risk . . . jury confusion");

*United States v. Terry*, 726 F. App'x 939, 941 (4th Cir. 2018) (affirming trial court's exclusion of evidence that "may have inflamed the jury").[3]

## CONCLUSION

For the foregoing reasons, this Court should reverse the Magistrate Judge's denial of NS's Motion because it is clearly erroneous and contrary to law. NS respectfully requests an order prohibiting CSX from offering at trial any evidence or argument that the discontinuance of the Diamond Track is evidence of NS's wrongful conduct.

Dated: December 16, 2022            Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

/s/ *Alan D. Wingfield*
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: kathleen.knudsen@troutman.com

---

[3] In any event, CSX may not rely on arguments regarding "rates, locations and the operation of railroad tracks" to support its state law claims. Federal law preempts state laws that have the impact of regulating railroads in "broad categories" of actions, including "abandonment of rail lines." *See* Op. & Order 20-21, ECF No. 66.

Tara L. Reinhart
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
thomas.gentry@skadden.com

*Attorneys for Norfolk Southern Railway Company*

137045257