IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

       Plaintiff,

v.                                        Civil Action No. 2:18-cv-530-MSD-RJK

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

       Defendants.

**CSX TRANSPORTATION INC.'S REPLY IN SUPPORT OF ITS
MOTION TO TAKE THE DE BENE ESSE DEPOSITION OF CHRIS LUEBBERS**

      Plaintiff CSX Transportation, Inc. ("CSX"), by counsel, pursuant to Local Civil Rules 7, 16 and 30, and Fed. R. Civ. P. 16, 30, and 32, submits this Reply in Support of its Motion to Take the *De Bene Esse* Deposition of Christopher Luebbers (the "Motion") (ECF No. 533):

### INTRODUCTION

      Defendants do not challenge the central premise of CSX's Motion: that the Court should not permit NS to use Rule 45's geographical limits as a tactical shield to prevent Chris Luebbers—a current NS executive and central figure in Defendants' ongoing anticompetitive conspiracy—from testifying at trial. They do not suggest that Mr. Luebbers is not a significant witness whose trial testimony is critically important to CSX. Nor do they dispute that they did not inform CSX during discovery that Mr. Luebbers had moved (or planned to move) to Atlanta, beyond the Court's subpoena range. Defendants also do not dispute that the Court would be amply justified, under the circumstances, to order Mr. Luebbers to testify live at trial by remote means. *See* Fed. R. Civ.

1

P. 43(a). Nor do they disagree that CSX's proposed alternative—a *de bene esse* deposition—would address CSX's legitimate concerns while avoiding the logistical and scheduling challenges of live remote testimony under Rule 43.

Defendants instead contend that CSX has not shown "good cause" to take Mr. Luebbers's *de bene esse* deposition, because it should have been "on notice" of his change in residency based on a smattering of articles describing the relocation of NS's corporate headquarters and conflicting information on public websites. But "reasonable diligence" does not demand that CSX monitor his residency or all news articles published about NS and read between the lines to figure out whether the reported information might impact the residency of specific employees. Indeed, although they now work primarily in Atlanta, CSX understands that many NS executives—including Mr. McClellan and Mr. Heller—have retained residences in Hampton Roads. Defendants also argue that CSX has not shown "good cause" for a *de bene esse* deposition because it has conducted discovery depositions of Mr. Luebbers and other NS witnesses. That argument obscures the distinction between a deposition designed to *discover* facts and a *de bene esse* deposition designed to preserve and present those facts at trial. It also ignores that CSX's *de bene esse* cut-off ran in March 2021, when trial was scheduled for that spring, before the STB stay.

Ultimately, none of Defendants' arguments supports a finding that CSX acted with any lack of diligence, and none undermines CSX's position that a *de bene esse* deposition would address its concerns and needs, while conserving judicial resources and streamlining the presentation of evidence at trial. The Court should grant CSX's Motion.

**ARGUMENT**

In its Opposition, NS argues that CSX should have known during discovery Mr. Luebbers moved to Atlanta because certain news articles reported that NS built a new corporate headquarters

2

in Atlanta. *See* ECF No. 537 at 2-3. NS claims that these articles put CSX "on notice" that Mr. Luebbers would move to Atlanta—outside the Court's subpoena range— before trial. *See id.* at 6. According to NS, CSX's failure to inquire about Mr. Luebbers's residency (or potential change in residency) prior to the March 2021 *de bene esse* deadline thus constitutes a lack of diligence.

NS points to no authority suggesting that reasonable diligence demands that a party continuously monitor all news articles published about its opponent and attempt to decipher whether the reported information will have an impact on the residency of key witnesses. Furthermore, the articles cited by NS would not have led CSX to that conclusion with respect to Mr. Luebbers. NS cites articles published in December 2018 and March 2019, which report that NS planned to move its headquarters and had "broken ground" on its new facility. *See* NS Exs. A-C. Those articles were published only a few months after CSX filed its Complaint, while discovery was stayed pending resolution of Defendants' motions to dismiss and well before CSX knew about Mr. Luebbers or his significant role in the conspiracy. *See* ECF No. 58. NS also cites articles reporting that NS's Atlanta headquarters officially opened in November 2021—more than six months *after* the *de bene esse* deposition deadline had passed. *See* ECF No. 537 at 3. None of these articles would have given CSX timely notice that, unlike many of his colleagues, Mr. Luebbers had moved his residency to Atlanta—much less that NS intended to capitalize on his change in residency to strategically avoid having him testify live at trial.

