IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

        Plaintiff,

v.                                                          Civil Action No. 2:18-cv-530-MSD-RJK

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

        Defendants.

                              /

**CSX TRANSPORTATION INC.'S OPPOSITION TO DEFENDANT NORFOLK
SOUTHERN RAILWAY COMPANY'S OBJECTION TO DENIAL OF THE MOTION
IN LIMINE REGARDING THE DIAMOND TRACK, ECF NO. 343**

Plaintiff CSX Transportation, Inc. ("CSX"), by counsel, pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rules 7 and 72, states as follows in opposition to the Objection filed by Defendant Norfolk Southern Railway Company ("NS") (ECF No. 546):

**INTRODUCTION**

NS objects to the Magistrate Judge's denial of NS's Motion *in Limine* to exclude evidence and argument regarding the discontinuance of the Diamond (ECF No. 343), repeating its incorrect assertions that CSX is attempting to attack the STB's decision discontinuing that portion of track, and claiming the evidence is stale. However, the Magistrate Judge addressed both of NS's arguments in his decision, finding that the Court would not have jurisdiction to overturn the STB, that CSX lacks standing to attack the STB's order, and denying NS's Motion without prejudice, so that any issues related to the supposed staleness of the evidence could be dealt with after the

1

Court rules on summary judgment. NS cannot establish this decision was clearly erroneous or contrary to law, and NS's Objection should be overruled.

## LEGAL STANDARD

Under Rule 72(a) of the Federal Rules of Civil Procedure, "[t]he district judge in the case must consider timely objections" to a magistrate judge's ruling on non-dispositive matters, and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *CertusView Techs., LLC v. S & N Locating Services, LLC*, 107 F. Supp. 3d 500, 504 (E.D. Va. 2015). A magistrate judge's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 504 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Thus, unless a court is "firmly convinced" that such an error has occurred, "the magistrate judge's order must be affirmed." *Id.* (quoting *Giganti v. Gen–X Strategies, Inc.*, 222 F.R.D. 299, 304–05 (E.D. Va. 2004)). As this Court has explained, the alteration of a magistrate judge's non-dispositive order is "extremely difficult to justify." *Id.* (quoting *Carlucci v. Han*, 292 F.R.D. 309, 312 (E.D. Va. 2013) (quoting 12 Charles Alan Wright & Arthur R. Miller et al., *Federal Practice & Procedure* § 3069 (2d ed. 1997))). With respect to questions of law, however, "there is no practical difference between review under Rule 72(a)'s contrary to law standard and a de novo standard." *Id.* (quoting *Bruce v. Hartford*, 21 F. Supp. 3d 590, 594 (E.D. Va. 2014)) (internal citations and quotation marks omitted).

## ARGUMENT

**I.     The Discontinuance of the Diamond is Evidence of Exclusionary Conduct in Furtherance of a Conspiracy**

NS fundamentally misunderstands CSX's intended presentation of evidence and argument regarding the Diamond. It is not a "collateral attack" on the STB order discontinuing the Diamond

2

Track, and NS's argument addressing the legality of the discontinuance is irrelevant. CSX does not seek to undo the STB's decision or otherwise "relitigate" it. Rather it is CSX's position that discontinuation of the Diamond Track was yet another means by which NS and NPBL sought to block CSX's access to on-dock rail at NIT for anticompetitive gain. *See* ECF No. 1 at ¶¶ 47–48. The trier of fact may consider this evidence without challenging, attacking, or invalidating the STB's decision.

It is black letter law that an overt act in furtherance of a conspiracy need not itself be unlawful.[1] *See Braverman v. United States*, 317 U.S. 49, 53 (1942) (overt act need not be itself a crime); *United States v. Fleschner*, 98 F.3d 155, 159 (4th Cir. 1996) (overt act "may be entirely innocent when considered alone" so long as it "is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy."). The Supreme Court stated, ". . . it is well settled that acts which are in themselves legal lose that character when they become constituent elements of an unlawful scheme." *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 707 (1962). Therefore, an act taken to further the conspiracy "need not be illegal in itself." *United States v. Van Hee*, 531 F.2d 352, 357 (6th Cir. 1976).

CSX agrees that the Magistrate Judge correctly found that CSX cannot contest the STB's decision discontinuing the Diamond, and that "the Court does not have jurisdiction to overturn it." Dec. 2, 2022 Hearing Tr. at 20:2–7, attached here as **Exhibit A**. But as the Magistrate Judge further stated "this Court has jurisdiction over the antitrust and related state law claims pending before the Court," and, "[t]o the extent CSX can prove at trial that the closure of the Diamond

---

[1] Generally, the principles of conspiracy law applicable to conspiracy to monopolize claims are derived from the law of criminal conspiracy. *See, e.g.,* 4 Modern Federal Jury Instructions-Civil P 80.03 (2022).

