# Exhibit A

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
 2                      Norfolk Division

 3

 4   - - - - - - - - - - - - - - - - - -
                                       )
 5   CSX TRANSPORTATION, INC.,         )
                                       )
 6          Plaintiff,                 )      CIVIL ACTION NO.
                                       )         2:18cv530
 7   v.                                )
                                       )
 8   NORFOLK SOUTHERN RAILWAY          )
     COMPANY, et al.,                  )
 9                                     )
            Defendants.                )
10   - - - - - - - - - - - - - - - - - -

11

12              EXCERPT TRANSCRIPT OF PROCEEDINGS
                  (Daubert Hearing - Rulings)
13

14                   Norfolk, Virginia

                     December 2, 2022
15

16

17   BEFORE:  THE HONORABLE ROBERT J. KRASK
             United States Magistrate Judge
18

19

20

21

22

23

24

25
```

1    judgment.

2         Norfolk Southern argues that CSX should not be

3    allowed to relitigate the final judgment of the STB in 2008

4    proving the discontinuance of the Diamond Track.  The Court

5    agrees that CSX does not have standing to contest that

6    decision and the Court does not have jurisdiction to overturn

7    it.

8         CSX asserts it will offer evidence of the Diamond

9    Track closure as one means by which Norfolk Southern sought

10   to block CSX's access to on-dock rail at NIT for

11   anticompetitive gain.

12        As addressed in the ruling on Norfolk Southern's

13   motion to dismiss, this Court has jurisdiction over the

14   antitrust and related state law claims pending before the

15   Court.

16        To the extent CSX can prove at trial that the

17   closure of the Diamond Track was undertaken to block CSX's

18   access to on-dock rail at NIT, the evidence, to the extent

19   that it's not time-barred, appears to be relevant to claims

20   at issue under Rule 401 of the Rules of Evidence.

21        Norfolk Southern's argument that this evidence will

22   confuse and mislead the jury is not persuasive.  The facts

23   surrounding the discontinuance of the track including the

24   Surface Transportation Board's approval of the closure and

25   CSX's failure to object at that time can be presented to the

1    jury.

2          Accordingly, the probative value of the evidence is

3    not substantially outweighed by dangers of confusing or

4    misleading the jury, and the evidence should not be excluded

5    pursuant to Rule 403.

6          Norfolk Southern further argues that any evidence

7    surrounding the Belt Line's meetings and Surface

8    Transportation Board proceedings addressing the Diamond Track

9    fall far outside the relevant time period, making the

10   evidence irrelevant and inadmissible as it relates to the

11   statute-of-limitations question.

12         That is a matter that the parties and the Court can

13   revisit as needed following the Court's ruling on the motions

14   for summary judgment.

15         Next I will address ECF number 353, which is the

16   Belt Line's motion in limine to exclude evidence and argument

17   about CSX's private switching rates.

18         The Belt Line's motion in limine to exclude evidence

19   or argument about other contractual switching rates paid by

20   CSX is denied.

21         Belt Line seeks to exclude that evidence and

22   argument on the grounds that it's not relevant and, even if

23   it were, it's unduly prejudicial pursuant to Rules 401, 402,

24   and 403 of the Rules of Evidence.  And, respectfully, I do

25   disagree on both points.