**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-530 |
| | ) | |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**NORFOLK SOUTHERN RAILWAY COMPANY'S**
**REPLY IN SUPPORT OF OBJECTION TO DENIAL OF ITS MOTION IN LIMINE**
**REGARDING DISCONTINUANCE OF THE DIAMOND TRACK**

Defendant Norfolk Southern Railway Company ("NS"), by counsel and pursuant to

Federal Rule of Civil Procedure 72(a), replies in support of its Objection to the Magistrate Judge's

oral and written denial of its Motion in Limine under Federal Rule of Evidence 402 ("Motion")

[ECF No. 343] to prohibit Plaintiff CSX Transportation, Inc. ("CSX") from offering at trial any

evidence or argument that the discontinuance of the railroad track between NS Junction and

Carolina Junction in South Norfolk (the "Diamond Track") is evidence of wrongful conduct by

Defendants.  NS objects to much of the Order, ECF No. 521 and oral ruling, Oral Hearing Minutes,

ECF No. 518, that deny its Motion.

**ARGUMENT**

The Magistrate Judge ruled, and CSX admits, that the Court cannot reverse the Surface

Transportation Board's ("STB") approval of the Diamond Track removal or can it require NS to

re-install the Diamond Track.  ECF No. 556, at 3; Dec. 2, 2022 Tr. Excerpt 20:5-7 ("CSX does not

have standing to contest [the STB's 2008] decision [approving the discontinuance of the Diamond

Track] and the Court does not have jurisdiction to overturn it.").  Indeed, CSX implicitly admits that removal of the Diamond Track was lawful, and that it cannot argue that the removal was unlawful in and of itself.   ECF No. 556, at 3.  However, CSX makes plain that at trial it plans to attempt to impose liability under federal antitrust and state law based, in some significant part, on the removal of the Diamond Track.   This plan is contrary to the Court's Opinion and Order on summary judgment (ECF No. 559) (the "Summary Judgment Opinion"), to established law regarding the jurisdiction of the STB, and to principles of administrative law.

First, this Court held in its Summary Judgment Opinion that CSX's claim that the removal of the Diamond Track "constituted an overt act committed in furtherance of the conspiracy/monopoly" was a "final" act that "must be sued upon, if at all, within four years." *Id.* at 35 n.9.  CSX is barred by the passage of time from bringing any claim based on that final act, rendering the Diamond Track removal irrelevant as a matter of law.  The Court's Summary Judgment Opinion resolves the previously reserved issue of whether the evidence is stale.  It plainly is, and therefore is irrelevant and inadmissible.

Second, CSX argues that lawful acts can be relied upon to show an antitrust violation or a conspiracy.  But here CSX's plan is not merely to use a lawful act to support its conspiracy claim. Rather, its plan affirmatively creates a conflict with the STB's exclusive jurisdiction.  STB has exclusive jurisdiction to assess the propriety of and provide remedies for track removal.  CSX cannot challenge the STB-approved removal and thereby to do indirectly through federal or state claims what it cannot do directly through a direct challenge to the STB's exclusive authority. As a matter of required respect for the STB's exclusive jurisdiction, therefore, NS's objection to the Magistrate Judge's ruling should be sustained, and CSX should be precluded from attacking the Diamond Track removal.

As a starting point, the STB has broad and "exclusive" jurisdiction over many aspects of railroading, and its remedies "are exclusive and preempt the remedies provided under Federal or State law." 49 U.S.C. § 10501(b). The STB has jurisdiction over "rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers" (§ 10501(b)); new rail construction projects (§ 10901); rail line discontinuances (§ 10903); the "reasonableness" of rail carrier rates5 (§ 10701), "competitive access" to rail carrier facilities (§ 11102); reciprocal switching services (§ 11102), and mergers and acquisitions (§ 11321). As for abandonment of railroad lines, prior STB approval is required, and then "only if the Board finds that the present or future public convenience and necessity require or permit the abandonment or discontinuance." 49 U.S.C.§ 10903(d).

The STB's exclusive jurisdiction applies not only to direct attempted regulation of conduct subject to the STB's jurisdiction, but also when a party seeks to impose liability under another body of federal or state law based on conduct by the railroad that is within the STB's exclusive jurisdiction. *See Funderburk v. S.C. Elec. & Gas Co.*, 406 F. Supp. 3d 527, 537-38 (D.S.C. 2019) (finding that CSX successfully argued that tort claims for negligence, trespass, strict liability, and nuisance based on alleged deficiency by railroad in maintaining drainage system were preempted under 49 U.S.C. § 10501(b) as having the effect of regulating a railroad's engineering and operations that were within the exclusive jurisdiction of the STB).

In sum, both direct and indirect attacks on conduct within the STB's exclusive jurisdiction are barred, meaning CSX should not be permitted to embed into its federal and state law claims the theory that the Diamond Track removal was wrongful.

Third, what makes CSX's plan all the more improper is that resort to the STB has already occurred, CSX had an opportunity to oppose the removal but did nothing, and the STB has ruled

3

that the removal of the Diamond Track served "present or future public convenience and necessity."   Additionally, CSX cannot challenge that decision through the means of federal or state law claims because it is barred from collaterally attacking the agency decision.   On the one hand, in its brief CSX claims it is not trying to "relitigate" the STB's approval of the removal of the Diamond Track.   ECF No. 556, at 3.   Then in the very next sentence it lays bare its plan to argue that the removal was done for "anticompetitive gain."   *Id*.   CSX's effort to litigate the intent behind discontinuance of the Diamond Track is foreclosed by basic antitrust law.   "[W]hat has become an antitrust commonplace, that if conduct is not objectively anticompetitive[,] the fact that it was motivated by hostility to competitors … is irrelevant." *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 797 F.2d 370, 379 (7th Cir. 1986) ("That Western Union wanted to 'flush these turkeys' tells us nothing about the lawfulness of its conduct.").   Here, the STB plainly found that discontinuance was proper under its governing standards.   Hence, the discontinuance is not objectively anticompetitive, which renders CSX's efforts irrelevant.   Further, its courtroom theory plainly contradicts the STB's finding.

In sum, CSX should have made its argument at the time to the STB, but it did not, and the law does not allow it to belatedly pursue those claims in court in the guise of federal antitrust and state law claims.   *See Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 20 (1974) (finding that plaintiff was "obliged to pursue its administrative remedy and, when it fails to do so, may not attain its ends through the route of judicial interference").

**CONCLUSION**

For the foregoing reasons, this Court should reverse the Magistrate Judge's denial of NS's Motion because it is clearly erroneous and contrary to law.   NS respectfully requests an order

4

prohibiting CSX from offering at trial any evidence or argument that the discontinuance of the

Diamond Track is evidence of NS's wrongful conduct.

Dated: January 5, 2023                          Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

/s/ *Alan D. Wingfield*
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: kathleen.knudsen@troutman.com

Tara L. Reinhart
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
thomas.gentry@skadden.com

*Attorneys for Norfolk Southern Railway Company*

138273106