## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-530 |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

### NORFOLK SOUTHERN RAILWAY COMPANY'S
### REPLY IN SUPPORT OF ITS OBJECTION TO DENIAL OF ITS
### MOTION IN LIMINE TO EXCLUDE EVIDENCE AND
### ARGUMENT THAT NPBL'S SWITCH RATE IS UNREASONABLE

Defendant Norfolk Southern Railway Company ("NS"), by counsel and pursuant to Federal Rule of Civil Procedure 72(a), replies in support of its objection to the Magistrate Judge's oral and written denial of its Motion in Limine under Federal Rule of Evidence 402 ("Motion") [ECF No. 329] to prohibit Plaintiff CSX Transportation, Inc. ("CSX") from offering at trial any evidence or argument that the line haul switch rate (the "switch rate") charged by the Norfolk and Portsmouth Belt Line Railroad Company ("NPBL") is unreasonable, "prohibitively expensive," "excessive," or "exorbitant."

### ARGUMENT

CSX admits, as it must, that the Court cannot be "tasked with adjudicating the proper switch rate." ECF No. 555, at 5 (*quoting* Ex. A at 17:4-14). Yet, CSX contends that the Court can determine whether the NPBL switch rate is "unreasonably high," *id.* at 7, and was set at an "inflated level." *Id.* at 8. The difference between adjudicating what the "proper switch rate" should be and determining whether the current rate actually is unreasonably high or "inflated" is a distinction

without a difference. Either way, the factfinder would be determining whether a given rate is "proper" or "unreasonable."

CSX claims that NS's argument is wholly without legal support. But CSX's position runs headlong into the black letter law established by definitive U.S. Supreme Court decisions holding that only the Surface Transportation Board ("STB") may determine that a railroad rate is unreasonable. The law is clear that until the STB makes the determination that a rate is unreasonable, *no one* – not CSX, not this Court – can rightfully represent that a railroad rate is unreasonable.[1] The law mandates a very clear procedure that CSX had to follow if it wanted to argue in this case that the NPBL's switch rate is "unreasonable": CSX had to ask the STB to determine that the rate is unreasonable. *Chi., Rock Island & Pac. R.R.*, 420 F.2d at 388 ("Whenever a rate, rule, or practice is attacked as unreasonable or as unjustly discriminatory, there must be preliminary resort to the [STB].") (citation and quotation marks omitted). Despite the passage of more than 10 years and a motion from NS seeking referral to the STB, CSX unequivocally chose not to challenge the reasonableness of the switch rate before the STB.

CSX and the Magistrate Judge rely on *Great Northern Ry. Co. v. Merchants' Elevator Co.*, 259 U.S. 285 (1922) for the proposition that it is a "judicial function" to determine whether a rate charged in the past is reasonable. ECF No. 555, at 7; ECF No. 555-1, Ex. A. at 16:21-24. *Great Northern*, however, says exactly the opposite. At issue in *Great Northern* was whether a court could adjudicate the meaning of a railroad tariff, or whether the power to interpret a tariff was vested solely in the Interstate Commerce Commission ("ICC"). The Court ruled that, in the circumstances of the case, the interpretation of the tariff was a question of law involving no

---

[1] The STB's jurisdiction over railroad rates does not prevent Defendants from showing that the NPBL's switch rate was set at an amount to cover its costs.

adjudication of disputed facts or use of administrative expertise, and therefore a court could reach the issue. *Great Northern*, 259 U.S. at 290. However, the Court went on to explain the boundaries of its decision. Although the ultimate legal consequence of charging an unreasonably high rate is for the court, any preliminary decision that a rate is in fact unreasonable is to be submitted in the first instance to the administrative agency:

> *Whenever a rate, rule, or practice is attacked as unreasonable or as unjustly discriminatory, there must be preliminary resort to the Commission.* Sometimes this is required because the function being exercised is in its nature administrative in contradistinction to judicial. *But ordinarily the determining factor is not the character of the function, but the character of the controverted question and the nature of the enquiry necessary for its solution.* To determine what rate, rule or practice shall be deemed reasonable for the future is a legislative or administrative function. To determine whether a shipper has in the past been wronged by the exaction of an unreasonable or discriminatory rate is a judicial function. *Preliminary resort to the Commission is required alike in the two classes of cases.*

*Id.* at 291 (emphasis added).

As stated in *Great Northern*, moreover, it is not the precise relief sought that triggers the need to resort first to the administrative agency, but rather "the character of the controverted question and the nature of the enquiry necessary for its solution." *Id.* If the claim is that a shipper has been "wronged" in the past by an unreasonable rate, it is the "judicial function" to determine whether an unreasonably high rate has inflicted that wrong, but "preliminary resort to the Commission is required" to resolve the question whether the rate is unreasonable in the first instance. *Id.*

The law enunciated in *Great Northern,* finally, is firmly embedded in current statutory law. The STB has broad and "exclusive" jurisdiction over many aspects of railroading, and the STB's remedies "are exclusive and preempt the remedies provided under Federal or State law." 49 U.S.C. § 10501(b). The STB has jurisdiction over "rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers"

3

(§ 10501(b)); new rail construction projects (§ 10901); rail line discontinuances (§ 10903); the "reasonableness" of rail carrier rates (§ 10701); "competitive access" to rail carrier facilities (§ 11102); reciprocal switching services (§ 11102); and mergers and acquisitions (§ 11321). And this exclusive jurisdiction applies when a party, as in *Great Northern*, seeks to impose liability under another body of federal or state law rather than directly regulating conduct by the railroad that is within the STB's exclusive jurisdiction. *See Funderburk v. S.C. Elec. & Gas Co.,* 406 F. Supp. 3d 527, 537-38 (D.S.C. 2019) (finding that CSX successfully argued that tort claims for negligence, trespass, strict liability, and nuisance based on alleged deficiency by railroad in maintaining drainage system were preempted under 49 U.S.C. § 10501(b) as having the effect of regulating a railroad's engineering and operations that were within the exclusive jurisdiction of the STB).

## CONCLUSION

For the foregoing reasons, this Court should reverse the Magistrate Judge's denial of NS's Motion because it is clearly erroneous and is contrary to black letter law.

NS respectfully requests that this Court, consistent with its prior ruling declining to refer this issue to the STB, issue an order prohibiting CSX from offering at trial any evidence, argument, or statement that the amount of NPBL's $210 switch rate is "prohibitively expensive," "excessive," "exorbitant," "unreasonable," or any similar adjective.

4

Dated: January 5, 2023	Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

/s/ *Alan D. Wingfield*
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: kathleen.knudsen@troutman.com

Tara L. Reinhart
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
thomas.gentry@skadden.com

*Attorneys for Norfolk Southern Railway Company*