II

113TH CONGRESS
1ST SESSION **S. 638**

To amend the Federal antitrust laws to provide expanded coverage and to eliminate exemptions from such laws that are contrary to the public interest with respect to railroads.

### IN THE SENATE OF THE UNITED STATES

MARCH 21, 2013

Ms. KLOBUCHAR (for herself, Mr. VITTER, Mr. FRANKEN, Mr. LEAHY, Ms. BALDWIN, and Mr. TESTER) introduced the following bill; which was read twice and referred to the Committee on the Judiciary

# A BILL

To amend the Federal antitrust laws to provide expanded coverage and to eliminate exemptions from such laws that are contrary to the public interest with respect to railroads.

1  *Be it enacted by the Senate and House of Representa-*
2  *tives of the United States of America in Congress assembled,*

3  **SECTION 1. SHORT TITLE.**

4  This Act may be cited as the ''Railroad Antitrust En-
5  forcement Act of 2013''.



**SEC. 2. INJUNCTIONS AGAINST RAILROAD COMMON CAR-RIERS.**

The proviso in section 16 of the Clayton Act (15 U.S.C. 26) ending with "Code." is amended to read as follows: "*Provided,* That nothing herein contained shall be construed to entitle any person, firm, corporation, or association, except the United States, to bring suit for injunctive relief against any common carrier that is not a railroad subject to the jurisdiction of the Surface Transportation Board under subtitle IV of title 49, United States Code.".

**SEC. 3. MERGERS AND ACQUISITIONS OF RAILROADS.**

The sixth undesignated paragraph of section 7 of the Clayton Act (15 U.S.C. 18) is amended to read as follows:

"Nothing contained in this section shall apply to transactions duly consummated pursuant to authority given by the Secretary of Transportation, Federal Power Commission, Surface Transportation Board (except for transactions described in section 11321 of that title), the Securities and Exchange Commission in the exercise of its jurisdiction under section 10 (of the Public Utility Holding Company Act of 1935), the United States Maritime Commission, or the Secretary of Agriculture under any statutory provision vesting such power in the Commission, Board, or Secretary.".

3

**SEC. 4. LIMITATION OF PRIMARY JURISDICTION.**

The Clayton Act is amended by adding at the end thereof the following:

''SEC. 29. In any civil action against a common carrier railroad under section 4, 4C, 15, or 16 of this Act, the district court shall not be required to defer to the primary jurisdiction of the Surface Transportation Board.''.

**SEC. 5. FEDERAL TRADE COMMISSION ENFORCEMENT.**

(a) CLAYTON ACT.—Section 11(a) of the Clayton Act (15 U.S.C. 21(a)) is amended by striking ''subject to jurisdiction'' and all that follows through the first semicolon and inserting ''subject to jurisdiction under subtitle IV of title 49, United States Code (except for agreements described in section 10706 of that title and transactions described in section 11321 of that title);''.

(b) FTC ACT.—Section 5(a)(2) of the Federal Trade Commission Act (15 U.S.C. 45(a)(2)) is amended by striking ''common carriers subject'' and inserting ''common carriers, except for railroads, subject''.

**SEC. 6. EXPANSION OF TREBLE DAMAGES TO RAIL COMMON CARRIERS.**

Section 4 of the Clayton Act (15 U.S.C. 15) is amended by—

    (1) redesignating subsections (b) and (c) as subsections (c) and (d), respectively; and

    (2) inserting after subsection (a) the following:

•S 638 IS

4

1 ''(b) Subsection (a) shall apply to a common carrier
2 by railroad subject to the jurisdiction of the Surface
3 Transportation Board under subtitle IV of title 49, United
4 States Code, without regard to whether such railroads
5 have filed rates or whether a complaint challenging a rate
6 has been filed.''.

7 **SEC. 7. TERMINATION OF EXEMPTIONS IN TITLE 49.**

8  (a) IN GENERAL.—Section 10706 of title 49, United
9 States Code, is amended—

10    (1) in subsection (a)—
11     (A) in paragraph (2)(A), by striking '', and
12     the Sherman Act (15 U.S.C. 1 et seq.),'' and all
13     that follows through ''or carrying out the agree-
14     ment'' in the third sentence;
15     (B) in paragraph (4)—
16      (i) by striking the second sentence;
17      and
18      (ii) by striking ''However, the'' in the
19      third sentence and inserting ''The''; and
20     (C) in paragraph (5)(A), by striking '', and
21     the antitrust laws set forth in paragraph (2) of
22     this subsection do not apply to parties and
23     other persons with respect to making or car-
24     rying out the agreement''; and

