UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v.   ) | Case No. 2:18-cv-530 |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**NORFOLK SOUTHERN RAILWAY COMPANY'S JOINDER OF
NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S
MOTION TO DISMISS ALL REMAINING CLAIMS FOR RELIEF**

Defendant Norfolk Southern Railway Company ("NS"), by counsel and pursuant to Federal Rules of Civil Procedure 12(h)(3) and 12(c), and 15 U.S.C. § 26, hereby joins Defendant Norfolk and Portsmouth Belt Line Railroad Company's ("Belt Line") Motion to Dismiss Plaintiff CSX Transportation, Inc.'s ("CSX") remaining requests for injunctive relief in this case for lack of subject matter jurisdiction. NS joins the Belt Line's motion and expressly adopts the arguments made by the Belt Line therein.

As more thoroughly explained by the Belt Line's briefing, the Court has narrowed CSX's claims in this case to solely claims for injunctive relief under 15 U.S.C. § 26. *See* Summ. J. Op. & Order 82, ECF No. 559 (granting summary judgment on CSX's damages claim but allowing injunctive claim to proceed to trial). On summary judgment, the Court did "not squarely analyze" whether it had authority to grant CSX's requested injunctive relief due to the Surface Transportation Board's regulatory authority over NS and the Belt Line, leaving this decision to another day. *Id.* at 83 n.33. That time has now come.

The plain text of 15 U.S.C. § 26, under which CSX brings its only remaining claims in this case, explicitly states that federal district courts have no jurisdiction to grant "injunctive relief against any common carrier subject to the jurisdiction of the Surface Transportation Board under subtitle IV of title 49." 15 U.S.C. § 26.  It is indisputable that both NS and the Belt Line are subject to the jurisdiction of the Surface Transportation Board.  Accordingly, this Court has no power to grant injunctive relief in this case.  *See, e.g.*, *Anderson v. Obama*, No. CIV. PJM 10-17, 2010 WL 3000765, at *2-3 (D. Md. July 28, 2010) (denying motion for preliminary injunction "because the Court lacks power to grant the requested relief" due to the fact that the "relief Plaintiffs seek is … nonredressable" and "[t]he Court has no jurisdiction to issue" the requested injunction).

Accordingly, for the foregoing reasons based on Rules 12(h)(3) and 12(c), and 15 U.S.C. § 26, NS respectfully requests that this Court dismiss CSX's remaining injunctive claims in their entirety.

Dated: January 9, 2023

Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

/s/ *Alan D. Wingfield*
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP

2

222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: kathleen.knudsen@troutman.com

Tara L. Reinhart
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
thomas.gentry@skadden.com

*Attorneys for Norfolk Southern Railway Company*

3