UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

CSX TRANSPORTATION, INC.,

      Plaintiff,

v.                                             Action No. 2:18cv530

NORFOLK SOUTHERN
RAILWAY COMPANY, et al.,

      Defendants.

## O R D E R

This matter is before the Court on four motions *in limine*. On January 10, 2023, the Court held a hearing to address:

- ECF No. 337: Norfolk Southern Railway Company's ("Norfolk Southern") motion *in limine* regarding use of internal emails;

- ECF No. 349: Norfolk & Portsmouth Belt Line Railway Company's ("NPBL") motion *in limine* to exclude evidence and argument regarding the use of internal Norfolk Southern emails;

- ECF No. 465: Norfolk Southern's motion *in limine* to exclude the opinions of Professor Howard Marvel; and,

- ECF No. 473: NPBL's motion *in limine* to exclude testimony from plaintiff's expert Howard Marvel.

Benjamin Hatch, Esq., Robert McFarland, Esq., Jeanne E. Noonan, Esq., V. Kathleen Dougherty, Esq., and William C. Geddy, Esq., represented CSX Transportation, Inc. ("CSX"). Alan D. Wingfield, Esq., Michael E. Lacy, Esq., Kathleen M. Knudsen, Esq., Massie P. Cooper, Esq., and Tara L. Reinhart, Esq., represented Norfolk Southern. W. Ryan Snow, Esq., and Alexander R. McDaniel, Esq., represented NPBL. The court reporter was Jody Stewart.

For the reasons stated on the record at the hearing, the Court ruled as follows. Norfolk Southern's motion *in limine* regarding the use of internal emails, ECF No. 337, and NPBL's motion *in limine* to exclude evidence and argument regarding the use of internal emails, ECF No. 349, are **DENIED WITHOUT PREJUDICE**.

Norfolk Southern's motion *in limine* to exclude the opinions of Professor Howard Marvel, ECF No. 465, is **DENIED**.

NPBL's motion *in limine* to exclude the opinions of Professor Howard Marvel, ECF No. 473, is **GRANTED IN PART AND DENIED IN PART**. To avoid misleading or confusing the trier of fact about his analysis, the Court **GRANTS** NPBL's motion to preclude Dr. Marvel from generally characterizing NPBL's switching rate as exorbitant, strikingly or unduly high, extraordinary, or prohibitive. Dr. Marvel is limited to opining about NPBL's rate only in relation to the switching rates described in his reports. In all other respects, NPBL's motion regarding Dr. Marvel's opinions about the switch rate is **DENIED**. The Court **GRANTS** NPBL's motion to exclude Dr. Marvel's opinion on the removal of the "diamond" track or interchange. The Court **DENIES** NPBL's motion to exclude Dr. Marvel from opining regarding the 2015 conduct and drayage.

The Clerk is **DIRECTED** to forward copies of this order to all counsel of record.

_____
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
January 10, 2023