IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

        Plaintiff,

        v.                       Civil Action No. 2:18-cv-530-MSD-RJK

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

        Defendants.

_____/

## REVISED FINAL PRETRIAL ORDER

Plaintiff CSX Transportation, Inc. ("CSX") and Defendants Norfolk Southern Railway Company ("NS") and Norfolk and Portsmouth Beltline Railway Company ("NPBL" or the "Belt Line") submit the following revised Final Pretrial Order pursuant to the Court's Order (ECF No. 505), the Federal Rules of Civil Procedure, and the Local Rules of this Court. The Parties have stipulated as to various matters identified herein, and have identified the following exhibits, witnesses, factual contentions, and triable issues.

It is thus ORDERED as follows:

## I.      STIPULATION OF UNDISPUTED FACTS AND LEGAL CONTENTIONS

1.      The parties stipulate and agree that the conduct at issue in this case has an effect on interstate commerce.

2.      CSX and NS are Class 1 railroads operating in the eastern United States. CSX and NS compete for the rail transportation of international intermodal containers delivered to or from ports on the East Coast of the United States.

1

3.      NPBL is a terminal switching railroad (sometimes called a "short line") located in Hampton Roads, Virginia.  NPBL is currently owned 57% by NS and 43% by CSX.

4.      NPBL was formed in 1896 by eight railroads.  NPBL's purpose is to interchange or "switch" rail cars for other railroads.  NPBL receives cars tendered by other railroads and delivers them to locations on its rail line, or vice-versa.

5.      NPBL's business and affairs are governed by an Operating Agreement, dated July 7, 1897 (the "Operating Agreement"), as amended.  ECF No. 1-1.

6.      On March 1, 1989, the NPBL's then-existing owners—CSX, Norfolk and Western Railway Company ("NW") and Southern Railway Company ("SR")—entered into a Supplemental Agreement amending the Operating Agreement to allow CSX to appoint two directors and NW and SR to collectively appoint three directors.

## II.     EXHIBITS

1.      The Parties have segregated the documents, summaries, and other exhibits that may be offered into evidence at trial into four exhibit lists.  A joint list of agreed exhibits will be submitted to the Court at the Final Pretrial Conference as **Exhibit A**.  CSX's Exhibit List and Defendants' objections thereto are attached as **Exhibit B**.  NS's Exhibit List and CSX's objections thereto are attached as **Exhibit C**.  NPBL's Exhibit List and CSX's objections thereto are attached as **Exhibit D**.

Unless otherwise ordered, the Parties agree to deliver to the Court three copies of their respective exhibits, sequentially numbered with tabs in binders, one day before trial.

2.      The Parties have discussed their objections and will continue their efforts to narrow and resolve the objections to each other's proposed exhibits.  The Parties reserve their rights to make and pursue objections to individual exhibits based on rulings on motions.  The Parties also

2

140555378v1

agree to reserve rights to require a foundation for the admission of any exhibit and to object on hearsay grounds at trial.

3.      The Parties agree that any documents identified on the exhibit lists attached hereto that were produced from a Party's own files shall be deemed authentic unless specifically objected to on that basis by another Party. The Parties shall work together to identify any exhibits that remain subject to any specific authenticity objections. This provision shall not be deemed to resolve any hearsay objections or other aspects of foundation objections for exhibits.

4.      The Parties agree that to the extent an exhibit is excluded from one Party's exhibit list, it is excluded for all purposes and no Party may use it, even if it remains on another Party's exhibit list. The Parties agree that inclusion of an exhibit on a Party's list shall not be deemed a waiver of the Party's right to object to the exhibit, given that exhibit lists have been prepared before receiving rulings on pending summary judgment and other motions, and may be included protectively on the exhibit list.

5.      The Parties agree that documents, summaries, and other exhibits listed on the exhibit lists to which no objection has been specified at trial may be introduced into evidence by any Party; provided, however, all exhibits shall be introduced into evidence on the record at trial, either in the course of testimony about the exhibit at trial, either live or by deposition, or, if a joint exhibit, by motion on the record for admission.

6.      The exhibit lists set forth the Parties' exhibits for their respective cases-in-chief; the exhibit lists do not include potential cross-examination or impeachment exhibits that may or may not be introduced into evidence. The Parties reserve the right to offer such potential exhibits for purposes of cross-examination or impeachment.

## III.   WITNESSES

140555378v1

The Parties adopt and incorporate by reference their objections to proposed witness testimony, whether by deposition or live, to the extent that testimony is the subject of any Party's motion in limine or *Daubert* motion.

