UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-530 |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**NORFOLK SOUTHERN RAILWAY COMPANY'S REPLY
IN SUPPORT OF ITS JOINDER OF
NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S
MOTION TO DISMISS ALL REMAINING CLAIMS FOR RELIEF**

Defendant Norfolk Southern Railway Company ("NS"), by counsel and pursuant to Federal Rules of Civil Procedure 12(h)(3) and 12(c), and 15 U.S.C. § 26, hereby replies in support of its joinder of Defendant Norfolk and Portsmouth Belt Line Railroad Company's ("Belt Line") Motion to Dismiss Plaintiff CSX Transportation, Inc.'s ("CSX") remaining requests for injunctive relief in this case for lack of subject matter jurisdiction (the "Motion"). NS joins the Belt Line's Reply in support of its Motion and expressly adopts the arguments made by the Belt Line therein. NS responds additionally as follows.

**I.    A decision on the merits would help secure the just, speedy, and inexpensive determination of this action.**

Prior to this Court's summary judgment ruling, this case was dominated by CSX's damages claim. Nevertheless, the parties' and the Court's focus included evaluation of how CSX's claims interacted with, what this Court aptly characterized as, the "unique" regulatory regime governing railroading. In the wake of summary judgment, the parties and the Court have been involved in an iterative process to assess the remaining legal viability of CSX's claims for injunctive relief,

specifically in light of that "unique" regulatory regime applicable to railroads. In sum, the role of the Surface Transportation Board's ("STB") jurisdiction in defining the permissible boundaries of this case has been front and center and hotly disputed for years, and CSX cannot claim any surprise that those issues remain front and center.

NPBL's motion – and NS's joinder – is not brought for the purpose of delaying the trial. To the contrary, the pending motion is in the very interest of efficiently deciding dispositive issues in this case. CSX agrees with this. Even while CSX critiques the procedural posture of NPBL's Motion, it concedes that the Court *should* decide the issue on the merits as, in CSX's own words, it would be "a waste of judicial resources, and those of the parties, for the Court to conduct a bench trial on injunctive relief only to conclude at the end of trial that no such relief is available under the Clayton Act." ECF No. 593, at 3.

The bottom line is that all parties agree that a pretrial decision on the merits serves the fundamental purpose of the Federal Rules: to secure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Hence, this Court should take up this motion. *See Reynolds Assoc. v. Kemp*, 1992 U.S. App. LEXIS 20727, at *6 n.4 (4th Cir. Aug. 28, 1992) ("Appellants argue strenuously that the district court erred by considering the motion for judgment on the pleadings less than two weeks from the scheduled trial date. We disagree. 'The determination whether the [12(c)] motion constitutes a delay of trial is within the sound discretion of the judge. However, *if it seems clear that the motion may effectively dispose of the case, the court should permit it regardless of any possible delay its consideration may cause*.'" (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1367 at 514 (1990)) (emphasis added)).

**II.      This Court has not decided the scope of its jurisdiction under 15 U.S.C. § 26.**

CSX claims that this Court has already decided that it has the authority to afford CSX the injunctive relief it requests. This mischaracterizes the Court's prior rulings. This Court has <u>not</u> determined whether the exclusion in 15 U.S.C. § 26 for private injunctive relief against common carriers precludes CSX's remaining claims for injunctive relief.

In fact, the Court's prior opinions on the Motion to Dismiss, ECF No. 66, and the Motion to Dismiss based on STB jurisdiction, ECF No. 395, do not cite § 26 at all.  The Court only cited § 26 twice in its recent summary judgment opinion, ECF No. 559, neither of which had anything to do with construing the scope of the Court's authority under § 26. *See* ECF No. 559, at 10 n.5 & 82.  Moreover, to the extent the Court's authority to issue injunctive relief was raised in supplemental summary judgment briefing, the Court explicitly stated that it did "<u>not</u> squarely analyze Defendants' reasserted arguments that this Court lacks authority to grant certain injunctive relief in this case due to the STB's regulatory authority," reserving this question for later decision.  Summ J. Op. 83, n.33, ECF No. 559 (emphasis added).

**III.     CSX's inferences, argued from legislative history of the 1995 amendment, fail to respond to very explicit views of subsequent legislative history.**

As NPBL's reply brief argues, this Court's evaluation should begin and end with the clear statutory text, under which CSX's claims for injunctive relief necessarily fail.  However, even if the Court looks to legislative history, CSX's interpretation of the law is wrong.

