IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

v.                                           Civil Action No. 2:18-cv-530-MSD-RJK

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.

**CSX TRANSPORTATION, INC.'S MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b) OR CERTIFICATION
UNDER 28 U.S.C. § 1292(b) AND FOR ENTRY OF A STAY PENDING APPEAL**

Plaintiff CSX Transportation, Inc. ("CSXT") submits this memorandum in support of its motion for entry of judgment under Rule 54(b) or, in the alternative, certification under 28 U.S.C. § 1292(b) and for entry of a stay pending appeal.

**INTRODUCTION**

In January 2023, this Court issued two orders that dramatically altered the scope of this litigation. The first granted Defendants summary judgment on CSXT's federal (antitrust) and state (breach of contract and conspiracy) claims for damages and converted this case from a jury trial focused largely on damages to a "bench trial on injunctive relief." ECF No. 559 at 1. The second order held that CSXT could not obtain injunctive relief under federal antitrust law. ECF No. 613 at 2. As a result, all that remains for a bench trial are CSXT's claims for injunctive relief under Virginia law for breach of contract and conspiracy.

1

Although CSXT is confident that injunctive relief is legally available under Virginia law and that it will prevail on the remaining claims, CSXT recognizes that it would be inefficient to hold a bench trial limited to state law claims for injunctive relief. If the Fourth Circuit later reinstates CSXT's damages claims, CSXT would be entitled to a jury trial on those claims. As a result, the trial would need to be re-done from scratch. Likewise, if CSXT were to secure a ruling on appeal that federal injunctive relief is available under 15 U.S.C. § 26, the Court and the parties would need to undertake substantial additional work to determine the scope of that relief on remand. Respectfully, CSXT believes it possesses strong appellate arguments on both of these legal issues. More fundamentally, it would be contrary to sound judicial administration to proceed to trial while these issues await definitive appellate resolution. Under these circumstances, CSXT asks the Court to grant it an appeal from the Court's two January 2023 orders *before* embarking on a lengthy, expensive, and potentially wasteful bench trial limited to Virginia law injunctive relief claims.

The Court can facilitate an appeal before trial in one of two ways. It can enter a final judgment on the federal claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Alternatively, it can certify its January 2023 orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Under either scenario, the Court should stay the remaining proceedings while the appeal is pending. This would avoid the need for the Court to decide uncertain questions of state law and forestall a bench trial that may become moot if CSXT's other claims are reinstated.

## BACKGROUND

On January 3, 2023, the Court granted summary judgment to Defendants on CSXT's federal and state law damages claims. *See* ECF No. 559. The Court observed that the record contained "facially strong evidence" of anticompetitive activity in 2009 and 2010, as well as

evidence that Defendants were positioned to engage in similar conduct in the future. *Id.* at 83; *see also id.* at 93 ("CSX has identified sufficient direct and circumstantial evidence of an agreement between NSR and NPBL in and around 2009 that was aimed (and may have unlawfully succeeded) at erecting barriers to CSX's ability to provide on-dock rail service at NIT."). Nonetheless, the Court held that CSXT had "fail[ed] to demonstrate that an overt act causing new and accumulating harm was committed by either Defendant during the limitations period" such that CSXT therefore could not recover federal antitrust damages. *Id.* at 80.

For similar reasons, the Court held that CSXT's damages claims under state law, for breach of contract and conspiracy, were time-barred and that summary judgment was warranted. *Id.* at 98, 103. However, the Court held that CSXT could still pursue injunctive relief to prevent future harm caused by Defendants' ongoing anticompetitive conduct. *See id.* at 88–89, 103 n.46.

Following its summary judgment ruling, the Court directed that the trial scheduled to begin on January 18, 2023 would proceed as a bench trial on injunctive relief. *Id.* at 103. On January 9, 2023, however, NPBL, joined by NS, filed a motion arguing that federal injunctive relief was in fact not available. *See* ECF Nos. 572, 574. NPBL argued that 15 U.S.C. § 26 does not allow injunctive relief for the federal antitrust claims because Defendants were "common carrier[s] subject to the jurisdiction of the Surface Transportation Board under subtitle IV of Title 49." ECF No. 572 at 1 (citing 15 U.S.C. § 26). On January 27, 2023, the Court agreed and dismissed CSXT's federal claims for injunctive relief. ECF No. 613. In that order, the Court noted that "the legal viability of any remaining state law claim seeking injunctive relief is an open question" that would require additional briefing. *Id*. at 27. The Court continued the bench trial to enable the parties to evaluate the effects of these rulings. On February 7, Defendants moved to dismiss CSXT's remaining state law injunctive relief claims. *See* ECF Nos. 614, 615, 616, 617.

