UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-530 |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S
MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b) OR CERTIFICATION
UNDER 28 U.S.C. § 1292(b) AND FOR ENTRY OF A STAY PENDING APPEAL**

Defendants Norfolk Southern Railway Company ("NS") and Norfolk and Portsmouth Belt Line Railroad Company ("NPBL" or "Belt Line," and jointly with NS, "Defendants"), by counsel, submit this joint opposition to the Motion for Entry of Judgment Under Rule 54(b) or Certification Under 28 U.S.C. § 1292(b) and for Entry of a Stay Pending Appeal (the "Motion") filed by Plaintiff CSX Transportation, Inc. ("CSX"). For the reasons below, CSX's Motion should be denied.

**I.     INTRODUCTION**

CSX's motion makes no sense practically or legally. Defendants' pending Motions to Dismiss will be ripe for decision by February 27, 2023, setting the stage for a final judgment on all issues and clearing the way for an appeal on the entirety of the case. Given this procedural reality, and the factual overlap between the federal and state law claims at issue, the legal elements for entry of a partial judgment under Rule 54(b) of the Federal Rules of Civil Procedure, or certifying an interlocutory appeal under 28 U.S.C. § 1292(b), are wholly absent. The strong policy

in the Fourth Circuit is to avoid piecemeal appeals, and there is no reason to ignore that policy here. The Court should deny CSX's motion.

## II. PROCEDURAL HISTORY

Over more than four years of litigation, CSX's claims have been steadily whittled down to virtually nothing.

To begin, in its September 9, 2019 Opinion and Order, the Court dismissed CSX's claim for tortious interference (ECF No. 66) and CSX did not amend. In its January 3, 2023 Order and Opinion, the Court dismissed CSX's claim for damages under federal antitrust law. *See* Summ. J. Op., ECF No. 559. The Court also dismissed CSX's state-law conspiracy claims based on pre-2013 conduct as time-barred, *id.* at 98, and CSX's state-law conspiracy claims based on post-2013 conduct because they "fail[ed] based on the record evidence." *Id.* at 97-98.

As to CSX's state-law breach of contract claims, the Court found that NS was entitled to summary judgment "as a matter of law with respect to the breach of contract claims because the underlying allegations are time-barred and/or are unsupported by record evidence as a matter of law." *Id.* at 103. Specifically, all claims based on the alleged pre-2013 conduct were time-barred, *id*. at 99; claims based on the alleged 2015 conduct "fail[ed] as a matter of law because CSX's discovery responses did not advance a damages theory based on this harm, which is ancillary to CSX's sole damages theory," *id*. at 102; claims based on alleged 2016 conduct "cannot support CSX's contract claim because CSX fails to allege a breach or resulting damages," *id*. at 101; and claims based on alleged 2018 conduct failed because a factfinder "could not conclude that NSR violated any legally enforceable obligation owed to CSX." *Id*. at 100. In short, the Court held that CSX's breach of contract claim failed regardless of whether the alleged wrongdoing occurred pre- or post-2013. *Id.* at 99 (emphasis added).

In its January 27, 2023 Opinion and Order, the Court dismissed CSX's claims under 15 U.S.C. § 26 seeking injunctive relief for alleged antitrust violations. *See* Injunction Op., ECF No. 613. The Court applied "traditional principles of statutory interpretation," *id.* at 14, to find that:

> The [plain reading of the] statute provides a <u>private cause of action</u> to seek injunctive relief for a federal antitrust violation <u>except</u> when the defendant is a <u>common carrier subject to the STB's jurisdiction</u>. Here, there is no question that CSX is a private party that does not represent the United States. Neither can there be any question that NSR and NPBL are common carriers subject to the STB's jurisdiction. Accordingly, under the plain language of the statute, this Court cannot award CSX the federal antitrust injunctive remedy that it seeks.

*Id.* at 17 (emphasis in original). Because "[a] plain reading of this text leaves scant room for interpretation," the Court granted the motion to dismiss CSX's federal antitrust injunctive relief claims. *Id.* at 27.

