UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
*individually and on behalf
of Norfolk & Portsmouth Belt
Line Railroad Company,*

    Plaintiff,
v.               Civil No. 2:18cv530

**NORFOLK SOUTHERN RAILWAY COMPANY,
NORFOLK & PORTSMOUTH BELT LINE RAILWAY
COMPANY,**

    **Defendants.**

### ORDER

  This matter is before the Court on several objections to evidentiary rulings made by the Magistrate Judge assigned to this case. Though the Court has dismissed some of the claims to which these matters are relevant, as the Court will by separate Order today resolve all remaining claims, it seems prudent to resolve all outstanding objections to Magistrate Judge rulings so that a complete record exists for appeal in light of the fact that CSX Transportation, Inc., ("CSX") has indicated its intent to appeal the Court's prior rulings. As explained below, the objections are **OVERRULED**.

1.

  The objection advanced by Norfolk Southern Railway Company ("NSR") in ECF No. 545 seeks a blanket exclusion precluding CSX from offering any evidence or argument at trial that would

categorize the "switch rate" charged by Norfolk & Portsmouth Belt Line Railway Company ("NPBL") as "unreasonable" or "excessive" (or any similar adjective). This objection is **OVERRULED** as NSR fails to carry its burden to demonstrate that the Magistrate Judge's ruling on this issue was clearly erroneous or contrary to law. As explained by the Magistrate Judge, NSR fails to demonstrate that, if this case proceeded to trial, CSX should be precluded from arguing that Defendants <u>artificially inflated</u> the NPBL switch rate for the purpose of harming CSX. Though use of the word "reasonable" as a legal term of art may be improper at a jury trial due to the Surface Transportation Board's exclusive jurisdiction over the "reasonableness" of switch rates, CSX's theory that Defendants conspired to artificially increase the NPBL switch rate is permissible.[1] Furthermore, as the Magistrate Judge <u>expressly explained</u>: (1) although the motion seeking blanket exclusion was denied, the "admissibility of testimony and any individual items of evidence relating to the switch rate remains to be addressed at trial," ECF No. 521, at 2;[2] and (2) Defendants have the right to

---

[1] CSX's theory of the case is not predicated on the calculation of a "reasonable" switch rate; rather, CSX contends that it lost customers due to an antitrust conspiracy that involved Defendants conspiring to raise the switch rate to a level designed to harm CSX's business.

[2] The Magistrate Judge has already established at least one limit on this issue by granting a NPBL motion in limine to the extent NPBL sought to prevent CSX's expert from generally <u>opining on</u> whether the NPBL switch rate was "exorbitant, strikingly or unduly high, extraordinary, or prohibitive," instead permitting the use of such adjectives only when making a direct comparison to switch rates charged by other railways. ECF No. 580, at 2; ECF No. 581, at 32-33.

2

seek an appropriate limiting instruction should a jury trial be conducted in this case, id.

### 2.

The objection advanced by NSR in ECF No. 546 regarding evidence involving the "Diamond Track" is **OVERRULED** for the reasons argued by CSX in ECF No. 556. In short, NSR fails to carry its burden to demonstrate that the Magistrate Judge's <u>without prejudice</u> denial of the motion in limine was clearly erroneous or contrary to law, in light of both the posture of the case at the time the motion was decided and the fact that CSX does <u>not</u> seek to introduce this evidence to collaterally challenge a prior administrative ruling.

### 3.

The objections advanced by NSR and NPBL in ECF Nos. 606 and 610 challenging the denial of Defendants' motions seeking to exclude the entirety of CSX expert Professor Howard Marvel's opinion testimony are **OVERRULED** for the reasons argued in greater detail by CSX in ECF No. 620. Defendants fail to carry their burden to demonstrate that the Magistrate Judge's detailed oral ruling was clearly erroneous or contrary to law. The Magistrate Judge properly resolved the motions in the context of the case remaining at the time (a bench trial on injunctive relief) and the existence of disputed facts relevant to ocean carriers' ability to dictate the containership terminal they will patronize.

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ _____
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 19, 2023

4