IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CSX TRANSPORTATION, INC.,**

      **Plaintiff,**

v.                                                           Civil Action No. 2:18-cv-530-MSD-RJK

**NORFOLK SOUTHERN RAILWAY COMPANY,** *et al.***,**

      **Defendants.**

### DECLARATION OF W. RYAN SNOW IN SUPPORT OF NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S <u>BILL OF COSTS</u>

I, W. Ryan Snow, hereby declare as follows:

1. I am an attorney with the law firm of Crenshaw, Ware & Martin, P.L.C. I am also counsel of record for Norfolk and Portsmouth Belt Line Railroad Company (the "Belt Line") in this litigation. I submit this declaration in support of the Belt Line's Bill of Costs pursuant to Fed. R. Civ. P. 54(d)(1), Local Rule 54(d)(1), and 28 U.S.C. § 1920. I have personal knowledge of the facts stated herein and, if called as a witness, would testify thereto.

2. Federal Rule 54(d)(1) states that, following adjudication, costs should be allowed to the prevailing party. A "prevailing party" is the party in whose favor a judgment is rendered. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). Rule 54(d)(1) creates a presumption that the prevailing party will be awarded costs as a matter of course. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).

3. On April 26, 2023, this Court entered judgment (ECF 644), *nunc pro tunc* April 19, 2023, in favor of Defendants and against Plaintiff. The Belt Line is therefore a prevailing party in this case.

4. The costs that the Belt Line incurred to which it is entitled under Rule 54(d)(1) and 28 U.S.C. § 1920 are summarized as follows:

| Exhibit A | Fees for printed or electronically recorded transcripts (28 U.S.C. § 1920(2)) | $57,609.46 |
|---|---|---|
| Exhibit B | Fees and disbursements for printing (28 U.S.C. § 1920(3)) | $10,015.09 |
| | TOTAL | $67,624.55 |

5. These categories of costs are discussed individually below. Itemizations are attached as Exhibits A and B with supporting invoices.

6. The Belt Line incurred $57,609.46 related to printed and electronic transcript costs. 28 U.S.C. § 1920(2) permits taxation of the fees for printed or electronically recorded transcripts necessarily obtained for use in the case. All deposition transcripts and electronic video recordings were necessarily obtained for use in this case. Attached at Exhibit A are true and correct copies of invoices supporting the Belt Line's taxable costs under 28 U.S.C. § 1920(2).

7. The Belt Line incurred $10,015.09 related to printing costs. 28 U.S.C. § 1920(3) permits taxation of fees for printing. The Belt Line necessarily incurred such costs to print and produce binders of deposition designations and trial exhibits as required by the Court. Attached at Exhibit B are true and correct copies of the invoices paid by the Belt Line for printing.

8. Counsel for the Belt Line has tried to the best of its ability to litigate this case as efficiently and expeditiously as possible, and the costs for which the Belt Line now seeks reimbursement were reasonable and necessary.

9. The total costs claimed by the Belt Line under Fed. R. Civ. P. 54(d)(1), Local Rule 54(D)(1), and 28 U.S.C. § 1920 are $67,624.55.

I declare under penalty of perjury that the foregoing is true and correct and that the above costs are accurate to the best of my knowledge and belief.

Executed this 3rd day of May, 2023, in Norfolk, Virginia.

_____
W. Ryan Snow