IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CSX TRANSPORTATION, INC.,**

      **Plaintiff,**

v.                                           Civil Action No. 2:18-cv-530-MSD-RJK

**NORFOLK SOUTHERN RAILWAY
COMPANY,** *et al.*,

      **Defendants.**

## NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S BRIEF IN SUPPORT OF ITS MOTION FOR COSTS OF SUIT AND ATTORNEYS' FEES

Defendant Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), by counsel, pursuant to Federal Rule of Civil Procedure 54(d)(2) and Va. Code § 18.2-500(B), states as follows in support of its Motion for Costs of Suit and Attorneys' Fees.

## Introduction

On October 4, 2018, CSX Transportation, Inc. ("CSX") filed its Complaint against the Belt Line and Norfolk Southern Railway Company ("NS") seeking damages and injunctive relief. After this Court granted in part and denied in part the Belt Line's Motion to Dismiss, four counts remained against the Belt Line: two federal antitrust conspiracy counts (Counts I and II), a Virginia statutory conspiracy count (Count VIII), and a Virginia common law conspiracy count (Count IX). In the Belt Line's Answer at the outset of the case, the Belt Line sought, among other things, an award of "its costs and fees" associated with its defense. *See* ECF 70 at 14.

All counts against the Belt Line revolved around the same allegations of conspiratorial conduct. Whereas this Court found that 15 U.S.C. § 26 prohibited CSX's requested injunctive

relief under federal law (ECF 613), for the state law claims, the Belt Line had to overcome CSX's entire underlying conspiracy theory in order to defeat the requested injunctive relief.

In an Opinion and Order issued January 3, 2023, the Court dismissed CSX's state law claims against the Belt Line on summary judgment. *See* ECF 559. In an Opinion and Order issued April 19, 2023, the Court dismissed all remaining state law injunctive relief based, in part, on its previous dismissal of the underlying claims. *See* ECF 643. The Court entered judgment for defendants against CSX on April 26, 2023, *nunc pro tunc* April 19, 2023. *See* ECF 644.

Under Virginia law, prevailing defendants in a statutory conspiracy case where injunctive relief is requested are entitled to recover "costs of suit, including reasonable counsel fees to . . . defendants' counsel." Va. Code § 18.2-500(B). The Belt Line prevailed on each claim brought against it by CSX, including CSX's request for injunctive relief on its statutory conspiracy claim. As such, the Belt Line respectfully requests an Order finding that the Belt Line is entitled to its costs of suit, including reasonable attorneys' fees, and setting a submission schedule to permit the Belt Line to prove the quantum of its costs and fees requested.

## Legal Standard

Under Rule 54(d)(2), "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). The motion must be filed within 14 days of judgment and must contain a justification for the claim, the amount sought or a fair estimate thereof, and, if ordered, the terms of any agreements for services. *See* Fed. R. Civ. P. 54(d)(2)(B). Under Rule 54(d)(2)(C), "The court may decide issues of liability for fees before receiving submissions on the value of services." As explained in Federal Practice and Procedure (Wright & Miller), 10 Fed. Prac. & Proc. Civ. § 2680 (4th ed.), "Because of the early filing deadline for fees, the rule does not

require that the motion be fully supported at the time of filing by all of the evidentiary material bearing on fees. Rather, subparagraph (B) simply requires that the motion specify the grounds entitling the movant to a fee award and the amount or a fair estimate of the amount sought."

## Estimate of Amount Sought

Under Rule 54(d)(2)(B)(iii), a motion for attorneys' fees must state "the amount sought or provide a fair estimate of it." Rule 54(d)(2) "does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. . . . What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate)." Fed. R. Civ. P. 54, Adv. Comm. Note (1993).

