UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-530 |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**NORFOLK SOUTHERN RAILWAY COMPANY'S
BRIEF IN SUPPORT OF ITS
MOTION FOR COSTS OF SUIT AND ATTORNEYS' FEES**

Defendant Norfolk Southern Railway Company ("NS"), by counsel and pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, submits this brief in in support of its Motion for Costs of Suit and Attorneys' Fees.

**INTRODUCTION**

This Motion seeks recovery of NS's attorneys' fees for defending against CSX's claims for injunctive relief under the Virginia business conspiracy statute. For the reasons explained below, NS is entitled to an award of fees, in an amount to be subsequently determined.

Under Federal Rule of Civil Procedure 54(d)(2), a party may request attorney's fees via a motion that meets three requirements: 1) the motion is filed within 14 days after the entry of judgment, 2) the motion identifies the statute entitling the movant to the fee award, and 3) the motion provides a "fair estimate" of the fees sought. Fed. R. Civ. P. 54(d)(2)(B). All three requirements are met here.

In an Opinion and Order issued April 19, 2023, the Court dismissed CSX's request for injunctive relief under its state law claims, including its Virginia statutory business conspiracy claim, based, in part, on the Court's previous dismissal of the state law claims on summary judgment. *See* ECF No. 643. The Court entered judgment in favor of Defendants and against CSX on April 26, 2023, *nunc pro tunc* April 19, 2023. *See* ECF No. 644. This motion is filed within 14 days of the Court's judgment, making it timely under Rule 54.

NS seeks its attorneys' fees under the Virginia business conspiracy statute. On October 4, 2018, CSX filed its Complaint against NS and Defendant Norfolk and Portsmouth Belt Line Railroad Company (the "Belt Line") seeking damages and injunctive relief under federal and state law causes of action, including a Virginia statutory conspiracy count under Va. Code §§ 18.2-499 and 500. CSX's legal claim for injunctive relief under the *Virginia* statutory conspiracy was based on the same common set of allegations (conspiracy) as CSX's other claims in this case, such as the federal antitrust conspiracy claim. In an Opinion and Order issued January 3, 2023, the Court granted in part NS's motion for summary judgment and dismissed CSX's state law conspiracy claims against NS, based on the statute of limitations and lack of evidence. *See* ECF No. 559. The Court later applied this same reasoning to CSX's claim for injunctive relief under the Virginia statutory conspiracy claim. *See* ECF No. 643.

Under Virginia law, prevailing defendants in a Virginia statutory business conspiracy case in which injunctive relief is sought under § 18.2-500 are entitled to recover "costs of suit, including reasonable counsel fees to . . . defendants' counsel." Va. Code § 18.2-500(B). NS prevailed on each claim brought against it by CSX, including CSX's request for injunctive relief under its Virginia statutory business conspiracy claim. As such, NS is entitled to recover its costs of suit, including reasonable attorneys' fees, in accordance with § 18.2-500(B).

Based on the legal fees it has incurred to litigate this case to successful resolution in the district court, NS fairly estimates its attorneys' fees cost as approximately $11 million. Based on the significant claims in this case, including litigating railroad access to one of the Port of Virginia's container terminals, and NS's complete success on CSX's factual and legal arguments, these were reasonable fees, actually incurred in defense of this matter. As more fully explained below, CSX should rightfully bear this cost for forcing NS to defend itself for more than four years on claims that were ultimately found to be time barred and/or lacked evidence.

Accordingly, for the reasons below, NS respectfully seeks entry of an Order finding that NS is entitled to its costs of suit, including reasonable attorneys' fees, and directing a briefing schedule to permit NS to prove the quantum of its costs and fees requested.

## **LEGAL STANDARD**

Under Rule 54(d)(2), "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). The motion must be filed within 14 days of judgment and must contain a justification for the claim, the amount sought or a fair estimate thereof, and, if ordered by the court, the terms of any agreements for services. *See* Fed. R. Civ. P. 54(d)(2)(B).

Under Rule 54(d)(2)(C), "[t]he court may decide issues of liability for fees before receiving submissions on the value of services." As explained in Federal Practice and Procedure (Wright & Miller), 10 Fed. Prac. & Proc. Civ. § 2680 (4th ed.), "[b]ecause of the early filing deadline for fees, the rule does not require that the motion be fully supported at the time of filing by all of the evidentiary material bearing on fees. Rather, subparagraph (B) simply requires that the motion specify the grounds entitling the movant to a fee award and the amount or a fair estimate of the amount sought."

