UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-530 |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**DECLARATION OF ALAN D. WINGFIELD IN SUPPORT OF
NORFOLK SOUTHERN RAILWAY COMPANY'S
BILL OF COSTS PURSUANT TO 28 U.S.C. § 1920, FED. R. CIV. P. 54 (d)(1),
AND LOCAL RULE 54 (D)(1)**

I, Alan D. Wingfield, hereby declare as follows:

1. I am a partner with the law firm of Troutman Pepper Hamilton Sanders LLP, counsel for Defendant Norfolk Southern Railway Company ("NS") in this litigation. I submit this declaration in support of NS's Bill of Costs pursuant to Fed. R. Civ. P. 54(d)(1), Local Rule 54(D)(1), and 28 U.S.C. § 1920. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently hereto.

2. Rule 54(d)(1) of the Federal Rules of Civil Procedure states that, following adjudication, costs should be allowed to the prevailing party. A "prevailing party" is the party in whose favor a judgment is rendered. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). Rule 54(d)(1) creates a presumption that the prevailing party will be awarded costs as a matter of course. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).

3.  On April 26, 2023, this Court entered a Judgment (Dkt. No. 644) in favor of NS. NS is the prevailing party in this case.

4.  The amounts which NS claims here and to which it is entitled under Rule 54(d) and 28 U.S.C. § 1920 are summarized as follows:

| | |
|---|---:|
| Fees of the Clerk (28 U.S.C. § 1920(1)) | $375.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case (28 U.S.C. § 1920(2))<br>• Transcript of Court Proceedings<br>• Deposition Transcripts and Videos<br>• Court Reporter and Videographer Fees | $88,330.27 |
| Printing and photocopying expenses for copies of documents necessarily obtained for use in the case (28 U.S.C. § 1920(3) & (4)) | $32,713.64 |
| **TOTAL** | $121,418.91 |

5.  These categories of costs are discussed individually below. For each category, an itemized summary of costs incurred has been attached as Exhibits A-C. Copies of invoices paid by NS are also attached where appropriate.

6.  The above list of costs is by no means exhaustive of all expenses incurred by NS in defending this action and that are taxable against CSX Transportation, Inc. ("CSXT") under 28 U.S.C. § 1920. Rather, NS has claimed only those items to which it is entitled under the law and for which expenses could be ascertained with reasonable certainty. As set forth herein, in many instances NS's request is for substantially less than the costs it actually incurred.

7.  The first subdivision of 28 U.S.C. § 1920 permits taxation of the fees of the clerk. Attached hereto as Exhibit A is a true and correct copy of fees to the Clerk for filing Motions for Admission *Pro Hac Vice* paid by NS. Accordingly, NS requests an award of $375.00 as fees paid to the Clerk.

8.  The second subdivision of 28 U.S.C. § 1920 permits taxation of the costs of printed or electronically recorded transcripts necessarily obtained for use in the case. Attached hereto as Exhibit B is a true and correct copy of invoices paid by NS to obtain stenographic transcripts of proceedings before the Court. Accordingly, NS requests an award of $2,310.07 for stenographic transcripts necessarily obtained for use in the case and on potential appeal. NS claims $86,020.20 as the total cost for depositions transcripts and exhibits, videotapes of depositions and court reporter and videographer fees in this case. *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) ("section 1920(2) implicitly permits taxation of the costs of videotape depositions."). The circumstances of the Covid pandemic necessitated that many depositions were taken virtually and were recorded by video. Further, NS needed videotapes of depositions for use at trial given the large number of witnesses that were outside of the subpoena power of the Court and would thus be unavailable at trial. NS has not claimed the costs of any rough drafts or court reporter attendance fees or expenses. NS claims a total of $88,330.27 for deposition and court hearing transcripts.

9.  The third and fourth subdivisions of 28 U.S.C. § 1920 permits taxation of the costs for printing and photocopying expenses for copies of documents necessarily obtained for use in the case. NS only claims the costs of photocopying performed in connection with preparing trial exhibits. NS did not include the costs of binders as part of this claim. NS also claims costs relating to the electronic production of documents. *See Nobel Biocare USA, LC v. Technique D'Usinage Sinlab, Inc.*, 1:12-cv-730, 2013 U.S. Dist. LEXIS 30851, *17-18 (E.D.Va. March 4, 2013) (allowing costs of converting electronically stored information into the agreed-upon format and electronically Bates stamping productions). Attached hereto as Exhibit C is a true and correct copy of invoices paid by NS for photocopying and a summary of electronic

production of documents costs. Accordingly, NS claims $32,713.64 as the costs of printing and photocopying documents necessarily obtained for use in the case, and those provided to the Court and to the Clerk.

10. The total amount of costs claimed by NS under Fed. R. Civ. P. 54(d)(1), Local Rule 54(D)(1), and 28 U.S.C. § 1920 is $121,418.91. NS respectfully submits that this amount represents the costs taxable against CSXT.

11. I, or persons under my supervision, have reviewed the costs requested by NS for accuracy, and state that they are true and accurate to the best of my knowledge and belief. Accordingly, NS respectfully requests that the Court award it $121,418.91 as its costs of suit.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 3, 2023

By: _____
Alan D. Wingfield