IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

      Plaintiff,

v.     Civil Action No. 2:18-cv-530-MSD-RJK

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

      Defendants.
_____/

**CSX TRANSPORTATION, INC.'S
OPPOSITION AND OBJECTIONS TO DEFENDANTS' BILLS OF COSTS**

Plaintiff CSX Transportation, Inc. ("CSX"), by counsel, for its Opposition and Objections to Defendant Norfolk and Portsmouth Belt Line Railway's ("NPBL") Bill of Costs (ECF No. 645), and Defendant Norfolk Southern Railway Company's ("NS") Bill of Costs (ECF No. 650) (together, the "Bills"), states as follows:

**INTRODUCTION**

CSX objects to any award of costs in Defendants' favor, and also objects to any taxation of costs during the pendency of CSX's impending appeal to the U.S. Court of Appeals for the Fourth Circuit. There are three issues for the Court to consider with respect to the Bills. First, the Court can, in the exercise of its discretion, deny Defendants any cost award because this case turned on difficult and complex issues. As this Court noted in multiple instances in the summary judgment Opinion and Order, the antitrust claims alone are complex, hyper-technical, and difficult. *See, e.g.,* ECF No. 559 at 30 (citing Areeda & Hovenkamp, Antitrust Law ¶ 320a), and 44

1

("counsel for CSX has presented well-articulated arguments in this complex area of the law"). The Court also noted the case was factually complex. *See id.* at 90, and 48 n. 15 (describing the multiple material factual disputes regarding actions and inactions in 2015). Second, and alternatively, the Court should defer taxation or stay any payment of costs pending the Fourth Circuit's decision on CSX's appeal of the Court's final judgment. The outcome of the appeal could, of course, affect Defendants' status as prevailing parties. Finally, in the event the Court determines Defendants are entitled to an award of costs, CSX makes specific objections to certain fees sought by Defendants as improper and not allowed by 28 U.S.C. § 1920, and requests in the alternative and at minimum, a significant reduction to any costs awarded.

## LEGAL STANDARD

Rule 54 of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule gives rise to the presumption that a prevailing party may be awarded costs, but a district court may depart from this general rule if it articulates "some good reason for doing so." *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994) (quoting *Oak Hall Cap and Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990)).

In fact, the district court has "considerable discretion" in deciding whether to award costs." *Fells v. Virginia Dep't of Transp.*, 605 F. Supp. 2d 740, 742 (E.D. Va. 2009) (quoting *Constantino v. S/T Achilles*, 580 F.2d 121, 123 (4th Cir. 1978)). The Fourth Circuit has recognized several factors that justify the denial of an award of costs, which include: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and

2

difficulty of the issues decided. *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (citations omitted); *accord Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (unpub.).

When taxing costs under Federal Rule 54(d)(1), a district court may only tax those costs specifically enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987); *accord Fells*, 605 F. Supp. 2d at 742. Thus, after determining whether to tax costs, the next step for a district court is to examine the submitted costs and determine to what extent costs by be awarded, pursuant to § 1920. *See id.*

## ARGUMENT

### I.     The Court Should Deny Defendants' Request for Costs.

The Fourth Circuit has long recognized that the closeness and difficulty of the issues decided is a factor that may justify the denial of costs. *See Cherry*, 186 F.3d at 446; *Teague*, 35 F.3d at 996. This Court's multiple Opinions and Orders reflect the closeness and difficulty of the issues involved. Following the motion to dismiss phase of this litigation, which itself resulted in a sixty-page opinion and order from the Court (ECF No. 66), this case involved four separate federal antitrust claims, a breach of contract claim, and claims under Virginia law for both civil and statutory business conspiracy. NS filed a Motion to Dismiss, for Judgment on the Pleadings, and for Referral of Issues to the Surface Transportation Board ("STB"). *See* ECF No. 115. That resulted in the Court referring the question of whether NS was authorized to control NPBL to the STB, and the Court determining a complicated question of jurisdiction—all prior to reaching the issues raised on summary judgment. *See* ECF No. 395.

