IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CSX TRANSPORTATION, INC.,
individually and on behalf of NORFOLK
& PORTSMOUTH BELT LINE
RAILROAD COMPANY,

   Plaintiff,

v.               Civil Action No. 2:18-cv-530-MSD-RJK

NORFOLK SOUTHERN RAILWAY
COMPANY, *et al.*,

   Defendants.

              /

## CSX TRANSPORTATION, INC.'S CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS FOR COSTS AND ATTORNEYS' FEES

   Plaintiff CSX Transportation, Inc. ("CSX") submits this memorandum in opposition to the Motions for Costs of Suit and Attorneys' Fees filed by Defendant Norfolk and Portsmouth Belt Line Railway ("NPBL") (*see* ECF Nos. 646 (Motion), 647 (Memorandum in Support)) and Defendant Norfolk Southern Railway Company ("NS") (*see* ECF Nos. 648 (Motion), 649 (Memorandum in Support)) (together, the "Motions").

### INTRODUCTION

   CSX filed suit against Defendants in October of 2018. CSX's claims included four federal antitrust claims brought pursuant to 15 U.S.C. §§ 1 & 2, and state-law claims including a breach-of-contract claim as to NS, as well as both civil and statutory business-conspiracy claims against both NS and NPBL. There is no contractual provision involving these parties that authorizes an award of attorneys' fees, and no provision within the Sherman Act allowing a prevailing defendant to recover attorneys' fees.

1

Virginia Code § 18.2-500 allows victims of conspiracies to recover treble damages and attorneys' fees, and vests a court with discretion to grant equitable relief. Defendants' Motions are premised solely on Virginia Code § 18.2-500(B), which permits a trial court to issue injunctive relief and decree damages, including reasonable counsel fees. As CSX requested injunctive relief in all its claims, including its Virginia statutory business-conspiracy claim, Defendants contend that they should be awarded approximately $14,000,000 in attorneys' fees—for *all* work performed in this litigation—under § 18.2-500(B). It also bears mention that the Motions follow Defendants' admissions that CSX's claims for injunctive relief were not a focus of the litigation for them until December of 2022, let alone the injunctive relief aspect of CSX's statutory business-conspiracy claim. And Defendants have not cited a single decision in the roughly sixty-year history of the Virginia business-conspiracy statute in which a court has awarded a prevailing defendant attorneys' fees.

Defendants' Motions raise two issues: (1) assuming that the Court may award Defendants fees for discrete work performed defending CSX's claim for injunctive relief under the Virginia business-conspiracy statute, is a discretionary award justified, given the record in this case; and (2) can Defendants obtain all fees incurred, for defending all claims, when, at best, attorneys' fees may be recovered only as to one discrete portion of one claim, but are otherwise barred for every other claim? The answer to each of these questions is a resounding "No."

First, a discretionary award is unwarranted on the record here. CSX brought well-founded claims that survived initial motions, were pursued in good faith, and ultimately were dismissed for reasons of timeliness, not a lack of underlying merit. Defendants, for their part, ignored CSX's claims for injunctive relief during the course of over four years of litigation. Only when directly prompted by the Court in its January 27, 2023 Order did Defendants take *any* action on CSX's

state-law claims for injunctive relief. Awarding Defendants their full attorneys' fees, for success on a minimal portion of this case, is not only unprecedented, but given the record, inequitable and unjust.

Second, absent a specific exception, Virginia follows the American Rule, under which each party bears its own costs of litigation. Virginia courts have held that any departure from that rule must be strictly construed. Well-settled Virginia law mandates that any recovery of fees is limited to work performed on the specific claim as to which fees are authorized: here, that is only CSX's request for injunctive relief pursuant to the Virginia business-conspiracy statute. To construe the statute as Defendants argue, allowing recovery for *all* incurred attorneys' fees, is not only prohibited under the law, but contravenes the plain language of § 18.2-500 and violates Virginia's adherence to the American Rule. Finally, regardless of whether fees incurred could be related to more than one claim, the record establishes that Defendants did not even address the state-law injunction claim until the very end of the case, and then only through a motion to dismiss filed at the Court's direction.

