IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CSX TRANSPORTATION, INC.,**

        **Plaintiff,**

v.                                               Civil Action No. 2:18-cv-530-MSD-RJK

**NORFOLK SOUTHERN RAILWAY
COMPANY,** *et al.***,**

        **Defendants.**

### DEFENDANTS' CONSOLIDATED REPLY IN SUPPORT OF THEIR MOTIONS FOR COSTS OF SUIT AND ATTORNEYS' FEES

Defendants Norfolk and Portsmouth Belt Line Railroad Company (the "Belt Line") and Norfolk Southern Railway Company ("NS"), by counsel, state as follows for their Consolidated Reply to CSX's Brief in Opposition (ECF 654) to their Motions for Costs of Suit and Attorneys' Fees:

### Introduction

CSX opposes Defendants' fee requests in two ways: first, CSX seeks wholesale denial of the requests because, in CSX's view, this case does not present extraordinary circumstances; second, CSX seeks to limit any fee award because, in its view, Va. Code § 18.2-500(B) allows fees attributable only to the specific remedy of injunctive relief. Neither argument is correct. The second one does not even need to be decided at this time.

CSX first attacks Defendants' requests under subsection (B) based on a misplaced reading of subsection (A). CSX argues that the purpose of § 18.2-500(A) is punitive, and therefore fees should be available only to plaintiffs, yet ignores the General Assembly's undeniable use of different language in subsection (B) to allow fees for "complainants' and defendants' counsel."

Va. Code § 18.2-500(B).  CSX also argues that the complexity of this case militates against a fee award, yet every business conspiracy case is complex, so this self-created guidepost would result in virtually automatic denial of fee relief for any defendant, despite the legislature's decision to make such relief available.  CSX's last argument for denial—that its claims were not frivolous—cannot be a guidepost either, as it finds no support in the statute and defendants already have a remedy for frivolous claims in Fed. R. Civ. P. 11 or Va. Code § 8.01-271.1.

CSX's second point—that the Court should limit any fee award—is both premature and incorrect.  Defendants raised the issue in their opening briefs only to ensure that any threshold award of entitlement should not limit available costs or fees when the Court later considers quantum under Fed. R. Civ. P. 54(d)(2)(C).  No decision is required now.

Even ignoring the timing, however, CSX's premise is wrong.  CSX's entire argument for segregation of fees depends on a misreading of § 18.2-500(B), which CSX says allows fees attributable only to injunctive relief.  The statute says no such thing.  Under the statute, fees are available for the entire *suit*, not just for establishing or overcoming a specific remedy.  The statute empowers a court "to decree *damages* and *costs of suit*, including *reasonable counsel fees to complainants' and defendants' counsel*." Va. Code § 18.2-500(B) (emphasis added).

CSX does not dispute that all of its claims, including its statutory conspiracy claim, arose from the same allegations of conspiratorial conduct.  Because Defendants had to overcome that underlying conspiracy theory to defeat any associated relief, they are not required to limit their fees now.  The Court need not decide this, however, until Defendants submit their support and CSX submits any objections.  At this entitlement stage, the proper approach under Va. Code § 18.2-500(B) is to award costs and fees to Defendants as prevailing parties, with adjustments made to quantum later, if any, depending on submissions.

**Procedural History**

CSX oversimplifies the procedural history. It argues that Defendants ignored injunctive relief until the very end of the case when prompted by the Court. ECF 654 at 4. This reflects a continued confusion by CSX about the relationship between its underlying claims and the associated injunctive relief, the latter being inextricably tied to the former. Defendants addressed CSX's injunctive relief claims throughout the case by overcoming the underlying conspiracy theory that permitted such relief. They did so by successfully arguing on summary judgment that CSX's claims were time-barred, CSX could not prove concerted action, and CSX had not shown any overt acts to support a conspiracy. ECF 297 at 15-31; ECF 310 at 16-19, 33-34, 36; ECF 542 at 2; ECF 543 at 3-4. They also prevailed on their later motions to dismiss.[1]

Whether Defendants prevailed on factual grounds or statute of limitations grounds (or both) is immaterial to entitlement to fees under Va. Code § 18.2-500(B). Either way, the procedural history does not allow CSX to avoid the fee shifting language in the statute.

