UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-530 |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**DEFENDANTS' CONSOLIDATED REPLY BRIEF
IN SUPPORT OF THEIR BILLS OF COSTS**

Defendants Norfolk Southern Railway Company ("NS") and Norfolk and Portsmouth Belt Line Railway (the "Beltline") (collectively "Defendants"), by counsel, file this Consolidated Reply Brief in support of their respective Bill of Costs and responding to the Opposition and Objections to Defendants' Bills of Costs (ECF No. 653) filed by Plaintiff CSX Transportation, Inc. ("CSX").

**INTRODUCTION**

It cannot be disputed that the Defendants are the prevailing parties in this case. The Court has dismissed, with prejudice, all of CSX's claims based on applicable law and the record, which showed that the evidence was insufficient even to allow a claim to go to a jury. What is more, much of CSX's case was clearly time-barred, and its damages model was fatally flawed, as CSX chose to pursue a unified damages theory that failed to segregate damages purportedly caused by actions taken within the statute of limitations from those taken outside the statute of limitations. As the prevailing parties, Defendants are presumptively entitled to recover their costs under appliable law.

CSX has not satisfied its heavy burden of showing why the Court's award of costs would be unjust. It argues only that the costs should not be awarded because the case presented "close or difficult" issues. Courts in this district, however, have held that this factor alone is insufficient to deny costs to a prevailing party. Nor were the issues "close or difficult." While the parties engaged in substantial discovery, and the case was hard-fought, all of CSX's claims failed as a matter of law. CSX knew that its claims regarding Defendants' alleged conspiracy to set an "inflated" switch rate for the Belt Line – which was the foundation of CSX's case – were time-barred, as the rate was set in 2009, nine years before it filed this lawsuit. Indeed, CSX chose to rely on a damages model that intentionally failed to differentiate between conduct that occurred outside of the limitations periods and that which occurred within the periods. And while a court had yet to tackle the issue, the Court's explanation of why the plain language of Section 16 of the Clayton Act did not allow CSX to pursue injunctive relief against Defendants in this case shows that the issue was not particularly close or difficult.

Finally, CSX's specific objections, by and large, lack any merit. However, taking a conservative position in keeping with the Fourth Circuit's guidance, Defendants have agreed to reduce or eliminate certain specific deposition costs identified by CSX. For ease of reference, Defendants have prepared a revised schedule of Costs of Court Reporters for Depositions and Hearing Transcripts, which is attached as **Amended Exhibit B.**[1]

## ARGUMENT

**I.    Defendants are Entitled to Recover their Costs.**

As CSX observes, the recovery of costs is governed by Rule 54(d)(1), which provides, in pertinent part:

---

[1] For exhibits related to NS's original Bill of Costs, the original exhibit lettering series is used.

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

Fed. R. Civ. P. 54(d)(1). "By mandating that, subject to court intervention, costs be allowed to a prevailing party 'as of course,' the rule creates the presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 86 F. 3d 442, 446 (4th Cir. 1999) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)); *Teague v. Bakker*, 35 F.3d 978, 995-96 (4th Cir. 1994)) (citations omitted). Thus, CSX bears the burden of establishing circumstances sufficient to overcome the presumption favoring an award of costs. *Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 586 (D. Md. 2004); *see Teague*, 35 F.3d at 996.

Although the Court has the discretion to deny an award of costs, it "must justify its decision by 'articulating some good reason for doing so.'" *Id.* (quoting *Oak Hall Cap and Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990)). The Fourth Circuit has identified the following factors courts should consider: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; and (5) the closeness and difficulty of the issues decided. *Cherry*, 186 F.3d at 446. The Court may deny costs only when "there would be an element of injustice in a presumptive cost award." *Id.* (citing *Delta Air Lines*, 450 U.S. at 355 n.14).

