# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**CSX TRANSPORTATION, INC.,**

**Plaintiff,**

v.  Civil Action No. 2:18-cv-530-MSD-RJK

**NORFOLK SOUTHERN RAILWAY COMPANY,** *et al.*,

**Defendants.**

## DECLARATION OF JAMES L. CHAPMAN, IV IN SUPPORT OF NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY'S BILL OF COSTS

I, James L. Chapman, IV, hereby declare as follows:

1. I am an attorney with the law firm of Crenshaw, Ware & Martin, P.L.C. I am also counsel of record for Norfolk and Portsmouth Belt Line Railroad Company (the "Belt Line") in this litigation. I submit this declaration in support of the Consolidated Reply Brief in Support of Defendants' Bills of Costs pursuant to Fed. R. Civ. P. 54(d)(1), Local Rule 54(d)(1), and 28 U.S.C. § 1920. I have personal knowledge of the facts stated herein and, if called as a witness, would testify thereto.

2. CSX objects to certain expedited costs related to four deposition transcripts sought by the Belt Line, which as noted by CSX, are allowable when the recovering party can show the necessity for them.

3. CSX objects to the costs of the rough draft ($634.50), expedited transcript ($332.76) and conference call ($55.00) charges by Veritext for the deposition of Catherine Vick. Ms. Vick's deposition was taken January 19, 2021, only three days before the deposition of Thomas Capozzi. Ms. Vick testified on behalf of the Virginia Port Authority (VPA) and Mr.

Capozzi testified on behalf of Virginia International Terminals (VIT), both pursuant to Rule 30(b)(6). Because of the relationship between VPA and VIT, and how it was described by Ms. Vick in her testimony, it was necessary for the Belt Line to obtain a rough draft and expedited transcript of the deposition of Ms. Vick to prepare for the deposition of Mr. Capozzi. Had the Belt Line waited the normal 14-day delivery time for the transcript, there would not have been sufficient time for counsel to review Ms. Vick's testimony in preparation for the deposition of Mr. Capozzi.

4.     CSX objects to the costs of the rough draft ($708.75), expedited transcript ($604.80), and conference call ($55.00) charges by Veritext for the deposition of Thomas Capozzi, taken on January 22, 2021. Because Mr. Capozzi's deposition contained information regarding train operations at VIT, it was necessary for the Belt Line to obtain a rough draft and expedited transcript of his deposition for the Belt Line's expert to consider in preparing his expert report, which was due on February 3, 2021. Had the Belt Line waited the normal 14-day delivery time for the transcript, there would not have been sufficient time for the Belt Line's expert to consider Mr. Capozzi's testimony.

5.     CSX objects to the cost of the rough draft of the deposition of Anthony MacDonald, taken on January 20, 2021. Mr. MacDonald, a former CSX employee who was in charge of CSX's intermodal operations in Hampton Roads, testified regarding the switching of CSX intermodal cars at Norfolk International Terminal in 2015 by the Belt Line and the logistics for the Belt Line potentially performing switching services going forward. This information was necessary for review by the Belt Line's expert to consider in preparing his expert report, which was due on February 3, 2021. Had the Belt Line waited the normal 14-day delivery time for the transcript, there would not have been sufficient time for the Belt Line's expert to consider Mr. MacDonald's testimony.

6. CSX objects to the cost of the expedited transcript of Howard Marvel, taken on March 22, 2021. Professor Marvel served as CSX's expert in this case. His testimony included information related to the opinions of the Belt Line's expert, whose deposition was scheduled on March 31, 2021. It was necessary for the Belt Line to obtain the transcript of Professor Marvel for the Belt Line's expert to prepare for his deposition. Had the Belt Line waited the normal 14-day delivery time for the transcript, there would not have been sufficient time for the Belt Line's expert to consider Professor Marvel's testimony.

7. Counsel for the Belt Line sought to defend this case as efficiently as possible, and the costs for which the Belt Line now seeks reimbursement were reasonable and necessary.

I declare under penalty of perjury that the foregoing is true and correct and that the above costs are accurate to the best of my knowledge and belief.

Executed this 23rd day of May, 2023, in Norfolk, Virginia.

_____
James L. Chapman, IV