# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CSX TRANSPORTATION, INC., )<br>)<br>     *Plaintiff*, )<br>)<br>v. )<br>)<br>NORFOLK SOUTHERN RAILWAY )<br>COMPANY, *et al.*, )<br>)<br>     *Defendants*. ) | Case No. 2:18-cv-530 |

**SUPPLEMENTAL DECLARATION OF ALAN D. WINGFIELD IN SUPPORT OF NORFOLK SOUTHERN RAILWAY COMPANY'S BILL OF COSTS PURSUANT TO 28 U.S.C. § 1920, FED. R. CIV. P. 54 (d)(1), AND LOCAL RULE 54 (D)(1)**

  I, Alan D. Wingfield, hereby declare as follows:

  1. I am a partner with the law firm of Troutman Pepper Hamilton Sanders LLP, counsel for Defendant Norfolk Southern Railway Company ("NS") in this litigation. I submit this declaration to supplement my declaration of May 3, 2023 in further support of NS's Bill of Costs pursuant to Fed. R. Civ. P. 54(d)(1), Local Rule 54(D)(1), and 28 U.S.C. § 1920. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently hereto.

  2. In particular, CSX has challenged NS's including in its Bill of Costs associated with processing video of depositions to enable their use at trial. ECF 653, pp. 7-11

  3. After amendment to eliminate costs from several depositions in their entirety, NS's includes video processing costs for 29 depositions. These 29 depositions are reflected in the Amended Exhibit B submitted with this declaration. CSX has challenged video processing costs for 26 of these depositions.

4. The 26 depositions with challenged video processing costs fall into three categories:

   a. 20 depositions where CSX planned to use video deposition testimony at trial, and NS (and NPBL) designated portions of the testimony to be included in CSX's video presentation;

   b. Three depositions of third party witnesses within the subpoena power of the court that CSX intended to call live, where NS needed video deposition for the most effective cross examination; and

   c. Three expert witness depositions, where video would be potentially used in cross examination and redirect.

5. As for the 20 depositions of CSX-designated witnesses, video costs were necessary for NS because NS had designations of testimony that needed to be included in CSX's video deposition presentations for these witnesses. The fact that CSX had designated and intended to use these 20 depositions, and that NS and NPBL had counter and cross designated for each of these depositions, can be seen from the joint final pretrial order filing at ECF 517-1 and ECF 517-6. I have crossed referenced these filings to confirm this fact.

6. The three third party depositions (two of Catherine Vick and one of Thomas Cappozi) were of witnesses within the subpoena power of the port. However, these witnesses were affiliated with the Virginia Port Authority, were designated to testify live at trial in favor of CSX, were generally friendly to CSX's position, and NS needed the video for the most effective cross examination.

7. The three expert witness depositions (Howard Marvel, Matthew Wright and Thomas Crowley) were critical because these witnesses were central to CSX's and defense cases,

and video to use in cross examination, or in redirect to rehabilitate a witness after cross, would be needed for the most effective examination of these witnesses.

8. The second subdivision of 28 U.S.C. § 1920 permits taxation of the costs of printed or electronically recorded transcripts necessarily obtained for use in the case.

9. Accordingly, NS requests an award of video preparation costs. *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) ("section 1920(2) implicitly permits taxation of the costs of videotape depositions.").

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 23, 2023                         By: _____
                                                 Alan D. Wingfield