NS also cites Mr. Luebbers's "ZoomInfo" web page, which purportedly shows that Mr. Luebbers resides in Atlanta. That page—which NS did not attach to its Opposition—indicates it was "last updated" on December 1, 2022, *after* CSX asked NS to accept service of a subpoena or otherwise arrange for Mr. Luebbers to attend trial. *See* **Exhibit A**, at 1 (last accessed December 19, 2022). And, as CSX has explained, Mr. Luebber's LinkedIn page still indicates that he lives

3

and works in the Hampton Roads area—where he appeared for his in-person deposition. *See* Motion at 5, 7. There is simply no basis to conclude that CSX did not act with reasonable diligence by not inquiring about Mr. Luebbers's personal residency during discovery.

NS's suggestion that CSX should have inquired about Mr. Luebbers' personal residence is disingenuous at best. NS objected to CSX's request for that information, contending the request violated Mr. Luebbers's "constitutional right to privacy." *See* Motion at 4. In fact, NS refused to provide even his business address, and insisted that Mr. Luebbers should instead be contacted only through NS's Virginia-based counsel. *See id.* NS cannot have its cake and eat it too: either it controls access to its current employee witnesses and presents them when called on, or it provides CSX with contact and residency information for those witnesses during discovery. NS cannot dictate access to its employee witnesses, shut down CSX's requests for access and information, and later argue that CSX lacked diligence by not pursuing information about a witness's residency in discovery.

Further undermining NS's arguments is that until it provided its Rule 26(a)(3) disclosures, CSX had no reason to believe NS would not bring Mr. Luebbers to trial. He is a central figure in this matter, who served on the NPBL rate committee and was intimately involved in many aspects of Defendants' conspiratorial conduct, and his many communications about keeping CSX out of NIT are highly relevant to CSX's claims. CSX reasonably expected that NS would want to facilitate Mr. Luebbers's appearance at trial so that he could address these issues directly.

CSX has undertaken a good-faith effort to procure Mr. Luebbers' voluntary testimony at trial. Courts have found this sufficient to justify a *de bene esse* deposition after the close of discovery. *See Patterson v. W. Carolina Univ.*, No. 2:12CV3, 2013 WL 1629132, at *1 (W.D.N.C. Apr. 16, 2013) (ordering *de bene esse* deposition where party could show good-faith effort to

4

secure witness's voluntary trial attendance). None of the cases Defendants cite suggests otherwise. For example, in *Moore v. Publicis Groupe SA*, the plaintiffs sought leave, after the close of discovery, to add new named plaintiffs and new claims, in addition to altering their proposed class definitions. *See* No. 11 CIV. 1279 ALC AJP, 2013 WL 4483531, at *7 (S.D.N.Y. Aug. 23, 2013), *report and recommendation adopted sub nom. Moore v. Publicis Grp. SA*, No. 1:11-CV-1279, 2013 WL 5951903 (S.D.N.Y. Oct. 30, 2013). The court rejected the plaintiffs' suggestion that new information learned in discovery justified their extraordinary request, explaining that "'with reasonable diligence,' plaintiffs' counsel could have obtained the purportedly "new" information *from the plaintiffs themselves*. *Id.* That is the opposite of the circumstances here, where the information about Mr. Luebbers's whereabouts was tightly controlled by NS during discovery, and CSX seeks only modest relief—a *de bene esse* deposition to present his testimony at trial.

*Strag v. Board of Trustees* is also inapposite. In that case, the court rejected the plaintiff's request to allow for additional depositions before responding to the defendant's summary judgment motion—when she had *declined* dates provided to depose these witnesses during the original discovery period. *See Strag v. Bd. of Trustees, Craven Cmty. Coll.*, 55 F.3d 943, 953 (4th Cir. 1995). Here, by contrast, CSX took Mr. Luebbers's deposition during discovery, but reasonably believed that Mr. Luebbers was within the Court's subpoena range (or that NS would facilitate his voluntary appearance at trial). Under the circumstances, CSX cannot be faulted for not noticing a *de bene esse* deposition of Mr. Luebbers prior to the March 2021 deadline—which passed months before NS opened its new headquarters in Atlanta.