3

Track was undertaken to block CSX's access to on-dock rail at NIT, the evidence, to the extent that it's not time-barred, appears to be relevant to claims at issue under Rule 401 of the Rules of Evidence." Ex. A at 20:12–20. CSX has repeatedly explained that it is not challenging the STB Order—rather, CSX submits that NS's and Defendant Norfolk & Portsmouth Belt Line Railroad Company's ("NPBL") intent, actions, and inactions in obtaining that order are a part of the conspiracy. In that respect, CSX seeks to introduce this evidence as demonstrating the existence and furtherance of the conspiracy: the discontinuance of a portion of track that allowed CSX efficient access to NIT was exclusionary conduct undertaken to further Defendants' anticompetitive objectives. *See, e.g.*, ECF No. 324 at ¶ 43.

## II.  The Magistrate Judge's Decision Is Not Clear Error

NS argues the Magistrate Judge's Decision was "legal error" because he "failed to address" whether using "the closure of the Diamond Track as evidence of anticompetitive conduct would constitute a collateral attack on the STB decision." ECF No. 546 at 4. NS fully briefed this issue, and its argument concerning a "collateral attack" was before the Magistrate Judge. *See* ECF No. 344 at 5–7, ECF No. 441 at 2–5. The Magistrate Judge agreed that CSX could not relitigate the STB's decision. *See* Ex. A at 20:2–7. And CSX does not challenge that ruling.

NS's argument concerning collateral attacks has no application to the relevance and admissibility of evidence and arguments concerning the Diamond. In all the cases cited by NS for the premise that "CSX cannot collaterally attack STB judgments," a party sought to relitigate a disputed issue of fact already decided by the STB. ECF No. 546 at 5–6. In each of those cases, the court concluded it did not have jurisdiction to consider the disputed issue, as it had already been determined by the STB. *See Trevarton v. S. Dakota*, 817 F.3d 1081, 1084 (8th Cir. 2016) (affirming district court's holding that it lacked jurisdiction to determine whether a rail line was

4

abandoned); *Ballard Terminal R. Co., LLC v. City of Kirkland*, No. C13-586MJP, 2013 WL 1990872, at *2 (W.D. Wash. May 13, 2013) (finding a lack of subject matter jurisdiction to address petitions and claims contesting STB's decision and notice of interim trail use or abandonment order); *Columbiana Cnty. Port Auth. v. Boardman Twp. Park Dist.*, 154 F. Supp. 2d 1165, 1178–79 (N.D. Ohio 2001) (explaining the court lacked jurisdiction to set aside the STB's determination and that the defendant could not "force collateral redetermination" of the issue in the district court); *Groh v. Union Pac. R.R. Co.*, No. 17-00741-CV-W-ODS, 2017 WL 5985572, at *4 (W.D. Mo. Dec. 1, 2017) (declining to address claims in lawsuit that sought to relitigate the determination made in an STB order and challenged the validity of that order). But CSX is not attacking the STB's decision as to the Diamond. It was unnecessary for the Magistrate Judge to engage in any further discussion of NS's "collateral attack" argument because he correctly found that this Court lacks jurisdiction to overturn the STB's decision, thereby indicating that CSX cannot collaterally attack the STB's discontinuance of the Diamond. *See* Ex. A at 20:4–7.

To be clear, CSX is not seeking to have the trier of fact set aside or invalidate the STB's order discontinuing the Diamond. In approving discontinuance of the Diamond Track, the STB did not address any of the claims in this case, including whether Defendants engaged in exclusionary conduct intended to block CSX at NIT, in violation of federal antitrust and state conspiracy and other laws. Evidence of NS's decision to discontinue the Diamond Track is, however, relevant to those conspiracy and monopoly claims, and is therefore admissible under Rule 402.