5

1     (2) by striking subsection (e) and inserting the
2 following:
3 ''(e) APPLICATION OF ANTITRUST LAWS.—
4     ''(1) IN GENERAL.—Nothing in this section exempts a proposed agreement described in subsection (a) from the application of the Sherman Act (15 U.S.C. 1 et seq.), the Clayton Act (15 U.S.C. 12, 14 et seq.), the Federal Trade Commission Act (15 U.S.C. 41 et seq.), section 73 or 74 of the Wilson Tariff Act (15 U.S.C. 8 and 9), or the Act of June 19, 1936 (15 U.S.C. 13, 13a, 13b, 21a).
12     ''(2) ANTITRUST ANALYSIS TO CONSIDER IMPACT.—In reviewing any such proposed agreement for the purpose of any provision of law described in paragraph (1), the Board shall take into account, among any other considerations, the impact of the proposed agreement on shippers, on consumers, and on affected communities.''.
19 (b) COMBINATIONS.—Section 11321 of title 49, United States Code, is amended—
21     (1) in subsection (a)—
22         (A) by striking ''The authority'' in the first sentence and inserting ''Except as provided in sections 4 (15 U.S.C. 15), 4C (15 U.S.C. 15c), section 15 (15 U.S.C. 25), and

6

1 section 16 (15 U.S.C. 26) of the Clayton Act
2 (15 U.S.C. 21(a)), the authority''; and
3  (B) by striking ''is exempt from the anti-
4 trust laws and from all other law,'' in the third
5 sentence and inserting ''is exempt from all
6 other law (except the antitrust laws referred to
7 in subsection (c)),''; and
8 (2) by adding at the end the following:
9 ''(c) APPLICATION OF ANTITRUST LAWS.—
10  ''(1) IN GENERAL.—Nothing in this section ex-
11 empts a transaction described in subsection (a) from
12 the application of the Sherman Act (15 U.S.C. 1 et
13 seq.), the Clayton Act (15 U.S.C. 12, 14 et seq.),
14 the Federal Trade Commission Act (15 U.S.C. 41 et
15 seq.), section 73 or 74 of the Wilson Tariff Act (15
16 U.S.C. 8–9), or the Act of June 19, 1936 (15
17 U.S.C. 13, 13a, 13b, 21a). The preceding sentence
18 shall not apply to any transaction relating to the
19 pooling of railroad cars approved by the Surface
20 Transportation Board or its predecessor agency pur-
21 suant to section 11322 of title 49, United States
22 Code.
23  ''(2) ANTITRUST ANALYSIS TO CONSIDER IM-
24 PACT.—In reviewing any such transaction for the
25 purpose of any provision of law described in para-

1 graph (1), the Board shall take into account, among
2 any other considerations, the impact of the trans-
3 action on shippers and on affected communities.''.
4 (c) CONFORMING AMENDMENTS.—
5 (1) The heading for section 10706 of title 49,
6 United States Code, is amended to read as follows:
7 ''**Rate agreements**''.
8 (2) The item relating to such section in the
9 chapter analysis at the beginning of chapter 107 of
10 such title is amended to read as follows:

''10706. Rate agreements.''.

11 **SEC. 8. EFFECTIVE DATE.**
12 (a) IN GENERAL.—Subject to the provisions of sub-
13 section (b), this Act shall take effect on the date of enact-
14 ment of this Act.
15 (b) CONDITIONS.—
16 (1) PREVIOUS CONDUCT.—A civil action under
17 section 4, 15, or 16 of the Clayton Act (15 U.S.C.
18 15, 25, 26) or complaint under section 5 of the Fed-
19 eral Trade Commission Act (15 U.S.C. 45) may not
20 be filed with respect to any conduct or activity that
21 occurred prior to the date of enactment of this Act
22 that was previously exempted from the antitrust
23 laws as defined in section 1 of the Clayton Act (15
24 U.S.C. 12) by orders of the Interstate Commerce

8

1 Commission or the Surface Transportation Board
2 issued pursuant to law.
3  (2) GRACE PERIOD.—A civil action or complaint
4 described in paragraph (1) may not be filed earlier
5 than 180 days after the date of enactment of this
6 Act with respect to any previously exempted conduct
7 or activity or previously exempted agreement that is
8 continued subsequent to the date of enactment of
9 this Act.

○