For those witnesses expected to testify by deposition, attached as **Exhibit E** are tables indicating the page and line numbers designating each witnesses' testimony, objections lodged by the Parties, and counter-designations of the testimony. [1]

### A.    CSX's Witnesses

CSX expects to call the following witnesses at trial:

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Allan, Jim | By Deposition | Addressed at Final Pretrial Conference |
| Armbrust, Steven | Live | |
| Booth, John | By Deposition | Addressed at Final Pretrial Conference |
| Capozzi, Thomas | Live | NPBL and NS: *See* NPBL MIL #3 (ECF 359) |
| Coleman, Donna | Live | |
| DiDeo, Tony | By Deposition | Addressed at Final Pretrial Conference |
| Eliasson, Fredrik | By Deposition | Addressed at Final Pretrial Conference |
| Girardot, Rob | Live | |
| Heller, Jeffrey | Live | |
| Kendall, Quintin | By Deposition | Addressed at Final Pretrial Conference |

---

[1]    The Court recognizes that the Parties' witnesses and deposition designations identified in this Revised Final Pretrial Order reflect and incorporate the Court's rulings through January 13, 2023, including on Motions in Limine, and that the Parties reserve and retain all objections to any adverse rulings, unless otherwise waived.

140555378v1

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Kenney, Maryclare | Live | |
| Luebbers, Christopher | By Deposition | Addressed at Final Pretrial Conference |
| Martinez, Robert | Live | |
| Marvel, Dr. Howard | Live | |
| McClellan, Michael | Live | |
| Moss, Cannon | Live | |
| Norfolk & Portsmouth Belt Line Railroad Company Rule 30(b)(6) Corporate Representative | Live | |
| Piacente, Dean | By Deposition | Addressed at Final Pretrial Conference |
| Strongosky, Jay | Live | |
| Vick, Catherine J. | Live | |
| Warren, Carl | By Deposition | Addressed at Final Pretrial Conference |
| Virginia International Terminals, LLC Rule 30(b)(6) Corporate Representative | Live | |
| Virginia Port Authority Rule 30(b)(6) Corporate Representative | Live | |

CSX may call the following witnesses at trial:

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Booth, Cary | By Deposition | Addressed at Final Pretrial Conference |
| Hall, Jerry | By Deposition | Addressed at Final Pretrial Conference |
| Houfek, Ryan | By Deposition | Addressed at Final Pretrial Conference |
| Hunt, Randall | By Deposition | Addressed at Final Pretrial Conference |
| Hurlbut, Thomas | By Deposition | Addressed at Final Pretrial Conference |
| Ingram, Tony | By Deposition | Addressed at Final Pretrial Conference |

5

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Joyner, Kenneth | By Deposition | Addressed at Final Pretrial Conference |
| Merilli, Philip | By Deposition | Addressed at Final Pretrial Conference |
| Norfolk Southern Rule 30(b)(6) Corporate Representative | Live | |
| Stinson, David | By Deposition | Addressed at Final Pretrial Conference |
| Wagel, Christopher | By Deposition | Addressed at Final Pretrial Conference |
| Wheeler, Michael | By Deposition | Addressed at Final Pretrial Conference |

**B.     NS's Witnesses**

NS expects to call the following witnesses at trial:

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Cannon Moss | Live | |
| Matthew Wright | Live | |
| Jeffrey Heller | Live | |
| Michael McClellan | Live | |
| Robert Martinez | Live | |

NS may call the following witnesses at trial:

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Donna Coleman | Live | |
| Thomas Crowley | Live | |
| Cary Booth | Live | |
| David Stinson | By Deposition | Addressed at Final Pretrial Conference |
| Leslie Farless | Live | |
| Jerry Hall | By Deposition | Addressed at Final Pretrial Conference |
| Randall Hunt | By Deposition | Addressed at Final Pretrial Conference |

6

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Phillip Merilli | By Deposition | Addressed at Final Pretrial Conference |
| | | |
| Thomas Hurlbut | By Deposition | Addressed at Final Pretrial Conference |
| Mark Manion | Live | |
| Michael Wheeler | By Deposition | Addressed at Final Pretrial Conference |
| Michael Burns | By Deposition | Addressed at Final Pretrial Conference |
| James Allan | By Deposition | Addressed at Final Pretrial Conference |
| John Booth | By Deposition | Addressed at Final Pretrial Conference |
| Anthony DiDeo | By Deposition | Addressed at Final Pretrial Conference |
| Frederick Eliasson | By Deposition | Addressed at Final Pretrial Conference |
| Jerry Hall | By Deposition | Addressed at Final Pretrial Conference |
| Ryan Houfek | By Deposition | Addressed at Final Pretrial Conference |
| Thomas Hurlbut | By Deposition | Addressed at Final Pretrial Conference |
| Tony Ingram | By Deposition | Addressed at Final Pretrial Conference |
| Quintin Kendall | By Deposition | Addressed at Final Pretrial Conference |
| Anthony MacDonald | By Deposition | Addressed at Final Pretrial Conference |
| Philip Merilli | By Deposition | Addressed at Final Pretrial Conference |
| Dean Piacente | By Deposition | Addressed at Final Pretrial Conference |
| | | |
| Jermaine Swafford | By Deposition | Addressed at Final Pretrial Conference |
| Chris Wagel | By Deposition | Addressed at Final Pretrial Conference |
| Carl Warren | By Deposition | Addressed at Final Pretrial Conference |
| | | |