CSX reviews the legislative history of the 1995 amendment, concluding there is no evidence that Congress intended a substantive change. ECF No. 593, at p. 16.   The starting point, of course, for determining Congressional intent is the statutory text itself. *See World Fuel Services Trading, DMCC v. M/V Hebei Shijiazhuang*, 12 F. Supp.3d 792, 806 (E.D. Va. 2014) ("When determining Congress's purpose in enacting—or amending—a particular statute, the 'statutory

3

text' is the 'best evidence' of what Congress 'set[] out to change, but also what it resolve[d] to leave alone.'" (*quoting W.Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 98 (1991))).

Here, the language of the statute is stark. An antitrust injunction is expressly unavailable against "any common carrier subject to the jurisdiction of the Surface Transportation Board under subtitle IV of Title 49" unless it is sought by the federal government. 15 U.S.C. § 26. The only possible reading of this language is to protect those common carriers subject to STB jurisdiction under subtitle IV of Title 49 of the U.S. Code.

Subsequent legislative history makes clear that the amendment, in fact, had that effect. In 2008, there was a failed attempt to amend 15 U.S.C. § 26 to give private parties power to sue railroads. The draft amendment package said:

> ***Private parties are similarly precluded from relying on the antitrust laws to protect themselves against or seek remedies for anticompetitive harm caused by the railroads.*** Under Section 16 of the Clayton Act, injunctive relief against a common carrier subject to the STB's jurisdiction is available only in a suit filed by the Federal Government.

*House Report: Railroad Antitrust Enforcement Act of* 2008, H. R. Rep. No. 110-860, pt 1, at 5 (2008), *available at* https://www.congress.gov/110/crpt/hrpt860/CRPT-110hrpt860.pdf (emphasis added). The bill went on to describe the effect of the proposed amendment:

> Section 16 of the Clayton Act permits private parties threatened with loss or damage by a violation of the Federal antitrust laws to sue for injunctive relief. Under current law, section 16 exempts common carriers subject to the jurisdiction of the STB from suit for injunctive relief by anyone except the United States. Section 5 of the bill removes this carve-out with respect to railroads, situating the railroad industry identically to all other industries subject to section 16 of the Clayton Act.

4

*Id.* at 12. CSX has not responded to NPBL's argument regarding this legislative history, which is on point and makes clear that the 1995 amendment had exactly the effect as argued by NPBL and NS here.[1]

In short, CSX invites this Court to do exactly what prior federal legislative sessions have unsuccessfully attempted: remove the railroad exclusion from § 26. This would be improper.

### IV. The Parties' Positions in the Fuel Surcharge Litigation Do Not Support CSX's Argument – They Defeat It.

CSX's final argument refers to the former indirect purchaser class action *In re Rail Freight Fuel Surcharge Antitrust Litigation*, to which CSX and NS were parties until the case was dismissed voluntarily in 2011. *See* No. 1:07-mc-00489 (D.D.C.). In the indirect purchaser action, NS asserted the following affirmative defense:

> **Ninth Defense**
>
> Plaintiffs' claims for injunctive relief are barred by 15 U.S.C. § 26, which provides that "nothing herein contained shall be construed to entitle any person, firm, corporation, or association, except the United States, to bring suit for injunctive relief against any common carrier subject to the jurisdiction of the Surface Transportation Board under subtitle IV of Title 49."

NS's Answer to Indirect Purchaser Plaintiffs' Consolidated Amended Complaint (ECF No. 493 at 19). That defense is seamless with NS's argument in this case: CSX's claim for injunctive relief is barred by 15 U.S.C. § 26.

---

[1] CSX nevertheless castigates NPBL for not addressing the "implications" of its argument, creating a hypothetical of a railroad engaging in demonstrably non-railroading activities (hotel) invoking 15 U.S.C. § 26 to defeat an antitrust injunction claim as to that non-railroad activity. Of course, this case does not have *anything* to do with hotels, and everything to do with railroads engaging in the railroading business. CSX's hypothetical situation, not at issue here, would be an exceedingly thin basis indeed to rewrite plain statutory text.

More importantly, CSX asserted the same defense in the indirect purchaser action case:

> 2. Plaintiffs and members of the putative class lack standing to bring these claims, including but not limited to, because Plaintiffs and members of the putative class lack standing to assert a claim for injunctive relief under 15 U.S.C. § 26.