# ARGUMENT

CSXT believes that its state law claims are viable and will oppose dismissal of them. But conducting a bench trial before the Fourth Circuit has an opportunity to review this Court's legal determinations about federal antitrust relief is not the best use of the Court's or the parties' resources. The better course, as explained below, is to either enter final judgment with respect to CSXT's federal claims, which have now been dismissed in their entirety, under Rule 54(b) or certify the two orders for interlocutory appeal under 28 U.S.C. § 1292(b), and then stay the case while the Fourth Circuit reviews this Court's dispositive legal determinations. *Cf.* ECF No. 613 at 1 n.1 (agreeing with CSXT's "well-reasoned observation" that it would be wasteful to proceed to trial on federal injunctive claims if the availability of such claims was uncertain).

## I. The Court Should Enter Final Judgment On The Federal Claims Under Rule 54(b).

Ordinarily, an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims" and may be revised through entry of a judgment on all claims. Fed. R. Civ. P. 54(b). But "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties" if "the court expressly determines that there is no just reason for delay." *Id*. As shown below, this Court's rulings constitute a final judgment on CSXT's federal antitrust claims, and there is no just reason for delaying Fourth Circuit review. Therefore, the Court should enter final judgment on those claims under Rule 54(b).

### A. The Court Has Reached A Final Judgment On The Federal Claims.

To enter final judgment under Rule 54(b) on some but not all claims, the Court first must determine "that it is dealing with a 'final judgment'" with respect to certain claims. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). That is so here for CSXT's federal causes of action. A "final judgment" is a "decision upon a cognizable claim for relief" that results in the "ultimate

4

disposition of an individual claim." *Id*. By holding that the statute of limitations and 15 U.S.C. § 26 preclude CSXT from obtaining either damages or injunctive relief on its antitrust claims, the Court has reached a final judgment as to those claims that is ripe for Rule 54(b) certification.

### B.     There Is No Just Reason To Delay Appeal On These Claims.

Once a court determines that it is dealing with a final judgment on one or more claims in a multiple-claims action, the court must determine whether now is an "appropriate time" for appeal. *Curtiss-Wright*, 446 U.S. at 7. The Court has significant discretion over this determination. *Id*.; *see also Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 452 (1956).

Courts frequently use Rule 54(b) to permit antitrust and other core claims to be resolved on appeal when related contract or tort claims remain for trial. *See, e.g.*, *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436–37 & n.9 (1956) (affirming court of appeals' order denying motion to dismiss appeal of order dismissing antitrust claims when related common-law claims remained pending); *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001) (holding that district court did not abuse its discretion in entering judgment on antitrust claim under Rule 54(b) and explaining that, "[e]ven for claims that arise out of the same transaction or occurrence, sound case management may warrant entry of partial final judgment"). This approach makes sense in order to "conserv[e] judicial resources" by "avoid[ing] the possibility that [the court] must conduct two separate trials concerning the same underlying facts and circumstances." *Schneider v. Hardesty*, 2010 WL 150139, *3 (W.D. Ohio Jan. 14, 2010).[1]

---

[1]     *See also Geneva Pharms. Tech. Corp. v. Barr Labs., Inc.*, 2002 WL 31159048 (S.D.N.Y. Sept. 27, 2002) (granting Rule 54(b) certification as to dismissed antitrust claims despite pendency of state-law claims); *Trugman-Nash, Inc. v. New Zealand Dairy Bd., Milk Prods. Holdings (N. Am.), Inc.*, 954 F. Supp. 733 (S.D.N.Y. 1997) (directing entry of judgment on antitrust claims under Rule 54(b) while common-law claims arising from same events remained pending); *Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*, 71 F.R.D. 341, 343 (E.D. Wash. 1976)

While Rule 54(b) determinations are necessarily "case-specific," the Fourth Circuit has instructed district courts to consider several factors, including:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335–36 (4th Cir. 1993) (citation omitted). These factors weigh strongly in favor of Rule 54(b) certification here.