At the January 18, 2023 hearing, the Court questioned whether anything is left in this case, including whether any "state law injunctive relief claims" remain or were "viable." *See* Jan. 18, 2023 Tr. 32:4-11. In response to the Court's question, Defendants each filed a Motion to Dismiss any remaining claims, explaining that no state law claims remained or were viable in this case based on the Court's rulings. *See* NS Mot. to Dismiss, ECF No. 614; Belt Line Mot. to Dismiss, ECF No. 616. These motions are expected to be ripe for decision by February 27, 2023, after completion of briefing in accordance with the local rule as agreed by the parties.

In the interim, CSX moved for entry of judgment on fewer than all claims under Rule 54(b) or, in the alternative, certification under 28 U.S.C. § 1292(b), and for a stay pending appeal (the "Motion"). ECF No. 623, 624. For the reasons below, CSX's Motion should be denied.

### III.    ARGUMENT

There is a "strong federal policy against piecemeal appeals." *Cook, Heyward, Lee, Hopper, & Feehan, P.C. v. Trump Virginia Acquisitions, LLC*, No. 3:12CV131-HEH, 2012 WL 13027000,

at *3 (E.D. Va. Aug. 24, 2012). CSX shows no good reason to disregard this strong policy. A ruling in favor of Defendants on their Motions to Dismiss will enable entry of a final judgment on all claims, setting the stage for a single appeal. CSX's request for an immediate appeal of fewer than all issues would result in only inefficiencies and is devoid of merit under applicable law.

A. **The Court should deny CSX's Motion for entry of judgment under Rule 54 because there is no reason for a piecemeal appeal.**

CSX asks the Court to enter final judgment on its federal claims[1] under Rule 54(b). *See* ECF No. 624, at 4. It argues that "this Court's rulings constitute a final judgment on CSXT's federal antitrust claims, and there is no just reason for delaying Fourth Circuit review." *Id.* CSX's Motion should be denied.

1. CSX is not entitled to piecemeal final judgment under Rule 54(b).

Under Rule 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Despite the broad language of the rule, "Rule 54(b) certification is recognized as the exception rather than the norm. It should neither be granted routinely, …, nor as an accommodation to counsel." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). "Indeed, it is settled that certification of a judgment as to a claim or party in a multi-claim or multi-party suit is disfavored in the Fourth Circuit." *Bell Microproducts, Inc. v. Glob.-Insync, Inc.*, 20 F. Supp. 2d 938, 942 (E.D. Va. 1998). "'Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the

---

[1] CSX does not request entry of final judgment under Rule 54(b) to appeal the Court's decisions dismissing its state law claims. *See* ECF No. 624, at 4 ("The Court Should Enter Final Judgment On The Federal Claims Under Rule 54(b).") (emphasis added).

4

litigants for an early and separate judgment as to some claims or parties.'" *Braswell Shipyards*, 2 F.3d at 1335 (quoting *Morrison–Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

To enter judgment under Rule 54(b), the Court must conduct a two-step inquiry. "First, the district court must determine whether the judgment is final." *Id*. "[A] judgment must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (citation omitted). "Second, the district court must determine whether there is no just reason for the delay in the entry of judgment." *Id.* (citation omitted). To determine whether there is no just reason for delay in the entry of judgment, courts within the Fourth Circuit evaluate at least five factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency consideration, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 1335–36.

Courts rigorously evaluate these factors, recognizing that the inquiry is "tilted from the start against fragmentation of appeals." *Id*. at 1335. For example, in evaluating the relationship between the adjudicated and unadjudicated claims, courts find that a "dissimilar nature of the unresolved issues in a case is not sufficient, by itself, to warrant certification. Indeed, if that factor alone were enough, a slew of multi-claim cases would qualify, and fragmented appeals would become the norm rather than the exception." *Cook*, 2012 WL 13027000, at *2; *see also Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) ("It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was

such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.").

    2.    <u>There is no compelling reason for entry of final judgment on fewer than all claims under Rule 54(b).</u>

Contrary to CSX's claims, there is no reason for entry of final judgment on fewer than all claims under Rule 54(b). Unlike multi-defendant, multi-claim cases in which entry of judgment on fewer than all claims nevertheless resolves all claims as to a single defendant, in this case, if CSX's Motion were granted, all parties would remain opponents in the case below. The Fourth Circuit has stated that "the fact the parties on appeal remain contestants below militates against the use of Rule 54(b)." *Braswell Shipyards*, 2 F.3d at 1336–37 (quoting *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 44 (1st Cir. 1988) ("It will be a ***rare case*** where Rule 54(b) can appropriately be applied when the contestants on appeal remain contestants below.")) (emphasis added).