The Belt Line seeks approximately $3 million in costs and attorneys' fees. It will provide substantiation at the direction of the Court in accordance with Rule 54(d)(2)(C). *See* Federal Practice and Procedure (Wright & Miller), 10 Fed. Prac. & Proc. Civ. § 2680 (4th ed.) (*supra*). The Belt Line reserves the right to seek additional costs and fees after any appeal.

## Va. Code § 18.2-500

Va. Code § 18.2-500 states:

> A.  Any person who shall be injured in his reputation, trade, business or profession by reason of a violation of § 18.2-499, may sue therefor and recover three-fold the damages by him sustained, and the costs of suit, including a reasonable fee to plaintiff's counsel, and without limiting the generality of the term, "damages" shall include loss of profits.
>
> B.  Whenever a person shall duly file a civil action in the circuit court of any county or city against any person alleging violations of the provisions of § 18.2-499 and praying that such party defendant be restrained and enjoined from continuing the acts complained of, such court shall have jurisdiction to hear and determine the issues involved, to issue injunctions pendente lite and permanent injunctions and to decree damages and costs of suit, including reasonable counsel fees to complainants' and defendants' counsel.

**Argument**

I.     **The Belt Line is entitled to costs and attorneys' fees under Va. Code § 18.2-500(B).**

Virginia statutory conspiracy claims arise under two statutes: Va. Code § 18.2-499 and Va. Code § 18.2-500. The first sets forth the requirements for establishing a claim; the second sets forth the available remedies.

Importantly here, the remedies statute, § 18.2-500, addresses two different kinds of cases: subsection A addresses cases where a plaintiff seeks only damages; subsection B addresses cases where a plaintiff alleges "violations of the provisions of § 18.2-499" and also "pray[s] that such party defendant be *restrained and enjoined from continuing the acts complained of. . .*" Va. Code § 18.2-500(B) (emphasis added). In other words, subsection B addresses cases where, like here, the plaintiff seeks injunctive relief.

The difference between the subsections is significant in a claim for attorneys' fees. Under subsection A, involving only damages, only the plaintiff's counsel may recover costs of suit and attorneys' fees. *See* Va. Code § 18.2-500(A) (". . . and the costs of suit, including a reasonable fee to plaintiff's counsel. . ."). Under subsection B, however, involving injunctive relief, the Court may award attorneys' fees to *either* the plaintiff's or defendant's counsel. *See* Va. Code § 18.2-500(B) ("court shall have jurisdiction . . . to decree damages and costs of suit, including reasonable counsel fees to complainants' and defendants' counsel.").

Equally important, the costs and attorneys' fees available to defendants in § 18.2-500(B) are not limited to costs and fees related only to injunctive relief. To the contrary, the statute expressly speaks in terms of the entire "costs of suit, including reasonable counsel fees. . ." Va. Code § 18.2-500(B).

This Court has itself interpreted Va. Code § 18.2-500(B) to permit recovery of attorneys' fees for defendants in actions that seek injunctive relief. *See Certoff Capital, LLC v. Syversen*, 468 F. Supp. 3d 713, 717 n.1 (E.D. Va. 2020). In *Chertoff*, the plaintiff sought only monetary relief under a statutory conspiracy claim, but the defendant nonetheless sought fees as prevailing party. *Id.* at 715. The Court rejected the fee claim, specifically highlighting the availability of such relief under subsection B had the plaintiff sought injunctive relief: "Notably, in contrast to Va. Code § 18.2-500(A), Va. Code § 18.2-500(B) provides that a prevailing defendant may recover attorney's fees in an injunctive action brought pursuant to § 18.2-499." *Id.* at 717 n.1.

Here, CSX unquestionably sought both damages and injunctive relief under Virginia's conspiracy statute. *See* ECF 1 at ¶ 121; WHEREFORE ¶¶ 4-5. Indeed, its claim for state law injunctive relief survived to the very end of the case, even after this Court dismissed CSX's claims for federal injunctive relief. *See* ECF 632 at 7-11. And as explained below, CSX's claim for state law injunctive relief was inseparable from CSX's underlying conspiracy allegations, which the Belt Line had to overcome to prevail on the injunction.