## VA. CODE § 18.2-500

Va. Code § 18.2-500 states:

  A. Any person who shall be injured in his reputation, trade, business or profession by reason of a violation of § 18.2-499, may sue therefor and recover three-fold the damages by him sustained, and the costs of suit, including a reasonable fee to plaintiff's counsel, and without limiting the generality of the term, "damages" shall include loss of profits.

  B. Whenever a person shall duly file a civil action in the circuit court of any county or city against any person alleging violations of the provisions of § 18.2-499 and ***praying that such party defendant be restrained and enjoined from continuing the acts complained of***, such court shall have jurisdiction to hear and determine the issues involved, to issue injunctions pendente lite and permanent injunctions ***and to decree damages and costs of suit, including reasonable counsel fees to complainants' and defendants' counsel***.

Va. Code § 18.2-500 (emphasis added).

## ESTIMATE OF AMOUNT SOUGHT

Under Rule 54(d)(2)(B)(iii), a motion for attorneys' fees and non-taxable costs must "state the amount sought or provide a fair estimate of it." Under Rule 54(d)(2)(C), "[t]he court may decide issues of liability for fees before receiving submissions on the value of services." The Commentary on 1998 amendment related to Rule 54(d)(2), made clear that "[t]he rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. … What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate)." Fed. R. Civ. P. 54(d)(2), Commentary on 1993 amendment. Material to support the requested fair estimate of the amount of fees "must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case." *Id.*

Here, NS seeks approximately $11 million in attorney's fees and non-taxable costs. NS will provide materials supporting these fees and non-taxable costs according to the schedule set by the Court. *Capitol Cement Corp. v. Cement, Lime, Gypsum, & Allied Workers Div., Int'l Bhd. of*

4

*Boilermakers*, 17 F. Supp. 2d 564, 566 (N.D.W.Va. 1998) (recognizing that it was not necessary to submit evidentiary material bearing on the fees in the initial motion under Rule 54 because all that was necessary was a fair estimate); *Novartis Corp. v. Webvention Holdings LLC*, No. CCB-11-3620, 2015 WL 6669158, at *6 (D. Md. Oct. 28, 2015) (finding party had properly filed motion for attorney's fees under Rule 54 when it approximated its fees and requested an extension to file a memorandum in support of the fee petition).

## ARGUMENT

**I.      NS is entitled to its costs and attorneys' fees under Va. Code § 18.2-500(B).**

NS is entitled to recover its non-taxable costs and attorneys' fees from CSX under § 18.2-500(B). Virginia business conspiracy claims are brought under two companion statutes: Va. Code § 18.2-499 and Va. Code § 18.2-500. The first section sets forth the requirements for establishing a conspiracy claim; the second sets forth the available remedies.

Importantly here, Section 18.2-500, the available remedies statute, addresses two different kinds of conspiracy cases: subsection A addresses cases where the plaintiff seeks only damages; subsection B addresses cases where the plaintiff alleges "violations of the provisions of § 18.2-499" and also "pray[s] that such party defendant be *restrained and enjoined from continuing the acts complained of. . .*" Va. Code § 18.2-500(B) (emphasis added). In other words, subsection B addresses cases where, like here, the plaintiff seeks both damages *and* injunctive relief.

The difference between the subsections is significant in a claim for attorneys' fees. Under subsection A, involving only damages, only the plaintiff's attorney can recover costs of suit and attorneys' fees. *See* Va. Code § 18.2-500(A) (allowing for recovery of "the costs of suit, including a reasonable fee to plaintiff's counsel"). However, under subsection B, which involves injunctive relief, the Court may award attorneys' fees to *either* the plaintiff's or the defendant's counsel. *See*

5

Va. Code § 18.2-500(B) ("[The] court shall have jurisdiction . . . to decree damages and costs of suit, including reasonable counsel fees to complainants' and defendants' counsel.").

Equally important, the costs and attorneys' fees available to defendants in § 18.2-500(B) are not limited to costs and fees related only to injunctive relief.  To the contrary, the statute expressly speaks in terms of the entire "costs of suit, including reasonable counsel fees. . ."  Va. Code § 18.2-500(B).