During the summary judgment phase, the Court ordered two rounds of supplemental briefing, and ultimately issued a lengthy opinion and order identifying that certain legal issues

3

raised were "exceedingly complex," (ECF No. 559 at 16, 30, 37), and that there was an "extensive evidentiary record before the Court" (ECF No. 559 at 82). Further, additional motions to dismiss were filed by Defendants. *See, e.g.*, ECF No. 572, 574, 614, 616. And those resulted in additional hearings, followed by detailed orders from the Court analyzing complex matters of subject matter jurisdiction, antitrust claims, preemption, and state law injunctive relief. *See, e.g.,* ECF No. 613, 643. In addition to the foregoing, the parties also filed numerous motions *in limine* and Daubert motions regarding expert witnesses. At bottom, this case was exceedingly complex, with close, difficult issues that will soon be before the Fourth Circuit.

In such instances, a district court has good reason to deny costs. In *Ellis v. Grant Thornton LLP*, the Fourth Circuit affirmed the district court's denial of costs where the district court "correctly found that the issues were close and difficult," as the "case was hotly contested at trial and in the previous appeal," and the legal issues were not "clear cut." *Ellis*, 434 F. App'x at 235. Likewise, other district courts have reached similar conclusions where an opinion granting summary judgment for the defendants "required significant factual development" as well as complex legal issues requiring supplemental briefing. *Lucas v. Shively*, Case No. 7:13CV00055, 2015 WL 2092668, at *2 (W.D. Va. May 5, 2015). Unquestionably the issues in this case were close and difficult, as the Court even noted that antitrust claims "generate an exceedingly complex decision tree." ECF No. 559 at 37. There was significant factual development, as shown by the evidence before the Court on summary judgment, and the parties spent the months after the summary judgment hearing briefing an array of difficult issues. The nature of this fully contested litigation, involving multiple complex legal issues, justifies not assessing costs against CSX. And, both Defendants, particularly NS, can financially shoulder their asserted costs. Thus, CSX asks

the Court to exercise its discretion, give consideration to this critical factor, and deny Defendants' request for costs.

**II.     Alternatively, the Court Should Defer Ruling or Stay Any Award on the Bills of Costs until after CSX's Appeal.**

This Court has the broad discretion to defer the taxation of costs pending appeal.  *See Certusview Techs., LLC v. S&N Locating Services, LLC*, Case No. 2:13cv346, 2017 WL 1745046, at *2 (E.D. Va. May 2, 2017).  CSX has timely noted its appeal to the Fourth Circuit.  Depending on the results of the appeal, Defendants may no longer be prevailing parties.  As such, the interests of judicial economy are well served by this Court deferring its ruling on Defendants' Bills of Costs until the appeal is decided by the Fourth Circuit.

Alternatively, if this Court proceeds now to adjudicate Defendants' Bills, CSX respectfully requests that the Court stay payment of any award pending the appeal.  Such action is also within the authority of this Court.  *See id.* at *3.  A stay serves "the Court's interest in judicial economy by avoiding piecemeal appeals."  *Id.*  (citations omitted).

**III.    If the Court Proceeds Now, a Significant Reduction of Costs is Required.**

If the Court decides to adjudicate the Bills and finds some award is justified, the closeness of the issues, as discussed above, warrants a significant reduction in the amounts requested by Defendants (which total $189,043.46 collectively).  In addition, and without prejudice to its position that costs should not be awarded, CSX also makes the following objections to specific costs as improper and in excess of the statutorily authorized limits:

NS Pro Hac Vice Fees:

NS seeks $375.00 for the costs associated with the *pro hac vice* admissions of five attorneys.  *See* ECF No. 650-2 at 1.  These fees are not identified as taxable in the Court's Taxation of Costs Guidelines.  *See* Taxation of Costs Guidelines (rev. July 10, 2019),

5

https://www.vaed.uscourts.gov/sites/vaed/files/BillofCostsGuidelines.pdf. NS has not shown the need for five *pro hac vice* admissions, especially in light of the fact NS had at least five local attorneys on this matter. *See Nobel Biocare USA, Ltd. Liab. Co. v. Technique D'Usinage Sinlab, Inc.*, No. 1:12cv730 (LMB/TCB), 2013 U.S. Dist. LEXIS 30851, at *5 (E.D. Va. Mar. 4, 2013) (reducing the Bill of Costs for three of seven claimed *pro hac vice* fees).