Beyond conclusory arguments and inapplicable case law, Defendants have provided no justification why the Court should exercise its discretion and award any attorneys' fees. Defendants' Motions should be denied on the merits. In addition, as CSX has filed a timely notice of appeal from the final judgment, which could result in reinstatement of CSX's state-law claims for injunctive relief, the Motions are premature.

## PROCEDURAL HISTORY

When CSX filed its Complaint, it sought injunctive relief under both federal and state law. *See id.* at 40 ("CSXT respectfully prays for the following . . . [t]hat this Court enter an injunction against Defendants from continuing to commit the above referenced violations of federal and state

3

law."). In moving to dismiss CSX's Complaint, neither Defendant moved to dismiss CSX's claims for injunctive relief. In responding to the Complaint, NS never requested attorneys' fees. *See* ECF No. 69. NPBL asked for its "costs and fees," without specifying any basis for its request. ECF No. 70 at 14. Indeed, over the course of the litigation, NS and NPBL paid little attention to the statutory business-conspiracy claim, and CSX's requests for injunctive relief were addressed only when raised by the Court last December. Beyond the generic reference to fees in NPBL's Answer, neither Defendant affirmatively sought attorneys' fees until filing the Motions.

NPBL and NS filed motions for summary judgment on April 12, 2021. As this Court specifically noted, neither of those motions sought summary judgment with regard to CSX's state-law injunctive-relief claims. *See* ECF Nos. 559 at 103 n.46, 613 at 2 n.2 ("Defendants' summary judgment motions and briefs did not address CSX's claims for injunctive relief") (emphasis in original).

On December 1, 2022, this Court heard argument on the motions for summary judgment. On December 13, the Court instructed the parties to submit supplemental briefs regarding injunctive relief. *See* ECF No. 535. The briefs from NS and NPBL did not address CSX's statutory business-conspiracy claim, or any state-law claim, and instead focused on CSX's federal claims for injunctive relief. *See* ECF Nos. 542, 543. The Court then instructed the parties to submit a second round of supplemental briefs, this time on the issue of laches. *See* ECF No. 548. In response, Defendants raised various issues regarding the four-year statute of limitations for antitrust violations and the exception to the authorization of injunctive relief under 15 U.S.C. § 26, but not the statutory business-conspiracy claim or other two state law claims. *See* ECF No. 550.

On January 3, 2023, the Court granted summary judgment to Defendants on CSX's federal and state-law damages claims. *See* ECF No. 559. The Court observed that the record contained

4

"facially strong evidence" of anticompetitive activity in 2009 and 2010, as well as evidence that Defendants were positioned to engage in similar conduct in the future. *Id.* at 83; *see also id.* at 93 ("CSX has identified sufficient direct and circumstantial evidence of an agreement between NSR and NPBL in and around 2009 that was aimed (and may have unlawfully succeeded) at erecting barriers to CSX's ability to provide on-dock rail service at NIT."). However, the Court held that CSX's federal antitrust claims were time-barred. *See id.* at 80. Similarly, the Court held that CSX's state-law *damages* claims were time-barred.[1] *See id.* at 98, 103.

The Court denied summary judgment on CSX's injunctive-relief claims. ECF No. 559 at 83 ("CSX has demonstrated, at least for summary judgment purposes, that it has standing to seek injunctive relief and that the existing record does not support entry of summary judgment in favor of Defendants."). The Court allowed CSX's state-law injunctive-relief claims to remain in the case, given Defendants' failure to raise them on summary judgment, explaining: "*Though the Court does not directly reach the issue at this time due to Defendants not having raised injunctive relief on summary judgment*, it does not appear that a state law injunctive remedy claim could remain viable in this case, in contrast to CSX's federal antitrust claims." ECF No. 559 at 103 n.46 (emphasis added). After this ruling, the Court directed that the trial scheduled to begin on January 18, 2023 would proceed as a bench trial on injunctive relief. *Id.* at 103.