**Argument**

**I.      This Court should find that Defendants are entitled to attorneys' fees from CSX.**

CSX does not dispute that the statutory text of Va. Code § 18.2-500(B) permits a prevailing defendant to recover attorneys' fees when it successfully defends against a conspiracy claim that includes injunctive relief. This Court has itself interpreted subsection (B) to permit such recovery. *See Chertoff Capital, LLC v. Syversen*, 468 F. Supp. 3d 713, 717 n.1 (E.D. Va. 2020).[2] Instead,

---

[1]     A more complete recitation of the procedural history is found in the Court's Opinion and Order on remaining state law injunctive relief. *See* ECF 643 at 2-5.

[2]     CSX sidesteps *Chertoff Capital*. In *Chertoff Capital*, this Court explains the difference between recovery of attorneys' fees under Va. Code § 18.2-500(A) and (B), concluding that a prevailing defendant may recover its fees under subsection (B).

3

CSX argues that the statutory language is discretionary, ECF 654 at 7, and offers a myriad of reasons why this Court should deny an award entirely. All are wrong.

CSX first argues that the intent of Va. Code § 18.2-500 is to punish conspirators, not unsuccessful plaintiffs, and that an award of attorneys' fees to Defendants would punish CSX for bringing its claims, chilling future lawsuits. The precedent CSX cites relates to subsection (A). *See, e.g., Station #2, LLC v. Lynch*, 280 Va. 166, 173 (2010). CSX ignores that the General Assembly included entirely different language in subsection (B), specifically allowing fees for defendants as an element of costs. *See* Va. Code § 18.2-500(B) (courts have jurisdiction "to decree damages and *costs of suit, including reasonable counsel fees* to complainants' and defendants' counsel"). Under Virginia law, an award of costs to the prevailing party is a virtual certainty, if not mandatory. *See* Va. Code § 17.1-601 ("Except when it is otherwise provided, the party for whom final judgment is given in an action or motion shall recover his costs against the opposite party."). [3] This is in accord with the federal presumption that a prevailing party will be awarded costs as a matter of course. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) ("By mandating that, subject to court intervention, costs be allowed to a prevailing party 'as of course,' the rule creates the presumption that costs are to be awarded to the prevailing party."). The fact that CSX is unable to find a reported opinion where such fees were awarded does not alter the plain language of the statute. As CSX itself observes, plaintiffs have been aware of the relevant language—and the risk of exposure to such fees—for at least 59 years. *See* ECF 654 at n.2.

---

[3] The same applies generally in equity. While an award of costs in equity is within the court's discretion, Va. Code § 17.1-600, failure to award costs to a party substantially prevailing has been long held to be an abuse of discretion. *Safway Steel Scaffolds of Virginia, Inc. v. Coulter*, 198 Va. 469, 478–79 (1956) ("We have several times said that in the exercise of this discretion the chancellor should award costs in favor of the party or parties 'substantially prevailing.'"); *Harman v. Moss*, 121 Va. 399, 411 (1917); *Adkins v. Edwards*, 83 Va. 300, 307 (1887).

CSX also argues that it presented a complex and meritorious case against the Defendants, which it says is reason not to award fees. ECF 654 at 8-9. No such caveat is found in the statute. As this Court previously observed in rejecting another of CSX's statutory arguments, "... federal courts do not 'usually read into statutes words that aren't there.'" ECF 613 at 19 (quoting *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1495 (2020)). If complexity of a business conspiracy case were grounds to deny a fee award, despite the statutory allowance, no defendant would ever recover fees. The statute is more logically read to dissuade facially complex claims that lack factual backing (like this one) by creating a downside to the potential plaintiff.