There is no dispute that Defendants are the prevailing parties in this case. Defendants successfully defended this action over the past five years, including extensive discovery that involved taking or defending the depositions of more than fifty individuals and the production of hundreds of thousands of pages of documents. Ultimately, through a series of motions, the Defendants thoroughly demonstrated that CSX's claims lacked merit and should be dismissed –

culminating with dismissal of the entire case with prejudice without the need of a trial. Under these circumstances, CSX cannot demonstrate that an award of costs to Defendants would be unjust. On the contrary, to deny Defendants their costs, after they prevailed *as a matter of law* on every claim made by CSX, would be the unjust result.

> ### A. The "Closeness of the Issues" Factor Alone is Insufficient to Overcome the Presumption that Defendants are Entitled to Recover Their Costs.

CSX relies solely on the "Closeness of the Issues" factor to support its assertion that Defendants should not be entitled to the presumptive award of costs. *See* CSX Opp., ECF 653 at p. 3-4. Courts in this district, however, have refused to deny an award of costs based solely on the closeness of the issues. *Sierra Club v. Virginia Elec. & Power Co.*, No. 2:15-cv-1132019 U.S. Dist. LEXIS 244046, *4 (E.D. Va. March 14, 2019); *White v. White*, 893 F. Supp. 2d 755, 759 (E.D. Va. 2012) (awarding costs when "the only factor that weigh[ed] against awarding costs [was] the closeness of the issues"). In the cases CSX relies on to support its argument, the courts denied costs only because the closeness of the issues was *coupled with* the losing party's inability to pay costs. *See Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235-36 (4th Cir. 2011); *Lucas v. Shively*, No. 7:13cv00055, 2015 U.S. Dist. LEXIS 58632, * (W.D. Va. May 5, 2015) (denying costs based on both difficulty of the issues *and* the fact that the losing party lacked the resources to pay). In contrast, when the only factor involved is the "closeness of the issues," courts routinely award costs to the prevailing parties. *See Carter v. United States*, No. 4:13-cv-112, 2015 U.S. Dist. LEXIS 28413, *3 (E.D. Va. Mar. 9, 2015) (awarding costs even though the case was "closely contested," because the plaintiff did not show other factors weighing against costs); *Virginia Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 238 (W.D. Va. 2001) (holding that the closeness and difficulty of a case is a factor that may be considered but, in the absence of other relevant factors, does not warrant an exercise of discretion under Rule 54(d)).

Because CSX has failed to even argue that any of the other factors weighs in favor of denying an award of costs to Defendants, Defendants should be awarded their costs.

**B.      This Case does not Meet the Standard for "Closeness of the Issues."**

Even assuming the "closeness of the issues" factor alone is sufficient to overcome the presumption that costs be awarded, the record and the Court's rulings confirm that the issues were not sufficiently close to support a denial of costs. Courts denying costs based on this factor have done so following lengthy trials that adjudicated novel issues. *See Ellis*, 434 Fed. Appx. at 235 (determining that the district court correctly found that issues in the case were close and difficult when the "case was hotly contested at a [month-long] bench trial" and the Fourth Circuit reversed the district court on appeal); *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732-33 (6th Cir. 1986) (upholding denial of award of costs on the basis of complex legal issues when "the matter consumed 80 trial days, required 43 witnesses, produced 800 exhibits, [and] generated almost 15,000 pages of transcript"). This case did not go to trial. CSX's claims were dismissed in their entirety on motions under either Rule 12(b)(6), 12(c), or Rule 56. The issues therefore were not even sufficiently "close" to require a trial.

The thrust of CSX's case – that Defendants engaged in a conspiracy regarding the Belt Line's switch rate – was clearly time-barred. Nor could CSX prove the existence of a genuine issue of material fact precluding dismissal of its alternative alleged conspiracies or its other causes of action. And as the Court correctly ruled, CSX could not seek injunctive relief under federal antitrust law as a matter of law. In sum, the issues were not "close." *See Beckner v. Tread Corp.*, Case No. 7:13-cv-00530, 2015 U.S. Dist. LEXIS 46243, *4-5 (W.D. Va. April 9, 2015) (where case was decided on summary judgment, "the fact that the court's opinion was deemed an 'Important Opinion of 2015' by a legal publication [was] not a sufficient basis to overcome the presumption in favor of awarding costs"); *Washington v. Kroger*, No. 3:11-cv-00074, 2013 U.S.