NS also argues that CSX should simply rely on Mr. Luebbers's discovery depositions at trial.[1] This argument "ignore[s] the distinction between the need to *preserve* testimony for trial, as opposed to the need to *discover* evidence." *Lucas v. Pactiv Corp.*, No. 5:08CV00079, 2009 WL 5197838, at *2 (W.D. Va. Dec. 22, 2009) (granting motion to take *de bene esse* depositions of unavailable witnesses). CSX was not obligated during its discovery depositions to frame its questioning as a trial examination or ask Mr. Luebbers about all potential trial exhibits. And it is irrelevant that CSX asked Mr. Luebbers and other NS witnesses in discovery about some documents that it may seek to introduce at trial. As courts routinely recognize, a *de bene esse* deposition (unlike a discovery deposition) preserves testimony for presentation *at trial*—i.e., in furtherance of the party's trial strategy. Moreover, conducting a *de bene esse* deposition would allow CSX to address and resolve many of Defendants' generic "form" objections, thereby streamlining the presentation of evidence and conserving judicial resources.

Finally, NPBL contends that the Court should deny CSX's Motion because conducting a *de bene esse* deposition before trial will divert resources from the parties' other trial preparations. Initially, there is no reason to believe that counsel for NPBL will be required to devote significant resources to Mr. Luebbers's *de bene esse* deposition, particularly given that NPBL asked few questions of Mr. Luebbers's during his discovery depositions. NPBL's counsel need not even travel to Atlanta; they could arrange to attend and question Mr. Luebbers via video conference if they prefer. Moreover, any burden is squarely attributable to NS, which made the strategic decision to not provide Mr. Luebbers's personal residency during discovery, control access to him,

---

[1] In support, NS cites *F.C. Cycles Int'l v. Fila Sport, S.p.A. See* NS Opp. at 7. But that case involves a privilege waiver issue, does not discuss taking de bene esse depositions, and does not include the quote NS attributes to it. *See* 184 F.R.D. 64, 66 (D. Md. 1998).

6

and withhold until the final pretrial conference information about his location, trial status, and its strategic decision to employ Rule 45 as a means to prevent his trial testimony.

As previously noted, in light of NS's tactical decision to refuse to facilitate Mr. Luebbers's live appearance at trial, the Court would be fully justified in ordering him to testify live by remote means from a location within 100 miles of his residence or office. *See* Fed. R. Civ. P. 43(a); *In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d 640, 644 (E.D. La. 2006) (ordering remote trial testimony by senior employee located outside Rule 45's geographic limitations after finding that defendant's refusal to voluntarily bring him to trial was a "tactical" decision designed to "limit [the witness's] trial testimony to his 'canned' deposition testimony"); *see also In re: 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-MD-2885, 2021 WL 2605957, at *5 (N.D. Fla. May 28, 2021) (ordering remote testimony of defendant's employee who was a "principal figure[ ]" in the relevant conduct). To avoid the potential logistical challenges remote testimony might entail, however, CSX instead requests that the Court reopen discovery to allow a *de bene esse* deposition of Mr. Luebbers in Atlanta.

## **CONCLUSION**

For these reasons and those stated in its Motion, CSXT respectfully requests that the Court grant CSXT's Motion and order that discovery be re-opened for the sole purpose of allowing CSX to take a *de bene esse* deposition of Mr. Luebbers reasonably in advance of the January 18, 2023 trial date.

Dated:  December 19, 2022						Respectfully submitted,

**CSX TRANSPORTATION, INC.**
*By Counsel*

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone:  (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
W. Cole Geddy (VSB No. 93511)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com
E-mail: cgeddy@mcguirewoods.com

## **CERTIFICATE OF SERVICE**

I certify that on this 19th day of December, 2022, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

/s/ Robert W. McFarland
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
W. Cole Geddy (VSB No. 93511)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com
E-mail: cgeddy@mcguirewoods.com