**III.    Evidence of the Discontinuance of the Diamond is Relevant and Admissible**

NS also argues that CSX's proposed evidence and argument concerning the Diamond should be excluded because it is "stale." ECF No. 546 at 7. Notwithstanding the fact that the

5

Magistrate Judge denied NS's Motion *in Limine* without prejudice, and indicated the argument could be revisited after the Court ruled on the motion for summary judgment (*see* ECF No. 521), NS objects to the denial, asserting the evidence is "too old to be probative." *Id.*

NS ignores that a plaintiff "should be given the full benefit of their proof without tightly compartmentalizing the various factual components and wiping the slate clean after scrutiny of each. . . . 'The character and effect of a conspiracy are not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole.'" *Cont'l Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962) (quoting *United States v. Patten*, 226 U.S. 525, 544 (1913)); *accord Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*, 298 F.3d 768, 775 (9th Cir. 2002). The Supreme Court has found that it is error to exclude evidence clearly material to a charge of conspiracy and monopolization prior to the statutory period. *See Cont'l Ore Co.*, 370 U.S. at 710 n. 15 (citing *Standard Oil Co. v. United States*, 221 U.S. 1, 75–76 (considering evidence eleven years prior to the Sherman Act's passage "in order to ascertain the monopolistic intent or purpose of the founders of the Standard Oil Trust") and *Kansas City Star Co. v. United States*, 240 F.2d 643, 650–51 (8th Cir. 1940) (allowing evidence preceding the criminal statute of limitations)). Evidence to show the "history of how a monopolist achieved its position is relevant." *United States Football League v. NFL*, 634 F. Supp. 1155, 1169 (S.D.N.Y. 1986).

The Magistrate Judge also correctly found that NS's argument that this evidence will confuse and mislead the jury "is not persuasive." Ex. A at 20:21–22. The alleged risk of confusion or prejudice asserted by NS plainly does not rise to the "extraordinary" level required for exclusion under Rule 403, and, as pointed out by the Magistrate Judge, this contention ignores that other facts and evidence related to the discontinuance can be presented to the jurors. *See id.* at 20:22–21:5. NS's citation to *Bosse v. Baltimore County*, No. PWG-09-050, 2011 WL 13362483, at *4

(D. Md. Apr. 6, 2011) is unavailing, as there the court excluded a report not only because it was too remote, but also because it was comprised mainly of plaintiff's "own self-serving statements." No such reasons for exclusion exist here.

NS's other citations fare no better. In contrast to the scenario presented in *Campbell v. Boston Science Corp.*, 882 F.3d 70, 77 (4th Cir. 2018), evidence of NS and NPBL's actions in seeking the discontinuance of the Diamond, and the effect of those actions, is not "of questionable relevance." In *Campbell*, the Fourth Circuit affirmed the exclusion of evidence relating to the FDA's 510(k) process, based on prior precedent that excluded the same evidence because the 510(k) process exempts medical devices from "rigorous safety review procedures" and lacks specific information about the safety of the medical device. 882 F.3d at 77 (internal quotations and citations omitted). Thus, introduction of the 510(k) evidence would invite a "battle of the experts regarding the exact meaning of 510(k) approval" and risked jury confusion. *Id.* Unlike the use of evidence of an agency decision regarding the safety of a medical device in a products liability action, the STB was never presented, let alone decided, the issue in this case: whether Defendants' conduct was exclusionary and anticompetitive.

NS's Rule 403 argument is unpersuasive, as correctly found by the Magistrate Judge. Any risk of "prejudice" to NS arises from the probative value of the evidence, which reflects that NS has engaged in a decades-long effort to block CSX from NIT for its own anticompetitive gain. That is not the type of extraordinary and unfair prejudice with which Rule 403 is concerned. *See United States v. Mohr*, 318 F.3d 613, 619–20 (4th Cir. 2003) (Rule 403 allows a district court to exclude otherwise admissible evidence that would result in *unfair* prejudice, i.e., "prejudice that damages an opponent for reasons *other than its probative value*") (emphasis added).

NS's discontinuance of the Diamond is one piece of an entire body of evidence that shows

7

anticompetitive and monopolistic conduct. As a part of the history of how NS achieved its position and blocked CSX from NIT, it remains probative and relevant. The Magistrate Judge was correct in his determination that this evidence is relevant and admissible.

## CONCLUSION

For these reasons, CSX respectfully requests that the Court overrule Defendant Norfolk Southern Railway Company's Objection to the Magistrate Judge's Order, ECF Nos. 518 and 521, denying Defendant's Motion *in Limine*, ECF No. 343.

Dated: December 30, 2022                                         Respectfully submitted,

**CSX TRANSPORTATION, INC.**
*By Counsel*

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
Jeanne E. Noonan (VSB No. 87863)
McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone:  (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
W. Cole Geddy (VSB No. 93511)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000

Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com
E-mail: cgeddy@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that on this 30th day of December, 2022, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

                                        */s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Telephone:  (757) 640-3716
Facsimile:  (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
W. Cole Geddy (VSB No. 93511)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Telephone:  (804) 775-1000
Facsimile:  (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com
E-mail: cgeddy@mcguirewoods.com