7

C.    **NPBL's Witnesses**

NPBL expects to call the following witnesses at trial:

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Cannon Moss | Live | |
| William O'Brien | Live | |
| Thomas Crowley | Live | |

NPBL may call the following witnesses at trial:

| Name of Witness | Live/By Deposition | Objections |
|---|---|---|
| Donna Coleman | Live | |
| Adam Reeder | Live | |
| Joe Donnelly | Live | |
| Rachel Sears | Live | |
| | | |
| Matthew Wright | Live | |
| Anthony MacDonald | By Deposition | |
| Ryan Houfek | By Deposition | |
| Jay Strongosky | By Deposition | |
| Anthony DiDeo | By Deposition | |
| John Booth | By Deposition | |
| Steven Armbrust | Live | |
| Michael Burns | By Deposition | |
| Tony Ingram | By Deposition | |
| Jermaine Swafford | By Deposition | |
| Rob Girardot | Live | |
| David Stinson | By Deposition | |
| Tom Capozzi | Live | |

The Parties agree that all witnesses identified as witnesses whom they "will call" to testify "live" will in fact appear at trial, barring illness or other unforeseen circumstances beyond the witness's control. In the event that a witness so identified does not appear at trial, and that witness's deposition testimony has not been previously introduced by an opposing Party at trial, an opposing Party may offer any otherwise-admissible deposition testimony by that witness, regardless of whether the Party seeking to offer such testimony previously

8

designated it. The Parties each reserve the right to call any witness listed on another Party's witness list, and expressly reserve the right to call witnesses not listed for rebuttal or impeachment; provided, however, that while the Parties will work cooperatively, nothing herein shall be deemed to require a Party to produce a "live" witness at a time requested by another Party.

## IV.   FACTUAL CONTENTIONS

CSX's Factual Contentions are attached as **Exhibit F**. NS's Factual Contentions are attached as **Exhibit G**. NPBL's Factual Contentions are attached as **Exhibit H**. The Parties agree that these lists are not exhaustive and may be supplemented, and that the absence of a factual contention shall not constitute waiver and shall not preclude the admission of relevant evidence at trial.

## V.   TRIABLE ISSUES

### A.   CSX's Triable Issues[2]

__Count I: Conspiracy to Restrain Trade (Sherman Act Section 1) v. NS and NPBL__

1.   Whether NS and NPBL knowingly conspired to restrain trade in the relevant market by foreclosing CSX's ability to access on-dock rail at NIT.

2.   Whether NS __or__ NPBL committed an overt act in furtherance of that conspiracy.

3.   Whether Defendants' conspiracy to restrain trade harms competition in the relevant market.

4.   Whether Defendants' conspiracy injured CSX's business.

5.   Whether CSX is entitled to injunctive relief pursuant to the Clayton Act.

---

[2]      The Court recognizes that the Parties' triable issues expressed in this Revised Final Pretrial Order reflect and incorporate the Court's rulings through January 13, 2023, and that the Parties reserve and retain all objections to any adverse rulings, unless otherwise waived.

**Count II: Conspiracy to Monopolize (Sherman Act Section 2) v. NS and NPBL**

      6.     Whether NS and NPBL knowingly conspired to foreclose CSX's ability to access on-dock rail at NIT with the specific intent that NS would obtain and maintain monopoly power in the relevant market.

      7.     Whether NS <u>or</u> NPBL committed an overt act in furtherance of that conspiracy.

      8.     Whether Defendants' conspiracy to monopolize harms competition in the relevant market.

      9.     Whether Defendants' conspiracy to monopolize injured CSX's business.

      10.     Whether CSX is entitled to injunctive relief pursuant to the Sherman Act.

**Count III:  Monopolization (Sherman Act Section 2) v. NS**

      11.     Whether NS possesses monopoly power in the relevant market.

      12.     Whether NS willfully acquired or maintained its monopoly power by engaging in anticompetitive conduct.

      13.     Whether NS's monopolistic conduct harms competition in the relevant market.

      14.     Whether NS's monopolistic conduct injured CSX's business.

      15.     Whether CSX is entitled to injunctive relief because of NS's exercise of unlawful monopoly power.

**Count IV: Attempted Monopolization (Sherman Act Section 2) v. NS**

      16.     Whether NS engaged in anticompetitive conduct in the relevant market.

      17.     Whether NS had specific intent to obtain monopoly power in the relevant market.

      18.     Whether there was a dangerous probability that NS would achieve its goal of obtaining monopoly power in the relevant market.