CSX's Answer to Indirect Purchaser Plaintiffs' Consolidated Amended Complaint (ECF No. 492 at 18). The indirect purchasers voluntarily dismissed their complaint soon after defendants answered it and, therefore, the railroads' defense under 15 U.S.C. § 26 was not litigated.

Putting aside whether the instant Motion should be decided under Rule 12(h)(2) or Rule 12(c), CSX, in this case, is asking the Court to grant it injunctive relief under 15 U.S.C. § 26, while (correctly) contending that the relief is unavailable in the indirect purchaser action.

## V. The Court's Summary Judgment Order Forecloses CSX's Claims for Injunctive Relief Under State Law.

CSX asserts that it "retains its state law claims for trial." But the Court's summary judgment opinion easily disposes of this argument. As the Court held, "[f]or the reasons set forth below, the Court finds that there is no genuine dispute as to any material fact regarding CSX's state law claims and that Defendants are entitled to judgment as a matter of law with respect to those claims." Summ. J. Op. 94.

As an initial matter, the Court clearly granted summary judgment in favor of NS on CSX's breach of contract claim in its entirety. CSX chose to argue that each alleged wrongful act by NS was a "separate cause of action." Summ J. Op.88. As the Court held, CSX "cannot maintain a claim for breach of contract based on pre-October 2013 conduct." *Id.* at 99. Going on to analyze CSX's assertion that NS's actions in 2015, 2016, and 2018 constituted separate claims for breach of contract, the Court assessed those claims substantively and determined that none of them had

6

any legal merit. *Id.* at 99-102. Accordingly, the Court granted NS's motion for summary judgment as to the breach of contract claim.

Similarly, the Court granted summary judgment on CSX's state law conspiracy claims, rejecting CSX's assertion that the record contains facts from which a factfinder could conclude that Defendants entered into a new conspiracy within the limitations period. *Id.* at 96 ("The Court disagrees."). The Court specifically found that CSX failed to meet the heightened evidentiary standard to show by clear and convincing evidence that Defendants engaged in concerted action for an unlawful purpose with respect to the 2015, 2016, or 2018 conduct. *Id.* at 96-98 (granting NS's motion for summary judgment with respect to the Virginia statutory and common law conspiracy claims).

Thus, the Court dismissed CSX's state law claims in their entirety. CSX's attempt to resurrect a state law injunctive relief claim is belied by the very portion of the Court's Order that it cites. Indeed, the Court specifically noted that "it does not appear that a state law injunctive remedy claim could remain viable in this case …. *No party has even suggested, let alone argued*, that there is any state law parallel [to Section 16 of the Clayton Act] that would allow a time-barred conspiracy or contract claim to proceed in equity." Summ J. Op.103 n.46 (emphasis added). Far from assisting CSX, the Court's statement makes it clear that, to this point in the litigation, *not even CSX has argued* that injunctive relief was available to breathe life into its time-barred state law claims.

The Court's complete dismissal of the state law claims on summary judgment render CSX's citation to a lone Virginia circuit court case irrelevant. In any event, the case is inapplicable. Although the case discusses the fact that the plaintiff's claim for injunctive relief remains for adjudication, it is entirely unstated what "factual assertions set forth in the pleadings are sufficient

to allow the court to consider whether any injunctive relief would be appropriate." *Downey v. Verizon Va., LLC*, 86 Va. Cir. 526 (Cir. Ct. Greene County July 23, 2013). Given the fact that the court was considering an injunction, clearly some facts were pled to support the possibility of continued trespass. In contrast, as set forth above, the Court here has held that none of the post-2013 conduct supports CSX's claims and, therefore, they must be dismissed in their entirety.

Accordingly, CSX's assertion that these claims remain for adjudication in this case is meritless.

Dated: January 13, 2023                              Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

/s/ *Alan D. Wingfield*
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: kathleen.knudsen@troutman.com

                        Tara L. Reinhart
                        Thomas R. Gentry
                        SKADDEN, ARPS, SLATE,
                        MEAGHER & FLOM LLP
                        1440 New York Avenue, N.W.
                        Washington, DC 20005
                        Telephone: (202) 371-7000
                        tara.reinhart@skadden.com
                        thomas.gentry@skadden.com

                        *Attorneys for Norfolk Southern Railway Company*