First, although there is factual overlap between the state (breach of contract and conspiracy) and federal (antitrust) claims, the legal framework for evaluating those claims and the available remedies are different. As courts have recognized, when "[t]he plaintiffs would be entitled to treble damages under the antitrust laws, and thus the dismissed claims involve a greater claim for relief," entry of judgment under Rule 54(b) is appropriate because "the claim for greater relief would be pressed by the plaintiff even if the other claim were granted." *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987); *see also Cont'l Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987) (approving entry of judgment under Rule 54(b), even though ruling "eliminated none of the parties and left open potentially full recovery," because the judgment was premised on discrete legal issues and appeal would "streamline further litigation").

Second, further developments in this Court will not moot the need for appellate review of the federal claims; nor would immediate appellate review require the Fourth Circuit to address the same issues twice. *Cf. Fox v. Baltimore City Police Dep't*, 201 F.3d 526, 531 (4th Cir. 2000)

---

(entering final judgment as to federal claims, including Sherman Act claims, before conducting trial of remaining state-law claims), *aff'd*, 594 F.2d 1313 (9th Cir. 1979).

(noting that district court should be "wary of certification [under Rule 54(b)] when new facts might come to light [in further proceedings] that would provide a basis for questioning the soundness of the appellate court's prior conclusions") (citation omitted). The Court disposed of CSXT's antitrust claims on antitrust-specific legal grounds (*see* ECF No. 559 at 80; ECF No. 613 at 26), and further proceedings in this Court on the remaining state law claims will not shed light on these federal questions.

Third, as noted above, factors like streamlining the trial and conserving party resources also favor an immediate appeal. *See Cont'l Airlines*, 819 F.2d at 1525 (entry of judgment under Rule 54(b) was appropriate "given the size and complexity of this case," because the rulings "completely extinguished the liability of the tire companies as to the airplane damage claim"). In particular, an "immediate appeal of the dismissed claims would avoid the need for separate trial in the event of a reversal." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 2004 WL 2480433, at *2 (S.D.N.Y. Nov. 3, 2004), *aff'd*, 425 F.3d 158 (2d Cir. 2005).

**II.     Alternatively, The Court Should Certify Its Orders For Interlocutory Appeal Under 28 U.S.C. § 1292(b).**

Entry of a final appealable judgment under Rule 54(b) is the most straightforward and therefore preferable course; however, in the alternative to entering final judgment on CSXT's federal claims under Rule 54(b), the Court should certify its summary judgment and dismissal orders for interlocutory appeal under 28 U.S.C. § 1292(b). A district court may certify a non-final order for appellate review if the order (1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from that order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The court of appeals may then permit an appeal if application is made to it within ten days of entry of the district court's certification order. *Id*. As with Rule 54(b), whether to certify a non-final order for

7

interlocutory review "lies within the discretion of the trial court." *Cooke-Bates v. Bayer Corp.*, No. 3:10-CV-261, 2010 WL 4789838, at *2 (E.D. Va. Nov. 16, 2010) (citation omitted).

### A. The Court's Orders Involve Controlling Questions Of Law.

The Court's orders holding that CSXT cannot obtain damages or injunctive relief under federal antitrust laws involve "controlling questions of law" under 28 U.S.C. § 1292(b). A question of law is one that the court of appeals can rule on "quickly and cleanly . . . without having to delve beyond the surface of the record to determine the facts." *United States ex rel. Michaels v. Agape Sr. Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017). Because of this case's procedural posture, the Court's summary judgment decision did not resolve disputed facts. Instead, drawing all inferences in favor of CSXT, the Court determined that CSXT's antitrust claims for damages were time-barred based on the summary judgment record and its interpretation of case law including *Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997), and *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971). Similarly, the Court's federal injunction dismissal order did not rest on factual disputes. The Court dismissed CSXT's antitrust claims for injunctive relief based on its interpretation of Section 16 of the Clayton Act, 15 U.S.C. § 26. As the Court stated, the viability of those claims "turn[s] on a legal interpretation of the statute at issue, not on the facts developed during discovery." ECF No. 613 at 10.