The factual interrelationship between the federal law and state law claims also weighs in favor of a single, final judgment on all claims. *Id.* at 1338–39 (finding that the district court abused its discretion entering final judgment under Rule 54(b) "when a party pursues state common law claims … and [federal statutory] claims" because there "is a compelling reason to require the district court … to retain jurisdiction" until all claims are resolved).

This is true despite CSX's pronouncement that efficiency somehow demands entry of a separate final judgment on the federal antitrust claims prior to the Court's ruling on Defendants' pending Motions to Dismiss. "In determining whether to certify a judgment as final and suitable for immediate appeal, a district court must take into account two broad sets of considerations—the parties' interest in swift resolution of their disputes, and the 'juridical concerns' of preserving judicial resources and guarding against the unnecessary resolution of issues." *Fox v. Baltimore City Police Dep't*, 201 F.3d 526, 531 (4th Cir. 2000).

6

Here, Defendants' Motions to Dismiss will be ripe for review by February 27, 2023. If the Court grants these motions, as precedent supports, this case will be fully and finally resolved, and no decision on CSX's Motion is necessary. If the Court denies them, or grants them in part, the Court can revisit CSX's Motion at that time, depending on the posture of the case. Either way, judicial efficiency weighs in favor of deciding the Motions to Dismiss first instead of further delaying this litigation by a piecemeal appeal to the Fourth Circuit. In summary, "the interests of judicial economy weigh against certification." *Cook*, 2012 WL 13027000, at *3.

**B.** **The Court should deny CSX's Motion for interlocutory appeal because there is no substantial ground for difference of opinion and immediate appeal would not materially advance the ultimate termination of this litigation.**

CSX seeks, in the alternative, that the Court certify its summary judgment and antitrust injunction dismissal orders for interlocutory appeal under 28 U.S.C. § 1292(b). CSX Mot. Entry J. 7, ECF No. 624. This request should likewise be rejected.

The Fourth Circuit "ha[s] cautioned that '§ 1292(b) should be used sparingly and thus its requirements must be strictly construed.'" *Walmart Real Est. Bus. v. Quarterfield Partners LLC*, No. 20-1927, 2022 WL 16859737, at *1 (4th Cir. Nov. 10, 2022) (citation omitted). Under 28 U.S.C. § 1292(b), "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the court may certify the order for appeal. *Id.* These requirements "are important because an interlocutory appeal under § 1292(b) is an exception to the general rule that appeals are to be had only after final judgment." *Williams v. Big Picture Loans, LLC*, No. 3:17CV461, 2021 WL 2004788, at *3 (E.D. Va. May 19, 2021) (denying motion for interlocutory appeal).

7

Once an application for appeal has been filed, the Fourth Circuit may exercise its discretion to hear the appeal. 28 U.S.C. § 1292(b). But an application for appeal does not stay the instant case without the Court or the Fourth Circuit specifically entering an order to that effect. *Id.*

> 1. <u>The Court's orders do not involve controlling questions of law to which there is substantial ground for difference of opinion.</u>
>
>    a) *There is no substantial ground for difference of opinion on the Court's summary judgment ruling based on the statute of limitations.*

"[F]or an interlocutory appeal to lie, it matters not whether the lower court simply got the law wrong (at least in the opinion of the appealing party); such a mistake could presumably be corrected on appeal after the lower court issues its final ruling. What matters is whether courts themselves disagree as to what the law is." *KPMG Peat Marwick, L.L.P. v. Est. of Nelco, Ltd., Inc.*, 250 B.R. 74, 83 (E.D. Va. 2000).