For all these reasons, the Belt Line, as a prevailing defendant, is entitled to recover its "costs of suit, including reasonable counsel fees" from CSX under Va. Code § 18.2-500(B).

**II.     The Belt Line's efforts to overcome Count VIII were inextricably intertwined with and incapable of separation from its efforts to overcome Counts I, II, and IX.**

While the Court need not decide value of services until submissions under Rule 54(d)(2)(C), it is important that any threshold award of entitlement should not limit available costs or attorneys' fees to only defense against Count VIII, or only defense against injunctive relief.

As noted above, the statute itself forecloses such an approach, as it permits the entire "costs of suit, including reasonable counsel fees. . ." Va. Code § 18.2-500(B).

5

In addition, courts have consistently held that attorneys' fees are recoverable in defense of all claims in cases where a plaintiff's claims are inextricably intertwined, involving a common core of facts and not capable of separation, or based on related legal theories. *See Merritt Hawkins & Assocs., LLC v. Gresham*, 861 F.3d 143, 156 (5th Cir. 2017). As the Fifth Circuit explained in *Merritt*, "If any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees." However, "when discrete legal services advance both a recoverable and unrecoverable claim . . . they are so intertwined that they need not be segregated." *Id*. (internal citations omitted).

Other courts have held the same. *See, e.g., Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996) (holding that when claims are "inextricably intertwined" and "involve a common core of facts or [are] based on related legal theories," it is not an abuse of discretion for the court to award the entire fee) (quoting *Dominic v. Consolidated Edison of N.Y. Co.*, 822 F.2d 1249, 1259 (2d Cir. 1987)); *Boca Mara Properties v. International Dairy Queen, Inc.*, 732 F.2d 1550, 1553-54 (11th Cir. 1984) (finding that a trial court did not abuse its discretion in granting all attorneys' fees where the "case involve[d] several causes of action arising out of a single transaction or event" and had "considerable overlap").

The Second Circuit aptly summarized the rationale for the rule. As the Court explained, where there is a common core of facts, or related legal theories, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101, 106 (2nd Cir. 2022) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983)). Consequently, in such cases, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*.

6

Here, CSX asserted the same fact pattern for all its legal theories against the Belt Line. Its entire case centered around allegations that the Belt Line conspired with NS to prevent CSX from accessing Norfolk International Terminal by rail. Whether CSX sought money damages or injunctive relief, its core set of facts was identical for all claims, and therefore the Belt Line's entitlement to costs and attorneys' fees encompasses its efforts to overcome them all.

## Conclusion

For the foregoing reasons, under Rule 54(d)(2), the Belt Line respectfully requests that this Court enter an Order (1) finding that the Belt Line is entitled to recover its costs and reasonable attorneys' fees from CSX; (2) setting a submission schedule to permit the Belt Line to prove the quantum of its costs and fees requested; and (3) granting the Belt Line all other just relief. The Belt Line reserves the right to seek additional costs and fees after any appeal.

Dated: May 3, 2023

NORFOLK AND PORTSMOUTH
BELT LINE RAILROAD COMPANY

By:    */s/ W. Ryan Snow*
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Alexander R. McDaniel, VSB No. 92398
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
amcdaniel@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

## CERTIFICATE OF SERVICE

      I certify that on this 3rd day of May 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a "Notice of Electronic Filing" to all counsel of record who have consented to electronic service.

                                               */s/ W. Ryan Snow*
                                  W. Ryan Snow, VSB No. 47423
                                  CRENSHAW, WARE & MARTIN, P.L.C.
                                  150 W. Main Street, Suite 1500
                                  Norfolk, Virginia 23510
                                  Telephone: (757) 623-3000
                                  Facsimile: (757) 623-5735
                                  wrsnow@cwm-law.com