This Court has interpreted § 18.2-500(B) to permit recovery of attorneys' fees in an action that seeks injunctive relief.  *See Chertoff Capital, LLC v. Syversen*, 468 F. Supp. 3d 713, 717 n.1 (E.D. Va. 2020).  In *Chertoff*, the plaintiff sought only monetary relief under its statutory business conspiracy claim, but the defendant nonetheless sought fees as a prevailing party.  *Id.* at 715.  The Court rejected the claim for fees, specifically highlighting the availability of such relief under subsection B had the plaintiff sought injunctive relief: "Notably, in contrast to Va. Code § 18.2-500(A), Va. Code § 18.2-500(B) provides that a prevailing defendant may recover attorney's fees in an injunctive action brought pursuant to § 18.2-499."  *Id*. at 717 n.1.

Here, CSX unquestionably sought recovery of both damages and injunctive relief under its Virginia's statutory business conspiracy claim.  *See* Complaint, ECF No. 1, at ¶ 121; WHEREFORE ¶¶ 4-5.  Indeed, its claim for state law injunctive relief survived to the very end of the case, even after this Court dismissed CSX's claims for federal injunctive relief.  *See* ECF No. 632, at 7-11.  And as explained below, CSX's claim for state law injunctive relief was inseparable from CSX's other claims, which NS had to overcome to defeat CSX's request for injunctive relief under § 18.2-500(B).

For all these reasons, NS, as a prevailing defendant, respectfully seeks to recover its "costs of suit, including reasonable counsel fees" under § 18.2-500(B).

**II.  NS's efforts to overcome Count VIII were inextricably intertwined with and incapable of separation from its efforts to overcome Counts I, II, III, IV, V, and IX.**

While the Court need not decide value of services until submissions under Rule 54(d)(2)(c), it is important that any threshold finding that NS is entitled to recovery should not limit available costs or attorneys' fees to only its defense against Count VIII, or only its defense against the requested injunctive relief.

As noted above, the statute permits the entire "costs of suit, including reasonable counsel fees. . ." Va. Code § 18.2-500(B). In addition, courts have consistently held that attorneys' fees are recoverable in defense of all claims in cases where a plaintiff's claims are inextricably intertwined, involving a common core of facts and not capable of separation, or based on related legal theories. *See Merritt Hawkins & Assocs., LLC v. Gresham*, 861 F.3d 143, 156 (5th Cir. 2017). As the Fifth Circuit explained in *Merritt*, "[i]f any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees." However, "when discrete legal services advance both a recoverable and unrecoverable claim . . . they are so intertwined that they need not be segregated." *Id*. (citations omitted).

Other courts have held the same. *See, e.g.*, *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996) (holding that when claims are "inextricably intertwined" and "involve a common core of facts or [are] based on related legal theories," it is not an abuse of discretion for the court to award the entire fee); *Boca Mara Properties v. International Dairy Queen, Inc.*, 732 F.2d 1550, 1554 (11th Cir. 1984).

The Second Circuit stated the rationale for the rule just last year. As the Second Circuit explained, where there is a common core of facts, or related legal theories, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101, 106 (2d

Cir. 2022) (quoting *Hensley v. Exkerhart*, 461 U.S. 424, 434-35 (1983)). Therefore, in such cases, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*.

Here, CSX asserted the *same* fact pattern for *all* its legal theories against NS. Its entire case centered around its allegations that Defendants conspired to prevent CSX access to NIT by rail. Whether CSX sought money damages or injunctive relief, its core set of facts was identical for each claim, and therefore NS's fee claim should not, and indeed cannot, as a matter of both statute and case law, be limited to a single count.

## CONCLUSION

For the foregoing reasons, under Rule 54(d), NS respectfully requests that this Court enter an Order (1) finding that NS is entitled to its costs of suit, including reasonable attorneys' fees; (2) directing a briefing schedule to permit NS to prove the quantum of its costs and fees requested; and (3) granting NS all other just relief.

Dated: May 3, 2023

Respectfully submitted,

**NORFOLK SOUTHERN RAILWAY COMPANY**

/s/ *Alan D. Wingfield*
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: kathleen.knudsen@troutman.com

Tara L. Reinhart
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
thomas.gentry@skadden.com

*Attorneys for Norfolk Southern Railway Company*