Fees for Transcripts:

NS seeks $88,330.27 for transcripts of court proceedings, deposition transcripts and videos, and court reporter and videographer fees. *See* ECF No. 650-3. NPBL seeks $57,609.46 for fees for deposition transcripts and videos. *See* ECF No. 645-2.

First, CSX objects to the fee for the September 4, 2020 hearing transcript and expedited delivery ($272.50) relating to CSX's motion to compel and re-open discovery and to the deposition transcripts that CSX was permitted to take as a result of that motion; namely, the October 29, 2020 deposition of Michael McClellan ($692.30 from NS, $867.30 from NPBL), the October 23, 2020 deposition of Dr. Robert Martinez ($1,239.70 from NS, $1,114.70 from NPBL), the November 5, 2020 deposition of Cary Booth ($902.00 from NS, $1,077.00 from NPBL), and the October 30, 2020 deposition of Jeffrey Heller ($690.75 from NS, $865.75 from NPBL). All four of those depositions were re-opened or compelled by the Court in its September 8, 2020 Order, which also directed CSX to file any claim for reasonable attorneys' fees incurred with making their motion. *See* ECF No. 237. Although the Court determined it could not award CSX's attorneys' fees, it nonetheless found that NS "did not produce a substantial amount of discovery which was germane to the issues in the case in sufficient time to permit their utilization by CSXT in depositions despite [NS's] earlier representations in opposing CSXT's motion to extend discovery deadlines." ECF No. 288 at 3. CSX should not be taxed for costs associated with a hearing and deposition

transcripts that were the result of NS's prejudicial actions towards CSX during discovery. Similarly, CSX objects to the fees associated with the 2021 depositions of Michael McClellan ($608.15 from NS) and Christopher Luebbers ($942.85 from NS), which were taken as a result of an untimely production of critical documents NS made on November 30, 2020. *See* ECF No. 275. Defendants should not recover costs associated with the multiple depositions of witnesses whose depositions were required because of NS's repeated failures to produce responsive documents.

Second, CSX objects to the deposition costs associated with (i) video synchronization and digitization services, (ii) expedited or priority delivery of such transcripts, and (iii) other costs unrelated to the actual deposition transcripts which were incurred for the convenience of counsel, including rough drafts and conference calls. These costs were not necessary, nor are they allowed under 28 U.S.C. § 1920. An award of costs for deposition transcripts "is proper when the taking of a deposition is reasonably necessary at the time of its taking." *Taylor v. Republic Serv's, Inc.*, No. 1:12cv523, 2014 WL 325169 at *10 (E.D. Va. Jan. 29, 2014) (unpub.) (citing *LaVay Corp. v. Dominion Fed. Sav & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987)). Additional services that are provided for the convenience of counsel, including "interactive real-time transcript services, or, with limited exceptions [] expedited transcript preparation" should be excluded from an award of costs. *United States v. U.S. Training Ctr., Inc.*, 829 F. Supp. 329, 339 (E.D. Va. 2011). Indeed, costs for expedited production are allowable only "when the recovering party can show necessity for the expedited service." *Ford v. Zalco Realty, Inc.*, 708 F. Supp. 2d 558, 562 (E.D. Va. 2010). Video synchronization and digitization services also do not fit within § 1920, and have not been taxed as costs by other courts. *See Exclaim Mktg., LLC v. DIRECTV, Inc.*, Case No. 5:11-CV-684-FL, 2016 WL 1258776, at *2 (E.D.N.C. Mar. 28, 2016) (citing *Kalitta Air L.L.C. v. Central*

*Texas Airborne Sys. Inc.*, 741 F.3d 955, 959 (9th Cir. 2013)). As a result, the following amounts invoiced should be disallowed:

| | | | | Deposition Costs Sought by NPBL | | |
|---|---|---|---|---|---|---|
| **Deposition** | **Date** | **Total Fee in Invoice** | **Amount Sought by Defendant** | **Total Disallowed** | **Reasoning** | **Reference** |
| Anthony MacDonald | 1/20/2021 | $2,198.20 | $2,198.20 | $632.25 | Rough draft | ECF No. 645-2 at 28 |
| Catherine Vick | 1/19/2021 | $2,202.86 | $2,202.86 | $1,022.26 | Expedited transcript; rough draft; conference call | ECF No. 645-2 at 31 |
| Thomas Capozzi | 1/22/2021 | $3,002.70 | $3,002.70 | $1,368.55 | Expedited transcript; rough draft; conference call | ECF No. 645-2 at 33 |
| Howard P. Marvel | 3/22/2021 | $2,915.80 | $2,959.54 | $508.20 | Expedited transcript | ECF No. 645-2 at 42 |
| **TOTAL** | | | | $3,531.26 | | |