On January 9, 2023, NPBL, joined by NS, filed a motion to dismiss all of CSX's remaining claims, but addressed only the claims for injunctive relief under federal antitrust law. *See* ECF Nos. 572, 573, 574. Defendants conceded that the "focus of this case for years has been the

---

[1] The Court found that both conspiracy claims were time-barred, but that CSX's breach-of-contract claim was time-barred only as to conduct occurring prior to 2013. For conduct after 2013, the Court held that CSX did not satisfy the damages elements of a breach-of-contract claim. *See* ECF No. 559 at 98–103.

5

'hundreds of millions of dollars' in damages sought by CSX, ECF 559 at 38, and shifted only recently to injunctive relief, where the Belt Line raised 15 U.S.C. § 26." ECF No. 573 at 3. Solely on the basis of its interpretation of § 26, the Court dismissed the federal injunction claims on January 27, 2023. *See* ECF No. 613. It noted that "the legal viability of any remaining state law claim seeking injunctive relief is an open question" that required additional briefing. *Id*. at 27.

Raising the issue for the first time on February 7, 2023, over four years after suit was filed, Defendants moved to dismiss CSX's remaining state-law injunctive-relief claims. *See* ECF Nos. 614, 616. The Court issued its Opinion and Order on April 19, 2023, disposing of all remaining state-law claims. *See* ECF No. 643. In this Order, the Court highlighted Defendants' failure to address CSX's state-law claims. *See id.* at 2–3 ("In keeping with their federal law arguments, Defendants assert that CSX's Virginia state law claims are time-barred or otherwise fail as a matter of law. These arguments, and CSX's responses, are substantially underdeveloped compared to the Parties' extensive federal antitrust arguments.") (citing ECF No. 559 at 94). In sum, the Court concluded that, as it had found that all of CSX's state-law damages claims were time-barred, so too were the claims for injunctive relief. *See id.*

## ARGUMENT

### I. Any Award of Attorneys' Fees Is Unwarranted Here.

The statute invoked by Defendants in support of their request for attorneys' fees, Virginia Code § 18.2-500, provides:

> A. Any person who shall be injured in his reputation, trade, business, or profession by reason of a violation of § 18.2-499, may sue therefor and recover three-fold the damages by him sustained, and the costs of suit, *including a reasonable fee to plaintiff's counsel*, and without limiting the generality of the term, "damages" shall include loss of profits.
>
> B. Whenever a person shall duly file a civil action in the circuit court of any county or city against any person alleging violations of the provisions of § 18.2-499 *and*

> *praying that such party defendant be restrained and enjoined from continuing the acts complained of*, such court shall have jurisdiction to hear and determine the issues involved, to issue injunctions pendente lite and permanent injunctions and to decree damages and costs of suit, *including reasonable counsel fees to complainants' and defendants' counsel.*

Va. Code § 18.2-500 (emphasis added).

Critically, § 18.2-500(B) does not mandate that courts award prevailing defendants their attorneys' fees. Instead, it authorizes a potential *discretionary* fee award for those fees specifically attributable to the state-conspiracy injunctive-relief remedy. *See, e.g., Advanced Marine Enters. v. PRC, Inc.*, 256 Va. 106, 125–26 (1998). The Supreme Court of Virginia has held that this authority "is in derogation of the common law and, thus, subject to a strict interpretation." *Lansdowne Dev. Co. v. Xerox Realty Corp.*, 257 Va. 392, 403 (1999) (citing *Advanced Marine*, 256 Va. at 125). This means that the statute cannot be enlarged in its operation beyond its express terms. *See Shoemaker v. Funkhouser*, 229 Va. 471, 484 (2021) (citations omitted).