Nor is the fact that CSX calls its entirely-dismissed claims meritorious a reason to deny costs and fees to Defendants. Even if the statement were correct, which Defendants dispute, injecting an unwritten requirement into the statute that a defendant prove claims were frivolous would serve no purpose. A defendant that proves frivolous claims can already recover fees under Fed. R. Civ. P. 11 and Va. Code § 8.01-271.1, and this Court can rightly presume that the General Assembly did not silently add such a duplicative requirement in § 18.2-500(B).

Contrary to CSX's arguments, the language of the statute must have meaning, and that language expressly permits costs and fees to a prevailing defendant. The proper way for the Court to give credit to the legislature's intent in specifically including "defendants' counsel" in § 18.2-500(B) is to award costs and fees to Defendants here, as prevailing parties, with adjustments made to quantum later, if any, depending on submissions under Fed. R. Civ. P. 54(d)(2)(C).

**II.    The scope of Defendants' attorneys' fees claim is proper.**

Both Defendants noted in their opening briefs, anticipating argument by CSX, that while the Court need not decide value of services until submissions under Fed. R. Civ. P. 54(d)(2)(C),

5

any threshold award of entitlement should not limit available costs or attorneys' fees to only defense against Count VIII, or only defense against injunctive relief.

Predictably, CSX seeks a ruling limiting Defendants' fee award to efforts attributable to only the specific remedy of state law injunctive relief under Count VIII. This request is both premature and improper. It is premature because the Court need not decide quantum issues until Defendants submit support for their fees and CSX objects, as explained above. *See* Fed. R. Civ. P. 54(d)(2)(C). It is improper because CSX bases its argument on two legal fallacies: (1) that the statute allows fees only for establishing or overcoming injunctive relief; and (2) that overcoming injunctive relief is somehow different from overcoming the underlying claims.

The first fallacy is most obvious, although it pervades CSX's brief. The statutory text of § 18.2-500(B) contains no limitation to fees incurred establishing or overcoming injunctive relief. It expressly provides for costs and fees incurred in the entire *suit*:

> B. Whenever a person shall duly file a civil action in the circuit court of any county or city against any person alleging violations of the provisions of § 18.2-499 and praying that such party defendant be restrained and enjoined from continuing the acts complained of, *such court shall have jurisdiction to hear and determine the issues involved*, to issue injunctions pendente lite and permanent injunctions *and to decree damages and costs of suit, including reasonable counsel fees to complainants' and defendants' counsel*.

Va. Code § 18.2-500(B) (emphasis added). A court cannot read into a statute a limitation that does not exist. *See* ECF 613 at 19 (*supra*) (quoting *Romag*, 140 S.Ct. at 1495).[4]

CSX is also wrong that Defendants ignored injunctive relief. CSX's claims for damages and injunctive relief were based on the same underlying conspiracy theory. Defendants addressed and defeated that underlying conspiracy theory, which eliminated the associated injunctive relief. This was, in fact, the Court's ultimate holding when it granted Defendants' final motions to

---

[4] CSX's reading of subsection (B) would limit even a prevailing plaintiff to a maximum fee award of time spent establishing injunctive relief, not proving the underlying claim or damages.

dismiss, denying injunctive relief because the claims on which it was based had been dismissed. *See* ECF 643 at 15-16.  Overcoming CSX's conspiracy theory involved extensive discovery, fact development, expert witness work, and legal argument throughout the case.  *See, e.g.*, ECF 297 at 15-31; ECF 310 at 16-19, 33-34, 36; ECF 542 at 2; ECF 543 at 3-4.

This legal flaw in CSX's argument is also borne out in the case law.  In the Fourth Circuit, a state law cause of action includes all remedies that flow from that cause of action, so defeating the underlying cause of action (even on limitation grounds) also defeats the remedies.  The Fourth Circuit's holding in *Blankenship v. Consolidation Coal Co.* illustrates the point: "Apart from their challenge to the district court's limitations rulings, the plaintiffs challenge the court's denial of their request for injunctive relief.  Because, however, the causes of action that provide the basis for any claimed relief are barred, the plaintiffs' request for injunctive relief is also barred.  Injunctive relief is a remedy, not a cause of action."  850 F.3d 630, 640 (4th Cir. 2017); *see also Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1180-81 (4th Cir. 1989) (holding that a dismissal of state law claims on statute of limitations grounds is a dismissal on the merits).