Dist. LEXIS 15737, *7-9 (W.D. Va. Feb. 5, 2013) (case did not involve close and difficult issues when plaintiff was simply unable to provide evidence to support his claims); *Grochowski v. Sci. Applications Int'l Corp.*, No. ELH-13-3771, 2017 U.S. Dist. LEXIS 4512, *10 (D. Md. Jan. 12, 2107) (finding no close or difficult issues when case did not go to trial but was resolved on summary judgment).

Moreover, the fact that CSX brought numerous claims that required multiple motions and hearings, as well as lengthy opinions, to resolve does not render the issues necessarily "close" or "difficult." *See Irani v. Palmetto Health,* No. 3:14-cv-3577-CMC, 2016 U.S. Dist. LEXIS 95028, *9 (D.S.C. July 21, 2016) ("[W]hile the order in this case is unusually long, that is a reflection of the complexity of the evidentiary record, the breadth of Plaintiff's uniformly unsuccessful claims, and the novelty and shifting nature of a number of Plaintiff's legal theories and arguments. It does not indicate the issues were so close or difficult as to warrant a denial of costs."); *Grochowski*, 2017 U.S. Dist. LEXIS 4512, *10 (the fact that the court had to review considerable evidence and rendered a lengthy summary judgment opinion did not make the issues close). And the fact that an antitrust case involves a "complex decision tree" does not mean that the dispositive issues were particularly close or difficult, especially considering how CSX chose to present its alleged damages. The record on summary judgment demonstrated that CSX's claims accrued in 2009 chose not to assert a claim against Defendants until 2018. *See* Opinion and Order, ECF No. 559, 34, 43 n.12. Accordingly, that the statute of limitations ultimately doomed CSX's claims is not surprising.[2] Nor was this a "close" issue. Instead, as this Court observed, it was one wholly of CSX's own making. *Id.* at 52. This factor falls decidedly in favor of awarding costs.

---

[2] The Court's ruling on the statute of limitations was an adjudication that CXS's claims lacked merit. *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1180-1181 (4th Cir. 1989) ("We cannot accept appellees' contention that a dismissal on statute of limitations grounds is, like a dismissal

## II. The Court Should Award Costs Now.

CSX asks this Court to defer a ruling or to stay any award of costs to the Defendants until CSX's appeal is resolved by the Fourth Circuit. CSX Opp., ECF 653 at p. 5. According to CSX, a deferral would serve the interests of judicial economy. But numerous courts have found that it serves judicial economy not to stay an award of costs. "With prompt taxation, any appeal from the award of costs could feasibly be consolidated with the pending appeal on the merits, thereby enhancing judicial efficiency." *Cehm v. BAE Sys.*, No. 7:16-cv-00012, 2018 U.S. Dist. LEXIS 140955, *4 (W.D. Va. Aug. 20, 2018) (quoting *Singelton v. Dep't of Corr. Educ.*, No. 1:03CV00004, 2003 U.S. Dist. LEXIS 17834, *3 (W.D. Va. Oct. 3, 2003)). If the Court were to wait for the Fourth Circuit to resolve CSX's appeal, CSX could then take a separate appeal of the award of costs, requiring unnecessary time and resources. *Spivey v. Mohawk*, No. 7:19-cv-670, *7-8 (W.D. Va. Aug. 24, 2022) ("A pending appeal is not a satisfactory reason to defer the assessment of costs; in fact, a pending appeal encourages a ruling."); *Wells Fargo Bank, N.A. v. Walls*, 1:12-cv-664, 2013 U.S. Dist. LEXIS 57415, *4 (E.D. Va. March 4, 2013) (resolving Wells Fargo's Motion for Attorneys' Fees and Costs would avoid piece-meal appeals and promote judicial economy by permitting appeals from fee awards to be considered together with any appeal from a final judgment on the merits). Moreover, costs taxable in this Court will not change if NS is successful on appeal; its appeal costs will be taxable in the Fourth Circuit. Thus, interests of judicial economy favor the assessment of costs at this stage of the litigation.