140555378v1

19.     Whether NS's attempted monopolization injured CSX's business.

20.     Whether CSX is entitled to injunctive relief because of NS obtaining unlawful monopoly power.

**Legal Issues and Injunctive and Declaratory Relief**

21.     Whether NS is bound by, estopped, and/or subject to judicial admissions based on its representations to the STB regarding its control over and involvement with NPBL.

22.     Whether CSX is entitled to a permanent injunction, under the antitrust claims pleaded and/or the state law claims pleaded, prohibiting NS and NPBL from engaging in anticompetitive and unlawful behavior with respect to on-dock rail access at NIT.

23.     Whether CSX is entitled to a permanent injunction, under the antitrust claims pleaded and/or the state law claims pleaded, to restore CSX's rights as a co-equal shareholder of NPBL and/or to establish an independent NPBL Board structure as previously proposed by CSX.

**B.      NS's Triable Issues**

1.     Whether CSX properly defined the relevant market as on-dock rail access at NIT?

2.     Whether NS has monopoly power, or a dangerous probability of achieving monopoly power, in a properly defined relevant market?

3.     Whether NS willfully sought to achieve or maintain monopoly power through exclusionary conduct?

4.     Whether competition was harmed by NS's exclusionary conduct?

5.     Whether CSX suffered damages caused by NS's exclusionary conduct that occurred within the limitations period, and if so, what the value of those damages are?

6.     Whether NS and NPBL conspired to exclude CSX from the on-dock facilities

140555378v1

at NIT?

    7.      Whether CSX's claim for injunctive relief is barred by laches.

    8.      Whether the Belt Line's $210 line haul switching rate is justified by its reasonableness.

    9.      Whether this Court has power to grant CSX injunctive relief and, if so, whether CSX is entitled to any.

**C.   NPBL's Triable Issues** *RJK*

    1.      Under Count I, whether CSXT can prove by a preponderance of the evidence that the Belt Line and NS conspired to unreasonably restrain trade or commerce.

    2.      Under Count II, whether CSXT can prove by a preponderance of the evidence that the Belt Line and NS conspired to monopolize trade or commerce.

    3.      Whether CSXT properly defined the relevant market as on-dock rail access at NIT.

    4.      Whether the Belt Line's $210 line haul switching rate is justified by the Belt Line's costs.

    5.      Whether the Belt Line's $210 line haul switching rate is justified by its reasonableness.

    6.      Whether the Belt Line had power to grant CSXT's 2010 or 2018 rate requests.

    7.      Whether the Belt Line had power to grant CSXT's 2018 corporate governance demand.

    8.      Whether this Court has power to grant CSX injunctive relief and, if so, whether CSX is entitled to any.

140555378v1

Entered this _13th_ day of January, 2023.

Robert J. Krask
United States Magistrate Judge

13

140555378v1

WE ASK FOR THIS:

**CSX TRANSPORTATION, INC.**
*By Counsel*

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com

**NORFOLK SOUTHERN RAILWAY COMPANY**
*By Counsel*

*/s/ Alan D. Wingfield*
Alan D. Wingfield (VSB No. 27489)       Tara L. Reinhart (*admitted pro hac vice*)
Michael E. Lacy (VSB No. 48477)         Thomas R. Gentry (*admitted pro hac vice*)
TROUTMAN PEPPER HAMILTON SANDERS        SKADDEN, ARPS, SLATE, MEAGHER & FLOM
LLP                                     LLP
1001 Haxall Point                       1440 New York Ave, N.W.
Richmond, Virginia 23219                Washington, D.C. 20005
Tel. (804) 697-1200                     Tel (202) 371-7000
Fax (804) 698-6061                      tara.reinhart@skadden.com
alan.wingfield@troutman.com             thomas.gentry@skadden.com
michael.lacy@troutman.com

140555378v1

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS
LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Tel. (757) 687-7537
Fax (757) 687-1546
john.lynch@troutman.com
kathleen.knudsen@troutman.com

*Counsel for Defendant*
*Norfolk Southern Railway Company*

Monica McCarroll (VSB No. 45622)
REDGRAVE LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151
Tel. (703) 592-1155
Fax (703) 230-9859
mmccarroll@redgravellp.com

**NORFOLK AND PORTSMOUTH BELTLINE RAILWAY COMPANY**
*By Counsel*

/s/ W. Ryan Snow
James L. Chapman IV (VSB No. 21983)
W. Ryan Snow (VSB No. 47423)
Alexander R. McDaniel (VSB No. 92398)
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1923
Norfolk, Virginia 23510
Tel. (757) 623-3000
Fax (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
amcdaniel@cwm-law.com

*Counsel for Defendant Norfolk & Portsmouth Beltline Railroad Company*

169434262_5

15

140555378v1