A question of law is "controlling" if an immediate appeal "would be 'serious to the conduct of the litigation, either practically or legally.'" *Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, 2015 WL 3540473, at *4 (E.D. Va. June 3, 2015) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755–56 (3d Cir. 1974)); *see also DiFelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 908 (E.D. Va. 2005) (stating that Section 1292(b) may be used to "certify for immediate appeal interlocutory orders deemed pivotal" to the litigation). That is also the case here. As

Defendants have observed, "[t]he focus of this case for years has been the 'hundreds of millions of dollars' in damages sought by CSX" under its antitrust claims. ECF No. 573 at 3 (citing ECF No. 559 at 38). The Court has now eliminated the damages claims entirely and foreclosed a major source of injunctive relief as a matter of law. Thus, there is no question that these orders "materially affect" the remainder of the litigation. *Hengle v. Asner*, 2020 WL 855970, at \*8 (E.D. Va. Feb. 20, 2020).

### B.     There Is Substantial Ground For Difference Of Opinion.

A "substantial ground for disagreement" exists when an order "involves an issue over which reasonable judges might differ" and such "uncertainty provides a credible basis for a difference of opinion." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). This can arise from a "novel and difficult issue of first impression" or when there is a circuit split and the Fourth Circuit has not commented on the issue. *United States ex rel. A1 Procurement, LLC v. Thermcor, Inc.*, 173 F. Supp. 3d 320, 323 (E.D. Va. 2016) (quoting *Cooke-Bates v. Bayer Corp.*, 2010 WL 4789838, \*2 (E.D. Va. Nov. 16, 2010)); *see Int'l Refugee Assistance Project v. Trump*, 404 F. Supp. 3d 946, 950 (D. Md. 2019) (same). Under this standard, the Court's orders granting summary judgment on the damages claims and dismissing the federal injunctive claims both give rise to substantial grounds for disagreement.

First, as the Court observed in its summary-judgment opinion, applying the statute of limitations framework in continuing antitrust conspiracy cases like this one is an "exceedingly complex" endeavor. ECF No. 559 at 16. "Even within one 'type' of [antitrust] case," courts "often differ as to the correct approach when deciding limitations issues." *Id*. at 37–38. These issues have also split the courts of appeals. Indeed, the Court acknowledged that the Third Circuit's decision in *In re Lower Lake Erie Iron Ore Antitrust Litigation*, 998 F.2d 1144 (3d Cir. 1993),

offered CSXT a "favorable interpretation." ECF No. 559 at 23.  Moreover, the Fourth Circuit has yet to squarely decide whether, and to what extent, an overt act causing new and accumulating injury is required during the limitations period.

Second, the Court's construction of 15 U.S.C. § 26 represents a sharp break from the law prior to the Interstate Commerce Commission Termination Act of 1995 ("ICCTA") and from widespread industry assumptions in the nearly 30 years since that amendment.  Since 1995, only one federal court has addressed whether ICCTA's conforming textual amendments were intended to and did have substantive effect, reaching a conclusion in a footnote without meaningful analysis. *See Truck-Rail Handling, Inc. v. BNSF Ry. Co.*, 2005 WL 8178364, at *4 n.5 (N.D. Cal. Mar. 8, 2005), *aff'd on other grounds*, 244 F. App'x 130 (9th Cir. 2007).  Notably, in the most significant post-1995 antitrust litigation against the railroad industry, none of the common-carrier railroad defendants, including NS, argued for dismissal on the ground that 15 U.S.C. § 26 barred the injunctive relief sought by the private plaintiffs.  The district court in that case refused to dismiss the indirect purchaser plaintiffs' federal antitrust claim for injunctive relief, and neither the district court nor the appellate court expressed any concern about the viability of such claims.  *See In re Rail Freight Fuel Surcharge Antitrust Litig.*, 593 F. Supp. 2d 29, 36, 41–43 (D.D.C. 2008), *aff'd*, 602 F.3d 444 (D.C. Cir. 2010).

Particularly because there is no controlling Fourth Circuit authority on either point, there are more than sufficient grounds for a difference of opinion.  Indeed, this Court told the parties at the conclusion of the January 18, 2023 hearing that, "[f]or what it's worth," "it seems like there's . . . a lot of uncertainty about the issues and how they would perhaps be decided" on appeal. 1/18/2023 Tr. 84:17–20.