Contrary to CSX's argument that the law is in doubt, CSX Mot. Entry J. 9, ECF No. 624, this Court correctly described the application of the statute of limitations as "***well-established***" and held that "in the continuing violation context … acts committed during the limitations period will constitute 'overt acts' that restart the limitations period only if they are new acts that 'inflict new and accumulating injury on the plaintiff.'" Summ. J. Op. 38-39 (citations omitted; emphasis added) (collecting cases). The law here is not disputed, or is even disputable, as it is grounded in U.S. Supreme Court and Fourth Circuit decisions. *Id.* at 16-19 (discussing *Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997), *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971), and *GO Computer, Inc. v. Microsoft Corp.* 508 F.3d 170 (4th Cir. 2007)).

Nor is the concept novel. As this Court noted, "[c]ourts have elucidated this same concept — that a new overt act is only actionable to the extent it causes new and accumulating harm beyond the damages flowing from the inertial consequences of time-barred conduct — in a number of ways in the antitrust context" and that "[t]his concept is consistent with case law and

8

commentary…." *Id.* at 40-41. In fact, the Court spent multiple pages in its opinion extensively citing legal precedent from both the U. S. Supreme Court and numerous federal circuits. *See id.* at 38-44 (citing numerous different circuit courts to support the Court's legal conclusions). In sum, CSX has not identified any legitimate doubt about the controlling principles of law. *See generally* ECF No. 624.

CSX's claim that there is disagreement among the courts as to *how* to apply the law here is similarly misplaced. CSX primarily relies on a Third Circuit decision that predated *Klehr* and describes the holding of that case in a way that is contradicted by a later Third Circuit decision, all as discussed by this Court in its summary judgment ruling. Summ. J. Op. 25. Said differently, CSX's primary authority is obsolete. Finally, a recent and rigorous application of precedent to a similar fact pattern in *Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*, 221 F. Supp. 3d 1033 (N.D. Ill. 2016), confirms the post-*Klehr* law and how it should be applied.

The Court's decision on summary judgment is well reasoned and extensively supported by well-established case law. It is not susceptible to a difference of opinion sufficient to justify an interlocutory appeal.

> b) *There is no substantial ground for difference of opinion on the Court's dismissal of CSX's antitrust claims under 15 U.S.C. § 26 because the statute is clear.*

CSX next argues that "the Court's construction of 15 U.S.C. § 26 represents a sharp break from the law prior to the Interstate Commerce Commission Termination Act of 1995 ("ICCTA") and from widespread industry assumptions in the nearly 30 years since that amendment." CSX Mot. Entry J. 10, ECF No. 624. Going further, CSX argues that because NS did not pursue, in an unrelated case, the argument that injunctive relief was unavailable under § 26, it could not pursue a plain text argument in the instant case. *Id.* CSX's argument demonstrates its weakness.

9

First, CSX's argument that there is substantial ground for differences of opinion because different versions of the statute are interpreted differently is a red herring. There could only be substantial ground for difference of opinion under CSX's argument *if the statute was not clear* – because *only then* could the Court look beyond the statutory text to consider how others have interpreted the statute. *See* Injunction Op. 15-16 ("Reliance on legislative history as an interpretive tool is only appropriate where the statutory language, along with 'all the textual and structural clues,' … render the statute ambiguous as written….") (citation omitted). Here, the Court repeatedly (and correctly) found that "[t]he statutory language in 15 U.S.C. Section 26 is clear," "the statutory text is clear," and "15 U.S.C. Section 26 is unambiguous." *See* Jan. 18, 2023 Hrg. Tr. 31:8-18; *see also* Injunction Op. 17 ("A plain reading of this text leaves scant room for interpretation."). "Accordingly, under the plain language of the statute," the Court could not award CSX the antitrust injunctive relief it sought. *See* Injunction Op. 17.

CSX's second argument (that NS somehow waived the argument that injunctive relief was unavailable under § 26 by failing to litigate this defense in the unrelated case *In re Rail Freight Fuel Surcharge Antitrust Litigation*, No. 1:07-mc-00489 (D.D.C.)) fails both factually and legally. As a threshold matter, NS *did* raise this defense in the Fuel Surcharge Litigation. In the indirect purchaser action, NS asserted as its Ninth affirmative defense that "Plaintiffs' claims for injunctive relief [were] barred by 15 U.S.C. § 26" based on the language of the statute. *See* NS's Ans. to Indirect Purchaser Pls.' Cons. Am. Compl. (ECF No. 493, at 19). The fact that this defense was not ultimately *litigated* in the *Fuel Surcharge* case because the matter was voluntarily dismissed did not somehow prejudice NS from litigating this defense in the instant case. *See Coons v. Indus. Knife Co.*, 620 F.3d 38, 41 (1st Cir. 2010) ("[A] party does not waive a properly pleaded defense by failing to raise it by motion before trial."). Moreover, even if NS had not raised this defense in

the *Fuel Surcharge* matter, this would be irrelevant – NS's strategic decisions as to how to argue its defenses in an *unrelated* case have no bearing on its ability to raise defenses in this case.