| | | | | Deposition Costs Sought by NS | | |
|---|---|---|---|---|---|---|
| **Deposition[1]** | **Date** | **Total Fee in Invoice** | **Amount Sought by Defendant** | **Total Disallowed** | **Reasoning** | **Reference** |
| Steven Armbrust | 3/11/2020 | $2,590.00 | $5,180.00 | $3,350.00 | Video – digitizing and transcript synchronization; also NS has sought to recover this charge twice | ECF No. 650-3 at 1, 15 |

---

[1] Where a deponent's name is marked with an asterisk, CSX objects to the recovery of all fees associated with that deposition, as discussed *supra*, page 6.

| Deposition[1] | Date | Total Fee in Invoice | Amount Sought by Defendant | Total Disallowed | Reasoning | Reference |
|---|---|---|---|---|---|---|
| **Deposition Costs Sought by NS** | | | | | | |
| Michael Burns | 12/3/2020 | $1,444.00 | $1,444.00 | $440.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 10 |
| Thomas Crowley | 3/31/2021 | $750.00 | $750.00 | $750.00 | Video Sync/Tape | ECF No. 650-3 at 12 |
| James Allan | 3/13/2020 | $1,591.00 | $1,591.00 | $475.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 14 |
| Tony Ingram | 11/18/2020 | $1,706.00 | $1,706.00 | $390.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 18 |
| John Strongosky | 12/8/2020 | $2,317.00 | $2,317.00 | $665.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 27 |
| Ryan Houfek | 12/9/2020 | $1,324.00 | $1,324.00 | $380.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 28 |
| Jermaine Swafford | 12/15/2020 | $2,225.00 | $2,225.00 | $550.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 30 |
| Anthony DiDeo | 12/14/2020 | $1,926.00 | $1,926.00 | $570.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 33 |
| Maryclare Kenney | 12/11/2020 | $1,655.00 | $1,655.00 | $475.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 38 |
| John Booth | 3/12/2020 | $1,834.00 | $1,834.00 | $570.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 41 |
| Robert Girardot | 1/12/2021 | $2,458.00 | $2,458.00 | $760.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 45 |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Deposition Costs Sought by NS** ||||||||
| Deposition[1] | Date | Total Fee in Invoice | Amount Sought by Defendant | Total Disallowed | Reasoning | Reference |
| Maryclare Kenney | 3/26/2021 | $1,349.25 | $1,349.25 | $641.25 | Video – digitizing and transcript synchronization; expedited production | ECF No. 650-3 at 51 |
| Howard P. Marvel | 3/22/2021 | $2,174.50 | $2,174.50 | $665.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 52 |
| Robert Girardot | 1/13/2021 | $2,218.00 | $2,218.00 | $520.00 | Video – digitizing | ECF No. 650-3 at 56 |
| Dean Piacente | 1/15/2021 | $1,655.00 | $1,655.00 | $475.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 61 |
| Catherine Vick | 1/19/2021 | $1,976.00 | $1,976.00 | $660.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 63 |
| Quintin Kendall | 1/14/2021 | $1,655.00 | $1,655.00 | $475.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 66 |
| Anthony MacDonald | 1/20/2021 | $1,938.50 | $1,938.50 | $570.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 67 |
| Thomas Capozzi | 1/22/2021 | $2,086.00 | $2,086.00 | $660.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 68 |
| Catherine Vick | 2/5/2021 | $646.00 | $646.00 | $110.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 70 |
| Carl Warren | 1/5/2021 | $2,222.00 | $2,222.00 | $665.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 77 |
| Frederik Eliasson | 1/8/2021 | $1,796.00 | $1,796.00 | $570.00 | Video – digitizing and transcript synchronization | ECF No. 650-3 at 80 |