Section 18.2-500(A) makes plain that Defendants are not entitled to recover attorneys' fees if they prevail on a claim for money damages. *See* Va. Code § 18.2-500(A); *Chertoff Capital, LLC v. Syversen*, 468 F. Supp. 3d 713, 717 (E.D. Va. 2020). Section 18.2-500(B) gives the Court discretion to award attorneys' fees to complainants or defendants as part of its equitable jurisdiction. To our knowledge, no court has ever exercised that discretion. Defendants have not identified a single case in which a prevailing defendant has been awarded attorneys' fees and costs under Virginia Code § 18.2-500(B). And CSX, for its part, has not found a single decision— reported or unreported—in which fees were awarded to a prevailing defendant under this provision.[2]

---

[2] The business-conspiracy statute was originally codified in 1962 as part of Virginia's antitrust laws and was moved to the criminal code in 1964, which included "much greater sanctions." *Dunlap v. Cottman Transmission Sys., LLC*, 287 Va. 207, 214 n.3 (2014); *see* Former

7

That is not surprising, because when considering the business-conspiracy statute as a whole, absent extraordinary circumstances that do not exist here, it is difficult to envision a basis for such an award to a defendant. The statutory scheme provides for civil punishment of business conspirators. As the Supreme Court of Virginia has stated, "Code § 18.2-499 criminalizes conspiracies to 'willfully and maliciously injur[e] another in his reputation, trade, business, or profession by any means whatever,'" while "Code § 18.2-500 allows *victims* of such conspiracies to claim treble damages and attorney's fees in a civil action." *Station # 2, LLC v. Lynch*, 280 Va. 166, 173 (2010) (emphasis added). This description "strongly suggests that § 18.2-500 limits the recovery of attorneys' fees to *victims* of conspiracies, that is, to the plaintiff and not to the defendant." *Bhagat v. Diamond Info. Sys., L.L.C.*, 84 Va. Cir. 233, 237–38 (Loudon Cnty. Cir. Ct. 2012); *cf. Suffolk City Sch. Bd. v. Wahlstrom*, No. 220116, --- S.E.2d ----, 2023 WL 3103622 (Va. April 27, 2023) (affirming trial court's award of attorneys' fees to prevailing plaintiff under Virginia Freedom of Information Act statute, because to rule otherwise would have a "chilling effect" on future actions); *Unus v. Kane*, 565 F.3d 103, 127 (4th Cir. 2009) (explaining that courts awarding fees under civil rights statutes distinguish "a fee award being made to a successful plaintiff, on the one hand, and such an award being made to a prevailing defendant, on the other," which "arises out of the legitimate concern for the 'chilling effect" that the latter type of award would have" on potential plaintiffs.). To award Defendants attorneys' fees would be antithetical to the purposes of §§ 18.2-499, -500.

Although § 18.2-500(B) vests a trial court with the jurisdiction and discretion to award fees, it does not follow that Defendants should receive an award of attorneys' fees and costs simply

---

Va. Code § 59.21.1 (1962); Former Va. Code § 18.1-74.1:1, :2 (1975). The 1964 language is substantially the same as the language currently found in § 18.2-500, and there appear to be no decisions in the past 59 years in which a prevailing defendant has been awarded attorneys' fees.

because CSX did not prevail on its spot-on-the-tail-of-the-dog, state-law claim for injunctive relief. There is nothing in the record of this case that justifies an award of attorneys' fees, even for the successful defense of this particular claim. When the Court issued its summary judgment opinion and order, it found merit in CSX's liability claims. The Court noted that there was "facially strong evidence" that NS manipulated its opportunity to dominate the NPBL Board, and found a triable issue regarding whether NS would use its ability to control NPBL to harm CSX in the future. ECF No. 559 at 83, 85. The Court also found a triable issue as to whether NS and NPBL entered into an agreement to restrain trade or to support an unlawful monopoly. *See id.* at 93. However, the Court determined, in a detailed, 104-page opinion that CSX's damages claims were time-barred, with the exception of part of CSX's breach-of-contract claim. *See generally* ECF No. 559. Notably, at the summary-judgment stage, Defendants paid little attention to the statutory business-conspiracy claim and never addressed its injunctive-relief element at all. In short, CSX's claims were brought in good faith, they possessed merit, and summary judgment was granted for reasons separate and apart from § 18.2-500(B).