Because injunctive relief depends on the underlying claim, even if § 18.2-500(B) did not explicitly allow fees for the entire *suit*, Defendants still would not need to segregate fees.  And importantly, this is true even though CSX asserted other counts.  As Defendants point out in their opening briefs, where a plaintiff's claims are inextricably intertwined, involving a common core of facts and not capable of separation, or based on related legal theories, no segregation is required. *See, e.g., Merritt Hawkins & Assocs., LLC v. Gresham*, 861 F.3d 143, 156 (5th Cir. 2017); *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996); *Boca Mara Properties v. International Dairy Queen, Inc.*, 732 F.2d 1550, 1553-54 (11th Cir. 1984).  Virginia state courts have also applied this federal rule.  *See, e.g., Couch v. Manassas Autocars, Inc.*, 77 Va. Cir. 30,

32-34 (Prince William Cty. 2008) (holding that, where a party brings multiple factually intertwined claims, a statutorily authorized fee award should not be limited solely because a party prevailed on some and not others) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

CSX's cases are inapposite by contrast. In *Sidya*, for example, the plaintiff alleged civil conspiracy, misappropriation of protected trade secrets, and tortious interference with a business expectancy, but the claims resulted from the separate facts of a data breach and then later use of the exposed confidential data. *Sidya v. World Telecom Exch. Communs.*, LLC, 301 Va. 31, 36-41 (2022). In *Monsen*, the trial court awarded damages for a prevailing defendant's counterclaim, but rejected attorneys' fees in defending against the plaintiff's claims, a situation not present here. *See Peter Farrell Supercars, Inc. v. Monsen*, 82 F. App'x 293, 294-95, 300 (4th Cir. 2003). And in *Ulloa*, although the Court held that a party must fairly and reasonably separate out attorneys' fees with specificity, the Court did not address the situation where, like here, defendants were required to overcome a single core conspiracy theory to defeat multiple counts. *See Ulloa v. QSP, Inc.*, 271 Va. 72, 83 (2006). The same is true of *Hair Club*, where the court first awarded all fees, then discounted only those fees that related exclusively to work on non-recoverable claims. *See Hair Club for Men, LLC v. Ehson,* 2017 WL 1250998, at *13 (E.D. Va. Apr. 3, 2017) (holding that "no discount is appropriate except for entries expressly devoted to the residual claims").

## Conclusion

For all these reasons, under Fed. R. Civ. P. 54(d)(2), Defendants respectfully request that this Court enter an Order (1) finding that Defendants are entitled to recover costs and reasonable attorneys' fees from CSX; (2) setting a submission schedule to permit Defendants to prove the quantum of their costs and fees under Fed. R. Civ. P. 54(d)(2)(C).; and (3) granting Defendants all other just relief. Defendants reserve the right to seek additional costs and fees after appeal.

Dated: May 23, 2023	**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY**

By: _/s/ W. Ryan Snow_
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Alexander R. McDaniel, VSB No. 92398
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
amcdaniel@cwm-law.com
*Attorneys for Norfolk and Portsmouth Belt Line Railroad Company*

**NORFOLK SOUTHERN RAILWAY COMPANY**


    /s/ *Alan D. Wingfield*
Alan D. Wingfield (VSB No. 27489)
Michael E. Lacy (VSB No. 48477)
Massie P. Cooper (VSB No. 82510)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: kathleen.knudsen@troutman.com

Tara L. Reinhart
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
thomas.gentry@skadden.com

*Attorneys for Norfolk Southern Railway Company*

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of May 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a "Notice of Electronic Filing" to all counsel of record who have consented to electronic service.

*/s/ W. Ryan Snow*
W. Ryan Snow, VSB No. 47423
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
wrsnow@cwm-law.com