---

for failure to file an affidavit of good cause, a dismissal for lack of jurisdiction, and thus not a final adjudication on the merits."); Katz v. Holland & Knight LLP, 1:09cv1106, 2010 U.S. Dist. LEXIS 1691, *3 (E.D. Va. Jan. 8, 2010) ("Importantly, the Fourth Circuit has expressly held that a dismissal on statute of limitations grounds is an adjudication on the merits.") (citing *Shoup*).

Defendants oppose any stay, but if the Court is inclined to grant such a stay, CSX should be required to post a bond. If the court stays payment of costs, the "appellant moving for a stay generally must post a bond." *Hanwha Azdel, Inc.*, No. 6:12-CV-00023, 2015 U.S. Dist. LEXIS 39329, *5 (W.D. Va. Feb. 18, 2015) (authorizing a stay of payment of costs but requiring a bond); *MercExchange, L.L.C. v. eBay, Inc*., 660 F. Supp. 2d 653, 656 (E.D. Va. 2007) ("The district court is entitled to exercise its inherent authority to impose a bond requirement on a party before it.").

### III. Defendants' Costs Were Reasonably Necessary and Recoverable Under 28 U.S.C. § 1920.

The taxation-of-costs statute, 28 U.S.C. § 1920, sets forth the "[t]he costs that may be awarded to prevailing parties in lawsuits brought in federal court." *Taniguchi v. Kan P. Saipan, Ltd*., 132 S.Ct. 1997, 1999 (2000). The specific categories at issue here are § 1920(1) (permitting the taxation of "fees of the Clerk," § 1920(2) (fees for printed or electronically recorded transcripts necessarily obtained for use in the case), and §1920(4) (fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.)

#### A. Pro Hac Vice Fees are Recoverable.

CSX first objects to NS's request for costs associated with pro hac vice admissions of five attorneys. CSX Opp., ECF 653 at p. 5. CSX contends that these fees are not listed in the Taxation of Costs Guidelines and therefore are not recoverable. *Id.* However, this Court has held that regardless of the Guidelines, pro hac vice fees are "fees of the Clerk" and are recoverable. *Amdocs (lsr.) Ltd. v. Openet Telecom, Inc*., No. 1:10cv910, 2013 U.S. Dist. LEXIS 42300, *7 (E.D. Va. March 21, 2013) (rejecting argument that pro hac vice fees should be disallowed due to guidelines); *Synergistic Int'l, L.L.C. v. Korman*, No. 2:05cv49, 2007 U.S. Dist. LEXIS 9798, *5 (E.D. Va. Feb. 8, 2007). CSX also objects on the grounds that NS has not shown the need for these admissions. CSX Opp., ECF 653 at p. 6. But this case unquestionably involved numerous specialized antitrust

8

issues and the counsel admitted pro hac vice were heavily involved in that aspect of the case, including making appearances in Court and handling numerous depositions. Under these circumstances, the pro hac vice fees are recoverable. *See United States ex rel. Oberg v. Nelnet*, No. 1:07-cv-960, 2019 U.S. Dist. LEXIS 117888, *4-5 (E.D. Va. July 15, 2019) (allowing pro hac vice fees for numerous attorneys, even when they did not make any appearance in court or at a deposition); *Amdocs*, 2013 U.S. Dist. LEXIS 42300, *7 (allowing pro hac vice fees in patent case even when the defendant was represented by four local attorneys).