### C. Certification Would Materially Advance The Litigation.

The final requirement for Section 1292(b) certification is that an appeal materially advance the termination of the litigation. In evaluating this factor, "the Court must examine whether appellate review might avoid protracted and expensive litigation." *Hengle*, 2020 WL 855970, at *7 (quotation omitted). The material-advancement factor typically is "closely tied" to the first factor (*i.e.*, whether there is a controlling question of law). *See* 16 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3930. Accordingly, for essentially the same reason that the first factor is satisfied here, the third factor is satisfied as well.

As explained above, there is no question that CSXT's antitrust claims, particularly its requests for antitrust damages, are the most significant aspect of this litigation. *See* ECF No. 573 at 3 (citing ECF No. 559 at 38). Certification now may avoid a second and duplicative jury trial on remand. And, no matter the outcome, a decision by the Fourth Circuit will clarify the issues and stakes of the litigation so that the parties can make better informed decisions about settlement. *See Fed. Energy Reg. Comm'n v. Vitol, Inc.*, 2022 WL 583998 (E.D. Cal. Feb. 25, 2022) (explaining that Section 1292(b) certification is appropriate when immediate appeal would "materially advance the ultimate resolution of [the] litigation" by increasing the chances of resolving the litigation through settlement or "avoid[ing] trial or substantially shorten[ing] the time spent in litigation"). In other words, even if a decision in CSXT's favor on appeal does not "end the litigation," it will "dramatically alter the stakes of the litigation" in a manner likely to advance its ultimate termination. *Id*.

### III. The Court Should Stay Proceedings As An Appeal Proceeds.

Under either Rule 54(b) or Section 1292(b), an immediate appeal does not automatically stay proceedings in the district court. But a court has substantial discretion to enter a stay pending appeal as an "incident[] to the power inherent in every court to control the disposition of the causes

on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The Court should do so here while matters proceed in the Fourth Circuit—either under Rule 54(b) or, if this Court certifies its orders under Section 1292(b), assuming that the Fourth Circuit agrees to hear the appeal.

A request to stay proceedings requires the district court "to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013).  In particular, courts should consider "(1) judicial economy, (2) hardship and equity to the moving party if the action is not stayed, and (3) potential prejudice to the non-moving party." *Brown v. Energy Servs. Grp. Int'l, Inc.*, 2022 WL 2161034, at *4 (E.D. Va. June 14, 2022).  Here, judicial economy favors a stay because there is no benefit to conducting a bench trial on a small subset of the claims while an appeal of the core federal issues is pending.  A stay is also appropriate because CSXT would be prejudiced by having to litigate its claims twice, once while an appeal is pending and a second time on remand if it prevails in the Fourth Circuit.  Finally, NS and NPBL will not suffer any hardship from a stay.  While the stay is in place, neither Defendant will face any liability, injunctive or otherwise.  Finally, a stay would conserve the Defendants' resources as well, in the event that CSXT's federal claims are reinstated in whole or in part.

## CONCLUSION

The Court should enter final judgment on the federal antitrust claims under Rule 54(b), as the most straightforward and efficient means to advance the proceedings at this juncture.  Alternatively, the Court should certify its January 3, 2023, and January 27, 2023, orders for interlocutory appeal under 28 U.S.C. § 1292(b).  Under either scenario, the Court should also stay

this case until the Fourth Circuit decides whether CSXT is entitled to pursue some or all of its federal antitrust claims.

Dated: February 8, 2023             Respectfully submitted,

                                                  **CSX TRANSPORTATION, INC.**
*By Counsel*

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
W. Cole Geddy (VSB No. 93511)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com
E-mail: cgeddy@mcguirewoods.com

**CERTIFICATE OF SERVICE**

I certify that on this 8th day of February, 2023, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

**CSX TRANSPORTATION, INC.**
*By Counsel*

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Telephone: (757) 640-3716
Facsimile: (757) 640-3930
E-mail: rmcfarland@mcguirewoods.com
E-mail: bhatch@mcguirewoods.com
E-mail: vkdougherty@mcguirewoods.com
E-mail: jnoonan@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
Ashley P. Peterson (VSB No. 87904)
W. Cole Geddy (VSB No. 93511)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Telephone: (804) 775-1000
Facsimile: (804) 698-2026
E-mail: bjustus@mcguirewoods.com
E-mail: apeterson@mcguirewoods.com
E-mail: cgeddy@mcguirewoods.com