In short, there is no substantial ground for difference of opinion on the Court's dismissal of CSX's antitrust injunction claims under 15 U.S.C. § 26, which precludes certification of this issue for interlocutory appeal. *United States ex rel. A1 Procurement, LLC v. Thermcor, Inc.*, 173 F. Supp. 3d 320, 323 (E.D. Va. 2016) ("[T]he mere fact that an issue is one of first impression … is not enough to meet this prong [substantial ground for disagreement]."); *Hampton Univ. v. Accreditation Council for Pharmacy Educ.*, No. 4:20-CV-00118 (RCY), 2022 WL 6167354, at *4 (E.D. Va. Oct. 7, 2022) ("The fact that the question is novel and unaddressed by the Fourth Circuit alone is not enough to create a substantial ground for differences of opinion sufficient to grant certification of an interlocutory appeal.").

    2.    <u>Immediate appeal of the Court's orders would not materially advance the ultimate termination of this litigation.</u>

Finally, immediate appeal of the Court's orders would not materially advance the ultimate resolution of this case. As explained above, based on Defendants' pending Motions to Dismiss, this case is likely to be resolved in its totality in the near future. Based on the imminent resolution of this case, CSX cannot demonstrate an immediate need for an interlocutory appeal that would materially advance the conclusion of this matter. In fact, CSX's proposal that the case (presumably including the Court's consideration of the pending Motions to Dismiss) be stayed while an interlocutory appeal is taken would have the *opposite* effect – it would delay complete resolution of the case, further prolonging resolution of this matter in the district court. *See Glennon v. Anheuser-Busch, LLC*, No. 4:21CV141, 2022 WL 18584800, at *3 (E.D. Va. Nov. 3, 2022) (rejecting request for interlocutory appeal when it "would delay rather than materially advance the ultimate termination of litigation").

More than four years since this litigation began, it is time for it to end. It should not be delayed again via an interlocutory appeal. *See* Fed. R. Civ. P. 1 (requiring rules to be construed to effectuate "the just, speedy, and inexpensive determination of every action and proceeding").

**C.  In the unlikely event that the Court denies Defendants' pending Motions to Dismiss, the Court can then evaluate whether entry of judgment under Rule 54(b) and a stay of any remaining parts of the case is warranted under the circumstances.**

If the Court were to deny Defendants' Motions to Dismiss (which it should not do), <u>only then</u> should the Court consider entering final judgment under Rule 54(b) on its prior decisions so that the parties and Court do not risk the potential of two trials. Depending on the circumstances that would prevail after a denial of the Motions, it may be that Defendants and the Court would agree that efficiencies favor CSX's appeal of the Court's prior decisions, and the circumstances would meet the test for entry of a judgment under Rule 54(b). The impact of a decision by the Court denying the Motions to Dismiss, including as to what specific factual or legal issues might remain to be resolved and the procedural options for addressing them, whether by entering judgment under Rule 54(b) or otherwise, could be a profitable object for further briefing in the concrete circumstances then prevailing.

## IV.  CONCLUSION

For the above reasons, Defendants request that this Court deny CSX's Motion, grant Defendants' Motions to Dismiss, enter final judgment in favor of Defendants on all claims, and grant all other appropriate relief.

Dated: February 22, 2023

Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

/s/ *Alan D. Wingfield*
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: kathleen.knudsen@troutman.com

Tara L. Reinhart
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
thomas.gentry@skadden.com

*Attorneys for Norfolk Southern Railway Company*

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY**

*/s/ W. Ryan Snow*
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Alexander R. McDaniel, VSB No. 92398
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
amcdaniel@cwm-law.com

*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*