| | | | Deposition Costs Sought by NS | | | |
|---|---|---|---|---|---|---|
| Deposition[1] | Date | Total Fee in Invoice | Amount Sought by Defendant | Total Disallowed | Reasoning | Reference |
| Michael McClellan / Christopher Luebbers * | 1/28/2021 | $625.00 | $625.00 | $625.00 | Video – digitizing | ECF No. 650-3 at 87 |
| Dr. Robert Martinez* | 10/23/2020 | $300.00 | $300.00 | $300.00 | Video – digitizing | ECF No. 650-3 at 90 |
| Matthew Wright | 3/30/2021 | $750.00 | $750.00 | $750.00 | Video – digitizing | ECF No. 650-3 at 98 |
| **TOTAL** | | | | $17,061.25 | | |

Fees Related to the Electronic Storage and Production of Documents:

CSX also objects to NS's requested ESI costs. *See* ECF No. 650-4 at 2–3. NS seeks a total of $14,620.28 for converting documents to a mixed image/native format and preparing documents for production. *See id.* The invoices for these services reference document conversion and preparation, but also charge for importing "other party productions into review database," monthly data hosting and maintenance charges, charges for database users, and processing collected data. *See* ECF No. 650-4 at 14–23. All of these costs are not recoverable, as § 1920 does not provide for the costs associated with housing electronic data, database user licenses, etc.

This Court has previously found that § 1920 does not include electronic data processing, including processing records, extracting data, and converting files. *See Fells*, 605 F. Supp. 2d at 743–44. The itemization of services in NS's invoices is telling—the vast majority relate to database hosting and user licenses, or are for importing other party productions into their database for their review and convenience. *See* ECF No. 650-4 at 14–23. Thus, NS seeks costs for services that bear no relation to any cost itemized within § 1920, and cannot be analogized to the equivalent

11

Case 2:18-cv-00530-MSD-RJK   Document 653   Filed 05/17/23   Page 12 of 14 PageID# 15754

of making a copy. *See, e.g., Francisco v. Verizon S., Inc.*, 272 F.R.D. 436, 446, 2011 WL 781933 (E.D. Va. 2011) (rejecting costs for the "processing, storage, and production of ESI" where the defendant argued the costs were the equivalent of scanning and copying documents). Accordingly, the fees for NS's ESI should not be taxed to CSX.

In sum, based on the foregoing objections, Defendants' Bills should be reduced by $7,456.01 from $67,624.55 to $60,168.54 with respect to NPBL (ECF No. 645) and by $36,479.78 from $121,418.91 to $84,939.13 with respect to NS (ECF No. 650). CSX also requests that if the Court determines that any award of costs is appropriate, such award be reduced in consideration of the circumstances addressed in § I.

## CONCLUSION

CSX asks that the Court deny Defendants any award of costs, based on the equities of the case, considering closeness and difficulty of the issues. In the event that the Court does not deny Defendants' Bills of Costs altogether, CSX requests that the Court defer any taxation of costs until after its appeal to the Fourth Circuit is concluded. And, to the extent the Court does not defer ruling and determines any award is appropriate, that award should be reduced based on CSX's objections and the record of this case and stayed pending appeal.

Dated: May 17, 2023                                  Respectfully submitted,

**CSX TRANSPORTATION, INC.**
*By Counsel*

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
Jeanne E. Noonan (VSB No. 87863)
M<small>C</small>G<small>UIRE</small>W<small>OODS</small> LLP

12

       World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Tel.: (757) 640-3716
Fax: (757) 640-3966
rmcfarland@mcguirewoods.com
bhatch@mcguirewoods.com
vkdougherty@mcguirewoods.com
jnoonan@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
W. Cole Geddy (VSB No. 93511)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Tel.: (804) 775-1000
Fax: (804) 698-2026
bjustus@mcguirewoods.com
cgeddy@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that on this 17th day of May, 2023, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

**CSX TRANSPORTATION, INC.**
*By Counsel*

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
Tel.: (757) 640-3716
Fax: (757) 640-3966
rmcfarland@mcguirewoods.com
bhatch@mcguirewoods.com
vkdougherty@mcguirewoods.com
jnoonan@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
W. Cole Geddy (VSB No. 93511)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
Tel.: (804) 775-1000
Fax: (804) 698-2026
bjustus@mcguirewoods.com
cgeddy@mcguirewoods.com