In fact, Defendants did not litigate the issue of injunctive relief under the business-conspiracy statute until February 2023, and then only after instructed by the Court to do so. *See* ECF No. 613 at 27 (noting that "the legal viability of any remaining state law claim seeking injunctive relief is an open question" requiring additional briefing). As previously found by this Court, Defendants' summary judgment briefs did not address CSX's claims for injunctive relief. *See* ECF Nos. 559 at 103 n.46, ECF No. 613 at 2 n.2. In a similar vein, NS *never* requested attorneys' fees, and NPBL made only a passing reference to recovering fees when it answered CSX's Complaint, but never specified the basis for its request until now. *See, e.g.,* ECF Nos. 69, 70.

9

Accordingly, there is no justification for a discretionary award of attorneys' fees to Defendants, given the facts and procedural circumstances. Equity does not support Defendants receiving attorneys' fees for an issue they ignored for over four years, and which was decided only because the Court, *sua sponte*, raised it. Nor is equity served by punishing CSX for bringing a factually well-supported case in which this Court found evidence supporting CSX's claims, including evidence that "NSR and/or NSR in conjunction with NPBL, knowingly acted to preclude CSX from accessing NIT by rail even though NPBL exists for the purpose of providing its owners (including CSX) access to NPBL tracks and trackage rights." ECF No. 559 at 3 n.2. And, this Court has noted the complexities of the case, including as to the claims for injunctive relief, which further undercuts any contention that CSX should be monetarily punished for seeking judicial assistance.

For all of the above reasons, there is no basis under Virginia law to shift fees to Defendants under the circumstances of this case. If the Court is not convinced by the absence of Virginia precedent for fee-shifting in these circumstances, the Court could look to how federal courts apply federal statutes that allow discretionary fee-shifting against plaintiffs. Courts applying such statutes allow a prevailing defendant to recover attorneys' fees only if the plaintiff's action was unreasonable or frivolous. *See, e.g., Arnold v. Burger King Corp.*, 719 F.2d 63, 65 (4th Cir. 1983) (addressing a prevailing defendant's claim for attorneys' fees under Title VII); *L.G.B. v. Sch. Bd.*, 54 F. Supp. 3d 466, 479 (E.D. Va. 2014) (declining to award a prevailing defendant attorneys' fees under 20 U.S.C. § 1415). Here, neither NS nor NPBL even argue that CSX's action was unreasonable or frivolous, and as the record bears out, it certainly was not.

Accordingly, on this record, there is no legal or equitable basis for this Court to make any discretionary award of fees to Defendants.[3]

## II. There is No Legal Basis for an Award of Attorneys' Fees Unrelated to CSX's Claim for Injunctive Relief under the Virginia Business-Conspiracy Statute.

Even if the Court were inclined to exercise its discretion to award Defendants some amount of attorneys' fees, there is no basis for awarding them anything close to the approximately $14,000,000 that they collectively seek. That amount represents their asserted fees for the defense of the entire case, including their defense against CSX's federal antitrust and breach-of-contract and common-law conspiracy claims. Under Virginia law, they are not entitled to that; they are entitled—at most—to the fees they incurred defending against the statutory-conspiracy injunction claim.