### B.     Fees for Transcripts are Recoverable.

CSX next argues that Defendants are not entitled to (1) fees for the expedited transcript of the hearing held on September 4, 2020 and depositions taken as a result of that hearing, CSX Opp., ECF 653 at p. 6-7, and (2) deposition costs associated with video synchronization and digitization services, expedited delivery of transcripts, and other costs unrelated to the actual deposition transcripts, "including rough drafts and conference calls." *Id.* at p. 7.

With respect to the first category, NS is willing to withdraw its request for fees for the transcript of the September 4, 2020 hearing, and NS is willing to withdraw its request for costs for resulting deposition transcripts. The Beltline, however, was not involved in the discovery dispute between NS and CSX and was not the cause of the reopened depositions. The Beltline therefore is entitled to recover these deposition costs. CSX also complains about deposition transcript of Michael McClellan and Chris Leubbers taken in 2021, which it asserts was due to NS untimely production of documents. NS also withdraws its requests for transcript costs for these depositions. These reductions are reflected in Amended Exhibit B.

CSX also objects to fees for expedited transcripts sought by the Beltline.[3]  As CSX notes, however, fees for expedited transcripts and other costs are allowable when the recovering party can show the necessity for the expedited service and that the costs were not incurred merely for the convenience of counsel.  *Ford v. Zelco Realty, Inc.*, 708 F. Supp. 2d 558, (E.D. Va. 2010) (holding that defendant there had shown the necessity for the expedited service).  As set forth in the Declaration of James L. Chapman, IV, attached hereto as **Exhibit 1**, the expedited service and other services were necessary in this case and not incurred merely for the convenience of counsel.  Accordingly, fees for expedited transcripts are recoverable.

Finally, CSX objects to digitization and synchronization of video depositions as purportedly unnecessary.  As with fees for expedited transcripts, however, courts have held that costs for digitization and synchronization are recoverable when they are necessary and not incurred merely for the convenience of counsel.  *See Thibault v. Chait*, 2009 U.S. Dist. LEXIS 576, *33-35 (D. N.J. Jan. 7, 2009) (for videotaped depositions presented to the jury at trial, these costs were reasonable and qualify as fees for exemplification necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(4)); *Beauty Mfg. Solutions Corp. v. Ashland, Inc.*, No. 3:10-CV-2638-G, 2012 U.S. Dist. LEXIS 136257, *8 (N.D. Tex. Aug. 29, 2012) (costs to synchronize a deposition transcript to the deposition video are allowable as taxable costs); *Hoover v. Bayer Healthcare Pharms., Inc.*, No. 3:14cv05090, 2017 U.S. Dist. LEXIS 99321, *8 (W.D. Mo. March 27, 2017) (when deposition invoices that billed digitization as a method of obtaining the electronically recorded deposition transcripts were recoverable pursuant to § 1920(2), which allows fees incurred for electronically recorded transcripts necessarily obtained for use in the case).  Here, as set forth in the Supplemental Declaration of Alan Wingfield, attached as **Exhibit 2**, the costs of digitization

---

[3] None of the deposition costs identified by NS include fees for expedited transcript services.

and synchronization for certain deposition transcripts were necessary for use in the case – specifically it was necessary for the use of these depositions at trial. CSX designated testimony from 20 transcripts for video presentation, and NS had counterdesignated for inclusion; the others were for the most effective examination of five other important witnesses. *Thibault*, 2009 U.S. Dist. LEXIS 576, *35 ("These 'high-tech' processes were reasonably necessary for Plaintiff to present videotaped depositions to the jury in this complex case, and were not merely for counsel's convenience.").

Taking into consideration CSX's objections to deposition transcript costs, NS has revised its Exhibit B schedule showing these costs to remove certain costs and to reduce others.[4] A copy of the revised Exhibit B is attached hereto.