### A. Defendants Cannot, as a Matter of Law, Recover Attorneys' Fees for Their Defense of All Claims.

Both federal law and Virginia law firmly follow the American Rule. The American Rule provides that, in the absence of an express statutory or contractual authorization, a party generally must bear its own litigation costs, including attorneys' fees. *See Ulloa v. QSP, Inc.*, 271 Va. 72, 81 (2006); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260–61 (1975). Defendants do not point to any statutory or contractual language that would authorize them to recover attorneys' fees except for Virginia Code § 18.2-500(B), which relates to fees incurred in connection with state-law conspiracy claims for injunctive relief. Indeed, there is no means for Defendants to recover attorneys' fees under federal antitrust law or under the applicable contract. *See, e.g.,* 15 U.S.C. § 15(a) (providing only for an award of reasonable attorneys' fees to a

---

[3] Although it asks this Court to deny the Motions now, CSX notes that they are clearly premature, given CSX's now-pending appeal to the Fourth Circuit.

prevailing *plaintiff*); ECF No. 1-1.  As a result, the law definitively precludes the award of fees to Defendants for every aspect of this case, with the possible exception of a discretionary fee award solely for the defense of the state-law statutory-conspiracy injunction.

Under Virginia law, a fee award authorization relates only to the specific cause of action so authorized and does not extend to fees incurred on other causes of action.  Virginia law is unequivocal on this point.[4]  Statutes authorizing fee recovery "*only authorize fees incurred in the prosecution of these specific statutory claims—not causes of action created by other statutes or by common law*."  *Sidya v. World Telecom Exch. Commc'ns, LLC*, 301 Va. 31, 45 (2022) (emphasis added); *see also Manchester Oaks Homeowners Ass'n v. Batt*, 284 Va. 409, 428 (2012) (explaining that a statute "establishes boundaries for the costs and fees that may be awarded."); *Rogers Elec. of Va., Ltd. v. Sims*, 93 Va. Cir. 484, 491 (Chesapeake Cir. Ct. 2015) (dismissing all claims for attorneys' fees incurred in connection with all counts except that of statutory conspiracy).

Indeed, a number of courts have held that a party is not entitled to recover attorneys' fees and costs for work performed on claims that do not allow for such an award.  *See, e.g., Peter Farrell Supercars, Inc. v. Monsen*, 82 F. App'x 293, 300 (4th Cir. 2003) (affirming district court's award of attorneys' fees, which rejected "almost one-third of the fees" as either duplicative or unrelated to the Virginia Consumer Protection Act claim, the only claim for which fee-shifting was authorized); *see also Couch v. Manassas Autocars, Inc.*, 77 Va. Cir. 30, 32–34 (Prince William Cnty. Cir. Ct. 2008) (Alston, J.) (collecting cases).[5]

---

[4] Virginia law governs the entitlement to an award of attorneys' fees under § 18.2-500 because it invokes substantive state law.  17A Moore's Federal Practice - Civil § 124.07 (2023); *accord Koontz v. Wells Fargo N.A.*, 2:10-CV-00864, 2013 WL 1337260, at *2 (S.D.W. Va. Mar. 29, 2013) (citations omitted).

[5] A further barrier exists as to NS's claim for attorneys' fees, as NS never requested them before filing its Motion.  *See, e.g., Atl. Purchasers, Inc. v. Aircraft Sales, Inc.*, 705 F.2d 712, 716 n.4 (4th Cir. 1983) (noting that attorneys' fees are items of special damages that must be pleaded

### B. Defendants Cannot Circumvent Their Inability to Recover All Attorneys' Fees by Asserting that the Claims and their Fees Are Inextricably Intertwined.

Defendants' central contention is that § 18.2-500(B) allows them an untethered recovery of attorneys' fees because the claims are "inextricably intertwined." ECF No. 647 at 5; ECF No. 649 at 7. Defendants' citations in support of this argument to decisions from federal courts of appeals other than the Fourth Circuit (*see, e.g.,* ECF No. 647 at 6; ECF No. 649 at 7–8) are, of course, not binding on this Court and also not persuasive here. For example, in one case on which Defendants rely, the Fifth Circuit applied a controlling decision from the Texas Supreme Court that allows for the recovery of attorneys' fees when a party cannot differentiate between the fees for both a recoverable and an unrecoverable claim. *See Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143, 156 (5th Cir. 2017). Both the Second Circuit and Eleventh Circuit allowed similar recoveries as part of the discretionary function of awarding attorneys' fees. *See, e.g., Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996); *Boca Mara Props., Inc. v. Int'l Dairy Queen, Inc.*, 732 F.2d 1550, 1553–54 (11th Cir. 1984).