### C. Fees Incurred by NS for Converting Electronic Files for Production are Recoverable.

Finally, CSX objects to "NS's requested ESI costs," specifically pointing to the backup invoices attached to NS's Bill of Costs as purported evidence that the costs sought by NS include fees for importing documents to a review database, charges for database users, and hosting. CSX Opp., ECF 653 at p. 11. But CSX evidently failed to carefully review NS's Bill of Costs. If had done so, it would have realized that – although those fees appeared on various backup invoices – NS specifically *excluded* them from its Bill of Costs. Instead, the only ESI costs NS seeks to recover are listed on the Table at ECF 650-4 Page ID#15713-15714. As clearly identified there, these costs were for converting documents for production to CSX pursuant to the parties' Stipulated Order Regarding Discovery of Electronically Stored Information. ECF No. 83.

---

[4] NS has removed the inadvertently included duplicative video cost for the Steven Armbrust deposition. In addition, NS has included the deposition costs for Chris Luebbers the February 25, 2020 deposition, which also inadvertently was omitted from the original Bill of Costs. The invoice supporting this deposition cost is attached to Amended Exhibit B.

11

Contrary to CSX's assertion, no costs for importing documents, database hosting, or user licenses were included in the costs NS seeks to recover. For this reason alone, CSX's objections should be overruled.

In addition, however, the Fourth Circuit has held that converting native files to TIFF and PDF formats, and the transfer of files onto CDs constitute "making copies" pursuant to § 1920(4). *Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249 (4th Cir. 2013); *see Nobel Biocare USA, Ltd. Liab. Co. v. Technique D'Usinage Sinlab, Inc.*, No. 1:12cv730, 2013 U.S. Dist. LEXIS 30851 at *18 (E.D. Va. Mar. 4, 2013) (granting costs and explaining that "converting…information into the agreed-upon format and electronically Bates stamping it are analogous to copying costs"). Indeed, CSX itself has sought costs for the same services. *See CSX Transp., Inc. v. Peirce,* No. 5:05CV202, 2013 U.S. Dist. LEXIS 137552, at *7 (N.D.W. Va. Sep. 25, 2013). Because the costs identified by NS in its Bill of Costs are for converting files for production to CSX, they are recoverable.

## CONCLUSION

For the foregoing reasons, under Rule 54(d), Norfolk Southern Railway Corporation and the Norfolk and Portsmouth Beltline Railway respectfully request that this Court enter an Order (1) finding that Defendants are entitled to their costs of suit, (2) awarding Defendants the costs set forth in their Bills of Costs, and (3) granting them all other just relief.

Dated: May 23, 2023                                Respectfully submitted,

                                                     **NORFOLK SOUTHERN RAILWAY COMPANY**

                                                     /s/ *Alan D. Wingfield*
                                                     Alan D. Wingfield (VSB No. 27489)
                                                     Michael E. Lacy (VSB No. 48477)
                                                     Massie P. Cooper (VSB No. 82510)
                                                     TROUTMAN PEPPER HAMILTON SANDERS LLP
                                                     1001 Haxall Point

Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-6061
Email: alan.wingfield@troutman.com
Email: michael.lacy@troutman.com
Email: massie.cooper@troutman.com

John C. Lynch (VSB No. 39267)
Kathleen M. Knudsen (VSB No. 90845)
TROUTMAN PEPPER HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Email: john.lynch@troutman.com
Email: kathleen.knudsen@troutman.com

Tara L. Reinhart
Thomas R. Gentry
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
tara.reinhart@skadden.com
thomas.gentry@skadden.com

*Attorneys for Norfolk Southern Railway Company*

**NORFOLK PORTSMOUTH BELTLINE RAILWAY**

*/s/ W. Ryan Snow*
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Alexander R. McDaniel, VSB No. 92398
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
amcdaniel@cwm-law.com

*Attorneys for Norfolk and Portsmouth Belt*

13

*Line Railroad Company*