Here, however, both the Supreme Court of Virginia and members of this Court have addressed this precise issue. In *Hair Club for Men, LLC v. Ehson*, the plaintiff made the same argument Defendants attempt here: that because other claims were "closely intertwined" with claims for which fees were awarded, the plaintiff was entitled to fees for all of its claims. *Hair Club for Men, LLC v. Ehson*, 1:16-CV-236, 2017 WL 1250998, at *4 (E.D. Va. Apr. 3, 2017). As this Court made clear, Virginia law requires that each successful claim must be supported by a

---

under Rule 9(g)); *Ladd v. Research Triangle Inst.*, 335 F. App'x. 285, 287 (4th Cir. 2009) (noting that waiver of defenses or arguments is possible through a failure to plead); Va. Sup. Ct. R. 3:25 (c) ("the failure of a party to file a demand as required by this rule constitutes a waiver by the party of the claim for attorney fees"). CSX had no notice or basis to believe that NS sought recovery of even a portion of its attorneys' fees until May 3, 2023.

13

statutory or contractual right to attorneys' fees, and when "successful claims are not dependent on provisions of contract or statute that permits recovery of fees, *the Court may not award fees for those claims.*" *Id.* at *5 (citing *Ulloa*, 271 Va. at 81) (emphasis added). It does not matter that claims are "all related and share a common core of facts;" Virginia law requires that "each successful claim [be] supported by a statutory or contractual right to attorney's fees." If that does not exist, then fees cannot be awarded. *Id.*

In *Ulloa*, the trial court awarded attorneys' fees to a plaintiff that succeeded on claims for breach of contract and misappropriation of trade secrets. *Ulloa*, 271 Va. at 76, 79. The Supreme Court of Virginia held that the trial court correctly found that the plaintiff was entitled to attorneys' fees pursuant to the contract, but erred in determining that attorneys' fees related to the trade-secrets claim were also allowed pursuant to the contractual attorneys' fees provision. *See id.* at 81–82. Notably, the plaintiff argued that all of the counts were "intimately intertwined and depended upon a common factual basis" and that therefore the entire fee award was proper. *Id.* at 81. The Court disagreed, stating that it was "not persuaded" that "simply because all of [plaintiff's] claims were 'intimately intertwined and depended upon a common factual basis' . . . [plaintiff] was relieved of the burden to establish to a reasonable degree of specificity those attorneys' fees associated with its breach of contract claim." *Id.* at 83. The Court therefore held that it was error for the trial court to award fees for both claims. *See id.*

In *Kelley v. Little Charlie's Auto Sales*, the district court explicitly rejected the plaintiff's reliance on the argument that it could recover on factually intertwined claims. *See* Case No. 4:04cv00083, 2006 WL 2456355, at *6 (W.D. Va. Aug. 22, 2006). The district court explained that *Hensley v. Eckerhart*, 461 U.S. 424 (1983), in which the Supreme Court held that when "a party brings multiple claims that are factually intertwined, the statutorily-authorized attorney's fee

14

should not be reduced simply because the party prevailed on some claims and lost on others" was simply not analogous—and therefore not helpful—to resolve the present matter." *Id.* at *6 (citing *Hensley*, 461 U.S. at 435). In *Hensley*, *all* of the claims guaranteed attorneys' fees, although the plaintiff had prevailed on only some of them. *See id.* Conversely in *Kelley* (and in this case), only one portion of one claim provides a potential avenue to the recovery of attorneys' fees, and an award is discretionary, not mandatory. *See id.* Even though plaintiff's claims for fraud and violations of the VCPA involved the same set of facts, the district court held that the plaintiff could recover attorneys' fees only for the VCPA claim, the sole claim for which fee-shifting was statutorily authorized. *See id.* Thus, even if some of CSX's claims may be intertwined and depend on a common factual basis, Virginia law is clear: a party cannot recover fees for defending claims that do not specifically permit for such recovery. *See id.*; *Couch*, 77 Va. Cir. at 32–34; *see also Sines v. Kessler*, 3:17-CV-00072, 2023 WL 2388050, at *7 (W.D. Va. Mar. 7, 2023) (collecting cases).

Defendants' citation to *Chertoff Capital, LLC v. Syversen* serves only to confirm that they cannot recover attorneys' fees and costs for their defense of counts and claims other than (at most) the request for injunctive relief under the business-conspiracy statute. In *Chertoff*, this Court explained that an award of attorneys' fees to a defendant who prevails on a compensatory-damages claim under § 18.2-500(A) would be improper, because that statutory section does not provide for an award of attorneys' fees to a prevailing defendant. *See* 468 F. Supp. 3d at 717. Virginia law requires that a statute in derogation of the common law be construed narrowly. *See Lansdowne Dev. Co.*, 257 Va. at 403. If it is "abundantly clear" that § 18.2-500(A) does not provide for the award of attorneys' fees to a prevailing defendant (*Chertoff Capital*, *supra*), then Defendants in

15

this case cannot recover attorneys' fees and costs for their defense of the compensatory-damages portion of Count VIII, or any other Counts in CSX's Complaint.

As the foregoing establishes, under Virginia law, the only fees Defendants can seek are (at most) those related specifically to their defense of the injunctive-relief request under the Virginia statutory business-conspiracy claim. Recovery of fees related to other claims or counts, or fees that are intertwined with those related to other claims or counts, is not permitted under Virginia law. And for the reasons set forth in section I, above, any award of attorneys' fees is unwarranted.

## CONCLUSION

The Court should deny Defendants' Motions in full. At minimum, any fee award should be limited to the modest amount of fees Defendants incurred in defending against the statutory-conspiracy injunctive-relief claim.

Dated:  May 17, 2023

Respectfully submitted,

CSX TRANSPORTATION, INC.
*By Counsel*

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Tel.:  (757) 640-3716
Fax:  (757) 640-3966
rmcfarland@mcguirewoods.com
bhatch@mcguirewoods.com
vkdougherty@mcguirewoods.com
jnoonan@mcguirewoods.com

>J. Brent Justus (VSB No. 45525)
>W. Cole Geddy (VSB No. 93511)
>M<small>C</small>G<small>UIRE</small>W<small>OODS</small> LLP
>Gateway Plaza
>800 East Canal Street
>Richmond, Virginia  23219-3916
>Tel.:  (804) 775-1000
>Fax:  (804) 698-2026
>bjustus@mcguirewoods.com
>cgeddy@mcguirewoods.com

## CERTIFICATE OF SERVICE

I certify that on this 17th day of May, 2023, a true and correct copy of the foregoing was served on all counsel of record via Notice of Electronic Filing by filing with the Court's CM/ECF system.

CSX TRANSPORTATION, INC.
*By Counsel*

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Benjamin L. Hatch (VSB No. 70116)
V. Kathleen Dougherty (VSB No. 77294)
Jeanne E. Noonan (VSB No. 87863)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655
Tel.:  (757) 640-3716
Fax:  (757) 640-3966
rmcfarland@mcguirewoods.com
bhatch@mcguirewoods.com
vkdougherty@mcguirewoods.com
jnoonan@mcguirewoods.com

J. Brent Justus (VSB No. 45525)
W. Cole Geddy (VSB No. 93511)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia  23219-3916
Tel.:  (804) 775-1000
Fax:  (804) 698-2026
bjustus@mcguirewoods.com
cgeddy@mcguirewoods.com